1  DAVID H. KRAMER, State Bar No. 168452
   JOHN L. SLAFSKY, State Bar No. 195513
2  BRANDON P. LEAHY, State Bar No. 298064
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, California 94304-1050
   Telephone: (650) 493-9300
5  Facsimile:  (650) 565-5100
   dkramer@wsgr.com
6  jslafsky@wsgr.com
   bleahy@wsgr.com
7
   Attorneys for Plaintiff
8  IMPOSSIBLE FOODS INC.

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  IMPOSSIBLE FOODS INC. a Delaware      )   Case No.
    corporation,                          )
13                                        )   **COMPLAINT FOR**
                  Plaintiff,              )   **DECLARATORY RELIEF**
14                                        )
          v.                              )   **DEMAND FOR JURY TRIAL**
15                                        )
    IMPOSSIBLE X LLC, an Illinois limited )
16  liability company,                    )
                                          )
17                Defendant.              )

18

19        Plaintiff Impossible Foods Inc. ("Impossible Foods") brings this Complaint against

20  defendant Impossible X LLC ("Impossible X" or "Defendant") and alleges, on personal

21  knowledge as to its own actions and on information and belief as to the actions of others, as

22  follows:

23                                    **THE PARTIES**

24        1.      Plaintiff Impossible Foods is a Delaware corporation with its principal place of

25  business at 400 Saginaw Drive, Redwood City, California. Impossible Foods develops and

26  distributes plant-based substitutes for meat products.

27        2.      Defendant Impossible X LLC ("Impossible X") is an Illinois limited liability

28  company with its principal place of business at 1231 Champion Forest Court, Wheaton, Illinois.

COMPLAINT FOR DECLARATORY RELIEF            1

Impossible X holds itself out as a marketing consulting business specializing in search engine optimization. It purports also to provide information relating to exercise and fitness via its website.

3. Impossible Foods brings this action for declaratory relief to protect its valuable and well-known IMPOSSIBLE brand against groundless trademark threats by Impossible X. Impossible Foods has longstanding, strong, and well-recognized rights to the IMPOSSIBLE trademark. In particular, Impossible Foods has used a family of IMPOSSIBLE-related marks, including its well-known IMPOSSIBLE BURGER mark, with national rights dating at least to 2013, and it owns six federal trademark registrations for these marks. During this time, Impossible Foods has invested millions of dollars in building and promoting these trademarks.

4. Impossible X has nonetheless (1) asserted that it has superior rights to the IMPOSSIBLE mark; (2) accused Impossible Foods of trademark infringement; and (3) initiated a proceeding at the United States Patent and Trademark Office ("USPTO") opposing Impossible Foods' federal trademark application for the IMPOSSIBLE mark in connection with recipes, food ingredients, and cooking information.

5. Accordingly, Impossible Foods seeks a declaration that its use and registration of the trademark IMPOSSIBLE in connection with recipes, food ingredients, and cooking information do not, and will not, infringe upon or otherwise violate Impossible X's purported trademark rights.

## JURISDICTION AND VENUE

6. This court has original jurisdiction over the claim for declaratory relief under 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act) and 15 U.S.C. § 1051 et seq. (the Trademark Act), as well as under 28 U.S.C. §§ 1331 and 1338, because Impossible Foods brings the action to determine a question of actual controversy between the parties arising under the trademark laws of the United States.

7. Impossible Foods' claim for relief arises directly from Impossible X's contacts with California, including its demands and threats made to Impossible Foods in California. Further,

Impossible X has challenged the right of Impossible Foods, a California-based company, to provide services under its IMPOSSIBLE trademark to California consumers and nationally.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this complaint occurred in this judicial district.

## INTRA-DISTRICT ASSIGNMENT

9. This is an Intellectual Property Action and thus may be assigned to a division of the Court on a district-wide basis.

## BACKGROUND

**The IMPOSSIBLE Brand**

10. Impossible Foods is a pioneer, in particular, in the field of plant-based substitutes for meat products. The company's aim is to give people the taste and nutritional benefits of meat without the negative health and environmental impacts associated with products from livestock.

11. Impossible Foods has enjoyed extraordinary commercial success. The company's signature product, the IMPOSSIBLE BURGER, is available in grocery stores across the United States, including Safeway, Walmart, Costco, and Trader Joe's. The IMPOSSIBLE BURGER product is also sold at thousands of restaurants, ranging from popular fast-food chains such as Burger King and Starbucks to high-end culinary establishments run by celebrity chefs.

