Kevin K. Eng (SBN 209036)
MARKUN ZUSMAN FRENIERE COMPTON LLP
465 California Street, Suite 401
San Francisco, CA 94194
Telephone: (415) 438-4515
Facsimile: (415) 434-4505
keng@mzclaw.com

David E. Weslow (for admission *pro hac vice*)
Adrienne J. Kosak (for admission *pro hac vice*)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
dweslow@wiley.law
akosak@wiley.law

Attorneys for Defendant Impossible LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>                    Plaintiff,<br><br>   v.<br><br>IMPOSSIBLE X LLC,<br><br>                    Defendant. | Case No. 3:21-cv-2419-TSH<br><br>RESPONSE TO DKT. NO. 21, ORDER TO RESPOND TO REQUEST TO EXTEND TIME |

On July 1, 2021, the Honorable Beth Labson Freeman confirmed that the Honorable Susan van Keulen will hear Plaintiff's Motion for Jurisdictional Discovery, but ordered that Defendant Impossible LLC respond to Plaintiff's request to extend time to oppose the pending motion to dismiss. Dkt. No. 21. Defendant provides that response herein.

Defendant does not oppose, and had previously consented to, Plaintiff's request to extend time to respond to Defendant's motion from 14 days to 30 days. However, in its motion for jurisdictional discovery, Plaintiff requests a further extension measured against a schedule for jurisdictional discovery. *See* Dkt. No. 19 ("Mot.") at 9 (requesting that its opposition be due 10

1  days after the close of jurisdictional discovery). As described briefly herein, and as Defendant will
2  describe in greater detail in its opposition to Plaintiff's motion (currently due July 13, 2021),
3  Plaintiff's requested jurisdictional discovery does not seek information that will constitute a basis
4  for jurisdiction, and consequently, that portion of Plaintiff's requested extension tied to
5  jurisdictional discovery should be denied.

6  Here, Plaintiff asserts only *specific*, not general, personal jurisdiction—likely in recognition
7  of the fact that Defendant is a Texas limited liability company with its principal place of business
8  in Texas, and therefore does not meet the Ninth Circuit's "exacting standards" for general personal
9  jurisdiction. *Ranza v. Nike, Inc*., 793 F.3d 1059, 1069 (9th Cir. 2015). Because the inquiry here is
10 limited to specific personal jurisdiction, the only relevant forum contacts are those related to the
11 single claim at issue: a declaratory judgment claim of noninfringement.

12 Plaintiff's proposed discovery is neither based on nor inquires into contacts relevant to that
13 declaratory judgment claim. As Defendant explained in its motion to dismiss—and Plaintiff made
14 no attempt to address in its motion for jurisdictional discovery—the contacts relevant to a
15 declaratory judgment claim of noninfringement are those related to Defendant's efforts to enforce
16 the particular trademarks at issue. Dkt. No. 11 at 9-11. Relevant contacts do *not* include
17 Defendant's efforts to commercialize its own products and services under its mark, because those
18 efforts have no bearing on whether Plaintiff's trademarks infringe. *See Arkon Res., Inc. v. Nat'l*
19 *Prods. Inc.*, No. CV 17-2976 PSG (PLAx), 2018 WL 1143816, at *4 (C.D. Cal. Jan. 3, 2018).
20 Despite being aware of this precedent, Plaintiff has proposed broad discovery into Defendant's
21 commercialization efforts, untethered to the claim at issue, and based on information that it
22 describes as "general business contacts." Mot. at 7. This information is irrelevant to Plaintiff's
23 assertion of specific jurisdiction, and therefore jurisdictional discovery is inappropriate. *Am. W.*
24 *Airlines, Inc. v. GPA Grp., Ltd*., 877 F.2d 793, 801 (9th Cir. 1989) (holding that jurisdictional
25 discovery is inappropriate "when it is clear that further discovery would not demonstrate facts
26 sufficient to constitute a basis for jurisdiction").
27 ///
28 ///

Dated: July 6, 2021          By:      /s/ _____

Kevin K. Eng
Markun Zusman Freniere Compton LLP
465 California Street, Suite 401
San Francisco, CA 94194

*Attorneys for Defendant
Impossible LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July, 2021, the foregoing was electronically served on all counsel of record via CM/ECF.

By: /s/ _____

Kevin K. Eng