July 27, 2021

***By E-Filing***

Honorable Susan van Keulen
U. S. District Court for the Northern District of California
280 South 1st Street
San Jose, CA 95113

**Re: Impossible Foods Inc. v. Impossible X LLC**
**U. S. District Court Case No. 5:21-cv-02419-BLF (SVK)**

Your Honor:

By order entered July 20, 202, Your Honor granted Plaintiff leave to proceed with limited jurisdictional discovery and directed the parties, as needed, to file a joint statement identifying any issues in dispute related to the scope of this discovery. Docket No. 32. The parties have met and conferred by videoconference and now submit this joint statement, together with Plaintiff's proposed requests for production (RFPs) and topics for a Rule 30(b)(6) deposition of Defendant, which are attached as Exhibits 1 and 2 respectively. The Parties have also included proposed Orders attached as Exhibits 3 (Plaintiff) and 4 (Defendant).

Plaintiff's Statement

For Plaintiff to establish specific personal jurisdiction, it must make a *prima facie* showing that (1) Defendant "purposefully direct[ed]" its activities at California or otherwise "availed" itself of the privilege of conducting activities here; and (2) Plaintiff's claim "arises out of or relates to [Defendant's] forum-related activities." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004). Once Plaintiff makes this showing, the burden shifts to Defendant to show that the exercise of jurisdiction would be unreasonable. *Id.* at 800. Here, Defendant maintains that "[i]n view of Defendant's extremely limited connections to the forum, the present situation does not meet the final requirement for assertion of specific jurisdiction: that "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e*,. it must be reasonable." Dkt. 11 (Motion to Dismiss). Defendant submitted the Declaration of Joel Runyon (Docket 11-1) in support of this very point. In doing so, it made the reasonableness of jurisdiction, and thus its overall connections to California, a central, disputed issue.

Defendant's statements on platforms such as LinkedIn and Instagram that it is headquartered in San Diego or that its "hq" is associated with "#San Francisco" are highly probative of facts Defendant placed at issue in its Motion. Thus, for example, Defendant should not be able to bar discovery relating to operation of its headquarters or "hq" in San Diego, in San Francisco or elsewhere in California (consistent with Internet evidence gathered by Plaintiff) within the past five years. Defendant's insistence generally that jurisdictional discovery need only go back three years is arbitrary.

Similarly relevant is Plaintiff's request for contracts that Defendant has entered into designating California as the forum for disputes. Those serve as admissions that Defendant sees no unfairness litigating here when it suits it. That is the case whether such contracts were "negotiated" or not; they are relevant either way. Likewise it is improper for Defendant to limit deposition questioning to its (1) purposeful direction of activities at California, and exclude (2) its purposeful availment of the privilege of conducting activities here, when either one would render the exercise of personal jurisdiction reasonable.

If Defendant has not had extensive contacts with California, then these targeted requests could not be burdensome – there would only be a few responsive documents. Defendant cannot maintain that "to litigate here offends the notions of fair play and substantial justice" and at the same time shield itself from the limited discovery that would refute that contention. Accordingly, Plaintiff requests that the Court approve the attached requests for production and deposition topics.

Defendant's Statement

Defendant believes that Plaintiff's proposed discovery does not comply with the Court's Order on jurisdictional discovery. The requests have no apparent tie to the noninfringement declaratory judgment claim at issue and therefore relate to general, not specific jurisdiction. To the extent the Court is inclined to allow this discovery despite Plaintiff's failure to comply with the Order, Defendant requests the following reasonable restrictions:

Deposition Topic No. 1 seeks irrelevant information to the extent it inquires into Defendant's "availment ... of the benefits and protections of the laws of California." Cases sounding in tort apply the purposeful direction, not purposeful availment, test.[1] Dkt. No. 11 at 6.

Topic No. 6 requests testimony regarding the association of Defendant's "headquarters" with "San Diego ***or any other location in California***" (emphasis added), without limitation as to time. The Court's Order makes clear that Plaintiff's discovery on this particular topic is to be limited to only San Diego, in the year 2021. Defendant requests that this limitation be enforced.

Request for Production No. 1 suffers the same infirmity as Topic No. 6. This request must be limited to documents that relate to Defendant's purported headquarters in San Diego in 2021.

For Request Nos. 2-8, Defendant requests that they be limited to the last three years. Specific jurisdiction is to be assessed at the time the purported dispute arose, which Plaintiff alleges was November 2020. Dkt. No. 26 at 10. Defendant's proposed limitation would provide information on and reasonably before the relevant date. Plaintiff's five-year demand is untethered to the asserted claim. Further, the request potentially imposes burdensome demands on Defendant whose principal has acknowledged he lived part-time in California from 2014 to 2016, and Plaintiff has demonstrated no relevance of such dated information to the assertion of specific jurisdiction.

