UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO AMEND COMPLAINT AND SCHEDULING ORDER IN PART** |
| IMPOSSIBLE LLC, | |
| Defendant. | [Re: ECF No. 92] |

Before the Court is Plaintiff's Motion to Amend Complaint and Scheduling Order. ECF No. 92 ("Mot."). Defendant filed an opposition to the motion. ECF No. 96 ("Opp."). Plaintiff filed a reply in support of the motion. ECF No. 98 ("Reply"). The Court finds this motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for November 25, 2024. *See* Civ. L.R. 7-1(b).

For the reasons stated below, the Court GRANTS IN PART Plaintiff's motion.

I.    BACKGROUND

On April 2, 2021, Plaintiff Impossible Foods Inc. ("Plaintiff") filed a Complaint for Declaratory Relief against Defendant Impossible LLC ("Defendant"), alleging that Defendant had accused Plaintiff of "encroachment into spaces either occupied by or closely related to goods and services offered" by Defendant in such a way that "increases the likelihood of confusion." ECF No. 1 ¶ 20. The Complaint stated that Defendant had sent a letter in November 2020 demanding that Plaintiff "cease all use of its confusingly similar IMPOSSIBLE designs." *Id.* ¶¶ 20–21. Defendant also allegedly filed a Notice of Opposition against Plaintiff's trademark application for the IMPOSSIBLE mark. *Id.* ¶ 22. Plaintiff filed its Complaint to seek resolution of Defendant's threatened trademark dispute, alleging only one claim for Declaratory Relief. *Id.* ¶¶ 28–35.

United States District Court
Northern District of California

United States District Court
Northern District of California

Following Plaintiff's successful appeal of this Court's grant of Defendant's motion to dismiss for lack of personal jurisdiction, *see* ECF No. 55, the Court held a Case Management Conference on January 25, 2024, ECF No. 69. The Court then issued the Case Management Scheduling Order, which set the deadline for amending the pleadings as March 25, 2024. ECF No. 70. Plaintiff filed an Amended Complaint on February 16, 2024, again alleging one claim for declaratory relief regarding the Parties' trademark dispute. ECF No. 78. On March 8, 2024, Defendant filed its Answer to the Amended Complaint and asserted Counterclaims for (1) trademark infringement, (2) unfair competition, and (3) false association under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; (4) denial of trademark registration; (5) trademark infringement under California common law; and (6) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* ECF No. 80. Defendant amended its Counterclaims on April 4, 2024, ECF No. 83, and Plaintiff filed an Answer to the Counterclaims on April 18, 2024, ECF No. 85.

Meanwhile, discovery commenced. The Parties exchanged initial written discovery in March 2024. Declaration of H. Forrest Flemming, III ("Flemming Decl."), ECF No. 92-3, at ¶¶ 4–5. In a set of interrogatory responses dated May 13, 2024, Defendant stated that it had offered nutritional supplements since August 2017, and that it was in the process of launching "Impossible Whey Protein." *Id.* Ex. 5 at 11, 12, 17. Following a second round of written discovery on the subject, *id.* Ex. 7, Plaintiff's counsel sought Defendant's consent for Plaintiff's proposed further amendment to its Complaint, which would add trademark infringement and unfair competition claims, Flemming Decl. ¶ 10. Defendant declined to consent. *Id.* ¶ 11. After Plaintiff's counsel's inquiry—but prior to declining the request to amend—Defendant filed an affidavit with the U.S. Patent and Trademark Office ("PTO") related to its Registration No. 5387588. *Id.* ¶ 12, Ex. 11. The affidavit asserted that Defendant had made continuous use of its mark for five consecutive years. *Id.* Ex. 11 at 7.

On July 23, 2024, eight days after Defendant declined to consent to Plaintiff's amendment, Plaintiff moved to amend its Amended Complaint. *See* Mot. Plaintiff also seeks to modify the Scheduling Order to extend the deadline to amend pleadings for sixty days. *Id.* at 1–2.

2

United States District Court
Northern District of California

## II.    LEGAL STANDARD

When the deadline for amending the pleadings set in a court's scheduling order has passed, a party seeking leave to amend must first seek modification of the scheduling order. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *DRK Photo*, 870 F.3d at 989 (citing *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015)). "If th[e] party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

"If the moving party establishes good cause to modify the scheduling order, it must then demonstrate that its motion is also proper under Rule 15." *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671, 2024 WL 664804, at *2 (N.D. Cal. Feb. 16, 2024) (internal quotations omitted). Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" within certain designated time frames. Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

3

## III.    DISCUSSION

Plaintiff's motion necessitates resolution of two distinct but related issues:  First, whether Plaintiff has demonstrated "good cause" to modify the Scheduling Order.  Second, whether justice requires granting Plaintiff leave to amend its Complaint.  The Court begins, as it must, with the Rule 16(b)(4) inquiry.  *See DRK Photo*, 870 F.3d at 989.

