GIA CINCONE (SBN 141668)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center
Suite 1900
San Francisco, California 94111
Telephone: (415) 273-7546
Facsimile: (415) 723-7173
gcincone@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice)*
JESSICA W. TRUELOVE (*pro hac vice)*
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6549
Facsimile: (404) 541-3139
chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**MOTION TO STRIKE DEFENDANTS' FOURTH CLAIM FOR RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge: Hon. Beth Labson Freeman<br>Date: December 5, 2024<br>Time: 9:00 a.m. |

**NOTICE OF MOTION**

TO DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 5, 2024, before the Honorable Beth Labson Freeman, Courtroom 3, 5th floor, San Jose Courthouse, 280 South 1st Street, San Jose,

California 95113, at 9:00 a.m. or as soon thereafter as the matter may be heard, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") will and hereby does move to strike Defendants/Counter-Plaintiffs Impossible LLC's and Joel Runyon's (collectively, "ILLC's") "Fourth Claim for Relief," purportedly asserting a claim for "Counterfeiting Under the Lanham Act," as inappropriately asserted in ILLC's Answer and Counterclaims to Impossible Foods's Second Amended Complaint. ECF 107 at 40-41. Impossible Foods moves to strike the counterclaim from the record pursuant to Federal Rules of Civil Procedure 12(f), 15, 16 and Local Rule 10-1, as ILLC's assertion of the counterclaim violates governing law and blatantly offends the Court's September 17, 2024 Order (ECF 101).

Impossible Foods's motion is based on this Notice of Motion and accompanying Memorandum and Points of Authorities in Support, the pleadings and papers on file in this action, and such other written or oral argument as may be presented at or before the time this motion is heard and/or taken under submission by the Court.

DATED: October 14, 2024

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/ Jessica W. Truelove*

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice)*
Jessica W. Truelove (*pro hac vice)*
Gia Cincone (SBN 141668)

*Attorneys for Plaintiff*
IMPOSSIBLE FOODS INC.

## I. INTRODUCTION

On September 17, 2024, the Court entered an Order granting Impossible Foods leave to file a Second Amended Complaint and amending the Scheduling Order. ECF 101. The Court's Order also dictated that should ILLC wish to amend its counterclaims, it must file a motion to amend for the Court's consideration. *See* ECF 101 at 9-10. ILLC ignored this Court's direct order and failed to comply with the federal and local rules by asserting an entirely new counterclaim in its recently filed Answer without seeking leave to amend. Accordingly, ILLC's counterfeiting counterclaim should be stricken.

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Whether to grant a motion to strike is within the sound discretion of the district court. *See Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *5 (N.D. Cal. Feb. 20, 2020) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018)).

Pursuant to Federal Rule 16, a party seeking to amend its pleading after the deadline for amendments set forth in a court's scheduling order must first seek modification of the scheduling order. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). "If the moving party establishes 'good cause' to modify the scheduling order, 'it must then demonstrate that its motion is also proper under Rule 15.'" *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671-BLF, 2024 WL 664804, at *2 (N.D. Cal. Feb. 16, 2024) (citation omitted).

### B. ILLC Cannot Amend Its Counterclaims Without Leave of Court

In its opposition to Impossible Foods's Motion to Amend its Complaint and Scheduling

Order, ILLC prayed for the "alternative relief" to amend its counterclaims to assert additional claims against Impossible Foods. ECF 96 at 10. In its September 17, 2024 Order, the Court addressed this issue directly, stating:

> Defendant's request is improper. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, *Defendant must file a motion to amend and include its proposed pleading in order to seek leave from the Court to amend its counterclaims* after the deadline for amending the pleadings. *See* Fed. R. Civ. P. 7(b), 15(a)(2), 16(b)(4); Civ. L.R. 10-1.

ECF 101 at 9-10 (emphasis added).

In brazen disregard for the Rules of Civil Procedure, the Local Rules, and the Court's clear directives, ILLC attempted to unilaterally amend its counterclaims asserting a new counterfeiting claim without seeking modification of the Scheduling Order or attempting to demonstrate that the amendment is appropriate under Rule 15. Specifically, ILLC's "Fourth Claim for Relief" for "Counterfeiting under the Lanham Act" in its Answer to the Second Amended Complaint is a wholly new counterclaim from its prior Answer. *Compare* ECF 80 at 12-31, *with* ECF 107 at 40-41.[1] Moreover, the title of ILLC's Answer and Counterclaim mysteriously lacks reference that *any* amendment was made at all. By attempting to covertly insert the counterclaim into its Answer to Impossible Foods's Second Amended Complaint, ILLC explicitly disregarded this Court's directive and admonition that amendment without leave would not be permitted.

In its Answer and Counterclaims to Second Amended Complaint, ILLC inserts a footnote that purports to provide justification for ILLC's unilateral filing of its amended

---

[1] Paragraphs 40-43, and 53 of ILLC's Answer and Counterclaims to Second Amended Complaint are also new, and improperly asserted without seeking leave of the Court; however, in an effort of judiciousness, only ILLC's new counterfeiting counterclaim is subject to this Motion.

counterclaims. *See* ECF 107 at 21. Neither of the cited cases supports the position that ILLC can sidestep the Court's Order, much less Local Rule 10-1 or Federal Rules 15 and 16. Indeed, both cases that ILLC cites address a party asserting "counterclaims-in-reply" to another party's counterclaims rather than the more simplistic procedural scenario at issue here.

Regardless of ILLC's recalcitrance, ILLC failed to demonstrate ***any*** justification for modifying the Scheduling Order or the appropriateness of the amendments it desires under Rules 15 and 16. Without such a showing, the law does not permit an amendment of ILLC's pleadings, and thus the new counterfeiting counterclaim should be stricken. *Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923 MMC, 2005 WL 8153035, at *4 (N.D. Cal. Oct. 19, 2005) (granting motion to strike after defendant failed to seek leave to amend counterclaim even after the court explicitly ordered the party to file a motion to amend).

## III. CONCLUSION

For the reasons set forth above, Impossible Foods respectfully requests the Court strike ILLC's Fourth Claim for Relief, purportedly asserting a claim for Counterfeiting Under the Lanham Act, from its Answer to Impossible Foods's Second Amended Complaint and Counterclaims, while affording Impossible Foods a reasonable opportunity to respond to ILLC's counterclaims once the Court has ruled on the present motion.

DATED: October 14, 2024

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/ Jessica W. Truelove*

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice)*
Jessica W. Truelove (*pro hac vice*)
Gia Cincone (SBN 141668)

*Attorneys for Plaintiff*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2024, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Jessica W. Truelove*
Jessica W. Truelove