GIA CINCONE (SBN 141668)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center,
Suite 1900
San Francisco, California 94111
Telephone: (415) 273-7546
Facsimile: (415) 723-7173
gcincone@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
JESSICA W. TRUELOVE (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6549
Facsimile: (404) 541-3139

chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC., a Delaware corporation,

Plaintiff/Counter-Defendant,

v.

IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,

Defendants/Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' FOURTH CLAIM FOR RELIEF**

Judge: Hon. Beth Labson Freeman
Date: January 30, 2025
Time: 9:00 a.m.

## I. INTRODUCTION

The Federal Rules required Defendants Impossible LLC and Joel Runyon (collectively, "ILLC's") to seek leave from the Court before asserting a new counterclaim against Impossible Foods, Inc. ("Impossible Foods"). In particular, ILLC was required to establish "good cause" under Rule 16(b)(4) ***and*** that "justice so requires" amendment under Rule 15(a)(2). If the Federal Rules were not clear enough, the Court, in granting Impossible Foods's motion to amend,

expressly instructed ILLC to file a motion to amend should it wish to assert any new counterclaims, citing Rules 16(b)(4) and 15(a)(2). ECF 101 at 9-10. But ILLC disregarded this Court's Order and the Federal Rules by serving an amended pleading asserting a new counterclaim for counterfeiting, without leave of court.

The fact that ILLC disregarded the Court's express Order, and then in opposition to Impossible Foods's motion to strike did not bother to seek leave to amend (even in the alternative), leads to just one conclusion: ILLC knows that it cannot carry its burden of showing "good cause" under Rule 16(b)(4) and that "justice so requires" amendment under Rule 15(a)(2). Knowing that any motion under Rules 16(b)(4) and 15(a)(2) would be unsuccessful, ILLC elected to serve its new counterclaim without leave and rely entirely upon purportedly "persuasive authority" that would allow ILLC to go around the Court and assert new counterclaims as of right.

ILLC was wrong to disregard the Court's Order, and the purportedly "persuasive authority" cited by ILLC does not apply here. Courts permitting new counterclaims "as of right" do so *only* where they (1) directly relate to changes in the amended complaint or (2) could not have been brought before those changes. Neither situation is present here because ILLC admits its new counterclaim has nothing to do with Impossible Foods's amendments, and ILLC was aware of all facts material to the new counterclaims even before this litigation began.

Accordingly, the Court should uphold its September 17 Order and strike ILLC's counterfeiting counterclaim.

## II. <u>ARGUMENT</u>

### A. The Court's September 17 Order Governs ILLC's Amended Counterclaim.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citations omitted). Indeed, in its September 17 Order, the Court considered the exact situation presented here: the possibility that ILLC would wish to amend its counterclaims in response to Impossible Foods's Second Amended Complaint. The Court expressly informed ILLC that, if that is the case, ILLC "must file a motion to amend and include

its proposed pleading in order to seek leave from the Court to amend its counterclaims after the deadline for amending the pleadings. *See* Fed. R. Civ. P. 7(b), 15(a)(2), 16(b)(4); Civ. L.R. 10-1." ECF 101 at 9-10. The Court's Order was not only clear, but it was fully within the Court's authority to require such requests. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice[.]"); *see also Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." (citations omitted)). Yet, ILLC unilaterally amended its counterclaims, without seeking leave, despite this Court's clear order forbidding it.[1]

**B. ILLC Is Not Entitled to "Plead" Its Counterfeiting Counterclaim "Anew."**

ILLC's argument that "persuasive authority" permits ILLC to disregard the Court's Order, the Scheduling Order, and the Federal Rules is flawed and misconstrues the procedural posture of this case. In the few cases where defendants have been permitted to amend their counterclaims as of right in response to an amended complaint, such amendments are only permitted if they (1) directly relate to changes in the amended complaint, or (2) could not have been brought before those changes were made. *See Brady v. Delta Energy & Commc'ns, Inc.*, No. 5:21-cv-01843-FWS-SHK, 2024 WL 4003928, at *1 (C.D. Cal. Apr. 9, 2024) (citations omitted) (holding that defendants were not entitled to assert their proposed counterclaims as a matter of right where the counterclaims "exceed[ed] the scope" of the changes to the amended complaint and "concern[ed] matters present in [the] case prior to the filing of the [amended complaint]"); *Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923 MMC, 2005

[1] ILLC's assertion that it attempted "to avoid the burden of unnecessary motions practice in a straightforward matter, to the benefit of both the parties and the Court" (ECF 115 at 5), strains credulity. A motion expressly requested by the Court is not "unnecessary." Further, ILLC did not attempt to obtain Impossible Foods's consent to file an amended counterclaim—the only way to potentially reduce "the burden" of "motion[] practice" here.

WL 8153035, at *3-4 (N.D. Cal. Oct. 19, 2005) (noting that an answer containing new defenses or counterclaims "may be filed without leave only when the amended complaint changes the theory or scope of the case, *and then*, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint" (citations omitted)) (emphasis added).

Here, ILLC's new counterfeiting counterclaim (1) does not directly relate to Impossible Foods's changes to its Second Amended Complaint, and (2) ILLC was certainly able to assert this allegation prior to the operative complaint.

As to the first exception, ILLC does not assert, nor can it, that its counterfeiting counterclaim directly relates to changes in the Second Amended Complaint. Indeed, Impossible Foods's new allegations involve *edible products*, yet ILLC's new counterfeiting counterclaim pertains to *apparel*, which was at issue prior to Impossible Foods's amendments. *Compare* ECF 107 at 40 *with* ECF 78 *and* ECF 103.

