**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff, <br><br> v. <br><br> IMPOSSIBLE LLC, <br><br> Defendant. | Case No. 5:21-cv-02419-BLF <br><br> **ORDER GRANTING MOTION TO STRIKE** <br><br> [Re: ECF No. 111] |

Before the Court is Plaintiff Impossible Foods Inc.'s ("Plaintiff") Motion to Strike Defendant Impossible LLC's Fourth Claim for Relief in its amended counterclaims. ECF No. 111 ("Mot."). Defendants oppose the motion, ECF No. 115 ("Opp."), and Plaintiff filed a reply in support of the motion, ECF No. 116 ("Reply"). The Court finds this motion suitable for disposition without oral argument, and hereby VACATES the hearing set for January 30, 2025. *See* Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Plaintiff's motion.

**I.   BACKGROUND**

Plaintiff is a Delaware corporation with its principal place of business in Redwood City, California. ECF No. 103 ("SAC") ¶ 1. Plaintiff develops and distributes plant-based substitutes for meat products, which are available in grocery stores and restaurants across the United States. *Id.* ¶¶ 16–17. Plaintiff alleges that it holds federally registered trademark rights in "numerous IMPOSSIBLE-formative marks." *Id.* ¶¶ 5, 18.

Defendant Impossible LLC is a Texas limited liability company solely owned and operated by Defendant Joel Runyon. ECF No. 107, Answer ¶¶ 2, 3. Defendants offer various exercise- and fitness-related goods and services, such as fitness blogging and video content, apparel, and energy supplements. *Id.* ¶ 4. Defendants also allege that they hold an IMPOSSIBLE mark. ECF No.

107, Counterclaim ¶ 3.

On April 2, 2021, Plaintiff filed a Complaint for Declaratory Relief against Defendant Impossible LLC, alleging that Defendant had accused Plaintiff of "encroachment into spaces either occupied by or closely related to goods and services offered" by Defendant a way that "increases the likelihood of confusion." ECF No. 1 ¶ 20. Following Plaintiff's successful appeal of this Court's grant of Defendant's motion to dismiss for lack of personal jurisdiction, *see* ECF No. 55, Plaintiff filed an Amended Complaint on February 16, 2024, again alleging one claim for declaratory relief regarding the Parties' trademark dispute, ECF No. 78.

On March 8, 2024, Defendant filed its Answer to the Amended Complaint and asserted Counterclaims for (1) trademark infringement, (2) unfair competition, and (3) false association under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; (4) denial of trademark registration; (5) trademark infringement under California common law; and (6) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* ECF No. 80. Defendant amended its Counterclaims on April 4, 2024, ECF No. 83, and Plaintiff filed an Answer to the Counterclaims on April 18, 2024, ECF No. 85.

Plaintiff then moved to amend its Amended Complaint. On September 17, 2024, upon this Court's grant of Plaintiff's motion, Plaintiff filed a Second Amended Complaint. ECF No. 103. The Second Amended Complaint asserts four claims against Defendants Impossible LLC and Joel Runyan: (1) declaratory relief, *id.* ¶¶ 41–47; (2) federal trademark infringement, *id.* ¶¶ 48–53; (3) federal unfair competition, *id.* ¶¶ 54–59; and (4) California common law unfair competition, *id.* ¶¶ 60–65. Defendants answered the Second Amended Complaint on October 1, 2024. ECF No. 107. Defendant Impossible LLC asserted seven counterclaims: (1) federal trademark infringement under the Lanham Act, ECF No. 107, Counterclaim ¶¶ 62–72; (2) unfair competition under the Lanham Act, *id.* ¶¶ 73–78; (3) false association under the Lanham Act, *id.* ¶¶ 79–84; (4) counterfeiting under the Lanham Act, *id.* ¶¶ 85–99; (5) denial of trademark registration, *id.* ¶¶ 100–103; (6) trademark infringement under California common law, *id.* ¶¶ 104–106; and (7) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, *id.* ¶¶ 107–114. Thereafter, Plaintiff filed the present motion to strike

Defendant Impossible LLC's fourth counterclaim.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## III.   DISCUSSION

Plaintiff argues that the Court should strike the fourth claim for relief in Defendant's Amended Counterclaims alleging trademark counterfeiting, because Defendant failed to seek modification of the scheduling order or leave of court for the addition under Federal Rules of Civil Procedure 15 and 16.  Mot. at 4–5.  In response, Defendants argue that they are "entitled to raise new claims in response" to an amended pleading.  Opp. at 2–3 (citing *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970)).  While acknowledging that "[s]ome courts have found that pleading new counterclaims in response to an amendment is only appropriate if the amendment changed the theory or scope of the case," Defendants argue that Plaintiff's Second Amended Complaint "shifted the posture of the case . . . by asserting affirmative claims of infringement of its own trademarks, stemming from its full catalog of products and services, and adding Impossible LLC's member as a defendant in his personal capacity."  Opp. at 4.

