GIA CINCONE (SBN 141668)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center
Suite 1900
San Francisco, California 94111
Telephone: (415) 273-7546
Facsimile: (415) 723-7173
gcincone@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
JESSICA W. TRUELOVE (*pro hac vice*)
1100 Peachtree Street NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation, | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff/Counter-Defendant, | **PLAINTIFF IMPOSSIBLE FOODS INC.'S RESPONSE IN SUPPORT OF SEALING A PORTION OF THE PARTIES' JOINT STATEMENT REGARDING PLAINTIFF'S DISCOVERY RESPONSES** |
| v. | |
| IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON, | Judge: Hon. Susan van Keulen |
| Defendants/Counter-Plaintiffs. | |

Pursuant to Civil Local Rule 79-5(f)(4) and 79-5(c), Plaintiff/Counter-Defendant

Impossible Foods Inc. ("Impossible Foods") provides the following response in support of keeping

under seal page three, lines 22 and 26-28 of the parties' Joint Statement Regarding Plaintiff's

Discovery Responses. Dkt. No. 118-1.[1]

---

[1] A redacted version of the Joint Statement was filed at Dkt. No. 119. The unredacted version of
the Joint Statement was provisionally filed under seal at Dkt. No. 118-1.

1    **I.      Legal Standard**

2            In the context of a request to seal court records, "while protecting the public's interest in

3    access to the courts, we must remain mindful of the parties' right to access those same courts upon

4    terms which will not unduly harm their competitive interest." *Jones v. PGA Tour, Inc.*, No. 22-cv-

5    04486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (quoting *Apple Inc. v. Samsung

6    Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013)).

7            Impossible Foods need only show "good cause" exists for the information to remain under

8    seal as "the information . . . was submitted to the Court in connection with discovery-related

9    motions, rather than a motion that concerns the merits of the case." *Calhoun v. Google LLC*, No.

10   20-cv-05146-YGR (SVK), 2022 WL 3348583, at *1 (applying the "good cause" standard to

11   administrative motions to file under seal materials associated with discovery disputes); *Brown v.

12   Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022)

13   (same). The "good cause" standard requires a "particularized showing," *Kamakana v. City & Cnty.

14   of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), that "specific prejudice or harm will result" if

15   the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

16   1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

17   **II.     Discussion**

18           On January 6, 2025, Defendant/Counter-Plaintiff Impossible LLC ("ILLC") filed an

19   Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("ILLC's

20   Motion"). Dkt. No. 118. The subject of ILLC's Motion is a portion of the parties' Joint Statement

21   Regarding Plaintiff's Discovery Responses (Dkt. No. 118-1), which contains information

22   designated confidential under the operative Protective Order (Dkt. No. 87) by a third-party

23   subpoena recipient. The third-party subpoena recipient was served with ILLC's Motion but did not

24   file a supporting statement and/or declaration as required by Civ. L.R. 79-5(f)(3). On January 14,

25   the Court issued an Order resolving the parties' Joint Statement (Dkt. No. 119) and denying

