GIA CINCONE (SBN 141668)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center
Suite 1900
San Francisco, California 94111
Telephone: (415) 273-7546
Facsimile: (415) 723-7173
gcincone@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
JESSICA W. TRUELOVE (*pro hac vice*)
1100 Peachtree Street NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S RESPONSE IN OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF IMPOSSIBLE LLC'S MOTION TO AMEND CASE SCHEDULE AND COUNTERCLAIMS**<br><br>Judge: Hon. Beth Labson Freeman<br>Date: April 3, 2025<br>Time: 9:00 a.m. |

## INTRODUCTION

Since 2020, ILLC has known of the "fact" that is the sole base of its proposed counterfeiting counterclaim. Now, more than four years later, after multiple chances to include this counterfeiting counterclaim, ILLC seeks to modify the Court's scheduling order to amend its pleading. As the Court noted in a recent order, "Impossible LLC could have asserted the counterfeiting cause of action at an earlier stage in the litigation." Dkt. 117 at 6. Because ILLC

was not diligent in asserting its proposed counterclaim, ILLC cannot meet the threshold requirement of demonstrating "good cause" to modify the scheduling order, and ILLC's Motion must be denied under Federal Rule of Civil Procedure 16(b)(4). And even if ILLC could demonstrate good cause for the modification, its Motion should nonetheless be denied because ILLC's proposed amendment is futile, and amendment would prejudice Impossible Foods.

**BACKGROUND**

Almost four years ago, Plaintiff Impossible Foods Inc. ("Impossible Foods") filed a Complaint for Declaratory Relief against Defendant Impossible LLC ("ILLC"). Dkt. 1. After years of litigating jurisdictional issues, on March 8, 2024, ILLC filed its Answer and asserted Counterclaims for federal trademark infringement, federal unfair competition, federal false association, denial of trademark registration, trademark infringement under California common law, and unfair competition under California's Unfair Competition Law. Dkt. 80. In ILLC's Answer and Counterclaims, ILLC noted that it learned of Impossible Foods's use of its IMPOSSIBLE-formative mark with apparel in 2020. *Id.* at 13 ¶ 5. Despite knowing of Impossible Foods's use since 2020, ILLC chose not to assert a counterfeiting counterclaim. Dkt. 80.

The Court set March 25, 2024 as the deadline to amend pleadings. Dkt. 70. On April 4, 2024, ILLC amended its Counterclaims and again chose not to assert a counterfeiting counterclaim. *See* Dkt. 83. Beginning in March 2024, the parties exchanged initial written discovery. Declaration of Jessica W. Truelove ¶¶ 2-3. In Impossible Foods's May 13, 2024 responses to ILLC's First Set of Interrogatories, Impossible Foods stated that it "first learned" of ILLC on October 9, 2013, when it received a trademark search report. *Id.* ¶ 4, Ex. 1 at 12-13.

In the Court's September 17 Order granting Impossible Foods leave to file an amended complaint (the "Sept. 17, 2024 Order"), the Court stated that should ILLC wish to amend its counterclaims, it "must file a motion to amend." Dkt. 101 at 9-10.

On October 1, 2024, ILLC filed its Answer and Counterclaims to Impossible Foods's Second Amended Complaint, Dkt. 107, and included a new counterfeiting counterclaim, *id.* ¶¶ 85-99. On October 14, Impossible Foods moved to strike ILLC's counterfeiting counterclaim as improperly asserted. Dkt. 111. On December 18, the Court granted Impossible Foods's motion and

struck ILLC's counterfeiting counterclaim. Dkt. 117 at 6. The Court stated, "Impossible LLC could have asserted the counterfeiting cause of action at an earlier stage in the litigation." *Id.* On the deadline to file ILLC's Answer and Counterclaims without the counterfeiting counterclaim, ILLC filed this Motion for Leave to Amend its Counterclaims ("ILLC's Motion"). Dkt. 121.[1]

