J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Faith Barksdale, Esq. (*pro hac vice* forthcoming)
  barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

David E. Weslow (admitted *pro hac vice*)
Adrienne J. Kosak (admitted *pro hac vice*)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
dweslow@wiley.law
akosak@wiley.law

*Attorneys for Defendants / Counter-Plaintiffs*
*IMPOSSIBLE LLC and JOEL RUNYON*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> IMPOSSIBLE LLC and JOEL RUNYON, <br><br> Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> **DEFENDANT / COUNTER-PLAINTIFF IMPOSSIBLE LLC'S REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE AND COUNTERCLAIMS** <br><br> Judge: Hon. Beth Labson Freeman |

Counter-Plaintiff Impossible LLC ("Impossible") moved to amend its pleadings to add a counterfeiting claim (*see* Dkt. No. 121) after receiving evidence in discovery from Counter-Defendant Impossible Foods, Inc. ("IFI") that it knew about and copied Impossible's federally registered IMPOSSIBLE® brand. In Opposition, IFI does not dispute that its recent discovery responses confirmed what it had previously only denied or omitted: that years prior to adopting Impossible's brand name and identity for itself, IFI had actual knowledge of Impossible's branding, commercial use, and trademark protection for IMPOSSIBLE® related goods and apparel.

Under the Court's already-explicated liberal amendment doctrine, such an explanation of good cause is more than enough to meet Impossible's burden under Rules 15 and 16(b)(4). (*See* Dkt. No. 101 at 3 (Order Granting Motion to Amend Complaint and Scheduling Order in Part) ("'The court should freely grant leave [to amend pleadings] when justice so requires'" (quoting Fed. R. Civ. P. 15(a)(2)).) ILI raises four arguments in opposition to amendment, none of which have merit.

***First***, the Opposition asserts that despite the newly-discovered evidence, Impossible should have sued earlier (Opp. at 4), suggesting parties ought to "speculate" and shoot first despite Rule 11. Impossible declines this worrisome invitation.[1] ILI readily acknowledges that the enhanced damages available for counterfeiting violations require a showing of the infringer's knowledge, and so the well-pleaded allegations in the complaint must support such an assertion. *See* Opp. at 4-5; *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005) (identifying the infringer's knowledge as an indispensable element "[i]n order to invoke § 1117's special civil monetary remedies against counterfeiting"). ILI's reliance (Opp. at 5) on *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011) for the proposition that "§ 1117(c)(1) does not require a showing of 'an intentional,

---

[1] ILI's suggestion that parties may liberally fabricate causes of action without factual support raises obvious concern about the veracity of IFI's own pleadings which, considering its new revelation, appear to contain numerous false allegations of fact.

knowing use of a counterfeit mark'" misreads that case, which makes no such holding and relates to the separate question of whether statutory damages are available for contributory counterfeiting.

***Second***, ILI next argues that amendment would prejudice it, contending that an avalanche of new discovery will be necessary to address Impossible's counterfeiting claim. (*See* Opp. at 8.) However, nary a deposition has taken place, and ILI already has interposed dozens of broad discovery demands seeking all the same information raised in the amended Counterclaim. ILI also fails to identify what new discovery might be necessary, much less how it could have missed asking for such information in the blunderbuss of requests and demands already served on Impossible. This is because most, if not all, of the evidence supporting the amended claim is already subject to discovery and in ILI's own possession, custody, or control. Indeed, the parties already account for any new discovery in the existing amended case schedule ordered by the Court on October 15. (Dkt. No. 112 at 3 n.1 (stipulating that "Defendants' recently alleged counterfeiting counterclaim will also necessitate additional discovery to the extent it is not stricken."))

