J. Noah Hagey, Esq. (SBN: 262331)
　　hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
　　cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
　　gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel. & Fax: (415) 599-0210

Faith Barksdale, Esq. (*pro hac vice* forthcoming)
　　barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
 Tel. & Fax: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs
IMPOSSIBLE LLC and JOEL RUNYON*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>　　　　Plaintiff / Counter-Defendant,<br><br>　　v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>　　　　Defendants / Counter- Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**DEFENDANTS / COUNTER-PLAINTIFFS IMPOSSIBLE LLC'S AND JOEL RUNYON'S RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT'S THIRD MOTION FOR LEAVE TO AMEND COMPLAINT (DKT 137)**<br><br>Judge:　Hon. Beth Labson Freeman<br>Date:　　May 8, 2025<br>Time:　　9:00 AM PST |

Defendant/Counterclaim-Plaintiff Impossible LLC and Joel Runyon (together, "Impossible") respectfully respond to Plaintiff/Counterclaim-Defendant Impossible Foods Inc.'s ("IFI's") third motion to amend its complaint (Dkt. No. 137, the "Motion").

There is scant basis for IFI's belated request to amend its claims yet again and without prior notice or effort to meet and confer in contravention of established practice in this District.[1]  For the reasons explained below, Impossible presents only a qualified objection to the Motion – not because the application demonstrates good cause (it does not), but because Impossible believes the Court and parties are better served under Rule 15 by allowing litigants to finalize their claims and move the case towards trial without unnecessary and wasteful motion practice.

As context, Impossible is a wellness company founded by Joel Runyon in 2010.  For the last fifteen years, Joel has continuously offered goods and services centered around his incontestable IMPOSSIBLE® mark in connection with health, nutrition, diet, supplements, fitness, and philanthropy.  His brand is centered on things that are natural and good for humans doing hard tasks – the opposite of IFI's bioengineered, ultra-processed, and fundamentally unhealthy fake meat products and offerings.  As for IFI, it originally called itself something else, "Maraxi, Inc".  In 2015, Maraxi's investors searched for a new name and decided to rebrand the company as "Impossible Foods".  It did so despite having actual prior written confirmation of Joel's existing registrations and uses of IMPOSSIBLE®.  IFI then expanded its offerings of "IMPOSSIBLE" from burgers to recipes to clothing to wellness offerings, swamping Joel's preexisting IMPOSSIBLE® brand and generating actual consumer confusion.  When Joel objected and reached out to IFI to address the growing confusion and to establish guardrails between the competitors, IFI rushed to preemptively file this suit.

IFI now seeks to present its fourth set of claims, many of which are based on dubious allegations that likely contravene Rule 11.  The proposed amendment adds a fifth claim for "Fraud

---

[1] See N.D. Cal. Guidelines for Professional Conduct No. 10(a) ("Before filing a motion, a lawyer should engage in a good faith effort to resolve the issue.").  IFI filed its motion without prior notice or seeking to confer, even though the parties' respective counsel were communicating with each other on almost a daily basis.

in the Procurement of the Incontestability Status of Trademark Reg. No. 5387588", which IFI concedes it knew about since at least as early as July 15, 2024.  (*See* Dkt. 138, Flemming Decl. ¶ 6.)  IFI nonetheless omitted the cause of action from its prior proposed Second Amended Complaint, filed just eight days later, on July 23, 2024.  (*See* Dkt. 92.)  IFI excuses that omission by now claiming it lacked "evidence from [Impossible] showing continuous use." (Dkt. No. 137, at 4.)  This argument, however, misstates the legal standard and ignores that the only additional evidence furnished by Impossible since then consists of ***additional*** incontrovertible evidence of use in the intervening months.  And, obviously, Impossible has not "intentionally" abandoned the mark – instead it is abundantly using its IMPOSSIBLE® marks in the market and defending them in this Court.  *See Electro Source, LLC v. Brandess-Kalt-Aetna Grp., Inc.*, 458 F.3d 931, 937-38 (9th Cir. 2006) (abandonment is not a technical foot-fault exercise, rather "abandonment requires an intent not to resume trademark use" and "*complete* cessation or discontinuance of trademark use").  Nor is there any evidence that Impossible intended to defraud the United States Patent and Trademark Office ("PTO") – in fact, Impossible's proper amendment of its prior registration to refine the goods and services at issue shows exactly the opposite.  *See OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1019 (9th Cir. 2018) (requiring evidence of actual intent to defraud); *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2019 WL 6065898, at *3 (D. Ariz. Nov. 15, 2019) (amendment of trademark application before PTO was evidence of defendant's intent ***not*** to deceive).  Other infirmities also exist, such as that IFI's requested relief (to cancel the mark where multiple uses are at issue) is not legally cognizable.  *See In re Bose Corp.*, 580 F.3d 1240, 1247 (Fed. Cir. 2009) (where mark used in connection with some (but not all) categories of goods listed, "it is in the public interest to maintain registrations of technically good trademarks on the register so long as they are still in use.").

        In sum, IFI has not demonstrated good cause to amend its pleading for a third time.  Despite that, Impossible acknowledges that the liberal pleading standard and the judicial preference for resolution on the merits both weigh in favor of addressing these issues through dispositive motion practice.

1  Accordingly, to avoid burden on the parties and this Court, Impossible's undersigned counsel respectfully suggests that the Court exercise its inherent equitable powers to afford both sides a final opportunity to amend their pleadings on or before February 24, 2025, after which point no further amendments would be allowed.[2]  This is precisely what the undersigned counsel proposed to IFI's counsel after reviewing the Motion and seeking to avoid unnecessary judicial and party burden.  IFI's counsel demurred.  In the alternative, if no such mutual extension is granted, IFI's Motion should be denied for lack of good cause shown and failing to adhere to the standards of professional practice in this District.

Dated:  February 14, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:  *s/ J. Noah Hagey*
       J. Noah Hagey

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*

---

[2] Impossible is considering filing an additional claim that might be necessitated by evolving circumstances in the last year since this matter was remanded from the United States Court for the Ninth Circuit.  If Impossible decides to pursue that claim, it will file prior to February 25, 2025.  Any such claim would not expand the scope of discovery or otherwise delay the case.