UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br>  Plaintiff, <br><br> v. <br><br> IMPOSSIBLE LLC et al., <br><br>  Defendants. | Case No. 5:21-cv-02419-BLF <br><br> **ORDER GRANTING PLAINTIFF IMPOSSIBLE FOODS INC.'S MOTION TO AMEND COMPLAINT AND SCHEDULING ORDER; AND DENYING MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> [Re: Dkt. Nos. 137, 139] |

Before the Court is Plaintiff Impossible Foods Inc.'s ("IF") Motion to Amend Complaint and Scheduling Order. Dkt. No. 137 ("Mot."). Defendants Impossible LLC and Joel Runyon (collectively, "Defendants" or "ILLC") filed a "qualified objection" to the motion. Dkt. No. 142 ("Obj."). Plaintiff filed a reply in support of its motion. Dkt. No. 143 ("Reply"). The Court finds this motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for May 8, 2025. *See* Civ. L.R. 7-1(b).

For the reasons stated below, the Court GRANTS Plaintiff's motion (Dkt. No. 137). The Court DENIES the accompanying Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 139).

**I.   BACKGROUND**

On April 2, 2021, Plaintiff Impossible Foods Inc. filed a Complaint for Declaratory Relief against Defendant Impossible LLC (then identified as "Impossible X LLC"), alleging one claim "concerning the use of the IMPOSSIBLE mark and the respective trademark rights of the parties." Dkt. No. 1 ¶ 34. Following IF's successful appeal of this Court's grant of Defendant's motion to

1    dismiss for lack of personal jurisdiction, *see* Dkt. No. 55, the Court held a Case Management

2    Conference on January 25, 2024, Dkt. No. 69.  The Court then issued the Case Management

3    Scheduling Order, which set the deadline for amending the pleadings as March 25, 2024.  Dkt. No.

4    70.  IF filed an Amended Complaint against Impossible LLC on February 16, 2024, again alleging

5    one claim for declaratory relief regarding the Parties' trademark dispute.  Dkt. No. 78.  On March

6    8, 2024, Impossible LLC filed its Answer to the Amended Complaint and asserted various

7    Counterclaims.  Dkt. No. 80.  Impossible LLC amended its Counterclaims on April 4, 2024, Dkt.

8    No. 83, and IF filed an Answer to the Counterclaims on April 18, 2024, Dkt. No. 85.

9          Meanwhile, the Parties began serving discovery requests in March 2024.  Dkt. No. 138,

10   Declaration of H. Forrest Flemming, III ("Flemming Decl.") ¶¶ 2–3.  After receiving initial

11   discovery responses, IF "sought ILLC's consent for Impossible Foods to amend its complaint to

12   assert claims for trademark infringement and unfair competition."  *Id.* ¶ 4.  Nine days after that,

13   and prior to responding to IF's request, ILLC "filed an affidavit under Section 15 of the Lanham

14   Act with the United States Patent and Trademark Office ("PTO")," *id.* ¶ 5, in which Joel Runyon

15   declared that "[t]he [IMPOSSIBLE Nutrition Design Mark, Registration No. 5387588] has been in

16   continuous use in commerce for five consecutive years after the date of registration . . . and is still

17   in use in commerce on or in connection with all goods/services . . . listed in the existing

18   registration," *id.*, Ex. A at 7.  The affidavit further declared that "[t]here is no proceeding

19   involving said rights pending and not finally disposed of . . . in a court." *Id.*, Ex. A at 8.  ILLC's

20   counsel then declined IF's request to stipulate to an amendment.  Flemming Decl. ¶ 6.  IF's

21   counsel requested that ILLC withdraw the Section 15 affidavit, but ILLC's counsel declined that

22   request as well.  *Id.* ¶¶ 8–9.

23         On July 23, 2024, IF sought to amend its Complaint to add trademark infringement and

24   unfair competition claims against both ILLC and Defendant Joel Runyon ("Runyon").  Dkt. No.

