# Exhibit CC

| To: | IMPOSSIBLE LLC (dweslow@wiley.law;tmdocket@wiley.law;akosak@wiley.law) |
|---|---|
| Subject: | U.S. Trademark Registration No. 5620625 - IMPOSSIBLE - 87252.0014 |
| Sent: | February 03, 2024 06:50:45 AM |
| Sent As: | prg@uspto.gov |
| Attachments: | |

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Owner's Trademark Registration**

**U.S. Registration No.** 5620625

**Mark:** IMPOSSIBLE

**Correspondence Address:**
David E. Weslow
WILEY REIN LLP
2050 M STREET, NW
WASHINGTON, DC 20036

**Owner:** IMPOSSIBLE LLC

**Reference/Docket No.** 87252.0014

**Correspondence Email Address:**
dweslow@wiley.law;tmdocket@wiley.law;akosak@wiley.law

# OFFICE ACTION

**The USPTO must receive the owner's response to this letter within the time period specified below.** Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears below.

**Issue date:** February 3, 2024

The Section 8 Affidavit, filed on January 18, 2024, is not accepted for the reason(s) set forth below.

### #1 of 2 – Deficient Specimen – Int'l Class 35 only

The specimen submitted to support the Section 8 Affidavit is unacceptable because it does not show a direct association between the registered mark and the services specified in the registration and therefore does not show current use of the mark in commerce. 15 U.S.C. §1058(b)(1)(C); 37 C.F.R. §§2.56(a), (b)(2); TMEP §§1301.04(f)(ii), (g)(i).

When determining whether a mark is used in connection with the services in the registration, a key consideration is the perception of the user. *See In re JobDiva, Inc.*, 843 F.3d 936, 942, 121 USPQ2d 1122, 1126 (Fed. Cir. 2016) (citing *Lens.com, Inc. v. 1-800 Contacts, Inc.*, 686 F.3d 1376, 1381-82, 103 USPQ2d 1672, 1676 (Fed Cir. 2012)). A specimen must show the mark used in a way that would create in the minds of potential consumers a sufficient nexus or direct association between the mark and the services being offered. *See* 37 C.F.R. §2.56(b)(2); *In re Universal Oil Prods. Co.*, 476 F.2d 653, 655, 177 USPQ2d 456, 457 (C.C.P.A. 1973); TMEP §1301.04(f)(ii).

To show a direct association, specimens consisting of advertising or promotional materials must (1) explicitly reference the services and (2) show the mark used to identify the services and their source. *In re The Cardio Grp., LLC*, 2019 USPQ2d 227232, at *2 (TTAB 2019) (quoting *In re WAY Media, LLC*, 118 USPQ2d 1697, 1698 (TTAB 2016)); TMEP §1301.04(f)(ii). Although the exact nature of the services does not need to be specified in the specimen, there must be something which creates in the mind of the purchaser an association between the mark and the services. *In re Adair*, 45 USPQ2d 1211, 1215 (TTAB 1997) (quoting *In re Johnson Controls Inc.*, 33 USPQ2d 1318, 1320 (TTAB 1994)).

In the present case, the specimen does not show a direct association between the mark and services in that the services do not appear to be for the benefit of others.

To be a service, an activity must be primarily for the benefit of someone other than the owner. While an advertising agency provides a service when it promotes the goods or services of its clients, a company that promotes the sale of its own goods or services is doing so for its own benefit rather than rendering a service for others. In re Reichhold Chems., Inc., 167 USPQ 376 (TTAB 1970); See TMEP §1301.01(b)(i). Because services are provided for the benefit of third parties, any service identified below, even if definite and acceptable, must be rendered for the benefit of a party other than the applicant. Thus, any services that are not rendered for the benefit of a third party should be struck from the identification of services.

