# Exhibit II

| **To:** | Impossible X LLC (dweslow@wileyrein.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87884481 - IMPOSSIBLE - 87252.0015 |
| **Sent:** | 11/12/2018 3:51:00 PM |
| **Sent As:** | ECOM125@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 87884481

**MARK:** IMPOSSIBLE

# *87884481*

**CORRESPONDENT ADDRESS:**
 DAVID E. WESLOW
 WILEY REIN LLP
 1776 K STREET, NW
 WASHINGTON, DC 20006

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** Impossible X LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
 87252.0015
**CORRESPONDENT E-MAIL ADDRESS:**

 dweslow@wileyrein.com

# OFFICE ACTION

# STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW. A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE: 11/12/2018**

 **TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b);

TMEP §§819, 820.  TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services.  37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04.  However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's  amendment by telephone or e-mail without incurring this additional fee.

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

SUMMARY OF ISSUES:
- SPECIMEN

- DETAILED MARK DESCRIPTION REQUIRED


SEARCH OF OFFICE'S DATABASE OF MARKS

The trademark examining attorney has searched the Office's  database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).


SPECIMEN

Registration is refused because the specimen in International Class 25 appears to be mere advertising material and thus the specimen fails to show the applied-for mark in use in commerce.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).  Specifically, applicant submitted a video of a person who appears to be advertising a shirt with the static image "impossible" on the front.

Advertising materials are generally not acceptable as specimens to show use in commerce for goods.  *See In re Kohr Bros.*, 121 USPQ2d 1793, 1794 (TTAB 2017) (quoting *In re Quantum Foods, Inc.*, 94 USPQ2d 1375, 1379 (TTAB 2010)); TMEP §904.04(b), (c).  Advertising materials may consist of the following:  online advertising banners appearing on search engine result pages and in social media; advertising circulars and brochures; price lists; listings in trade directories; and business cards.  *See* TMEP §904.04(b).

An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each international class of goods identified in the application or amendment to allege use.  15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Examples of specimens for goods include tags, labels, instruction manuals, containers, photographs that show the mark on the actual goods or packaging, and displays associated with the actual goods at their point of sale.  *See* TMEP §§904.03 *et seq.*  Webpages may also be specimens for goods when they include a picture or textual description of the goods associated with the mark and the means to order the goods.  TMEP §904.03(i).

Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1)    Submit a different specimen (a verified "substitute"  specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods identified in the application or amendment to allege use.  A "verified  substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20:  "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use."  The substitute specimen cannot be accepted without this statement.

(2)    Amend the filing basis to intent to use under Section 1(b), for which no specimen is required.  This option will later necessitate additional fee(s) and filing requirements such as providing a specimen.

For an overview of *both* response options referenced above and instructions on how to satisfy either option online using the Trademark Electronic Application System (TEAS) form, please go to the Specimen webpage.

DETAILED MARK DESCRIPTION REQUIRED

The drawing includes a description of the mark that indicates the mark includes motion.  If this is the case, applicant must submit a more detailed written description of the mark.  37 C.F.R. §2.52(b)(3); TMEP 807.11.  Specifically, applicant must clearly indicate that the mark consists of

motion, and a detailed description of the motion in the mark.

For example, the following description would be acceptable, if accurate:

The mark is a motion mark. The mark consists of the wording "IMPOSSIBLE" with a band in background shading moves horizontally from the left through the middle of the wording until the band covers the middle of the entire word "IMPOSSIBLE." All on a shaded background.

IDENTIFICATION OF SERVICES

The wording " Providing a website featuring information in the field of personal fitness, nutrition, endurance athletics, storytelling, adventure activities, and self-improvement" in the identification of se rvices for International Class 41 must be clarified because it is too broad and could include services in other international classes. *See* 37 C.F.R. §2.32(a)(6); TMEP §§1402.01, 1402.03. In particular, provision of information is classified by the subject matter of the information being provided. In this case the wording could encompass information about storytelling, fitness and endurance athletics, and adventure recreational activities in Class 41, as well as nutrition in Class 43, and self-improvement in Class 45. Further, applicant must specify the nature of the "adventure activities" with greater detail for proper classification. As indicated above "adventure recreational activities are classified in Class 41, while other activities may be classified in other classes.

Suggested changes are highlighted in bold font type.

Applicant may substitute the following wording and classification, if accurate:

Class 41:
Providing a website featuring information in the field of personal fitness, endurance athletics, storytelling **and** adventure **recreational** activities

**Class 43:**
Providing a website featuring information in the field of nutrition

**Class 45:**
Providing a website featuring information in the field of self-improvement

Please note that Class 25 is acceptable as currently written.

Applicant may amend the identification to clarify or limit the goods and/or services, but not to broaden or expand the goods and/or services beyond those in the original application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Generally, any deleted goods and/or services may not later be reinserted. *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

MULTIPLE-CLASS APPLICATION REQUIREMENTS

The application references goods and services based on use in commerce in more than one international class; therefore, applicant must satisfy all the requirements below for each international class:

(1)    **List the goods and/or services by their international class number** in consecutive numerical order, starting with the lowest numbered class (for example, International Class 3: perfume; International Class 18: cosmetic bags sold empty).

(2)    **Submit a filing fee for each international class** not covered by the fee(s) already paid (view the USPTO's current fee schedule). Specifically, the application identifies goods and services based on use in commerce that are classified in at least four classes; however, applicant submitted a fees sufficient for only two classes. Applicant must either (a) submit the filing fees for the classes not covered by the submitted fees or (b) restrict the application to the number of classes covered by the fees already paid.

(3)    **Submit verified dates of first use of the mark** anywhere and in commerce **for each international class**. See more information about verified dates of use.

(4)    **Submit a specimen for each international class**. The current specimen is acceptable for classes 41; and applicant needs a specimen for the remaining classes.. See more information about specimens.

(5)    **Submit a verified statement** that "**The specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application.**" See more information about verification.

*See* 15 U.S.C. §§1051(a), 1112; 37 C.F.R. §§2.32(a)(6)-(7), 2.34(a)(1), 2.86(a); TMEP §§904, 1403.01, 1403.02(c).

See an overview of the requirements for a Section 1(a) multiple-class application and how to satisfy the requirements online using the Trademark Electronic Application System (TEAS) form.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although the trademark examining attorney cannot provide legal advice or statements about applicant's rights, the trademark examining attorney can provide applicant with additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06. Although the USPTO does not accept emails as responses to Office actions, emails can be used for informal communications and will be included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

/Heather Biddulph/
Heather Biddulph
Managing Attorney
Law Office 125
heather.biddulph@uspto.gov
(571) 272-8190

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

| To: | Impossible X LLC (dweslow@wileyrein.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 87884481 - IMPOSSIBLE - 87252.0015 |
| Sent: | 11/12/2018 3:51:01 PM |
| Sent As: | ECOM125@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR U.S. TRADEMARK APPLICATION

### USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED ON **11/12/2018** FOR U.S. APPLICATION SERIAL NO. 87884481

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **11/12/2018** (*or sooner if specified in the Office action*). A response transmitted through the Trademark Electronic Application System (TEAS) must be received before midnight **Eastern Time** of the last day of the response period. For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the TEAS response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.