# Exhibit LL

| | |
|---|---|
| **To:** | Impossible X LLC (dweslow@wileyrein.com) |
| **Subject:** | U.S. Trademark Application Serial No. 87884481 - IMPOSSIBLE - 87252.0015 |
| **Sent:** | January 22, 2020 04:52:12 PM |
| **Sent As:** | ecom125@uspto.gov |
| **Attachments:** | |

**United States Patent and Trademark Office (USPTO)**

**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 87884481

**Mark:** IMPOSSIBLE

**Correspondence Address:**
DAVID E. WESLOW

WILEY REIN LLP

1776 K STREET, NW

WASHINGTON, DC 20006

**Applicant:** Impossible X LLC

**Reference/Docket No.** 87252.0015

**Correspondence Email Address:**

dweslow@wileyrein.com

# FINAL OFFICE ACTION

The USPTO must receive applicant's response to this letter within **six months** of the issue date below or the application will be **abandoned**. Respond using the Trademark Electronic Application System (TEAS) and/or Electronic System for Trademark Trials and Appeals (ESTTA). A link to the appropriate TEAS response form and/or to ESTTA for an appeal appears at the end of this Office action.

**Issue date: January 22, 2020**

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL**

**REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

INTRODUCTION

This Office action is in response to applicant's communication filed on 11/12/2018.

In a previous Office action, the trademark examining attorney refused registration of the applied-for mark based on the following: failure to show the applied-for mark in use in commerce with any of the specified goods. In addition, applicant was required to satisfy the following requirements: provide a definite identification of goods and services, and clarify the mark description.

Based on applicant's response , in which applicant submitted a substitute specimen, amended the identification, and amended the mark description, the trademark examining attorney notes that the following requirement has been satisfied: provide a definite identification. *See* TMEP §§713.02, 714.04.

The applicant's amended mark description continues to require clarification, as further explained below.

Further, the trademark examining attorney maintains and now makes FINAL the refusal and requirement in the summary of issues below. *See* 37 C.F.R. §2.63(b); TMEP §714.04.

SUMMARY OF ISSUES MADE FINAL that applicant must address:

- SPECIMEN REFUSAL
- MARK DESCRIPTION

**SPECIMEN**

The stated refusal refers to International Class 25 only and does not bar registration in the other class.

Applicant was previously refused registration in International Class 25 because the specimen consisted of mere advertising material that failed to show use of the applied for mark in use in commerce on the identified goods. Response options for overcoming that refusal, if any, were set forth in the prior Office action. Applicant responded by submitting a substitute specimen for International Class 25 that does not show proper use of the applied-for mark in commerce for the reasons immediately stated below. Thus, the refusal to register the applied-for mark in International Class 25 is now made final because applicant failed to provide evidence of use of the mark in commerce. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a), 2.63(b); TMEP §§904, 904.07, 1301.04(g)(i).

SPECIMEN CONSISTS OF ADVERTISING FOR GOODS

Registration is refused because the webpage specimen in International Class 25 is not an acceptable display associated with the goods and appears to be mere advertising material. *See* TMEP §904.07(a). The specimen, thus, fails to show the applied-for mark in use in commerce. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §2.56(a).

In this case, the specimen consists of the mark appearing before a video of a person talking about purchasing the clothing and appears to be a video advertisement. Applicant's response states that the original "specimen included use of the motion mark together with a means for purchasing the products at ImpossibleHQ.com; the additional specimen included herewith depicts the landing page for the prior reference including a means for completing the purchase." To the extent that applicant is arguing that the original specimen consists of a point of sale display, the specimen fails to show use as a point of sale display with the applied for clothing.

To be acceptable, a specimen of a webpage display must include (1) a picture or sufficient textual description of applicant's goods that (2) shows the mark associated with the goods, and (3) a way of ordering the goods (e.g., a "shop online" or "shopping cart" button or link, an order form, or a telephone number for placing orders). TMEP §904.03(i); *see In re Sones*, 590 F.3d 1282, 1286-89, 93 USPQ2d 1118, 1122-24 (Fed. Cir. 2009); *In re Azteca Sys., Inc.,* 102 USPQ2d 1955, 1957-58 (TTAB 2012). If applicant's specimen includes a telephone number, internet address, and/or mailing address that appears only with corporate contact information, the specimen may not show sufficient means for ordering the goods. *See In re Genitope Corp.*, 78 USPQ2d 1819, 1822 (TTAB 2006); TMEP §904.03(i)(C)(2). In that circumstance, the specimen may also need to include instructions on how to place an order or an offer to accept orders. *See In re Quantum Foods, Inc.*, 94 USPQ2d 1375, 1379 (TTAB 2010); TMEP §904.03(i)(C)(2).

Here, the advertisement does not constitute a point of sale display because it fails to show the motion mark associated with the applied for goods. Specifically, the mark appears at the beginning of the video and at the end of the video. However, the motion does not appear near display of the item offered for purchase. The video does display a static image of the mark in close proximity to the goods with a price. However, this display in addition to not showing the motion associated with the item fails to provide sufficient means for ordering the goods. The applicant is invited to go to another location for information on how to order the goods, and may not complete an order directly with the information in the video. *See In re Sones*, 590 F.3d at 1286-89, 93 USPQ2d at 1122-24; *In re Azteca Sys., Inc.*, 102 USPQ2d at 1957; TMEP §§904.03(i) *et seq.* Without this feature, the specimen is mere advertising material, which is generally not acceptable as a specimen for showing use in commerce for goods. *See In re Kohr Bros.*, 121 USPQ2d 1793, 1794 (TTAB 2017) (quoting *In re Quantum Foods, Inc.*, 94 USPQ2d at 1379); *In re Genitope Corp.*, 78 USPQ2d at 1822; TMEP §904.04(b).

