# Exhibit NN

| To: | Impossible X LLC (dweslow@wileyrein.com) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 87884481 - IMPOSSIBLE - 87252.0015 |
| Sent: | September 28, 2020 05:34:42 PM |
| Sent As: | ecom125@uspto.gov |
| Attachments: | |

**United States Patent and Trademark Office (USPTO)**

**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 87884481

**Mark:** IMPOSSIBLE

**Correspondence Address:**
David E. Weslow

WILEY REIN LLP

1776 K STREET, NW

WASHINGTON DC 20006

**Applicant:** Impossible X LLC

**Reference/Docket No.** 87252.0015

**Correspondence Email Address:**

dweslow@wileyrein.com

# FINAL OFFICE ACTION

**Issue date:  September 28, 2020**

**Deadline for responding to this notice.**  To avoid abandonment of the application, the USPTO must receive applicant's properly signed response within either (1) **thirty days of the issue date** above, **or** (2) the **time remaining in the six-month period** for responding to the previous Final Office action, whichever is longer.  TMEP §712.02; *see* 37 C.F.R. §2.65(a)(2).  The response must be received by the USPTO no later than midnight **Eastern Time** of the last day of the response deadline.

This letter is in response to the communication received on 5/11/2020, in which applicant submitted a substitute specimen. The substitute specimen shows use of the mark as shown in the drawing on the identified goods; however, it fails to include the date accessed, and remains unacceptable as explained below.

**Webpage specimen does not include required date printed/accessed.**  Registration is refused because the specimen is not acceptable as a webpage specimen; it lacks the required date printed/accessed.  *See* 37 C.F.R. §2.56(c); *Mandatory Electronic Filing & Specimen Requirements*, Examination Guide 1-20, at V.B. (Rev. Feb. 2020).  The specimen thus appears to be in the nature of a digital mockup that fails to show the applied-for mark in actual use in commerce.  *See* Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.03(g), 904.07(a).  An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods and services identified in the application or amendment to allege use.  15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

A webpage submitted as a specimen must include the URL and access or print date to show actual use in commerce.  37 C.F.R. §2.56(c).  Because the webpage specimen lacks the associated access or print date on it, within the TEAS form used to submit the specimen, or in a verified statement in a later-filed response, it is unacceptable to show use of the mark in commerce.

Examples of specimens.  Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods.  *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m).  A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods.  TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

Specimens for services must show a direct association between the mark and the services and include:  (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services.  *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

**Response options.**  Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1)     Submit a verified statement, in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20 or 28 U.S.C. §1746, specifying the URL of the original webpage specimen and the date it was accessed or printed.

(2)     Submit a different specimen (a verified "substitute" specimen ), including the URL and date accessed/printed on it, that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods and/or services identified in the application or amendment to allege use.  Applicant must also submit the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20:  "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use."

(3)     Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication.  This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

**How to respond.  Click to file a request for reconsideration of this final Office action** that fully resolves all outstanding requirements and refusals **and/or click to file a timely appeal to the Trademark Trial and Appeal Board (TTAB)** with the required filing fee(s).


/Heather Biddulph/

Heather Biddulph

Managing Attorney

Law Office 125

heather.biddulph@uspto.gov

(571) 272-8190

**RESPONSE GUIDANCE**

- **Missing the response deadline to this letter will cause the application to abandon.** A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

| To: | Impossible X LLC (dweslow@wileyrein.com) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 87884481 - IMPOSSIBLE - 87252.0015 |
| Sent: | September 28, 2020 05:34:44 PM |
| Sent As: | ecom125@uspto.gov |
| Attachments: | |

**United States Patent and Trademark Office (USPTO)**

**USPTO OFFICIAL NOTICE**

Office Action (Official Letter) has issued

on **September 28, 2020** for

**U.S. Trademark Application Serial No. 87884481**

Your trademark application has been reviewed by a trademark examining attorney. As part of that review, the assigned attorney has issued an official letter that you must respond to by the specified deadline or your application will be abandoned. Please follow the steps below.

**(1) Read the official letter.**

**(2) Direct questions** about the contents of the Office action to the assigned attorney below.

/Heather Biddulph/

Heather Biddulph

Managing Attorney

Law Office 125

heather.biddulph@uspto.gov

(571) 272-8190

Direct questions about navigating USPTO electronic forms, the USPTO website, the application process, the status of your application, and/or whether there are outstanding deadlines or documents related to your file to the Trademark Assistance Center (TAC).

**(3) Respond within 6 months** (or earlier, if required in the Office action) from **September 28, 2020**, using the Trademark Electronic Application System (TEAS). The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. See the Office action for more information about how to respond

## GENERAL GUIDANCE

· **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid

missing critical deadlines.

- **Update your correspondence email address**, if needed, to ensure you receive important USPTO notices about your application.

- **Beware of misleading notices sent by private companies about your application.**  Private companies not associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices – most of which require fees.  All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**