United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IMPOSSIBLE FOODS INC.,

          Plaintiff,

     v.

IMPOSSIBLE X LLC, et al.,

          Defendants.

Case No.  21-cv-02419-BLF (SVK)

**ORDER RE DISCOVERY DISPUTES**

Re: Dkt. Nos. 154, 157

Before the Court are two discovery disputes, one in which Plaintiff Impossible Foods seeks to compel an interrogatory response from Defendant Impossible LLC[1] and another in which Defendant seeks to compel production from Plaintiff pursuant to three Requests for Production ("RFPs").  Dkt. 154, 157.  The Court finds these disputes would not benefit from oral argument.  Civ. L.R. 7-2(b).

The Court's rulings are set forth in Attachment A (Dkt. 154) and Attachment B (Dkt. 157). The Court's conclusions are guided by Rule 26 and the parameters of relevance and proportionality.  To the extent a further interrogatory response is required, it must be **verified**.  All discovery responses and productions pursuant to this order are to be completed **no later than March 31, 2025**.

     **SO ORDERED.**

Dated: March 20, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] The Parties' sophomoric fight over how they refer to each other – specifically their refusal to use the word "Impossible" in referring to the opposing party while insisting on using the word in their own name – is needlessly confusing and tiresome.  It ends now.

## ATTACHMENT A (Dkt. 154)

| Request | Response | Plaintiff's Proposed Compromise | Defendant's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| **Interrogatory No. 10:** For each of Impossible LLC's Goods and Services, Describe In Detail any time in which Impossible LLC ceased using any IMPOSSIBLE-formative Marks in commerce, regardless of whether that cessation in use was temporary or Impossible LLC resumed use, including the date, time period, and explanation of the cessation in use. | Original Response<br>Impossible incorporates all general objections stated above. Impossible objects to this interrogatory to the extent it seeks information protected by attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Impossible objects to this interrogatory as vague and ambiguous with respect to the term "ceased," especially in view of Impossible's seasonal and rotating product offerings. Subject to and without waiver of the foregoing general and specific objections, Impossible responds as follows: Impossible has never ceased offering any of its goods or services with an intent not to resume use in the future.<br><br>Supplemental Response<br>Without waiving its objections, Impossible provides the following information to supplement its prior response: Impossible withdrew its krill oil supplement product from Amazon.com sales on September 16, 2022, and has not sold any krill oil supplements since that date.<br><br>Amended Response<br>Without waving its objections, Impossible provides the following amended response:<br>Impossible has never ceased using any of the IMPOSSIBLE®-formative Marks in commerce. For time to time, it has varied the specific goods and services offered under the IMPOSSIBLE®-formative marks, sometimes as a result of supply chain issues, delays and shortages caused by the COVID-19 pandemic, variations in consumer demand, and other factors. However, Impossible never ceased using any of the IMPOSSIBLE®-formative Marks in commerce. | (1) ILLC to answer Interrogatory No. 10 in full and under oath by March 27, 2025; and (2) ILLC and its counsel to certify, separately, and also on March 27, that *each* has conducted a reasonable search for information responsive to Interrogatory No. 10 and that *each* has a good faith belief that no additional responsive information is available. | Impossible has answered Interrogatory 10 as written. If IFI propounds a new interrogatory seeking information regarding issues that relate to new claims in its Amended Complaint, Impossible agrees to respond on an expedited timeline with a verified response within 21 days. | Defendant Impossible LLC's reading of the interrogatory is unduly narrow. Accordingly, Defendant is to identify any product or service for which it ceased using an IMPOSSIBLE-formative Mark in commerce for at least one year. Defendant's response must include the beginning date and duration of the cessation, or its good faith approximation thereof, as well as the reason for the cessation of use. |

## ATTACHMENT B (Dkt. 157)

| Request | Response | Impossible's Proposed Compromise | Impossible Foods's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| **Request No. 28:** Produce all documents and things reflecting consumer complaints regarding Plaintiff's goods and services offered in connection with Plaintiff's Marks. | Impossible Foods objects to this Request on the grounds that it seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the needs of the case.<br><br>In accordance with these objections, Impossible Foods will not comply with this Request. | IFI produces documents showing consumer complaints and feedback received in accounts controlled by Impossible Foods Inc., including its websites, social media platforms, online marketplaces, and company-controlled emails. | Impossible Foods's previous compromise of providing documents from its internal database responsive to RFP No. 28 is sufficient and proportional to the needs of this case. | Plaintiff Impossible Foods is to produce: 1) customer complaints from its own internal databases; and 2) customer complaints from social media accounts and third-party websites to the extent Plaintiff tracks or records such complaints in the ordinary course of business.<br><br>Production beyond these parameters is not proportional to the needs of the litigation. |
| **Request No. 31:** Produce documents regarding any comparison studies, surveys, or market research tests, including the results thereof, concerning the goods or services offered in connection with Plaintiff's Marks. | Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.<br><br>In accordance with these objections, Impossible Foods will not comply with this Request. | RFP No. 31 is reasonable in scope as stated. | Impossible Foods's previous proposed compromise of providing research related to the marks is sufficient to the needs of this case. | Plaintiff Impossible Foods is to produce: 1) marketing research related to Plaintiff's marks; and 2) marketing materials sufficient to identify a) market channels for its goods & services using its marks and b) marketplaces it has identified for expansion for goods & services using its marks.<br><br>Production beyond these parameters is not |

**ATTACHMENT B (Dkt. 157)**

| | | | | |
|---|---|---|---|---|
| | | | | proportional to the needs of the litigation. |
| **RFP No. 78**: Produce documents sufficient to show, on a monthly, quarterly, and annual basis, Plaintiff's advertising budget, from 2019 to the present. | Impossible Foods objects to this request on the ground that it is unduly burdensome.<br><br>In accordance with the foregoing objections, Impossible Foods will not comply with this but is willing to meet and confer. | RFP No. 78 is reasonable in scope as stated. | Impossible Foods's production of previous years' advertising expenditures and its 2025 budget are sufficient to the needs of this case. | Plaintiff Impossible Foods' proposed compromise, production of documents sufficient to show its advertising spend on Plaintiff's Marks, along with its advertising budget for 2025, which reflects its anticipated spend, is responsive and proportional to the needs of the case.<br><br>No further production is required. |