# Exhibit A

## Apex Witnesses Chart

| Witness | Plaintiff's Proposed Compromise | Defendant's Proposed Compromise | [Reserved for Court Use] |
|---|---|---|---|
| **Meredith Madden**, Chief Demand Officer of Impossible Foods | Impossible LLC withdraw its notice of deposition. | Without waiver of its right to seek to compel his deposition at a later time should it become necessary, Impossible LLC withdrew its deposition notice for Ms. Madden on March 28, 2025. | |
| **Peter McGuinness**, Chief Executive Officer and President of Impossible Foods | Impossible LLC withdraw its notice of deposition. | Without waiver of its right to seek to compel his deposition at a later time should it become necessary, Impossible LLC withdrew its deposition notice for Mr. McGuinness on March 28, 2025. | |
| **Patrick Brown**, Founder and former Chief Executive Officer of Impossible Foods; current board member of Impossible Foods | Impossible LLC withdraw its notice of deposition. | Impossible LLC should be permitted to conduct a 4-hour deposition of Patrick Brown regarding Impossible Foods's rebranding from Maraxi, Inc. to Impossible Foods Inc., including the discussion of any commercial trademark search reports, knowledge of Impossible LLC's preexisting marks, the process of selecting and adopting IMPOSSBILE-formative branding. | |

## 30(b)(6) Topics Chart

| Topic(s) | Plaintiff's Proposed Compromise | Defendant's Proposed Compromise | [Reserved for Court Use] |
|---|---|---|---|
| **Topic 1:** | Impossible Foods will continue answering Impossible LLC's | Impossible LLC should be permitted to conduct a custodian | |

| | | | |
|---|---|---|---|
| IFI's efforts to comply with its discovery obligations under the Federal Rules of Civil Procedure in this case.<br><br>**Topic 3:** The specific custodians, drives, repositories, and other sources within IFI's possession, custody, or control that IFI searched for potentially responsive information.<br><br>**Topic 4:** The specific custodians, drives, repositories, and other sources within IFI's possession, custody, or control that may contain potentially responsive information, but which IFI did not search or collect documents or information from for purposes of this case.<br><br>**Topic 5:** Documents or document repositories of potentially relevant documents and things in IFI's or any of its custodians' possession, custody or control which have been, in whole or in part, deleted, destroyed or otherwise rendered inaccessible since receipt of Impossible's demand letter on November 10, 2020.<br><br>**Topic 6:** The factual circumstances surrounding the | questions regarding document searches, collection, review, and production. | of records deposition of no more than 2 hours regarding Impossible Foods's document search, collection, review, and production efforts. | |

| | | | |
|---|---|---|---|
| deletion of Myra Pasek's custodial documents and emails, including any efforts to recover Myra Pasek's documents and emails as part of IFI's investigation in this case.<br><br>**Topic 7:** The factual circumstances surrounding deletion of Jordan Schenck's documents and emails, including any efforts to recover Jordan Schenck's documents and emails as part of IFI's investigation in this case.<br><br>**Topic 8:** The factual circumstances surrounding deletion of any documents or emails of any potential custodian for responsive documents concerning this case.<br><br>**Topic 9:** IFI's preservation, collection, and production of documents relating to this case. | | | |
| **Topic 16:** IFI's organization from 2013 to the present, including the titles, duties, reporting lines, and any change in roles and positions of current and former employees over time. | "Generally, IFI's business organization from 2013 to the present." | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |

| | | | |
|---|---|---|---|
| **Topic 26:** The choice of and reasons for the final designs of IFI's logos, packaging, and marketing materials, including the decision to isolate "Impossible" on packaging, trade dress, advertising, or marketing materials as part of the IFI Name Change. | Delete first instance of "packaging, and marketing materials"—i.e., "The choice of and reasons for the final designs of IFI's logos, including the decision to isolate 'Impossible' on packaging, trade dress, advertising, or marketing materials as part of the IFI Name Change." | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |
| **Topic 29:** The choice of and reasons for the final designs of the rebranded IFI packaging, logos, and marketing materials, including the decision to isolate Impossible on IFI packaging, trade dress, advertising, or marketing materials as part of the IFI Rebrand. | Understanding that "rebranded" refers to major rebrands involving "IFI-formative Marks." | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |
| **Topic 60:** The projected U.S. profits from the sale of each of IFI's goods and services in 2025, including identification of revenue as well as each category of deductible expenses. | Impossible Foods will supplement its financial documents—providing *actual* revenues, expenses, and profits—up to a reasonable time before trial begins. | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |