# Exhibit C

1  J. Noah Hagey, Esq. (SBN: 262331)
       hagey@braunhagey.com
2  Adam S. Cashman, Esq. (SBN: 255063)
       cashman@braunhagey.com
3  Greg Washington, Esq. (SBN: 318796)
       gwashington@braunhagey.com
4  BRAUNHAGEY & BORDEN LLP
   747 Front Street, 4th Floor
5  San Francisco, CA 94111
   Telephone: (415) 599-0210
6
   Faith Barksdale, Esq. (*pro hac vice* forthcoming)
7      barksdale@braunhagey.com
   BRAUNHAGEY & BORDEN LLP
8  118 W 22nd Street, 12th Floor
   New York, NY 10011
9  Telephone: (646) 829-9403

*Attorneys for Defendants/Counter-Plaintiffs*
*IMPOSSIBLE LLC and JOEL RUNYON*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**IMPOSSIBLE LLC'S NOTICE OF DEPOSITION OF IMPOSSIBLE FOODS INC.'S CUSTODIAN OF RECORDS BY AND THROUGH PERSON OR PERSONS MOST KNOWLEDGEABLE PURSUANT TO RULE 30(b)(6)**<br><br>Location:  BraunHagey & Borden LLP<br>747 Front Street, 4th Floor<br>San Francisco, CA 94111<br><br>Date/Time: February 28, 2025 at 9:00 a.m. |

1       PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon (together "Impossible") will take the deposition of Impossible Foods Inc.'s custodian of records, through one or more officers, directors, agents, or other representatives who shall be designated to testify on Impossible Foods Inc.'s behalf regarding the subject matters set forth in **Attachment A.** Impossible will propound additional topics relating to other subject matter areas in a subsequent deposition notice.

      The deposition will take place on February 28, 2025, at BraunHagey & Borden LLP's offices at 747 Front Street, 4th Floor, San Francisco, CA 94111, commencing at 9:00 a.m. PST, or at such other time and location mutually agreeable to the parties.

      The deposition will continue from day to day until completed and shall be taken before an office, notary public, or other person duly authorized to administer oaths. Under Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and by videotape.

Dated: February 14, 2025        BRAUNHAGEY & BORDEN LLP

By:   */s/ Adam S. Cashman*
        Adam S. Cashman

*Attorneys for Defendants/Counter-Plaintiffs*
*IMPOSSIBLE LLC and JOEL RUNYON*

## ATTACHMENT A
## DEFINITIONS

1. "IFI" means Plaintiff Impossible Foods Inc. and its respective officers, directors, employees, agents, attorneys, subsidiaries, predecessors in interest, successors in interest, franchisees, and any other person or entity acting on Impossible Foods Inc.'s behalf or subject to its control.

2. The term "this case" shall mean the above-captioned action.

3. The term "document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure.

4. The term "collect" is synonymous in meaning and equal in scope to the usage to the procedure for producing documents and electronically stored information described in Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure.

5. The term "search" is synonymous in meaning and equal in scope to the usage of this term in the Federal Rules of Civil Procedure.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), the deponent must have knowledge and shall be able to competently testify concerning the following topics, subject to amendment with notice:

1. IFI's efforts to comply with its discovery obligations under the Federal Rules of Civil Procedure in this case.

2. The identity of the individuals that have undertaken and carried out IFI's efforts to search for and collect responsive or potentially responsive information and documents in this case.

3. The sources and repositories of potentially relevant documents and things in IFI's possession, custody or control, such as file folders, notebooks, storage cabinets, computers, physical or cloud-based servers, physical or virtual repositories, email accounts, communication applications (*e.g.*, Salesforce, Slack, Microsoft Teams), cell phones, or other communication services (*e.g.*, Signal or Whatsapp).

4. The identity of individuals and/or document custodians with potentially relevant information related to the claims and defenses in this case.

5. The identity of individuals and/or document custodians involved in IFI's branding or marketing of "IMPOSSIBLE" including, without limitation, individuals involved in advertising, social media, market studies/surveys, brand agencies or consultants, media engagement, and intellectual property protection.

6. The identity of third-party marketing agencies, consumer survey firms, brand advisors, or other consultants engaged by IFI regarding its "IMPOSSIBLE" branding or marketing.

7. The parameters of any searches or filters IFI has used or applied in its document collection, review, and production efforts in this case.

8. The specific custodians, drives, repositories, and other sources within IFI's possession, custody, or control that IFI searched for potentially responsive information.

9. The specific custodians, drives, repositories, and other sources within IFI's possession, custody, or control that may contain potentially responsive information, but which IFI did not search or collect documents or information from for purposes of this case.

10. Documents or document repositories in IFI's or any of its custodians' possession, custody or control (including any such repositories identified in connection with Item 3, *supra*) which have been, in whole or in part, deleted, destroyed or otherwise rendered inaccessible since receipt of Impossible's demand letter on November 10, 2020.

Dated: February 14, 2025

BRAUNHAGEY & BORDEN LLP

By: */s/ Adam S. Cashman*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*