UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IMPOSSIBLE FOODS INC.,

    Plaintiff,

v.

IMPOSSIBLE X LLC, et al.,

    Defendants.

Case No. 21-cv-02419-BLF (SVK)

**DISCOVERY ORDER**

Re: Dkt. No. 167

    Before the Court is the Parties' Joint Submission regarding Defendant Impossible LLC's notice of deposition directed to Patrick Brown and a 30(b)(6) notice directed to certain document retention and production issues. Dkt. 167. The Court is pleased to see that prior to the submission, a number of disputes "tee'd up" for the Court were resolved. Dkt. 167-1. The Court has reviewed the Joint Submission and the relevant Rules of Civil Procedure, including the guiding principles of relevance and proportionality. The Court's rulings are set forth in Attachment A.

    **SO ORDERED.**

Dated: April 1, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

## ATTACHMENT A

## Apex Witnesses Chart

| Witness | Plaintiff's Proposed Compromise | Defendant's Proposed Compromise | COURT ORDER |
|---|---|---|---|
| **Meredith Madden**, Chief Demand Officer of Impossible Foods | Impossible LLC withdraw its notice of deposition. | Without waiver of its right to seek to compel his deposition at a later time should it become necessary, Impossible LLC withdrew its deposition notice for Ms. Madden on March 28, 2025. | |
| **Peter McGuinness**, Chief Executive Officer and President of Impossible Foods | Impossible LLC withdraw its notice of deposition. | Without waiver of its right to seek to compel his deposition at a later time should it become necessary, Impossible LLC withdrew its deposition notice for Mr. McGuinness on March 28, 2025. | |
| **Patrick Brown**, Founder and former Chief Executive Officer of Impossible Foods; current board member of Impossible Foods | Impossible LLC withdraw its notice of deposition. | Impossible LLC should be permitted to conduct a 4-hour deposition of Patrick Brown regarding Impossible Foods's rebranding from Maraxi, Inc. to Impossible Foods Inc., including the discussion of any commercial trademark search reports, knowledge of Impossible LLC's preexisting marks, the process of selecting and adopting IMPOSSBILE-formative branding. | Defendant Impossible LLC seeks to depose apex witness Patrick Brown regarding "rebranding from Maraxi, Inc. to Impossible Foods" in the 2013-2015 time frame. Defendant argues that Brown is the only person with personal knowledge of this key issue who is still affiliated with Impossible Foods. Dkt. 167 ("Joint Statement") at 10-11.<br><br>Impossible Foods objects based on the well-known principles of the "apex doctrine" and identifies 3 other witnesses, already scheduled for deposition, who appear, by their areas of |

1

| | | | |
|---|---|---|---|
| | | | responsibility and dates of employment, to have first-hand knowledge of the branding efforts in the relevant time frame.  Joint Statement at 3-4.<br><br>Any deposition on this topic will be properly directed to facts, which can be provided by any witness with personal knowledge of the branding issue in the relevant time period, regardless of whether they are currently with the company or not. Accordingly, in light of the likely availability of less-intrusive depositions of persons with personal knowledge of the relevant facts, **Impossible LLC's notice of deposition of Patrick Brown is quashed without prejudice to being revived should the proffered witnesses be unable to address the relevant topic**. |

2

**30(b)(6) Topics Chart**

| Topic(s) | Plaintiff's Proposed Compromise | Defendant's Proposed Compromise | COURT ORDER |
|---|---|---|---|
| **Topic 1:** IFI's efforts to comply with its discovery obligations under the Federal Rules of Civil Procedure in this case.<br><br>**Topic 3:** The specific custodians, drives, repositories, and other sources within IFI's possession, custody, or control that IFI searched for potentially responsive information.<br><br>**Topic 4:** The specific custodians, drives, repositories, and other sources within IFI's possession, custody, or control that may contain potentially responsive information, but which IFI did not search or collect documents or information from for purposes of this case.<br><br>**Topic 5:** Documents or document repositories of potentially relevant documents and things in IFI's or any of its custodians' possession, custody or control which have been, in whole or in part, deleted, destroyed or otherwise rendered inaccessible since receipt of Impossible's | Impossible Foods will continue answering Impossible LLC's questions regarding document searches, collection, review, and production. | Impossible LLC should be permitted to conduct a custodian of records deposition of no more than 2 hours regarding Impossible Foods's document search, collection, review, and production efforts. | Impossible Foods has identified witnesses with personal knowledge on key facts (Ms. Pasek, Mr. Schenck and Mr. Halla (*see* above)).  Impossible Foods has also acknowledged through counsel that the files of Ms. Pasek and Mr. Schenck were deleted at the time of their departures from the company, prior to litigation.  Joint Statement at 6.  The status of Mr. Halla's files is unclear. *Id.* at 8.<br><br>The record in this case thus far does not indicate spoliation by Impossible Foods.  Never the less, Impossible LLC is entitled to 30(b)(6) testimony not to exceed 3 hours regarding the following topics:<br>• Impossible Food's document retention policy and practices generally for the time period when these witnesses were employed by the company;<br>• document collection/retrieval efforts as to these three witnesses specifically; and |

| | | | |
|---|---|---|---|
| demand letter on November 10, 2020.<br><br>**Topic 6:** The factual circumstances surrounding the deletion of Myra Pasek's custodial documents and emails, including any efforts to recover Myra Pasek's documents and emails as part of IFI's investigation in this case.<br><br>**Topic 7:** The factual circumstances surrounding deletion of Jordan Schenck's documents and emails, including any efforts to recover Jordan Schenck's documents and emails as part of IFI's investigation in this case.<br><br>**Topic 8:** The factual circumstances surrounding deletion of any documents or emails of any potential custodian for responsive documents concerning this case.<br><br>**Topic 9:** IFI's preservation, collection, and production of documents relating to this case. | | | - the identification of alternative sources of relevant branding development documents from the 2013-2016 time period as well as collection efforts as to any such documents. |
| **Topic 16:** IFI's organization from 2013 to the present, including the titles, duties, reporting lines, and | "Generally, IFI's business organization from 2013 to the present." | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |

4

| | | | |
|---|---|---|---|
| any change in roles and positions of current and former employees over time. | | | |
| **Topic 26:** The choice of and reasons for the final designs of IFI's logos, packaging, and marketing materials, including the decision to isolate "Impossible" on packaging, trade dress, advertising, or marketing materials as part of the IFI Name Change. | Delete first instance of "packaging, and marketing materials"—i.e., "The choice of and reasons for the final designs of IFI's logos, including the decision to isolate 'Impossible' on packaging, trade dress, advertising, or marketing materials as part of the IFI Name Change." | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |
| **Topic 29:** The choice of and reasons for the final designs of the rebranded IFI packaging, logos, and marketing materials, including the decision to isolate Impossible on IFI packaging, trade dress, advertising, or marketing materials as part of the IFI Rebrand. | Understanding that "rebranded" refers to major rebrands involving "IFI-formative Marks." | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |
| **Topic 60:** The projected U.S. profits from the sale of each of IFI's goods and services in 2025, including identification of revenue as well as each category of deductible expenses. | Impossible Foods will supplement its financial documents—providing *actual* revenues, expenses, and profits—up to a reasonable time before trial begins. | Impossible LLC accepted Impossible Foods's compromise position on March 30, 2025. | |

5