KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6549
Facsimile: (404) 541-3139
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>    Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge:   Hon. Beth Labson Freeman<br>Date:    June 26, 2025<br>Time:    9:00 a.m. |

<u>**NOTICE OF MOTION**</u>

TO DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 26, 2025, before the Honorable Beth Labson Freeman, Courtroom 3, 5th floor, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, at 9:00 a.m. or as soon thereafter as the matter may be heard, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") will and hereby does move to strike Defendants/Counter-Plaintiffs Impossible LLC's and Joel Runyon's (collectively, "Defendants") select affirmative defenses asserted in Defendants' Answer and Counterclaims to Impossible Foods's Third Amended Complaint. ECF 168 at 49-51. Impossible Foods moves to strike the affirmative defenses of unclean hands, estoppel, waiver, and acquiescence from the record pursuant to Federal Rules of Civil Procedure 12(f), 15, 16 and Local Rule 10-1.

Impossible Foods's motion is based on this Notice of Motion and accompanying Memorandum and Points of Authorities in Support, the pleadings and papers on file in this action, and such other written or oral argument as may be presented at or before the time this motion is heard and/or taken under submission by the Court.

DATED: April 4, 2025                    Respectfully submitted,

                                        **KILPATRICK TOWNSEND & STOCKTON**

                                        By: */s/ H. Forrest Flemming, III*
                                        R. Charles Henn Jr. (*pro hac vice*)
                                        H. Forrest Flemming, III (*pro hac vice*)
                                        Erica C. Chanin (*pro hac vice*)
                                        Kollin Zimmerman (SBN 273092)

                                        *Attorneys for Plaintiff*
                                        IMPOSSIBLE FOODS INC.

## I. INTRODUCTION

On March 4, 2025, the Court granted Impossible Foods's motion to modify the Scheduling Order to allow Impossible Foods to amend its complaint and assert claims of trademark abandonment and fraud on the PTO. ECF 149. In their March 31 answer, Defendants asserted several affirmative defenses for the first time—without leave of Court.

This is the second time Defendants have brazenly amended their pleading without leave of Court, with the Court striking Defendants' last attempt on December 18, 2024. ECF 117. Here, the Court should again strike Defendants' improper and untimely amendment. Defendants could have asserted these defenses in their October 1, 2024 answer (ECF 107), so they cannot show the diligence required to modify the Scheduling Order to allow amendment of their pleading. Moreover, the assertion of new affirmative defenses with just two weeks left in fact discovery would irreparably prejudice Impossible Foods.

For these reasons, those provided below, and those provided in the Court's December 18 Order (ECF 117), the Court should strike Defendants' untimely affirmative defenses of unclean hands, estoppel, waiver, and acquiescence (the "Defenses").

## II. ARGUMENT

"[A]n answer containing new defenses or counterclaims 'may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, **the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint.**'" *Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-2923 MMC, 2005 WL 8153035, at *3 (N.D. Cal. Oct. 19, 2005) (citation omitted) (emphasis added); *see also Neo4j, Inc. v. PureThink, LLC*, No. 5:18-cv-07182-EJD, 2021 WL 810260, at *2 (N.D. Cal. Mar. 3, 2021) (same); *Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012) (same). Here, Impossible Foods's amendments to the complaint added claims for trademark abandonment and fraud on the PTO.

But the Defenses are all affirmative defenses *to trademark infringement*, which was asserted in the September 17, 2024 Second Amended Complaint. Thus, the "breadth of the changes" in Defendants answer does *not* "reflect the breadth of the changes in the amended complaint."

Defendants have not asked the Court to modify the Scheduling Order under Rule 16 to allow them to amend their pleading to assert the Defenses, and they can only do so through a properly noticed motion. But even if Defendants had noticed such a motion on March 31, their motion would have been denied. As the Court explained previously to Defendants, under Rule 16: "If th[e] party was not diligent, the inquiry should end." ECF 148 at 3 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Here, Defendants had months to seek leave to raise the Defenses but did not do so. Thus, they could not show good cause to modify the Scheduling Order to amend their pleading under Rule 16.

Impossible Foods would also suffer irreparable prejudice if Defendants were permitted to raise the Defenses now. Fact discovery closes April 14, meaning Defendants raised the Defenses for the first time (on March 31) with just two weeks left in discovery. Thus, Impossible Foods was unable to serve document requests, interrogatories, and requests for admission aimed that these defenses. This is prejudice that cannot be cured in light of the remainder of the case schedule, with initial expert reports due April 28 (also less than a month after Defendants first raised the Defenses), summary judgment papers due July 3, and trial beginning November 10. ECF 113.

Defendants likely will argue that Impossible Foods can question their 30(b)(6) witness Joel Runyon about the Defenses at his April 10 deposition. That argument fails for at least two reasons. **First**, because Impossible Foods was denied the opportunity for written discovery into the Defenses, Impossible Foods will be unable to impeach Mr. Runyon's testimony using produced documents or interrogatory answers. Impossible Foods would similarly be required to waste valuable deposition time (Mr. Runyon is Defendants' *only* witness, meaning his deposition

must cover every single aspect of this case) exploring facts that could have been confirmed ahead of time through requests for admission.

*Second*, Defendants failed to allege a single fact in support of any of the Defenses, meaning Impossible Foods has no idea what they are intended to entail. Again, Defendants are trying to force Impossible Foods to spend valuable deposition time exploring defenses for which Defendants have provided zero clarity. Defendants' failure to include any factual allegations supporting the Defenses exacerbates the prejudice to Impossible Foods, and it also independently justifies dismissing or striking the defenses under Rule 12. *See Cisco Sys., Inc. v. Chung*, No. 19-cv-07562-PJH, 2021 WL 427293, at *8 (N.D. Cal. Feb. 8, 2021) ("Given that these allegations fall short of the applicable pleading requirements, the court strikes He's three remaining affirmative defenses [for failure to mitigate, unclean hands, and estoppel] without prejudice."); *G & G Closed Cir. Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010) (striking a waiver affirmative defense as "insufficient because [it] amounts to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case").

## III.   CONCLUSION

For the foregoing reasons, Impossible Foods respectfully requests the Court strike Defendants' unclean hands, estoppel, acquiescence, and waiver affirmative defenses from its Answer to Impossible Foods's Third Amended Complaint.

DATED:  April 4, 2025                    Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By:   */s/ H. Forrest Flemming, III*

|   |   |
|---|---|
| 1 | R. Charles Henn Jr. (*pro hac vice*) |
| 2 | H. Forrest Flemming, III (*pro hac vice*) |
|   | Erica Chanin (*pro hac vice*) |
| 3 | Kollin Zimmerman (SBN 273092) |
| 4 | *Attorneys for Plaintiff* |
|   | IMPOSSIBLE FOODS INC. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2024, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

> */s/ H. Forrest Flemming, III*
> H. Forrest Flemming, III