KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>            Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>            Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**MOTION TO STRIKE DEFENDANTS/COUNTER-PLAINTIFFS' AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge:   Hon. Beth Labson Freeman<br>Date:    June 26, 2025<br>Time:   9:00 a.m. |

<u>**NOTICE OF MOTION**</u>

TO DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 26, 2025, before the Honorable Beth Labson Freeman, Courtroom 3, 5th floor, San Jose Courthouse, 280 South 1st Street, San Jose,

1 California 95113, at 9:00 a.m. or as soon thereafter as the matter may be heard, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") will and hereby does move to strike Defendants/Counter-Plaintiffs Impossible LLC's and Joel Runyon's (collectively, "Defendants'") select affirmative defenses asserted in Defendants' Answer and Counterclaims to Impossible Foods's Third Amended Complaint [Corrected]. ECF 171 at 48-49. Impossible Foods moves to strike the affirmative defenses of unclean hands, estoppel, waiver, and acquiescence pursuant to Federal Rules of Civil Procedure 12(f) and Local Rule 10-1.

Impossible Foods's motion is based on this Notice of Motion and accompanying Memorandum and Points of Authorities in Support, the pleadings and papers on file in this action, and such other written or oral argument as may be presented at or before the time this motion is heard and/or taken under submission by the Court.

DATED:  April 9, 2025                  Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By:  */s/ H. Forrest Flemming, III*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica C. Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

## I. INTRODUCTION

Defendants' March 31, 2025 Answer (ECF 168) asserted several affirmative defenses for the first time without leave of Court, which was the subject of Impossible Foods's prior motion to strike (ECF 170). On April 4, Defendants filed an "Answer and Revised Counterclaims to [Impossible Foods's] Third Amended Complaint [Corrected]," in which they clarified that the new defenses applied exclusively to the new allegations and claims in the Third Amended Complaint. ECF 171 at 48. Nonetheless, and as explained in Impossible Foods's prior motion to strike, those defenses are not adequately pled. In particular, Defendants did not allege *any* facts in support of their new defenses of waiver, estoppel, acquiescence, and unclean hands ("Defenses"), meaning they fail the pleading standards established after *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendants raised the Defenses for the first time on March 31, after the last day to serve written discovery requests. Now, with just two business days left in fact discovery, Defendants still have not alleged any facts supporting the Defenses. Allowing these pure boilerplate defenses to proceed at this juncture would irreparably prejudice Impossible Foods, which has been denied the opportunity to (1) conduct discovery into the Defenses and (2) locate and produce evidence to defeat the Defenses.

For these reasons and those provided below, the Court should strike the Defenses without leave to amend.

## II. ARGUMENT

The Court should strike the Defenses under Rule 12(f) because, despite Impossible Foods advising Defendants of this deficiency, Defendants' "corrected" answer contains zero factual allegations in support of the Defenses, in violation of *Twombly*, *Iqbal*, and their progeny. *Ochoa v. City of San Jose*, Case No. 21-cv-02456-BLF, 2022 WL 1619152, at *2 (N.D. Cal. May 23, 2022) (Freeman, J.) ("Courts generally apply the *Twombly/Iqbal* plausibility standard to pleading affirmative defenses[.]").

"Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal

PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S MOTION TO STRIKE
CASE NO. 5:21-CV-02419-BLF (SVK)
3

US2008 313115131 4

claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015) (citations omitted). Where, as here, defenses "are supported by no factual allegations," courts "regularly" strike them. *Ochoa*, 2022 WL 1619152, at *2. Thus, the Defenses should be stricken under *Twombly*.

The lack of plausibility and lack of fair notice provided by the Defenses is particularly apparent when considering the legal doctrines underlying them. Beginning with "estoppel," the law recognizes numerous types of estoppel: e.g., collateral estoppel, judicial estoppel, licensee estoppel, equitable estoppel, contract estoppel, estoppel by laches. Impossible Foods has no way of knowing what type(s) of estoppel Defendants are even asserting, not to mention the facts that purportedly support each element.

