# EXHIBIT A

**Exhibit A**

| Interrogatory | Response | Plaintiff's Proposed Compromise | Defendant's Proposed Compromise | [Reserved for Court Use] |
|---|---|---|---|---|
| **Interrogatory No. 16:** On a year-by-year basis, identify the descriptive words most often used to describe IFI's products in its marketing messaging for each year from 2015 to the present. | Impossible Foods objects to this Interrogatory on the ground that "descriptive words most often used to describe" is vague, ambiguous, and undefined. Impossible Foods further objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 6. In addition, Impossible Foods objects to this Interrogatory on the ground that it is overbroad and does not describe the information sought with reasonable particularity. Instead, the Interrogatory vaguely asks Impossible Foods to "identify the descriptive words most often used to describe IFI's products in its marketing messaging" for each year over the past ten years. Impossible Foods also objects to this Interrogatory because it seeks information in the public domain and equally available to Defendants or their counsel and/or | | Impossible Foods to answer Interrogatory No. 16 in full and under oath by April 28, 2025. | |

| | | | | |
|---|---|---|---|---|
| | already within Defendants' or their counsel's knowledge, possession, custody, or control. And Impossible Foods objects to this Interrogatory because it seeks information that is not relevant to any claim or defense asserted in this action. Finally, Impossible Foods objects to this Interrogatory on the ground that it calls for a legal conclusion.<br><br>In accordance with these objections, Impossible Foods will not comply with this request but is willing to meet and confer. | | | |
| **Interrogatory No. 20:** On a year-by-year and product-by-product basis, identify IFI's annual revenue for all plant-based meat products sold in connection with Plaintiff/Counter-Defendant's Marks, for every year from 2015 through the date of service of your response. | Impossible Foods objects to this Interrogatory as cumulative and duplicative of Request Nos. 21, 113, 116-118, and 120-122. Impossible Foods also objects to this Interrogatory because it seeks information already within Defendants' or their counsel's knowledge, possession, custody, or control. Impossible Foods further objects to | | Impossible Foods to answer Interrogatory No. 20 in full and under oath by April 28, 2025. | |

| | | | | |
|---|---|---|---|---|
| | this Interrogatory as it calls for information that Impossible Foods does not keep in in the ordinary course of business. In addition, Impossible Foods objects to this Interrogatory as unduly burdensome, overly broad, and disproportionate to the needs of the case as it asks Impossible Foods, *on a year-by-year and product-by-product basis*, to identify Impossible Foods's annual revenue for *all* plant-based meat products sold in connection with its IMPOSSIBLE-formative marks, for *every year from 2015 through the date of service of Impossible Foods's response.*<br><br>In accordance with these objections, and pursuant to Fed. R. Civ. P. 33(d), Impossible Foods directs Defendants to the documents produced at IF00017501 and IF00026503-26507. | | | |
| **Interrogatory No. 21:** On a year-by-year and product-by-product basis, | Impossible Foods objects to this Interrogatory as cumulative and duplicative | | Impossible Foods to answer Interrogatory No. | |

| | | | | |
|---|---|---|---|---|
| identify IFI's total annual expenditures on all forms of advertising or promotional activity undertaken as to any (i) cookbooks; (ii) apparel products; (iii) philanthropic activities; and (iv) sales of edible products offered for sale under any of Plaintiff's Marks from 2015 through the date of your response. | of Request Nos. 12, 80-82, 128, 131, and 134. Impossible Foods also objects to this Interrogatory because it seeks information already within Defendants' or their counsel's knowledge, possession, custody, or control. Impossible Foods further objects to this Interrogatory as it calls for information that Impossible Foods does not keep in in the ordinary course of business. In addition, Impossible Foods objects to this Interrogatory as unduly burdensome, overly broad, and disproportionate to the needs of the case as it asks Impossible Foods, *on a year-by-year and product-by-product basis*, to identify Impossible Foods's total annual expenditures on *all* forms of advertising or promotional activity undertaken as to *any* (i) cookbooks; (ii) apparel products; (iii) philanthropic activities; and (iv) sales of edible products offered for sale in | | 21 in full and under oath by April 28, 2025. | |

