# EXHIBIT B

J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Faith Barksdale, Esq. (*pro hac vice*)
barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs IMPOSSIBLE LLC and JOEL RUNYON*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter-Defendant,

v.

IMPOSSIBLE LLC and JOEL RUNYON,

Defendants / Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**DEFENDANT / COUNTER-PLAINTIFF IMPOSSIBLE LLC'S THIRD SET OF INTERROGATORIES**

Judge: Hon. Beth Labson Freeman

Pursuant to Fed. R. Civ. P. Rules 26 and 33, Defendant/Counter-Plaintiff Impossible LLC ("Impossible") hereby requests that Plaintiff/Counter-Defendant Impossible Foods Inc. ("IFI") respond to these Interrogatories within the time as prescribed by the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following Interrogatories and Defendant's accompanying Fourth Request for Production of Documents and Things are subject to the definitions set forth below:

1. The terms "IFI," "Plaintiff/Counter-Defendant," "you," and "your" shall mean, unless otherwise expressly indicated by the particular context, the named Plaintiff/Counter-Defendant, Impossible Foods Inc., as well as shall include collectively and severally, each affiliated or related corporation, partnership, or joint venture of IFI (including all predecessors and successors to the property that is the subject matter of this Litigation), any representative, agent, or person acting or purporting to act on behalf of each such person or entity, and, where appropriate, the officers, agents, employees, servants, representatives, and attorneys of any one or more of them. Without limiting the generality of the foregoing, the term "Plaintiff/Counter-Defendant" shall also include licensees of Plaintiff/Counter-Defendant and/or the other persons described above.

2. The term "Defendant/Counter-Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, the named Defendant/Counter-Plaintiff, Impossible LLC.

3. The term "Plaintiff/Counter-Defendant's Marks" shall mean all marks used by Plaintiff/Counter-Defendant that include the term "impossible," including the IMPOSSIBLE standard character mark, the IMPOSSIBLE FOODS standard character mark, and all marks reflected in U.S. Reg. Nos. 5370337, 5381475, 5381635, 5459255, 6120723, 6120724, 6120725, 6211591, 6405011, 6496345, 6496346, 6725576, 6725577, 6897144, 6926398, 6943349, 6943438, 6950050, 6950051, 6950052, 6969275, 6969276, 6986665, 7046323, 7095042, 7107641, 7107777, 7111733, 7114972, 7179385, 7226606, 7226607, 7249915, and 7249916, and U.S. App. Ser. Nos. 98200630,

97915811, 90709175, 90709191, 98342580, 90726622, 98028581, 98028597, 97915805, 97915809, 97915812, 88855875, 98042164, and 97038094.

4. The term "this Litigation" shall mean the above-captioned litigation.

5. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

6. The term "descriptive words" shall mean adjectives pertaining to the character, quality, of experience of goods and services used to shape the brand identity of those goods and services.

7. The term "document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of Plaintiff, including, without limitation, computer e-mail.

8. Unless otherwise indicated, the term "identify":

a. When used in connection with documents, means to indicate (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author, addressee, and recipient.

b. When used in connection with things, including, but not limited to, goods or physical things, means to furnish a complete description of the thing, including its common designation, its composition, its physical description, and any other distinguishing characteristics.

c. When used in connection with natural persons, means to give the person's full name, present or last known address, and present or last known place of employment (including address and telephone number thereof).

d. When used in connection with business entities, means to provide the full name, principal place of business, state of incorporation or registration (if applicable), offices, and manufacturing facilities.

9. The term "person" shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

10. As used herein, the term "describe" means to give a full and complete narrative answer, whether or not IFI deems that response admissible.

11. As used herein, the term "identify" means to give a full and complete narrative answer, whether or not IFI deems that response admissible.

12. The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be construed to be outside its scope. Wherever appropriate herein, the singular form of a word should be interpreted in the plural, and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1. Where an interrogatory answer differs as between different types of goods or services, the answer shall set forth such different information as is applicable to each of the different types of goods or services.

2. Where an interrogatory answer differs as between different types of use of the mark (*e.g.*, first use as a service mark and first use as a trademark), the answer shall set forth such different information as is applicable to each of the different types of use.

3. Where an interrogatory answer differs as between different persons and entities falling within the scope of the term "Plaintiff/Counter-Defendant" (*e.g.*, the alleged first use of the mark by the named Plaintiff/Counter-Defendant and the first use of the mark by a licensee or related corporate entity of the named Plaintiff/Counter-Defendant), the answer shall set forth such different information as is applicable to each of the different persons and or entities.

4. For each document or tangible thing otherwise responsive to any interrogatory or document request which has been lost or destroyed since its preparation or receipt, state: (i) the request to which it would be responsive; (ii) the circumstances whereby the document or tangible thing was lost or destroyed; and (iii) the identity of all persons having knowledge of such loss or destruction.

5. If Plaintiff/Counter-Defendant refuses to identify and/or produce any document(s) based upon a claim of privilege or work product immunity, Plaintiff/Counter-Defendant shall, in log form: (i) identify each document by its author, intended recipient(s), the date of the document, and its general subject matter, and (ii) set forth for each withheld document the particular basis for the refusal of production.

6. If Plaintiff/Counter-Defendant elects to produce documents or other tangible things responsive to any interrogatory, Plaintiff/Counter-Defendant must state the particular Bates number or range or other specific numerical identifier for the particular documents or other tangible things responsive to each specific interrogatory as required by Fed. R. Civ. P. 33(d).

7. These interrogatories shall be deemed continuing in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 15:**

Describe in detail any goods or services that IFI has not previously offered and/or does not currently offer under Plaintiff/Counter-Defendant's Marks but has plans to offer in the future.

**INTERROGATORY NO. 16:**

On a year-by-year basis, identify the descriptive words most often used to describe IFI's products in its marketing messaging for each year from 2015 to the present.

**INTERROGATORY NO. 17:**

For each individual product offered by IFI using Plaintiff/Counter-Defendant's Marks, identify each channel through which those products have been marketed, promoted, advertised, offered for sale, or sold, including without limitation retail outlets, e-commerce platforms, commercial wholesalers, business-to-business transactions, or commercial distributors.

**INTERROGATORY NO. 18:**

On a year-by-year basis, identify the total revenue IFI has generated in connection with the sale, licensing, or any other transaction involving any and all cookbooks bearing any of Plaintiff/Counter-Defendant's Marks.

**INTERROGATORY NO. 19:**

On a year-by-year basis, identify the total revenue IFI has generated in connection with sales, licensing, or any other transactions involving any and all apparel bearing any of Plaintiff/Counter-Defendant's Marks.

**INTERROGATORY NO. 20:**

On a year-by-year and product-by-product basis, identify IFI's annual revenue for all plant-based meat products sold in connection with Plaintiff/Counter-Defendant's Marks, for every year from 2015 through the date of service of your response.

**INTERROGATORY NO. 21:**

On a year-by-year and product-by-product basis, identify IFI's total annual expenditures on all forms of advertising or promotional activity undertaken as to any (i) cookbooks; (ii) apparel products; (iii) philanthropic activities; and (iv) sales of edible products offered for sale under any of Plaintiff's Marks from 2015 through the date of your response.

Dated: March 14, 2025

BRAUNHAGEY & BORDEN LLP

By: *<u>/s/ Adam S. Cashman</u>*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*