# EXHIBIT C

J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Faith Barksdale, Esq. (*pro hac vice*)
barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs*
*IMPOSSIBLE LLC and JOEL RUNYON*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>Defendants / Counter- Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**DEFENDANT AND COUNTER-PLAINTIFF IMPOSSIBLE LLC'S FOURTH SET OF REQUESTS FOR DOCUMENTS**<br><br>Judge: Hon. Beth Labson Freeman |

**PROPOUNDING PARTY**: Defendant/Counter-Plaintiff IMPOSSIBLE LLC

**RESPONDING PARTY**: Plaintiff/Counter-Defendant IMPOSSIBLE FOODS INC.

**SET NO.**: Four

Pursuant to Fed. R. Civ. P. Rules 26 and 34, Defendant/Counter-Plaintiffs Impossible LLC and Joel Runyon (together, "Defendant/Counter-Plaintiffs" or "Impossible") hereby request that Plaintiff/Counter-Defendant Impossible Foods Inc. ("Plaintiff/Counter-Defendant" or "IFI") produce the requested documents called for by these Requests electronically to counsel of record, or if impracticable to produce electronically, at the offices of BraunHagey & Borden LLP, 747 Front Street, 4th Floor, San Francisco, CA 94111 within the time as prescribed by the Federal Rules of Civil Procedure. These Requests are continuing in nature, and any additional responsive documents or things that may be discovered subsequent to the initial responsive production should be produced within a reasonable time following such discovery pursuant to Fed. R. Civ. P. 26.

## DEFINITIONS

The following Fourth Request for Production of Documents are subject to the definitions set forth below:

1. The terms "IFI," "Plaintiff/Counter-Defendant," "you," and "your" shall mean, unless otherwise expressly indicated by the particular context, the named Plaintiff/Counter-Defendant, Impossible Foods Inc., as well as shall include collectively and severally, each affiliated or related corporation, partnership, or joint venture of IFI (including all predecessors and successors to the property that is the subject matter of this Litigation), any representative, agent, or person acting or purporting to act on behalf of each such person or entity, and, where appropriate, the officers, agents, employees, servants, representatives, and attorneys of any one or more of them. Without limiting the generality of the foregoing, the term "Plaintiff/Counter-Defendant" shall also include licensees of Plaintiff/Counter-Defendant and/or the other persons described above.

2. The term "Defendant/Counter-Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, the named Defendant/Counter-Plaintiff, Impossible LLC.

3. The term "concerning" includes supporting, referring to, relating to, alluding to, responding to, commenting on, reviewing any aspect of, discussing, describing, mentioning, analyzing, constituting, evidencing and/or pertaining to the subject of the request.

4. The term "Plaintiff/Counter-Defendant's Marks" shall mean all marks used by Plaintiff/Counter-Defendant that include the term "impossible," including the IMPOSSIBLE standard character mark, the IMPOSSIBLE FOODS standard character mark, and all marks reflected in U.S. Reg. Nos. 5370337, 5381475, 5381635, 5459255, 6120723, 6120724, 6120725, 6211591, 6405011, 6496345, 6496346, 6725576, 6725577, 6897144, 6926398, 6943349, 6943438, 6950050, 6950051, 6950052, 6969275, 6969276, 6986665, 7046323, 7095042, 7107641, 7107777, 7111733, 7114972, 7179385, 7226606, 7226607, 7249915, and 7249916, and U.S. App. Ser. Nos. 98200630, 97915811, 90709175, 90709191, 98342580, 90726622, 98028581, 98028597, 97915805, 97915809, 97915812, 88855875, 98042164, and 97038094.

5. The term "this Litigation" shall mean the above-captioned litigation.

6. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

7. The term "document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of Plaintiff, including, without limitation, computer e-mail.

8. Unless otherwise indicated, the term "identify":

a. When used in connection with documents, means to indicate (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author, addressee, and recipient.

b. When used in connection with things, including, but not limited to, goods or physical things, means to furnish a complete description of the thing, including its common designation, its composition, its physical description, and any other distinguishing characteristics.

c. When used in connection with natural persons, means to give the person's full name, present or last known address, and present or last known place of employment (including address and telephone number thereof).

d. 4. When used in connection with business entities, means to provide the full name, principal place of business, state of incorporation or registration (if applicable), offices, and manufacturing facilities.

9. The term "person" shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

10. The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be construed to be outside its scope. Wherever appropriate herein, the singular form of a word should be interpreted in the plural, and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

11. The term "IFI Rebrand" means and includes IFI's change to its products, including websites, packaging, logos, trade dress, advertising, social media, and marketing materials that were placed into the market in and around October 2024 to focus on health and nutrition, among other things.

## INSTRUCTIONS

1. Where an interrogatory answer differs as between different types of goods or services, the answer shall set forth such different information as is applicable to each of the different types of goods or services.

2. Where an interrogatory answer differs as between different types of use of the mark (e.g., first use as a service mark and first use as a trademark), the answer shall set forth such different information as is applicable to each of the different types of use.

3. Where an interrogatory answer differs as between different persons and entities falling within the scope of the term "Plaintiff/Counter-Defendant" (e.g., the alleged first use of the mark by the named Plaintiff/Counter-Defendant and the first use of the mark by a licensee or related corporate entity of the named Plaintiff/Counter-Defendant), the answer shall set forth such different information as is applicable to each of the different persons and or entities.

