# EXHIBIT D

KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, CA 90067
Telephone: (310) 777-3755
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT/COUNTER-PLAINTIFF IMPOSSIBLE LLC'S THIRD SET OF INTERROGATORIES**<br><br>Judge: Hon. Beth Labson Freeman |

PROPOUNDING PARTY: Defendants/Counter-Plaintiffs IMPOSSIBLE LLC

RESPONDING PARTY: Plaintiff/Counter-Defendant IMPOSSIBLE FOODS

SET NO: THIRD

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant Impossible Foods Inc. objects and responds to the "Third Set of Interrogatories" ("Interrogatories") served by Defendant/Counter-Plaintiff Impossible LLC on March 14, 2025.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Impossible Foods objects to the definitions of "IFI," "Plaintiff/Counter-Defendant," "you," and "your" because such definitions could be interpreted to seek information not within the possession, custody, or control of Impossible Foods, and the definitions could include vague and undefined "affiliate[s]." Impossible Foods's responses and objections are made on behalf of Impossible Foods, and its searches will be limited to information within the possession, custody, or control of Impossible Foods.

2. Impossible Foods objects to the definition of "Plaintiff/Counter-Defendant's Marks," and the corresponding Instruction 2, because the definition includes more than 49 trademark registrations and applications, many of which are either not an IMPOSSIBLE-formative mark (e.g., U.S. Reg. No. 5,381,475) or otherwise are not relevant to any claim or defense in this action. Impossible Foods further objects to this definition because it imposes undue burden and expense on Impossible Foods by requiring it to search for documents concerning more than 49 registrations and applications.

3. Impossible Foods objects to the definition of "descriptive words" as overly broad, unduly burdensome, and seeking irrelevant information. Impossible Foods further objects to this definition to the extent that it calls for a legal conclusion.

4. Impossible Foods objects to each Interrogatory to the extent it concerns activities outside the United States because such activities are not relevant under the territoriality principle of trademark law. Impossible Foods's searches will be limited to U.S. activities.

5. Impossible Foods objects to, and will not comply with, Instruction 3, because it imposes an undue burden on Impossible Foods and is disproportionate to the needs of the case. Impossible Foods is unable to determine whether an answer "differs as between different persons and entities"—an exceedingly vague phrase—nor would such differentiation be relevant to any claim or defense.

6. Impossible Foods objects to, and will not comply with, Instruction 4, because it imposes an obligation beyond what is required by the Federal Rules, would impose an undue burden on Impossible Foods, and is disproportionate to the needs of the case.

7. Impossible Foods objects to, and will not comply with, Instruction 5 because it imposes an obligation beyond what is required by Federal Rule of Civil Procedure 26(b)(5)(ii). Impossible Foods has provided a privilege log that complies with applicable law. In response to many of the Requests below, Impossible Foods agrees to produce "non-privileged" documents, but Impossible Foods's specific claims of privilege will be, if needed, made in a privilege log to be served within a reasonable time or on a date on which the parties agree to exchange such logs. Impossible Foods will not log privileged or work product documents created after the filing of the complaint, as doing so would impose an undue burden on Impossible Foods.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 15:**

Describe in detail any goods or services that IFI has not previously offered and/or does not currently offer under Plaintiff/Counter-Defendant's Marks but has plans to offer in the future.

**RESPONSE:**

Impossible Foods objects to this Interrogatory as cumulative and duplicative of Interrogatory Nos. 5-6 and Request No. 10. Impossible Foods also objects to this Interrogatory because it seeks information already within Defendants' or their counsel's knowledge, possession, custody, or control.

In accordance with these objections, and pursuant to Fed. R. Civ. P. 33(d), Impossible Foods directs Defendants to the 2025-2026 Product Roadmap, which already was produced at IF00013813.

**INTERROGATORY NO. 16:**

On a year-by-year basis, identify the descriptive words most often used to describe IFI's products in its marketing messaging for each year from 2015 to the present.

**RESPONSE:**

Impossible Foods objects to this Interrogatory on the ground that "descriptive words most

often used to describe" is vague, ambiguous, and undefined. Impossible Foods further objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 6. In addition, Impossible Foods objects to this Interrogatory on the ground that it is overbroad and does not describe the information sought with reasonable particularity. Instead, the Interrogatory vaguely asks Impossible Foods to "identify the descriptive words most often used to describe IFI's products in its marketing messaging" for each year over the past ten years. Impossible Foods also objects to this Interrogatory because it seeks information in the public domain and equally available to Defendants or their counsel and/or already within Defendants' or their counsel's knowledge, possession, custody, or control. And Impossible Foods objects to this Interrogatory because it seeks information that is not relevant to any claim or defense asserted in this action. Finally, Impossible Foods objects to this Interrogatory on the ground that it calls for a legal conclusion.

