REDACTED

J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel. (415) 599-0210

Faith Barksdale, Esq. (*pro hac vice*)
barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel.: (646) 829-9403

*Attorneys for Defendants / Counter-Plaintiffs IMPOSSIBLE LLC and JOEL RUNYON*

KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
JESSICA W. TRUELOVE (*pro hac vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

*Attorneys for Plaintiff/Counter-Defendant IMPOSSIBLE FOODS INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter- Defendant,

v.

IMPOSSIBLE LLC and JOEL RUNYON,

Defendants / Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**JOINT STATEMENT REGARDING FURTHER INQUIRY INTO THE TIMING OF IMPOSSIBLE FOODS INC.'S PERMANENT DELETION OF THE EMAILS AND CUSTODIAL DOCUMENTS OF MYRA PASEK AND JORDAN SCHENCK**

| | |
|---|---|
| **Judge:** | Hon. Beth Labson Freeman |
| **Compl. Filed;** | April 2, 2021 |
| **Third Am. Compl. Filed;** | March 7, 2025 |
| **Trial Date:** | November 10, 2025 |

Pursuant to Section 8 of Magistrate Judge Susan van Keulen's Civil and Discovery Referral Matters Standing Order, Defendant Impossible LLC ("Impossible LLC ") respectfully requests an Order compelling Plaintiff Impossible Foods Inc. ("Impossible Foods") to undertake a more thorough and fulsome inquiry into the timing of the permanent deletion of emails and documents belonging to former employees Myra Pasek and Jordan Schenck, which should at a minimum include (1) searching tickets and emails submitted to Impossible Foods's IT department related to the deletion of these materials and producing any relevant results; (2) searching logs of deletions performed by Impossible Foods's IT department following the departures of Ms. Pasek and Ms. Schenck from the company and producing any relevant results; (3) identifying the members of Impossible Foods's IT department who had responsibility for deleting documents and mailboxes of departing employees from 2018 through 2021, and confirming that Impossible Foods has interviewed those people to determine whether any have information relating to the timing of the deletion; and (4) confirming the date on which Impossible Foods imposed a litigation hold in connection with this matter, as well as confirming the scope of that hold and the custodians that were subject to it.

Fact discovery closed on April 14, 2025, however, Impossible LLC did not learn of the facts underlying this request until it took the deposition of William Van Curen on April 8, 2025, as directed by this Court's April 1, 2025 Order (Dkt. No. 169). Impossible LLC informed Impossible Foods of these areas of necessary further inquiry by letter dated April 15, and reviewed further information provided by Impossible Foods in its April 18 response. However, as explained below, Impossible LLC determined that many questions remained unanswered, and accordingly informed Impossible Foods it would need to raise these issues with the Court. In light of the short timeframe and the Easter holiday, Impossible LLC repeatedly offered to submit this joint statement later this week if Impossible Foods determined it required additional time to respond (Impossible Foods never responded to those offers). Impossible LLC therefore does not oppose Impossible Foods's request to submit a further response on April 22, so long as that response is not used as a way to exceed the page limits and other requirements provided by the Court's Standing Order.

**<u>IMPOSSIBLE LLC'S POSITION:</u>**

### A. Background Regarding Document Production and Document Custodian Testimony

Throughout discovery, Impossible LLC has sought to understand Impossible Foods's actions and decisions in the 2013-2016 timeframe, when it rebranded from Maraxi Inc. to Impossible Foods, selected a brand identity ("IMPOSSIBLE") that it knew was already in use, and first began selling products to consumers. Despite those efforts, for more than a year Impossible Foods produced only a single document from that time: an October 2013 trademark search report commissioned by Maraxi that identified Impossible LLC and Mr. Runyon as prior users of the IMPOSSIBLE® mark, and which also identified multiple websites used by Impossible LLC to market and sell its goods and services.

With Impossible Foods having conceded that it had actual knowledge of Impossible LLC and Mr. Runyon's senior use of the IMPOSSIBLE® mark ***before*** it decided to rebrand from Maraxi to Impossible Foods, Impossible LLC naturally sought to discover why Maraxi chose a name that was already in use; how Maraxi planned to avoid causing confusion in the marketplace given the close identity of the names; whether Maraxi considered Impossible LLC's stylization of its usage of IMPOSSIBLE when it created its own, nearly identical brand image; and how Maraxi categorized its anticipated plant-based dairy and meat supplement products vis-à-vis the existing goods and services being offered under the IMPOSSIBLE® mark.

