REDACTED

J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel. (415) 599-0210

Faith Barksdale, Esq. (*pro hac vice*)
barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel.: (646) 829-9403

*Attorneys for Defendants / Counter-Plaintiffs IMPOSSIBLE LLC and JOEL RUNYON*

KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
JESSICA W. TRUELOVE (*pro hac vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

*Attorneys for Plaintiff/Counter-Defendant IMPOSSIBLE FOODS INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter-Defendant,

v.

IMPOSSIBLE LLC and JOEL RUNYON,

Defendants / Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**JOINT STATEMENT REGARDING FURTHER INQUIRY INTO THE TIMING OF IMPOSSIBLE FOODS INC.'S PERMANENT DELETION OF THE EMAILS AND CUSTODIAL DOCUMENTS OF MYRA PASEK AND JORDAN SCHENCK**

**Judge:** Hon. Beth Labson Freeman
**Compl. Filed:** April 2, 2021
**Third Am. Compl. Filed:** March 7, 2025
**Trial Date:** November 10, 2025

Pursuant to Section 8 of Magistrate Judge Susan van Keulen's Civil and Discovery Referral Matters Standing Order, Defendant/Counterclaim Plaintiff Impossible LLC ("Impossible LLC ") respectfully requests an Order compelling Plaintiff/Counterclaim Defendant Impossible Foods Inc. ("Impossible Foods") to undertake a more thorough and fulsome inquiry into the timing of the permanent deletion of emails and documents belonging to former employees Myra Pasek and Jordan Schenck, which should at a minimum include (1) searching tickets and emails submitted to Impossible Foods's IT department related to the deletion of these materials and producing any relevant results; (2) searching logs of deletions performed by Impossible Foods's IT department following the departures of Ms. Pasek and Ms. Schenck from the company and producing any relevant results; (3) identifying the members of Impossible Foods's IT department who had responsibility for deleting documents and mailboxes of departing employees from 2018 through 2021, and confirming that Impossible Foods has interviewed those people to determine whether any have information relating to the timing of the deletion; and (4) confirming the date on which Impossible Foods imposed a litigation hold in connection with this matter, as well as confirming the scope of that hold and the custodians that were subject to it.

Fact discovery closed on April 14, 2025, however, Impossible LLC did not learn of the facts underlying this request until it took the deposition of William Van Curen on April 8, 2025, as directed by this Court's April 1, 2025 Order (Dkt. No. 169).

**<u>IMPOSSIBLE LLC'S POSITION:</u>**

### A. Background Regarding Document Production and Document Custodian Testimony

Throughout discovery, Impossible LLC has sought to understand Impossible Foods's actions and decisions in the 2013-2016 timeframe, when it rebranded from Maraxi Inc. to Impossible Foods, selected a brand identity ("IMPOSSIBLE") that it knew was already in use, and first began selling products to consumers. Despite those efforts, for more than a year Impossible Foods produced only a single document from that time: an October 2013 trademark search report commissioned by Maraxi that identified Impossible LLC and Mr. Runyon as prior users of the IMPOSSIBLE® mark, and

which also identified multiple websites used by Impossible LLC to market and sell its goods and services.

With Impossible Foods having conceded that it had actual knowledge of Impossible LLC and Mr. Runyon's senior use of the IMPOSSIBLE® mark ***before*** it decided to rebrand from Maraxi to Impossible Foods, Impossible LLC naturally sought to discover why Maraxi chose a name that was already in use; how Maraxi planned to avoid causing confusion in the marketplace given the close identity of the names; whether Maraxi considered Impossible LLC's stylization of its usage of IMPOSSIBLE when it created its own, nearly identical brand image; and how Maraxi categorized its anticipated plant-based dairy and meat supplement products vis-à-vis the existing goods and services being offered under the IMPOSSIBLE® mark.

