# Exhibit 1

MICHAEL RODENBAUGH (SBN 179059)
MEGHAN GLEESON (SBN 353156)
RODENBAUGH LAW
548 Market Street, Box 55819
San Francisco, CA 94104
Telephone:      (415) 738-8087
mike@rodenbaugh.com
meghan@rodenbaugh.com
docket@rodenbaugh.com

DAVID E. WESLOW (admitted *pro hac vice*)
ADRIENNE J. KOSAK (admitted *pro hac vice*)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Telephone:      (202) 719-7000
Facsimile:      (202) 719-7049
dweslow@wiley.law
akosak@wiley.law

Attorneys for Defendant IMPOSSIBLE LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff, <br><br> v. <br><br> IMPOSSIBLE LLC, <br><br> Defendant. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> Judge: Hon. Beth Labson Freeman |

**DEFENDANT IMPOSSIBLE LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF IMPOSSIBLE FOODS INC.**

Pursuant to Fed. R. Civ. P. Rules 26 and 33, Defendant Impossible LLC ("Defendant") hereby requests that Plaintiff Impossible Foods Inc. ("Plaintiff") respond to these Interrogatories within the time as prescribed by the Federal Rules of Civil Procedure.

**DEFINITIONS**

1

The following Interrogatories and Defendant's accompanying First Request for Production of Documents and Things are subject to the definitions set forth below:

A. The terms "Plaintiff," "you," and "your" shall mean, unless otherwise expressly indicated by the particular context, the named Plaintiff, Impossible Foods Inc., as well as shall include collectively and severally, each affiliated or related corporation, partnership, or joint venture of Impossible Foods Inc. (including all predecessors and successors to the property that is the subject matter of this litigation), any representative, agent, or person acting or purporting to act on behalf of each such person or entity, and, where appropriate, the officers, agents, employees, servants, representatives, and attorneys of any one or more of them. Without limiting the generality of the foregoing, the term "Plaintiff" shall also include licensees of Plaintiff and/or the other persons described above.

B. The term "Plaintiff's Marks" shall mean all marks used by Plaintiff that include the term "impossible," including the IMPOSSIBLE standard character mark, the IMPOSSIBLE FOODS standard character mark, and all marks reflected in U.S. Reg. Nos. 5370337, 5381475, 5381635, 5459255, 6120723, 6120724, 6120725, 6211591, 6405011, 6496345, 6496346, 6725576, 6725577, 6897144, 6926398, 6943349, 6943438, 6950050, 6950051, 6950052, 6969275, 6969276, 6986665, 7046323, 7095042, 7107641, 7107777, 7111733, 7114972, 7179385, 7226606, 7226607, 7249915, and 7249916, and U.S. App. Ser. Nos. 98200630, 97915811, 90709175, 90709191, 98342580, 90726622, 98028581, 98028597, 97915805, 97915809, 97915812, 88855875, 98042164, and 97038094.

C. The term "Defendant" shall mean, unless otherwise expressly indicated by the particular context, the named Defendant, Impossible LLC.

D. The "Defendant's Marks" shall mean Defendant's common law rights in the IMPOSSIBLE family of marks, as well as the marks reflected in U.S. Registration Nos. 4260617,

2

4624158, 5155646, 5179974, 5376208, 5387588, 5576376, 5590801, 5603025, and 5620625, and 6571603.

E. The term "Present Litigation" or "this Litigation" shall mean the above-captioned litigation.

F. The term "communication" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

G. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

H. The term "document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of Plaintiff, including, without limitation, computer e-mail.

I. Unless otherwise indicated, the term "identify":

1. When used in connection with documents, means to indicate (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author, addressee, and recipient.

2. When used in connection with things, including, but not limited to, goods or physical things, means to furnish a complete description of the thing, including its common designation, its composition, its physical description, and any other distinguishing characteristics.

3. When used in connection with natural persons, means to give the person's

3

      full name, present or last known address, and present or last known place of employment (including address and telephone number thereof).

  4.  When used in connection with business entities, means to provide the full name, principal place of business, state of incorporation or registration (if applicable), offices, and manufacturing facilities.

J.  The term "person" shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

K.  As used herein, the term "regarding" means relating or referring to, incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

L.  The term "third party" shall include, without limitation, manufacturers, distributors, importers, merchants, retailers, wholesalers, website owners and operators, and ultimate purchasers but shall not include Defendant or Plaintiff.

M.  The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be construed to be outside its scope. Wherever appropriate herein, the singular form of a word should be interpreted in the plural, and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

## **INSTRUCTIONS**

1.  Where an interrogatory answer differs as between different types of goods or services, the answer shall set forth such different information as is applicable to each of the different types of goods or services.

4

2. Where an interrogatory answer differs as between different types of use of the mark (e.g., first use as a service mark and first use as a trademark), the answer shall set forth such different information as is applicable to each of the different types of use.

3. Where an interrogatory answer differs as between different persons and entities falling within the scope of the term "Plaintiff" (e.g., the alleged first use of the mark by the named Plaintiff and the first use of the mark by a licensee or related corporate entity of the named Plaintiff), the answer shall set forth such different information as is applicable to each of the different persons and or entities.

