KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>               Plaintiff/Counter-Defendant,<br><br>   v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>               Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S STATEMENT IN SUPPORT OF SEALING**<br><br>Judge:     Hon. Beth Labson Freeman |

Pursuant to Civil Local Rule 79-5(c)(3), 79-5(f), and 7-11, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") provides the following in support of sealing portions of Exhibit 1 and all of Exhibit 2 of Defendant/Counter-Plaintiff Impossible LLC's Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. No. 190) filed in connection with Impossible LLC's discovery letter brief (Dkt. No. 188).

## I. Legal Standard

In the context of a request to seal court records, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)).

"The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court." *Calhoun v. Google LLC*, No. 20-cv- 05146-YGR (SVK), 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022). Where, as here, the materials are filed in connection with a discovery motion, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at*21 (N.D. Cal. Jan. 17, 2020) ("Records attached to non-dispositive motions are not subject to the strong presumption of access."). A party meets the good cause standard when it makes a "particularized showing" that "specific prejudice or harm will result" if the claimed sensitive information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

## II. Discussion

On April 22, 2025, Impossible LLC filed excerpts from the transcript of William Van Curen's 30(b)(6) deposition as Exhibit A (Dkt. No. 188-1) (the "Transcript") to its Joint Statement (Dkt No. 188) (the "Joint Statement"), which itself includes quotes from and citations to the content of Exhibit A. Mr. Van Curen, who is in-house counsel at Impossible Foods, was designated as Impossible Foods's witness regarding topics related to document retention and document collection pursuant to this Court's April 1, 2025 Order (Dkt. No. 169).

The Court should permit both the Transcript and portions of the Joint Statement which quote or cite sensitive information in the Transcript to be sealed because they contain information related to document retention policies that would cause specific harm if made

1  public. The deposition of Mr. Van Curen was designated Confidential under the Protective

2  Order (Dkt. No. 87) because of, *inter alia*, the sensitive nature of information related to

3  Impossible Foods's document retention policies and internal IT systems. Courts have found

4  that the interest in maintaining confidential document retention policies meets the good cause

5  standard to seal the underlying materials. *See Zunum Aero, Inc. v. Boeing Co.*, No. C21-

6  0896JLR, 2024 WL 357787, at *3 (W.D. Wash. Jan. 31, 2024) ("Upon review, the court

7  concludes that there are compelling reasons to maintain Exhibits 11, 12, and 12A under seal

8  because they contain confidential Boeing document retention policies never intended for the

9  public eye.") (citing *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381,

10  at *2 (N.D. Cal. Feb. 24, 2020)); *Phase II Chin, LLC v. F. Shops, LLC*, No. 2:08-CV-00162-

11  JCM, 2010 WL 2695659, at *3 (D. Nev. July 2, 2010) ("As it is reasonably forseeable [sic] that

12  Caesars would suffer specific harm from public disclosure of the mechanics of its litigation

13  strategy and legal instructions regarding document retention, the Court finds good cause to seal

14  the memorandum.").

15        Disclosure of this information would result in significant harm to Impossible Foods,

16  including by exposing valuable insights into Impossible Foods's approach to maintaining email

17  correspondence and documents and the availability of such materials per its document retention

18  policies. Such a disclosure would impair Impossible Foods's in any future litigations and may

19  also impact its business operations as competitors, vendors, and would-be collaborators would

20  have access to highly sensitive information regarding how Impossible Foods organizes and

21  retains email communications and documents generally. Exhibit 2, the Transcript, is produced

22  only in excerpted form, which is narrowly tailored to the information relevant to the Joint

23  Statement.

24        The below table summarizes Impossible Foods's requested sealing and reasons for

25  sealing.

26

27  | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
    | --- | --- | --- | --- |

28

STATEMENT IN SUPPORT OF SEALING      3
CASE NO. 5:21-CV-02419-BLF (SVK)

US2008 31404907 3

| | | | |
|---|---|---|---|
| 190-1 | Exhibit 1 - Joint Statement (Dkt. No. 188) | Page 3:4-7, 9-25; Page 4:5-7, 9-12, 17-18, 20-21, 23-27; Page 5:1-2, 4-7 | The designated portions cite to the deposition transcript and reveal highly sensitive information regarding Impossible Foods's document retention policies and internal IT systems. Public disclosure of such information would harm Impossible Foods in future litigations and may result in competitors and business partners alike altering their interactions with Impossible Foods. |
| 190-2 | Exhibit 2 – Exhibit A to Joint Statement (Excerpts of Transcript of Deposition William Van Curen) (Dkt. No. 188-1) | Entire Document | The deposition transcript covers highly sensitive information regarding Impossible Foods's document retention policies and internal IT systems. Public disclosure of such information would harm Impossible Foods in future litigations and may result in competitors and business partners alike altering their interactions with Impossible Foods. |

For the foregoing reasons, Impossible Foods respectfully requests that the Court keep the portions of **Exhibit 1** identified above and the entirety of **Exhibit 2** under seal.

DATED: April 30, 2025

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/ H. Forrest Flemming*

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica C. Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ H. Forrest Flemming*
H. Forrest Flemming, III