REDACTED

KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com


R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**REDACTED**<br><br>Judge: Hon. Beth Labson Freeman<br>Date: August 28, 2025<br>Time: 9:00 a.m. |

**REDACTED**

1

2

**NOTICE OF MOTION**

3   TO DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL

4   RUNYON AND THEIR ATTORNEYS OF RECORD:

5   PLEASE TAKE NOTICE THAT on August 28, 2025, before the Honorable Beth Labson

6   Freeman, Courtroom 3, 5th floor, San Jose Courthouse, 280 South 1st Street, San Jose,

7   California 95113, at 9:00 a.m. or as soon thereafter as the matter may be heard,

8   Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") will and hereby does

9   object to the Magistrate's May 6 Order regarding the crime-fraud exception, under Federal Rule

10  of Civil Procedure 72(a) and Local Rule 72-2. ECF 208.

11  Impossible Foods's motion is based on this Notice of Motion and accompanying

12  Memorandum of Points and Authorities in Support, the pleadings and papers on file in this

13  action, and such other written or oral argument as may be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

14

15  **I.    INTRODUCTION**

16  On May 6, 2025, Magistrate Judge van Keulen (the "Magistrate") denied Impossible

17  Foods's motion to compel production or *in camera* review of Impossible LLC's purportedly

18  privileged documents pursuant to the crime-fraud exception. ECF 208 (the "Order"). Impossible

19  Foods objects because if Impossible Foods does not, it may waive its objections on appeal to the

20  Ninth Circuit. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 n.1 (9th Cir. 1996).

21  The Order is clearly erroneous for two primary reasons. ***First***, a preponderance of the

22  evidence shows that Impossible LLC's purportedly privileged communications concerning

23  several sworn—but false—Statements of Use (the "Communications") were made in furtherance

24  of a fraud upon the United States Patent & Trademark Office (the "PTO"), meaning the crime-

25  fraud exception applies. ***Second***, it was an abuse of discretion to deny Impossible Foods's

26  request for an *in camera* review of the Communications under *United States v. Zolin*, 491 U.S.

27  554 (1989), because although the Magistrate cited the correct standard, that "minimal" standard

28  MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 5:21-CV-02419-BLF (SVK)

1

**REDACTED**

1    was not actually applied.

2         In particular, the Magistrate construed all evidence in the light most favorable to

3    Impossible LLC and drew all inferences in Impossible LLC's favor in denying *in camera*

4    review—essentially imposing a summary judgment standard on Impossible Foods. But

5    Impossible Foods was only required to provide "a factual basis adequate to support a good faith

6    belief by a reasonable person . . . that an *in camera* review of the materials may reveal evidence

7    to establish the claim that the crime-fraud exception applies." *Id.* at 572. To be clear, the Ninth

8    Circuit has held that this is a "minimal burden" that "is meant **only** to prevent **groundless fishing**

9    **expeditions**." *United States v. Christensen*, 828 F.3d 763, 800 (9th Cir. 2015) (emphasis added).

10   The Magistrate clearly erred in failing to apply this "minimal" standard.

11        For these reasons and those provided below, the Court should compel Impossible LLC

12   either to produce the Communications to Impossible Foods or to submit them to the Court for *in*

13   *camera* review.

14   **II.    ARGUMENT**

15        **A.  A Preponderance of the Evidence Shows That the Communications Were Made**

16            **in Furtherance of a Fraud on the PTO**

17        Even without an *in camera* review, it was clear error for the Magistrate to decline to

18   compel production of the Communications under the crime-fraud exception. That exception

19   applies where a preponderance of the evidence shows that "attorney-client communications were

20   made in furtherance of a future crime or fraud." *Zolin*, 491 U.S. at 563; *see also Anbang Grp.*

21   *Holdings Co. Ltd. v. Zhou*, No. 23-CV-00998-VC (TSH), 2024 WL 199563, at *1 (N.D. Cal. Jan.

22   18, 2024) ("In civil cases in the Ninth Circuit, the standard of proof for outright disclosure under

23   the crime-fraud exception is preponderance of the evidence."). Here, the relevant "fraud" is fraud

24   on the PTO. *See Laser Indus., Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417, 422 (N.D. Cal. 1996)

25   (applying crime-fraud exception in context of fraud on the PTO claim).

26   ████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████

28   MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
     CASE NO. 5:21-CV-02419-BLF (SVK)

US2008 31470261 4

**REDACTED**

[REDACTED]

Specifically, Runyon swore under oath that "the mark is in use in commerce on or in connection with **all** goods/services . . . listed in the existing registration [or application] for the specific class," Flemming Decl. at ¶¶ 3–8, Exs. B, C, D, E, F, and G (emphasis added).

[REDACTED]

The materiality of the Statements of Use is undisputed.

[REDACTED]

And it is well-settled that "[i]f the registrant uses the mark, but not on the goods listed in the registration, the [entire] registration may be canceled for fraud." 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Comp.* § 31:73 (5th ed. 2025). Thus, the only disputed element of fraud is scienter—i.e., whether Impossible LLC intended to deceive the PTO.

