KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC., a Delaware corporation,

Plaintiff/Counter-Defendant,

v.

IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,

Defendants/Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER**

| | |
|---|---|
| Judge: | Hon. Beth Labson Freeman |
| Date: | August 28, 2025 |
| Time: | 9:00 a.m. |

**NOTICE OF MOTION**

TO DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 28, 2025, before the Honorable Beth Labson Freeman, Courtroom 3, 5th floor, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, at 9:00 a.m. or as soon thereafter as the matter may be heard, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") will and hereby does move to modify the Scheduling Order.

Impossible Foods's motion is based on this Notice of Motion and accompanying Memorandum and Points of Authorities in Support, the pleadings and papers on file in this action, and such other written or oral argument as may be presented at or before the time this motion is heard and/or taken under submission by the Court.

## I. INTRODUCTION

Good cause exists to modify the Scheduling Order because the Court recently ordered an *in camera* review that may result in the production of critical documents—but the *in camera* review will not even be conducted until, at the earliest, two weeks before summary judgment motions are due on July 3. Impossible Foods therefore respectfully requests that the Court modify the Scheduling Order to provide the Magistrate Judge ample time to conduct the *in camera* review and issue her opinion, and to spare the parties from drafting and filing summary judgment motions at a time when critical documents may be produced, and further discovery may be necessary.

## II. BACKGROUND

Whether good cause exists to modify a scheduling order under Rule 16(b)(4) depends on the diligence of the moving party. *Bradley v. T-Mobile US, Inc.*, No. 17-CV-07232-BLF, 2019 WL 2358972, at *1 (N.D. Cal. June 4, 2019). Fact discovery closed on April 14, 2025. ECF 113. Defendant Impossible LLC designated only one witness to testify on the 30(b)(6) topics served by Impossible Foods: the company's sole member, owner, and employee, Joel Runyon.

Impossible Foods took Mr. Runyon's deposition on April 10. Declaration of H. Forrest Flemming, III ("Flemming Decl.") ¶ 5. *The next day*, and pursuant to the Magistrate Judge's rules for discovery motions, Impossible Foods served Defendants with its portion of a Joint Statement seeking *in camera* review of privileged documents under the crime-fraud exception. Defendants served their portion on April 15, and Impossible Foods filed the Joint Statement that same day.[1] *Id.* at ¶ 6.

The Magistrate Judge denied Impossible Foods's motion on May 6. ECF 208. Impossible Foods's objections were due on May 20, but Impossible Foods filed early, on May 16. ECF No. 211. The Court granted Impossible Foods's motion for relief from the Magistrate Judge's ruling on June 4. ECF 222. On June 6, the Magistrate Judge ordered Defendants to provide details about the number of documents subject to the *in camera* review by June 16, but she did not set a date for the actual submission of documents for review. ECF 224. Summary judgment motions are due on July 3. ECF 113 at 4.

Impossible Foods sought Defendants' consent to this motion on June 10, but they did not respond.

## III. ARGUMENT

The Court should modify the Scheduling Order because having the Magistrate Judge conduct an *in camera* review of potentially critical documents in the two weeks prior to the summary judgment deadline puts unnecessary pressure on the Magistrate Judge to act immediately and requires the parties to craft summary judgment motions on a potentially incomplete factual record. This problem is compounded by the fact that, if the Magistrate Judge orders production of documents following her review, Impossible Foods may be entitled to deposition testimony on the documents—relief that Impossible Foods sought in its original Joint Statement but that would take time. ECF 175 at 8.

Defendants will argue that the Magistrate Judge may rule against Impossible Foods and order that no further documents be produced. That is true, but the problem is that by the time

[1] Under the Magistrate Judge's rules, Joint Statements could be filed until April 21.

the Magistrate Judge issues her opinion—even if she moves with the greatest alacrity—it will be too late to seek and obtain relief from the case schedule before summary judgment motions are due. Thus, it is appropriate for the Court to modify the schedule now to avoid potentially significant prejudice and a waste of resources.

Defendants also strenuously object to moving the trial date given that the case was filed in 2021. This position ignores the facts that (1) the case was stayed at the pleading stage from November 2021 to December 2023 pending appeal to the Ninth Circuit, *see* ECF 52, 58; (2) fact discovery did not begin until March 2024, ECF 66 at 7; and (3) this was solely a declaratory relief case until March 2024, *compare* ECF 66 at 9 *with* ECF 80 at 27, 31. Regardless—if, in light of the Court's calendar, moving the trial date would require an extraordinary delay, then Impossible Foods would have concerns similar to Defendants. But if the Court is available to conduct a trial later in 2025 or in the first half of 2026, then such an extension would not unduly delay resolution of the parties' dispute.

It also may be the case (again, depending on the Court's calendar) that trial would need to be moved anyway, as the current November 10 trial date was set based on the parties' representation that it would be "a bench trial" that would "last three or four court days." ECF 66 at 9. Since then, Impossible Foods has asserted affirmative trademark infringement claims, added Joel Runyon as a defendant, and asserted trademark cancellation claims against numerous trademark registrations based on fraud on the PTO and abandonment. *See* ECF 151 at 31–37. Defendants have since demanded a jury trial and asserted affirmative trademark infringement claims against Impossible Foods. ECF 168 at 66–71. If the Court is not available to conduct a potential jury trial of five or more court days beginning on November 10, 2025, then it would be helpful to address that issue now.

Finally, Defendants will likely argue in the alternative that the existing case schedule be compressed while the trial date remains in place. This was the same position Defendants took last month when the parties were considering moving to modify the schedule so that the parties could conduct a private mediation at the end of this month. But the case schedule is already

heavily compressed. The parties currently have only two weeks to respond to the other sides' summary judgment motions, only one week for replies, and the Court's minimum 90 days between the summary judgment hearing and trial.

Further compressing the case schedule would actually increase the burden on the parties and the Court. This is particularly so given that both sides agree that summary judgment is likely to narrow the case significantly. Defendants have already requested that Impossible Foods withdraw its affirmative trademark claims as "not viable" and "concededly without merit," so Defendants clearly believe summary judgment will dispose of all the claims against them. Impossible Foods's summary judgment motion, meanwhile, would dispose of Defendants' damages theories if granted and, thus, convert trial to a bench trial. Thus, it is especially important for the Court to have ample time to consider and rule upon the parties' summary judgment motions before trial, and the current schedule already provides the Court's 90-day bare minimum.

Ultimately, Impossible Foods respectfully requests that the Court—in light of its overall docket management needs—modify the case schedule to allow the Magistrate Judge and the parties ample time to address the *in camera* review and its results. To that end, Impossible Foods proposes the following summary judgment dates, with trial dates to be set according to the Court's calendar:

| **Event** | **Set Date** | **Proposed Date** |
|---|---|---|
| Summary Judgment Motions Due | 7/3/2025 | 8/8/2025 |
| Summary Judgment Oppositions Due | 7/17/2025 | 8/29/2025 |
| Summary Judgment Replies Due | 7/24/2025 | 9/12/2025 |
| Hearing for Motions for Summary Judgment | N/A | Set by Court |
| Final Pretrial Conference | 10/16/2025 | Set by Court |
| Trial | 11/10/2025 | Set by Court |

## IV. CONCLUSION

For the foregoing reasons, Impossible Foods respectfully requests the Court modify the case scheduling as set forth above.

DATED: June 11, 2025

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: *<u>/s/ H. Forrest Flemming, III</u>*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice)*
Erica Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ H. Forrest Flemming, III*
H. Forrest Flemming, III