KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice)*
ERICA CHANIN (*pro hac vice)*
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6549
Facsimile: (404) 541-3139
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**DECLARATION OF H. FORREST FLEMMING, III**<br><br>Judge: Hon. Beth Labson Freeman |

**DECLARATION OF H. FORREST FLEMMING, III IN SUPPORT OF IMPOSSIBLE FOODS INC.'S MOTION TO MODIFY THE CASE SCHEDULING ORDER**

I, H. Forrest Flemming, III, declare under penalty of perjury that the following is true and correct:

1. I am a partner at Kilpatrick Townsend & Stockton LLP, which represents Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") in this action. I am a member of the bar of the states of New York and Georgia, and I have been admitted *pro hac vice* in this action and many others in California state and federal courts. I am over the age of twenty-one

and competent to make this declaration based on my personal knowledge. This declaration is being submitted in support of Impossible Foods's motion to modify the case scheduling order, pursuant to Local Rule 6-3.

2. On June 11, 2025, Impossible Foods filed a Motion to Modify the Case Scheduling Order (the "Motion"). The Motion is set to be heard on August 28, 2025.

3. On June 10, 2025, counsel for Impossible Foods sought Defendants' consent to extend the case schedule as proposed in the Motion. Defendants did not respond to Impossible Foods's request for consent.

4. The current case scheduling order sets the deadline for motions for summary judgment as July 3, 2025. ECF 113.

5. On April 10, 2025, I took the deposition of Joel Runyon, Defendant Impossible LLC's 30(b)(6) designee.

6. On April 11, 2025, Impossible Foods served Defendants with its portion of a joint statement seeking *in camera* review by the Magistrate Judge of certain communications between Defendants and counsel that may have been in furtherance of fraud in accordance with the Magistrate Judge's standing orders.

7. On April 15, 2025, Impossible Foods filed its joint statement, asking for *in camera* review by the Magistrate Judge of certain communications between Defendants and counsel that may have been in furtherance of fraud. ECF 175.

8. On May 1, 2025, the Court held oral argument regarding outstanding discovery, including Impossible Foods's request for *in camera* review of certain documents.

9. On May 6, 2025, Magistrate Judge van Keulen issued an order denying Impossible Foods's request for *in camera* review. ECF 208.

10. On May 16, 2025, Impossible Foods filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. ECF 211.

11. On June 4, 2025, the Court granted Impossible Foods's request for relief from the magistrate judge's May 6 Order, ordering *in camera* review of Defendants documents pertaining to potential fraud committed upon the USPTO. ECF 222.

12. On June 5, 2025, the Court instructed Defendants to submit a statement identifying the number of entries on its privilege log that would be submitted to the Court for *in camera* review by June 16, 2025. ECF 224.

13. The Court indicated it would begin *in camera* review subsequently but did not set a date for actual submission of documents. ECF 224.

14. The case scheduling order has been modified four times. The case was stayed at the pleading stage from November 2021 to December 2023, pending appeal to the Ninth Circuit on issues of personal jurisdiction. *See* ECF 52, 58. In July 2024, Impossible Foods moved to amend its complaint to add claims of infringement, which the Court granted. ECF 101. The parties jointly stipulated that case deadlines be extended as they pertained to discovery deadlines and summary judgment in October 2024, which the Court granted. ECF 112, 113. Impossible Foods then moved to amend its complaint to add claims of fraud in January 2025, which the Court granted. ECF 149.

15. The modification requested in the Motion would extend case deadlines as follows:

| **Event** | **Set Date** | **Proposed Date** |
|---|---|---|
| Summary Judgment Motions Due | 7/3/2025 | 8/8/2025 |
| Summary Judgment Oppositions Due | 7/17/2025 | 8/29/2025 |
| Summary Judgment Replies Due | 7/24/2025 | 9/12/2025 |

16. The hearing for summary judgment motions, final pretrial conference, and trial date would be moved according to the Court's calendar.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2025 in New York, New York.

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**
By: /s/ H. Forrest Flemming, III

H. Forrest Flemming, III (*pro hac vice*)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.