J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides, Esq. (*pro hac vice* admission)
  benavides@braunhagey.com
Faith Barksdale, Esq. (*pro hac vice* admission)
  barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs*
*IMPOSSIBLE LLC and JOEL RUNYON*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff / Counter-Defendant, | **DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON'S NOTICE OF SUBMISSION IN RESPONSE TO DKT. NO. 224** |
| v. | |
| IMPOSSIBLE LLC and JOEL RUNYON, | |
| Defendants / Counter-Plaintiffs. | **Presiding Judge:** Hon. Beth Labson Freeman<br>**Mag. Judge:** Hon. Susan van Keulen<br>**Compl. Filed:** April 2, 2021<br>**Third Am. Compl. Filed:** March 7, 2025<br>**Trial Date:** November 10, 2025 |

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Court's June 5, 2025, Order (Dkt. No. 224), Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon (together, "Impossible LLC") hereby confirms that it has identified 12 unique email threads responsive to the Court's Order. Impossible LLC notes that several of these communications post-date the filing of the Complaint, and so were not logged per agreement of the parties. *See, e.g.,* May 1, 2025 Hr'g Tr. at 35:24-36:12 (both parties confirming agreement). Impossible LLC nonetheless interpreted the Court's Order to require submission of these communications as well, even though they were not included on Impossible LLC's privilege log.

Impossible LLC further provides notice that it is submitting copies of these materials for the Court's *in camera* review contemporaneously with filing of this Notice, as Impossible Foods Inc. has moved to vacate the trial date (and interim deadlines), based on its stated position that the Court's *in camera* review will take an undue amount of time and prejudice Impossible Foods. Impossible LLC disagrees with that assertion and strongly opposes any request to vacate the trial date, and so is submitting these materials without awaiting an Order to do so in order to minimize any delay (which would not be undue or prejudicial in any event).

Finally, while Impossible LLC strongly believes that there is no basis to abrogate privilege and order production of any of the materials submitted for *in camera* review for all of the reasons previously stated on the record, Impossible LLC would in all events be entitled to redact privileged communications unrelated to the narrow and specific instances of fraud alleged. "If actual production is ordered following *in camera* review, it is narrowly tailored as the waiver is 'narrowly construed.'" *Genentech, Inc. v. Insmed Inc.*, 234 F.R.D. 667, 671–72 (N.D. Cal. 2006) (citation omitted) (ordering production of non-privileged portions of withheld documents with redaction of all privileged portions after *in camera* review); *see In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155, 2023 WL 1787160, at *2-*4 (N.D. Cal. Feb. 6, 2023) (same). Impossible LLC therefore submits these privileged communications without waiver of its right to redact any

collateral privileged communications outside the scope of the specific fraud alleged.[1]

After identifying responsive communications between Mr. Runyon and his counsel for the relevant time frames and applying the Court's guidance to identify the most complete email threads and eliminate duplicate communications, Impossible LLC has identified 12 unique email threads responsive to the parameters set forth by the Court. Of these, seven were previously logged in Impossible LLC's Amended and Supplemental Privilege Log; those entries have been included the In Camera Review Privilege Log. Impossible LLC has also entered the additional communications in the In Camera Privilege Log for the Court's convenience.

Dated:  June 16, 2025                              By:     */s/ Adam S. Cashman*
                                                                   Adam S. Cashman

                                                           *Attorneys for Defendants / Counter-Plaintiffs*
                                                           *Impossible LLC and Joel Runyon*

---

[1] In conducting its review, Impossible LLC also identified a relevant communication between Mr. Runyon and his counsel that Impossible LLC believes will facilitate the Court's *in camera* review. Impossible LLC has produced that document to the Court and included it in the In Camera Review Privilege Log.