UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No.  5:21-cv-02419-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING IMPOSSIBLE FOODS INC.'S MOTION TO STRIKE** |
| IMPOSSIBLE LLC, et al., | [Re:  Dkt. No. 174] |
| Defendants. | |
| IMPOSSIBLE LLC, et al., | |
| Counter-Plaintiffs, | |
| v. | |
| IMPOSSIBLE FOODS INC. | |
| Counter-Defendant. | |

Before the Court is Impossible Foods Inc.'s ("IF") Motion to Strike Defendants/Counter-Plaintiffs' Affirmative Defenses.  Dkt. No. 174 ("Mot.").  Impossible LLC ("ILLC") and Joel Runyon (collectively, "Defendants") oppose the motion, Dkt. No. 191 ("Opp."), and IF filed a reply in support of its motion, Dkt. No. 199 ("Reply").  The Court finds this motion suitable for resolution without oral argument, *see* Civ. L.R. 7-1(b), and VACATES the hearing set for June 26, 2025.

For the following reasons, the Court GRANTS Impossible Foods Inc.'s motion.

## I.    BACKGROUND

On April 2, 2021, Plaintiff Impossible Foods Inc. filed a Complaint against Defendant Impossible LLC (then identified as "Impossible X LLC"), alleging one claim for declaratory relief "concerning the use of the IMPOSSIBLE mark and the respective trademark rights of the parties."

Dkt. No. 1 ¶ 34.  Following IF's successful appeal of this Court's grant of Defendant's motion to dismiss for lack of personal jurisdiction, *see* Dkt. No. 55, the Court held a Case Management Conference on January 25, 2024, Dkt. No. 69.  The Court then issued the Case Management Scheduling Order, which set the deadline for amending the pleadings as March 25, 2024.  Dkt. No. 70.  IF filed an Amended Complaint against Impossible LLC on February 16, 2024, again alleging one claim for declaratory relief regarding the Parties' trademark dispute.  Dkt. No. 78.  On March 8, 2024, Impossible LLC filed its Answer to the Amended Complaint and asserted various Counterclaims.  Dkt. No. 80.  Impossible LLC amended its Counterclaims on April 4, 2024, Dkt. No. 83, and IF filed an Answer to the Counterclaims on April 18, 2024, Dkt. No. 85.

On July 23, 2024, IF sought to amend its Complaint to add trademark infringement and unfair competition claims against both ILLC and Defendant Joel Runyon ("Runyon").  Dkt. No. 92.  The Court granted in part IF's motion on September 17, 2024, Dkt. No. 101, and IF promptly filed its Second Amended Complaint, Dkt. No. 103.  After the Court resolved the Parties' dispute over a counterclaim asserted in ILLC's Answer and Counterclaims filed in response to IF's Second Amended Complaint, *see* Dkt. Nos. 107, 111, 117, IF submitted a further motion to amend to add fraud claims on January 31, 2025, Dkt. No. 137.  The Court granted IF's motion on March 4, 2025, Dkt. No. 149, and IF filed its Third Amended Complaint on March 7, 2025, Dkt. No. 151.  Defendants answered on March 31, 2025.  Dkt. No. 168.  After IF moved to strike Defendants' affirmative defenses, Dkt. No. 170, Defendants filed a corrected Answer and Counterclaims on April 4, 2025, Dkt. No. 171.  IF then filed the present motion to strike on April 9, 2025.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## III.   DISCUSSION

In its motion to strike, IF states that "Defendants' March 31, 2025 Answer (ECF 168)

asserted several affirmative defenses for the first time without leave of Court." Mot. at 3. In the corrected version of the Answer and Counterclaims filed on April 4, 2025, Defendants "clarified that the new defenses applied exclusively to the new allegations and claims in the Third Amended Complaint." *Id.* Regardless, IF argues that the new affirmative defenses of waiver, estoppel, acquiescence, and unclean hands should be stricken for failure to meet the pleading standards established in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Mot. at 3–5. For example, IF points out that Defendants have failed to identify the type of estoppel asserted or the legal right that IF has allegedly waived. *Id.* at 4. IF further argues that Defendants should not have the opportunity to amend the defenses in light of the prejudice to IF of their doing so at such a late stage in the litigation. *Id.* at 5–6.

In opposition, Defendants argue that the affirmative defenses "rest on Impossible Foods' additional factual allegations" in the Third Amended Complaint "as well as the extensive factual record in this case," Opp. at 1, and that, in any event, affirmative defenses need not meet the *Twombly-Iqbal* standard, *id.* at 5. Defendants then proceed to identify the portions of IF's Third Amended Complaint that Defendants believe support the affirmative defenses. *Id.* at 6–7. Defendants also assert that striking the affirmative defenses will "cause substantial prejudice to Impossible LLC, while Impossible Foods faces little prejudice to addressing those defenses at the summary judgment stage." *Id.* at 1, 7–10. Finally, in the event that the Court strikes the affirmative defenses, Defendants request leave to amend "to identify the specific facts in support of each affirmative defense and assert additional factual allegations that have only been revealed in the last few weeks." *Id.* at 2, 10–11.

"[M]ost district courts in this circuit agree that the heightened pleading standard of *Twombly* and *Iqbal* . . . is now the correct standard to apply to affirmative defenses." *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015) (quoting *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013)). Under that standard, affirmative defenses must plead "enough factual matter" to "show that the pleader is entitled to relief" and to give the plaintiff "fair notice." *Id.* "[T]he burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient

defense in the manner defendant intended." *Id.* at 284.  It is not a requirement that an affirmative

defense "include *extensive* factual allegations in order to give fair notice," but "bare statements

reciting mere legal conclusions may not be sufficient."  *Scott v. Fed. Bond & Collection Serv.,*

*Inc.*, No. 10-cv-02825, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011) (emphasis added) (citing

*Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133, 2005 WL 645592, at *2

(N.D. Cal. Mar. 4, 2005), and *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09–02429,

2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009)).

