# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>    Plaintiff,<br><br>v.<br><br>IMPOSSIBLE LLC, et al.,<br><br>    Defendants.<br><br>IMPOSSIBLE LLC, et al.,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>IMPOSSIBLE FOODS INC.,<br><br>    Counterclaim-Defendant. | Case No.  5:21-cv-02419-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>[Re:  Dkt. No. 228] |

Before the Court is Plaintiff's Motion to Modify the Scheduling Order. Dkt. No. 228 ("Mot."). Defendant filed an opposition to the motion. Dkt. No. 234 ("Opp."). Plaintiff filed a reply in support of its motion. Dkt. No. 237 ("Reply"). The Court finds this motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for August 28, 2025. *See* Civ. L.R. 7-1(b).

For the reasons stated below, the Court GRANTS Plaintiff's motion.

## I.   BACKGROUND

The Court recites briefly only the background directly relevant to the present motion.

Fact discovery in this proceeding closed on April 14, 2025. *See* Dkt. No. 113 at 4. A few days prior to that deadline, Plaintiff Impossible Foods Inc. ("IF") took the deposition of Defendant Joel Runyon ("Runyon"), who testified both individually and in his capacity as a 30(b)(6) witness

for Defendant Impossible LLC ("ILLC").  *See* Dkt. No. 228-1, Declaration of H. Forrest Flemming, III ("Flemming Decl.") ¶ 5.  The following day, IF served Defendants with a draft portion of a Joint Discovery Statement seeking *in camera* review of certain privileged documents under the crime-fraud exception.  *Id.* ¶ 6.  Defendants responded with their portion of the Joint Discovery Statement on April 15, and IF promptly filed the statement with the Court.  *See id.* ¶ 7.

On May 6, 2025, Magistrate Judge Susan van Keulen denied IF's request for *in camera* review.  Dkt. No. 208.  IF then sought relief from Judge van Keulen's Order, which the undersigned granted on June 4, 2025.  *See* Dkt. No. 222.  Shortly thereafter, Judge van Keulen requested further information about the privileged documents, and the *in camera* review proceedings remain pending before her.  *See* Dkt. Nos. 224, 233.

The deadline for filing the Parties' summary judgment motions is July 3, 2025.  Dkt. No. 113 at 4.  Plaintiff now moves to modify the scheduling order in order to permit the parties approximately thirty-five extra days to prepare their summary judgment filings.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a district court's scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* A district court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment), and *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)).

## III. DISCUSSION

IF argues that, in light of the ongoing *in camera* review of "potentially critical documents," the Court should modify the scheduling order to prevent the Parties from needing to submit their summary judgment motions "on a potentially incomplete factual record."  Mot. at 2.  According to

IF, "both sides agree that summary judgment is likely to narrow the case significantly," and IF states that modifying the schedule to provide an additional month for preparing the dispositive motions would "allow the Magistrate Judge and the parties ample time to address the *in camera* review and its results" in advance of the filing of those motions. *Id.* at 4. IF also points out that the current trial schedule was adopted based on the Parties' representation that this case would require only a brief bench trial. *Id.* at 3. Since then, however, the number of claims has expanded significantly and Defendants have requested a jury trial, *id.*, meaning that the currently scheduled dates may no longer be appropriate. That said, IF expresses that it desires only a brief extension of the schedule: IF hopes that the Court might be "available to conduct a trial later in 2025 or in the first half of 2026." *Id.*

Defendants vehemently oppose IF's motion, arguing that IF is "seek[ing] to overturn the entire case calendar only four months before trial based on the mere possibility" that Judge van Keulen may order production of a few privileged emails. Opp. at 1. Defendants make two points in their opposition brief: First, they argue that "it is far from assured that any further production will be made at all," and that "even if produced, there is no assurance . . . that the information contained in those communications is material or non-cumulative." *Id.* at 4. In any event, Defendants believe that "the current case schedule allows sufficient time for Impossible Foods to supplement the summary judgment record to introduce any later-produced information." *Id.* at 5. Second, Defendants argue that the delay would cause "significant prejudice to Impossible LLC" by "forc[ing] Impossible LLC to operate under the cloud of ongoing litigation, with all of its practical, financial, and reputational consequences." *Id.* As an example, Defendants state, without supporting evidence, that there have been "numerous instances of Impossible LLC having lost control of its brand through actual confusion." *Id.*

The Court concludes that this is a situation in which the case schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Mammoth Recreations, Inc.*, 975 F.2d at 609. IF acted with diligence in seeking this additional discovery immediately after eliciting the deposition testimony that led it to believe the emails might contain crucial evidence going to its fraud claims. *See* Flemming Decl. ¶ 6. While the Court certainly recognizes the

3

1    possibility that Judge van Keulen will decline to require production of any of the privileged
2    emails, it makes little sense for IF to file its motion for summary judgment while awaiting
3    potentially critical evidence going to the heart of two of its claims.  In the event that the emails *do*
4    contain important, material evidence—perhaps resulting in the reopening of the deposition of Mr.
5    Runyon—it would not be an efficient use of Court resources to deal with multiple of IF's claims
6    via supplemental briefing (which might be received close in proximity to, or even after, the
7    scheduled summary judgment hearing).  *See NetFuel, Inc. v. Cisco Sys. Inc.*, No. 18-cv-02352,
8    2020 WL 510219, at *1 (N.D. Cal. Jan. 31, 2020) ("Although successive motions for summary
9    judgment are not categorically barred, they are generally disfavored in federal court." (quoting
10   *Peasley v. Spearman*, No. 15-cv-01769, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017))).
11   Any prejudice to Defendants is a secondary consideration—and in any case, the Court does not
12   believe that a short additional delay is prejudicial where it might permit the Parties to put forth
13   more complete summary judgment motions that may significantly reduce the burden and expense
14   of trial.
15       Moreover, Plaintiff is correct in anticipating that the Court's schedule will not permit a
16   potential jury trial of five or more court days beginning on November 10, 2025.  Because both the
17   claims and nature of the case have evolved so significantly since the trial dates were selected, it is
18   necessary to reset the trial to a time at which the Court has more extended availability.
19   Accordingly, the Court determines that IF has demonstrated good cause for a brief extension of the
20   summary judgment and trial deadlines.

21   **IV.     ORDER**

22       For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Modify
23   the Scheduling Order is GRANTED.  The Case Schedule is modified as follows:

| Event | Old Date | New Date |
|---|---|---|
| Deadline to File Dispositive Motions | July 3, 2025 | August 8, 2025 |
| Deadline for Oppositions to Dispositive Motions | July 17, 2025 | August 29, 2025 |
| Deadline for Replies in Support of Dispositive Motions | July 24, 2025 | September 12, 2025 |

4

| | | |
|---|---|---|
| Dispositive Motion Hearing Date | August 7, 2025 | October 23, 2025 |
| Final Pretrial Conference | October 16, 2025 | February 12, 2026 |
| Trial | November 10, 2025 | March 9, 2026 |

**IT IS SO ORDERED.**

Dated: June 27, 2025

_____
BETH LABSON FREEMAN
United States District Judge