KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**PLAINTIFF IMPOSSIBLE FOODS INC.'S RESPONSE IN SUPPORT OF SEALING EXHIBITS TO THE PARTIES' JOINT STATEMENT**<br><br>Judge: Hon. Susan van Keulen |

Pursuant to Civil Local Rule 79-5(f)(4) and 79-5(c), Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") provides the following response in support of keeping under seal Exhibits 1 and 2 of the parties' Joint Statement Regarding Plaintiff's Discovery Responses. Dkt. No. 236.[1]

## I. Legal Standard

[1] Slipsheets for the two exhibits to the Joint Statement were filed at Dkt. Nos. 235-1 and 235-2. The exhibits were filed provisionally under seal Dkt. Nos. 236-1 and 236-2.

In the context of a request to seal court records, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013)).

"The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court." *Calhoun v. Google LLC*, No. 20-cv-05146-YGR (SVK), 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022). Where the motion at issue is "more than tangentially related to the underlying cause of action," the party seeking to seal court records must demonstrate "compelling reasons" that support sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1102 (9th Cir. 2016). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), such as "sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598); *see Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2024 WL 3697042, at *2 (N.D. Cal. Aug. 6, 2024) (citing *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard)).

## II. Discussion

On June 26, 2025, Defendants/Counter-Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Motion"). Dkt. No. 236. The subject of the Motion are two Exhibits included in the parties' Joint Statement Regarding the Van Curen Declaration (Dkt. Nos. 236-1, 236-2), which contains information designated confidential under the operative Protective Order (Dkt. No. 87). The underlying Joint Statement is related to Impossible Foods's document retention policies—an entirely tangential issue to the subject matter of the case.

Compelling reasons exist to keep Exhibits 1 and 2 of the Joint Statement under seal. The excerpts of the Van Curen Deposition Transcript (Exhibit 1) and the Van Curen Declaration (Exhibit 2) solely cover topics related to Impossible Foods's document retention policies. Courts have found that the interest in maintaining confidential document retention policies meets the standard to seal the underlying materials. *See Zunum Aero, Inc. v. Boeing Co.*, No. C21- 0896JLR, 2024 WL 357787, at *3 (W.D. Wash. Jan. 31, 2024) ("Upon review, the court concludes that there are compelling reasons to maintain Exhibits 11, 12, and 12A under seal because they contain confidential Boeing document retention policies never intended for the public eye." (citing *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020))); *Phase II Chin, LLC v. F. Shops, LLC*, No. 2:08-CV-00162- JCM, 2010 WL 2695659, at *3 (D. Nev. July 2, 2010) ("As it is reasonably forseeable [sic] that Caesars would suffer specific harm from public disclosure of the mechanics of its litigation strategy and legal instructions regarding document retention, the Court finds good cause to seal the memorandum."). Indeed, this Court in this case has sealed information related to Impossible Foods's document retention policies for the very same reasons. *See* Dkt. No. 218 (sealing portions of the May 1, 2025 hearing related to Impossible Foods's document retention policies and internal IT systems).

Disclosure of this information would result in significant harm to Impossible Foods, including, *inter alia*, by exposing valuable insights into Impossible Foods's approach to maintaining email correspondence and documents and the availability of such materials per its document retention policies. Such a disclosure would impair Impossible Foods's in any future litigations and may also impact its business operations as competitors, vendors, and would-be collaborators would have access to highly sensitive information regarding how Impossible Foods organizes and retains email communications and documents generally.

Because Exhibits 1 and 2 to the Joint Statement exclusively cover topics related to Impossible Foods's document retention policies and internal IT systems, Impossible Foods requests the Court maintain them under seal as detailed in the below chart:

| Document | Portion to Seal | Reasons for Sealing |
|---|---|---|
| Exhibit 1 | Entire document | The information requested to be sealed contains Impossible Foods's highly sensitive information regarding its document retention policies and internal IT systems. Public disclosure of such information would harm Impossible Foods in future litigations and may result in competitors and business partners alike altering their interactions with Impossible Foods. |
| Exhibit 2 | Entire document | |

For the foregoing reasons, Impossible Foods respectfully requests that the Court keep under seal the entireties of Exhibits 1 and 2 of the provisionally sealed Joint Statement identified in the above table.

DATED: July 3, 2025

By: */s/ Erica C. Chanin*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica C. Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel for Defendants Impossible LLC and Joel Runyon.

*/s/ Erica C. Chanin*
Erica C. Chanin