KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIMS TO THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. Beth Labson Freeman |

Plaintiff Impossible Foods Inc. ("Impossible Foods") hereby responds to Defendants Impossible LLC's and Joel Runyon's (collectively "ILLC" or "Defendants") Amended Counterclaims to Third Amended Complaint filed on July 2, 2025 (ECF 241), as follows:

**REVISED COUNTERCLAIMS AGAINST IMPOSSIBLE FOODS, INC.**

**NATURE OF THE SUIT**

1. Impossible Foods states and alleges that Paragraph 1 contains no factual statements to which a response is required. To the extent that a response may be required, the allegations contained in Paragraph 1 are denied.

2. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Impossible Foods admits that it has used its IMPOSSIBLE mark in connection with plant-based meat substitutes and related goods and services since as early as October 29, 2015. The remaining allegations in Paragraph 4 are denied.

5. Impossible Foods admits that, on April 1, 2020, it submitted an application to the United States Patent and Trademark Office (USPTO) to register the mark IMPOSSIBLE on an intent-to-use basis (U.S. Serial No. 88855875) for "Providing information about recipes, ingredients and cooking information; providing an online computer database to consumers featuring information about recipes, ingredients and cooking information." Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 concerning ILLC's conduct. The remaining allegations in Paragraph 5 are denied.

6. Impossible Foods denies the allegations in Paragraph 6.

7. Impossible Foods admits that it received correspondence from ILLC's predecessor in November of 2020 that stated demands related to Impossible Foods's use of its IMPOSSIBLE family of marks. Impossible Foods further admits that it initiated this action and that it prevailed on appeal to the Ninth Circuit on the question of personal jurisdiction. The remaining allegations contained in Paragraph 7 are denied.

8. Impossible Foods admits that ILLC purports to assert counterclaims against Impossible Foods but denies that any of those counterclaims have any merit. Impossible Foods

denies the remaining allegations in Paragraph 8.

## PARTIES

9. Admitted.

10. Admitted.

## JURISDICTION AND VENUE

11. Admitted.

12. Admitted.

13. Admitted.

## BACKGROUND

### Impossible's Trademark Rights

14. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Impossible Foods lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 22.

23. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Impossible Foods denies the allegations in Paragraph 34.

35. Impossible Foods denies the allegations in Paragraph 35.

36. Paragraph 36 contains legal conclusions to which no answer is required. Impossible Foods further states and alleges that the records of the USPTO and the contents of such records

speak for themselves. Impossible Foods denies the allegations contained in Paragraph 36 that require an answer.

37. Paragraph 37 contains legal conclusions to which no answer is required. Impossible Foods denies the allegations contained in Paragraph 37 that require an answer.

**Impossible Foods's Encroachment on Impossible's Trademark Rights**

38. Denied.

39. Impossible Foods admits that it has used the mark depicted in Paragraph 39. The remaining allegations contained in Paragraph 39 are denied.

40. Denied.

41. Impossible Foods admits that it was aware of Joel Runyon's U.S. Trademark Registration No. 4260617 in October 2013. Impossible Foods denies the remaining allegations in Paragraph 41.

42. Impossible Foods admits that it was aware of Joel Runyon's U.S. Trademark Registration No. 4260617 from a trademark search report in October 2013, which also depicts Joel Runyon owned a domain name for impossiblehq.com. Impossible Foods denies the remaining allegations in Paragraph 42.

43. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44. Impossible Foods admits that its product offerings include the Impossible Burger, as well as plant-based meat substitutes for beef, sausage, chicken, pork and meatballs. Impossible Foods denies the remaining allegations contained in Paragraph 44.

45. Impossible Foods admits that it submitted an application to the USPTO to register the mark IMPOSSIBLE BURGER in connection with "Restaurant and café services; catering services; providing of food and drink via mobile truck," designated U.S. Serial Number 87924479 on May 16, 2018. Impossible Foods denies the remaining allegations contained in Paragraph 45.

46. Impossible Foods admits that in 2019 it submitted several applications to register the mark IMPOSSIBLE TASTE PLACE in connection with loyalty and incentive programs and

that publicly available USPTO records reflect a claim that Impossible Foods began use in commerce of that mark in 2020. Impossible Foods denies the remaining allegations contained in Paragraph 46.

47. Denied.

48. Denied.

49. Impossible Foods admits that it filed the application referenced in Paragraph 49, claiming a bona fide intent to use the IMPOSSIBLE mark for the referenced services.

50. Denied.

51. Admitted.

52. Denied.

53. Impossible Foods admits that the images included in Paragraph 53 depict Impossible Foods's President and Joey Chestnut wearing apparel displaying IMPOSSIBLE. Impossible Foods denies the remaining allegations contained in Paragraph 53.

54. Impossible Foods admits that it has engaged in philanthropic work, including working with Feeding America and Know Your Rights Camp. Impossible Foods denies the remaining allegations in Paragraph 54.

55. Impossible Foods admits that it has sponsored various athletic events dating back to at least as early as 2018 and that, as part of such sponsorships, Impossible Foods has permitted third parties to use Impossible Foods's trademarks. Impossible Foods denies the remaining allegations in Paragraph 55.

56. Denied.

57. Denied.

58. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Impossible Foods lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 60.

61. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

**FIRST CLAIM FOR RELIEF**

**Federal Trademark Infringement Under the Lanham Act**

62. Impossible Foods repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them by reference.

63. Denied.

64. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Impossible Foods lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Denied.

71. Denied.

72. Denied.

**SECOND CLAIM FOR RELIEF**

**Unfair Competition Under the Lanham Act**

73. Impossible Foods repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them by reference.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**THIRD CLAIM FOR RELIEF**

**False Association Under the Lanham Act**

79. Impossible Foods repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them by reference.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

**FOURTH CLAIM FOR RELIEF**

**Denial of Trademark Registration**

85. Impossible Foods repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them by reference.

86. Paragraph 86 does not contain any allegations requiring a response from Impossible Foods. To the extent that a response may be required or appropriate, Impossible Foods denies the allegations contained in Paragraph 86. Impossible Foods specifically denies that ILLC is entitled to an order directing the USPTO to refuse Trademark Application Serial No. 88855875.

87. The allegations contained in Paragraph 87 are denied, as Impossible Foods has priority and superior rights to ILLC for use of any IMPOSSIBLE-formative marks for goods and services related to recipes, ingredients and cooking information.

88. Denied.

**FIFTH CLAIM FOR RELIEF**

**Common Law Trademark Infringement Under California Law**

89. Impossible Foods repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them by reference.

90. Denied.

91. Denied.

**SIXTH CLAIM FOR RELIEF**

**Unfair Competition Under California Law**

92. Impossible Foods repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them by reference.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

**JURY DEMAND**

100. Impossible Foods acknowledges that ILLC demands a trial by jury but does not concede that ILLC is entitled to a jury trial. Impossible Foods reserves its right to challenge ILLC's jury trial demand.

**DENIAL OF PRAYER FOR RELIEF**

101. Impossible Foods denies that ILLC is entitled to any of the relief requested in its "Prayer for Relief," and requests that the Court dismiss all of ILLC's claims with prejudice and award ILLC nothing.

**DEFENSES**

102. Without waiving ILLC's burden to prove all elements of its Counterclaims, Impossible Foods asserts the following defenses:

**FIRST DEFENSE**

**(Laches)**

103. The Revised Counterclaims are barred in whole or in part by the doctrine of laches because ILLC had actual and/or constructive notice of Impossible Foods's conduct accused in the

Revised Counterclaims at least as early as 2016, and ILLC's long delay in asserting the Revised Counterclaims has caused significant prejudice to Impossible Foods, which has continuously made substantial investments in its IMPOSSIBLE-formative marks since at least as early as 2016.

**SECOND DEFENSE**

**(Abandonment Through Non-Use)**

104. The Revised Counterclaims are barred in whole or in part because ILLC, prior to or during the period of Impossible Foods's conduct accused in the Revised Counterclaims, ceased use of one or more of its asserted marks in connection with the goods or services for which those marks are registered, with an intent not to resume use.

**THIRD DEFENSE**

**(Unclean Hands)**

105. ILLC is barred by the doctrine of unclean hands from seeking or obtaining any remedy or relief under any theory of recovery or purported cause of action presented in ILLC's Revised Counterclaims because, on information and belief, ILLC has intentionally engaged in fraudulent and inequitable conduct with respect to its claimed rights to use IMPOSSIBLE-formative marks in commerce.

106. Upon information and belief, on July 12, 2024, Defendant Joel Runyon, as "Owner" of Defendant ILLC, signed a Declaration of Incontestability and submitted the same to the USPTO, pursuant to 15 U.S.C. § 1065, knowingly misrepresenting that ILLC made continuous use of its IMPOSSIBLE NUTRITION design mark (Reg. No. 5387588) for five years with the intent to obtain heightened incontestable status and acknowledgement of the same by the USPTO. Specifically, upon information and belief, ILLC did not continuously use its IMPOSSIBLE NUTRITION design mark in connection with its registered goods at least between October 2021 and December 2023.

107. But for Mr. Runyon's willful misrepresentation of ILLC's continuous use of the IMPOSSIBLE NUTRITION design mark, the mark would not have achieved heightened incontestable status, as the USPTO was effectively mislead in acknowledging ILLC's declaration.

108. Additionally, upon information and belief, Defendants' inequitable conduct resulted in Registration Numbers 4260617, 5576376, 5590801, 5603025, 5620625, and 6571603. Specifically, upon information and belief, despite not using these registered marks on all of the Class 25 goods covered by each registration, ILLC, through Mr. Runyon, knowingly submitted applications, and subsequent maintenance documents, with the USPTO misrepresenting such use. Upon information and belief, the USPTO relied on Defendants' material misrepresentations as to use of the marks on all of the listed Class 25 goods, and thus granted and maintained the registrations.

109. As ILLC's counterclaims stem from its purported trademark rights, Impossible Foods has been and will continue to be harmed by the illicit and fraudulently obtained and/or maintained registrations discussed above.

110. As a consequence of the foregoing conduct, ILLC is precluded from its requested relief as it acted with unclean hands.

DATED: July 16, 2025

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/ H. Forrest Flemming, III*

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ H. Forrest Flemming, III*
H. Forrest Flemming, III