J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
Faith Barksdale, Esq. (*pro hac vice* admission)
barksdale@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs*
*IMPOSSIBLE LLC and JOEL RUNYON*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter-Defendant,

v.

IMPOSSIBLE LLC and JOEL RUNYON,

Defendants / Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON'S OPPOSITION TO ADMINISTRATIVE MOTION TO SEAL DECLARATION OF JUDY LUCAS-MCGREEVY**

**Judge:** Hon. Beth Labson Freeman

**Compl. Filed:** April 2, 2021
**Third Am. Compl. Filed:** March 7, 2025

Pursuant to Northern District of California Civil Local Rule 79-5, Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon ("Impossible LLC") hereby respectfully submit the following opposition to Plaintiff/Counter-Defendant Impossible Foods Inc.'s ("Impossible Foods") Administrative Motion to Seal (Dkt. No. 252).

Impossible LLC opposes the sealing of Paragraphs 4-14 of the Lucas-McGreevy Declaration (comprising all but the paragraphs identifying the declarant) because Impossible Foods has failed to meet its burden of showing good cause why the entire substance of the declaration should be sealed. A party seeking to seal judicial records must overcome this Circuit's "strong presumption in favor of access to court records" by making a showing of "good cause." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing . . . will suffice to keep sealed records attached to non-dispositive motions."). Further, in this district, "[m]otions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances." N.D. Cal. L.R. 79-5. Parties that nonetheless seek to seal entire submissions must provide: "(1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient; (2) evidentiary support from declarations where necessary; and (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." *Id.*

Here, Impossible Foods has not met its burden to justify sealing the entire substance of the Lucas-McGreevy Declaration. It has neither shown good cause nor identified adequate grounds for sealing as required under Local Rule 79-5. Aside from a conclusory assertion that the declaration should be sealed because it contains "highly sensitive information regarding its document retention policies and internal IT systems," Impossible Foods fails to explain what is sensitive about the information it seeks to seal or to identify any harm it would suffer if this information were made public. (*See* Dkt. No. 252 at 4.) Indeed, Impossible Foods's proposed redactions include plainly innocuous and non-confidential information, such as employee departure dates, document retention

practices from 2018 and 2019, its document search and collection processes here, and a high-level description of its transition to a new data storage system in 2019. Nothing in the declaration has any bearing on Impossible Foods's business operations, financial matters, future plans, competitive analyses, internal customer or market surveys, manufacturing processes, or any other confidential matter, of which public disclosure would cause substantial harm.

Impossible Foods's conclusory statement to the contrary is insufficient to carry its burden as the party seeking to withhold information from public disclosure. While Impossible Foods intones that disclosure would "impair Impossible Foods[] in any future litigations and may also impact its business operations as competitors, vendors, and would-be collaborators," it provides no detail or evidentiary support sufficient to credit the harms it claims or justify its request. (Dkt. No. 252 at 3-4.) And Impossible Foods has articulated no other "legitimate private or public interests that warrant sealing" and "why a less restrictive alternative to sealing is not sufficient." N.D. Cal. L.R.79-5(c). Nothing in Impossible Foods's papers supports the extraordinary step of sealing the entire substance of the declaration when "[t]he public has a right of access to the Court's files." N.D. Cal. L.R. 79-5(a). Those failures to substantiate its request to seal warrant denial of the Motion. *See Foltz*, 331 F.3d at 1135.

## CONCLUSION

For the reasons set forth above, the Court should deny Impossible Foods's Administrative Motion to Seal.

Dated: July 28, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Adam S. Cashman*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*