# Exhibit A

KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC., a Delaware corporation,

Plaintiff/Counter-Defendant,

v.

IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,

Defendants/Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**[PROPOSED] REPLY MEMORANDUM IN SUPPORT OF IMPOSSIBLE FOODS'S MOTION TO SEAL DECLARATION OF JUDY LUCAS-MCGREEVY**

Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") respectfully submits this Reply in support of its Administration Motion to File Under Seal the portions of the Declaration of Judy Lucas-McGreevy (Dkt. No. 252).

## I. Legal Standard

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party establishes "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted).

However, for documents that are "not related, or only tangentially related, to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d. 1092, 1099 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S.Ct. 38, 196 L. Ed. 2d 26 (2016), a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed [such] records . . . ." *Kamakana*, 447 F.3d at 1180. Rule 26(c) gives the district court "much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180 (citation omitted). As described in Impossible Foods's initial motion to seal and in further detail below, Impossible Foods has satisfied these requirements.

## II. Argument

Records relating to discovery disputes, like those related to non-dispositive motions, are *not* subject to the strong presumption of public access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal need only satisfy the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted).

Rule 26(c) requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Courts have accordingly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive

standing." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); *see also, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (information regarding party's "business strategy, and competitive analyses" sealable). And the Ninth Circuit has held that "when a party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips*, 307 F.3d at 1213.

The Declaration of Judy Lucas-McGreevy contains information concerning the IT systems, document retention, and deprecation processes for Impossible Foods. The disclosure of the information described in the declaration would reveal confidential and sensitive information concerning Impossible Foods's internal affairs. The Court has already sealed similar documents that discuss or reflect Impossible Foods's internal IT systems and document retention and destruction processes. *See* Dkt. 249 (finding good cause to seal Declaration of William Van Curen because "[t]he information requested to be sealed contains Impossible Foods's sensitive information regarding its document retention policies and internal IT systems. Public disclosure of such information could harm Impossible Foods in future litigations and may also result in competitors and business partners alike altering their interactions with Impossible Foods.").

Moreover, the Lucas-McGreevy Declaration relates solely to a discovery dispute unrelated to the merits of the case. Defendants' opposition makes no attempt to present the requisite "compelling reasons" for why the Declaration should not be sealed. *See Phillips*, 307 F.3d at 1213. Nor could it; the Declaration has no bearing on the substantive disputes at issue in this case. Accordingly, and consistent with this Court's prior findings, good cause exists to maintain the confidentiality of the protected material concerning Impossible Foods's document retention practices.

**III. Conclusion**

For the forgoing reasons, Impossible Foods respectfully requests that this Court grant the Administrative Motion to File Under Seal Portions of the Declaration of Judy Lucas-McGreevy.

DATED: ________, 2025

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/* ______________________________

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica C. Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.