UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff, <br><br> v. <br><br> IMPOSSIBLE X LLC, et al., <br><br> Defendants. | Case No. 21-cv-02419-BLF (SVK) <br><br> **ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL LUCAS-MCGREEVY DECLARATION** <br><br> Re: Dkt. Nos. 252 |

Before the Court is Plaintiff Impossible Foods Inc.'s ("Impossible Foods") administrative motion to seal the declaration of Judy Lucas-McGreevy, submitted in response to this Court's order at Dkt. 248. *See* Dkts. 251-52. Defendants Impossible X LLC and Joel Runyon oppose the motion. Dkt. 255. Additionally, with Defendants' consent, Plaintiff has sought leave to file a reply, which the Court **GRANTS**. Dkt. 256; Dkt. 256-1 ("Reply"). Having considered the Parties' submissions, the relevant law and the record in this action the Court finds good cause to **GRANTS** the motion to seal.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of the case," such as "a discovery motion unrelated to the merits of the case," the lower "good cause" standard applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179.

1   This motion relates to the declaration of Judy Lucas-McGreevy, submitted in response to this Court's order stemming from the Parties' long-running discovery dispute. *See* Dkts. 188, 235, 248. It does not concern the merits of the case and, accordingly, the "good cause" standard applies.

The Court agrees that the declaration at issue contains information concerning IF's internal IT systems, document retention policies, and depreciation processes, disclosure of which would reveal confidential and sensitive information "that could harm Impossible Foods in future litigations and may result in competitors and business partners alike altering their interactions with Impossible Foods." *See* Dkt. 252 at 3-4. Indeed, the Court previously permitted Impossible Foods to seal an overlapping (if less detailed) declaration for similar reasons. Dkt. 249 (permitting sealing of the declaration of William Van Curen). Accordingly, at least some parts of the Lucas-McGreevy declaration should be sealed.

Defendants object to the sealing of ¶¶ 4-14 of the declaration as effectively sealing "the entire substance of the declaration" without justification. Dkt. 255 at 1. Specifically, Defendants argue that Impossible Foods has not justified the need to seal: "employee departure dates, document retention practices from 2018 and 2019, [Impossible Foods'] document search and collection processes here, and a high-level description of its transition to a new data storage system in 2019." *Id.* at 1-2. But the Ninth Circuit has recognized that, under the "good cause" standard, "discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it." *Ctr. for Auto Safety v. Chrysler*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). "There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Id.* (citation omitted). In this case, Impossible Foods does not seek to seal a pleading, a brief or even a joint discovery statement. Rather, what Impossible Foods seeks to seal is a discovery-related declaration which, in the ordinary course, might simply have been served and never filed at all, but for the Court's order. *See* Dkt. 248. In this context of discovery on discovery, the Court finds good cause to grant the motion to seal in its entirety.

////

////

2

Accordingly, the Clerk of Court shall maintain Dkt. 252-2 under seal.

**SO ORDERED.**

Dated: August 6, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge