J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs*
*Impossible LLC and Joel Runyon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter-Defendant,

v.

IMPOSSIBLE LLC and JOEL RUNYON,

Defendants / Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON'S RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

**Judge:** Hon. Beth Labson Freeman
**Mag. Judge:** Hon. Susan van Keulen
**Compl. Filed:** April 2, 2021
**Third Am. Compl. Filed:** March 7, 2025

## INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon (together "Impossible LLC") provide the following response to Plaintiff/Counter-Defendant Impossible Foods, Inc.'s ("Impossible Foods") Administrative Motion to Consider Whether Impossible LLC's Material Should be Sealed ("Motion") (Dkt. No. 261) filed on August 8, 2025. In the Motion, Impossible Foods included materials that Impossible LLC has designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" under the Protective Order in this action (Dkt. No. 87). Having reviewed the specific information identified in the Motion (together, the "Sealable Materials"), the Sealable Materials contain, quotations, excerpts, references, and inferences from documents reflecting confidential Impossible LLC business practices, financial information, and personally identifiable information of third parties. Accordingly, Impossible LLC seeks to seal such information.

## ARGUMENT

Parties seeking to seal material filed on the public docket must comply with the procedures in Civil Local Rule 79-5. In the Ninth Circuit, courts may seal materials where the party establishes a "compelling reason" to keep such information as confidential. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). It is well-settled that courts may properly seal "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group., LLC*, 809 F.3d at 1097 (discussing the "compelling reasons" standard) (quotations omitted); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) (citation omitted) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing[.]"). Indeed, courts routinely seal "sources of business information that might harm a litigant's competitive standing" from the public from the public record. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("the common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing." (citations

omitted)); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (Freeman, J.) (noting that courts have found "confidential business information" in the form of ". . . business strategies" sealable under the compelling reasons standard) (citations omitted); *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, No. 23-CV-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (Freeman, J.) (granting a motion to seal "confidential business and financial terms" in connection with summary judgment briefing); *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023) (Freeman, J.) ("The Court finds that Zazzle has established compelling reasons to seal information that would reveal its network security information and internal business and financial decision-making strategies.").

Here, Impossible LLC has compelling reasons to seal the disclosure of the information contained in the Sealable Materials because disclosure would result in significant harm to Impossible LLC by exposing valuable insights into its business and financial decision-making strategies or publicizing the personally identifiable information of third parties. Public disclosure of the confidential business information contained in the Sealable Materials might harm Impossible LLC's competitive standing by revealing non-public commercial development information, such as the identities of presently unannounced commercial collaborators. Such disclosure will impair Impossible LLC's relationship with those collaborators and likewise will interfere with Impossible LLC's ability to form commercial relationships with potential collaborators in the future, as they may be wary of being publicly named in litigation documents. Such a disclosure would reveal critical business information to Impossible LLC's competitors, vendors, and would-be collaborators and would cause substantial harm to Impossible LLC's business standing compared to its competitors and future business partners. These risks to Impossible LLC's business interests more than satisfy the "compelling reasons" standard reserved for dispositive motions. *See Finjan, Inc. v. Symantec Corp.*, No. 14CV02998HSGJSC, 2018 WL 620169, at *8 (N.D. Cal. Jan. 30, 2018) ("Given the confidential business information in these documents and the competitive harm that could result from the disclosure of this confidential information the Court concludes that sealing is warranted"); *In re Elec. Arts*, 298 F. App'x at 569 (finding compelling reasons for sealing "business

information that might harm a litigant's competitive standing"). Thus, the Court should seal this material as described below. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (finding that courts may seal business information that may be harmful in the hands of competitors); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 1:10-cv-02372-LJO, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (finding good cause to seal proprietary business documents).

Impossible LLC's request is narrowly tailored to address only the docket entries that contain sensitive business information or the personally identifiable information of third parties. Because the information contained in these docket entries relates to its internal business and financial information, Impossible LLC requests that the following material be permanently sealed:

| ECF No. | Portion(s) to Seal | Reasons for Sealing |
|---|---|---|
| ECF No. 261-2 | Portions at 11:16-20, 24 28; 12:4-9 | Contains discussions competitively sensitive business information regarding future Impossible LLC product offerings. |
| ECF No. 261-3 | Portions of Paragraphs 15, 23, and 38 | Contains discussions of Impossible LLC's confidential financial information and competitively sensitive information. The discussions also reference documents containing personally identifiable information of third parties. |
| ECF No. 261-4 | Portions of Paragraphs 8, 17, 26, 27, and 51; Footnotes 1, 47, 53, 54, and 133; and Exhibits C 1, C-2, and C-3 | Contains discussion, excerpts, and references to Impossible LLC's confidential financial information and competitively sensitive information. |
| ECF No. 261-5 | Portion at 203:22 | Contains excerpts from documents that include the personally identifiable information of third parties. |
| ECF No. 261-8 | Portion of document referencing an individual's email address | Contains the personally identifiable information of third parties. |
| ECF No. 261-9 | Portion of the document referencing an individual's email address | Contains the personally identifiable information of third parties. |
| ECF No. 261-10 | Portions of the document | Contains the personally identifiable |

| | | |
|---|---|---|
| | referencing an individual's email address and phone number | information of third parties. |
| ECF No. 261-11 | Portion of the document referencing an individual's email address | Contains the personally identifiable information of third parties. |

**CONCLUSION**

For the foregoing reasons, Impossible LLC requests that the information referenced above remain sealed.

Dated: August 15, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Adam S. Cashman*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*