KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Beth Labson Freeman |

Pursuant to Civil Local Rule 79-5(c) and 7-11, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") provides the following in support of sealing portions of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment and Exhibit F of the accompanying Declaration of H. Forrest Flemming, III.

## I. Legal Standard

In the context of a request to seal court records, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)).

"The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court." *Calhoun v. Google LLC*, No. 20-cv- 05146-YGR (SVK), 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022). Where the motion at issue is "more than tangentially related to the underlying cause of action," the party seeking to seal court records must demonstrate "compelling reasons" that support sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1102 (9th Cir. 2016). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), such as "sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598); *see Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2024 WL 3697042, at *2 (N.D. Cal. Aug. 6, 2024) (citing *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard)).

## II. Discussion

Compelling reasons exist to keep portions of **Exhibit 1** and the entirety of **Exhibit 2** under seal. The information contained in Impossible Foods's First Supplemental Response to Impossible LLC's Third Set of Interrogatories (**Exhibit 2**) pertains to financial data and marketing strategies. "Compelling reasons may exist to seal 'trade secrets, marketing strategies,

PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 5:21-CV-02419-BLF (SVK)

2

1  product development plans, detailed product-specific financial information, customer
2  information, internal reports[.]'" *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD,
3  514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021); *see also In re Elec. Arts*, 298 F. App'x
4  568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that
5  might harm a litigant's competitive strategy"). Indeed, even in the context for a motion for
6  summary judgment, such information is appropriate for sealing. *Nautilus Biotechnology, Inc. v.
7  SomaLogic, Inc.*, No. 23-cv-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024)
8  (Freeman, J.) (granting a motion to seal documents detailing "financial terms" in connection
9  with summary judgment briefing); *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2023 WL
10 4983670, at *2 (N.D. Cal. Aug. 3, 2023) (Freeman, J.) ("The Court finds that Zazzle has
11 established compelling reasons to seal information that would reveal . . . internal business and
12 financial decision-making strategies.").

13     Disclosure of the information contained in **Exhibit 2** and cited in **Exhibit 1** would
14 result in significant harm to Impossible Foods, including, *inter alia*, by exposing valuable
15 insights into Impossible Foods's financial decision-making strategies. Such a disclosure would
16 reveal critical business information to Impossible competitors, vendors, and would-be
17 collaborators and would cause substantial harm to Impossible Foods's relative to its
18 competitors and future business partners. Impossible Foods has narrowly tailored its request to
19 seal these materials.

20     Because the information contained in these Exhibits relates to Impossible Foods's
21 marketing strategies and financial information, Impossible Foods requests the Court maintain
22 them under seal as detailed in the below chart.

| ECF or Ex. No. | Document | Portion to Seal | Reasons for Sealing |
|---|---|---|---|
| 276-2 | **Exhibit 1**—Opposition to Defendants' Motion for Partial Summary Judgment | Highlighted portions at 13:3–5 | The information requested to be sealed contains Impossible Foods's highly sensitive information regarding its marketing strategies and financial information. Public disclosure of |

PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 5:21-CV-02419-BLF (SVK)

3

| | | | |
|---|---|---|---|
| | | | such information would harm Impossible Foods by revealing its internal business and financial strategies to competitors and business partners alike. |
| 276-3 | **Exhibit 2**—Exhibit F to the Flemming Declaration. | Highlighted portions at 7:13–15; 8:19-25. | The information requested to be sealed contains Impossible Foods's highly sensitive information regarding its marketing strategies and financial information. Public disclosure of such information would harm Impossible Foods by revealing its internal business and financial strategies to competitors and business partners alike. |

For the foregoing reasons, Impossible Foods respectfully requests that the Court keep under seal the identified portions of **Exhibit 1** and the entirety of **Exhibit 2**.

DATED: August 29, 2025                    Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By:   */s/ H. Forrest Flemming, III*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica C. Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 5:21-CV-02419-BLF (SVK)

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel for Defendants Impossible LLC and Joel Runyon, and that EXHIBITS 1 AND 2 were served by electronic mail on counsel for Defendants Impossible LLC and Joel Runyon, addressed as follows:

| | |
|---|---|
| J. Noah Hagey<br>Adam S. Cashman<br>J. Tobias Rowe<br>Gregory D. Washington<br>BRAUNHAGEY & BORDEN LLP<br>747 Front Street, 4th Floor<br>San Francisco, CA 94111<br>hagey@braunhagey.com<br>cashman@braunhagey.com<br>rowe@braunhagey.com<br>gwashington@braunhagey.com | Marissa Benavides<br>BRAUNHAGEY & BORDEN LLP<br>118 W 22nd Street, 12th Floor<br>New York, NY 10011<br>benavides@braunhagey.com<br><br>David E. Weslow<br>Adrienne J. Kosak<br>WILEY REIN LLP<br>2050 M Street NW<br>Washington, DC 20036<br>dweslow@wiley.law<br>akosak@wiley.law |

*/s/ H. Forrest Flemming, III*
H. Forrest Flemming, III

PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 5:21-CV-02419-BLF (SVK)

1