# EXHIBIT A

MICHAEL RODENBAUGH (SBN 179059)
MEGHAN GLEESON (SBN 353156)
RODENBAUGH LAW
548 Market Street, Box 55819
San Francisco, CA 94104
Telephone:        (415) 738-8087
mike@rodenbaugh.com
meghan@rodenbaugh.com
docket@rodenbaugh.com

DAVID E. WESLOW (admitted *pro hac vice*)
ADRIENNE J. KOSAK (admitted *pro hac vice*)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Telephone:        (202) 719-7000
Facsimile:         (202) 719-7049
dweslow@wiley.law
akosak@wiley.law

Attorneys for Defendant IMPOSSIBLE LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff, <br><br> v. <br><br> IMPOSSIBLE LLC, <br><br> Defendant. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> Judge: Hon. Beth Labson Freeman |

**DEFENDANT IMPOSSIBLE LLC'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO PLAINTIFF IMPOSSIBLE FOODS INC.**

Pursuant to Fed. R. Civ. P. Rules 26 and 34, Defendant Impossible LLC ("Defendant") hereby requests that Plaintiff Impossible Foods Inc. ("Plaintiff") produce the requested documents and things called for by these Requests electronically to counsel of record, or if impracticable to produce electronically, at the offices of Wiley Rein LLP, 2050 M St., N.W., Washington, D.C. 20036, within the time as prescribed by the Federal Rules of Civil Procedure. These Requests are

to be continuing in nature, and any additional responsive documents or things that may be discovered subsequent to the initial responsive production should be produced within a reasonable time following such discovery pursuant to Fed. R. Civ. P. 26.

## DEFINITIONS AND INSTRUCTIONS

A. The definitions and instructions contained in Defendant's First Set of Interrogatories (the "Interrogatories") are incorporated herein by reference.

B. With respect to any document requested for which a claim of privilege, work product, or confidentiality is made, specify (in log form) the nature of the privilege, the nature of the document, identify by name, address, title, and business affiliation, the writer, the addressee, and all recipients thereof, and set forth the general subject matter to which the document relates, and applicable date.

C. Plaintiff shall separately identify the Request by number pursuant to which each document or tangible thing is produced.

D. A written response to this Request is required pursuant to Fed. R. Civ. P. 34.

## REQUESTS

**REQUEST NO. 1:** Produce all documents and things referenced in Plaintiff's responses to Defendant's First Set of Interrogatories.

**REQUEST NO. 2:** Produce all documents and things that Plaintiff relied upon to respond to Defendant's First Set of Interrogatories.

**REQUEST NO. 3:** Produce all documents and things regarding the creation, selection, and adoption of Plaintiff's Marks by or on behalf of Plaintiff, including the decision to transition away from Plaintiff's original trade name "Maraxi," how IMPOSSIBLE was came to be considered by Plaintiff and the reasons for its selection, and marks other than IMPOSSIBLE that were considered.

**REQUEST NO. 4:** Produce all documents and things regarding any stylization, logo, design, or additional mark used or intended to be used in commerce by Plaintiff in connection with Plaintiff's Marks.

**REQUEST NO. 5:** Produce all documents and things regarding any changes, contemplated or made, in any stylization, logo, design, or additional mark used in commerce or intended to be used in commerce in connection with Plaintiff's Marks.

**REQUEST NO. 6:** Produce all documents and things regarding any investigation (such as a trademark, service mark, trade name, Internet name, or corporate name search), concerning Plaintiff's selection, adoption, first use, or decision to apply for federal registration of Plaintiff's Marks.

**REQUEST NO. 7:** Produce all documents and things regarding the first use(s) anywhere, and the first use(s) in U.S. commerce, of Plaintiff's Marks by or on behalf of Plaintiff.

**REQUEST NO. 8:** Produce all documents identifying and supporting Plaintiff's claimed priority date(s) for Plaintiff's Marks.

**REQUEST NO. 9:** Produce documents sufficient to identify all goods and services with which Plaintiff has used, is using, or intends to use Plaintiff's Marks.

**REQUEST NO. 10:** Produce documents sufficient to identify the actual and/or projected prices of the goods or services offered in connection with Plaintiff's Marks.

**REQUEST NO. 11:** Produce all documents and things regarding each printed and electronic media publication in which Plaintiff has advertised or promoted, is advertising or promoting, or plans to advertise or promote the goods or services offered in connection with Plaintiff's Marks.

