# EXHIBIT B

1 | Michael L. Rodenbaugh (SBN 179059)
2 | Meghan Gleeson (SBN 353156)
RODENBAUGH LAW
3 | 548 Market Street, Box 55819
San Francisco, CA 94104
4 | Phone: (415) 738-8087
Email: mike@rodenbaugh.com
5 | meghan@rodenbaugh.com
docket@rodenbaugh.com
6 |
7 | David E. Weslow (admitted *pro hac vice*)
Adrienne J. Kosak (admitted *pro hac vice*)
8 | WILEY REIN LLP
2050 M Street NW
9 | Washington, DC 20036
Telephone:      (202) 719-7000
10 | Facsimile:      (202) 719-7049
dweslow@wiley.law
11 | akosak@wiley.law

12 | Attorneys for Defendant IMPOSSIBLE  LLC

13 | UNITED STATES DISTRICT COURT

14 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

15 | SAN JOSE DIVISION

16 | IMPOSSIBLE FOODS INC.,                    )    Case No. 5:21-cv-02419-BLF
                                           )    (SVK)
17 |               Plaintiff,                 )
                                           )    Judge: Hon. Beth Labson Freeman
18 |        v.                               )
                                           )
19 | IMPOSSIBLE LLC,                          )
                                           )
20 |               Defendant.                 )
                                           )
21 |                                          )
                                           )
22 |                                          )

23 | **DEFENDANT IMPOSSIBLE LLC'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO PLAINTIFF IMPOSSIBLE FOODS INC.**

24 |
25 |        Pursuant to Fed. R. Civ. P. Rules 26 and 34, Defendant Impossible LLC ("Defendant")
26 | hereby requests that Plaintiff Impossible Foods Inc. ("Plaintiff") produce the requested
27 | documents and things called for by these Requests electronically to counsel of record, or if
28 | impracticable to produce electronically, at the offices of Wiley Rein LLP, 2050 M St., N.W.,

1

Washington, D.C. 20036, within the time as prescribed by the Federal Rules of Civil Procedure. These Requests are to be continuing in nature, and any additional responsive documents or things that may be discovered subsequent to the initial responsive production should be produced within a reasonable time following such discovery pursuant to Fed. R. Civ. P. 26.

## DEFINITIONS AND INSTRUCTIONS

A.    The definitions and instructions contained in Defendant's First Set of Interrogatories (the "Interrogatories") are incorporated herein by reference.

B.    With respect to any document requested for which a claim of privilege, work product, or confidentiality is made, specify (in log form) the nature of the privilege, the nature of the document, identify by name, address, title, and business affiliation, the writer, the addressee, and all recipients thereof, and set forth the general subject matter to which the document relates, and applicable date.

C.    Plaintiff shall separately identify the Request by number pursuant to which each document or tangible thing is produced.

D.    A written response to this Request is required pursuant to Fed. R. Civ. P. 34.

## REQUESTS

**REQUEST NO. 49:** Produce documents sufficient to show the manufacturers of all apparel products bearing Plaintiff's Marks.

**REQUEST NO. 50:** Produce documents sufficient to show the distributors of all apparel products bearing Plaintiff's Marks.

**REQUEST NO. 51:** Produce all documents relating to Plaintiff's design, ordering, acquisition, and distribution of apparel products bearing Plaintiff's Marks.

**REQUEST NO. 52:** Produce documents sufficient to show all athletic, sporting, and racing events that Plaintiff has sponsored.

**REQUEST NO. 53:**  Produce documents sufficient to show all athletic, sporting, and racing events at which Plaintiff has advertised its products and services.

**REQUEST NO. 54:**  Produce all trademark search reports commissioned by or conducted on behalf of Plaintiff that reference Defendant, Defendant's Marks, Defendant's websites, Defendant's social media, and/or Defendant's products and services, including but not limited to the "commercial trademark search report" that Plaintiff received on or around October 9, 2013.

**REQUEST NO. 55:**  Produce all documents and communications regarding or referring to trademark search reports commissioned by or conducted on behalf of Plaintiff that include reference to Defendant, Defendant's Marks, Defendant's websites, Defendant's social media, and/or Defendant's products and services, including but not limited to the "commercial trademark search report" that Plaintiff received on or around October 9, 2013.

**REQUEST NO. 56:**  Produce all documents and communications that refer or relate to Reg. No. 5376208.

**REQUEST NO. 57:**  Produce all documents and communications that refer or relate to Reg. No. 5387588.

**REQUEST NO. 58:**  Produce all documents and communications that refer or relate to Reg. No. 5576376.

**REQUEST NO. 59:**  Produce all documents and communications that refer or relate to Reg. No. 5620625.

**REQUEST NO. 60:**  Produce documents sufficient to show the circumstances under which Plaintiff first became aware that Defendant sells/sold edible products.

**REQUEST NO. 61:**  Produce documents sufficient to show the circumstances under which Plaintiff first became aware that Defendant sells or sold krill oil supplements.

1

2

**REQUEST NO. 62:** Produce documents sufficient to show the circumstances under which Plaintiff first became aware that Defendant sells or sold sleep supplements.

3

4

**REQUEST NO. 63:** Produce documents sufficient to show the circumstances under which Plaintiff first became aware that Defendant sells or sold energy supplements.

