# EXHIBIT 2

GIA CINCONE (SBN 141668)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center,
Suite 1900
San Francisco, California 94111
Telephone: (415) 273-7546
Facsimile: (415) 723-7173
gcincone@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
JESSICA W. TRUELOVE (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6549
Facsimile: (404) 541-3139

chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**IMPOSSIBLE FOODS INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO IMPOSSIBLE LLC'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS**<br><br>Judge: Hon. Beth Labson Freeman |

PROPOUNDING PARTY: Defendants/Counter-Plaintiffs IMPOSSIBLE LLC

RESPONDING PARTY: Plaintiff/Counter-Defendant IMPOSSIBLE FOODS

SET NO: ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant Impossible Foods objects and responds to the "First Set of Requests for Documents and Things" (the "Requests") served by Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon on Impossible Foods on March 12, 2024.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Impossible Foods asserts the following objections with respect to each instruction, definition, and Request:

1. Impossible Foods objects to the definition of "Plaintiff, you, and your" because such definitions could be interpreted to seek information not within the possession, custody, or control of Impossible Foods, and the definition could include vague and undefined "affiliate[s]." Impossible Foods's responses and objections are made on behalf of Impossible Foods, and its searches will be limited to information within the possession, custody, or control of Impossible Foods.

2. Impossible Foods objects to the definition of "Plaintiff's Marks" because it includes 48 trademark registrations and applications, many of which are either not an IMPOSSIBLE-formative mark (e.g., U.S. Reg. No. 5,381,475) or otherwise are not relevant to any claim or defense in this action. Impossible Foods further objects to this definition because it imposes undue burden and expense on Impossible Foods by requiring it to search for documents concerning 49 registrations and applications.

3. Impossible Foods objects to the definition of "Defendant's Marks" because whether "Defendant" has "common law rights" in a purported "family of marks" is information that is not within Impossible Foods's possession, custody, or control. Impossible Foods will respond only with respect to the trademark registrations referenced in the definition.

4. Impossible Foods objects to each Request to the extent it concerns activities outside the United States because such activities are not relevant under the territoriality principle of trademark law. Impossible Foods's searches will be limited to U.S. activities.

5. Impossible Foods objects to each Request that seeks production of "all documents"

on a particular topic because such Requests would impose an undue burden and expense on Impossible Foods and are disproportional to the needs of the case. Impossible Foods will conduct reasonable searches for responsive documents pursuant to the responses and objections below but will not undertake exhaustive searches for "all" responsive documents.

6. Impossible Foods objects to, and will not comply with, Instruction B because it imposes an obligation beyond what is required by Federal Rule of Civil Procedure 26(b)(5)(ii). Impossible Foods will provide a privilege log that complies with applicable law. In response to many of the Requests below, Impossible Foods agrees to produce "non-privileged" documents, but Impossible Foods's specific claims of privilege will be made in a privilege log to be served within a reasonable time or on a date on which the parties agree to exchange such logs. Impossible Foods will not log privileged or work product documents created after the filing of the complaint, as doing so would impose an undue burden on Impossible Foods.

7. Impossible Foods objects to, and will not comply with, Instruction C because it imposes an obligation beyond what is required by Federal Rule of Civil Procedure 34(b)(2)(E)(i). Impossible Foods will produce documents "as they are kept in the usual course of business." *Id.*

**RESPONSES AND OBJECTIONS TO THE REQUESTS**

**REQUEST NO. 1**

Produce all documents and things referenced in Plaintiff's responses to Defendant's First Set of Interrogatories.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 2**

Produce all documents and things that Plaintiff relied upon to respond to Defendant's First Set of Interrogatories.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it seeks documents protected

from discovery by the attorney-client privilege and the work product doctrine.

