# EXHIBIT 3

KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
JESSICA W. TRUELOVE (*pro hac vice*)
1100 Peachtree Street NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>Judge: Hon. Beth Labson Freeman |

**PLAINTIFF IMPOSSIBLE FOODS INC.'S SECOND AMENDED INITIAL DISCLOSURES**

Plaintiff Impossible Foods Inc. ("Impossible Foods") hereby makes the following second amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Impossible Foods bases these disclosures on its current knowledge, understanding, and belief as to the facts and information available on the date of these disclosures. Impossible Foods's investigation and discovery in this matter are not complete, and Impossible Foods therefore expressly reserves the

right to amend or supplement these disclosures as its investigation and discovery continue and reserves the right to use and to introduce such supplemental information or any subsequently produced documents at trial.

By making these amended initial disclosures, Impossible Foods does not represent that it is identifying every witness, document, or tangible thing possibly relevant to the instant action, nor does Impossible Foods waive its right to object on the basis of any privilege, the work-product doctrine, relevancy, undue burden, proportionality, confidentiality, or any other valid ground for objection. These amended initial disclosures are also made without waiving: (1) the right to object on grounds of confidentiality, competency, relevancy and materiality, hearsay, or any other ground, to the use of such information for any purposes, in whole or in part, at any subsequent time in this action or in any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery. All the amended initial disclosures set forth below are subject to these qualifications and reservations of rights.

## I. DISCLOSURE OF INDIVIDUALS PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(i)

To date, Impossible Foods identifies the following individuals likely to have knowledge or discoverable information that Impossible Foods may use to support its claims and defenses, each of whom may be contacted through counsel for Impossible Foods located at Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309:

1. Caitlyn Hatman, Director of Marketing, Experience + Partnerships, Impossible Foods (marketing of products bearing the IMPOSSIBLE-formative marks since June of 2016; selection and adoption of Impossible Foods' word marks and associated designs since June of 2016; target consumers; channels of trade).

2. Giselle Guerrero, former Vice President of Creative and Brand, Impossible Foods (marketing and advertising of products bearing the IMPOSSIBLE-formative marks from 2016 to 2021; target consumers).

3. Keaton Schwarz, Director of Corporate Finance, Impossible Foods (financial investment in Impossible Foods's brand and IMPOSSIBLE-formative marks; sales of products featuring the IMPOSSIBLE-formative marks; monetary harm caused to Impossible Foods by Defendants' conduct).

4. Megan Krogius, Product & Consumer Communications Lead, Impossible Foods (fame and strength of the Impossible Foods's IMPOSSIBLE-formative marks; press coverage of Impossible Foods's products and initiatives).

5. Nick Halla, former Director of Business Development and Chief Strategy Officer, Impossible Foods (Impossible Foods's selection and adoption of IMPOSSIBLE FOODS and IMPOSSIBLE-formative marks, as well as the nature of the company, its customers, and its marketing before and after the company's first product launch).

Impossible Foods may supplement its disclosure as its investigation and discovery proceed. Impossible Foods reserves the right to include all additional persons identified by Defendants or any other party in connection with their disclosures and discovery responses. In addition, Impossible Foods will disclose the names of its expert witnesses at the appropriate time as required by Federal Rule of Civil Procedure 26(a)(2).

## II. IDENTIFICATION OF DOCUMENTS AND THINGS PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(ii)

To date, Impossible Foods expects that it may use the following categories of documents, data compilations, and tangible things (hereinafter, "documents") currently in its possession, custody or control to support its claims or defenses. The documents are located at Impossible Foods's offices and/or at the offices of its attorneys.

1. U.S. Patent and Trademark Office records concerning the IMPOSSIBLE-formative marks at issue;
2. Documents concerning Impossible Foods's adoption and use of the IMPOSSIBLE-formative marks at issue;
3. Representative examples showing use of Impossible Foods's IMPOSSIBLE-formative marks at issue in connection with its products;
4. Documents reflecting publicly available information concerning advertising, marketing, and promotion of goods and services under Impossible Foods's IMPOSSIBLE-formative marks at issue;
5. Documents reflecting publicly available information concerning the sale and distribution of goods and services under Impossible Foods's IMPOSSIBLE-formative marks at issue;
6. Documents reflecting public recognition of Impossible Foods's IMPOSSIBLE-formative marks at issue.
7. Summaries of advertising, promotion, and marketing expenditures;
8. Sales revenues from products bearing or sold in connection with the IMPOSSIBLE-formative marks at issue;
9. Evidence of Impossible Foods's trademark enforcement practices and efforts;
10. Correspondence between Impossible Foods and Defendants regarding the right to use the IMPOSSIBLE-formative marks at issue; and
11. Documents and other materials produced by Defendants or any other party in connection with discovery or disclosures in this matter.

Impossible Foods will not produce documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from discovery. Further, Impossible Foods will produce confidential and proprietary information only upon the entry of a suitable protective order. Impossible Foods expressly reserves its rights to identify and produce any other categories of documents that may supports its claims or defenses as Impossible Foods discovers information or documents through further investigation or disclosure by Defendants.

## III. COMPUTATION OF DAMAGES PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(iii)

Impossible Foods seeks a declaration of its superior rights in its IMPOSSIBLE-formative marks. Impossible Foods also seeks a Court order enjoining Defendants and their officers, affiliate companies, agents, servants, employees, successors, licenses, and assigns, and all other in concert and privity with them from using any mark that is confusingly similar to any of Impossible Foods's IMPOSSIBLE-formative marks in connection with edible products and other related goods and services, including sleep and energy powder products.

Impossible Foods seeks actual damages for its trademark-related claims consistent with the Lanham Act and any applicable state law, including a reasonable royalty, lost profits, corrective advertising, and harm to goodwill. Impossible Foods also seeks an accounting and disgorgement of Defendants' profits from sales of the infringing products, as well as enhanced profits and damages, and punitive damages. Impossible Foods further seeks an appropriate award of reasonable costs and attorneys' fees incurred in defending and enforcing its rights in its IMPOSSIBLE-formative marks, which sums cannot be calculated at this time. With discovery still ongoing, Impossible Foods has not yet computed with precision the monetary relief it claims because many of the documents required to make such a computation are within the possession, custody, or control of Defendants. Impossible Foods will supplement its disclosures as investigation and discovery proceed.

## IV. PRODUCTION OF APPLICABLE INSURANCE AGREEMENTS PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(iv)

Impossible Foods is not aware of any insurance agreement that is applicable to any claims

or counterclaims currently asserted in this action.

DATED: March 26, 2025

By: */s/ H. Forrest Flemming, III*

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Jessica W. Truelove (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
Email: chenn@ktslaw.com
fflemming@ktslaw.com
jtruelove@ktslaw.com

Kollin J. Zimmermann (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2025, a true and correct copy of PLAINTIFF IMPOSSIBLE FOODS INC.'S SECOND AMENDED INITIAL DISCLOSURES was served via electronic mail on counsel for Defendants Impossible LLC and Joel Runyon, addressed as follows:

J. Noah Hagey
Adam S. Cashman
Gregory D. Washington
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
hagey@braunhagey.com
cashman@braunhagey.com
gwashington@keker.com

Faith Barksdale
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
barksdale@braunhagey.com

David E. Weslow
Adrienne J. Kosak
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
dweslow@wiley.law
akosak@wiley.law

*/s/ Natalie Baber*
Natalie Baber