UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff,<br><br>v.<br><br>IMPOSSIBLE X LLC, et al.,<br><br>Defendants. | Case No. 21-cv-02419-BLF<br><br>**ORDER REGARDING IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTIONS**<br><br>[Re: ECF Nos. 260, 261] |

Before the Court are two administrative motions:

1. Impossible Foods Inc.'s Administrative Motion to File Under Seal. ECF No. 260.
2. Impossible Foods Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 261.

For the reasons described below, the Court rules as follows: the administrative motion at ECF No. 260 is GRANTED, and the administrative motion at ECF No. 261 is GRANTED IN PART AND DENIED IN PART.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.   DISCUSSION

### A.   ECF No. 260

Plaintiff Impossible Foods Inc. ("Plaintiff" or "Impossible Foods") seeks to seal portions of its Motion for Partial Summary Judgment and exhibits attached thereto. ECF No. 260 at 2. Defendants Impossible LLC and Joel Runyon (collectively, "Defendants" or "ILLC") did not submit any response.

Impossible Foods asserts that this information pertains to "financial data and marketing strategies," whose disclosure would "result in significant harm" to Plaintiff by "exposing valuable insights" into its "marketing and financial decision-making strategies." *Id.* at 2–3. Plaintiff further asserts that the disclosure of this information would put it at a competitive and business disadvantage. *Id.* at 3.

1  As the sealing request relates to a motion for partial summary judgment, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

The Court finds that compelling reasons exist to seal the materials Impossible Foods identifies. The "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "internal business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-04844, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 259 / 260-1 | Plaintiff's Motion for Partial Summary Judgment | Highlighted portions at 4:5; 16:6–7, 24–26. | GRANTED as containing sensitive information regarding Impossible Foods's marketing strategies and financial information, the release of which could cause Impossible Foods competitive harm. |
| 259-5 / 260-2 | Ex. D to Declaration of R. Charles Henn Jr. in Support of Plaintiff's Motion for Partial Summary Judgment ("Henn Decl.") | Highlighted portions at 7:13–15; 8:19–25. | GRANTED as containing sensitive information regarding Impossible Foods's marketing strategies and financial information, the release of which could cause Impossible Foods |

3

| | | | competitive harm. |
|---|---|---|---|
| 259-18 / 260-3 | Ex. Q to Henn Decl. | Entire document. | GRANTED as containing sensitive information regarding Impossible Foods's marketing strategies and financial information, the release of which could cause Impossible Foods competitive harm. |

### B. ECF No. 261

Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF No. 261. Defendants filed a statement in support of sealing the materials identified in Plaintiff's motion. ECF No. 272. Plaintiff did not submit any response to Defendants' statement in support of sealing.

ILLC asserts that this information pertains to "valuable insights into its business and financial decision-making strategies" and "personally identifiable information of third parties." *Id.* at 2. Defendants argue that public disclosure of the business information could cause harm to ILLC's competitive position, including by revealing information that could "interfere with Impossible LLC's ability to form commercial relationships." *Id.*

As the sealing request relates to a motion for partial summary judgment, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

The Court finds that Defendants have established compelling reasons to seal the identified materials. The "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "internal business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-04844, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal "information that, if published, may harm . . . competitive standing and

1  divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts,*
2  *Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might
3  harm a litigant's competitive standing").
4      The "compelling reasons" standard is also met with respect to the personally identifiable
5  information Defendants identify. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL
6  1951250, at *3 (N.D. Cal. May 14, 2021) (collecting cases); *Stiner v. Brookdale Senior Living,*
7  *Inc.*, No. 17-CV-03962, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names
8  and addresses of nonparty family members); *UnifySCC v. Cody*, No. 22-cv-01019, 2023 WL
9  6998184, at *2 (N.D. Cal. Oct. 23, 2023) (sealing numbers and names of employees).
10     The Court finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).
11     The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 259 / 261-1 | Plaintiff's Motion for Partial Summary Judgment | Highlighted portions at 6:25-28; 7:1-3, 9-14; 8:9-11; 10:19-11:22; 11:24-12:10; 14:21, 24- 28; 15:3-7; 16:16-21. | DENIED because Defendants do not request sealing. |
| 259-3 / 261-2 | Ex. B to Henn Decl. | Highlighted portions at 11:16-20, 24-28; 12:4- 9. | GRANTED as containing discussions of competitively sensitive business information, the release of which could cause ILLC competitive harm. |

| | | | |
|---|---|---|---|
| 259-8 / 261-3 | Ex. G to Henn Decl. | Entire document. | GRANTED as to portions of Paragraph 15, and 23 as containing discussions of competitively sensitive business information, the release of which could cause ILLC competitive harm; GRANTED as to portions of paragraph 38 as containing personally identifiable information of third parties; DENIED as to the rest of the document because Defendants do not request sealing. |
| 259-9 / 261-4 | Ex. H to Henn Decl. | Entire document. | GRANTED as to Paragraphs 8, 17, 26, 27, and 51; Footnotes 1, 47, 53, 54, and 133; and Exhibits C-1, C-2, and C-3 as containing discussions of competitively sensitive business information, the release of which could cause ILLC competitive harm; DENIED as to the rest of the document because Defendants do not request sealing. |
| 259-10 / 261-5 | Ex. I to Henn Decl. | Entire document. | GRANTED as to the portion of 203:22 as containing personally identifiable information of third parties; DENIED as to the rest of the document because Defendants do not request sealing. |
| 259-11 / 261-6 | Ex. J to Henn Decl. | Entire document. | DENIED because Defendants do not request sealing. |
| 259-13 / 261-7 | Ex. L to Henn Decl. | Entire document. | DENIED because Defendants do not request sealing. |

| | | | |
|---|---|---|---|
| 259-14 / 261-8 | Ex. M to Henn Decl. | Entire document. | GRANTED as to the email address as containing personally identifiable information of third parties; DENIED as to the rest of the document because Defendants do not request sealing. |
| 259-15 / 261-9 | Ex. N to Henn Decl. | Entire document. | GRANTED as to the email address as containing personally identifiable information of third parties; DENIED as to the rest of the document because Defendants do not request sealing. |
| 259-16 / 261-10 | Ex. O to Henn Decl. | Entire document. | GRANTED as to the email address and phone number as containing personally identifiable information of third parties; DENIED as to the rest of the document because Defendants do not request sealing. |
| 259-17 / 261-11 | Ex. P to Henn Decl. | Entire document. | GRANTED as to the email address as containing personally identifiable information of third parties; DENIED as to the rest of the document because Defendants do not request sealing. |

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion at ECF No. 260 is GRANTED.

2. The motion at ECF No. 261 is GRANTED IN PART AND DENIED IN PART.

All denials are WITHOUT PREJUDICE.  Any refiled administrative motion or declaration SHALL be filed no later than **September 29, 2025**.  The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **September 29, 2025**, unless they are filing a renewed

sealing motion for any document in that filing.

**IT IS SO ORDERED.**

Dated:  September 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge