KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice)*
ERICA CHANIN (*pro hac vice)*
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6549
Facsimile: (404) 541-3139
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC., a Delaware corporation,

Plaintiff/Counter-Defendant,

v.

IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,

Defendants/Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**ADMINISTRATIVE MOTION TO STRIKE DEFENDANTS' MOTION FOR SANCTIONS (DKT. NO. 283) UNDER L.R. 7-3, OR MOTION TO CHANGE TIME UNDER L.R. 6-3.**

Judge: Hon. Beth Labson Freeman

## I. INTRODUCTION

Defendants' Rule 11 motion is a dispositive motion addressing the same exact issues already fully briefed in connection with Defendants' 25-page summary judgment motion. Dkt. No. 283 (the "Motion"); Dkt. No. 262. This is a violation of the Court's Standing Order, which limits each side to a collective total of 25 pages for ***all*** post-answer motions seeking dispositive relief. Weeks ago, Impossible Foods informed Defendants that they would need leave of Court before seeking more dispositive relief, but Defendants ignored Impossible Foods and this Court's Standing Order, filing the Motion without leave. The Court should strike the Motion on this basis.

Alternatively, and for the sake of efficiency, Impossible Foods respectfully requests that its time to respond to the Motion be set for two weeks after the Court rules on Defendants' summary judgment motion, or until the end of the case.

## II. ARGUMENT

### A. The Motion Should Be Stricken

The Court's Standing Order provides: "Each side is limited to a total of 25 pages for all post-answer dispositive motions, **collectively**, including motions for summary judgment and motions for judgment on the pleadings." Standing Order for Civil Cases, Rule VI.A (emphasis added). The Motion is "dispositive," as it seeks sanctions that would dispose entirely of Impossible Foods's trademark claims. *See Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at 2 (N.D. Cal. Jan. 21, 2014) ("Benedict's Rule 11 motion is a dispositive motion because it seeks dismissal of Benedict's counterclaims as a sanction."); *Upek, Inc. v. Authentec, Inc.*, 2010 WL 1980189, at *4 (N.D. Cal. May 18, 2010) (Rule 11 motion seeking dismissal is dispositive); *cf.* Dkt. No. 283 at 12 (seeking sanctions in the form of "striking [Impossible Foods's] allegations" of trademark infringement in its Third Amended Complaint).

In email correspondence among counsel, Impossible Foods noted that the Motion seeks dispositive relief and could not be filed without leave of Court. Declaration of H. Forrest Flemming, III ("Flemming Decl.") ¶¶ 3, 5. Impossible Foods expressly asked Defendants to

respond if they believed the Motion was not dispositive. Defendants declined to respond, implicitly conceding the point. *Id.*¶ 6. Impossible Foods also advised Defendants that if their motion were not dispositive, then it should be filed with Judge Van Keulen, to whom the Court has referred all non-dispositive matters. *Id.* ¶ 3. The fact that Defendants filed the Motion with the district judge is just another concession that the Motion is dispositive.

Defendants contended during the parties' meet-and-confer that the standards of review are different under Rules 11 and 56, so Rule VI.A is not implicated. But the standards of review are also different under Rules 12 and 56, and the Court's Standing Order expressly notes that under Rule VI.A, parties cannot file "both a motion for judgment on the pleadings and a motion for summary judgment" if the "total briefing across both motions . . . exceed[s] 25 pages." Thus, it is clear that the Motion violates the letter of Rule VI.A.

Defendants are also violating the very purpose of Rule VI.A. The Motion asserts the *exact same* likelihood-of-confusion evidence and arguments that Defendants asserted in their fully-briefed, 25-page motion for summary judgment. *See* Dkt. Nos. 262, 287. Defendants are seeking a second bite at the apple, yet they expressly decided not to ask the Court's permission to do so, despite being warned by Impossible Foods.

Because Defendants' filing of the Motion violates both the spirit and letter of Rule VI.A of the Court's Standing Order, the Motion should be stricken.

### B. In The Alternative, The Time For Response Should Be Extended Until After Summary Judgment Is Resolved, Or the End of the Case

Should the Court decline to strike the Motion, Impossible Foods respectfully requests that the Court set Impossible Foods's response deadline to either two weeks after the Court's ruling on Defendants' motion for summary judgment, or after trial. If the Court denies Defendants' motion for summary judgment (finding that Impossible Foods adduced sufficient evidence to proceed to trial on its trademark claims), then Defendants will surely withdraw their Rule 11 motion. On the other hand, if the Court grants Defendants' summary judgment motion, then Impossible Foods can tailor its response to the Rule 11 motion based on any gaps

in the evidentiary record noted by the Court in its ruling.

Courts frequently find that Rule 11 motions like Defendants' should be addressed at the end of the litigation, to preserve judicial resources and to avoid prejudice to the responding party. *See, e.g.*, *Bighorn Cap., Inc. v. Sec. Nat'l Guaranty, Inc.*, 2015 WL 9489897, at *4 (N.D. Cal. Dec. 30, 2015) (finding a Rule 11 motion premature and noting that "Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits"); *Remington v. Mathson*, 2017 WL 3421966, at *6 (N.D. Cal. Aug. 9, 2017) (emphasizing that the Advisory Committee notes indicate that "in the case of [Rule 11 motions based on] pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation") (alteration in original). The Court should not be burdened with another fully-briefed motion on likelihood of confusion when it is already dealing with Defendants' summary judgment motion on that issue, not to mention Impossible Foods's summary judgment motion. And Impossible Foods should not be forced to brief a second likelihood-of-confusion motion before the Court even weighs in on the first one.

Pursuant to L.R. 6-3, Impossible Foods asked Defendants if they would consent to an extension of Impossible Foods's response deadline, as a compromise to avoid a motion to strike. The parties met and conferred on September 16, 2025, and Defendants' counsel declined to consent to any extension. Flemming Decl. ¶ 8.

## III. CONCLUSION

For the foregoing reasons, Impossible Foods respectfully requests that the Court strike the Motion, or in the alternative, extend Impossible Foods' time to respond until two weeks after the Court's summary judgment ruling, or until the end of the case.

DATED: September 17, 2025

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**

By: */s/ H. Forrest Flemming, III*

R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice)*
Erica Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff*
IMPOSSIBLE FOODS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ H. Forrest Flemming, III*
H. Forrest Flemming, III