United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IMPOSSIBLE X LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02419-BLF<br><br>**ORDER REGARDING IMPOSSIBLE LLC'S ADMINISTRATIVE MOTIONS**<br><br>[Re: ECF Nos. 264, 265] |

Before the Court are two administrative motions:

1. Impossible X LLC's Administrative Motion to Seal.  ECF No. 264.
2. Impossible X LLC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 265.

For the reasons described below, the Court rules as follows: the administrative motion at ECF No. 264 is GRANTED, and the administrative motion at ECF No. 265 is GRANTED IN PART AND DENIED IN PART.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

1    In addition, in this district, all parties requesting sealing must comply with Civil Local
2    Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a
3    document under seal, including an explanation of: (i) the legitimate private or public interests that
4    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
5    alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the
6    moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-
7    5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material."
8    Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.    DISCUSSION

### A.    ECF No. 264

Defendants Impossible LLC and Joel Runyon (collectively, "Defendants" or "ILLC") seek to seal portions of its Motion for Partial Summary Judgment and exhibits attached thereto. ECF No. 264 at 1. Plaintiff Impossible Foods Inc. ("Plaintiff" or "Impossible Foods") did not submit any response.

ILLC asserts that the information it seeks to seal pertains to "valuable insights into its business and financial decision-making strategies." *Id.* Defendants argue that the disclosure of this information would "reveal critical business information" to the market that would cause "substantial harm" to ILLC's competitive standing. *Id.* at 1–2.

As the sealing request relates to a motion for partial summary judgment, which the Court

1    finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply
2    the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

3        The Court finds that compelling reasons exist to seal the materials ILLC identifies. The
4    "compelling reasons" standard is met for confidential business information that would harm a
5    party's competitive standing if publicly disclosed, including materials discussing "internal
6    business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-04844,
7    2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-
8    cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for
9    sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm
10   Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling
11   reasons to seal "information that, if published, may harm . . . competitive standing and divulges
12   terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298
13   F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a
14   litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See*
15   Civ. L.R. 79-5(c)(3).

16       The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 267 / 264-2 | Defendants' Motion for Partial Summary Judgment | Highlighted portions at 24:10; 25:2. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |
| 263-3 / 264-3 | Ex. SS to the Declaration of Greg Washington ("Washington Decl.") | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |
| 263-4 / 264-4 | Ex. TT to Washington Decl. | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |

| | | | |
|---|---|---|---|
| 263-5 / 264-5 | Ex. UU to Washington Decl. | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |
| 263-6 / 264-6 | Ex. VV to Washington Decl. | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |
| 263-16 / 264-7 | Ex. FFF to Washington Decl. | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |
| 263-17 / 264-8 | Ex. GGG to Washington Decl. | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |
| 263-17 / 264-9 | Ex. HHH to Washington Decl. | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |
| 263-18 / 264-10 | Ex. III to Washington Decl. | Entire document. | GRANTED as containing sensitive financial and business information, the release of which could cause ILLC competitive harm. |

### B. ECF No. 265

Defendants filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF No. 265. The administrative motion was then refiled. ECF No. 268. Plaintiff filed a statement in support of sealing the materials identified in Plaintiff's motion. ECF No. 271. Defendants did not submit any response to Plaintiff's statement in support of sealing.

Plaintiff asserts that this information pertains to "financial information and data, marketing strategies, and trademark selection and clearance process." *Id.* at 2. Plaintiff argues that public disclosure of this information would "result in economic harm and significant competitive disadvantage." *Id.* at 3.

As the sealing request relates to a motion for partial summary judgment, which the Court

1  finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply
2  the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.
3        The Court finds that Plaintiff has established compelling reasons to seal the identified
4  materials. The "compelling reasons" standard is met for confidential business information that
5  would harm a party's competitive standing if publicly disclosed, including materials discussing
6  "internal business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-
7  04844, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*,
8  No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling
9  reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v.
10 Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding
11 compelling reasons to seal "information that, if published, may harm . . . competitive standing and
12 divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts,
13 Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might
14 harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored.
15 *See* Civ. L.R. 79-5(c)(3).
16       The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 259 / 265-2 | Defendants' Motion for Partial Summary Judgment | Highlighted portions at 4:12-16; 4:25-28; 5:1-4; 5:6- 8; 7:18-20; 8:13- 15; 8:28-9:2; 9:15; 10:2-7; 10-22-23; 10:27-11:1; 11:6-8; 11:10-12; 14:1-3; 14:12-14; 15:1-4; 18:27-19:3. | GRANTED as to 4:12-16, 25-28; 5:1-4; 5:6-8; 7:18-20; 8:13-15; 8:28-9:2; 9:15; 10:2-7, 22-23; 10:27-11:1; 11:6- 8; 11:10-12; 14:1-3; 14:12-14; 15:1-4 as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm; GRANTED as to 18:27-19:3 as containing discussions of sensitive financial information and data, the release of which could cause Impossible Foods competitive harm. |
| 262-28 / 265-3 | Ex. Z to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |
| 262-29 / 265-4 | Ex. AA to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |
| 262-30 / 265-5 | Ex. BB to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |
| 262-31 / 265-6 | Ex. CC to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |

| | | | |
|---|---|---|---|
| 262-32 / 265-7 | Ex. DD to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |
| 262-33 / 265-8 | Ex. EE to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |
| 262-36 / 265-9 | Ex. HH to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |
| 262-41 / 265-10 | Ex. MM to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive financial information and data, the release of which could cause Impossible Foods competitive harm. |
| 262-42 / 265-11 | Ex. NN to Washington Decl. | Entire document. | DENIED because Plaintiff does not request sealing. |
| 262-43 / 265-12 | Ex. OO to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive financial information and data, the release of which could cause Impossible Foods competitive harm. |
| 263-2 / 265-13 | Ex. RR to Washington Decl. | Entire document. | GRANTED as containing discussions of sensitive business strategy, the release of which could cause Impossible Foods competitive harm. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion at ECF No. 264 is GRANTED.
2. The motion at ECF No. 265 is GRANTED IN PART AND DENIED IN PART.

All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than **September 29, 2025**. The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **September 29, 2025**, unless they are filing a renewed sealing motion for any document in that filing.

**IT IS SO ORDERED.**

Dated: September 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge