**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br>  Plaintiff, <br><br> v. <br><br> IMPOSSIBLE X LLC, et al., <br><br>  Defendants. | Case No. 21-cv-02419-BLF <br><br> **ORDER REGARDING IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTIONS** <br><br> [Re: ECF Nos. 275, 276] |

1. Impossible Foods Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 275.
2. Impossible Foods Inc.'s Administrative Motion to File Under Seal. ECF No. 276.

For the reasons described below, the Court rules as follows: the administrative motion at ECF No. 275 is GRANTED IN PART AND DENIED IN PART, and the administrative motion at ECF No. 276 is GRANTED.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local

Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

### A. ECF No. 276

The Court will first address Plaintiff Impossible Foods Inc.'s ("Plaintiff" or "Impossible Foods") motion to seal portions of its Opposition to Defendants' Motion for Partial Summary Judgment and an exhibit attached thereto. ECF No. 276. Defendants Impossible LLC and Joel Runyon (collectively, "Defendants" or "ILLC") did not submit any response.

Impossible Foods asserts that this information pertains to "critical business information" and "financial data and marketing strategies," the disclosure of which would "result in significant harm" to Plaintiff. *Id.* at 2–3. Plaintiff further asserts that the disclosure of this information would put it at a competitive disadvantage. *Id.* at 3.

As the sealing request relates to an opposition to a motion for partial summary judgment, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the

1   Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

2   The Court finds that compelling reasons exist to seal the materials Impossible Foods
3   identifies. The "compelling reasons" standard is met for confidential business information that
4   would harm a party's competitive standing if publicly disclosed, including materials discussing
5   "internal business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-
6   04844, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*,
7   No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling
8   reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v.
9   Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding
10  compelling reasons to seal "information that, if published, may harm . . . competitive standing and
11  divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts,
12  Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might
13  harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored.
14  *See* Civ. L.R. 79-5(c)(3).

15  The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 274 / 276-2 | Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment | Highlighted portions at 13:3–5. | GRANTED as containing sensitive information regarding Impossible Foods's financial information and marketing strategies, the release of which could cause Impossible Foods competitive harm. |
| 274-7 / 276-3 | Ex. F to Declaration of Forrest Flemming, III ("Flemming Decl.") | Highlighted portions at 7:13– 15; 8:19-25. | GRANTED as containing sensitive information regarding Impossible Foods's financial information and marketing strategies, the release of which could cause Impossible Foods competitive harm. |

3

### B. ECF No. 275

Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF No. 275. Defendants filed a statement in support of sealing the materials identified in Plaintiff's motion. ECF No. 281. Plaintiff did not submit any response to Defendants' statement in support of sealing.

ILLC asserts that this information pertains to confidential "commercial development information," including "the identities of presently unannounced commercial collaborators." *Id.* at 2. Defendants argue that the disclosure of these "valuable insights into its business and financial decision-making strategies" would interfere with its ability to "form commercial relationships with potential collaborators in the future" and otherwise harm ILLC's competitive standing. *Id.*

As the sealing request relates to an opposition to a motion for partial summary judgment, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

With the exception of materials identified below, the Court finds that Defendants have established compelling reasons to seal the identified materials. The "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "internal business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-04844, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Except where indicated below, the Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 274 / 275-2 | Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment | Highlighted portions at 3:14–15; 6:9–27; 7:10–18; 10:18–20; 15:5–7; 15:23–24; 16:17; 20:9–10; 20:16–19; 20:23–24; 21:28–22:5; 22:7–13; 22:19–20; 22:26–23:3; 23:23–25. | DENIED as overbroad. |
| 274-1 / 275-3 | Flemming Decl. | Highlighted portions at 3:25–26; 4:3–4; 4:12–13; 4:15–16; 4:18–20; 4:21–22; 4:24–25. | DENIED as overbroad. |
| 274-4 / 275-4 | Ex. C to Flemming Decl. | Entire document. | GRANTED as to 412:13; 412:16; 428:14; 463:11 as containing discussions of confidential financial information, the release of which could cause ILLC competitive harm; DENIED as to the rest of the document because Defendants do not request sealing. |
| 274-5 / 275-5 | Ex. D to Flemming Decl. | Entire document. | DENIED pursuant to ECF No. 240. |
| 274-15 / 275-6 | Ex. N to Flemming Decl. | Entire document. | DENIED because Defendants do not request sealing. |
| 274-17 / 275-7 | Ex. P to Flemming Decl. | Entire document. | DENIED pursuant to ECF No. 240. |

| | | | |
|---|---|---|---|
| 274-20 / 275-8 | Ex. S to Flemming Decl. | Entire document. | GRANTED as to portions of document containing non-public price terms and order quantities at 3; DENIED as to the rest of the document because Defendants do not request sealing. |
| 274-21 / 275-9 | Ex. T to Flemming Decl. | Entire document. | GRANTED as to portions of document containing non-public price terms at 2, 3, 5; DENIED as to the rest of the document because Defendants do not request sealing. |
| 274-22 / 275-10 | Ex. U to Flemming Decl. | Entire document. | GRANTED as to portions of document containing non-public price terms at 1; DENIED as to the rest of the document because Defendants do not request sealing. |
| 274-23 / 275-11 | Ex. V to Flemming Decl. | Entire document. | GRANTED as to the redacted portions of document containing non-public product formula information and non-public pricing information at 4, 6–8, 10 at ECF No. 281-1; DENIED as to the rest of the document because Defendants do not request sealing. |
| 274-24 / 275-12 | Ex. W to Flemming Decl. | Entire document. | DENIED because Defendants do not request sealing. |
| 274-25 / 275-13 | Ex. X to Flemming Decl. | Entire document. | GRANTED as containing confidential financial information, the release of which could cause ILLC competitive harm. |
| 274-26 / 275-14 | Ex. Y to Flemming Decl. | Entire document. | GRANTED as containing confidential financial information, the release of which could cause ILLC competitive harm. |

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion at ECF No. 275 is GRANTED IN PART AND DENIED IN PART.
2. The motion at ECF No. 276 is GRANTED.

All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than **September 29, 2025**. The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **September 29, 2025**, unless they are filing a renewed sealing motion for any document in that filing.

**IT IS SO ORDERED.**

Dated: September 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge