KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice*)
ERICA CHANIN (*pro hac vice*)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**PLAINTIFF IMPOSSIBLE FOODS INC.'S STATEMENT IN SUPPORT OF SEALING (DKT. NO. 284)**<br><br>Judge: Hon. Beth Labson Freeman |

Pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c), Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") provides the following statement in support of keeping under seal portions of Defendants'/Counter-Plaintiffs' Motion for Sanctions (Sealed Dkt. No. 284-2, the "Motion") and **Exhibits D, G, H** and **I** (Sealed Dkt. Nos. 284-4, 284-6, 284-7, 284-8) to the Motion for Sanctions. Impossible Foods does not seek to seal Exhibits C, F, and J to the

Motion for Sanctions (Sealed Dkt. Nos. 284-3, 284-5, 284-9).

## I. Legal Standard

In the context of a request to seal court records, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013)).

"The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court." *Calhoun v. Google LLC*, No. 20-cv-05146-YGR (SVK), 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), such as "sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598); *see Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2024 WL 3697042, at *2 (N.D. Cal. Aug. 6, 2024) (citing *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard)).

## II. Discussion

Compelling reasons exist to keep the enumerated Exhibits and portions of Defendants' Motion for Sanctions that quote from or cite these exhibits as they pertain to financial information, including revenue and expenditures, and marketing strategies. "Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'" *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021); *see also In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"). Additionally, documents

that disclose litigation strategy should also be sealed. *See Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.) (granting motion to seal documents that reveal litigation strategy).

Such information reflected in the Exhibits and the Motion are appropriate for sealing even in the context of summary judgment. *See Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, No. 23-cv-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (Freeman, J.) (granting a motion to seal documents detailing "financial terms" in connection with summary judgment briefing); *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023) (Freeman, J.) ("The Court finds that Zazzle has established compelling reasons to seal information that would reveal . . . internal business and financial decision-making strategies.").

Disclosure of the information contained in the Exhibits and cited in the Motion would result in significant harm to Impossible Foods, including, *inter alia*, by exposing valuable insights into Impossible Foods's marketing, financial, and decision-making strategies. Such a disclosure would reveal critical business information to Impossible competitors, vendors, and would-be collaborators and would cause substantial harm to Impossible Foods's relative to its competitors and future business partners. Impossible Foods has narrowly tailored its request to seal these materials, including **Exhibit I** (Sealed Dkt. No. ECF 284-8), which is attached hereto in redacted form to indicate the confidential information requested to remain sealed, as explained in the chart below.

Because information contained in the Exhibits and portions of the Motion relate to Impossible Foods's financial information, marketing strategies, trademark enforcement, and litigation strategies, Impossible Foods requests the Court maintain them under seal as detailed in the below chart. Impossible Foods does not seek to seal Exhibits C, F, and J to the Motion for Sanctions (Sealed Dkt. Nos. 284-3, 284-5, 284-9).

| ECF/Exhibit No. | Document | Portion to Seal | Reasons for Sealing |
|---|---|---|---|
| 284-2 | Ex. 1 to Cashman Sealing Declaration:<br><br>Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon's Notice of Motion and Motion for Rule 11 Sanctions | Highlighted portions at 1:8-10; 3:1-4, 7-9, 11-28; 4:1-2, 4-17, 19-26; 5:1-19, 24-28; 7:16-17, 22-28; 8:1-22, 26-27; 9:1-10, 24-26. | The information contains Impossible Foods's confidential and highly confidential business strategy and financial information and data, including information regarding revenue, expenditures, marketing strategies, and litigation strategies. Public disclosure of this information would result in economic harm and significant competitive disadvantage to Impossible Foods. |
| 284-4 | Ex. 3 to Cashman Sealing Declaration:<br><br>Ex. D - Portions of the transcript of the deposition of John Plumpe, taken on June 25, 2025. | Entire document | The information contains Impossible Foods's highly confidential litigation strategies, including information regarding its approach to expert witnesses and trademark enforcement efforts. Public disclosure of this information would result in economic harm and significant competitive disadvantage to Impossible Foods. |
| 284-6 | Ex. 5 to Cashman Sealing Declaration:<br><br>Ex. G - Portions of the transcript of the deposition of Caitlyn Hatman, taken on April 1, 2025. | Entire document | The information contains Impossible Foods's confidential and highly confidential business strategy, including information regarding trademark enforcement and marketing strategies. Public disclosure of this information would result in economic harm and significant competitive disadvantage to Impossible Foods. |
| 284-8 | Ex. 7 to Cashman Sealing Declaration:<br><br>Ex. I - Letter from Adam S. Cashman to Forrest Flemming III, dated April 11, 2025. | Portions identified below and redacted from the copy attached hereto:<br><br>(1) Page 1, paragraph 1, line 7 beginning at "because" and ending at "IFI's" | |

| ECF/Exhibit No. | Document | Portion to Seal | Reasons for Sealing |
|---|---|---|---|
| | | (2) Pages 2-3, complete excerpt from deposition of Caitlyn Hatman<br><br>(3) Page 3, paragraph 1, last two sentences beginning at line 6 ("IFI's own") through line 9 | |
| 284-7 | Ex. 6 to Cashman Sealing Declaration:<br><br>Ex. H - Portions of the transcript of the deposition of Keaton Schwarz, taken on April 3, 2025. | Entire document | The information contains Impossible Foods's confidential and highly confidential business strategy and financial information and data, including information regarding revenue, expenditures, and sales. Public disclosure of this information would result in economic harm and significant competitive disadvantage to Impossible Foods. |

For the foregoing reasons, Impossible Foods respectfully requests that the Court keep under seal the materials identified in the above table.

DATED: September 19, 2025 By: */s/ Erica C. Chanin*
R. Charles Henn Jr. (*pro hac vice*)
H. Forrest Flemming, III (*pro hac vice*)
Erica C. Chanin (*pro hac vice*)
Kollin Zimmerman (SBN 273092)

*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of such filing to counsel for Defendants Impossible LLC and Joel Runyon.

*/s/ Erica C. Chanin*
Erica C. Chanin