# Exhibit 7 to Cashman Sealing Declaration (ECF 284-8)

Redacted by Impossible Foods to indicate portions requested to remain sealed pursuant to Impossible Foods' Statement in Support of Sealing

# EXHIBIT 7

# EXHIBIT I

BRAUNHAGEY & BORDEN LLP
San Francisco & New York

Adam S. Cashman
cashman@braunhagey.com

April 11, 2025

**VIA EMAIL**

Forrest Flemming, III
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4528
Email: FFlemming@ktslaw.com

**Re: *Impossible Foods Inc. v. Impossible LLC and Joel Runyon,* No. 5:21-cv-02419-BLF (SVK)**

Dear Forrest,

We write regarding Impossible Foods, Inc.'s ("IFI's") claims for trademark infringement, most recently asserted in its Third Amended Complaint ("TAC"). IFI alleges that Impossible LLC's use of the mark IMPOSSIBLE in connection with nutritional supplement products such as sleep and energy powders infringes IFI's trademark rights and registrations for use in connection with plant-based meat alternative products. However, following the recent testimony of IFI's Rule 30(b)(6) witness Caitlyn Hatman, it is clear that IFI's trademark infringement claim is not viable [redacted]. Given that testimony, we request that IFI dismiss these claims before the parties and the Court expend further resources litigating claims and issues that are concededly without merit.

**IFI's Infringement Claim**

In its operative Third Amended Complaint, IFI alleges it has been using IMPOSSIBLE marks in connection with plant-based meat products since at least 2015 and owns several federal trademark registrations for IMPOSSIBLE marks for use as to such products. (TAC ¶ 35.) IFI alleges that Impossible LLC's use of IMPOSSIBLE-formative marks in connection with edible products such as sleep and energy powders "are similar to, and compete with, the edible products offered and sold by" IFI (TAC ¶¶ 36, 37.) Further, IFI alleges that the similarity of marks used in connection with such goods is likely to "cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods and services are offered by Impossible Foods, or are associated or connected with Impossible Foods, or have the sponsorship, endorsement or approval of Impossible Foods." (TAC ¶ 106.) IFI alleges that, unless the court intervenes, the similarity of marks as to Impossible LLC's sleep and energy powders will cause a likelihood of confusion and deception among the members of the trade and public, leading to irreparable harm to IFI's goodwill and reputation. (TAC ¶¶ 107, 108.)

**<u>IFI's Deposition Witness Testimony</u>**

On April 1, 2025, Impossible LLC took the deposition of Caitlyn Hatman, IFI's Rule 30(b)(6) witness on topics including confusion between IFI and Impossible's products and all investigations that IFI had undertaken regarding the same. During the deposition, Ms. Hatman provided the following testimony:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

(4/1/2025 Hatman Dep. Tr. at 297:3 – 299:21.)

**<u>IFI's Infringement Claim is Without Merit</u>**

This testimony by IFI's Rule 30(b)(6) witness fatally undermines IFI's infringement claim. To prevail on its claim, IFI would need to prove, by a preponderance of evidence, that Impossible LLC's nutritional supplement products are likely to cause confusion with IFI's plant-based meat products based on factors including the relatedness of the parties' goods and the similarity of the marks. *See Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053–54 (9th Cir. 1999). It cannot do so. [redacted]

Given this testimony, the right result here is for IFI to voluntarily dismiss its infringement claim before the parties spend even more resources litigating a claim that IFI has conceded (and likely always knew) is without merit. Courts regularly award attorneys' fees under the Lanham Act's "exceptional case" provisions when a party pursues knowingly meritless claims. *See* 15 U.S.C. § 1117(a); *Dropbox, Inc. v. Thru Inc.*, No. 15-CV-01741-EMC, 2017 WL 914273, at *1 (N.D. Cal. Mar. 8, 2017), *aff'd*, 728 F. App'x 717 (9th Cir. 2018) (awarding defendant $2,297,432.09 in fees and costs where plaintiff pursued claims that were "substantively meritless"); *Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*, No. 3:15-CV-04618-WHO, 2017 WL 6059271, at *1 (N.D. Cal. Dec. 7, 2017), *aff'd*, 786 F. App'x 662 (9th Cir. 2019) (awarding defendant $518,817.73 in fees where plaintiff "proceeded to trial […] with zero evidence that it had been harmed in any way"). Other statutes and rules provide similar remedies as well. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 11(b). IFI should therefore dismiss this count now before Impossible LLC incurs further fees defending against a claim that never should have been asserted to begin with.

Please let us know whether IFI agrees to dismiss its claim for trademark infringement by no later than April 17, 2025. In the meantime, Impossible LLC and Mr. Runyon reserve all rights.

Very truly yours,

Adam S. Cashman

cc: All Counsel (via Email)