J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter-Defendant,

v.

IMPOSSIBLE LLC and JOEL RUNYON,

Defendants / Counter-Plaintiffs.

Case No. 5:21-cv-02419-BLF (SVK)

**DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION TO STRIKE/ENLARGE TIME**

**Judge:** Hon. Beth Labson Freeman
**Mag. Judge:** Hon. Susan van Keulen
**Compl. Filed:** April 2, 2021
**Third Am. Compl. Filed:** March 7, 2025

## INTRODUCTION

Impossible Foods Inc.'s "administrative motion to strike" (Dkt. 290) is a facially improper attempt to misuse the Court's local rules and administration motion practice to evade consideration of Impossible LLC's meritorious Rule 11 motion (Dkt. 283). Impossible LLC's Rule 11 motion concerns Impossible Foods' admittedly false allegations regarding Impossible LLC's alleged trademark infringement of Impossible Foods' marks. During her deposition, Impossible Foods' 30(b)(6) corporate representative Caitlyn Hatman testified that "there is no documented confusion" and that Impossible Foods "do[es] not believe there's anything confusing." (Dkt. 283-8.) This testimony *explicitly* contradicted key allegations in Impossible Foods' Third Amended Complaint. And Impossible Foods failed to adduce other evidence corroborating its improper contentions.

After refusing to withdraw those false allegations within the safe harbor period, Impossible Foods has filed an administrative motion asking the Court to improperly "strike" Impossible LLC's requested relief. Such request violates the Federal Rules of Civil Procedure and the Court's Local Rules. *See United States v. $209,815 in U.S. Currency*, No. 3:14-cv-00780-SC, ECF No. 71 (N.D. Cal. Aug. 6, 2014) (Conti, J.) (finding a "motion to strike is not appropriately filed and decided as an administrative motion[,]" and striking the motion); *Zeleny v. Newsom*, 2020 WL 6585793, at *3 (N.D. Cal. Nov. 10, 2020) (Hixson, Mag. J.) ("As [N.D. Cal. Civ. L.R. 7-3(a)] makes clear, a procedural objection to a motion goes in the opposition brief; it's not an alternative to filing one."). For these reasons and as explained below, the Court should deny the motion.

## ARGUMENT

The Court should deny Impossible Foods' motion to strike or enlarge time for two reasons: (i) the motion is procedurally improper in form and relief sought; and (ii) Impossible Foods' attempt to recast Impossible LLC's Rule 11 motion as dispositive fails on its face.

### I. IMPOSSIBLE FOODS' "ADMINISTRATIVE MOTION" CANNOT BE USED TO STRIKE A RULE 11 MOTION

Impossible Foods cannot use Rule 12 or an administrative motion to strike a Rule 11 motion. Under Rule 12(f), courts "may strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).

But "only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). And a motion is not a pleading. *Id*. Thus, Impossible Foods' motion to strike is procedurally improper and should be stricken. *See Van Steenwyk v. Van Steenwyk*, 2025 WL 2238719, at *2 (C.D. Cal. June 16, 2025) (motion to strike sanctions motion was improper).

Asking the Court to strike a motion through an administrative motion is equally improper. Local Rule 7-11 provides that such motions are limited to "administrative matters, ***not otherwise governed by***" a Federal Rule. N.D. Cal. Civ. L.R. 7-11 (emphasis added). Because Rule 12 governs motions to strike, an administrative motion is not a proper vehicle for a motion to strike. *See, e.g.*, *$209,815 in U.S. Currency*, No. 3:14-cv-00780-SC, ECF No. 71 (N.D. Cal. Aug. 6, 2014) (Conti, J.) (striking an administrative motion to strike as "not appropriately filed and decided as an administrative motion"). The appropriate response to a Rule 11 motion for sanctions is an opposition that engages on the merits. "As [N.D. Cal. Civ. L.R. 7-3(a)] makes clear, a procedural objection to a motion goes in the opposition brief; it's not an alternative to filing one." *Zeleny*, at *3. Impossible Foods' motion to strike therefore is procedurally improper and should be denied.

