# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff,<br><br>v.<br><br>IMPOSSIBLE X LLC, et al.,<br><br>Defendants. | Case No. 21-cv-02419-BLF<br><br>**ORDER REGARDING IMPOSSIBLE FOODS INC.'S AND IMPOSSIBLE LLC'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF Nos. 286, 288] |

Before the Court are two administrative motions:

1. Impossible Foods Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 286.

2. Impossible X LLC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 288.

For the reasons described below, the Court rules as follows: the administrative motion at ECF No. 286 is GRANTED IN PART AND DENIED IN PART, and the administrative motion at ECF No. 288 is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary."  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party.  *Id.*  Any party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

**II.     DISCUSSION**

   **A.     ECF No. 286**

Plaintiff Impossible Foods Inc. ("Plaintiff" or "Impossible Foods") filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  ECF No. 286.  Defendants Impossible LLC and Joel Runyon (collectively, "Defendants" or "ILLC") filed a statement in support of sealing the materials identified in Plaintiff's motion.  ECF No. 295.  Impossible Foods did not submit any response to ILLC's statement in support of sealing.

ILLC asserts that the information it seeks to seal pertains to "its business and financial decision-making strategies."  *Id.* at 2.  Defendants argue that the disclosure of this information

1  would "reveal critical business information" to the public that would cause "substantial harm" to
2  ILLC's competitive standing. *Id.* at 2.

3      As the sealing request relates to a reply in support of a motion for partial summary
4  judgment, which the Court finds is "more than tangentially related to the underlying cause[s] of
5  action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at
6  1099–101.

7      The Court finds that compelling reasons exist to seal the materials ILLC identifies. The
8  "compelling reasons" standard is met for confidential business information that would harm a
9  party's competitive standing if publicly disclosed, including materials discussing "internal
10 business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-04844-
11 BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*, No.
12 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling
13 reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n*
14 *v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019)
15 (finding compelling reasons to seal "information that, if published, may harm . . . competitive
16 standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In*
17 *re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information
18 that might harm a litigant's competitive standing"). The Court also finds that the request is
19 narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

1   The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 285 / 286-2 | Plaintiff's Reply in support of Plaintiff's Motion for Partial Summary Judgment | Highlighted portions at 8:8; 8:10; 9:13–16; 10:17–19; 10:23–11:1, 11:27-12:1. | GRANTED as to the highlighted portions at 8:8, 10, as containing discussions of sensitive business strategy and financial information, the release of which could harm ILLC; DENIED as to the remaining portions because ILLC does not request sealing. |
| 285-2 / 286-3 | Exhibit A to Flemming Declaration | Deposition pages 104:3-106:12. | DENIED because ILLC does not request sealing. |

### B. ECF No. 288

ILLC filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF No. 288. Impossible Foods filed a statement in support of sealing the materials identified in Plaintiff's motion. ECF No. 296. ILLC did not submit any response to Plaintiff's statement in support of sealing.

Impossible Foods asserts that this information pertains to "financial information, marketing strategies, [and] trademark enforcement." *Id.* at 3. Plaintiff argues that public disclosure of this information "would cause substantial harm" to Impossible Foods "relative to its competitors and future business partners" because it would reveal "valuable insights" into its "marketing, financial, and decision-making strategies." *Id.*

As the sealing request relates to a reply in support of a motion for partial summary judgment, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

The Court finds that Plaintiff has established compelling reasons to seal the identified materials. The "compelling reasons" standard is met for confidential business information that

4

would harm a party's competitive standing if publicly disclosed, including materials discussing "internal business and financial decision-making strategies." *See Laatz v. Zazzle, Inc*, No. 22-cv-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 287 / 288-2 | Defendants' Reply in Support of Defendants' Motion for Partial Summary Judgment | Highlighted portions at 2:4-5; 3:3-9; 4:9, 21-22; 5:15-16, 27-28; 6:1, 15-16. | GRANTED as containing discussions of sensitive business strategy and financial information, the release of which could harm Impossible Foods. |

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion at ECF No. 286 is GRANTED IN PART AND DENIED IN PART.
2. The motion at ECF No. 288 is GRANTED.

All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than October 10, 2025. The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by October 10, 2025, unless they are filing a renewed sealing motion for any document in that filing.

**IT IS SO ORDERED.**

Dated: September 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge