1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 IMPOSSIBLE FOODS INC.,

Case No.  5:21-cv-02419-BLF

8 Plaintiff,

9 v.

**ORDER STRIKING DEFENDANTS'
MOTION FOR RULE 11 SANCTIONS**

10 IMPOSSIBLE X LLC, et al.,

[Re:  ECF Nos. 283, 290]

11 Defendants.

12

13         Defendants Impossible LLC and Joel Runyon ("Defendants") filed a motion for Rule 11

14 sanctions.  ECF 283.  Before the Court is Plaintiff Impossible Foods Inc's ("Plaintiff's") motion to

15 strike Defendants' Rule 11 Motion.  *See* ECF 290 ("Mot.").  Defendants filed a brief opposing the

16 motion to strike.  ECF 297 ("Opp.").

17         For the reasons that follow, the Court GRANTS the motion to strike.

18 **I.    BACKGROUND**

19         Plaintiff and Defendants both operate companies selling products under brand names using

20 the word "impossible," for which they have applied for and received federal trademark protection.

21 On April 2, 2021, Plaintiff initiated this action by filing a complaint for declaratory judgment of

22 non-infringement.  ECF 1.  On September 17, 2024, Plaintiff filed a Second Amended Complaint,

23 adding three claims under the Lanham Act and for California common-law unfair competition.

24 ECF 103.  In its answer, Defendants alleged seven counterclaims, also arising under the Lanham

25 Act and California law.  ECF 107.

26         On March 7, 2025, Plaintiff filed a Third Amended Complaint, adding three claims for

27 fraud and abandonment and additional factual allegations regarding Defendants' sales of sleep and

28 energy powders, which it contends cause customer confusion.  ECF 151 ("TAC").  On June 30,

*United States District Court
Northern District of California*

1  2025, the Court issued an amended scheduling order, setting the August 8, 2025, as the last day to

2  file dispositive motions.  On August 8, 2025, both parties moved for partial summary judgment.

3  ECF 259 (Pl.'s Mot. for Partial Summary Judgment); ECF 262 (Defs.' Mot. for Partial Summary

4  Judgment).  On September 12, 2025, Defendants moved for Rule 11 sanctions.  ECF 283.

## II.    DISCUSSION

The instant motion to strike concerns whether Defendants' Rule 11 motion constitutes a
dispositive motion in violation of the Court's Standing Order and in violation of the scheduling
order.  Defendants argue that it does not.  Opp. at 4.  The Court's Standing Order provides: "Each
side is limited to a total of 25 pages for all post-answer dispositive motions, collectively, including
motions for summary judgment and motions for judgment on the pleadings."  Standing Order for
Civil Cases, Rule VI.A.  Defendants have already filed a 25-page motion for partial summary
judgment, and the deadline for filing dispositive motions has passed.

The Court agrees with Plaintiff that Defendant's Rule 11 Motion, which seeks sanction in
the form of "striking . . . allegations" of trademark infringement in the TAC, see ECF 283 at 12, is
self-evidently a dispositive motion.  *See Benedict v. Hewlett-Packard Co.*, No. 13-cv-119-LHK,
2014 WL 233827, at *2 (N.D. Cal. Jan. 21, 2014) (explaining that a party's "Rule 11 motion [was]
a dispositive motion because it [sought] dismissal of . . . counterclaims as a sanction"); *Upek, Inc.
v. Authentec, Inc.*, No. 10-cv-424-JF, 2010 WL 1980189, at *4 (N.D. Cal. May 18, 2010)
(similar).  By filing their Rule 11 motion, Defendants assert the exact same likelihood-of-
confusion evidence and arguments that they asserted in their motion for partial summary
judgment, improperly seeking a second bite of the apple.

This order is made without prejudice to Defendants renewing their request for Rule 11
sanctions if, after trial, it is clear that Plaintiff never had evidence to support the claim at issue.

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion is
GRANTED and Defendants' Rule 11 motion is STRICKEN.

2

Dated:  September 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California