KOLLIN J. ZIMMERMANN (SBN 273092)
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
kzimmermann@ktslaw.com

R. CHARLES HENN JR. (*pro hac vice*)
H. FORREST FLEMMING, III (*pro hac vice)*
ERICA CHANIN (*pro hac vice)*
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6549
Facsimile: (404) 541-3139
chenn@ktslaw.com
fflemming@ktslaw.com
echanin@ktslaw.com

Attorneys for Plaintiff
IMPOSSIBLE FOODS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant<br><br>v.<br><br>IMPOSSIBLE LLC, a Texas limited liability company, and JOEL RUNYON,<br><br>Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**DECLARATION OF H. FORREST FLEMMING, III**<br><br>Judge: Hon. Beth Labson Freeman |

**DECLARATION OF H. FORREST FLEMMING, III IN SUPPORT OF IMPOSSIBLE FOODS INC.'S RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, H. Forrest Flemming, III, declare under penalty of perjury that the following is true and correct:

1. I am a partner at Kilpatrick Townsend & Stockton LLP, which represents Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") in this action. I am a member of the bar of the states of New York and Georgia, and I have been admitted *pro hac vice* in this action and many others in California state and federal courts. I am over the age of twenty-one

and competent to make this declaration based on my personal knowledge. This declaration is being submitted in support of Impossible Foods's opposition to Defendants' Motion for Partial Summary Judgment.

2. On or around December 4, 2024, my firm investigated Impossible LLC's current and prior product offerings, including versions of Impossible LLC's website from archived captures on archive.org. We found no publicly available evidence that Impossible LLC had ever offered sweatshirts, pants, shorts, yoga pants, tights, or underwear at any point.

3. Following the parties' agreed upon March 24, 2025, substantial completion of discovery deadline, my firm completed its review Impossible LLC's documents and found no evidence that Impossible LLC had offered sweatshirts, pants, shorts, yoga pants, tights, or underwear prior to 2024, nor evidence that Impossible LLC had continuously used its IMPOSSIBLE NUTRITION design mark in connection with nutritional supplements for a period of five years.

4. A true and correct copy of Impossible Foods's March 25, 2025 30(b)(6) deposition notice of Impossible LLC and Impossible Foods's deposition notice of Joel Runyon in his individual capacity are collectively attached as **Exhibit A**.

5. On April 10, 2025, counsel for Impossible Foods took the deposition of Joel Runyon as the corporate representative of Impossible LLC for a 30(b)(6) deposition. A highlighted, true and correct copy of cited excerpts from the final transcript of the April 10, 2025 deposition is attached as **Exhibit B**.

6. On May 15, 2025, counsel for Impossible Foods took the deposition of Joel Runyon as the corporate representative of Impossible LLC for a supplemental 30(b)(6) deposition. A highlighted, true and correct copy of cited excerpts from the final transcript of the May 15, 2025 deposition is attached as **Exhibit C**.

7. On August 5, 2025, counsel for Impossible Foods took the deposition of Joel Runyon as the corporate representative of Impossible LLC for a supplemental 30(b)(6) deposition. A highlighted, true and correct copy of cited excerpts from the final transcript of the August 5, 2025

deposition is attached as **Exhibit D**.

8. A true and correct copy of cited excerpts of Impossible LLC's objections and responses to Impossible Foods's First Set of Interrogatories is attached as **Exhibit E**.

9. A true and correct copy of cited excerpts of Impossible Foods's Supplemental Responses to Impossible LLC's Third Set of Interrogatories is attached as **Exhibit F**.

10. A true and correct copy of cited excerpts of Impossible LLC's responses to Impossible Foods's First Set of Requests for Production is attached as **Exhibit G**.

11. A true and correct copy of cited excerpts of Impossible LLC's responses to Impossible Foods's Requests for Admission is attached as **Exhibit H**.

12. A true and correct copy of Impossible LLC's Statement of Use filed with the PTO on April 22, 2025 for Registration No. 5590801 (IMPOSSIBLE FITNESS design mark) is attached as **Exhibit I**.

13. A true and correct copy of Impossible LLC's Statement of Use filed with the PTO on May 6, 2025 for Registration No. 5603025 (IMPOSSIBLE FITNESS word mark) is attached as **Exhibit J**.

14. A true and correct copy of Impossible LLC's Statement of Use filed with the PTO on August 15, 2018 for Registration No. 5590801 (IMPOSSIBLE FITNESS design mark) as produced by Impossible LLC in this litigation bearing Bates No. IMP00093213 is attached as **Exhibit K**.

15. A true and correct copy of Impossible LLC's Statement of Use filed with the PTO on August 15, 2018 for Registration No. 5603025 (IMPOSSIBLE FITNESS word mark) as produced by Impossible LLC in this litigation bearing Bates No. IMP00093307 is attached as **Exhibit L**.

