# Flemming Declaration

# Exhibit A

# Filed Under Seal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IMPOSSIBLE FOODS INC., A DELAWARE CORPORATION,
PLAINTIFF/COUNTER-DEFENDANT,

v.

IMPOSSIBLE LLC, A TEXAS LIMITED LIABILITY COMPANY, AND JOEL RUNYON,
DEFENDANTS/COUNTER-PLAINTIFFS.

CASE NO. 5:21-cv-02419-BLF (SVK)

VIDEOTAPED DEPOSITION OF

DR. ROBERT WILLIAM PALMATIER

APPEARING REMOTELY

June 24, 2025

12:00 p.m. (PDT)

Reported by: Eileen Mulvenna, CSR/RMR/CRR/RDR

DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

REMOTE VIDEOTAPED DEPOSITION of DR. ROBERT WILLIAM PALMATIER, Expert Witness in the above-titled action, held on June 24, 2025, commencing at approximately 12:00 p.m., before Eileen Mulvenna, CSR/RMR/CRR/RDR, Certified Shorthand Reporter, Registered Merit Reporter, Certified Realtime Reporter, Registered Diplomate Reporter, and Notary Public of the State of New York.

A P P E A R A N C E S:

R. CHARLIE HENN, JR., ESQUIRE
Attorneys for Plaintiff/Counter-Defendant
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
404.815.6572
chenn@ktslaw.com

J. TOBIAS ROWE, ESQUIRE
FAITH BARKSDALE, ESQUIRE
Attorneys for Defendants/Counter-Plaintiffs
Braunhagey & Borden LLP
747 Front Street, 4th Floor
San Francisco, California 94111
415.599.0210
rowe@braunhagey.com

ALSO PRESENT:
Billy Fahnert, Videographer
Madeline Pelli

THE VIDEOGRAPHER: We are on the record.

This is the remote video deposition of Dr. Robert Palmatier, in the matter of Impossible Foods Inc. versus Impossible LLC, et al., filed in the United States District Court, Northern District of California, San Jose Division.

My name is Billy Fahnert. I am the video technician today. The court reporter is Eileen Mulvenna. We both represent Digital Evidence Group.

Today's date is June 24, 2025.

The time is 9:01 a.m. Pacific Daylight Time.

All parties have stipulated to the witness being duly in remotely.

Will counsel please identify yourselves for the record, and then the witness will be sworn in.

MR. HENN: My name is Charlie Henn with Kirkpatrick Townsend. Also with me

today is my intern, Madeleine Pelli. We're here on behalf of the plaintiff, Impossible Foods.

MR. ROWE: And I'm Toby Rowe, BraunHagey & Borden, LLP, for Impossible LLC. With me today is my colleague, Faith Barksdale.

DR. ROBERT WILLIAM PALMATIER,

having been duly sworn by Eileen Mulvenna, a Notary Public of the State of New York, was examined and testified as follows:

EXAMINATION

BY MR. HENN:

Q. Please state your full name.

A. Robert William Palmatier.

MR. HENN: Billy, will you pull up Tab 1 and mark that as Exhibit 1.

(Exhibit 1, No Bates Numbers, Declaration and Expert Report of Dr. Robert Palmatier, received and marked.)

BY MR. HENN:

Q. Dr. Palmatier, I've marked as

of a potential customer.

BY MR. HENN:

Q. With regard to the incident in paragraph 56 you just identified, there's no evidence, is there, that you're aware of, that this customer, potential customer at the time Texas -- excuse me.

There is no evidence that the potential customer at the Terlinqua International Chili Cookoff had encountered Impossible Foods' T-shirts or cookbooks before this incident; correct?

A. There's nothing saying what caused that negative linkage from this specific case, but this is a case where a negative attribute would potentially damage -- from Impossible Foods would potentially damage one of Impossible LLC's customer. We would call that initial interest confusion.

Q. Right. But that only matters from your perspective with regard to your opinions about what is at issue in the case, if the person was confused or was -- made those associations because of Impossible Foods' distribution of clothing or

cookbooks or recipes; correct?
A. Yeah, you could never -- I could never isolate out -- you know, one of the problems in reverse confusion is you have this kind of more powerful player doing, in this case, widespread marketing, mass marketing.
I realize the cookbook and contingency are one piece of that, but this widespread mass marketing is swamping the smaller player, in this case Impossible LLC, in their -- in two segments where they assert they have prior trademark.
Q. With regard to any of your opinions concerning brand harm, including the one regarding reverse confusion, were you ever able to isolate the impact conclusively of Impossible Foods' distribution of clothing, cookbooks, or recipes?
MR. ROWE: Objection, vague.
THE WITNESS: Yeah, that would be a very difficult exercise to isolate. Consumers may have multiple impressions on how you would say what's the impact of this one -- all of them. That was beyond the

scope of what I was asked to do, and I did
not do that.
BY MR. HENN:
Q. I want to get back to corrective advertising and the multiplier effect -- or the multiple that you proposed before we break again.
If we go back to page 43, where we have the footnotes. I'd like to walk through some of these articles and make sure we're reading them the same way. So I'm going to start with Footnote 117, where you cite to Mizerski. And you cite to Mizerski in multiple places in this report.
MR. HENN: Let's pull up Tab 2, and make that Exhibit 2.
(Exhibit 2, No Bates Numbers, Mizerski Article, received and marked.)
MR. HENN: If you'll turn to page 2, Billy.
MR. ROWE: I'm not seeing it there yet.
BY MR. HENN:
Q. Dr. Palmatier, do you recognize this