G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/ Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff, <br><br> vs. <br><br> IMPOSSIBLE X LLC, et al., <br><br> Defendants. | Case No. 5:21-cv-02419 BLF <br><br> **IMPOSSIBLE FOODS' MOTION IN LIMINE NUMBER 2 TO EXCLUDE THE REPORT AND TESTIMONY OF DR. ROBERT PALMATIER** <br><br> Judge: Hon. Beth L. Freeman <br> Final Pretrial Hearing: February 12, 2026 <br> Time: 1:30 p.m. <br> Location: Courtroom 1, 5th Floor, San Jose <br><br> Magistrate Judge Susan van Keulen |

## NOTICE OF MOTION IN LIMINE NUMBER 2

**PLEASE TAKE NOTICE** that on February 12, 2026, at 1:30 p.m., in Courtroom 1 of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") will and hereby does move this Court, pursuant to Federal Rule of Evidence 702, to exclude portions of the report, as well as related testimony, of Defendants/Counter-Plaintiffs Joel Runyon and Impossible X LLC's (collectively, "Impossible X") expert witness, Dr. Robert Palmatier. In particular, Impossible Foods moves to exclude Dr. Palmatier's opinions regarding the proper method for calculating corrective advertising damages. The Motion is made on the grounds that the Dr. Palmatier's corrective advertising opinions do not meet the "reliability" and "helpfulness" requirements of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579 (1993).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and any such additional matters and oral argument as may be offered in support of the Motion.

DATED: January 29, 2026				DAVIS WRIGHT TREMAINE LLP

						By: */s/ G. Roxanne Elings*
						        G. Roxanne Elings

						Attorneys for Plaintiff/Counter-Defendant
						IMPOSSIBLE FOODS INC.

1

## I.  INTRODUCTION

Defendants/Counter-Plaintiffs Joel Runyon and Impossible X LLC (collectively, "Impossible X") intend to present to the jury the report and testimony of Dr. Robert Palmatier. As relevant here, Dr. Palmatier opines that, "███████████████████████████████████████████████████████████████████████████████████████████████████████████" *See* concurrently-filed Declaration of Sarah E. Burns ("Burns Decl.") Ex. 3, Report of Dr. Robert Palmatier ("Palmatier Report") at 6 ¶ 6, 45 ¶ 78. Dr. Jennifer Vanderhart, who is Impossible X's damages valuation expert, relies on Dr. Palmatier's opinion in determining that Impossible X is entitled to between ███████████████ in prospective advertising damages, i.e., █████████████████████████████████████████████████[1]

But Dr. Palmatier's multiplier opinion is based on a single, irrelevant study. And, as Dr. Palmatier acknowledged in deposition, the study was about the number of impressions necessary to correct a mistaken brand association, not the amount of advertising money necessary to do so. The Court should exclude Dr. Palmatier's multiplier opinion because it is unreliable and unhelpful.

## II.  LEGAL STANDARD

District courts are the gatekeepers of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Rules of Evidence require trial judges to ensure that expert testimony rests on a reliable foundation and is relevant to the issues presented. *Id*. at 597. The proponent bears the burden of establishing admissibility by a preponderance of the evidence.

Rule 702 requires that expert testimony be based on sufficient facts and reflect a reliable application of sound principles. In December 2023, Rule 702 was amended to clarify that courts

---

[1] Impossible Foods is separately moving to exclude Dr. Vanderhart's opinion, both because it relies on Dr. Palmatier's, and for additional reasons. See *Impossible* Foods' Motion in Limine Number 1.

must assess reliability as a matter of admissibility, and that the proponent must demonstrate that "it is more likely than not" that the expert's opinion satisfies the rule. Fed. R. Evid. 702. As the Advisory Committee explained, treating foundational flaws as issues of weight rather than admissibility is an incorrect application of Rules 702 and 104(a). Fed. R. Evid. 702, advisory committee note 1 to 2023 amendment.

Rule 702 reflects "the twin concerns" of "reliability" and "helpfulness," and exclusion is appropriate where expert testimony falls on either ground. *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007). Dr. Palmatier's multiplier opinion fails both requirements.

### III. DR. PALMATIER'S USE OF A THREE TO FIVE MULTIPLIER IS UNSUPPORTED

Dr. Palmatier opines that Impossible X "███████████████████████████████████████████████████████." Palmatier Report at 45 ¶ 78. Dr. Palmatier's report relies on a single academic paper for this opinion: a decades old study involving college students and radio advertising for mouthwash finding that three corrective impressions were required to correct one misimpression. *Id.* at 43-44 ¶ 75 & n.117; Palmatier Dep. 93:5-15. But as Dr. Palmatier acknowledged, that report looked at "█████████████████████████████████████████," not the cost of corrective advertising. Burns Decl. Ex. 4 ("Palmatier Dep.") at 77:2-12. The analytical leap from that study to a three to five multiplier applied to Impossible Foods' "spend" is too great. "There is simply too great an analytical gap between the data and the opinion proffered." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). *See also ProTradeNet, LLC v. Predictive Profiles, Inc.*, 2019 WL 6499488, at *2 (W.D. Tex. Oct. 11, 2019) ("unsound methods and unjustified extrapolations from existing data" can be sufficient to exclude an expert). Dr. Palmatier also made no effort to analyze what a corrective advertising plan would look like in these circumstances. Palmatier Dep. at 71:5-73:16. For example, he did not consider the time frame considered for such a campaign, the content of such a campaign, or what channels it would use. *Id.* at 71:5-73:16. Dr. Palmatier likewise could not explain why product production costs were an appropriate proxy for advertising impressions. Palmatier Dep. at 83:9-84:18. He also was

not aware of any published studies supporting his theory with regard to the cost of the advertising that led to the negative impressions as opposed to the number of exposures." 93:16-95:14.

The multiplier is also wildly out of sync with what courts have found reasonable. Many courts, including the Ninth Circuit, frequently apply an FTC-based approach requiring one-quarter of the infringing advertising budget for corrective advertising, *i.e*, at best, one-twelfth of what Dr. Palmatier suggests. *See e.g.*, *Adray*, 76 F.3d at 989 n.2; *Zazu Designs*, 979 F.2d at 506 (7th Cir.1992); *West Des Moines State Bank v. Hawkeye Bancorporation*, 722 F.2d 411, 414 (8th Cir.1983); and *Big O Tire Dealers, Inc.*, 561 F.2d at 1374. Where higher multipliers are used, they are tied to the cost of impressions. *See PODS Enters., LLC v. U-Haul Int'l, Inc.*, 126 F. Supp. 3d 1263, 1283–84 (M.D. Fla. 2015) (finding proper expert opinion that that it "took about 28 cents to create an impression," multiplying that by the number of misimpressions, and then applying a 3x multiplier).

## IV.   CONCLUSION

Dr. Palmatier's multiplier opinion is methodologically flawed, and disconnected from any measure of harm to Impossible X's trademark. Impossible X has not met its burden under Rule 702. Impossible Foods respectfully requests that the Court exclude Dr. Palmatier's report and testimony with respect to the multiplier.

DATED: January 29, 2026                    DAVIS WRIGHT TREMAINE LLP

                                                       By: */s/ G. Roxanne Elings*
                                                                 G. Roxanne Elings

                                                  Attorneys for Plaintiff/Counter-Defendant
                                                  IMPOSSIBLE FOODS INC.