G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/ Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>IMPOSSIBLE X LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 5:21-cv-02419 BLF<br><br>**IMPOSSIBLE FOODS' MOTION IN LIMINE NUMBER 3 FOR AN ORDER EXCLUDING TESTIMONY, EVIDENCE, AND ARGUMENT IN SUPPORT OF IMPOSSIBLE X'S CLAIM FOR CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**<br><br>Judge: Hon. Beth L. Freeman<br>Final Pretrial Hearing: February 12, 2026<br>Time: 1:30 p.m.<br>Location: Courtroom 1, 5th Floor, San Jose<br><br>Magistrate Judge Susan van Keulen |

# NOTICE OF MOTION IN LIMINE NUMBER 3

**PLEASE TAKE NOTICE** that on February 12, 2026, at 1:30 p.m., in Courtroom 1 of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") will and hereby does move for an order *in limine* prohibiting Defendants/Counter-Plaintiffs Joel Runyon and Impossible X LLC (collectively, "Impossible X") and its attorneys and witnesses from mentioning, referring to, introducing, or attempting to introduce any evidence in support of their Fifth Claim for Relief, for "Common Law Trademark Infringement Under California Law." Dkt. 83 ¶¶ 84-86.

This Motion is made on the grounds that Impossible X is judicially estopped from arguing it has legally sufficient market penetration required to prove California common law infringement because it argued—and this Court accepted—that it lacked contacts with California sufficient to establish personal jurisdiction.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and any such additional matters and oral argument as may be offered in support of the Motion.

DATED: January 29, 2026                    DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

## I. INTRODUCTION

In addition to their claims under the Lanham Act, Defendants/Counter-Plaintiffs Joel Runyon and Impossible X LLC (collectively, "Impossible X"), intend to ask the jury to find that Impossible Foods Inc. ("Impossible Foods") infringed trademarks they purportedly own under California common law. Such a claim requires Impossible X to prove the strength of its mark in California. But Impossible X successfully argued to this Court that Impossible LLC "has no meaningful ties to California" Dkt. 11 at 14. It further argued that it "does not particularly target California" and that it "does not offer products or services specifically directed to California or its residents" nor "tailor advertising to California or its residents." Dkt. 11-1 § 14. The Court accepted those arguments, and dismissed Impossible Foods' initial complaint on personal jurisdiction grounds. Dkt. 50. When the case went up on appeal to the Ninth Circuit, Impossible X doubled down, arguing it had no "substantial connections to California," "does not specifically target California," and "does not tailor advertising to California." Answering Brief of Impossible X LLC at 18, *Impossible Foods Inc. v. Impossible X LLC*, Case No. 21-16977 (9th Cir. 2022).

## II. LEGAL STANDARD

Judicial estoppel "is an equitable defense that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel considers three factors: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 782-83. The factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. " *Id.* at 783. One goal of judicial estoppel is to "protect against a litigant playing fast and loose with the courts," *id.* at 782, and the Ninth Circuit also "examines whether the party to be

estopped acted inadvertently or with any degree of intent." *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1164 (C.D. Cal. 2008).

### III.  ARGUMENT

The Court should find that judicial estoppel applies here to bar Impossible X from asserting its California common law infringement claim. Impossible X successfully persuaded this Court that it was not subject to personal jurisdiction in California. It argued it has "has no meaningful ties to California," Dkt. 11 at 14, "does not particularly target California," and "does not offer products or services specifically directed to California or its residents" nor "tailor advertising to California or its residents." Dkt. 11-1 § 14. The Court accepted those arguments, and dismissed Impossible Foods' initial complaint for lack of personal jurisdiction. Dkt. 50.

Now, in order to support its claim for California common law infringement, Dkt. 83 ¶¶ 84-86, Impossible X will argue (and did argue on summary judgment), that "(1) it is the senior user of the mark, and (2) it has established legally sufficient market penetration," each in California. *Optimal Pets, Inc. v. Nutri-Vet, LLC*, 877 F. Supp. 2d 953, 959 (C.D. Cal. 2012); *see also Dept. of Parks & Rec. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1126 (9th Cir. 2006) ("Registration under the Lanham Act has no effect on the registrant's rights under the common law . . . ."). It will also have to show that the use of the relevant marks was "continuous and not interrupted." *Dept of Parks & Rec.*, 448 F.3d at 1126. Those positions are "clearly inconsistent" with its earlier position. This Court found that "the evidence shows that IX did not specifically target its business to California." Dkt. 50 at 11.

Judicial estoppel's goal of preventing a litigant from "playing fast and loose with the courts," *Hamilton*, 270 F.3d 782, also would be served by finding the doctrine applies here. Impossible X has no credible argument that it "acted inadvertently." *Milton H. Greene Archives, Inc.*, 568 F. Supp. 2d at 1164. Either it had a substantial business in California or it did not.

3

That the order granting Impossible X's motion to dismiss was ultimately reversed by the Ninth Circuit[1] does not preclude application of the doctrine. "A reversal need not affect the application of judicial estoppel." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004). "The reason lies in the purpose of the doctrine…to protect the integrity of the judicial process." *Id.* Thus, in *Carnegie*, the defendant in a class action urged the district court to approve a settlement class, which the district court did. The Seventh Circuit reversed, and on remand, defendant urged the district court to *deny* the settlement class. The Court found that judicial estoppel barred this change of position despite the reversal. "The antifraud policy that animates the doctrine is fully engaged when a party obtains a judgment on a ground that it later repudiates, even if his opponent, the loser in that first case, is able, obviously at some expense to itself but also placing a demand on judicial resources, to get the judgment reversed." *Id.*

The same is true here. Though Impossible Foods prevailed at the Ninth Circuit, Impossible X secured the benefit of a year's long delay and additional expense to Impossible Foods. *See also U.S. Philips Corp. v. Sears Roebuck & Co.,* 55 F.3d 592, 597 (Fed.Cir.1995) (applying judicial estoppel to party who took a position in the first case when that case was reversed on different grounds and who took an inconsistent position in a subsequent case).

### IV.   CONCLUSION

Impossible Foods respectfully requests that the prohibit Impossible X and its attorneys and witnesses from mentioning, referring to, introducing, or attempting to introduce any evidence in support of their Fifth Claim for Relief, for "Common Law Trademark Infringement Under California Law." Dkt. 83 ¶¶ 84-86.

---

[1] When the case went up on appeal to the Ninth Circuit, Impossible X maintained that it was not subject to personal jurisdiction in California, arguing it had no "substantial connections to California," "does not specifically target California," and "does not tailor advertising to California." Answering Brief of Impossible X LLC at 18, *Impossible Foods Inc. v. Impossible X LLC*, Case No. 21-16977 (9th Cir. 2022).

| | | |
|---|---|---|
| 1 | DATED: January 29, 2026 | DAVIS WRIGHT TREMAINE LLP |
| 2 | | |
| 3 | | By: */s/ G. Roxanne Elings* <br> G. Roxanne Elings |
| 4 | | Attorneys for Plaintiff/Counter-Defendant <br> IMPOSSIBLE FOODS INC. |

5

IMPOSSIBLE FOODS' MOTION IN LIMINE NUMBER 3
CASE NO. 5:21-CV-02419-BLF (SVK)