J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
    cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
    gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
    omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
 Telephone: (415) 599-0210


Marissa R. Benavides (*pro hac vice* admission)
    benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Defendants / Counter-Plaintiffs*
*Impossible LLC and Joel Runyon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>    Plaintiff / Counter-Defendant,<br><br>    v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>    Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**DEFENDANTS/COUNTER-PLAINTIFFS IMPOSSIBLE LLC AND JOEL RUNYON'S MOTION IN LIMINE NO. 2 TO EXCLUDE EITHER PARTY FROM INTRODUCING EVIDENCE OF DISCOVERY DISPUTES TO THE JURY**<br><br>**Judge:**  Hon. Beth Labson Freeman<br>**Conference Date:** February 12, 2026<br>**Conference Time:** 1:30 p.m. |

1    Defendants/Counter-Plaintiffs Impossible LLC and Joel Runyon (collectively "Impossible LLC") respectfully move *in limine* to exclude either party from introducing evidence or referring to discovery disputes in the presence of the jury.

Rule 401 of the Federal Rules of Evidence limits relevant evidence to that which "has any tendency to make a fact more or less probable than it would be without the evidence" and that "the fact is of consequence in determining the action." While the trial court has substantial discretion in determining the evidence to be admitted, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also U.S. v. Cabrera*, 222 F.3d 590, 596 (9th Cir. 2000) (citing Fed. R. Evid. 401, 402). Although the discovery process and related disputes led to the production of certain categories of evidence, the procedural mechanisms by which that evidence entered the case have no bearing on the issues the jury must decide. Even if one party could articulate the relevance in a particular discovery dispute, such evidence should still be excluded when "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" in presenting it. Fed. R. Evid. 403.

For these reasons, courts in this District routinely grant motions *in limine* to exclude evidence regarding past discovery disputes as irrelevant. *See, e.g.*, *Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, No. C 08-04990-JW, 2012 WL 2339762, at *2 (N.D. Cal. June 7, 2012) ("Evidence of the parties' discovery disputes are not relevant to the questions of patent validity or infringement, and thus should not be presented to the jury."); *Van v. Language Line Servs., Inc.*, No. 14-CV-03791-LHK, 2016 WL 3566980, at *4 (N.D. Cal. June 30, 2016) (citing Fed. R. Evid. 401, 403) (holding that the discovery "disputes identified by Plaintiff do not bear on the merits of Plaintiff's claims for unpaid overtime compensation, meal and rest period violations, and inaccurate wage statements. Thus, the disputes are not relevant."); *Snyder v. Bank of Am., N.A.*, No. 15-CV-04228-KAW, 2020 WL 6462400, at *11 (N.D. Cal. Nov. 3, 2020) (granting motion in limine because "there does not appear to be any proper purpose for introducing this discovery dispute [because] it does not go to the merits of the case").

1    Here, as in other complex litigations with multiple claims and counterclaims, this matter has
2    involved multiple discovery disputes and motions. Both sides have sought the Court's intervention
3    to compel or issue a protective order precluding certain discovery. Both sides have won some
4    discovery disputes and lost others. But allowing either party to present this history to the jury
5    would be needlessly confusing, while offering no probative value. It is also likely to cause undue
6    prejudice, as jurors may infer that judicial resolution of a discovery motion against a party suggests
7    something unfavorable about that party's position on the merits of the case. Moreover, the
8    presentation of discovery disputes will assuredly result in a waste of time because the other party
9    will be forced to explain its side of the discovery dispute or counterbalance any prejudice by
10   introducing other evidence of other discovery rulings rendered in its favor. *See Van*, 2016 WL
11   3566980, at *4 (concluding "that evidence regarding discovery disputes, discovery negotiations,
12   [and] claims of privilege, . . . must be excluded under Federal Rule of Evidence 403" because of
13   "[t]he risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time
14   substantially outweighs any minimal to non-existent probative value of this evidence").

15   As part of the pre-trial meet and confer, Impossible Foods suggested that it should be
16   permitted to present evidence or otherwise argue to the jury that Judge van Keulen had made
17   certain findings regarding Mr. Runyon's alleged fraud on the PTO in resolving a discovery dispute.
18   Indeed, Impossible Foods has included Judge van Keulen's Order (Dkt. 240) on its exhibit list as
19   Exhibit 1219. But allowing Impossible Foods to do so would unfairly prejudice Impossible LLC
20   for several reasons.

21   *First*, Judge van Keulen expressly stated that the Order was not a merits determination and
22   was not intended to "decide whether [Impossible Foods] will ultimately prevail on its fraud claim."
23   Dkt. 240 at 4. Moreover, Judge van Keulen noted the distinction between its discovery Order and
24   Impossible Foods's burden at trial by recognizing "while **the ultimate merits of a claim for fraud**
25   **on the PTO must be established by clear and convincing evidence**, at this stage **the Court need**
26   **only determine whether there is a *prima facie* case** that Mr. Runyon was engaged in fraud on the
27   PTO." Dkt. 240 at 3 (emphasis added). The ruling was therefore rendered under a different and
28

more lenient standard than the one applicable to trial and would introduce unnecessary confusion by requiring Impossible LLC to spend valuable trial time disambiguating those concepts.

*Second*, Impossible Foods need not reference Judge van Keulen's Order because Impossible LLC has produced the underlying email that was compelled because of its discovery motion. Thus, there is no need to refer to the Order compelling its production or to explain why the exhibit is missing when Impossible Foods can introduce the document and argue its contents to the jury.

*Finally*, testimony or evidence regarding the Court's ruling will be highly prejudicial to Mr. Runyon and Impossible LLC because it is likely to create a perception that the Court has already validated Impossible Foods's fraud defense. Such an unfounded perception would deny Impossible LLC the right to have this defense determined by a jury. *See Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2022 WL 254348, at *9 (N.D. Cal. Jan. 27, 2022) (granting a motion in limine to exclude evidence regarding discovery disputes because of "[a]llowing the parties to provide dueling extrinsic evidence, testimony, and argument about whether [a party] did or did not comply with GCP retention guidelines would create a danger of misleading the jury, wasting time, and confusing the issues that would substantially outweigh any probative value.").

For the foregoing reasons, the Court should preclude either party from introducing evidence of or referring to discovery disputes in the presence of the jury.

Dated: January 29, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ *Adam S. Cashman*
Adam S. Cashman

*Attorneys for Defendants / Counter-Plaintiffs Impossible LLC and Joel Runyon*