G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/ Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>     Plaintiff,<br><br> vs.<br><br>IMPOSSIBLE X LLC, et al.,<br><br>     Defendants. | Case No. 5:21-cv-02419 BLF<br><br>**IMPOSSIBLE FOODS'[PROPOSED] VERDICT FORM**<br><br> Judge: Hon. Beth L. Freeman |

    Pursuant to the Court's Standing Order Re Civil Jury Trials, Plaintiff and Counterclaim-Defendant Impossible Foods Inc. ("Impossible Foods") provides the following proposed Verdict Form.

1

# VERDICT FORM

We, the jury impaneled in this case, answer the questions submitted to us as follows.

Each question must be answered as instructed.

You must consider each trademark registration separately and, where indicated, each category of goods or services separately.

## PART I

### Fraud in Procurement of Federal Trademark Registrations

### (Impossible Foods' Claims for Cancellation)

Impossible Foods bears the burden of proving fraud by clear and convincing evidence.

If you answer "Yes" for any registration below, that registration is unenforceable in its entirety, and you must not consider that registration for any later questions.

**Registration No. 5387588**

IMPOSSIBLE NUTRITION (stylized)

1. Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC made a false statement of material fact to the USPTO in connection with this registration, knowing the statement was false and intending to deceive the USPTO?

    Yes ___ No ___

If "Yes," do not answer any further questions for Registration No. 5387588.

If "No," proceed to Part II for this registration.

**Registration No. 5590801**

IMPOSSIBLE FITNESS (stylized)

2. Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC made a false statement of material fact to the USPTO in connection with this registration, knowing the statement was false and intending to deceive the USPTO?

    Yes ___ No ___

If "Yes," do not answer any further questions for Registration No. 5590801.

If "No," proceed to Part II for this registration.

**Registration No. 5603025**

IMPOSSIBLE FITNESS (word)

3. Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC made a false statement of material fact to the USPTO in connection with this registration, knowing the statement was false and intending to deceive the USPTO?

    Yes ___ No ___

If "Yes," do not answer any further questions for Registration No. 5603025.

If "No," proceed to Part II for this registration.

**Registration No. 5620625**

IMPOSSIBLE (word)

4. Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC made a false statement of material fact to the USPTO in connection with this registration, knowing the statement was false and intending to deceive the USPTO?

    Yes ___ No ___

If "Yes," do not answer any further questions for Registration No. 5620625.

If "No," proceed to Part III for this registration.

**Registration No. 6571603**

IMPOSSIBLE (animated)

5. Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC made a false statement of material fact to the USPTO in connection with this registration, knowing the statement was false and intending to deceive the USPTO?

    Yes ___ No ___

If "Yes," do not answer any further questions for Registration No. 6571603.

If "No," proceed to Part II for this registration.

## PART II

Abandonment

(Impossible Foods' Claims for Cancellation)

These questions apply only to the following registrations, and only to the goods identified below:

- Registration Nos. 5590801, 5603025, and 6571603

Impossible Foods bears the burden of proving abandonment by a preponderance of the evidence. Abandonment applies only to the goods for which you answer "Yes" to both nonuse and intent not to resume use.

**Registration No. 5590801**

IMPOSSIBLE FITNESS (stylized)

    T-shirts

    6(a). Did Impossible Foods prove that Impossible LLC discontinued use of the mark in connection with t-shirts?

    Yes ___ No ___

    6(b). Did Impossible Foods prove that Impossible LLC intended not to resume use of the mark in connection with t-shirts?

    Yes ___ No ___

    Other apparel

    (sweatshirts, pants, shorts, tank tops, yoga pants, tights, underwear)

    7(a). Did Impossible Foods prove that Impossible LLC discontinued use of the mark in connection with these goods?

    Yes ___ No ___

    7(b). Did Impossible Foods prove that Impossible LLC intended not to resume use of the mark in connection with these goods?

    Yes ___ No ___

**Registration No. 5603025**

IMPOSSIBLE FITNESS (word)

    8(a). Did Impossible Foods prove that Impossible LLC discontinued use of the mark in connection with t-shirts?

    Yes ___ No ___

    8(b). Did Impossible Foods prove that Impossible LLC intended not to resume use of the mark in connection with t-shirts?

