G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/ Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>              Plaintiff,<br><br>vs.<br><br>IMPOSSIBLE LLC, et al.,<br><br>              Defendants. | Case No. 5:21-cv-02419 BLF<br><br>**IMPOSSIBLE FOODS' OPPOSITION TO IMPOSSIBLE LLC'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE REGARDING DISCOVERY DISPUTES**<br><br>Judge:   Hon. Beth L. Freeman<br>Final Pretrial Hearing: February 12, 2026<br>Time: 1:30 p.m.<br>Location: Courtroom 1, 5th Floor, San Jose<br><br>Magistrate Judge Susan van Keulen |

As Impossible LLC notes, generally, evidence of discovery disputes are inadmissible unless it "go[es] to the merits of the case." Dkt. 327 at 1. That general principle does not bar the evidence at issue here. This is not evidence of a routine discovery disagreement, but of a Court-ordered disclosure under the crime-fraud exception that directly bears on core elements the jury must decide. Here, the fact that Impossible LLC was compelled to produce evidence of its fraud on the PTO goes to the merits. As explained below, Impossible LLC's unsuccessful effort to avoid disclosing its fraud goes to Impossible LLC's knowledge and fraudulent intent.

## I.     BACKGROUND

Impossible Foods seeks cancellation of certain Impossible LLC's marks for fraud on the PTO. In sum, Impossible LLC falsely attested that (i) it had used several marks in connection with specific goods listed in its trademark applications and (ii) it had used the IMPOSSIBLE NUTRITION mark continuously for five consecutive years. Dkt. 275-2 at 2–5. In fact, Impossible LLC had *never* used those marks in connection with many of the goods identified in its filings, and its use of the IMPOSSIBLE NUTRITION mark had gaps of several years. *Id.*

At his deposition, Runyon admitted that Impossible LLC had never offered sweatshirts, pants, shorts, and other goods listed in its registrations, despite telling the PTO the opposite. *Id.* at 5. Runyon claimed that he understood the goods listed in the filings merely to be representative examples—even though his statement to the PTO specified use in connection with "all" the goods listed—in essence, that he had misunderstood his declaration. *Id.* at 5–6. Runyon further admitted that he had sought and relied on attorney advice in submitting the statements to the PTO. *Id.* at 5.

Impossible Foods therefore sought—and ultimately obtained over Impossible LLC's opposition—production of attorney-client communications under the crime-fraud exception to attorney-client privilege. Magistrate Judge van Keulen found a *prima facie* case that Impossible LLC had engaged in fraud on the PTO in its statements of use, and ordered production of an email chain that suggested that "Runyon knew what he was declaring" and did <u>not</u> misunderstand it. Dkt. 240 at 4–7 (the "Crime-Fraud Order"). ███████████████

██████████████████████████████████████████

██████████████████████████████████████████



## II. ARGUMENT

To prevail on its claims for trademark cancellation for fraud on the PTO, Impossible Foods must show "a false representation regarding a material fact, [Impossible LLC's] knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation, and reasonable reliance thereon, and damages." Dkt. 311 at 28 (quoting *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1041 (C.D. Cal. 2011), *aff'd*, 738 F.3d 1085 (9th Cir. 2013)). Fraud must be shown by clear and convincing evidence. *Hokto Kinoko*, 810 F. Supp. 2d at 1041.

Here, the fact that the Court had to force Impossible LLC to produce emails confirming the fraud goes to the elements of Impossible LLC's knowledge and fraudulent intent. Runyon made false statements in his attestations of use, falsely claimed that he misunderstood his attestations, and opposed production of the emails that would expose those lies. That Impossible LLC was forced to produce those incriminating emails is powerful evidence that Impossible LLC knew it had engaged in fraud. "A jury could find it strange that those who insist that their conduct was proper and their intent pure went to such great lengths to hide it all from the light of day. From such secrecy much may be inferred." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386,

---

[1] Impossible LLC concedes that "Impossible Foods can introduce the [underlying email chain] and argue its contents to the jury." Dkt. 327 at 4.

1402 (11th Cir.), *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994). Therefore, the Crime-Fraud Order compelling production is highly relevant and probative of knowledge and fraudulent intent.

Impossible LLC's concerns that the Crime-Fraud Order could unfairly prejudice the jury can be addressed through a curative instruction. In fact, the Crime-Fraud Order already explains that it "does not decide whether [Impossible Foods] will ultimately prevail on its fraud claim." Dkt. 240 at 4 (emphasis added). An instruction specifically making that clear to the jury would cure any potential misconception that the Crime-Fraud Order had already decided the fraud issue. At a minimum, if the Court concludes that the Crime-Fraud Order itself creates too much of a risk of jury confusion, the mere *fact* that the Court ordered production of the emails should be admissible, for the reasons explained above.

### III.     CONCLUSION

Impossible LLC's motion to exclude evidence regarding discovery disputes should be denied. The evidence at issue is not offered to relitigate discovery or to suggest that the Court has already resolved the merits, but to show Impossible LLC's knowledge, intent, and efforts to conceal fraud—issues squarely before the jury. Accordingly, evidence regarding the Crime-Fraud Order should be allowed. At a minimum, if the Court concludes that admission of the Crime-Fraud Order itself risks jury confusion, the Court should permit evidence that the emails were produced pursuant to Court order, together with an appropriate limiting instruction.

DATED: February 5, 2026                           DAVIS WRIGHT TREMAINE LLP

                                                  By: /s/ G. Roxanne Elings
                                                          G. Roxanne Elings

                                                  Attorneys for Plaintiff/Counter-Defendant
                                                  IMPOSSIBLE FOODS INC.