G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/ Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>                    Plaintiff,<br><br>     vs.<br><br>IMPOSSIBLE LLC, et al.,<br><br>                    Defendants. | Case No. 5:21-cv-02419 BLF<br><br>**IMPOSSIBLE FOODS' OPPOSITION TO IMPOSSIBLE LLC'S MOTION IN LIMINE NO. 3 TO EXCLUDE "REPEATED AND EXCESSIVE" REFERENCES TO IMPOSSIBLE FOODS' CORPORATE MISSION**<br><br>Judge:    Hon. Beth L. Freeman<br>Final Pretrial Hearing: February 12, 2026<br>Time: 1:30 p.m.<br>Location:  Courtroom 1, 5th Floor, San Jose<br><br>Magistrate Judge Susan van Keulen |

Impossible LLC's motion to exclude "repeated and excessive" references to Impossible Foods' corporate mission should be denied as premature, vague, and unfair.

A movant's "failure to specify the evidence" sought to be excluded and to explain its inadmissibility "with specificity" is "a sufficient basis upon which to deny th[e] motion." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (alteration in original) (citations omitted). "Motions in limine that seek exclusion of broad and unspecific categories of evidence" are disfavored because the court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (citations omitted). Courts deny motions that "s[eek] rulings which would merely be declaratory of existing law or would not provide any meaningful guidance for the parties or witnesses." *Stars & Bars, LLC v. Travelers Causalty Ins. Co. of Am.*, No. SACV 16-01397-CJC (SSx), 2020 WL 4342250, at *4 (C.D. Cal. May 28, 2020) (citation omitted).

Here, Impossible LLC makes the vague request to bar Impossible Foods from making "repeated or excessive" references to its corporate mission or "belabor[ing] the point."[1] Dkt. 328 at 2. Although Impossible LLC characterizes its request as a modest limitation, it in fact seeks a sweeping exclusion of entire categories of testimony. Specifically, Impossible LLC asks the Court to preclude repeated references to "saving the planet," environmental impact, emissions, resource conservation, and animal welfare—without regard to context, purpose, or frequency. *Id.*

Impossible LLC's request has no meaning beyond the familiar rule that a party should not "needlessly present[] cumulative evidence." Fed. R. Evid. 403. Rather than ruling on this premature and vague request, the better course is for the Court to consider whether evidence is cumulative as it comes in, when the Court can assess in real time the value of the evidence vis-à-vis previously adduced evidence.

Further, a one-sided limitation on Impossible Foods' description of its corporate mission would be unfair since Impossible LLC *also* has a mission that it frequently touts. *See, e.g.*, Dkt.

---

[1] Notably, "Impossible LLC do[es] not object to Impossible Foods introducing itself and its corporate goals" as an absolute or categorical matter. Dkt. 328 at 2 (emphasis added).

1

264-2 at 2–3 ("Mr. Runyon set out to forego what was realistic and safe to embrace the challenges that make life worth living. . . . Inspired by completing his first impossible task, Mr. Runyon launched a personal blog . . . . In his tagline, Mr. Runyon encouraged readers to 'do something impossible.'"). Impossible LLC cannot limit Impossible Foods' description of its mission while simultaneously expounding on its own. Allowing Impossible LLC to present its aspirational narrative while restricting Impossible Foods from doing the same would skew the evidentiary balance and invite juror confusion and prejudice rather than prevent it.

If the Court harbors concerns about cumulative presentation, those concerns can be addressed through contemporaneous objections or reasonable limits at trial, rather than through a preemptive exclusion order. The Court should deny Impossible LLC's motion.

DATED: February 5, 2026                    DAVIS WRIGHT TREMAINE LLP

                                           By: /s/ G. Roxanne Elings
                                               G. Roxanne Elings

                                           Attorneys for Plaintiff/Counter-Defendant
                                           IMPOSSIBLE FOODS INC.