12. Impossible Foods' IMPOSSIBLE mark has received considerable publicity. The mark has been featured in prominent national news coverage, including in *The New York Times*, *The Los Angeles Times*, *The Wall Street Journal*, *San Jose Mercury News*, *San Francisco Chronicle*, *Bloomberg*, *Reuters*, *FORTUNE*, *Forbes*, *Time*, and *USA Today*, as well as on national television networks.

13. Impossible Foods has, continuously since at least as early as 2015, used the mark IMPOSSIBLE in commerce to promote a variety of food products and services. The company's products include the IMPOSSIBLE BURGER, IMPOSSIBLE SAUSAGE, IMPOSSIBLE TASTE PLACE, and IMPOSSIBLE PORK.

14. Impossible Foods also uses the IMPOSSIBLE mark with recipes that it provides for free via its website at www.impossiblefoods.com.

15. As a result of the success of Impossible Foods' various food products, the IMPOSSIBLE mark has become well-known in the marketplace.

16. Impossible Foods has filed a total of 49 applications for IMPOSSIBLE-related marks, from the earliest application for IMPOSSIBLE on October 25, 2013 (See Reg. No. 5459255 in Ex. A), to the most recent application for IMPOSSIBLE BEEF on September 15, 2020 (Ser. No. 90183070). Impossible Foods is the owner of two federal trademark registrations for the mark IMPOSSIBLE (Registration No. 5370337 and 5459255). True and correct copies of Impossible Foods' Certificates of Registration for its IMPOSSIBLE-related marks are attached hereto as Exhibit A and incorporated by reference.

17. Impossible Foods owns common-law rights to the following distinctive presentation of the IMPOSSIBLE mark:

**IMPOSSIBLE**™

Impossible Foods has used this presentation of the IMPOSSIBLE mark since at least as early as 2016.

18. Impossible Foods' right to use the IMPOSSIBLE mark with services relating to recipes, food ingredients, and cooking information are senior to those now claimed and asserted by Impossible X.

19. Impossible Foods intends to continue using the IMPOSSIBLE mark in connection with its products and services, including those related to recipes, food ingredients, and cooking information.

**Impossible X's Assertion of Purported Trademark Rights and an Infringement Claim Relating to Recipes, Food Ingredients, and Cooking Information**

20. On November 10, 2020, over five years after Impossible Foods commenced use of its IMPOSSIBLE mark, Impossible X, through its counsel, sent a demand letter to Impossible Foods. The letter accused Impossible Foods of "encroachment into spaces either occupied by or closely related to goods and services offered by Impossible X," which, it said, "greatly increases

COMPLAINT FOR DECLARATORY RELIEF                4

the likelihood of confusion." Impossible X also referenced, without providing details, "several apparent instances of actual confusion."

21. Impossible X demanded in the letter that Impossible Foods "cease all use of its confusingly similar IMPOSSIBLE designs (i.e., uses without "FOODS" in stylizations that mimic Impossible X's marks) and limit the use of its IMPOSSIBLE mark to only use in association with plant-based food substitutes."

22. Weeks later, on November 25, 2020, Impossible X filed with the Trademark Trial and Appeal Board of the USPTO a Notice of Opposition against Impossible Foods' trademark application for the mark IMPOSSIBLE, which covers the following:

- "Providing information about recipes, ingredients and cooking information; providing an online computer database to consumers featuring information about recipes, ingredients and cooking information" in International Class 43.

A true and correct copy of the disputed trademark application is attached hereto as Exhibit B, and a true and correct copy of the Notice of Opposition filed by Impossible X is attached hereto as Exhibit C. Both of these USPTO filings are incorporated by reference.

23. In its Notice of Opposition, Impossible X alleges that it has used its "IMPOSSIBLE Marks in association with nutrition, food, and cooking resources since 2010 including publication of guides to different foods, ingredients, diets, and recipes." See Exhibit C.

24. In its Notice of Opposition, Impossible X alleges ownership of 10 trademark registrations and 1 pending application. None of the filings, however, identify goods or services relating to food or cooking. See Exhibit C.

25. In its Notice of Opposition, Impossible X also alleges:

- That Impossible Foods lacks "any constructive or actual right" in the IMPOSSIBLE trademark;
- That "[t]here is no issue of priority."; and
- That registration of Impossible Foods' IMPOSSIBLE trademark in connection with the applied-for services "would result in irreparable damage to Impossible X as consumers would be likely to consider the services offered

COMPLAINT FOR DECLARATORY RELIEF        5

under the registered mark as emanating from Impossible X, and purchase such services, resulting in a loss to Impossible X."