Request No. 7 seeks *any* contracts containing a forum-or venue-selection clause in California. Defendant offers to produce *negotiated* contracts—i.e., not terms of service/use or standard agreements for generally available products/software/websites. Anything broader would require review of all software, apps, and websites Defendant engaged with during the relevant time period. This extraordinary burden is undue, as Plaintiff has made no attempt to limit the subject matter of contracts being sought, and thus the relevance to specific jurisdiction is unclear and purely speculative.

Respectfully submitted,

| WILSON SONSINI GOODRICH & ROSATI | WILEY REIN LLP |
| --- | --- |
| By: */s/ John L. Slafsky*<br>David H. Kramer/John L. Slafsky<br>Brandon P. Leahy | By: */s/ David E. Weslow*<br>David E. Weslow (*pro hac vice*)<br>Adrienne J. Kosak (*pro hac vice)* |
| Attorneys for Plaintiff | Attorneys for Defendant |

[1] Defendant notes that it has agreed to this and most of the deposition topics with the understanding that Plaintiff is inquiring into facts relevant to the appropriate standard for personal jurisdiction—not legal questions, or merit discovery outside the scope of the present jurisdictional dispute.

# EXHIBIT 1

## Plaintiff's Requests for Production

1. *All documents related to the profile of your company posted on the LinkedIn platform and available at the address https://www.linkedin.com/company/impossiblex/about/* .

2. *Documents sufficient to identify any California locations you have "tagged" or otherwise associated with your Instagram account titled "Impossible**hq**" (emphasis added).*

3. *All documents that you contend demonstrate the Court's exercise of specific jurisdiction over you in this case would be unreasonable or violate fundamental fairness.*

4. *All documents that you contend demonstrate, as stated in the June 11, 2021 declaration of Joel Runyon, that "[d]efending an expansive district court litigation in a Court located so far from our location in Austin, Texas will be a significant burden to our business."*

5. *All documents related to the nature, scope and duration of work "for Impossible" that, in the July 13, 2021 declaration of Joel Runyon, he says he has conducted at a "workspace" in San Diego.*

6. *Documents sufficient to identify any work-related visits to California that Mr. Runyon has made over the past five years, including the "short term" or "temporary" visits described in his July 13, 2021 declaration.*

7. *All contracts you have entered into that contain a clause selecting a forum or venue in California.*

8. *Documents sufficient to show any expenditure of more than $1,000 by you in California within the last five years relating to expenditures for office space, taxes or insurance.*

**EXHIBIT 2**

**Plaintiff's Rule 30(b)(6) Deposition Topics**

1. *Your purposeful direction of activities at California or your availment otherwise of the benefits and protections of the laws in California.*

2. *Your demand letter to Plaintiff and the Notice of Opposition that you filed against Plaintiff with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.*

3. *The relation between Plaintiff's claim and your contacts with California.*

4. *The fairness of the Court's exercise of specific jurisdiction over you in this lawsuit.*

5. *The burden to your business that you allege will arise from defense of the lawsuit in this District.*

6. *Your association of your "headquarters" or "hq" with San Diego or any other location in California.*

**EXHIBIT 3 – PLAINTIFF'S PROPOSED ORDER**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMPOSSIBLE X LLC, an Illinois limited liability company,<br><br>Defendant. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**[PROPOSED] ORDER CONCERNING SCOPE OF JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. No. 32 |

Having considered the parties' July 27, 2021 joint statement to the Court related to jurisdictional discovery, as well as their prior submissions, the Court hereby grants Plaintiff leave to serve the Requests for Production set forth below no later than __________, 2021. Defendant shall produce responsive documents to Plaintiff within 14 days.

The Court also grants Plaintiff leave to serve its Notice of Deposition pursuant to Rule 30(b)(6) no later than __________, 2021. The parties shall meet and confer about scheduling this deposition for a date no later than 10 days following Defendant's production of documents to Plaintiff. The topics for the deposition shall be the ones set for the below.

**Requests for Production**

1.
2.
3.
4.
5.
6.
7.
8.

**Deposition Topics**

1.
2.
3.
4.
5.
6.

**SO ORDERED**

Dated: _____________, 2021

______________________________
HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge

**EXHIBIT 4 DEFENDANT'S PROPOSED ORDER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br>Plaintiff,<br>v.<br>IMPOSSIBLE X LLC,<br>Defendant. | Case No. 3:21-cv-2419-TSH<br>[PROPOSED] ORDER |

The Court, having considered the parties' joint submission regarding jurisdictional discovery filed July 27, 2021, hereby ORDERS that Plaintiff may propound the discovery attached to the joint submission with the following restrictions:

Deposition Topic No. 1 is limited to seeking information regarding Defendant's purposeful direction to the forum;

Deposition Topic No. 6 and Request for Production No. 1 are limited to information relating to Defendant's purported "headquarters" in San Diego, California as of 2021;

Request for Production No. 7 is limited to seeking contracts that Defendant took part in negotiating; and

Request for Production Nos. 2-8 are limited to seeking responsive information from the past three years.

So ORDERED this ___ day of _____, 2021