### A.  Modification of the Scheduling Order

"Newly discovered facts may constitute good cause to modify a pretrial scheduling order to allow amendment to the pleadings."  *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, No. 17-CV-06177, 2021 WL 4927012, at *4 (N.D. Cal. Sept. 28, 2021); *see also Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV. S-05-583, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend based on information obtained through discovery is common and well established.").  The crux of the Parties' argument over the existence of good cause to modify the scheduling order is whether Plaintiff was sufficiently diligent in seeking to amend based on the purportedly new facts discussed in the motion.

Plaintiff argues that good cause exists to modify the scheduling order because it only became aware of three facts relevant to its proposed Second Amended Complaint after the deadline to amend the pleadings had passed.  Mot. at 5–8.  First, Plaintiff states that it learned in May 2024 of the date when Defendant started offering certain sleep and energy powders Plaintiff believes may infringe its rights.  *Id.* at 6.  Second, Plaintiff states that it learned that same month of Defendant's "plans to expand into edible protein products."  *Id.* at 7.  And finally, Plaintiff points to Defendant's Section 15 affidavit, filed with the PTO on July 12, 2024, as a potential basis for a fraud claim, noting that it is presently "pursuing discovery narrowly tailored to seek evidence supporting" this possible fraud claim.  *Id.* at 7–8.  Plaintiff further argues that Defendant "cannot show that it will be prejudiced by the amendment" because "[f]act discovery is not set to close until December 13, 2024," and because "[t]he additional claims . . . have been the subject of written discovery already."  *Id.* at 8.

Defendant responds that Plaintiff has not been diligent in pursuing amendment of its complaint.  Opp. at 5–9.  Claiming that only the first new fact Plaintiff identifies in its Motion is

United States District Court
Northern District of California

United States District Court
Northern District of California

actually relevant to the claims it wishes to assert through amendment, Defendant argues that Plaintiff could have conducted a "cursory review" of Defendant's trademark registrations at any point over the last several years to discern the relevant date of first use of its trademarks. *Id.* at 3. Defendant states that the date of first use was also included in its Notice of Opposition to Plaintiff's trademark application. *Id.* at 6. In addition, Defendant argues that its planned addition to its nutritional supplement line is not sufficient justification for Plaintiff's proposed new claims. *Id.* at 7. Defendant does not "have a planned release date" for the new product, so it believes Plaintiff cannot have a present case or controversy based on Defendant's plans alone. *Id.* at 7–8. Finally, Defendant argues that its "nutritional supplements have been on sale under its marks continuously for the five years preceding Impossible [LLC]'s [July 2024] trademark filing," so Plaintiff's accusations of fraud are misplaced. *Id.* at 8–9. Regardless, Defendant says that Plaintiff "is not in a position to plead fraud" yet, so the potential future fraud claim does not bear upon the current request to amend. *Id.* at 9.

The Court concludes that Plaintiff has demonstrated diligence in seeking amendment of its Complaint. Until receiving Defendant's discovery responses, Plaintiff lacked certain information key to its allegations supporting the new claims. Importantly, Defendant's trademark application claimed a first use date "[a]t least as early as" August 15, 2017 for its nutritional supplement products, leaving open the possibility that the actual first use date was earlier. ECF No. 98-2 at 3 (Ex. 1 to the Declaration of Jessica W. Truelove). Although Defendant argues that its public trademark registrations clearly specify August 15, 2017 as the date of first use, *see* Opp. at 2–3, Plaintiff is correct that there is a mismatch between the language on Defendant's trademark application and the language on the public trademark register, *see* Reply at 2–3; ECF No. 98-2 at 3. The mismatch creates an ambiguity relevant to the validity of Plaintiff's proposed claims. Furthermore, as Plaintiff points out, "[a] trademark registrant may seek to establish an earlier date of first use than that alleged in its trademark application" by clear and convincing evidence. *Sarieddine v. Alien Visions E-Juice, Inc.*, No. CV 18-3658, 2019 WL 1966661, at *6 (C.D. Cal. Apr. 12, 2019) (citing *Wells Fargo & Co. v. Stagecoach Properties, Inc.*, 685 F.2d 302, 304 n.1 (9th Cir. 1982)). Plaintiff did not have the opportunity to clarify the dates in such a way as might

bind Defendant—i.e., through sworn testimony—until discovery in the current action opened.