As to the second exception, ILLC essentially admits that it does not apply because ILLC contends that its counterfeiting counterclaim is "born" out of "recent revelations through discovery" pertaining to information in Impossible Foods's May 2024 interrogatory responses. ECF 115 at 2; 107 at 40. ILLC's amended counterclaim also asserts that its own trademark registrations are the bases for its claim rather than solely Impossible Foods's May interrogatory responses. *See* ECF 107 at 40 ¶ 94. Moreover, even the claimed origins of ILLC's amended counterclaims are wrong, because ILLC's *March 2024* Answer and Counterclaims noted that it learned of Impossible Foods's use on apparel *in 2020*. ECF 80 at 13-14. Thus, Impossible Foods's May Interrogatory responses did not add anything material to ILLC's amended counterclaims,[2] and the second exception is therefore inapplicable.

---

[2] Because all facts material to ILLC's new counterfeiting counterclaim were known to ILLC at least *four years ago*, ILLC also could not have carried its burden of showing "good cause" to assert that counterclaim under Rule 16(b)(4). This explains why ILLC disregarded the Court's Order, attempted to amend "as of right," and did not even seek leave to amend in the alternative in

Accordingly, ILLC's amendment does not fall within the two narrow circumstances in which courts have allowed amendment of counterclaims as of right. *See Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *5-6 (N.D. Cal. Sept. 6, 2012) (holding that defendant could not assert its new counterclaims as of right because the counterclaims "presented completely different facts and theories of liability that were not otherwise part of this case, exceed[ing] the breadth of [plaintiff's] alterations"); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV 15-2034 JVS (JCGx), 2020 WL 5239856, at *6 (C.D. Cal. Aug. 3, 2020) (holding that amended counterclaims were not permitted as of right where they "far exceed[ed] the scope of breadth of the changes made in the" amended complaint and were "simply not proportional to the changes" in the amended complaint"), *aff'd*, 2024 WL 472521 (9th Cir. 2024).

Adopting the approach urged by ILLC, where an amended pleading always entitles a defendant to amend its answer as of right, "would drastically undermine district judges' control over the pleading process under Rule 15 and would lose sight of Rule 1's instruction to construe the Rules to secure the just, speedy, and inexpensive resolution of civil actions." *Brady*, 2024 WL 4003928, at *1 (citations omitted) (noting in the context of counterclaims that directly relate to changes in the amended complaint, "courts remain sensitive to equitable considerations and concerns about appropriate docket management"); *see also EEOC v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002) ("If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause.").

---

opposing Impossible Foods's motion to strike. *See Jacobson v. Persolve, LLC*, No. 14-cv-00735-LHK, 2015 WL 2061712, at *4 (N.D. Cal. May 1, 2015) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting the amendment since the inception of the action." (quoting *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013))).

The cases ILLC cites are inapposite. First, several of ILLC's cases make clear that, unlike here, amendment was permissible only because the party could not have included the counterclaims at any point before in the litigation. *See Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970) (allowing counterclaims related to plaintiff's patent and royalties where the amended complaint altered the scope of the litigation to include patent-related allegations); *Spellbound Dev. Grp., Inc. v. Pac. Handy Cutter, Inc.*, No. SACV 09-951 DOC (Anx), 2011 WL 1810961, at *2 (C.D. Cal. May 12, 2011) (finding that defendants "could not have added the counterclaim to an earlier version of the complaint because the [patent] had not been issued at the time of the prior versions of the complaint"); *Blackwater Draw Dairy, LLC v. Lambright*, No. CIV 11-0846 RB/WDS, 2012 WL 13013057, at *1 (D. N.M. Nov. 14, 2012) ("Furthermore, Lambright had no counterclaim against Blackwater, the original [p]laintiff. However, after PLA joined in the action as a [p]laintiff, Lambright properly raised his loan claim against PLA and Bouldin."). Second, in none of ILLC's cited opinions did the court explicitly order the answering party to seek leave to amend. Finally, as referenced in the Motion to Strike (ECF 111 at 4-5), ILLC's reliance on cases addressing a party asserting "counterclaims-in-reply"—rather than the more simplistic procedural scenario at issue here—wholly misses the mark. *See, e.g.*, *Bryant v. Mattel, Inc.*, No. CV 04-9049 DOC (RNBx), 2010 WL 11463865, at *3 (C.D. Cal. Oct. 5, 2010) (finding that counterclaim-in-reply was compulsory). Accordingly, even ILLC's flouting of the Court's Order to add counterclaims that were available prior to Impossible Foods's filing of the Second Amended Complaint without seeking leave to amend is unsupported by its own case law.

## III. CONCLUSION

For the reasons discussed above, and in its memorandum in support of its motion to strike (ECF 111), Impossible Foods respectfully asks the Court to strike ILLC's Fourth Claim for Relief, which purportedly asserts a claim for Counterfeiting Under the Lanham Act, from its Answer to Impossible Foods's Second Amended Complaint and Counterclaims, while also allowing Impossible Foods a reasonable opportunity to respond to ILLC's counterclaims once the Court rules on the present motion.

DATED: November 4, 2024

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/ Jessica W. Truelove*

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Jessica W. Truelove (*pro hac vice*)
Gia Cincone (SBN 141668)

*Attorneys for Plaintiff*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2024, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Jessica W. Truelove*
Jessica W. Truelove