"The Federal Rules of Civil Procedure and Ninth Circuit precedent do not directly address whether a defendant may, as a matter of right, assert new counterclaims in response to an amended complaint, or whether the defendant must first seek leave of court."  *Neuropathy Sols., Inc. v. Massachusetts Bay Ins. Co.*, No. SA CV 22-01263, 2022 WL 6589002, at *5 (C.D. Cal. Sept. 7, 2022), *appeal dismissed*, No. 22-55928, 2023 WL 6868959 (9th Cir. May 24, 2023).  District courts generally follow one of three approaches in reviewing new counterclaims asserted in response to an amended complaint.  Under the permissive approach, "a defendant served with an amended complaint may amend its answer as of right without being limited by the scope of the

3

changes made in the amended complaint." *City of W. Sacramento v. R & L Bus. Mgmt.*, No. 2:18-CV-900, 2019 WL 2249630, at *1 (E.D. Cal. May 23, 2019) (citing *Coppola v. Smith*, No. 1:11-CV-1257, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015)). Under the moderate approach, "newly alleged counterclaims are allowed as of right only to the extent they directly relate to changes in the amended complaint." *Parra, Tr. of Laura E. Parra Revocable Tr. Dated Sept. 9, 1994 v. Parra*, No. 20-CV-839, 2021 WL 2038323, at *6 (S.D. Cal. May 20, 2021). And under the narrow approach, "an amended answer must be confined to the amendments to the complaint." *Brady v. Delta Energy & Commc'ns, Inc.*, No. 5:21-CV-01843, 2024 WL 4003928, at *1 (C.D. Cal. Apr. 9, 2024).

Defendants' argument initially invokes the permissive approach. *See* Opp. at 2–3. However, courts in the Northern District of California have "rejected a more 'permissive approach' because it 'would allow the pleadings to be re-opened repeatedly and without limitation, even in response to the most mundane of amendments of complaints.'" *Neo4j, Inc. v. PureThink, LLC*, No. 5:18-CV-07182, 2021 WL 810260, at *2 (N.D. Cal. Mar. 3, 2021) (citing *Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012)). Instead, most district courts in the Ninth Circuit follow the moderate approach. *See Crosby Est. at Rancho Santa Fe Master Ass'n v. Ironshore Specialty Ins. Co.*, No. 19-CV-2369, 2021 WL 12104541, at *2 (S.D. Cal. July 29, 2021) ("This Court follows the majority of district courts in the Ninth Circuit, which require a party to seek leave of court to add a new counterclaim in response to an amended complaint, unless the new counterclaim directly relates to changes in the amended complaint."); *Parra*, 2021 WL 2038323, at *6 ("[M]ost district courts within the Ninth Circuit apply the moderate approach, under which newly alleged counterclaims are allowed as of right only to the extent they directly relate to changes in the amended complaint." (internal quotations omitted)). This Court follows suit, and therefore considers whether Impossible LLC's fourth counterclaim "directly relates" to Plaintiff's amendments in the Second Amended Complaint.

The Court finds that the substance of the new trademark counterfeiting counterclaim does not "directly relate" to the revisions in the Second Amended Complaint. First, as Plaintiff argues,

4

each of its new claims in the Second Amended Complaint pertains specifically to "use . . . of Plaintiff's Marks in connection with *edible products*." SAC ¶¶ 50, 56, 62. Defendants' new counterfeiting counterclaim, on the other hand, is about "apparel products." ECF No. 107, Counterclaim ¶¶ 85–99. Contrary to Defendants' argument, then, it is *Defendant Impossible LLC*, not Plaintiff, that seek to expand the "catalog of products and services" covered by the dispute. *See* Opp. at 4. This fact casts doubt upon the idea that Impossible LLC's new counterclaim "directly relates" to Plaintiff's amendments.

Second, by Defendants' own admission, the new counterclaim was prompted not by the Second Amended Complaint, but by certain information learned during discovery. *See* ECF No. 107, Counterclaim ¶ 86; Opp. at 2. While this provenance may provide an argument relevant to a motion for relief under Federal Rules of Civil Procedure 15 and 16, it does nothing to support the suggestion that Impossible LLC's fourth counterclaim "directly relates" to Plaintiff's changes in the Second Amended Complaint.

Third, the Court is unpersuaded by Defendants' apparent suggestion that assertion for the first time of affirmative infringement claims—in contrast to a previously asserted declaratory relief claim—is such a significant change that it opens the door to any counterclaim. *See* Opp. at 4 ("Plaintiff's [SAC] completely shifted the posture of the case and drew in significantly broader factual questions, by asserting *affirmative* claims of infringement . . ." (emphasis in original)). Defendants do not offer any authority in support of this proposition, and, contrary to Defendants' suggestion otherwise, Plaintiff's affirmative claims of infringement appear to be predicated largely upon the same factual issues animating its claim for declaratory relief. Without an accompanying change in the underlying theory or relevant facts, assertion of an affirmative infringement claim, on its own, does not render a new counterclaim about an entirely different product line "directly relate[d]" to those amendments.

The only remaining issue, then, is whether Plaintiff's addition of Runyon in his personal capacity is sufficient to justify assertion of the fourth counterclaim. The Court concludes that it is not. For one, it appears that Impossible LLC's and Runyon's rights and interests generally overlap in this trademark dispute. More importantly, however, the counterclaims are asserted by

5

*Impossible LLC only*. *See generally* ECF No. 107, Counterclaim. Runyon is not a counterclaim plaintiff. Thus, while Defendants' pleading in response to the Second Amended Complaint may have been Runyon's first opportunity to assert any counterclaims against Impossible Foods, Runyon did not do so. Meanwhile, Impossible LLC could have asserted the counterfeiting cause of action at an earlier stage in the litigation. The mere addition of Runyon in his personal capacity does not change the underlying facts or theories of the case in such a way as to grant Impossible LLC a do-over as of right in setting out its counterclaims.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to strike Defendant Impossible LLC's Fourth Claim for Relief in its amended counterclaims is GRANTED. The counterclaim for counterfeiting under the Lanham Act is hereby STRICKEN. Defendants shall refile the answer and counterclaims without the counterfeiting counterclaim within 21 days of this Order. Defendant Impossible LLC may, if it chooses, file a motion seeking modification of the scheduling order and leave of court to re-assert the counterfeiting counterclaim under Federal Rules of Civil Procedure 15 and 16.

**IT IS SO ORDERED.**

Dated: December 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge

6