26   ILLC's Motion. Dkt. No. 123. Impossible Foods respectfully submits this response, pursuant to

27   Civ. L.R. 79-5(f)(4), requesting that the Court keep page three, lines 22 and 26-28 of the parties'

28   Joint Statement under seal.

Good cause exists to keep portions of the information in the Joint Statement under seal as the information includes contents of negotiations between Impossible Foods and a third party regarding a trademark enforcement dispute, including an agreement between Impossible Foods and the third party resolving the trademark enforcement dispute. Disclosure of this information would result in significant harm to Impossible Foods's competitive position in the market, including, *inter alia*, by exposing valuable insights into Impossible Foods's trademark enforcement strategies and how Impossible Foods has structured intellectual property agreements. A competitor could seek to exploit that information by modifying its own business and intellectual property strategies and prejudicing Impossible Foods's ability to enforce the strength of its trademarks. *See, e.g.*, *Sazerac Co. v. Fetzer Vineyards, Inc.*, 265 F. Supp. 3d 1013, 1038 n.4 (N.D. Cal. 2017) (finding compelling reasons to seal "highly sensitive information about [plaintiff's] marketing strategy, target consumers, *trademark enforcement strategy*, the manner in which [plaintiff] fields and reviews consumer inquiries, and confidential settlement agreements," noting that the information "could damage [plaintiff's] business and competitive position in the market if it became public") (emphasis added), *aff'd*, 786 F. App'x 662 (9th Cir. 2019); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons to seal "information regarding the parties' marketing and competitive strategy, financial information, product development, and *confidential trademark enforcement actions*") (emphasis added); *Grundig Multimedia AG v. Etón Corp.*, No. 20-cv-05206-NC, 2021 WL 411237, at *6 (N.D. Cal. Feb. 5, 2021) (finding compelling reasons to seal a trademark license and distribution agreement that revealed sensitive business information about plaintiff's licensing strategy and how plaintiff structured its business and intellectual property agreements, agreeing with plaintiff that if the information became public, competitors would have "an opportunity to modify their own business and intellectual property strategies," which could "significantly harm [plaintiff's] competitive standing"); *San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865 AJB (JMA), 2017 WL 3732081, at *2-3 (S.D. Cal. Aug. 30, 2017) (finding compelling reasons to seal exhibits that "express[] in detail [p]laintiff's *efforts to enforce its trademark* over the past several years, and contain[] confidential litigation and settlement

strategies," as well as documents that "consist of confidential agreements and correspondence regarding infringement claims and potential settlement discussions") (emphasis added); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (finding, in a trademark action, it proper to seal information related to plaintiff's *enforcement policies* and investigation information" because it pertains to "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (emphasis added) (citation omitted).

Impossible Foods proposes a narrowly tailored, less restrictive request to seal only the information that would cause harm to Impossible Foods should the information become public. The below table summarizes Impossible Foods's requested sealing and reasons for sealing. Additionally, for the Court's convenience, Impossible Foods concurrently files **Exhibit 1** with this response depicting Impossible Foods's proposed, more narrowly tailored sealing request of the Joint Statement. Impossible Foods has also provided a revised proposed order for the Court's consideration.

| Document | Text to be Sealed | Reasons for Sealing |
|---|---|---|
| Joint Statement Regarding Plaintiff's Discovery Responses | p. 3, ll. 22, 26–28 | The information requested to be sealed contains Impossible Foods's confidential trademark enforcement strategies and negotiations. Public disclosure of such confidential information could significantly harm Impossible Foods's competitive standing by prejudicing Impossible Foods's ability to enforce its trademarks in the future, as competitors may alter their business and intellectual property strategies accordingly for competitive gain. |

For the foregoing reasons, Impossible Foods respectfully requests that the Court keep under seal the portion of the provisionally sealed Joint Statement identified in the above table.

1    DATED:  January 14, 2025          By:   */s/ Jessica W. Truelove*
2                                            R. Charles Henn Jr. (*pro hac vice*)
                                             H. Forrest Flemming, III (*pro hac vice*)
3                                            Jessica W. Truelove (*pro hac vice*)
                                             KILPATRICK TOWNSEND & STOCKTON
4                                            1100 Peachtree Street NE, Suite 2800
                                             Atlanta, Georgia 30309
5                                            Telephone: (404) 815-6572
                                             Facsimile: (404) 541-3240
6                                            Email: chenn@ktslaw.com
                                                     fflemming@ktslaw.com
7                                                    jtruelove@ktslaw.com

8                                            Gia Cincone (SBN 141668)
                                             Two Embarcadero Center, Suite 1900
9                                            San Francisco, California 94111
                                             Telephone: (415) 273-7546
10                                           Facsimile: (415) 723-7173
                                             Email: gcincone@ktslaw.com
11
                                             *Attorneys for Plaintiff/Counter-Defendant*
12                                           IMPOSSIBLE FOODS INC.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Jessica W. Truelove*
Jessica W. Truelove