## LEGAL STANDARD

*First*, ILLC must show that "good cause" exists to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4), as the Court's deadline to amend pleadings has passed. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). The "central inquiry" under this rule is whether ILLC was diligent in seeking its amendment. *Id.* If the party seeking amendment "was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

*Second*, even if ILLC can demonstrate "good cause" to modify the scheduling order, the Court must decide whether ILLC's amendment is proper under Federal Rule of Civil Procedure 15. *See id.* at 608. Under Rule 15, leave to amend is not granted automatically. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citations omitted). Any showing of the *Foman* factors—prejudice to the opposing party, futility of amendment, undue delay, repeated failures to cure deficiencies by amendment, and bad faith—can militate against granting leave to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The consideration of prejudice to the opposing party carries the greatest weight. *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2009 WL 3710696, at *1 (N.D. Cal. Nov. 4, 2009). However, a "strong showing" with respect to factors other than prejudice may warrant denial of leave to amend. Dkt. 101. at 3.

Here, ILLC has not demonstrated "good cause" exists to modify the scheduling order, and the *Foman* factors weigh against permitting the amendment.

---

[1] ILLC did not file a proposed pleading with its Motion in violation of Civ. L.R. 10-1.

## ARGUMENT

### I. ILLC Fails to Carry Its Burden Under Rule 16(b)(4)

ILLC's fails to carry its burden of showing "good cause" under Rule 16(b)(4) because ILLC fails to show that it was "diligent" in seeking leave to amend. The Court has already observed that "Impossible LLC could have asserted the counterfeiting cause of action at an earlier stage in the litigation." Dkt. 117 at 6. ILLC's failure to do so means the inquiry "should end," and ILLC's Motion should be denied. *See Johnson*, 975 F.2d at 609.

ILLC attempts to show diligence by arguing that its proposed counterclaim "arises from facts that only came to light (and could only have come to light) through discovery." Dkt. 121 at 6-8. In particular, ILLC's showing of diligence turns on the issue of Impossible Foods's *knowledge*: i.e., ILLC contends that it only recently learned of the "fact" that Impossible Foods had "actual knowledge of Defendant's use and registration of the IMPOSSIBLE mark for apparel goods *years* before" Impossible Foods adopted its IMPOSSIBLE-formative marks. *Id.* at 6. ILLC's "knowledge" argument fails, for at least three reasons.

*First*, "knowledge" is not an element of a federal trademark counterfeiting claim. "No specific intent is required to prove that an accused mark qualifies as a 'counterfeit.'" 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 25:15 (5th ed. 2024) (citation omitted). Rather, "recovery of *mandatory treble damages and attorney fees* requires proof that defendant . . . knew that the mark was a counterfeit." *Id.* (emphasis added); *Gianni Versace SPA v. Awada*, No. CV 03-3254 GPS(RNBx), 2008 WL 11339656, at *2 (C.D. Cal. Mar. 25, 2008) ("[K]nowledge that an item is a counterfeit is not required" to establish liability). At most, Impossible Foods's "knowledge" may be relevant to the availability of certain *remedies*—e.g., treble damages under 15 U.S.C. § 1117(b)(1) and enhanced statutory damages under 15 U.S.C. § 1117(c)(2). But knowledge is not required to establish civil liability for counterfeiting, only for *criminal* liability. *See United States v. Liu*, 731 F.3d 982, 993 (9th Cir. 2013).

ILLC contends that one of the "facts necessary to plead a claim of counterfeiting" is that the defendant acted "with knowledge that the mark was counterfeit." Dkt. 121 at 6-7 (citing *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005)).

ILLC is wrong, as is its reading of *State of Idaho Potato*. That court's discussion of knowledge is tied not to liability, but to the availability of treble damages under 15 U.S.C. § 1117(b). Indeed, the four "factors" identified in *State of Idaho Potato* merely recite § 1117(b). But even if a plaintiff cannot show that counterfeiting is knowing or willful, the plaintiff can still recover statutory damages under § 1117(c)(1), among many other remedies. Indeed, the Ninth Circuit has clarified that recovery under § 1117(c)(1) does not require a showing of "an intentional, knowing use of a counterfeit mark." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011).