***Third***, the Opposition wrongly suggests that Impossible's amendment is somehow in "bad faith." (Opp. at 3.) ILI argues that Impossible waited months to file its motion, but ignores Impossible's prior efforts to assert the claim, beginning with its October 1, 2024, Answer to ILI's Second Amended Complaint. ILI also misrepresents *the Court's* prior order, claiming: "the Court noted in a recent order, 'Impossible LLC could have asserted the counterfeiting cause of action at an earlier stage in the litigation,'" and therefore Impossible "was not diligent in asserting its proposed counterclaim." (Opp. at 1-2.)  This is incorrect. The Court made no such finding in its December 18, 2024, Order and, in fact, invited Impossible and its representative, Mr. Runyon, to file precisely the amendment motion now at bar: "Defendant Impossible LLC may, if it chooses, file a motion seeking modification of the scheduling order and leave of court to re-assert the counterfeiting counterclaim under Federal Rules of Civil Procedure 15 and 16. " (Dkt. No. 117 at 6.)

ILI relatedly argues that Impossible's amendment should be denied because Impossible

allegedly tried and failed to amend before, when it "[i]gnor[ed] the Court's clear directive" to file a motion to amend and "covertly included a counterfeiting counterclaim in its answer . . . explicitly disregarding the Court's admonition that amendment without leave is not permitted." (Opp. at 10.)  Here too, ILI misstates the record. Impossible conspicuously averred in its Counterclaims (to avoid any impression it was acting surreptitiously) that it had identified new evidence entitling it to plead anew. (*See* Dkt. No. 107 at 21 n.1; ¶ 86 ("Impossible Foods recently admitted in discovery that it learned of Impossible's uses and registration of the IMPOSSIBLE mark long prior to Impossible Foods' recent distribution of clothing bearing the IMPOSSIBLE mark.") The Court analyzed this unsettled legal question and decided that Impossible should move to amend to bring its counterfeiting claim. (Dkt. No. 117 at 6.) ILI cannot square this sequence of events with the Opposition's repeated *ad hominem* and conspiratorial suggestions that Impossible is engaged in "covert" efforts that "disregard[]" the Court's prior rulings. (Dkt. No. 132 at 10.) Such rhetoric has little place in this, or any, Court.

***Fourth***, the Opposition contends that amendment will be futile (Opp. at 7). To do so, ILI raises several picayune factual challenges that would fail on summary judgment, much less on a motion to dismiss. For example, ILI contends that there are distinctions between the parties' stylizations of "IMPOSSIBLE," even though an ordinary consumer is unlikely to perceive any material difference between the products:

| IMPOSSIBLE®'s mark reflected in U.S. Reg. Nos. 4260617 and 5376208 | Image from Impossible Foods's Website |
|---|---|
| IMPOSSIBLE | IMPOSSIBLE |

ILI's arguments also ignore that Impossible ***owns a standard character mark*** registration for IMPOSSIBLE®, which grants exclusive, nationwide rights without limitation to stylization. Even worse, ILI outright misrepresents binding Ninth Circuit law when it argues that courts have "uniformly applied the Lanham Act's counterfeiting provision to products that are stitch-for-stich

copies of those of another brand." (Opp. at 7.) The Ninth Circuit itself recently explained that "*[t]he question is not . . . whether products are 'stitch-for-stitch' copies*; it is whether, based on the record, confusion could have resulted . . . . The text does not require counterfeit goods to be exact replicas of existing merchandise." *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1004 (9th Cir. 2023) (emphasis added) (vacating the district court's judgment as a matter of law overturning the jury's finding of counterfeiting).

In sum, Impossible respectfully requests the Court grant its Motion for Leave to Amend and to file amended counterclaims in the same form as presented in Defendant Impossible LLC's Answer and Counterclaims to Second Amended Complaint (Dkt. No. 107).

Respectfully submitted,

Date: January 29, 2025

By: /s/ J. Noah Hagey
J. Noah Hagey, Esq. (SBN: 262331)
Adam S. Cashman, Esq. (SBN: 255063)
Greg Washington, Esq. (SBN: 318796)
**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
hagey@braunhagey.com
cashman@braunhagey.com
gwashington@braunhagey.com

Faith Barksdale, Esq. (*pro hac vice* forthcoming)
**BRAUNHAGEY & BORDEN LLP**
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 403-4089
barksdale@braunhagey.com

*Attorneys for Defendants / Counter-Plaintiffs*
*IMPOSSIBLE LLC and JOEL RUNYON*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2025, the foregoing was served electronically on all counsel of record.

                                              */s/ J. Noah Hagey*
                                              J. Noah Hagey