25   92.  At that time, IF indicated that it "believe[d] that additional discovery w[ould] show that ILLC

26   committed fraud upon the United States Patent & Trademark Office on July 12, 2024," but that it

27   needed "additional discovery to meet the heightened pleading standards of Federal Rule of Civil

28   Procedure 9(b)."  *Id.* at 3.  The Court granted in part IF's motion on September 17, 2024, noting

that "[a]ny further amendment to add a fraud claim shall be the subject of a later motion that includes a proposed pleading." Dkt. No. 101 at 10.

Also relevant to this motion is a February 3, 2024 "post-registration office action" ("Office Action") by the PTO. Flemming Decl. ¶ 27. In that Office Action, PTO requested that ILLC either (1) submit evidence of current use of ILLC's marks in connection with particular identified goods and/or services in commerce, or (2) delete those goods and/or services from the registration. *Id.*, Ex. I. The deadline for compliance was set as December 4, 2024. *Id.*, Ex. I at 5. On December 4, 2024, ILLC responded by deleting various goods from its trademark registrations, including "sweatshirts, pants, shorts, . . . yoga pants, tights and underwear." Flemming Decl. ¶ 28 & Ex. J at 2.

## II.  LEGAL STANDARD

When the deadline for amending the pleadings set in a court's scheduling order has passed, a party seeking leave to amend must first seek modification of the scheduling order. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *DRK Photo*, 870 F.3d at 989 (citing *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015)). "If th[e] party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

"If the moving party establishes good cause to modify the scheduling order, it must then demonstrate that its motion is also proper under Rule 15." *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671, 2024 WL 664804, at *2 (N.D. Cal. Feb. 16, 2024) (internal quotations omitted). Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" within certain designated time frames. Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend

3

its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

In this motion, IF seeks leave to amend its Second Amended Complaint in order to add claims of (1) fraud in the procurement of incontestability status, (2) fraud in the procurement of trademark registrations, and (3) abandonment. Mot. at 1. As with ILLC's recent motion to amend, filed shortly prior to IF's present motion, *see* Dkt. No. 121, IF's intended amendment purports to be based upon "information recently obtained during discovery." Mot. at 2. In contrast to ILLC's recent motion, however, the Court finds credible IF's representations that the information in question is genuinely "newly discovered," and therefore the Court will permit IF's proposed amendments.

### A. Rule 16 Analysis

"Newly discovered facts may constitute good cause to modify a pretrial scheduling order to allow amendment to the pleadings." *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, No. 17-cv-06177, 2021 WL 4927012, at *4 (N.D. Cal. Sept. 28, 2021). As a result, "[a]llowing parties to amend based on information obtained through discovery is common and well established." *Chan v. ArcSoft, Inc.*, No. 19-cv-05836, 2022 WL 22863221, at *3 (N.D. Cal. Nov. 23, 2022) (quoting *Coppola v. Smith*, No. 11-cv-1257, 2016 WL 2348970, at *4 (E.D. Cal. May 4, 2016)); *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV. S-05-583, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006). The key question here is whether the identified information was, in fact, obtained through discovery.

4

1    IF highlights two specific "newly discovered" facts. First, IF points to the Section 15
2    affidavit that ILLC filed in July 2024, after discovery had commenced. *See* Mot. at 2–3, 6.
3    Second, IF points to ILLC's December 4, 2024 response to the PTO's Office Action, which
4    required ILLC to submit materials indicating that it had been using the IMPOSSIBLE word mark
5    in Registration No. 5620625 on all goods and services listed in that registration. *Id.* at 4–5, 6. The
6    response ILLC submitted removed various categories of goods from the identification list, which
7    IF argues indicates that the marks were never used with those goods. *See id.* at 4–5. Both of these
8    events occurred well after the March 25, 2024 deadline to amend the pleadings set during the
9    January 25, 2024 Case Management Conference. Accordingly, unlike with ILLC's motion, there
10   is no indication here that IF was "aware of the facts and theories supporting the amendment since
11   the inception of the action." *Jacobson v. Persolve, LLC*, No. 14-cv-00735, 2015 WL 2061712, at
12   *4 (N.D. Cal. May 1, 2015) (citing *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715
13   F.3d at 737). Such awareness is impossible, since the documents underlying IF's proposed claims
14   only came into existence months after the deadline to amend had already passed.