The owner may respond by submitting:

> (1) <u>A substitute specimen</u> showing current use of the registered mark in commerce for each class of services specified in the registration; and
>
> (2) <u>The following statement</u>, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**The substitute specimen was in use in commerce during the relevant period for filing the 6-year Section 8**." 37 C.F.R. §2.161(a)(7); TMEP §1604.12(c).

**Examples of specimens.** Electronic specimens may be an image, such as a photograph or scanned copy, of the physical specimen. Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C). Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed. 37 C.F.R. §2.56(c).

The following statement and declaration under 37 C.F.R. §2.20 can be used to verify the Section 8 Affidavit, if properly signed and dated:

> The owner was using the mark in commerce on or in connection with the goods and/or services identified in the registration for which use of the mark in commerce is claimed, as evidenced by the submitted specimen, during the relevant period for filing the 6-year Section 8.
>
> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statement may jeopardize the validity of this document, declares that s/he is properly authorized to execute this document on behalf of the owner, and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

> _____
> Signature of Authorized Person
> _____
> Type or Print Name
> _____
> Date

## #2 of 2 - Registration Selected for Audit – Int'l Classes 25, 35 & 31 only

The USPTO has randomly selected this registration for audit to determine whether the mark is in use with all of the goods and/or services identified in the affidavit or declaration of use submitted to maintain the registration. The USPTO performs random audits of U.S. trademark registrations to assess and promote the accuracy and integrity of the trademark register. *See* 37 C.F.R. §§2.161(b), 7.37(b).

Detailed information regarding the audit program is provided on the [Post Registration Audit Program](#) webpage. Please note that registration owners/holders are expected to have conducted a reasonable inquiry to confirm use of their marks in commerce (or excusable nonuse) with all goods and services they include in the Section 8 or 71 affidavit or declaration submitted to maintain the registration. *See* 15 U.S.C. §§1058(b), 1141k(b). If the owner/holder does not submit acceptable proof of use of the mark for the goods and/or services selected for audit, the affidavit or declaration of use cannot be accepted. The owner/holder may delete goods or services from the registration for which proof of use cannot be provided in response to the audit, but must pay a $250 per class fee each time goods or services, or entire classes, are deleted. *See* 37 C.F.R. §§2.6(a)(12)(ii), 2.161(c), 7.6(a)(6)(iv), 7.37(c).

The owner/holder must take one of the following actions to satisfy the requirements of the audit:

**(1) Submit proof of use of the registered mark for the two additional goods and/or services per class specified below <u>and</u> submit a statement verifying the proof of use.**

The following goods and/or services have been selected for audit.

<u>Class 25</u>:
- Clothing and performance apparel, namely, tank tops

- Clothing and performance apparel, namely, underwear

Class 35:
- Search engine optimization for promotion and marketing services;
- Marketing consulting in the field of social media

Class 41:
- Providing a website featuring information in the field of adventure activities, namely, skydiving;
- Providing a website featuring information in the field of adventure activities, namely, kite surfing

**Examples of proof of use.** Proof of use must demonstrate current use of the mark in commerce with the good(s) and/or in the sale or advertising of the service(s) selected for audit. In particular, proof of use is evidence that clearly shows how you are using your mark in commerce on the specific audited good(s) or service(s). It may be an actual image, such as a photograph, scanned copy, or screen capture, of the physical item. Acceptable proof of use for goods includes the mark shown on the actual goods or their packaging, or displays associated with the actual goods at their point of sale. *See* 37 C.F.R. §2.56(b)(1), (c); *see* TMEP §904.03(a)-(m). Tags or labels must be shown affixed to the goods or must consist of actual tags or labels that identify the specific goods on which they are used and include informational matter that typically appears on a tag or label in use in commerce for these types of goods. Similarly, packaging must show or identify the goods therein. A webpage submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. *See* 2.56(b)(1), (c); *see* TMEP §904.03(i). Acceptable proof of use for services includes signs, photographs, brochures, website printouts, or advertisements that show the mark used in the actual sale or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); *see* TMEP §1301.04(a), (h)(iv)(C). Any webpage printout or screenshot submitted as proof of use, whether for goods or services, must include the webpage's URL and the date it was accessed or printed. *See* 37 C.F.R. §2.56(c).