## STATIC SPECIMENS – DO NOT SHOW USE OF MARK – NO MOTION DISPLAYED

Registration is also refused because the applied-for mark does not appear anywhere on the substitute specimen, and thus fails to show the applied-for mark in use in commerce for International Class 25. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(f)(i), (g)(i). Specifically, the mark is a motion mark, but the substitute specimen shows the mark only in static form. An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each international class of goods identified in the application. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Examples of specimens for goods include instruction manuals, video files that show the mark on the actual goods or packaging, and video of displays associated with the actual goods at their point of sale. *See* TMEP §§904.03 *et seq.* Webpages may also be specimens for goods when they include a picture or textual description of the goods associated with the mark and the means to order the goods. TMEP §904.03(i). Examples of specimens for services include advertising and marketing materials, video of business signage and billboards, and webpages that show the mark used in the actual sale, rendering, or advertising of the services. *See* TMEP §1301.04(a), (h)(iv)(C). Specimens comprising advertising and promotional materials must show a direct association between the mark and the services. TMEP §1301.04(f)(ii).

Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1)     Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the applied for motion in actual use in commerce for the goods and/or services identified in the application or amendment to allege use. A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use." The substitute specimen cannot be accepted without this statement.

(2)     Amend the filing basis to intent to use under Section 1(b), for which no specimen is required. This option will later necessitate additional fee(s) and filing requirements such as providing a specimen.

SUBMITTING VIDEO FILE AS SUBSTITUTE SPECIMEN

To show that a motion mark actually identifies and distinguishes the goods or services and indicates their source, an applicant must submit a video specimen that contains a sufficient portion of the video content to show how the mark is used on or in connection with the goods and/or services. TMEP §§904.03(f)

For TEAS responses, the specimen can be attached to the TEAS form and must be an electronic file in .wmv, .mpg, or .avi format. Video files should not exceed 30 MB, because TEAS cannot accommodate larger files. *See* TMEP §§ 904.02(a) and 904.03(f) regarding specimens containing video content filed electronically.

For an overview of *both* response options referenced above and instructions on how to satisfy either option online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/specimen.jsp.

## DETAILED MARK DESCRIPTION REQUIRED

Applicant must submit a more detailed and accurate written description of the mark. â€¯ 37 C.F.R. §2.52(b)(3); TMEP 807.11. Descriptions must be accurate and identify all the literal and design elements in the mark. *See* 37 C.F.R. §2.37; TMEP §808.02. The current mark description requires clarification because "shading band" is unclear. Further, the description fails to address the mark appearing on a dark background, and it is unclear whether applicant is claiming a rectangular background shape or simply a shaded background.

The following description would be acceptable, if accurate:

The mark consists of a motion mark. The mark consists of the wording "IMPOSSIBLE" with a shaded band that moves horizontally from the left through the middle of the wording until the band covers the middle of the entire word "IMPOSSIBLE." All on a shaded background.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although the trademark examining attorney cannot provide legal advice or statements about applicant's rights, the trademark examining attorney can provide applicant with additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06. Although the USPTO does not accept emails as responses to Office actions, emails can be used for informal communications and will be included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.** **Click to file a request for reconsideration of this final Office action** that fully resolves all outstanding requirements and refusals **and/or** **click to file a timely appeal to the Trademark Trial and Appeal Board (TTAB)** with the required filing fee(s).

/Heather Biddulph/

Heather Biddulph

Managing Attorney

Law Office 125

heather.biddulph@uspto.gov

(571) 272-8190

# RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.** A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

| **To:** | Impossible X LLC (dweslow@wileyrein.com) |
| **Subject:** | U.S. Trademark Application Serial No. 87884481 - IMPOSSIBLE - 87252.0015 |
| **Sent:** | January 22, 2020 04:52:13 PM |
| **Sent As:** | ecom125@uspto.gov |
| **Attachments:** | |

**United States Patent and Trademark Office (USPTO)**


# USPTO OFFICIAL NOTICE


Office Action (Official Letter) has issued

on **January 22, 2020** for

**U.S. Trademark Application Serial No. 87884481**


Your trademark application has been reviewed by a trademark examining attorney. As part of that review, the assigned attorney has issued an official letter that you must respond to by the specified deadline or your application will be abandoned. Please follow the steps below.


**(1) Read the official letter.**


**(2) Direct questions** about the contents of the Office action to the assigned attorney below.



/Heather Biddulph/

Heather Biddulph

Managing Attorney

Law Office 125

heather.biddulph@uspto.gov

(571) 272-8190


Direct questions about navigating USPTO electronic forms, the USPTO website, the application process, the status of your application, and/or whether there are outstanding deadlines or documents related to your file to the Trademark Assistance Center (TAC).


**(3) Respond within 6 months** (or earlier, if required in the Office action) from **January 22, 2020**, using the Trademark Electronic Application System (TEAS). The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. See the Office action for more information about how to respond


# GENERAL GUIDANCE

·   **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid

missing critical deadlines.

· **Update your correspondence email address**, if needed, to ensure you receive important USPTO notices about your application.

· **Beware of misleading notices sent by private companies about your application.** Private companies not associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices – most of which require fees. All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**