To assert an affirmative defense of waiver, Defendants must allege facts that would plausibly establish that Impossible Foods intentionally relinquished or abandoned a known right. *See Finjan, Inc. v. Bitdefender Inc.*, Case No. 17-cv-04790-HSG, 2018 WL 1811979, at *4 (N.D. Cal. Apr. 17, 2018) ("A party asserting a waiver defense must allege that a plaintiff intentionally relinquished or abandoned a known right."). Here, Defendants do not identify any "right" purportedly waived, any knowledge of that right on the part of Impossible Foods, nor any act or omission plausibly constituting an intentional relinquishment of that right. *See G & G Closed Cir. Events, LLC v. Nguyen*, No. 10-CV-168-LHK, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010) (striking an affirmative defense of waiver as "insufficient because [it] amounts to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case").

To assert an affirmative defense of acquiescence, Defendants must allege facts plausibly showing that (a) Impossible Foods "actively represented that it would not assert a right or claim," (b) the delay between that representation and assertion of the right was not excusable, and (c) the delay caused Defendants undue prejudice. *Seller Agency Council, Inc. v.*

PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S MOTION TO STRIKE
CASE NO. 5:21-CV-02419-BLF (SVK)

4

*Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010). Defendants' *laches* defense (barely) discusses delay and prejudice, but nowhere in Defendants' pleading is an allegation that Impossible Foods "actively represented" that it would not assert the new claims of fraud on the United States Patent & Trademark Office ("PTO") and trademark abandonment.

To assert an affirmative defense of unclean hands, "the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997) (citations omitted). Defendants' unclean hands defense fails for at least three reasons. **First**, Defendants "fail[] to identify any conduct" that would provide grounds for an unclean hands defense. *Espitia v. Mezzetti Financial Services, Inc.*, Case No. 18-cv-2480-VKD, 2019 WL 359422, at *3 (N.D. Cal. Jan. 29, 2019). **Second**, unclean hands is a defense to trademark infringement, yet Defendants are attempting to use it as a defense to fraud on the PTO and trademark abandonment claims. Impossible Foods is not aware of any case in which the doctrine of unclean hands was applied to such claims. **Third**, the defense of unclean hands sounds in fraud, such that the heightened pleading standard that applies to fraud claims applies to the defense of unclean hands. *See Intel Corp. v. Hyundai Elecs. Am., Inc.*, 692 F. Supp. 1113, 1117 (N.D. Cal. 1987) (noting because the "defense of unclean hands involved elements of fraud," "the standards of pleading should be identical" (citations omitted)). Defendants cannot even meet the standards of *Twombly*, much less the heightened pleading standards for fraud.

Finally, Impossible Foods is not required to demonstrate prejudice to support its motion to strike Defendants' Defenses as insufficient under Fed. R. Civ. P. 12(f). *Ochoa*, 2022 WL 1619152, at *3 ("[A] showing of prejudice is unnecessary for a motion to strike"). But Defendants will likely argue that Impossible Foods is not prejudiced by the Defenses because Impossible Foods could have questioned Defendants' 30(b)(6) witness about them during his April 10 deposition. That anticipated argument misses the point. Each of the Defenses centers on conduct *by Plaintiff*, not Defendants. Thus, to combat the Defenses, Impossible Foods would

need to locate and produce evidence (either testimony or documents) related to Impossible Foods's challenged conduct. Fact discovery closes on April 14. Even if Defendants' witness explained in great detail the contours of the Defenses on April 10, Impossible Foods would not have had time to adduce evidence to rebut Defendants' allegations.

Defendants are represented by sophisticated counsel and were fully aware of their obligation to provide factual support for the Defenses in their March 31 pleading. And in its April 4 motion to strike, Impossible Foods put Defendants on further notice of that obligation. Defendants' unexplained failure to provide any factual allegations in support of the Defenses has therefore prejudiced Impossible Foods, and that prejudice cannot be remedied. Accordingly, the Court should strike the Defenses *without* leave to amend.

### III. CONCLUSION

For the foregoing reasons, Impossible Foods respectfully requests that the Court strike Defendants' unclean hands, estoppel, acquiescence, and waiver affirmative defenses without leave to amend.

DATED: April 9, 2025                    Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/ H. Forrest Flemming, III*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *H. Forrest Flemming, III*
H. Forrest Flemming, III