| | | | | |
|---|---|---|---|---|
| | connection with its IMPOSSIBLE-formative marks *from 2015 through the date of service of Impossible Foods's response*. Finally, Impossible Foods objects to this interrogatory because it is compound, containing at least four, discrete subparts seeking, on a year-by-year and product-by-product basis: (1) Impossible Foods's total annual expenditures on all forms of advertising or promotional activity undertaken as to any (1) cookbooks, (2) apparel products, (3) philanthropic activities, and (4) edible products. Because Impossible Foods has already responded to 25 interrogatories, including discrete subparts, Impossible Foods is under no obligation to respond to this Interrogatory.<br><br>In accordance with these objections, and pursuant to Fed. R. Civ. P. 33(d), Impossible Foods states that information responsive to this | | | |

| | | | | |
|---|---|---|---|---|
| | Interrogatory can be found in Impossible Foods's document productions. In addition, Impossible Foods is available to meet and confer regarding the scope of this Interrogatory and/or Impossible Foods's numerosity objection. | | | |

| **Requests for Production** | **Response** | **Plaintiff's Proposed Compromise** | **Defendant's Proposed Compromise** | **[Reserved for Court Use]** |
|---|---|---|---|---|
| **Request for Production No. 124**: Produce all documents concerning business forecasts and projections, by quarter or annually, from 2025 onward. | Impossible Foods objects to this Request on the ground that it seeks documents protected from discovery by the attorney-client privilege and the work product doctrine. Impossible Foods also objects to this Request on the ground that it is overly overbroad, unduly burdensome, and disproportionate to the needs of the case because it requests "all" documents concerning business forecasts and projections, by quarter or annually, from 2025 onward. Impossible Foods further objects to this Request on the ground that "business | | Produce documents sufficient to show Impossible Foods's advertising and promotional annual budget projections through fiscal year 2027 by April 28, 2025. | |

| | | | | |
|---|---|---|---|---|
| | forecasts and projections," especially those divorced from Impossible Foods and its IMPOSSIBLE-formative marks, are not relevant to any claim or defense asserted in this action. In addition, Impossible Foods objects to this Request on the ground that "business forecasts and projections" is vague, ambiguous, and undefined.<br><br>In accordance with these objections, Impossible Foods states that it will not comply with this Request but is willing to meet and confer. | | | |
| **RFP No. 125:** Produce documents sufficient to show internal reporting of annual sales and distribution activities for goods and services bearing Plaintiff/Counter-Defendant's Marks from 2011 to the present. | Impossible Foods objects to this Request on the ground that it seeks documents protected from discovery by the attorney-client privilege and the work product doctrine. Impossible Foods also objects to this Request on the ground that it is overly overbroad, unduly burdensome, and disproportionate to the needs of the case because | | Produce documents sufficient to show internal reporting of annual sales for goods and services since 2015 by April 28, 2025. | |

| | | | | |
|---|---|---|---|---|
| | it requests documents sufficient to show internal reporting of annual sales and distribution activities for goods and services bearing Plaintiff/Counter-Defendant's Marks from *2011 to the present*. In addition, Impossible Foods objects to this Request on the ground that "internal reporting of annual sales and distribution" is vague, ambiguous, and undefined. Impossible Foods also objects to this Request as cumulative and duplicative of Request Nos. 21, 113, and 116-122. Impossible Foods further objects to this Request on the ground that "internal reporting of annual sales and distribution activities" are not relevant to any claim or defense asserted in this action. Finally, Impossible Foods objects to this Request on the ground that annual sales and distribution activities for goods and services bearing Plaintiff/Counter-Defendant's Marks from 2011 to 2015 are not | | | |

| | | | | |
|---|---|---|---|---|
| | relevant to any claim or defense asserted in this action.<br><br>In accordance with these objections, Impossible Foods states that it will not comply with this Request but is willing to meet and confer. | | | |