4. For each document or tangible thing otherwise responsive to any interrogatory or document request which has been lost or destroyed since its preparation or receipt, state: (i) the request to which it would be responsive; (ii) the circumstances whereby the document or tangible thing was lost or destroyed; and (iii) the identity of all persons having knowledge of such loss or destruction.

5. If Plaintiff/Counter-Defendant elects to produce documents or other tangible things responsive to any interrogatory, Plaintiff/Counter-Defendant must state the particular Bates number or range or other specific numerical identifier for the particular documents or other tangible things responsive to each specific interrogatory as required by Fed. R. Civ. P. 33(d).

6. With respect to any document requested for which a claim of privilege, work product, or confidentiality is made, specify (in log form) the nature of the privilege, the nature of the document, identify by name, address, title, and business affiliation, the writer, the addressee, and all recipients thereof, and set forth the general subject matter to which the document relates, and applicable date.

7. IFI shall separately identify the Request by number pursuant to which each document or tangible thing is produced.

8. A written response to this Request is required pursuant to Fed. R. Civ. P. 34.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 106:**

Produce all documents referenced in IFI's responses to Impossible's Second Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 107:**

Produce all documents that IFI relied upon to respond to Impossible's Second Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 108:**

Produce all documents referenced in IFI's responses to Impossible's Third Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 109:**

Produce all documents that IFI relied upon to respond to Impossible's Third Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 110:**

Produce all documents referenced in IFI's responses to Joel Runyon's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 111:**

Produce all documents that IFI relied upon to respond to Joel Runyon's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 112:**

Produce all documents concerning the selection, adoption, first use, or decision to use IFI's current brand trademarks as related to IFI's Rebrand.

**REQUEST FOR PRODUCTION NO. 113:**

On a product-by-product basis, produce documents sufficient to identify, by quarter or annually, the profits from sales of IFI's goods and services offered under one or more of its trademarks.

**REQUEST FOR PRODUCTION NO. 114:**

Produce all documents sufficient to show IFI's organizational structure for each year since 2011, including identifications of persons responsible for tracking the budget, revenue, and profits associated with the goods and services associated with IFI's trademark.

**REQUEST FOR PRODUCTION NO. 115:**

Produce all documents sufficient to show the date of the first sale IFI-branded apparel.

**REQUEST FOR PRODUCTION NO. 116:**

Produce all documents sufficient to show the volume of IFI's apparel sales, by quarter or annually, from the date of first sale of IFI-branded apparel.

**REQUEST FOR PRODUCTION NO. 117:**

Produce all documents sufficient to show the revenue for IFI's apparel sales, by quarter or annually, from the date of first sale of IFI-branded apparel.

**REQUEST FOR PRODUCTION NO. 118:**

Produce all documents sufficient to show the profits from IFI's apparel sales, by quarter or annually, from the date of first sale of IFI-branded apparel.

**REQUEST FOR PRODUCTION NO. 119:**

Produce documents sufficient to show the date of the first sale of any cookbook offered under or in connection with any IFI trademark.

**REQUEST FOR PRODUCTION NO. 120:**

Produce documents sufficient to show the approximate volume of IFI's cookbook sales, by quarter or annually, from the date of first sale.

**REQUEST FOR PRODUCTION NO. 121:**

Produce documents sufficient to show the approximate revenue for IFI's cookbook sales, by quarter or annually, from the date of first sale.

**REQUEST FOR PRODUCTION NO. 122:**

Produce documents sufficient to show the approximate profits from IFI's cookbook sales, by quarter or annually, from the date of first sale.

**REQUEST FOR PRODUCTION NO. 123:**

Produce documents concerning any valuations performed of IFI and its assets, including all drafts and final versions, shared with any potential investors from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 124:**

Produce all documents concerning business forecasts and projections, by quarter or annually, from 2025 onward.

**REQUEST FOR PRODUCTION NO. 125:**

Produce documents sufficient to show internal reporting of annual sales and distribution activities for goods and services bearing Plaintiff/Counter-Defendant's Marks from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 126:**

Produce all documents concerning IFI's marketing strategies for each year from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 127:**

Produce all documents concerning the annual performance, benchmarking, or evaluations of the success, failure, or efficacy of each year's marketing activities from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 128:**

Produce documents sufficient to show IFI's marketing expenditures from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 129:**

Produce all documents concerning IFI's branding strategies for each year from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 130:**

Produce all documents concerning the annual performance, benchmarking, or evaluations of the success, failure, or efficacy of each year's branding activities from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 131:**

Produce documents sufficient to show IFI's branding expenditures from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 132:**

Produce all documents concerning IFI's advertising strategies for each year from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 133:**

Produce all documents concerning the annual performance, benchmarking, or evaluations of the success, failure, or efficacy of each year's advertising activities from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 134:**

Produce documents sufficient to show IFI's advertising expenditures from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 135:**

Produce all documents concerning distribution, partnership, or licensing agreements with any third party involving any IFI's product, brand, or mark from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 136:**

Produce documents sufficient to show the annual sales from IFI's distribution, partnership, or licensing agreements with any third party involving any IFI's product, brand, or mark from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 137:**

Produce documents sufficient to show the annual revenues from IFI's distribution, partnership, or licensing agreements with any third party involving any IFI's product, brand, or mark from 2011 to the present.

**REQUEST FOR PRODUCTION NO. 138:**

Produce profit and loss statements, by quarter or annually, from 2011 to the present.

Dated: March 14, 2025

BRAUNHAGEY & BORDEN LLP

By: */s/ Adam S. Cashman*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*