In accordance with these objections, Impossible Foods will not comply with this request but is willing to meet and confer.

**INTERROGATORY NO. 17:**

For each individual product offered by IFI using Plaintiff/Counter-Defendant's Marks, identify each channel through which those products have been marketed, promoted, advertised, offered for sale, or sold, including without limitation retail outlets, e-commerce platforms, commercial wholesalers, business-to-business transactions, or commercial distributors.

**RESPONSE:**

Impossible Foods objects to this Interrogatory as unduly burdensome, overly broad, and disproportionate to the needs of the case as it asks Impossible Foods, *for each individual product*, to identify *each* channel through which those products have been marketed, promoted, advertised, offered for sale, or sold. Impossible Foods also objects to this Interrogatory as cumulative and duplicative of Interrogatory Nos. 6 and 11 and Request Nos. 9, 15-16, 19, and 69-72. Impossible Foods further objects to this Interrogatory because it seeks information in the public domain and equally available to Defendants or their counsel and/or already within Defendants' or their counsel's knowledge, possession, custody, or control.

In accordance with these objections, Impossible Foods markets, promotes, advertises,

offers, or sells its edible products in connection with its IMPOSSIBLE mark through various channels as described and identified in Impossible Foods's responses to Interrogatory Nos. 6 and 11 and reflected in documents produced in response to Interrogatory Nos. 6 and 11 and Request Nos. 9, 15-16, 19, and 69-72. Impossible Foods markets, promotes, advertises, offers, or sells its edible products in connection with its IMPOSSIBLE mark in stores across the United States, including, by way of example, Albertsons, Kroger, Safeway, Walmart, Target, Wegmans, Costco, and Trader Joe's; restaurants, including Burger King (Impossible Whopper), Red Robin, Starbucks, Hard Rock Cafe, Cheesecake Factory, and Applebee's; and online retailers, including Walmart.com, Target.com, Amazon.com, and social media pages. Impossible Foods markets and promotes its edible products via online and digital marketing channels, including, by way of example, its website located at https://impossiblefoods.com/; social media accounts, including Instagram (https://www.instagram.com/impossible_foods/?hl=en), Twitter or X (https://x.com/ImpossibleFoods), Facebook (https://www.facebook.com/ImpossibleFoods/), YouTube (https://www.youtube.com/channel/UCDOAr7cjp7c__9D_PIF3hsA), and LinkedIn (https://www.linkedin.com/company/impossible-foods-inc-/); print advertisements; out-of-home advertising; influencer campaigns; trade shows; and events, including offering its edible products at Seattle Kraken games at the Climate Pledge Arena.

**INTERROGATORY NO. 18:**

On a year-by-year basis, identify the total revenue IFI has generated in connection with the sale, licensing, or any other transaction involving any and all cookbooks bearing any of Plaintiff/Counter-Defendant's Marks.

**RESPONSE:**

Impossible Foods objects to this Interrogatory as cumulative and duplicative of Request Nos. 21 and 119-122. Impossible Foods also objects to this Interrogatory because it seeks information already within Defendants' or their counsel's knowledge, possession, custody, or control. Impossible Foods further objects to this Interrogatory as it calls for information that Impossible Foods does not keep in in the ordinary course of business.

In accordance with these objections, and pursuant to Fed. R. Civ. P. 33(d), Impossible

Foods directs Defendants to the document produced at IF00022722.

**INTERROGATORY NO. 19:**

On a year-by-year basis, identify the total revenue IFI has generated in connection with sales, licensing, or any other transactions involving any and all apparel bearing any of Plaintiff/Counter-Defendant's Marks.

**RESPONSE:**

Impossible Foods objects to this Interrogatory as cumulative and duplicative of Request Nos. 21 and 115-118. Impossible Foods also objects to this Interrogatory because it seeks information already within Defendants' or their counsel's knowledge, possession, custody, or control. Impossible Foods further objects to this Interrogatory as it calls for information that Impossible Foods does not keep in in the ordinary course of business.