Those discovery efforts yielded virtually nothing, for reasons that Impossible Foods disclosed only recently. Specifically, on March 12, 2025, Impossible Foods disclosed for the first time that it had permanently deleted the emails and custodial documents of Myra Pasek and Jordan Schenck, whom Impossible Foods has identified as having "the most knowledge" regarding Impossible LLC, the search reports that identified Impossible LLC's usage of the IMPOSSIBLE® mark, and Impossible Foods's adoption and stylization of its highly similar IMPOSSIBLE brand.

Impossible Foods's admission—made for the first time with only one month remaining in the fact discovery period—that it permanently deleted all of the emails and documents associated with two of the most important witnesses in the case naturally prompted questions regarding the

timing of those deletions. Yet when Impossible LLC attempted to obtain answers through a custodian of records deposition (which it was forced to obtain over Impossible Foods's objection, *see* Dkt. No. 169), Impossible Foods had precious little information to offer.

Specifically, Impossible Foods's designee did not know [redacted] (*see* **Exhibit A** (4/8/2025 Van Curen Dep. Tr.), at 42:5 – 43:2), and testified that [redacted] (*Id.* at 44:16 – 23).

With regard to Ms. Schenck's custodial emails and documents, Impossible Foods confirmed [redacted]

Notably, during his deposition, Mr. Van Curen testified that, [redacted]

**B. Impossible LLC's Request for Further Information is Reasonable**

At present, the record reflects the following: (1) Impossible Foods deleted the entirety of Myra Pasek's and Jordan Schenck's emails and custodial documents; (2) Ms. Pasek and Ms.

REDACTED

Schenck are the two individuals with "the most" knowledge regarding the selection and stylization of Impossible Foods's IMPOSSIBLE brand; (3) Impossible Foods has asserted that there are no other document custodians within the company with documents potentially responsive to Impossible LLC's document requests relating to the selection and stylization of the IMPOSSIBLE brand; (4) Impossible Foods's deletion happened [redacted]; (5) the deletions are permanent and irreversible; and (6) Impossible Foods [redacted]

During the document custodian deposition ordered by the court, Impossible Foods' designee testified [redacted] Given the importance of this information to the issue of spoliation, a proper inquiry into the timing is warranted.

Although Impossible Foods has provided certain information regarding these issues, its recent disclosures contradict Mr. Van Curen's testimony, thereby raising additional questions. Specifically, Impossible Foods has claimed through counsel that the deletions occurred in 2018, but its corporate designee testified [redacted]. Further, Impossible Foods has stated (again through counsel) that the permanent deletions were undertaken pursuant to a "standard IT practice" of deleting all files associated with departing employees, however, Mr. Van Curen testified [redacted] Moreover, when asked about Impossible Foods's "practice" as to the documents associated with departing employees prior to 2020, its designee [redacted]

[redacted] Finally, although counsel has asserted that Impossible Foods did not maintain any logs reflecting deletions of emails or documents associated with departing employees prior to 2019, Mr. Van Curen testified [redacted]

In short, there appear to be multiple sources of potentially relevant information within Impossible Foods's possession that may very well bear on the important question of when these materials were deleted, but Impossible Foods has declined to review them and has instead declared that its investigation is "complete." Yet the opposite is true. Impossible Foods should therefore be directed to undertake a reasonable inquiry into this issue, which should at a minimum include: (1) searching tickets and emails submitted to Impossible Foods's IT department related to the deletion of these materials, and producing any relevant results; (2) searching logs of deletions performed by Impossible Foods's IT department beginning in 2019 and producing any results that are relevant to the deletion of the emails and documents associated with Ms. Pasek and Ms. Schenck; (3) identifying the members of Impossible Foods's IT department who had responsibility for deleting documents and mailboxes of departing employees from 2018 through 2021, and confirming that Impossible Foods has interviewed those people to determine whether any have information relating to the timing of the deletion; and (4) confirming the date on which Impossible Foods imposed a litigation hold in connection with this matter, as well as confirming the scope of that hold and the custodians that were subject to it.