Those discovery efforts yielded virtually nothing, for reasons that Impossible Foods disclosed only recently. Specifically, on March 12, 2025, Impossible Foods disclosed for the first time that it had permanently deleted the emails and custodial documents of Myra Pasek and Jordan Schenck, whom Impossible Foods has identified as having "the most knowledge" regarding Impossible LLC, the search reports that identified Impossible LLC's usage of the IMPOSSIBLE® mark, and Impossible Foods's adoption and stylization of its highly similar IMPOSSIBLE brand.

Impossible Foods's admission—made for the first time with only one month remaining in the fact discovery period—that it permanently deleted all of the emails and documents associated with two of the most important witnesses in the case naturally prompted questions regarding the timing of those deletions. Yet when Impossible LLC attempted to obtain answers through a custodian of records deposition (which it was forced to obtain over Impossible Foods's objection, *see* Dkt. No. 169), Impossible Foods had precious little information to offer.

Specifically, Impossible Foods's designee did not know [redacted] (*see* **Exhibit A** (4/8/2025 Van Curen Dep. Tr.), at 42:5 – 43:2), and testified that [redacted] (*Id.* at 44:16 – 23).

REDACTED

With regard to Ms. Schenck's custodial emails and documents, Impossible Foods confirmed [redacted]

Notably, during his deposition, Mr. Van Curen testified that, [redacted]

**B. Impossible LLC's Request for Further Information is Reasonable**

At present, the record reflects the following: (1) Impossible Foods deleted the entirety of Myra Pasek's and Jordan Schenck's emails and custodial documents; (2) Ms. Pasek and Ms. Schenck are the two individuals with "the most" knowledge regarding the selection and stylization of Impossible Foods's IMPOSSIBLE brand; (3) Impossible Foods has asserted that there are no other document custodians within the company with documents potentially responsive to Impossible LLC's document requests relating to the selection and stylization of the IMPOSSIBLE brand; (4) Impossible Foods's deletion happened [redacted]; (5) the deletions are permanent and irreversible; and (6) Impossible Foods [redacted]

REDACTED

During the document custodian deposition ordered by the court, Impossible Foods' designee testified [redacted] Given the importance of this information to the issue of spoliation, a proper inquiry into the timing is warranted.

Although Impossible Foods has provided certain information regarding these issues, its recent disclosures contradict Mr. Van Curen's testimony, thereby raising additional questions. Specifically, Impossible Foods has claimed through counsel that the deletions occurred in 2018, but its corporate designee testified [redacted]. Further, Impossible Foods has stated (again through counsel) that the permanent deletions were undertaken pursuant to a "standard IT practice" of deleting all files associated with departing employees, however, Mr. Van Curen testified [redacted] Moreover, when asked about Impossible Foods's "practice" as to the documents associated with departing employees prior to 2020, its designee [redacted] Finally, although counsel has asserted that Impossible Foods did not maintain any logs reflecting deletions of emails or documents associated with departing employees prior to 2019, Mr. Van Curen testified [redacted]

In short, there appear to be multiple sources of potentially relevant information within Impossible Foods's possession that may very well bear on the important question of when these materials were deleted, but Impossible Foods has declined to review them and has instead declared that its investigation is "complete." Yet the opposite is true. Impossible Foods should therefore be directed to undertake a reasonable inquiry into this issue, which should at a minimum include: (1) searching tickets and emails submitted to Impossible Foods's IT department related to the deletion of these materials, and producing any relevant results; (2) searching logs of deletions performed by Impossible Foods's IT department beginning in 2019 and producing any results that are relevant to the deletion of the emails and documents associated with Ms. Pasek and Ms. Schenck; (3) identifying the members of Impossible Foods's IT department who had responsibility for deleting documents and mailboxes of departing employees from 2018 through 2021, and confirming that Impossible Foods has interviewed those people to determine whether any have information relating to the timing of the deletion; and (4) confirming the date on which Impossible Foods imposed a litigation hold in connection with this matter, as well as confirming the scope of that hold and the custodians that were subject to it.