4. For each document or tangible thing otherwise responsive to any interrogatory or document request which has been lost or destroyed since its preparation or receipt, state (i) the request to which it would be responsive; (ii) the circumstances whereby the document or tangible thing was lost or destroyed; and (iii) the identity of all persons having knowledge of such loss or destruction.

5. If Plaintiff refuses to identify and/or produce any document(s) based upon a claim of privilege or work product immunity, Plaintiff shall, in log form, (i) identify each document by its author, intended recipient(s), the date of the document, and its general subject matter, and (ii) set forth for each withheld document the particular basis for the refusal of production.

6. If Plaintiff elects to produce documents or other tangible things responsive to any interrogatory, Plaintiff must state the particular bates number or range or other specific numerical identifier for the particular documents or other tangible things responsive to each specific interrogatory as required by Fed. R. Civ. P. 33(d).

7. These interrogatories shall be deemed continuing in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person or agent answering or assisting in the answering of these Interrogatories, Defendant's First Set of Requests for Production of Documents and Things, and/or Defendant's First Set of Requests for Admission, and the duties performed by such person or agent at all times referred to herein.

**INTERROGATORY NO. 2:**

Describe Plaintiff's decision to adopt Plaintiff's Marks, including without limitation the reasons Plaintiff chose to cease use of its original trade name "Maraxi" or "Maraxi, Inc." and the date on which that decision occurred, the process for selecting a new trade name and trademark and the date on which that process began, the reasons for selecting IMPOSSIBLE and the date on which it was selected, any alternative marks or forms considered, and all persons with knowledge thereof.

**INTERROGATORY NO. 3:**

Describe Plaintiff's decision to adopt the following stylization of Plaintiff's Marks (image taken from Plaintiff's website at buy.impossiblefoods.com on March 2, 2021), including without limitation identifying the date on which this stylization was first proposed and the reasons it was proposed, the date on which this stylization was selected and the reasons for its selection, and all persons with knowledge thereof.

**IMPOSSIBLE**

**INTERROGATORY NO. 4:**

Identify all searches of any type conducted by or on behalf of Plaintiff in connection with its decision to adopt Plaintiff's Marks, all persons with knowledge thereof, and the Bates Numbers

6

(from Plaintiff's document production) of any documents referencing or reflecting such searches.

**INTERROGATORY NO. 5:**

For each good or service with which Plaintiff has used, is using, or intends to use Plaintiff's Marks, describe the first use(s) or expected date of first use in commerce of each of Plaintiff's Marks in association with each of those goods and services, including without limitation the date(s) of first use or expected first use, where and how the mark was used or will be used in commerce in connection with each good or service, and Plaintiff's person most knowledgable of such facts.

**INTERROGATORY NO. 6:**

For each good or service with which Plaintiff has used, is using, or intends to use Plaintiff's Marks, identify any efforts to market or promote such good or service in connection with Plaintiff's Marks, including the type of marketing or advertising, the targeted audience for such marketing or advertising, the amount spent on such marketing or advertising, and Plaintiff's person most knowledgable of such facts.

**INTERROGATORY NO. 7:**

Describe how Plaintiff learned of Defendant and/or Defendant's Marks, including identifying the date on which Plaintiff learned of Defendant and/or Defendant's Marks, the circumstances surrounding the discovery, the person(s) who brought Defendant and/or Defendant's Marks to Plaintiff's attention, and all persons with knowledge of any such facts.

**INTERROGATORY NO. 8:**

Identify each reported instance anywhere of actual confusion, mistake, or deception known to Plaintiff between Plaintiff, Plaintiff's Marks, or Plaintiff's goods or services on the one hand, and Defendant, Defendant's Marks, or Defendant's goods and services on the other hand, and Plaintiff's person most knowledgable about each such instance.

**INTERROGATORY NO. 9:**

Explain the factual and legal bases for your claim that "[t]o the extent Defendant used an IMPOSSIBLE mark in connection with recipes, food ingredients, or cooking information prior to 2016, that use was sporadic and de minimis, at best, and not the required bona fide use in commerce, and not trademark use," as alleged in Plaintiff's Amended Complaint ¶ 24.

Respectfully submitted,

Date:  March 12, 2024    By:    /s/ David E. Weslow
David E. Weslow
Adrienne J. Kosak
WILEY REIN LLP
2050 Street, N.W.
Washington, D.C.  20036
202.719.7000 (telephone)
dweslow@wiley.law (email)
akosak@wiley.law (email)

Michael Rodenbaugh (SBN 179059)
Meghan Gleeson (SBN 353156)
RODENBAUGH LAW
548 Market Street, Box 55819
San Francisco, CA 94104
Phone: (415) 738-8087
Email:  mike@rodenbaugh.com
meghan@rodenbaugh.com
docket@rodenbaugh.com

*Attorneys for Defendant
Impossible LLC*

8

**PROOF OF SERVICE**

I certify that the foregoing document was served on today's date by US Mail to Plaintiff's counsel to the following addresses, with courtesy copy by email:

GIA CINCONE (SBN 141668)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California 94111

gcincone@ktslaw.com

WILLIAM H. BREWSTER (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309

bbrewster@ktslaw.com

DATED:  March 12, 2024

SIGNED:  Meghan Gleeson (SBN 353156)