[REDACTED]

The Magistrate credited [REDACTED] but "direct evidence of deceptive intent is rare, [so] a district court may infer intent from indirect and circumstantial evidence." *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-CV-00791-RS,

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 5:21-CV-02419-BLF (SVK)

3

**REDACTED**

1    2017 WL 2118314, at *7 (N.D. Cal. May 16, 2017). The Ninth Circuit has held that the crime-

2    fraud exception can apply "without any need to rely on statements" from the accused party. *In re*

3    *Grand Jury Subpoena of Connelly*, 28 F.3d 106 (9th Cir. 1994). Here, the language of the

4    Statements of Use is plain, Runyon's "explanations" make little sense, and a *preponderance* of

5    the *circumstantial* evidence thus shows that Runyon knew exactly what he was doing.

6    ████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ██████████████ Thus, those attorney-client communications were made "in furtherance" of

9    the alleged fraud on the PTO, and the crime-fraud exception applies.

10          **B.    The Magistrate Did Not Apply The "Minimal" *Zolin* Standard**

11          The Magistrate clearly erred by failing to apply the *Zolin* standard; she applied one more

12   akin to the summary judgment standard. The Magistrate relied solely upon a credibility

13   determination—i.e., whether Runyon appeared truthful when he testified ████████████

14   ████████████—and viewed all evidence in the light most favorable to Impossible LLC.[1]

15          Again, the *Zolin* standard is a "minimal burden" that "is meant only to prevent

16   groundless fishing expeditions." *Christensen*, 828 F.3d at 800-01. For that reason, courts usually

17   should not engage in an "assessment of credibility," which "will typically be better left to the

18   fact-finder . . . ." *In re Green Grand Jury Proc.*, 492 F.3d 976, 985 (8th Cir. 2007).

19   "[C]onclusive proof is not necessary at this stage," only a factual showing "sufficient to support

20   a good faith belief that *in camera* review **may** reveal evidence to establish [the] claim that the

---

21

22   [1] For example, the Magistrate addressed how Impossible LLC corrected a registration and

23   found that the timing of the correction was irrelevant. ECF 208 at 3, n.1. But the timing is

24   critical: the fact that Impossible LLC only corrected its registration after the PTO *conducted an*

25   *audit of that registration* shows that Impossible LLC was only scrambling to escape the

26   consequences of its lies. The Magistrate clearly erred in viewing this evidence in the light most

27   favorable to Impossible LLC.

28   MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
     CASE NO. 5:21-CV-02419-BLF (SVK)

4

**REDACTED**

1  crime-fraud exception applies." *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL

2  6168035, at \*8 (C.D. Cal. June 12, 2018) (emphasis added) (declining to address "credibility

3  concerns"); *see also Connelly*, 28 F.3d at 106 (9th Cir. 1994) ("[T]he government's submission

4  and the contents of the withheld documents sufficiently establish the existence of the crime-fraud

5  exception without any need to rely on statements by Diane Connelly or Smith."). The Ninth

6  Circuit has made clear that, under *Zolin*, "[s]ome speculation is required." *Christensen*, 828 F.3d

7  at 800.

8         Here, there is only one element of fraud truly in dispute (scienter), and as discussed in the

9  previous section, ample circumstantial evidence shows that Runyon intended to deceive the

10  PTO. █████████████████████████████████████████████

11  ███████████████████████████████████████████ Whether the

12  Communications confirm Runyon knew exactly what he was doing, or exonerate him, will only

13  be revealed upon *in camera* review. Thus, it was an abuse of discretion and clear error for the

14  Magistrate to conclude that Impossible Foods had not met its "minimal burden" under *Zolin* to

15  provide "a factual basis adequate to support a good faith belief by a reasonable person . . . that an

16  *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud

17  exception applies. *Christensen*, 828 F.3d at 800; *Zolin* 491 U.S. at 572.

18  **III.    CONCLUSION**

19         For the foregoing reasons, Impossible Foods respectfully requests that the Court compel

20  Impossible LLC either to produce the Communications to Impossible Foods or to submit them

21  to the Court for *in camera* review.

22

23  DATED: May 16, 2025                    Respectfully submitted,

24                                         **KILPATRICK TOWNSEND & STOCKTON**

25                                 By:  */s/ H. Forrest Flemming, III*
                                        R. Charles Henn Jr. (*pro hac vice*)
26                                      H. Forrest Flemming, III (*pro hac vice*)
                                        Erica Chanin (*pro hac vice*)
27                                      Kollin Zimmerman (SBN 273092)

28  MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
     CASE NO. 5:21-CV-02419-BLF (SVK)

5

**REDACTED**

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 5:21-CV-02419-BLF (SVK)

6

US2008 314702261 4

**REDACTED**

## CERTIFICATE OF SERVICE

     I hereby certify that on May 16, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ H. Forrest Flemming, III*
H. Forrest Flemming, III

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 5:21-CV-02419-BLF (SVK)

US2008 31470261 4