   In other words, despite the fact that motions to strike "are generally disfavored" by courts,

they may be granted where it appears that a bare-bones affirmative defense is supported by

nothing other than "some conjecture that it may somehow apply."  *See Barnes v. AT&T Pension*

*Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170–72 (N.D. Cal. 2010) (quoting

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).  This is such a case.

Specifically, Defendants' Fourth, Fifth, Sixth, and Tenth Affirmative Defenses read as follows:

**FOURTH AFFIRMATIVE DEFENSE**
(Waiver)
One or more of Plaintiff's claims and/or the relief Plaintiff seeks are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**
(Acquiescence)
One or more of Plaintiff's claims and/or the relief Plaintiff seeks are barred by the doctrine of acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**
(Estoppel)
One or more of Plaintiff's claims and/or the relief it seeks are barred by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**
(Unclean Hands)
One or more of Plaintiff's claims and/or the relief it seeks are barred by the doctrine of unclean hands.

   Dkt. No. 171 at 49–50.  These four affirmative defenses lack any factual matter at all, and

entirely fail to give fair notice of the factual basis for Defendants' assertion of each defense.

Indeed, Defendants use the highly ambiguous phrase "[o]ne or more of Plaintiff's claims and/or

the relief it seeks" with regard to each defense—a choice of words that seems consistent with

"*conjecture* that [the defense] may somehow apply," *see Barnes*, 718 F. Supp. 2d at 1172

(emphasis added), rather than a specific theory of its application that is grounded in fact.  Nor can

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendants cure the inadequacy of their pleading through briefing on the motion to strike, *see*

2    Opp. at 6–7, since "[a] motion to strike affirmative defenses under Federal Rule of Civil Procedure

3    12(f) looks to the face of the pleadings to determine whether the defenses are sufficient or not."

4    *Munoz v. PHH Corp.*, No. 08-cv-0759, 2013 WL 1278509, at *6 (E.D. Cal. Mar. 26, 2013) (citing

5    *Ariosta v. Fallbrook Union High School Dist.*, No. 08-cv-2421, 2009 WL 1604569, at *2 (S.D.

6    Cal. June 4, 2009)).  Accordingly, Defendants' Fourth, Fifth, Sixth, and Tenth Affirmative

7    Defenses are STRICKEN.

8            The question remains whether Defendants should be given leave to amend.  Generally,

9    "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given,"

10   *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826–27 (9th Cir. 1979) (citing Fed. R. Civ. P. 15(a), and

11   *Foman v. Davis*, 371 U.S. 178, 182 (1962)), though it may also be denied based on a strong

12   showing of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, or

13   futility of amendment, *see Foman*, 371 U.S. at 182; *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

14   1048, 1052 (9th Cir. 2003).  Defendants have failed to cure the identified pleading deficiency

15   once: the Corrected Answer and Revised Counterclaims to Third Amended Complaint was filed in

16   response to IF's initial motion to strike, *see* Dkt. No. 170, which specifically called out the lack of

17   factual allegations as a deficiency in Defendants' responsive pleading, *see id.* at 5.  However, the

18   Court concludes that one failure is not the same as "repeated failure," and, in light of the late date

19   at which IF was permitted to add its fraud claims, the Court does not find that Defendants'

20   conduct evinces undue delay or bad faith.  IF's brief argument that "Defendants cannot point to

21   any set of facts that would plausibly support any of the Defenses" is also unconvincing, since IF

22   has not demonstrated that the defenses are "insufficient as a matter of law," meaning that "there

23   are no questions of fact, any questions of law are clear and not in dispute, and under no set of

24   circumstances could the defense succeed."  *See Hernandez*, 306 F.R.D. at 285 (cleaned up).

25           The closest question is whether IF is sufficiently prejudiced that the Court should deny

26   Defendants the opportunity to amend.  The Court concludes that it is not.  While it is true that IF's

27   motion to strike was filed days before the close of fact discovery, *see* Mot. at 3, the late date on

28   which Defendants filed the pleading asserting these affirmative defenses was thanks to IF's

1    amendment of its own pleading, which was filed less than six weeks prior to the fact discovery

2    deadline, *see* Dkt. No. 151.  Moreover, as IF points out, "[e]ach of the Defenses centers on

3    conduct *by Plaintiff*, not Defendants."  Mot. at 5.  In order to prove any of these defenses, then,

4    Defendants would have needed to elicit discovery into any conduct by IF that supports the

5    application of the defense—and IF would have access to that same discovery, having either

6    produced it or defended the relevant deposition.  Accordingly, the Court does not believe that IF

7    will be unduly prejudiced by permitting Defendants one opportunity to amend the affirmative

8    defenses stricken by this Order.

## IV.    ORDER

10        For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Fourth, Fifth,

11   Sixth, and Tenth Affirmative Defenses in the Answer and Revised Counterclaims to Third

12   Amended Complaint are STRICKEN WITH LEAVE TO AMEND.  Defendants must file their

13   amended pleading on or before July 2, 2025.

15        **IT IS SO ORDERED.**

17   Dated:  June 18, 2025

18   _____
19   BETH LABSON FREEMAN
     United States District Judge