**REQUEST NO. 12:** For each good and service with which Plaintiff has used, is using, or intends to use Plaintiff's Marks, produce documents sufficient to show, by calendar quarter, the dollar amount expended by Plaintiff to advertise Plaintiff's Marks in connection therewith.

**REQUEST NO. 13:** Produce documents sufficient to identify all person(s) involved in the creation or distribution of advertisements for Plaintiff's goods or services in connection with Plaintiff's Marks.

**REQUEST NO. 14:** Produce documents sufficient to identify Plaintiff's delegates or employees responsible for the sale or intended sale of Plaintiff's goods or services under Plaintiff's Marks in U.S. commerce.

**REQUEST NO. 15:** Produce documents sufficient to demonstrate the channels of trade in which Plaintiff's Marks have been or are intended to be used.

**REQUEST NO. 16:** Produce documents sufficient to identify the stores (actual and electronic or "virtual"), retail outlets, offices, or other locations at which Plaintiff has marketed, promoted, rendered, or sold the products or services offered in connection with Plaintiff's Marks.

**REQUEST NO. 17:** Produce documents sufficient to identify the types of customers with whom Plaintiff does or intends to do business in connection with Plaintiff's Marks.

**REQUEST NO. 18:** Produce documents sufficient to identify the ultimate purchasers to whom Plaintiff offers or intends to offer the goods or services offered in connection with Plaintiff's Marks.

**REQUEST NO. 19:** Produce documents sufficient to demonstrate the geographical areas in which Plaintiff's Marks has been used.

**REQUEST NO. 20:** Produce documents sufficient to identify all third parties involved with the manufacturing, distribution, sales, and marketing of products and services offered under Plaintiff's Marks.

**REQUEST NO. 21:** For each good and services with which Plaintiff has used, is using, or intends to use Plaintiff's Marks, produce documents sufficient to identify, by calendar quarter, the approximate revenue received to date from sales of Plaintiff's goods and services under Plaintiff's Marks.

**REQUEST NO. 22:** Produce all documents regarding the strength, priority, or registrability of Plaintiff's Marks.

**REQUEST NO. 23:** Produce all documents and things regarding the filing and maintenance of any federal or state applications in the United States for Plaintiff's Marks (such as copies of corporate minutes, internal memoranda, and correspondence concerning discussions and decisions to file such documents).

**REQUEST NO. 24:** Produce all documents and things regarding meetings in which Plaintiff participated, in which Plaintiff's Marks were discussed.

**REQUEST NO. 25:** Produce all documents regarding Plaintiff's business plans for use of Plaintiff's Marks.

**REQUEST NO. 26:** Produce documents sufficient to demonstrate Plaintiff's control over the nature and quality of the goods and services offered in connection with Plaintiff's Marks.

**REQUEST NO. 27:** Produce all documents and things reflecting awards, accolades, and gratuitous publicity for Plaintiff's goods and services offered in connection with Plaintiff's Marks.

**REQUEST NO. 28:** Produce all documents and things reflecting consumer complaints regarding Plaintiff's goods and services offered in connection with Plaintiff's Marks.

**REQUEST NO. 29:** Produce documents sufficient to identify the domains, websites, and social media accounts on or in which Plaintiff's Marks has been, is, or is intended to be used.

**REQUEST NO. 30:** Produce all documents regarding any surveys, market research tests, demographic or consumer profile studies, and focus group inquiries regarding the ultimate

purchasers or potential ultimate purchasers of Plaintiff's goods and services actually or intended to be sold, offered for sale, advertised, or promoted in connection with Plaintiff's Marks, including the results thereof.

**REQUEST NO. 31:** Produce documents regarding any comparison studies, surveys, or market research tests, including the results thereof, concerning the goods or services offered in connection with Plaintiff's Marks.

**REQUEST NO. 32:** Produce all documents and things regarding any assignment, consent, authorization, license, or permission between Plaintiff and any individual(s) or entity(ies) regarding Plaintiff's Marks, including memorialization of the agreements and any modifications made thereto.

**REQUEST NO. 33:** Produce all non-privileged communications between Plaintiff and any third party concerning the subject litigation or the opposition proceeding.