5

6

**REQUEST NO. 64:** Produce documents sufficient to show the circumstances surrounding Plaintiff's first sale of edible products under each of Plaintiff's Marks.

7

8

9

**REQUEST NO. 65:** Produce documents sufficient to show the date on which Plaintiff's edible products became available for consumers to purchase in the physical stores (i.e., not exclusively online) within the United States.

10

11

12

**REQUEST NO. 66:** Produce documents sufficient to show the date on which Plaintiff's edible products became available for consumers to purchase in grocery stores within the United States.

13

14

15

**REQUEST NO. 67:** Produce documents sufficient to show the date on which Plaintiff's edible products became available for consumers to purchase in restaurants within the United States.

16

17

18

**REQUEST NO. 68:** Produce documents sufficient to show the date on which Plaintiff's edible products became available for consumers to purchase in fast-food restaurants within the United States.

19

20

21

**REQUEST NO. 69:** Produce documents sufficient to show all retailers through which U.S. consumers could purchase Plaintiff's edible products as of August 15, 2017.

22

23

24

**REQUEST NO. 70:** Produce documents sufficient to identify all states in the United States in which retailers sold Plaintiff's edible products to the ultimate consumers as of August 15, 2017.

25

26

27

28

4

**REQUEST NO. 71:** Produce documents sufficient to show all restaurants (including fast-food restaurants) in which U.S. consumers could purchase Plaintiff's edible products as of August 15, 2017.

**REQUEST NO. 72:** Produce documents sufficient to identify all states in the United States in which restaurants sold Plaintiff's edible products as of August 15, 2017.

**REQUEST NO. 73:** Produce all documents relating to Impossible's efforts to obtain approval from the U.S. Food and Drug Administration to sell its edible products to U.S. consumers.

**REQUEST NO. 74:** Produce all documents that evidence whether the edible products sold under Plaintiff's Marks are commercially successful.

**REQUEST NO. 75:** Produce documents sufficient to show whether each of Plaintiff's Marks is well known to U.S. consumers.

**REQUEST NO. 76:** Produce all documents regarding dietary and/or nutritional supplements sold, intended for sale, or contemplated for sale by Plaintiff.

**REQUEST NO. 77:** Produce all documents reflecting instances of consumers being confused regarding source or affiliation between Plaintiff, Plaintiff's Marks, and/or Plaintiff's products and services on the one hand, and Defendant, Defendant's Marks, and/or Defendant's products and services on the other hand.

**REQUEST NO. 78:** Produce documents sufficient to show, on a monthly, quarterly, and annual basis, Plaintiff's advertising budget, from 2019 to the present.

**REQUEST NO. 79:** Produce documents sufficient to show, on a monthly, quarterly, and annual basis, the amount Plaintiff spent on advertising and promoting apparel offered under the IMPOSSIBLE brand, from 2019 to the present.

**REQUEST NO. 80:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, the amount Plaintiff spent on advertising and promoting nutrition and recipe information under the IMPOSSIBLE brand, from 2019 to the present.

**REQUEST NO. 81:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, the amount Plaintiff spent on advertising and promoting philanthropy services (including charitable fundraising and charitable events) offered under the IMPOSSIBLE Marks, from 2019 to the present.

**REQUEST NO. 82:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, the amount Plaintiff spent on advertising and promoting the IMPOSSIBLE brand at athletic events, from 2019 to the present.

**REQUEST NO. 83:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, Plaintiff's advertising budget for the year 2025.

**REQUEST NO. 84:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, Plaintiff's advertising budget for apparel for the year 2025.

**REQUEST NO. 85:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, Plaintiff's advertising budget for nutrition and recipe information for the year 2025.

**REQUEST NO. 86:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, Plaintiff's advertising budget for philanthropy services for the year 2025.

**REQUEST NO. 87:**  Produce documents sufficient to show, on a monthly, quarterly, and annual basis, Plaintiff's budget for advertising and promoting the IMPOSSIBLE brand at athletic events in 2025.

**REQUEST NO. 88:**  Produce all documents and communications that evidence willful infringement by Defendant or Joel Runyon.

6

1     **REQUEST NO. 89:**  Produce documents sufficient to evidence any damages to which

2 Plaintiff believes it is entitled in this action.

3

4                              Respectfully submitted,

5   Date:  September 19, 2024       By:    /s/ David E. Weslow

6                                 Mike L. Rodenbaugh (SBN 179059)

                                Meghan Gleeson (SBN 353156)

7                                 RODENBAUGH LAW

                                548 Market Street, Box 55819

8                                 San Francisco, CA 94104

9                                 Phone: (415) 738-8087

                                Email:  mike@rodenbaugh.com

10                                 meghan@rodenbaugh.com

                                docket@rodenbaugh.com

11

12                                 David E. Weslow

                                Adrienne J. Kosak

13                                 WILEY REIN LLP

                                2050 Street, N.W.

14                                 Washington, D.C.  20036

                                202.719.7000 (telephone)

15                                 dweslow@wiley.law (email)

                                akosak@wiley.law (email)

16

17                                 *Attorneys for Defendant*

                                *Impossible LLC*

18

19

20

21

22

23

24

25

26

27

28

1                                 **<u>CERTIFICATE OF SERVICE</u>**

2         I hereby certify that on September 19, 2024, the foregoing was served electronically on

3 all counsel of record.

4                                             */s/ David E. Weslow*

                                            David E. Weslow

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28