Subject to this objection, Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 3**

Produce all documents and things regarding the creation, selection, and adoption of Plaintiff's Marks by or on behalf of Plaintiff, including the decision to transition away from Plaintiff's original trade name "Maraxi," how IMPOSSIBLE was came [sic] to be considered by Plaintiff and the reasons for its selection, and marks other than IMPOSSIBLE that were considered.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that the term "Plaintiff's Marks" purports to cover 48 trademark registrations and applications over a period of eleven years, meaning that compliance with this Request would require Impossible Foods to investigate "the creation, selection, and adoption" of the marks underlying each of those 48 registrations and applications and then collect and review "all" documents "regarding" them. The Request therefore imposes an undue burden on Impossible Foods and is disproportional to the needs of the case. Impossible Foods further objects to this Request on the ground that Impossible Foods's "decision to transition away" from another name is not relevant to any *Sleekcraft* factor or any remedy sought by any party. Impossible Foods further objects to this Request on the ground that it imposes an undue burden on Impossible Foods and is disproportional to the needs of the case given that "marks other than IMPOSSIBLE that were considered" could include any mark or design considered by anyone at Impossible Foods or Lexicon, at any time, such that Impossible Foods could not reasonably ascertain all such alternatives.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents concerning its work with Lexicon (and continuing thereafter) on the creation, selection, and adoption of the mark IMPOSSIBLE, including the particular stylization of that term challenged by Defendant.

**REQUEST NO. 4**

Produce all documents and things regarding any stylization, logo, design, or additional mark used or intended to be used in commerce by Plaintiff in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that designs and marks Impossible Foods *intends* to use in the future are not relevant to any claim or defense asserted in this action. Impossible Foods further objects to this Request on the ground that Plaintiff has only accused one "stylization" of infringement in this action. Impossible Foods also objects to this Request as overbroad and undefined, such that it does not describe with reasonable particularity the documents sought.

In accordance with these objections, Impossible Foods requests that Defendant state the nature of the relevant documents it seeks with reasonable particularity.

**REQUEST NO. 5**

Produce all documents and things regarding any changes, contemplated or made, in any stylization, logo, design, or additional mark used in commerce or intended to be used in commerce in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Plaintiff has only accused one "stylization" of infringement in this action. Impossible Foods also objects to this Request as overbroad and undefined, such that it does not describe with reasonable particularity the documents sought. Impossible Foods further objects to this Request on the ground that "changes, contemplated or made" to branding devices other than Impossible Foods's accused marks are not relevant to any claim or defense asserted in this action. Impossible Foods further objects to this Request on the ground that designs and marks Impossible Foods *intends* to use in the future are not relevant to any claim or defense asserted in this action.

In accordance with these objections, Impossible Foods will not comply with this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

In accordance with the foregoing objections, Impossible Foods states that it will conduct a reasonable search for and produce non-privileged documents sufficient to show its change in stylization of its IMPOSSIBLE logo as referenced here: https://impossiblefoods.com/media/news-releases/impossible-foods-launches-new-brand-identity-and-packaging.

**REQUEST NO. 6**

Produce all documents and things regarding any investigation (such as a trademark, service mark, trade name, Internet name, or corporate name search), concerning Plaintiff's selection, adoption, first use, or decision to apply for federal registration of Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that the term "Plaintiff's Marks" purports to cover 48 trademark registrations and applications over a period of eleven years, meaning that compliance with this Request would require Impossible Foods to investigate "any investigation" made in connection with each of those 48 registrations and applications and then collect and review "all" documents "regarding" them. The Request therefore imposes an undue burden on Impossible Foods and is disproportional to the needs of the case.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents concerning its investigations into the availability of its IMPOSSIBLE-formative marks.

**REQUEST NO. 7**

Produce all documents and things regarding the first use(s) anywhere, and the first use(s) in U.S. commerce, of Plaintiff's Marks by or on behalf of Plaintiff.