## II. IMPOSSIBLE LLC'S MOTION FOR SANCTIONS IS NOT DISPOSITIVE

### A. Impossible LLC's Rule 11 Motion Complied with the Federal Rules

The Court should deny Impossible Foods' administrative motion to strike or enlarge time as an improper collateral attack on Impossible LLC's Rule 11 motion because it is procedurally baseless, substantively meritless, and ignores the purpose of Rule 11, which is to allow the Court to "determine whether any provisions of subdivision [11](b) have been violated." *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). There is no reason to deviate from that mandate here, as Impossible LLC properly served and moved for Rule 11 sanctions. (*See* Dkt. 283.)

Rule 11 requires that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. Rule 11(c)(2). Rule 11 also requires the moving party to provide "safe harbor" for a non-movant to cure the identified violation before filing the motion—a feature shared only with Rule 37(e)'s safe harbor provision for spoliation sanctions in electronic discovery. *Id.*; *see* Fed. R. Civ. P. 37(e). Once these conditions are met, the moving party may seek sanctions. Impossible LLC's Rule 11

motion satisfies each of these requirements. On August 21, 2025, Impossible LLC served Impossible Foods with a draft Rule 11 motion that identified Impossible Foods' allegations in Paragraphs 37, 40-41, 106-107, 112-113, and 118-119 of its Third Amended Complaint (Dkt. 151) as frivolously made at the time of filing such that they should be withdrawn immediately.

Impossible Foods' allegations that customers are likely to be confused as to the provenance of Impossible Foods' plant-based meat substitutes and Impossible LLC's sleep aid and energy boosting powders were proven false by fact discovery. During discovery, Impossible Foods produced no documents to suggest customers were ever confused or are likely to be confused. Impossible Foods has since testified through a corporate deposition that these two categories of products are ***not*** confusing, that it has never received any indication from any customers that such confusion had even occurred, and that it had suffered no resulting harm from Impossible LLC's presence in the marketplace. Because this testimony revealed Impossible Foods' allegations to be entirely baseless, Impossible LLC asked that the false allegations be withdrawn. Impossible Foods refused.

Impossible Foods now seeks to evade a merits evaluation of Impossible LLC's well-founded Rule 11 motion. But that motion properly seeks to strike specific allegations in Paragraphs 37, 40-41, 106-107, 112-113, and 118-119 of the Third Amended Complaint because those assertions were ***directly contradicted*** by Impossible Foods' Rule 30(b)(6) designees. (Dkt. 283 at 7-9.) For example:

| TAC (Dkt. 151) | Hatman Deposition Testimony (Dkt. 283-8) |
|---|---|
| **Paragraph 40:** "Defendants' use of IMPOSSIBLE-formative marks in connection with the Accused Products is not authorized by Impossible Foods and, on information and belief, is likely to cause consumers to mistakenly associate Defendants and the Accused Products with Impossible Foods."<br><br>**Paragraph 41:** "On information and belief, Defendants' use of IMPOSSIBLE-formative marks in connection with the Accused Products is likely to cause consumers to believe, mistakenly, that Impossible Foods offered, authorized, or approved the Accused Products." | **299:5-300:22**<br>Q. Okay. Impossible Foods is unaware of any time where somebody was actually confused between an Impossible Foods' product and a product offered by Joel Runyon or Impossible LLC, correct?<br>**A. That is correct.**<br>Q. Did you do anything to look into that in order to prepare for your testimony today?<br>**A. I did.**<br>Q. And what did you do to specifically investigate any potential confusion or any actual confusion between the two companies and their products?<br>**A. I looked through – we looked through significant amounts of documentation to not find any confusion**. . . |

| | |
|---|---|
| **Paragraphs 106, 112, 118:** "Defendants' unauthorized use, at the direction of Mr. Runyon, of imitations of Plaintiff's Marks in connection with edible products such as sleep and energy powders is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services are offered by Impossible Foods, or are associated or connected with Impossible Foods, or have the sponsorship, endorsement, or approval of Impossible Foods." | Q. [S]etting aside whether customers are getting confused, do you believe that there's anything confusing to a customer about what Impossible Foods does and what Impossible LLC and Mr. Runyon do? . . .<br>**THE WITNESS: I do no**t . . .<br>Q. You don't believe there's anything confusing; right?<br>**A. I do not believe there's anything confusing, no.** |