16. A true and correct copy of the courtesy reminder to submit a Section 8 Statement of Use for Registration No. 5387588 (IMPOSSIBLE NUTRITION design mark) as produced by Impossible LLC in this litigation bearing Bates No. IMP00093048 is attached as **Exhibit M**.

17. A true and correct copy of a fulfillment notification for a sale of Impossible Krill Oil from Amazon on September 21, 2021 as produced by Impossible LLC in this litigation bearing Bates No. IMP00004195 is attached as **Exhibit N**.

18. A true and correct copy of the Statement of Use filed on January 15, 2018 for

Registration No. 5620625 (IMPOSSIBLE word mark) as produced by Impossible LLC in this litigation bearing Bates No. IMP00093414 is attached as **Exhibit O**.

19. A true and correct copy of the email chain between Joel Runyon and his attorney regarding the submissions of Statement of Use on August 14, 2018 as produced by Impossible LLC in this litigation bearing Bates No. IMP00107318 is attached as **Exhibit P**.

20. A true and correct copy of the courtesy reminder to submit a Section 8 Statement of Use for Registration No. 5603025 (IMPOSSIBLE FITNESS word mark) as produced by Impossible LLC in this litigation bearing Bates No. IMP00093294 is attached as **Exhibit Q.**

21. A true and correct copy of the courtesy reminder to submit a Section 8 Statement of Use for Registration No. 5590801 (IMPOSSIBLE FITNESS design mark) as produced by Impossible LLC in this litigation bearing Bates No. IMP00093200 is attached as **Exhibit R**.

22. A true and correct copy of an email chain between Joel Runyon and a third-party manufacturer regarding whey protein powder as produced by Impossible LLC in this litigation bearing Bates No. IMP00101776 is attached as **Exhibit S**.

23. A true and correct copy of an email chain between Joel Runyon and a third-party designer regarding labeling and branding for whey protein powder as produced by Impossible LLC in this litigation bearing Bates No. IMP00101802 is attached as **Exhibit T**.

24. A true and correct copy of an email chain between Joel Runyon and a third-party manufacturer regarding protein bars as produced by Impossible LLC in this litigation bearing Bates No. IMP00101814 is attached as **Exhibit U**.

25. A true and correct copy of an email chain between Joel Runyon and a third-party manufacturer regarding whey protein powder as produced by Impossible LLC in this litigation bearing Bates No. IMP00101941 is attached as **Exhibit V**.

26. A true and correct copy of email correspondence sent to Joel Runyon on May 12, 2015 that includes a trademark search report disclosing Impossible Foods's trademark applications as produced by Impossible LLC in this litigation bearing Bates No. IMP00097916 is attached as **Exhibit W**.

27. A true and correct copy of the Impossible LLC's product sales spreadsheets from

2022, 2023, and 2024 as produced by Impossible LLC in this litigation bearing Bates Nos. IMP00107315–17 is attached as **Exhibit X**.

28. A true and correct copy of Impossible LLC's income statement for 2018 produced by Impossible LLC in this litigation bearing Bates No. IMP00059837 is attached as **Exhibit Y**.

29. A true and correct copy capture of impossiblefitness.com as produced by Impossible LLC in this litigation bearing Bates No. IMP00072618 is attached as **Exhibit Z**.

30. A true and correct copy of screenshots from impossible.co/collections/apparel depicting the apparel sales page for Impossible LLC as produced by Impossible LLC in this litigation bearing Bates No. IMP00072402 is attached as **Exhibit AA**.

31. A true and correct copy of the demand letter Impossible LLC sent to Impossible Foods on November 10, 2020 as produced by Impossible Foods in this litigation bearing Bates No. IF00008506 is attached as **Exhibit BB**.

32. A true and correct copy of screenshots of Walmart.com sales page showing Impossible Foods's plant-based products as produced by Impossible Foods in this litigation bearing Bates No. IF00004275 is attached as **Exhibit CC**.

33. A true and correct copy of screenshots of an Amazon.com sales page showing Impossible Foods's plant-based products as produced by Impossible Foods in this litigation bearing Bates No. IF00004567 is attached as **Exhibit DD**.

34. A true and correct copy of screenshots of an ImpossibleFoods.com page showing grocery stores selling Impossible Foods's plant-based products as produced by Impossible Foods in this litigation bearing Bates No. IF0000553 is attached as **Exhibit EE**.

35. A true and correct copy of screenshots of a November 8, 2016 Instagram post by Impossible Foods as produced by Impossible Foods in this litigation bearing Bates No. IF00022148 is attached as **Exhibit FF**.

36. A true and correct copy of screenshots of an Amazon.com sales page showing Impossible Foods's cookbook copyright page as produced by Impossible Foods in this litigation

bearing Bates No. IF00005796 is attached as **Exhibit GG**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2025 in Atlanta, Georgia.

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON**
By: *<u>/s/ H. Forrest Flemming, III</u>*
H. Forrest Flemming, III (*pro hac vice*)
*Attorneys for Plaintiff/Counter-Defendant*
IMPOSSIBLE FOODS INC.