Yes ___ No ___

Other apparel

(sweatshirts, pants, shorts, tank tops, yoga pants, tights, underwear)

9(a). Did Impossible Foods prove that Impossible LLC discontinued use of the mark in connection with these goods?

Yes ___ No ___

9(b). Did Impossible Foods prove that Impossible LLC intended not to resume use of the mark in connection with these goods?

Yes ___ No ___

**Registration No. 6571603**

IMPOSSIBLE (animated)

10(a). Did Impossible Foods prove that Impossible LLC discontinued use of the mark in connection with t-shirts?

Yes ___ No ___

10(b). Did Impossible Foods prove that Impossible LLC intended not to resume use of the mark in connection with t-shirts?

Yes ___ No ___

Other apparel

(sweatshirts, pants, shorts, tank tops, yoga pants, tights, underwear)

11(a). Did Impossible Foods prove that Impossible LLC discontinued use of the mark in connection with these goods?

Yes ___ No ___

11(b). Did Impossible Foods prove that Impossible LLC intended not to resume use of the mark in connection with these goods?

Yes ___ No ___

For any category where you answered "Yes" to both (a) and (b), the mark is abandoned only for that category.

# PART III

**Trademark Infringement – Federal Law (15 U.S.C. §§ 1114 and 1125(a))**

**(Impossible LLC's Counterclaims)**

These questions concern Impossible LLC's claims for trademark infringement, unfair competition, and false association seeking legal relief.

Impossible LLC bears the burden of proof by a preponderance of the evidence.

You must consider only registrations and goods or services that you have not found unenforceable due to fraud and have not found abandoned.

The following Impossible LLC trademark registrations are not challenged in this case for fraud or abandonment and remain valid and enforceable for purposes of these questions:

- Registration No. 4260617 – IMPOSSIBLE (stylized)

  Clothing, namely shirts, t-shirts, and tank tops; and providing a website featuring information in the field of personal fitness, endurance athletics, storytelling, and adventure activities

- Registration No. 4624158 – IMPOSSIBLE FITNESS

  Website featuring information relating to exercise and fitness

- Registration No. 5155646 – IMPOSSIBLE X

  Search engine optimization and marketing services; marketing consulting in the field of social media

- Registration No. 5179974 – IMPOSSIBLE HQ

  Providing a website featuring information relating to exercise and fitness

A. Apparel

12. Did Impossible LLC prove that Impossible Foods used an IMPOSSIBLE-formative mark in commerce, without authorization, in connection with apparel covered by Registration No. 4260617 and/or any other apparel goods not found unenforceable or abandoned?

Yes ___ No ___

If "No," skip to Section B.

13. Did Impossible LLC prove that Impossible Foods' use of an IMPOSSIBLE-formative mark in connection with such apparel was likely to cause confusion as to source, sponsorship, affiliation, or approval?

Yes ___ No ___

B. Nutrition and Recipe Information

(Common-Law Trademark Rights Only)

These questions concern Impossible LLC's claims that Impossible Foods used an IMPOSSIBLE-formative mark in connection with nutrition and recipe information, including cookbooks, recipes, and online recipe or cooking information.

Impossible LLC does not claim ownership of a federal trademark registration covering nutrition or recipe information. These claims are based solely on alleged common-law trademark rights. Impossible LLC bears the burden of proof by a preponderance of the evidence.

14. Did Impossible LLC prove that, before Impossible Foods began the uses at issue, Impossible LLC had established valid common law trademark rights in the IMPOSSIBLE mark in connection with nutrition or recipe information, including cookbooks, recipes, online recipe or cooking information?

Yes ___ No ___

If "No," skip questions 11 and 12 and proceed to Section C.

15. Did Impossible LLC prove that Impossible Foods used an IMPOSSIBLE-formative mark in commerce, without authorization, in connection with nutrition or recipe information, including cookbooks, recipes, or online recipe or cooking information?

Yes ___ No ___

16. Did Impossible LLC prove that Impossible Foods' use of an IMPOSSIBLE-formative mark in connection with nutrition or recipe information was likely to cause confusion among ordinary consumers as to source, sponsorship, affiliation, or approval?

Yes___ No ___

# PART IV

## Denial of Trademark Registration

## (Application Serial No. 88855875)

17. Did Impossible LLC prove that registration of Trademark Application Serial No. 88855875 for recipe and cooking information services would likely cause confusion with Impossible LLC's valid trademark rights?