See Exhibit C.

26. In connection with these allegations, Impossible X has demanded that Impossible Foods alter the presentation of its trademark and stop using the IMPOSSIBLE trademark with any goods or services other than plant-based food products.

27. To the extent Impossible X has ever used an IMPOSSIBLE mark with recipes, food ingredients, or cooking information, that use has been sporadic and *de minimis*, at best. Notably, the websites located at <impossiblex.com> and <impossiblehq.com>, which both appear to be operated by Impossible X, do not provide any information relating to food or cooking; the website at the latter address includes a link to "Shop Nutrition," which resolves to a page that says "Sorry, there are no products in this collection" and invites visitors to "Get Early Access."

### FIRST CLAIM FOR RELIEF

**(Declaratory Relief)**

28. Impossible Foods realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

29. As a result of the actions and statements of Impossible X, which include allegations of trademark infringement and challenges to Impossible Foods' commercial use and registration of its IMPOSSIBLE mark in connection with recipes, food ingredients, and cooking information, there is an actual controversy between Impossible Foods and Impossible X as to the parties' rights and legal relations associated with each party's use of the IMPOSSIBLE mark. Under all of the circumstances, an immediate, real and substantial controversy exists between the parties, who have adverse legal interests.

30. Impossible Foods has used and intends to continue to use the IMPOSSIBLE mark in interstate commerce.

31. Impossible X's position is that Impossible Foods has made use of the mark IMPOSSIBLE in a manner justifying Impossible X to sue Impossible Foods immediately for trademark infringement and other legal violations.

32. Impossible Foods' use of the IMPOSSIBLE mark in its stylized form and/or in connection with recipes, food ingredients, and cooking information does not infringe on, dilute, or violate any federal or state trademark, trade name, or related rights of Impossible X.

33. Impossible Foods' rights to the IMPOSSIBLE mark are superior to the rights that Impossible X now alleges.

34. An actual justiciable controversy within the meaning of 18 U.S.C. § 2201 exists between Impossible Foods and Impossible X concerning the use of the IMPOSSIBLE mark and the respective trademark rights of the parties.  A judicial determination is necessary and appropriate at this time in order to resolve the issues of the trademark rights of Impossible Foods and the conflicting claims of Impossible X, and in order that the parties may ascertain their respective rights and obligations if any.

35. Impossible Foods does not engage in any activities that harm or threaten any lawful rights of Impossible X and is entitled to a declaration to that effect in this action.

**PRAYER FOR RELIEF**

Impossible Foods prays for judgment as follows:

(a) That this Court declare that Impossible Foods' use and registration of the IMPOSSIBLE mark with services relating to recipes, food ingredients, and cooking information do not infringe upon, dilute, or otherwise violate any valid right of Impossible X under applicable federal or state law.

(b) That this Court declare that Impossible Foods' rights in the IMPOSSIBLE mark are superior to the rights Impossible X alleges in the field of recipes, food ingredients, and cooking information.

(c) That this Court declare that Impossible Foods' activities have not caused any harm to Impossible X or unjust enrichment to Impossible Foods.

(d) That this Court declare that Impossible Foods is not liable to Impossible X.

(e) That this Court declare that Impossible X's trademark registrations in Registration Nos. 5376208, 5387588, and 5620625 be cancelled, in whole or in part, on grounds of abandonment and/or non-use of the trademarks in commerce.

COMPLAINT FOR DECLARATORY RELIEF          7

(f)  That this Court award to Impossible Foods its reasonable costs, disbursements, and attorneys' fees incurred in defending its rights to the IMPOSSIBLE mark against the claims and allegations of Impossible X.

(g)  That this Court grant such other and further relief as this Court may deem just and proper.

Dated:  April 2, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ John L. Slafsky*
    DAVID H. KRAMER
    JOHN L. SLAFSKY
    BRANDON P. LEAHY

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

COMPLAINT FOR DECLARATORY RELIEF            8

## DEMAND FOR JURY TRIAL

Impossible Foods hereby demands trial by jury of all issues triable by a jury.

Dated: April 2, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ John L. Slafsky*
    DAVID H. KRAMER
    JOHN L. SLAFSKY
    BRANDON P. LEAHY

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.