In promptly pursuing the relevant information through its first two rounds of written discovery, Plaintiff acted diligently. *See* Mot. at 3–4. Plaintiff received Defendant's confirmation of the first-use date on July 1, 2024, Flemming Decl. ¶ 8 & Ex. 7, and sought consent from Defendant to amend its complaint only two days later, Flemming Decl. ¶ 10. Eight days after Defendant declined to consent, *id.* ¶ 11, Plaintiff filed its Motion to Amend. Plaintiff therefore posed its request to the Court nearly five months before the close of fact discovery in this lawsuit. *See* ECF No. 66 at 8. That timeline makes Plaintiff's request far different from the requests in Defendant's cases. For example, Plaintiff did not wait "nearly five months, and until after summary judgment was decided and fact discovery closed, to move to amend." *Roberts v. Hayward Unified Sch. Dist.*, No. 18-CV-02209, 2019 WL 11250162, at *2 (N.D. Cal. May 3, 2019). Nor did Plaintiff fail to "contend that it only recently learned of most of the purported facts" relevant to its motion to amend, or sit on information revealed "throughout discovery" for months without action. *Hayward Prop., LLC*, 2021 WL 4927012, at *4. There are no signs that Plaintiff dragged its feet in seeking leave to amend for strategic or bad-faith purposes like the Plaintiff in *Delacruz v. State Bar of California*, No. 16-CV-06858, 2018 WL 3067784 (N.D. Cal. Mar. 12, 2018), who waited three months after his Second Amended Complaint was stricken to file his motion to amend in an apparent effort to "delay the resolution of Defendants' motions to dismiss pending before the Court." *Id.* at *5. Rather, Plaintiff acted swiftly on information received early in the discovery proceedings, seeking leave to amend long before fact discovery closed.

Similarly, Plaintiff was diligent in seeking amendment to add claims related to Defendant's plans for edible protein products. Plaintiff unquestionably did not have notice of the contemplated products until mid-May 2024, and it sought leave to amend only six weeks later. While Defendant offers cases suggesting that waiting one to three months to seek amendment evinces a lack of diligence, that authority is not on point for the facts of the present motion. In *Schwerdt v. International Fidelity Insurance Co.*, the plaintiff waited for seven weeks *after* the defendant denied his request to stipulate to amendment to seek leave from the court, at which point the court

United States District Court
Northern District of California

United States District Court
Northern District of California

had already issued a summary judgment order and was days away from entering judgment.  28 F. App'x 715, 719 (9th Cir. 2002).  And in *Experexchange, Inc. v. Doculex, Inc.*, the plaintiff inexplicably waited until after the defendant's motion for summary judgment was fully briefed to file a motion to amend based on information revealed two months earlier, while discovery was ongoing.  No. C-08-03875, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009).  Furthermore, the court in that case believed there were indicators that the motion to amend "was brought simply to avoid summary judgment."  *Id.*

In other words, both of Defendant's cases pertain to motions to amend that occurred much later in the case, and both involved plaintiffs who failed to offer a logical, good-faith reason for delaying weeks or months before filing their motions.  No such indicators exist here, where the Parties are still close to a year away from the deadline to file dispositive motions, *see* ECF No. 70, and where Plaintiff has adequately explained its need to confirm certain relevant facts before seeking amendment.  Likewise, Defendant's argument about the sufficiency of Plaintiff's proposed amendments based on the new products is misplaced.  *See* Opp. at 7–8.  The question on a motion to modify the scheduling order is only whether good cause exists, not whether a resulting amended complaint would survive a motion to dismiss.  *See DRK Photo*, 870 F.3d at 989.

Finally, given the early stage of the proceedings, consideration of potential prejudice does not counsel against granting leave to amend.  Fact discovery has not closed, and trial is still over a year away.  *Cf. Experexchange, Inc.*, 2009 WL 3837275, at *30 ("Defendants would be severely prejudiced by allowing such a claim, given that discovery has already closed and the parties are on the eve of trial.").  Moreover, as Plaintiff points out, risk of prejudice is "minimal" where, as here, "the parties have already conducted discovery on the substantive merits of the [] issue." *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671, 2024 WL 664804, at *3 (N.D. Cal. Feb. 16, 2024).

In sum, any prejudice to Defendant is negligible, and Plaintiff has established "good cause" for modification of the scheduling order under Rule 16(b) for purposes of filing the Second Amended Complaint attached to the motion.  *See* Mot. Ex. A.  However, Defendant is correct that it would be inappropriate to hold open the amendment window so that Plaintiff may potentially add a fraud claim without further seeking leave to amend.  If Plaintiff wishes to add a fraud claim,

Plaintiff will need to file a further motion to amend and to modify the scheduling order that includes the proposed Third Amended Complaint.