The Ninth Circuit has further held that "a counterfeit claim is merely 'the "hard core" or first degree[] of trademark infringement,' and there is nothing in the statutory language of Section 1114 that suggests that a counterfeit claim should be construed differently from an infringement claim." *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1079 (9th Cir. 2020) (citations omitted). The only additional showing that must be made is that the defendant's mark qualifies as a "counterfeit mark." But the Lanham Act expressly provides that a mark can qualify as a "counterfeit mark" "whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B); *see also* § 1117(b) (providing that "counterfeit mark" is "defined in section 1116(d) of this title"). Thus, Impossible Foods's knowledge is not relevant to the viability of ILLC's proposed counterclaim and therefore is not relevant to the question of diligence.

*Second*, ILLC was aware of Impossible Foods's purported "knowledge" at least as early as March 2024, when it alleged: "Notwithstanding . . . Impossible Foods' knowledge of [ILLC's] senior trademark rights, Impossible Foods has sought to expand into other products . . . includ[ing] apparel products." Dkt. 80 at 23 ¶ 48. ILLC therefore pled the exact "fact" purportedly justifying amendment here—i.e., Impossible Foods's knowledge of ILLC's trademark rights when "expand[ing]" into "apparel products"—nine months ago. *Id.*; *see also id.* at 26 ¶ 52 (alleging that "Impossible Foods had actual notice of [ILLC] and its trademarks"); *id.* at 29 ¶¶ 76, 78 ("The foregoing actions of Impossible Foods," including use of IMPOSSIBLE with "apparel products," "have been knowing, deliberate, willful, and in utter disregard of [ILLC's] rights."); *id.* at 30

¶¶ 84, 86 (incorporating prior allegations and alleging that "Impossible Foods' willful conduct was and is committed knowingly and willfully").

Having made numerous allegations in March 2024 regarding Impossible Foods's prior knowledge of ILLC's trademark rights and its "knowing" infringement, including specifically with regard to apparel, ILLC cannot credibly contend that its purported discovery of Impossible Foods's knowledge in May 2024 justifies modifying the scheduling order to permit amendment. *See Jacobson v. Persolve*, *LLC*, No. 14-cv-00735-LHK, 2015 WL 2061712, at *4 (N.D. Cal. May 1, 2015) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting the amendment since the inception of the action."); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (affirming denial of leave to amend where "two documents containing two of the statements" forming the basis for the proposed amendment were known to the moving party "from the beginning of the litigation, as evidenced by his [pleading]"), *overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017); *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 737 (affirming finding of no diligence where plaintiffs had known for two years that their antitrust claims may be viable).

*Third*, even if the Court believes ILLC that it did not learn of Impossible Foods's prior knowledge until May 13, 2024, ILLC was not diligent in seeking amendment nearly eight months later. *Jacobson*, 2015 WL 2061712, at *3 (finding no diligence where plaintiff was aware of legal theories more than five months prior to filing motion for leave to amend).

Because ILLC was not diligent, the Rule 16 inquiry ends, and ILLC's Motion should be denied. *Johnson*, 975 F.2d at 609. But as further support for denying ILLC's Motion, Impossible Foods will be prejudiced by the proposed amendment because it will expand the scope of the litigation, likely require additional discovery, and require Impossible Foods to expend additional costs and resources defending against a belated and futile claim. *See Zeiger v. WellPet LLC*, No. 3:17-cv-04056-WHO, 2020 WL 9160842, at *2 (N.D. Cal. Jan. 22, 2020) (after finding lack of diligence under Rule 16(b), noting that untimely amendment would prejudice defendant because the "new" allegations would "likely require additional fact discovery, cause greater expense, and

push back [the] case's already-slow progress"); *see also* Section II(B), *infra*.