15   Moreover, IF moved to amend within two months after learning of ILLC's response to the
16   PTO Office Action. And while IF first became suspicious that there might be grounds for a fraud
17   claim related to the Section 15 affidavit in July 2024, six months prior to filing the instant motion,
18   the Court finds that IF exhibited diligence by serving discovery requests inspired by that suspicion
19   only a few weeks after learning of the affidavit, *see* Flemming Decl. ¶¶ 8–10 & Ex. E, and
20   remaining actively engaged in the discovery dispute over the relevant Requests for Production
21   throughout the fall, Flemming Decl. ¶¶ 10–16 & Ex. F. Critically, IF could not even have
22   suspected the fraud prior to mid-July 2024, and it took until September for IF to receive ILLC's
23   initial responses to IF's requests for production intended to help confirm whether a fraud had
24   occurred. Because those responses were ambiguous, IF was obliged to conduct discovery follow-
25   up actions—such as serving a deficiency letter and meeting and conferring—before it could
26   attempt to amend under the heightened pleading standard applicable to fraud claims. *See*
27   Flemming Decl. ¶¶ 11–16 & Ex. F at 4–6 (indicating that ILLC informed IF on September 12,
28   2024 that it would produce documents evidencing its continuous use of its marks "to the extent

such documents exist within its possession, custody, and control, can be identified in the course of a reasonable search, and have not already been produced").

This timeline distinguishes IF's request to amend from ILLC's, since ILLC asserted the facts underlying the counterfeiting claim addressed in ILLC's motion (Dkt. No. 121) as early as March 8, 2024, when ILLC first filed counterclaims. *See* Dkt. No. 80, Counterclaims ¶ 48 ("Notwithstanding . . . [IF's] knowledge of [ILLC's] senior trademark rights, Impossible Foods has sought to expand into other products and services that directly overlap" with ILLC's products, "includ[ing] apparel products, to which the IMPOSSIBLE mark is conspicuously applied."). And even if some discovery was necessary for ILLC to assert its counterfeiting claim, it received the discovery response on which that claim is purportedly predicated by May 2024. *See* Dkt. No. 121 at 2–3, 6. In other words, the Parties' differing postures with regard to when they first suspected that they might be able to add their additional claims—and when they received discovery responses helping to confirm or deny the validity of those proposed claims—indicate a significant difference in diligence between IF and ILLC, which is why the Court concludes that there is good cause for IF to amend despite having found a lack of good cause for ILLC's desired amendment. *See* Dkt. No. 148.

Nor is there significant prejudice to ILLC. The Court agrees that prejudice resulting from amendment of the complaint is minimal where, as here, "the parties have already conducted discovery on the substantive merits of the . . . issue." *VLSI Tech. LLC*, 2024 WL 664804, at *3. Discovery into the facts related to IF's proposed amendments has been ongoing since last summer, including because IF's preexisting affirmative defense of abandonment through non-use, *see* Dkt. No. 85 at 9, overlaps with the cancellation claims IF now seeks to add. Additionally, IF has represented that additional unique discovery is likely to be limited to "deposition questions going to the issue of scienter." Mot. at 7. Such questioning should not come as a surprise to ILLC, since ILLC has been on notice of the potential fraud claims since IF requested that it withdraw the Section 15 affidavit last summer. Finally, the Court notes that ILLC had an opportunity to argue the issue of prejudice via an opposition to IF's motion, but it declined to do so. *See generally* Obj. (stating that ILLC "presents only a qualified objection to the Motion," and then briefly addressing

6

the merits of IF's proposed abandonment and fraud claims without specifically arguing diligence or prejudice). Given this lack of argument regarding prejudice from ILLC—and, indeed, given ILLC's position that both Parties should be granted "a final opportunity to amend their pleadings," Obj. at 3—it seems that any prejudice to ILLC is likely negligible. Therefore, IF has demonstrated good cause to modify the scheduling order under Rule 16.

**B. Rule 15 Analysis**

Having found good cause to modify the scheduling order, the Court proceeds to consider whether permitting IF's proposed amendment is proper under Federal Rule of Civil Procedure 15. The Court concludes that the *Foman* factors favor allowing IF to file the Third Amended Complaint.