**Instructions for submitting proof of use.** Clearly label or describe which good(s) and/or service(s) selected for audit is supported by each item submitted as proof of use. See 37 C.F.R. §§2.161(b), 7.37(b). In addition, if the submission includes multiple pages, please identify the relevant page numbers for the audited good(s) and/or service(s).

**Instructions for submitting statement verifying proof of use.** To provide the required verification in the electronic [Response to Post-Registration Office action](#) form, check the box located at the bottom of each class for which proof of use is provided to automatically populate the below required statement, and sign the declaration at the end of the form.

> The owner/holder was using the mark in commerce on or in connection with the goods and/or services identified in the registration for which use of the mark in commerce is claimed, as evidenced by the submitted proof of use, during the relevant period for filing the affidavit of use.

**OR**

**(2) Delete audited (and all other) goods and/or services for which proof of use of the registered mark cannot be provided and/or for which use cannot be confirmed <u>and</u> pay the required deletion fee <u>and</u> submit proof of use with a verified statement for any remaining goods and/or services in the audited class(es).**

If the owner/holder cannot provide proof of current use of the mark in commerce for the audited goods or services and any remaining goods and/or services listed in the audited class(es) in the affidavit or declaration submitted to maintain the registration, the owner/holder must delete those goods and/or services and submit a fee of **$250 for each class** in which goods and/or services are being deleted. 37 C.F.R. §§2.6(a)(12)(ii), 2.161(c), 7.6(a)(6)(iv), 7.37(c). If all goods and/or services for which the owner/holder cannot provide acceptable proof of use in the audited class(es) are deleted, the required deletion fee is paid, and only goods and/or services for which acceptable proof of use is provided remain in the audited class(es), the audit will conclude.

**WARNING:** A second Office action requiring proof of use for all remaining goods and/or services in the audited class(es) for which acceptable proof of use is not of record will issue if the owner/holder responds to this action by deleting any audited goods and/or services and not also providing proof of use showing current use of the mark in commerce with all remaining goods and/or services listed in the audited class(es) in the affidavit or declaration of use submitted to maintain the registration. See the instructions in option (1) above for submitting proof of use and the statement verifying proof of use.

*Please note, if an additional Office action(s) is required because acceptable proof of use is not provided, and a subsequent response(s) includes a request to delete goods and/or services, <u>the $250 fee for each class is incurred with each such request</u>, even if the fee was paid for a previous deletion in the same class. See 37 C.F.R. §§2.161(c), 7.37(c).*

**DEFICIENCY SURCHARGE**: Along with any required deletion fee(s), a one-time deficiency surcharge also may be required when correcting any deficiency in the affidavit or declaration, including if the owner/holder deletes goods and/or services to correct the listing of goods and/or

services on or in connection with which the mark is in use in commerce specified in the affidavit or declaration. *See* 15 U.S.C. §§1058(b), (c), 1141k(b), (c); *see* 37 C.F.R. §§2.164(a), 7.39(c).

**RESPONSE TIME DEADLINE:** A complete response must be received within 6 months from the issuance date of this Office action or prior to expiration of the 6th year anniversary date on December 4, 2024, whichever is later. The owner must respond to all inquiries set forth in this Office action to avoid cancellation of the registration. *If a response is not received, and there is no time remaining in the grace period to file a new affidavit, the registration will be cancelled in its entirety.* 37 C.F.R. §2.163(b)-(c); TMEP §§1604.16, 1604.17(a).

**DEFICIENCY SURCHARGE INFORMATION:** If the response to this Office action is received by the Office after December 4, 2024, a $100 deficiency surcharge must be submitted. 37 C.F.R. §§2.6, 2.164(a)(1); TMEP §1604.17(a). (Note: This only applies when the response time deadline above falls after the 6th year anniversary date.)