In accordance with these objections, Impossible Foods states that it has not generated any revenue in connection with sales, licensing, or any other transactions involving the sale of apparel bearing any of Impossible Foods's IMPOSSIBLE-formative marks.

**INTERROGATORY NO. 20:**

On a year-by-year and product-by-product basis, identify IFI's annual revenue for all plant-based meat products sold in connection with Plaintiff/Counter-Defendant's Marks, for every year from 2015 through the date of service of your response.

**RESPONSE:**

Impossible Foods objects to this Interrogatory as cumulative and duplicative of Request Nos. 21, 113, 116-118, and 120-122. Impossible Foods also objects to this Interrogatory because it seeks information already within Defendants' or their counsel's knowledge, possession, custody, or control. Impossible Foods further objects to this Interrogatory as it calls for information that Impossible Foods does not keep in in the ordinary course of business. In addition, Impossible Foods objects to this Interrogatory as unduly burdensome, overly broad, and disproportionate to the needs of the case as it asks Impossible Foods, *on a year-by-year and product-by-product basis*, to identify Impossible Foods's annual revenue for *all* plant-based meat products sold in connection with its IMPOSSIBLE-formative marks, for *every year from 2015 through the date of service of*

*Impossible Foods's response*.

In accordance with these objections, and pursuant to Fed. R. Civ. P. 33(d), Impossible Foods directs Defendants to the documents produced at IF00017501 and IF00026503-26507.

**INTERROGATORY NO. 21:**

On a year-by-year and product-by-product basis, identify IFI's total annual expenditures on all forms of advertising or promotional activity undertaken as to any (i) cookbooks; (ii) apparel products; (iii) philanthropic activities; and (iv) sales of edible products offered for sale under any of Plaintiff's Marks from 2015 through the date of your response.

**RESPONSE:**

Impossible Foods objects to this Interrogatory as cumulative and duplicative of Request Nos. 12, 80-82, 128, 131, and 134. Impossible Foods also objects to this Interrogatory because it seeks information already within Defendants' or their counsel's knowledge, possession, custody, or control. Impossible Foods further objects to this Interrogatory as it calls for information that Impossible Foods does not keep in in the ordinary course of business. In addition, Impossible Foods objects to this Interrogatory as unduly burdensome, overly broad, and disproportionate to the needs of the case as it asks Impossible Foods, *on a year-by-year and product-by-product basis*, to identify Impossible Foods's total annual expenditures on *all* forms of advertising or promotional activity undertaken as to *any* (i) cookbooks; (ii) apparel products; (iii) philanthropic activities; and (iv) sales of edible products offered for sale in connection with its IMPOSSIBLE-formative marks *from 2015 through the date of service of Impossible Foods's response*. Finally, Impossible Foods objects to this interrogatory because it is compound, containing at least four, discrete subparts seeking, on a year-by-year and product-by-product basis: (1) Impossible Foods's total annual expenditures on all forms of advertising or promotional activity undertaken as to any (1) cookbooks, (2) apparel products, (3) philanthropic activities, and (4) edible products. Because Impossible Foods has already responded to 25 interrogatories, including discrete subparts, Impossible Foods is under no obligation to respond to this Interrogatory.

In accordance with these objections, and pursuant to Fed. R. Civ. P. 33(d), Impossible Foods states that information responsive to this Interrogatory can be found in Impossible Foods's

document productions. In addition, Impossible Foods is available to meet and confer regarding the scope of this Interrogatory and/or Impossible Foods's numerosity objection.

DATED: April 14, 2025

By: /s/ H. Forrest Flemming, III
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica Chanin (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Kollin J. Zimmermann (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON
1801 Century Park East
Suite 2300
Los Angeles, CA 90067
Telphone: Telephone: (310) 777-3755
Email: kzimmermann@ktslaw.com

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2025, a true and correct copy of PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT/COUNTER-PLAINTIFF IMPOSSIBLE LLC'S THIRD SET OF INTERROGATORIES was served via electronic mail on counsel for Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon, addressed as follows:

J. Noah Hagey
Adam S. Cashman
Gregory D. Washington
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
hagey@braunhagey.com
cashman@braunhagey.com
gwashington@braunhagey.com
TeamImpossibleBHB@braunhagey.com

Faith Barksdale
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
barksdale@braunhagey.com

David E. Weslow
Adrienne J. Kosak
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
dweslow@wiley.law
akosak@wiley.law

*/s/ H. Forrest Flemming, III*
H. Forrest Flemming, III