**IMPOSSIBLE FOODS'S POSITION:**

Impossible Foods requests that the Court deny Impossible LLC's motion as untimely, or, alternatively, permit Impossible Foods until tomorrow to submit its substantive response. Impossible LLC served Impossible Foods with *two* motions to compel today, demanding Impossible Foods's response within just a few hours. Impossible LLC took more than a week to craft this motion, and

Impossible LLC cannot in fairness demand that Impossible Foods defend itself with only a few hours' notice.

Fact discovery closed on April 14 (ECF 113 at 4), and pursuant to Civil Local Rule 37-3, today is the last day that any joint statement can be filed. It was solely Impossible LLC's decision to wait until the last possible day to even *initiate* the joint statement procedure, and Impossible Foods should not be prejudiced by being forced to draft same-day responses for two motions to compel.

Impossible LLC deposed Mr. Van Curen nearly two weeks ago, on April 8. One week later, on April 15, Impossible LLC sent Impossible Foods a letter asking for more information about the timing of the deletion of Ms. Pasek's and Ms. Schenck's emails and documents—information beyond the scope of the topics authorized by the Court in its April 1 Order (ECF 169 at 4–5). Impossible LLC requested a response by Friday April 18. On Friday April 18, Impossible Foods responded and, despite objecting to Impossible LLC's ongoing efforts to take improper and unauthorized discovery on discovery, answered Impossible LLC's questions after confirming those answers with Impossible Foods's IT department. But inexplicably, Impossible LLC waited until 12:30 p.m. today—three *days* later—to share its portion of this joint statement, and then demanded Impossible Foods's response in a matter of *hours*.

Impossible LLC's conduct stands in stark contrast to how Impossible Foods has handled the joint statement procedure. For every joint statement initiated by Impossible Foods, Impossible Foods has provided Impossible LLC with at least three *business* days—usually more—to serve its response. The sole exception was the joint statement filed by Impossible Foods today, for which Impossible Foods provided Impossible LLC two business days (and four calendar days) to provide a response. But even in that case, Impossible Foods attempted to reduce the burden on Impossible LLC by serving its portion of the joint statement a day before the parties even conferred. Here, Impossible LLC provided its arguments for the first time today.

Impossible LLC's motion warrants a fulsome response that could not be drafted (and reviewed and approved by the client) in just hours. For example, Impossible LLC complains that Impossible Foods has not explained when Ms. Pasek's and Ms. Schenck's emails and documents were deleted,

when in fact Impossible Foods has answered that question *repeatedly*. Mr. Van Curen confirmed that Impossible Foods deleted Ms. Pasek's and Ms. Schenck's emails and documents after they left the company in 2018. (Ex. A at 42:11-17, 48:20-25) Impossible Foods then verified with Impossible Foods's IT department and reported to Impossible LLC that: "[a]t the time Ms. Schenck and Ms. Pasek left in 2018, the practice of the IT department was to delete emails upon an employee's departure"; "[n]o logs were maintained by the IT department concerning these standard file deletion practices or when any individual employee's files were deleted prior to . . . 2019"; "[b]ackups were not made of anyone's accounts until Impossible Foods switched . . . its data storage system in 2019"; and "[d]ue to the lack of any contemporaneous logs and the adoption of" a new data storage system "in 2019, [Impossible Foods] cannot pinpoint the exact date when in 2018 Ms. Schenck's or Ms. Pasek's documents would have been deleted following their departures."

Accordingly, Impossible Foods respectfully requests that the Court deny Impossible LLC's motion as untimely or, in the alternative, permit Impossible Foods to file its response tomorrow.

Dated: April 21, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: *s/ Adam S. Cashman*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*

Dated: April 21, 2025

KILPATRICK TOWNSEND & STOCKTON

By: */s/ H. Forrest Flemming III (w/permission)*
H. Forrest Flemming III

*Attorney for Plaintiff/Counter-Defendant Impossible Foods Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, the foregoing was served electronically on all counsel of record.

By: */s/Adam S. Cashman*
Adam S. Cashman