**IMPOSSIBLE FOODS'S POSITION:**

Impossible Foods fully complied with the Court's April 2 Order (the "Order") by conducting an extensive investigation into the deletion of Ms. Pasek's and Ms. Schenck's documents (the "Documents") and then producing a fully educated witness to testify on that topic. When Impossible LLC sent follow-up questions (including several beyond the scope of the Order), Impossible Foods investigated yet again and confirmed that the Documents were deleted—at the latest—in 2019, *a year before Impossible LLC initiated this dispute with a November 2020 cease-and-desist letter.* There is zero evidence even to suggest that spoliation might have occurred, and Impossible LLC's wasteful pursuit of discovery-on-discovery should stop.

On April 2, the Court properly addressed Impossible Foods's concerns about the Documents by allowing a 30(b)(6) deposition on the following pertinent topics: (1) Impossible Food's document retention policy and practices generally for the time period when Ms. Pasek and Ms. Schenck were

employed by the company; (2) document collection/retrieval efforts as to those witnesses. ECF 169. Impossible Foods designated corporate counsel William Van Curen—who personally handled the extensive investigations into the Documents—to testify on these topics, and he was fully prepared to answer Impossible LLC's questions.

On Topic 1, Mr. Van Curen testified that prior to 2020, Impossible Foods did not have a retention policy for the documents of departing employees. *See* Dep. at 35:3-35:24. On Topic 2, Mr. Van Curen testified that both former employees' documents were deleted as a result their 2018 departures, which was "standard IT practice" at the time for departing employees. He also testified that Impossible Foods implemented a litigation hold in this case in "April of 2021, prior to the filing of the declaratory judgment action." *See* Dep. at 23: 17-19.

After Mr. Van Curen's deposition, Impossible LLC asked Impossible Foods to conduct still another investigation. Impossible Foods did so, confirming that (1) the company has no logs of document deletions prior to its transition to the "Afi" data storage system in ***2019***; (2) the company did not start doing backups of employee documents until the Afi transition in 2019; (3) due to prior two points, it is not possible to pinpoint the *exact* date when the Documents were deleted, though it could not have been later than 2019; and (4) the Documents were not forwarded to any other employee, meaning there is no possible way to recover more of the Documents (other than those already produced or logged through other custodians).

Discovery-on-discovery "is disfavored, as such discovery is typically not relevant to the merits of a claim or defense, and is rarely proportional to the needs of a case." *Taylor v. Google LLC*, No. 20-cv-07956-VKD, 2024 WL 4947270, at *2 (N.D. Cal. Dec. 3, 2024). Impossible LLC attempts to justify continued discovery-on-discovery by alleging that there are inconsistencies in Mr. Van Curen's testimony. But Impossible LLC is wrong.

For example, the fact that Impossible Foods had no *formal document retention policy* in 2018 is not inconsistent with the fact that the IT Department's *standard practice* at the time was to delete employees' documents upon departure. And Impossible Foods's *current* "ticketing system" for submitting questions and requests to the IT Department has no bearing on whether "logs" exist of the

deletion of the Documents—and Impossible Foods confirmed no such logs exist. Impossible Foods's investigation also disclosed that the prior ticketing system, from the time of the deletion of the Documents, is not accessible, nor is any information about who may have ultimately decided on the deletions.

In sum, Impossible Foods's *exhaustive* investigation has confirmed several times over what the Court first observed in its April 2 Order: "The record in this case thus far does not indicate spoliation by Impossible Foods." ECF 169 at 4.

Dated: April 23, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: *s/ Adam S. Cashman*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*

Dated: April 23, 2025

KILPATRICK TOWNSEND & STOCKTON

By: */s/ H. Forrest Flemming III (w/permission)*
H. Forrest Flemming III

*Attorney for Plaintiff/Counter-Defendant Impossible Foods Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025, the foregoing was served electronically on all counsel of record.

By: */s/Adam S. Cashman*
Adam S. Cashman