**REQUEST NO. 34:** Produce all non-privileged communications between Plaintiff and third parties concerning use of Plaintiff's Marks or any marks similar to Plaintiff's Marks, including any demand letters sent or received by Plaintiff and any responses thereto.

**REQUEST NO. 35:** Produce all deposition transcripts, answers to interrogatories, responses to requests for production of documents, and answers to requests for admissions in all litigations or Trademark Trial and Appeal Board proceedings involving Plaintiff's Marks.

**REQUEST NO. 36:** Produce all documents regarding trademark enforcement actions taken by or against Plaintiff regarding any mark that includes the term IMPOSSIBLE, and documents sufficient to identify the party seeking to enforce its mark, the asserted mark(s), the alleged infringing mark(s), and the resolution of the dispute.

**REQUEST NO. 37:** Produce all documents and things regarding Defendant, including documents reflecting the date and circumstances under which Plaintiff became aware of Defendant.

**REQUEST NO. 38:** Produce all documents and things regarding Defendant's Marks, including documents reflecting the date and circumstances under which Plaintiff became aware of Defendant's Marks.

**REQUEST NO. 39:** Produce all documents and things regarding Defendant's stylization of the IMPOSSIBLE mark (as reflected in, e.g., Reg. No. 4260617), including documents reflecting the date and circumstances under which Plaintiff became aware of Defendant's stylization of the IMPOSSIBLE mark.

**REQUEST NO. 40:** Produce all documents and things regarding Defendant's principal Joel Runyon, including documents reflecting the date and circumstances under which Plaintiff became aware of Mr. Runyon.

**REQUEST NO. 41:** Produce all documents and things regarding any action taken by Plaintiff in response to Plaintiff's awareness of Defendant's Marks or Defendant.

**REQUEST NO. 42:** Produce all documents and things regarding any instance in which a person has been confused, mistaken, or deceived as to the source of Plaintiff's goods or services offered in connection with Plaintiff's Marks on the one hand, and Defendant or Defendant's Marks on the other hand.

**REQUEST NO. 43:** Produce all documents regarding Plaintiff's alleged use of Plaintiff's marks "since October of 2015 for . . . restaurant services, recipes, ingredients, and cooking information," as alleged in Plaintiff's Amended Complaint ¶ 16.

**REQUEST NO. 44:** Produce all documents regarding Plaintiff's allegation that "Defendant's IMPOSSIBLE-formative marks are conceptually and commercially weak," as alleged in Plaintiff's Amended Complaint ¶ 27.

**REQUEST NO. 45:** Produce documents sufficient to show Plaintiff's organizational structure, including identification of departments responsible for sales, advertising, and branding, and identification of parent, subsidiary, sister or other affiliated companies.

**REQUEST NO. 46:** Produce documents sufficient to show Plaintiff's official and unofficial trademark policies and practices.

**REQUEST NO. 47:** Produce all documents supporting, refuting, or otherwise relating to any claims or defenses asserted by Plaintiff, or that Plaintiff intends to assert, in this litigation.

**REQUEST NO. 48:** To the extent not already requested above, produce all documents or things upon which Plaintiff intends to rely or otherwise use in this litigation.

Respectfully submitted,

Date: March 12, 2024        By:    /s/ David E. Weslow
                                   David E. Weslow
                                   Adrienne J. Kosak
                                   WILEY REIN LLP
                                   2050 Street, N.W.
                                   Washington, D.C. 20036
                                   202.719.7000 (telephone)
                                   dweslow@wiley.law (email)
                                   akosak@wiley.law (email)

                                   Michael Rodenbaugh (SBN 179059)
                                   Meghan Gleeson (SBN 353156)
                                   RODENBAUGH LAW
                                   548 Market Street, Box 55819
                                   San Francisco, CA 94104
                                   Telephone:       (415) 738-8087
                                   mike@rodenbaugh.com
                                   meghan@rodenbaugh.com
                                   docket@rodenbaugh.com

                                   *Attorneys for Defendant*
                                   *Impossible LLC*

## PROOF OF SERVICE

I certify that the foregoing document was served on today's date by US Mail to Plaintiff's counsel to the following addresses, with courtesy copy by email:

GIA CINCONE (SBN 141668)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California 94111

gcincone@ktslaw.com

WILLIAM H. BREWSTER (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309

bbrewster@ktslaw.com

DATED: March 12, 2024

SIGNED: Meghan Gleeson (SBN 353156)