**RESPONSE:**

Impossible Foods objects to this Request because it imposes an undue burden on Impossible Foods and is disproportional to the needs of the case. The sheer volume of information sought—"all documents" "regarding" *every* first use of *every one* of the marks underlying 48 trademark applications and registrations in connection with *every* good or service *ever* offered by

Impossible Foods—betrays the overbreadth of this Request.

In accordance with this objection, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the first use in commerce in the United States of its IMPOSSIBLE-formative marks in connection with the goods and services accused by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

In accordance with the foregoing objection, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the first use of its IMPOSSIBLE-formative marks in commerce in the United States in connection with the goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 8**

Produce all documents identifying and supporting Plaintiff's claimed priority date(s) for Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request because it imposes an undue burden on Impossible Foods and is disproportional to the needs of the case.

In accordance with this objection, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to support its claimed priority dates for IMPOSSIBLE-formative marks in connection with the goods and services accused by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

In accordance with the foregoing objection, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show its claimed priority dates for its IMPOSSIBLE-formative marks in connection with the goods and services at issue in this

action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 9**

Produce documents sufficient to identify all goods and services with which Plaintiff has used, is using, or intends to use Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the grounds that, because Defendant is only accusing certain goods and services in this action, the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with this objection, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show its use of IMPOSSIBLE-formative marks in connection with the goods and services accused by Defendant, as well as documents sufficient to show the goods and services in connection with which Impossible Foods intends to use IMPOSSIBLE-formative marks in the future.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

In accordance with the foregoing objection, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show its use of IMPOSSIBLE-formative marks in connection with the goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 10**

Produce documents sufficient to identify the actual and/or projected prices of the goods or

services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that "projected" prices are not relevant to any claim or defense asserted in this action. Impossible Foods further objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce documents sufficient to show the prices at which it offers the IMPOSSIBLE-branded goods and services accused by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the prices at which it offers the IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 11**

Produce all documents and things regarding each printed and electronic media publication in which Plaintiff has advertised or promoted, is advertising or promoting, or plans to advertise or promote the goods or services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that the

publications Impossible Foods "plans" to use in the future are not relevant to any claim or defense asserted in this action.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the printed and electronic media publications in which Impossible Foods advertises and promotes the IMPOSSIBLE-branded goods and services accused by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the printed and electronic media publications in which Impossible Foods advertises and promotes the IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 12**

For each good and service with which Plaintiff has used, is using, or intends to use Plaintiff's Marks, produce documents sufficient to show, by calendar quarter, the dollar amount expended by Plaintiff to advertise Plaintiff's Marks in connection therewith.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that it seeks documents organized in a way not organized by Impossible Foods in the ordinary course of business.

In accordance with these objections, Impossible Foods will conduct a reasonable search for

and produce non-privileged documents sufficient to show its advertising expenditures in connection with IMPOSSIBLE-branded goods and services challenged by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show its advertising expenditures in connection with IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 13**

Produce documents sufficient to identify all person(s) involved in the creation or distribution of advertisements for Plaintiff's goods or services in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request because identifying every single person "involved" in "the creation or distribution" of advertisements would impose an undue burden and expense on Impossible Foods, rendering the Request disproportional to the needs of the case. Impossible Foods further objects to this Request as unduly burdensome because it seeks, through a document request, information—the identification of witnesses—that can be obtained from another source that is more convenient, less burdensome, and less expensive, such as interrogatories. Impossible Foods also objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with this objection, Impossible Foods will not comply with this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

In accordance with the foregoing objection, and based on counsel discussions, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to identify persons with decision-making authority involved in the creation or distribution of advertisements for Impossible Foods's goods or services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 14**

Produce documents sufficient to identify Plaintiff's delegates or employees responsible for the sale or intended sale of Plaintiff's goods or services under Plaintiff's Marks in U.S. commerce.