As provided in Rule 11, sanctions are necessary to prevent Impossible LLC's further expenditure of resources defending against allegations long disproven by the evidence. (Dkt. 283 at 10.)

**B. Impossible Foods' Efforts to Recast the Rule 11 Motion Must Fail**

Rather than substantively respond to Impossible LLC's Rule 11 motion, Impossible Foods seeks to recast it as an enlargement of Impossible LLC's summary judgment motion. (*See* Dkt. 290 at 1-2.) This argument fails in the face of both the Rule 11 motion and the applicable rules.

First, Impossible Foods' argument that the Rule 11 motion is a "second bite at the [summary judgment] apple" due to overlapping subject matter is misplaced. The motion does not request dispositive relief, and seeks instead to strike specific allegations that Impossible Foods' own corporate testimony proves were frivolous. Even if the allegations themselves are essential to any given claim, that does not make striking them a dispositive act. If that were the case, any Rule 11 motion to strike frivolous allegations in support of a claim could be considered dispositive.

Relatedly, Impossible Foods argues that Impossible LLC should have bundled its Rule 11 motion with its summary judgment motion. *Id.* That is procedurally impossible. Rule 11 specifies that "a motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Unlike motions for summary judgment or for judgment on the pleadings, which can be brought together, sanctions motions have a separate procedure. Impossible LLC could not provide its summary judgment motion 21 days in advance of filing, nor is that required by any rules. Impossible Foods' argument also fails as a practical matter. If courts barred motions for sanctions arising from definitive evidence that likewise arises in summary judgment arguments, as Impossible Foods asserts, litigants would be hamstrung into defending against long disproven allegations well after their non-viability has been established.

The fallacy of Impossible Foods' argument is also clear from the Court's Standing Order because it contemplates distinct filing requirements for sanctions and summary judgment motions. This Court's rules state that Rule 56 motions "shall be 25 pages for the motion or opening brief." Standing Order re Civil Cases, Rule IV.A.1. And "the page limits for all other types of motions and proceedings . . . shall be 10 pages for the motion or opening brief," which specifically mentions "motions for sanctions." *Id.*, Rule IV.A.4. Thus, Impossible LLC's sanctions motion does not enlarge its summary judgment page allotment.

Next, Impossible Foods claims that Impossible LLC's refusal to engage in futile back-and-forth email correspondence after expressing disagreement with Impossible Foods' position somehow signifies a concession. This claim flatly ignores the meet-and-confer record. When Impossible Foods asserted that Impossible LLC's sanctions motion seeks dispositive sanctions, Impossible LLC stated definitively that "we disagree" and reiterated that the motion "specifically request withdrawal of TAC Paragraphs 37, 40-41, 106-107, 112-113, and 118-119," not Impossible Foods' claims. (Benavides Decl., Ex. A.)

Impossible Foods' request to enlarge time also should be denied. Its sole alleged "harm" in timely responding to the Rule 11 motion—allegedly having to rebrief the likelihood of confusion question—does not exist. Rather, as it was told on August 21, 2025, Impossible Foods must explain why it has maintained allegations that its own evidence shows to be false. There is no benefit to waiting until after summary judgment has been decided to answer this question. If anything, it would be more efficient to consider Impossible LLC's motion for sanctions at the same time as the motions for summary judgment. But Impossible LLC is prepared to proceed according to the current hearing schedule.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff/Counter-Defendant's Administrative Motion to Strike Defendants' Motion for Sanctions or Change Time.

Dated: September 19, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: *__/s/ Adam S. Cashman__*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*