Yes ___ No ___

# PART V

## California Common Law Trademark Infringement

Answer the following question only if you found liability in favor of Impossible LLC on any trademark infringement or unfair competition claim in Parts III or IV.

Impossible LLC bears the burden of proof by a preponderance of the evidence.

18. Did Impossible LLC prove, by a preponderance of the evidence, that it used the IMPOSSIBLE mark in California in connection with either of the following categories of products?

_____ Apparel

_____ Cookbooks

If you did not check either category, skip Questions 19 through 21 and proceed to Part VI.

19. Did Impossible LLC prove, by a preponderance of the evidence, that it used the IMPOSSIBLE mark in California before Impossible Foods did in connection with either of the following categories of products?

_____ Apparel

_____ Cookbooks

If you did not check either category, skip Questions 20 and 21 and proceed to Part VI.

20. Did Impossible LLC prove, by a preponderance of the evidence, that it has maintained continuous use of the IMPOSSIBLE mark in California, without interruption, since a time before Impossible Foods began using the mark in connection with either of the following categories of products?

8

_____ Apparel

_____ Cookbooks

If you did not check either category, skip Question 21 and proceed to Part VI.

21. Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods' use of the IMPOSSIBLE mark is likely to cause confusion among ordinary consumers as to source, sponsorship, affiliation, or approval with respect to either of the following categories of products?

_____ Apparel

_____ Cookbooks

Proceed to Part VI.

# PART VI

California Unfair Competition

(Cal. Bus. & Prof. Code § 17200)

Answer the following question only if you found liability in favor of Impossible LLC on any trademark infringement or unfair competition claim in Parts III or V.

Impossible LLC bears the burden of proof by a preponderance of the evidence.

22. Did Impossible LLC prove that it lost money or property as a result of Impossible Foods' conduct?

Yes _____

No _____

Any relief under California Business & Professions Code § 17200, including restitution or injunctive relief, will be decided by the Court.

# PART VII

Damages

(Impossible LLC's Counterclaims Only)

Answer this Part only if you found liability in Part III in favor of Impossible LLC.

Impossible LLC bears the burden of proving damage by a preponderance of the evidence.

A. Disgorgement of Profits/Actual Monetary Damages

9

1. Did Impossible LLC prove that it suffered actual, non-speculative monetary damages, or that Impossible Foods earned net profits, which were directly and proximately caused by Impossible Foods' infringing conduct, if any, based solely on Impossible Foods' use of IMPOSSIBLE-formative marks in connection with:

    (a) Impossible™ The Cookbook, and/or

    (b) promotional apparel distributed by Impossible Foods?

    Yes ___ No ___

If "No," skip to Section B.

2. What amount of damage, if any, did Impossible LLC prove were actually incurred or earned and directly caused by that conduct?

    $ _____

    In answering this question:

    - You may award damages only for proven net profits or out of pocket monetary loss.
    - You may award zero damages.
    - You may not award damages based solely on confusion, injury to goodwill, or speculative harm.
    - You must deduct all proven costs and expenses.
    - You must not award duplicative damages.

    B. Corrective Advertising Damages

Answer this Section only if you found liability in Part III or Part V.

Impossible LLC bears the burden of proving corrective advertising damage by a preponderance of the evidence.

3. Did Impossible LLC prove that corrective advertising is reasonably necessary to remedy consumer confusion directly caused by Impossible Foods' infringing conduct, if any?

    Yes ___ No ___

    If "No," do not answer Questions 4 or 5.

4. Did Impossible LLC prove that the amount of corrective advertising it seeks is reasonable, non-speculative, and limited to advertising necessary to correct that confusion?

Yes ___ No ___

If "No," do not answer Question 5.

5. What amount of corrective advertising damage, if any, did Impossible LLC prove by a preponderance of the evidence?

    $ _____

    In answering this question:

- You may award zero damages.
- You may award only the cost of advertising reasonably necessary to correct confusion caused by the infringing conduct.
- You may not award damages for general brand promotion, market expansion, deterrence, or punishment.
- You must not award duplicative damages.

IMPOSSIBLE FOODS' [PROPOSED] VERDICT FORM
Case No. 5:21-CV-02419-BLF (SVK)