## B. Leave to Amend

Having concluded that there is good cause to amend the scheduling order, the Court must next consider whether Plaintiff's motion to amend is proper under Rule 15. Plaintiff argues that Defendant cannot establish that any of the *Foman* factors weigh against amendment. Mot. at 8–9. First, Plaintiff says that amendment is not "futile" because it can conceivably put forth facts that would survive a motion to dismiss. *Id.* at 9–10. Second, Plaintiff believes there is a lack of prejudice to Defendant, because discovery about Plaintiff's proposed claims has already commenced and close of fact discovery is still three months away. *Id.* at 10. Plaintiff goes on to briefly state that there is "no evidence of bad faith" and that it has "been nothing but diligent," so there hasn't been undue delay. *Id.* at 10–11. Finally, Plaintiff says that it cannot be accused of "repeated failure to cure deficiencies" because it has not previously sought to amend its complaint to assert trademark claims. *Id.* at 11.

Defendant addresses only one of the *Foman* factors, arguing that Plaintiff's filing of the present motion the night before the Parties' settlement conference—combined with its alleged lack of diligence and alleged misrepresentations in the motion—"strongly indicates . . . bad faith." Opp. at 9–10. Defendant goes on to say that Plaintiff's "request to hold open the amendment window for 60 days to accommodate a potentially forthcoming fraud claim" is "inappropriate," and that if Plaintiff is allowed to amend its Complaint, "then [Defendant] requests leave to amend its own counterclaims." *Id.* at 10.

The Court concludes that Plaintiff has satisfied Rule 15's lenient standard, since none of the *Foman* factors counsels against granting leave to amend:

*First*, the Court concludes that amendment is not futile. "[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). Here, Defendant does not argue that amendment would be futile, and the Court finds it

United States District Court
Northern District of California

conceivable that Plaintiff could allege facts sufficient to survive a motion to dismiss.

*Second*, Defendant has not carried its burden to show any prejudice resulting from amendment, since Defendant does not dispute Plaintiff's argument that no prejudice exists. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").

*Third*, the Court finds no evidence of bad faith. Plaintiff's conduct does not evince an "intent to deceive, harass, mislead, delay or disrupt" or an effort to prolong litigation through "baseless legal theories." *ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA, Inc.*, No. 2:21-CV-5594, 2022 WL 16859599, at *5 (C.D. Cal. Oct. 5, 2022) (citations omitted). Defendant's allegations to the contrary are devoid of supporting case law, and the Court is not persuaded that Plaintiff intentionally withheld certain claims with the sole purpose of "disrupt[ing]" settlement negotiations. *See* Opp. at 9–10. To the contrary, the timeline suggests that Plaintiff sought leave to amend based on new information obtained during discovery, *see supra* section III.A, and it is not in bad faith for a party to believe that all potentially valid claims should be addressed during settlement negotiations, *see* Reply at 5.

*Fourth*, for the same reasons as discussed with regard to Plaintiff's showing of good cause to modify the scheduling order, the Court concludes that Plaintiff did not unduly delay in seeking amendment. It appears that the first two rounds of discovery provided concrete reasons for Plaintiff to seek to amend its First Amended Complaint to add additional claims, and Plaintiff moved for leave shortly thereafter. *See supra* section III.A.

*Finally*, the Court agrees with Plaintiff that the final *Foman* factor is not present in this case, because Plaintiff has not previously sought to assert trademark claims. Thus, there has not been "repeated failure" to cure deficiencies. *Eminence Capital*, 316 F.3d at 1052.

## C. Defendant's Request to Amend Its Counterclaims

In its Opposition to Plaintiff's motion, Defendant purports to seek "alternative relief" of "leave to amend its own counterclaims to . . . assert infringement and unfair competition against [Plaintiff's] artificial meat products." Opp. at 10. Defendant's request is improper. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant must file a

United States District Court
Northern District of California

motion to amend and include its proposed pleading in order to seek leave from the Court to amend its counterclaims after the deadline for amending the pleadings. *See* Fed. R. Civ. P. 7(b), 15(a)(2), 16(b)(4); Civ. L.R. 10-1.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint and Scheduling Order is GRANTED IN PART. Plaintiff shall file the proposed Second Amended Complaint (Mot. Ex. A) no later than September 20, 2024. Any further amendment to add a fraud claim shall be the subject of a later motion that includes a proposed pleading.

**IT IS SO ORDERED.**

Dated:  September 17, 2024

_____

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

10