**II. ILLC's Proposed Amendment Is Improper Under Rule 15**

Even if ILLC could demonstrate "good cause" under Rule 16, the Court should deny ILLC's Motion because at least four *Foman* factors weigh against amendment. *First*, ILLC's proposed counterclaim is "futile" because it would not survive a motion to dismiss. *Second*, Impossible Foods will be prejudiced by ILLC's proposed amendment because it will delay proceedings by requiring additional discovery and subjecting Impossible Foods to the burden and additional expense of defending against new and futile allegations. *Third*, ILLC unduly delayed in seeking amendment. *Fourth*, ILLC has previously sought, and failed, to "amend" its counterclaims to include its proposed counterclaim.

**A. ILLC's Amendment Is Futile**

ILLC's amendment is futile because ILLC's proposed counterclaim would not survive a motion to dismiss. *See Allen*, 911 F.2d at 374 (denying leave to amend and finding that amendment would likely prove futile); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (affirming denial of leave to amend due to futility of amendment).

"[C]ourts have uniformly applied" the Lanham Act's counterfeiting provision "to products that are stitch-for-stich copies of those of another brand." *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 DDP (SSx), 2016 WL 7479317, at *6 (C.D. Cal. Dec. 29, 2016) (citation omitted). Counterfeiting is the "hard core" or "first degree" of trademark infringement. *Arcona*, 976 F.3d at 1079 (citation omitted). It is reserved for the *extreme cases* where the defendant "seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation,'" *Gibson Brands*, 2016 WL 7479317, at *5 (citation omitted), such as when a defendant is using a counterfeit Louis Vuitton trademark on a handbag with the obvious intent to confuse consumers, see *Arcona*, 976 F.3d at 1079.

Given obvious visual distinctions, ILLC cannot reasonably contend—and certainly will not be able to prove to a jury—that Impossible Foods's mark, *see* Dkt. 107 at 31 ¶ 39, is "identical with, or *substantially indistinguishable* from" ILLC's stylized IMPOSSIBLE-formative mark with the word IMPOSSIBLE struck-through (U.S. Reg. No. 4,260,617). 15 U.S.C. § 1116(d)(1)(B)(ii)

(emphasis added). Put simply, this is not a counterfeiting case. Because "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient [counterfeiting] claim," *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted), ILLC's amendment is futile and leave to amend should be denied.

**B. Impossible Foods Will Be Prejudiced**

Courts find prejudice where an amendment would cause "substantial delay in the proceedings," *Harris*, 2009 WL 3710696, at *2 (citing *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)), or where the proposed amendment would put a party "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery," *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citation omitted); *see also Kaplan*, 49 F.3d at 1370 ("Expense, delay, and wear and tear on individuals and companies count toward prejudice.").

ILLC states "it is worth noting" that there will be no prejudice to Impossible Foods. *See* Dkt. 121 at 9.[2] Not so. Permitting the proposed amendment will prejudice Impossible Foods because it will delay proceedings by requiring additional discovery and subject Impossible Foods to the burden and expense of defending against new and futile allegations. Specifically, use of a counterfeit mark opens the door to statutory damages. *See* 15 U.S.C. § 1117(c). Indeed, ILLC's proposed amendment adds statutory damages as a new request for relief. *Compare* Dkt. 120 at 42-43, *with* Dkt. 107 at 44.

In determining whether to award statutory damages, courts consider unique factors, including expenses saved by the defendant, revenues lost by the plaintiff, the "deterrent effect" on others besides the defendant, whether the defendant has cooperated in providing "particular records from which to assess the value of the infringing material produced," and the potential for discouraging the defendant. *See Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *6 (N.D. Cal. Apr. 19, 2011). These factors warrant additional fact discovery and

---

[2] ILLC baldly asserts that *Impossible Foods* has "ample opportunity" to seek additional discovery but ILLC is conveniently silent on whether *it* will seek additional discovery. Dkt. 121 at 9.

may require expert discovery, evidence which ultimately must be prepared for trial. *See, e.g.*, *id.* (declining to reach any conclusion about lost revenues without an evidentiary showing); *Chanel, Inc. v. US880*, No. C 10-02601 PJH (JSC), 2011 WL 13244270, at *13 (N.D. Cal. July 5, 2011) (explaining that without "specific evidence" of defendant's savings and profits or plaintiff's loss of revenue, those factors were not probative to the statutory damages calculation), *report and recommendation adopted*, 2011 WL 13243838 (N.D. Cal. July 18, 2011).