First, IF's claims are not futile. "[L]eave to amend should be denied as futile only if *no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (emphasis added) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). In this case, it is plausible that IF could allege facts sufficient to support its proposed claims. Indeed, it is not clear that ILLC even argues futility in its "qualified objection" to IF's motion. *See generally* Obj. However, to the extent that ILLC suggests that IF cannot assert an abandonment claim because it will not be able to show "complete cessation" or an "intent not to resume trademark use," *see* Obj. at 2, the Court does not find this argument persuasive in establishing futility. ILLC's argument suggests that there may be factual disputes about cessation and intent later in the litigation, but IF's proposed Third Amended Complaint states that "[n]onuse for 3 consecutive years shall be prima facie evidence of abandonment" under 15 U.S.C. § 1127, Dkt. No. 137-1 ("TAC") ¶ 143, and then alleges the following:

1. "[A]s to Registration Nos. 5590801 and 5603025, during a period of at least three years after the date of the SOUs, the marks were not used in commerce on or in connection with any of the identified goods," TAC ¶ 144, and

2. "[A]s to Registration No. 6571603, the mark was not used in commerce on or in connection with any of the identified goods for a period of at least three years since at

least October 2021," TAC ¶ 145.

Accordingly, IF's proposed Third Amended Complaint appears to include allegations sufficient to state claim of abandonment.

Likewise, to the extent that ILLC's Objection can be read as arguing that IF's proposed Section 15 fraud claim is futile because there is no "evidence that [ILLC] intended to defraud" the PTO, Obj. at 2, that again is suggestive of a *factual* dispute. On a motion to dismiss, IF need only plead (1) a false representation regarding a material fact, (2) ILLC's knowledge or belief that the representation is false, (3) the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and (4) damages proximately resulting from the reliance. *See Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990) (citing *San Juan Products, Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir. 1988)). Here, IF has alleged that ILLC "did not offer any nutritional supplements in connection with the IMPOSSIBLE NUTRITION Design Mark between October 2021 and December 2023," TAC ¶ 125, and that ILLC "knew that the statement regarding continuous use in the Section 15 declaration was false because Defendants intentionally and specifically ceased selling products in connection with the IMPOSSIBLE NUTRITION Design Mark in October 2021," TAC ¶ 126. IF has also alleged that PTO acted in reliance on this allegedly false statement by issuing an acknowledgment of the "incontestable" status of Registration No. 5387588—the purpose for which ILLC submitted the allegedly fraudulent affidavit—and that PTO's acknowledgment of this status has harmed IF's business. TAC ¶¶ 127, 130. Again, then, IF has apparently pled facts sufficient to state a claim for fraud in the procurement of incontestability status, so the Court does not believe that IF's proposed amendment is futile.

Second, ILLC did not carry its burden to show that amendment would cause undue prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice." (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977))). As discussed previously, ILLC submitted only a "qualified objection" to IF's motion, and did not provide any argument related to Rule 15. Since ILLC had the burden of showing prejudice and failed to even attempt to carry that burden, the

second *Foman* factor also favors IF.

Third, there is no evidence of bad faith on IF's part. Again, ILLC declined the opportunity to explain whether, and how, IF's attempt to amend constitutes "acting with intent to deceive, harass, mislead, delay, or disrupt." *See ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA, Inc.*, No. 21-cv-5594, 2022 WL 16859599, at *5 (C.D. Cal. Oct. 5, 2022) (quoting *Wizards of the Coast LLC v. Cryptozoic*, 309 F.R.D. 645, 651 (W.D. Wash. 2015)). The Court does not see any such indication in the record, either, since all evidence points to IF discovering certain conduct by ILLC in July and December 2024 and then diligently pursuing discovery and amendment related to that conduct. Nor does the Court believe that IF is "seek[ing] to amend solely 'to prolong the litigation by adding new but baseless legal theories.'" *Id.* (quoting *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-cv-3059, 2019 WL 1409854, at *3 (S.D. Cal. Mar. 27, 2019)).