**ADVISORY:** If a response to this Office action is not filed within the response deadline above, and time remains in the grace period, the owner may avoid cancellation of its registration by filing a new affidavit of use within the grace period. 37 C.F.R. §2.163(c). Additional fees are required to file a new affidavit during the grace period. 37 C.F.R. §2.161(a)(4)(i)-(ii). For more information about this, please contact the undersigned.

**How to respond.** [Click to file a Response to Post-Registration Office action.](#)

[Beware of trademark-related scams.](#) Owners/Holders are recommended to protect themselves from people and companies that may try to take financial advantage of them based on the information in their trademark registration. Private companies may call owners/holders and pretend to be the USPTO or may send communications that resemble official USPTO documents to trick owners/holders into paying unnecessary fees. Be advised that the USPTO will never request a credit card number or social security number over the phone. Owners/Holders are strongly encouraged to verify correspondence originating from the USPTO by entering the registration number in the USPTO database, [TSDR](#), to confirm that it appears under the "Documents" tab, or contacting the [Trademark Assistance Center](#).

**Direct questions about this Office action** to the Post Registration staff member below.

Phillip D. White
/Phillip D. White/
Post Registration Audit Program
571-272-9665
phillip.white@uspto.gov (inquiries only)

## RESPONSE GUIDANCE

- **Response must be received** by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response period. TEAS maintenance or [unforeseen circumstances](#) could affect an owner's ability to timely respond.

- [**Responses signed by an unauthorized party**](#) are not accepted or processed. If the owner does not have an attorney, the response must be signed by the individual owner, all joint owners, or someone with [legal authority to bind a juristic owner](#). If the owner has an attorney, the response must be signed by the attorney.

- If needed, **find [contact information for the supervisor](#)** of the office or unit listed in the signature block.

| To: | IMPOSSIBLE LLC (dweslow@wiley.law;tmdocket@wiley.law;akosak@wiley.law) |
|---|---|
| Subject: | U.S. Trademark Registration No. 5620625 - IMPOSSIBLE - 87252.0014 |
| Sent: | February 03, 2024 06:50:45 AM |
| Sent As: | prg@uspto.gov |
| Attachments: | |

United States Patent and Trademark Office (USPTO)

USPTO OFFICIAL NOTICE

Office action (Official Letter) or Notice has issued
on 02/03/2024 for
**U.S. Trademark Application Ser./Registration No. 5620625**

A USPTO staff member has reviewed your trademark document and issued an Office action or notice. You may be required to respond to this Office action or notice. Follow the steps below.
(1) Read the Office action or notice. This email is NOT the Office action or notice.
(2) **Respond to the Office action or notice, if a response is required.** Respond by the deadline using the Trademark Electronic Application System (TEAS). Your response must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response period. Otherwise, your application may be abandoned or registration may be cancelled and/or expired and/or your document rejected. See the Office action or notice itself regarding how to respond.
(3) **Direct general questions** about using USPTO electronic forms, the USPTO website, the application or registration maintenance process, the status of your application or registration, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).
After reading the Office action or notice, address any question(s) regarding the specific content to the USPTO staff member identified in the Office action or notice.

**GENERAL GUIDANCE**

**Check the status** of your application or registration periodically in the **Trademark Status & Document Retrieval (TSDR)** database to avoid missing critical deadlines.

**Update your correspondence email address** to ensure you receive important USPTO notices about your application or registration.

**Beware of trademark-related scams.** Protect yourself from people and companies that may try to take financial advantage of you. Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you. We will never request your credit card number or social security number over the phone. And all official USPTO correspondence will only be emailed from the domain "@uspto.gov." Verify the correspondence originated from us by using your application serial number or registration number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

**Hiring a U.S.-licensed attorney.** If you do not have an attorney and are not required to have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration or registration maintenance process.