**RESPONSE:**

Impossible Foods objects to this Request because identifying every single person "responsible" for the "sale" of goods or services would impose an undue burden and expense on Impossible Foods, rendering the Request disproportional to the needs of the case. Impossible Foods further objects to this Request as unduly burdensome because it seeks, through a document request, information—the identification of witnesses—that can be obtained from another source that is more convenient, less burdensome, and less expensive, such as interrogatories. Impossible Foods also objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods also objects to this Request because the terms "delegates," "sale," and "intended sale" are vague and ambiguous in the context, including because they could be construed so that the Request includes grocery store owners or cashiers at stores.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 15**

Produce documents sufficient to demonstrate the channels of trade in which Plaintiff's

Marks have been or are intended to be used.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the channels of trade for IMPOSSIBLE-branded goods and services challenged by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the channels of trade for IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 16**

Produce documents sufficient to identify the stores (actual and electronic or "virtual"), retail outlets, offices, or other locations at which Plaintiff has marketed, promoted, rendered, or sold the products or services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request as disproportional to the needs of the case because Impossible Foods has sold products in tens of thousands of "stores,"

such that searching for documents sufficient to identify all of them would impose an undue burden on Impossible Foods.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to identify a representative sample of the types of stores (actual and electronic or "virtual"), retail outlets, offices, or other locations at which Plaintiff has marketed, promoted, rendered, or sold IMPOSSIBLE-branded goods and services challenged by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to identify a representative sample of the types of stores (actual and electronic or "virtual"), retail outlets, offices, or other locations at which Plaintiff has marketed, promoted, rendered, or sold IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 17**

Produce documents sufficient to identify the types of customers with whom Plaintiff does or intends to do business in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that the "types of customers" with whom Impossible Foods "intends to do business" with are not relevant to any claim or defense asserted in this action.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to identify the types of customers with whom Impossible Foods does business in connection with IMPOSSIBLE-branded goods and services challenged by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to identify the types of customers with whom Impossible Foods does business in connection with IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 18**

Produce documents sufficient to identify the ultimate purchasers to whom Plaintiff offers or intends to offer the goods or services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it is so vague and ambiguous that it appears to request identification of every human or business who has ever purchased one of Impossible Foods's products. To the extent the Request is not seeking such broad information, the Request is unreasonably duplicative of Request No. 17.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 19**

Produce documents sufficient to demonstrate the geographical areas in which Plaintiff's Marks has [sic] been used.

**RESPONSE:**

Impossible Foods objects to this Request on the grounds that it would impose an undue

burden and expense on Impossible Foods and is disproportional to the needs of the case, given that the geographic reach of Impossible Foods's challenged goods and services is not in dispute. Impossible Foods also objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with this objection, Impossible Foods will not comply with this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to identify the geographical areas within the United States in which Plaintiff has marketed, promoted, rendered, or sold IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 20**

Produce documents sufficient to identify all third parties involved with the manufacturing, distribution, sales, and marketing of products and services offered under Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that third-party manufacturing, distribution, sales, and marketing are not relevant to any claim or defense asserted in this action. Impossible Foods also objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request as unduly burdensome because it seeks, through a document request, information—the identification of

witnesses—that can be obtained from another source that is more convenient, less burdensome, and less expensive, such as interrogatories. Impossible Foods also objects to this Request on the ground that the term "involved" is so vague and ambiguous that the Request could be construed to include, for example, every employee of every store that sells Impossible Foods's goods and services.

In accordance with these objections, Impossible Foods will not comply with this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to identify Impossible Foods's manufacturers, distributors, and marketing or sales agencies for IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 21**

For each good and services with which Plaintiff has used, is using, or intends to use Plaintiff's Marks, produce documents sufficient to identify, by calendar quarter, the approximate revenue received to date from sales of Plaintiff's goods and services under Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that it seeks information organized in a way not organized by Impossible Foods in the ordinary course of business.