Thus, ILLC's proposed amendment will prejudice Impossible Foods by imposing the burden, expense, and delay necessarily associated with a new damages theory that requires unique evidentiary showings. *See, e.g.*, *Jackson*, 902 F.2d at 1387-88 (finding prejudice where proposed amendment "advance[d] different legal theories," "require[ed] proof of different facts," and could lead to additional discovery, "putting the defendants through the time and expense of continued litigation on a new theory") (citations omitted); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to amend because it added causes of action that would have required additional discovery, caused prejudice to defendant, and delayed the proceedings); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of leave to amend where plaintiffs introduced new legal theory well into the litigation that would have "altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"); *Harris*, 2009 WL 3710696, at *2 (finding prejudice where amendment would "greatly expand the scope" of discovery, further delay proceedings, and "derail the [c]ourt's scheduling order"); *Welgus v. TriNet Grp., Inc.*, No. 15-cv-03625-BLF, 2017 WL 6466264, at *33 (N.D. Cal. Dec. 18, 2017) (finding that requiring defendants to continue to defend against plaintiff's claims when plaintiff had not shown that he could successfully plead his claims constituted undue prejudice), *aff'd*, 765 F. App'x 239 (9th Cir. 2019).

**C. ILLC Unduly Delayed in Seeking Leave to Amend**

ILLC's undue delay warrants denying leave to amend. *Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-cv-03953-BLF, 2015 WL 4198797, at *1-2 (N.D. Cal. July 10, 2015) (finding "significant" undue delay weighed against leave to amend where seeking party

failed to bring claim for over two years). When evaluating undue delay under Rule 15(a), courts consider whether "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951, 953 (9th Cir. 2006); *see Zeiger*, 2020 WL 9160842, at *2; *Harris*, 2009 WL 3710696 (noting "that the failure to demonstrate due diligence in including facts in an earlier pleading" is a factor that counsels in favor of denying a Rule 15 motion to amend).

As discussed above, ILLC has significantly delayed in seeking amendment. *See* Section I, *supra*. Thus, this *Foman* factor weighs against amendment.

**D. ILLC Previously Tried—And Failed—To "Amend"**

The court's discretion to deny ILLC's Motion is "especially broad" here, given that ILLC has already had an opportunity to amend its pleading. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989); *see also Droesch v. Wells Fargo Bank, N.A.*, No. 20-cv-06751-JSC, 2022 WL 1659118, at *1 (N.D. Cal. May 25, 2022).

In the Court's Sept. 17, 2024 Order, the Court specifically noted that should ILLC wish to amend its counterclaims, it "must file a motion to amend." Dkt. 101 at 9-10. Ignoring the Court's clear directive, *id.*, Rules of Civil Procedure, and the Local Rules, ILLC covertly included a counterfeiting counterclaim into its Answer and Counterclaims to Impossible Foods's Second Amended Complaint (Dkt. 107), explicitly disregarding the Court's admonition that amendment without leave is not permitted (Dkt. 101 at 9-10). Thus, this *Foman* factor favors denying ILLC's Motion. *See Welgus*, 2017 WL 6466264, at *33.

## CONCLUSION

For the reasons above, ILLC's Motion should be denied.

DATED: January 22, 2025

By: */s/ Jessica W. Truelove*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Jessica W. Truelove (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
Email: chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Gia Cincone (SBN 141668)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 273-7546
Facsimile: (415) 723-7173
Email: gcincone@ktslaw.com

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Jessica W. Truelove*
Jessica W. Truelove