As to the fourth *Foman* factor, the Court finds that there may have been some delay on IF's part with regard to the claim for fraud in the procurement of incontestability status. In July 2024, IF foreshadowed that it was considering seeking to amend its complaint in order to add fraud claims. It then took over six months to file the present motion to amend. Granted, some of this time was occupied with discovery disputes over IF's RFPs related to certain of the proposed claims, and it appears that production of documents in response to those RFPs may have taken until at least November 2024. *See* Flemming Decl. ¶¶ 10–15. But the fraud in the procurement of incontestability status claim relies on facts initially discovered in July 2024, which was the point at which IF requested that ILLC withdraw the Section 15 affidavit based on its preliminary investigation indicating a lack of continuous use. *See id.* ¶¶ 7–8. It was reasonable for IF to attempt to conduct some further discovery following that preliminary investigation, so this is not to say that IF should have filed a motion requesting to add the fraud claim in July. On the other hand, six months is a relatively long time—particularly given the impending close of fact discovery—so the Court believes that it would have been desirable for IF to make this further motion to amend at an earlier date. That said, the gears of discovery can turn slowly, and in light of the fact that the other four factors favor amendment, the Court concludes that any moderate

9

delay on IF's part is not severe enough to preclude amendment.

Finally, IF has clearly not failed *repeatedly* to cure deficiencies in its complaint, since the present motion marks IF's first effort to plead the three new claims it hopes to add.

Since the majority of the *Foman* factors—including the factor carrying the most weight—favor permitting IF to file the Third Amended Complaint, the Court will grant IF's motion.

## IV. SEALING

Pursuant to Civil Local Rule 79-5(f) and the Parties' Protective Order, IF submits its Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in order to identify and provisionally file under seal materials that may be related to documents designated as confidential under the Protective Order. *See* Dkt. No. 139 at 1–2. Under Civil Local Rule 79-5(f), the filing party submits an Administrative Motion to Consider Whether Another Party's Material Should be Sealed, but it need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party that designated the identified material as confidential has seven days to file a statement and/or declaration in support of maintaining the material under seal. *See* Civ. L.R. 79-5(f)(3). If the designating party does not file such a response, the provisionally sealed document may be unsealed. *See id.* ILLC timely filed a statement in response to IF's administrative motion, in which it indicated that it "does not seek sealing" for the documents that IF identified. Dkt. No. 141 at 1. Therefore, the Court will order those documents unsealed. The Court's ruling is summarized below:

| Dkt. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 137 | Impossible Foods's Motion to Amend Complaint and Scheduling Order | Highlighted portions on page 4, lines 13–14. | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |
| 137-1 (Exhibit 1) | Third Amended Complaint | Highlighted portions on page 14 through page 15; highlighted portion on page 35. | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |

10

| | | | |
|---|---|---|---|
| 137-47 (Exhibit 2) | Redlined version of the Third Amended Complaint | Highlighted portions on page 14 through page 15; highlighted portion on page 35. | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |
| 137-10 | Exhibit I to the Third Amended Complaint (IMP00004189) | Entire Document | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |
| 137-11 | Exhibit J to the Third Amended Complaint (IMP00004219) | Entire Document | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |
| 137-12 | Exhibit K to the Third Amended Complaint (IMP00004195) | Entire Document | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |
| 138 | Declaration of H. Forrest Flemming, III | Highlighted portions on page 4, ¶ 20. | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |
| 138-8 | Exhibit H to the Declaration of H. Forrest Flemming, III (IMP00004195) | Entire Document | Denied, as ILLC has not sought to maintain the material under seal, and it is ILLC's burden to demonstrate that the identified material is sealable. |

**V.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Impossible Foods Inc.'s Motion to Amend Complaint and Scheduling Order (Dkt. No. 137) is hereby GRANTED. The accompanying Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 139) is DENIED. IF SHALL filed the Third Amended Complaint attached to its motion on or before **March 7, 2025**. In light of ILLC's response to IF's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 139), the Third Amended Complaint shall not be redacted.

In addition, IF SHALL refile unsealed public versions of each filing addressed in its

Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 139) by **March 18, 2025**.

**IT IS SO ORDERED.**

Dated:  March 4, 2025

_____
BETH LABSON FREEMAN
United States District Judge