In accordance with these objections, Impossible Foods will conduct a reasonable search for

and produce non-privileged documents sufficient to show the revenues received in connection with IMPOSSIBLE-branded goods and services challenged by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show the revenues received in connection with IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 22**

Produce all documents regarding the strength, priority, or registrability of Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it is wildly overbroad and does not describe the documents sought with reasonable particularity. Instead, this Request simply lists three broad topics and demands "all documents regarding" each of those broad topics. Impossible Foods also objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that the "registrability" of Impossible Foods's marks is not relevant to any claim or defense asserted in this action.

In accordance with these objections, Impossible Foods will produce documents sufficient to show the strength of its IMPOSSIBLE-formative marks in connection with the goods and services challenged by Defendant and documents sufficient to show the priority of Impossible Foods's marks as to any purported overlapping goods and services.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search and produce non-privileged documents sufficient to show the strength of its IMPOSSIBLE-formative marks in connection with the goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above. Impossible Foods will also conduct a reasonable search and produce non-privileged documents sufficient to show the priority of Impossible Foods's marks as to any purported overlapping goods and services.

**REQUEST NO. 23**

Produce all documents and things regarding the filing and maintenance of any federal or state applications in the United States for Plaintiff's Marks (such as copies of corporate minutes, internal memoranda, and correspondence concerning discussions and decisions to file such documents).

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that the "filing and maintenance" of the 48 trademark applications and registrations covered by the Request are not relevant to any claim or defense asserted in this action. Impossible Foods further objects to this Request on the ground that it seeks the production of documents protected from discovery by the attorney-client privilege and work product doctrine, such that reviewing and logging "all" such documents for 48 applications and registrations over eleven years would impose an undue burden and expense on Impossible Foods.

In accordance with these objections, Impossible Foods will produce the file wrappers for

each of the 48 trademark applications and registrations covered by the Request.

**REQUEST NO. 24**

Produce all documents and things regarding meetings in which Plaintiff participated, in which Plaintiff's Marks were discussed.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it is wildly overbroad because it requests "all" documents related to any meeting involving the discussion of 48 registrations and applications, regardless of the nature of the discussion, the length of discussion, the date the discussion took place, individuals involved, or any other limitation. Conducting an investigation into "all" such meetings would impose an undue burden and expense on Impossible Foods. Impossible Foods further objects to this Request on the ground that it seeks the production of documents protected from discovery by the attorney-client privilege and work product doctrine. Impossible Foods further objects to this Request because it is a fishing expedition, seeks irrelevant information, and fails to describe the requested documents with reasonable particularity.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 25**

Produce all documents regarding Plaintiff's business plans for use of Plaintiff's Marks.

**RESPONSE:**

In connection with Request No. 9, Impossible Foods has already agreed to conduct a reasonable search for and produce non-privileged documents sufficient to show the goods and services in connection with which Impossible Foods intends to use IMPOSSIBLE-formative marks in the future. To the extent this Request is not duplicative of Request No. 9, it seeks irrelevant information, would impose an undue burden on Impossible Foods, and is disproportional to the needs of the case. Impossible Foods further objects to this Request on the ground that "business plans" is so vague that the Request could be construed to include, for example, every "plan"—large or small—that anyone at Impossible Foods ever had for the "use" of

any of Impossible Foods's marks.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 26**

Produce documents sufficient to demonstrate Plaintiff's control over the nature and quality of the goods and services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with these objections, Impossible Foods conduct a reasonable search for and produce non-privileged documents sufficient to show Impossible Foods's control over the nature and quality of the IMPOSSIBLE-branded goods and services accused by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show Impossible Foods's control over the nature and quality of the IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 27**

Produce all documents and things reflecting awards, accolades, and gratuitous publicity for Plaintiff's goods and services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that collecting and producing "all" publicity would impose an undue burden on Impossible Foods and would not be proportional to

the needs of the case.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged representative examples of documents responsive to this Request.

**REQUEST NO. 28**

Produce all documents and things reflecting consumer complaints regarding Plaintiff's goods and services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the grounds that it seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the needs of the case. Because Impossible Foods has offered goods and services nationwide for many years—more than 5 years ago reaching over 5,000 restaurants across all 50 states, and as of this year reaching over 45,000 restaurant locations and 30,000 retail stores—the sheer volume of documents "reflecting consumer complaints" concerning *any* of Impossible Foods's goods and services offered over years is vast. The likely benefit of "all documents" concerning "all" such complaints is negligible and in any event substantially outweighed by the burden associated with collecting, reviewing, and producing those documents. Impossible Foods also objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 29**

Produce documents sufficient to identify the domains, websites, and social media accounts on or in which Plaintiff's Marks has been, is, or is intended to be used.

**RESPONSE:**

Impossible Foods objects to this Request because it seeks documents not in the possession, control, or custody of Impossible Foods. Impossible Foods further objects to this Request on the ground that it includes within its scope "domains, websites, and social media accounts" outside the

control of Impossible Foods, and searching for all such domains, websites, and social media accounts would impose an undue burden on Impossible Foods and would be disproportional to the needs of the case. Impossible Foods also objects to this Request on the ground that the domains, websites, and social media accounts on which Impossible Foods's marks are "intended to be used" are not relevant to any claim or defense asserted in this action.

In accordance with this objection, Impossible Foods will produce conduct a reasonable search for and produce non-privileged documents sufficient to identify the domains, websites, and social media accounts owned or controlled by Impossible Foods within the past three years.

**REQUEST NO. 30**

Produce all documents regarding any surveys, market research tests, demographic or consumer profile studies, and focus group inquiries regarding the ultimate purchasers or potential ultimate purchasers of Plaintiff's goods and services actually or intended to be sold, offered for sale, advertised, or promoted in connection with Plaintiff's Marks, including the results thereof.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that searching for, reviewing, and producing "all documents regarding" the referenced studies would impose an undue burden on Impossible Foods and would be disproportional to the needs of the case.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged and representative examples of surveys, market research tests, demographic or consumer profile studies, and focus group inquiries concerning actual or intended ultimate consumers of the IMPOSSIBLE-branded goods and services challenged by Defendant.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable

search for and produce non-privileged representative examples of surveys, market research tests, demographic or consumer profile studies, and focus group inquiries concerning actual or intended ultimate consumers of the IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 31**

Produce documents regarding any comparison studies, surveys, or market research tests, including the results thereof, concerning the goods or services offered in connection with Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that comparison studies, surveys, and market research tests as to Impossible Foods's goods and services are not relevant to any claim or defense asserted in this action. Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 32**

Produce all documents and things regarding any assignment, consent, authorization, license, or permission between Plaintiff and any individual(s) or entity(ies) regarding Plaintiff's Marks, including memorialization of the agreements and any modifications made thereto.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it is wildly overbroad because it requests "all" documents related to "any" assignment, consent, authorization, license, or permission between Impossible Foods and "any" third party, without regard to the subject matter

of any such arrangement, time period any such arrangement existed, nature of the documents, or any other limitation. The Request therefore seeks irrelevant information, would impose an undue burden on Impossible Foods, and is disproportional to the needs of the case.

In accordance with these objections, Impossible Foods will conduct a reasonable search and produce non-privileged documents sufficient to show trademark assignments, licenses, or consents concerning Impossible Foods's IMPOSSIBLE-formative marks used in connection with the goods and services accused by Defendant from the past five years.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

In accordance with the foregoing objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show, from the past five years, trademark assignments, licenses, or consents concerning IMPOSSIBLE-branded goods and services at issue in this action, which are edible products, recipes, cookbooks, apparel, athletic/fitness-related services, and philanthropic-related services, and further to discussions between counsel, Impossible Foods is not withholding documents otherwise responsive to this request simply because the documents fall outside of the list of goods and services provided above.

**REQUEST NO. 33**

Produce all non-privileged communications between Plaintiff and any third party concerning the subject litigation or the opposition proceeding.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 34**

Produce all non-privileged communications between Plaintiff and third parties concerning use of Plaintiff's Marks or any marks similar to Plaintiff's Marks, including any demand letters sent or received by Plaintiff and any responses thereto.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it seeks documents that are not relevant to any claim or defense asserted in this action.

In accordance with this objection, Impossible Foods will not comply with this Request.

**REQUEST NO. 35**

Produce all deposition transcripts, answers to interrogatories, responses to requests for production of documents, and answers to requests for admissions in all litigations or Trademark Trial and Appeal Board proceedings involving Plaintiff's Marks.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it seeks documents that are not relevant to any claim or defense asserted in this action. Impossible Foods objects to this Request on the ground that Defendant has only accused certain goods and services of infringement, such that the Request is overbroad, seeks irrelevant information, would impose an undue burden and expense on Impossible Foods, and is disproportional to the case. Impossible Foods further objects to this Request on the ground that it is a fishing expedition, and collecting, reviewing, and producing "all" transcripts, "all" interrogatory responses, "all" responses to requests for production, and "all" responses to requests for admission from "all" litigations or proceedings involving 48 trademark registrations and applications would not only breach protective orders and other third-party rights but would impose an undue burden and expense on Impossible Foods. The Request therefore is disproportional to the needs of the case.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 36**

Produce all documents regarding trademark enforcement actions taken by or against Plaintiff regarding any mark that includes the term IMPOSSIBLE, and documents sufficient to identify the party seeking to enforce its mark, the asserted mark(s), the alleged infringing mark(s), and the resolution of the dispute.

**RESPONSE:**

This Request is worded even more broadly than Request Nos. 34 and 35 given that it requests "all documents regarding" any "trademark enforcement action" involving any IMPOSSIBLE-formative mark, and Impossible Foods incorporates its objections to those Requests here.

In accordance with these objections, Impossible Foods will not comply with this Request.

**REQUEST NO. 37**

Produce all documents and things regarding Defendant, including documents reflecting the date and circumstances under which Plaintiff became aware of Defendant.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 38**

Produce all documents and things regarding Defendant's Marks, including documents reflecting the date and circumstances under which Plaintiff became aware of Defendant's Marks.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 39**

Produce all documents and things regarding Defendant's stylization of the IMPOSSIBLE mark (as reflected in, e.g., Reg. No. 4260617), including documents reflecting the date and circumstances under which Plaintiff became aware of Defendant's stylization of the IMPOSSIBLE mark.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 40**

Produce all documents and things regarding Defendant's principal Joel Runyon, including documents reflecting the date and circumstances under which Plaintiff became aware of Mr. Runyon.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 41**

Produce all documents and things regarding any action taken by Plaintiff in response to Plaintiff's awareness of Defendant's Marks or Defendant.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 42**

Produce all documents and things regarding any instance in which a person has been confused, mistaken, or deceived as to the source of Plaintiff's goods or services offered in connection with Plaintiff's Marks on the one hand, and Defendant or Defendant's Marks on the other hand.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 43**

Produce all documents regarding Plaintiff's alleged use of Plaintiff's marks "since October of 2015 for . . . restaurant services, recipes, ingredients, and cooking information," as alleged in Plaintiff's Amended Complaint ¶ 16.

**RESPONSE:**

Impossible Foods objects to this Request on the grounds that it is overbroad, seeks

irrelevant information, imposes an undue burden on Impossible Foods, and is disproportional to the needs of the case in that it seeks "all documents regarding" Impossible Foods's use of IMPOSSIBLE-formative marks in connection with four types of services over an eight-year period. The sheer volume of documents responsive to this Request would be overwhelming.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce non-privileged documents sufficient to show Impossible Foods's use of Plaintiff's Marks "since October of 2015 for . . . restaurant services, recipes, ingredients, and cooking information," as alleged in ¶ 16 of Impossible Foods's Amended Complaint.

**REQUEST NO. 44**

Produce all documents regarding Plaintiff's allegation that "Defendant's IMPOSSIBLE-formative marks are conceptually and commercially weak," as alleged in Plaintiff's Amended Complaint ¶ 27.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 45**

Produce documents sufficient to show Plaintiff's organizational structure, including identification of departments responsible for sales, advertising, and branding, and identification of parent, subsidiary, sister or other affiliated companies.

**RESPONSE:**

Impossible Foods will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 46**

Produce documents sufficient to show Plaintiff's official and unofficial trademark policies and practices.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it is overbroad, seeks

irrelevant information, imposes an undue burden on Impossible Foods, and is disproportional to the needs of the case because it demands trademark policies and practices ("official and unofficial") without regard to any particular trademark, time period, nature of the "policies and practices," or any other issue or limitation. Impossible Foods further objects to this Request on the ground that it is disproportional to the needs of the case and would impose an undue burden and expense on Impossible Foods because documents related to "unofficial" policies and practices would be inherently difficult to search for and may not exist at all.

In accordance with these objections, Impossible Foods will conduct a reasonable search for and produce its branding guidelines and policies for use of its IMPOSSIBLE-formative marks from the past 3 years.

**REQUEST NO. 47**

Produce all documents supporting, refuting, or otherwise relating to any claims or defenses asserted by Plaintiff, or that Plaintiff intends to assert, in this litigation.

**RESPONSE:**

Impossible Foods objects to this Request on the ground that it is *per se* improper, disproportional to the needs of the case, and in violation of Fed. R. Civ. P. 34(b)(1)(A) in that it is a catch-all request seeking every document "relating" to every potential issue in this litigation.

In accordance with this objection, Impossible Foods will not conduct a separate search for documents responsive to this Request but will comply with its obligations under Fed. R. Civ. P. 26(a)(1)(ii) and 26(e).

**REQUEST NO. 48**

To the extent not already requested above, produce all documents or things upon which Plaintiff intends to rely or otherwise use in this litigation.

**RESPONSE:**

Impossible Foods objects to this Request as improper to the extent it seeks immediate production of "all documents" that Impossible Foods "may use" in this action.

In accordance with this objection, Impossible Foods will not conduct a separate search for

documents responsive to this Request but will comply with its obligations under Fed. R. Civ. P. 26(a)(1)(ii) and 26(e).

DATED: November 8, 2024

**KILPATRICK TOWNSEND & STOCKTON**

By: /s/ *Jessica W. Truelove*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming (*pro hac vice*)
Jessica W. Truelove (*pro hac vice*)
Gia Cincone (SBN 141668)

*Attorneys for Plaintiff*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I, Jessica Truelove, declare that I am employed in the City of Atlanta and County of Fulton, Georgia, in the office of a member of the bar of this Court at whose direction this service was made.

I am over the age of eighteen years and not a party to this action. My business address is Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, N.E., Suite 2800, Atlanta, GA 30309. On November 8, 2024, I served the foregoing document entitled IMPOSSIBLE FOODS INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO IMPOSSIBLE LLC'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS on the interested parties in this action, as follows:

| | |
|---|---|
| Michael L. Rodenbaugh<br>Meghan Gleeson<br>RODENBAUGH LAW<br>548 Market Street, Box 55819<br>San Francisco, CA 94104<br>mike@rodenbaugh.com<br>meghan@rodenbaugh.com<br>docket@rodenbaugh.com | David E. Weslow<br>Adrienne J. Kosak<br>WILEY REIN LLP<br>2050 M Street NW<br>Washington, DC 20036<br>dweslow@wiley.law<br>akosak@wiley.law |

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above from email address jtruelove@ktslaw.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 8, 2024, in Atlanta, Georgia.

*/s/ Jessica W. Truelove*
Jessica Truelove