1  G. ROXANNE ELINGS (*pro hac vice*)
   roxanneelings@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   1251 Avenue of the Americas, 21st Floor
3  New York, NY 10020-1104
   Telephone: (212) 489-8230
4  Facsimile: (212) 489-8340

5  SARAH E. BURNS (CA State Bar No. 324466)
   sarahburns@dwt.com
6  DAVIS WRIGHT TREMAINE LLP
   50 California Street, 23rd Floor
7  San Francisco, CA 94111
   Telephone: (415) 276-6500
8  Facsimile: (415) 276-6599

9  Attorneys for Plaintiff/ Counter-Defendant
   IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff, <br><br> vs. <br><br> IMPOSSIBLE LLC, et al., <br><br> Defendants. | Case No. 5:21-cv-02419 BLF <br><br> **IMPOSSIBLE FOODS' OPPOSITION TO IMPOSSIBLE LLC'S MOTION IN LIMINE NO. 4 TO EXCLUDE "PEJORATIVE REFERENCES"** <br><br> Judge:   Hon. Beth L. Freeman <br> Final Pretrial Hearing: February 12, 2026 <br> Time: 1:30 p.m. <br> Location: Courtroom 1, 5th Floor, San Jose <br><br> Magistrate Judge Susan van Keulen |

Impossible LLC's motion seeks to prevent Impossible Foods from referencing precisely what it must prove to prevail on its unclean-hands defense: that Runyon lied to and defrauded the PTO. To be clear, Impossible LLC seeks to ban not only the nouns "liar" and "fraudster," but even seeks to prohibit the assertion that Runyon "lied" to the PTO. Dkt. 329 at 2 (quoting Dkt. 274 at 11). That is akin to barring the prosecution from arguing that the defendant killed the victim in a murder case. Impossible LLC's motion should be denied, because evidence of and argument concerning Runyon's lies and fraud are directly relevant to—and indeed are elements of—Impossible Foods' unclean-hands defense.

"[F]raud on PTO is precisely the sort of mischief that can give rise to an unclean hands bar to future trademark infringement actions." *Amusement Art, LLC v. Life is Beautiful, LLC*, No. 2-14-cv-08290-DDP-JPR, 2016 WL 6998566, at *5 (C.D. Cal. Nov. 29, 2016) (collecting cases), *aff'd*, 768 F. App'x 683 (9th Cir. 2019). The elements of fraud on the PTO are: "a false representation regarding a material fact, [Impossible LLC's] knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation, and reasonable reliance thereon, and damages."[1] Dkt. 311 at 28 (quoting *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1041 (C.D. Cal. 2011), *aff'd*, 738 F.3d 1085 (9th Cir. 2013)); *see also Amusement Art*, 2016 WL 6998566, at *4 (applying same elements to unclean-hands defense).[2]

---

[1] Impossible Foods will prove fraud on the PTO to the jury for its unclean-hands defense, and also prove the same to the Court in its affirmative claims for trademark cancellation, each under the applicable legal standards and for purposes squarely within the jury's and Court's respective roles.

[2] As Runyon was warned when he signed his fraudulent trademark applications, willful false statements not only can jeopardize the validity of the registration, but also are punishable as criminal offenses under 18 U.S.C. § 1001. Dkt. 274-16 at 6. This express warning underscores the seriousness and intentional nature of the false statements at issue here, notwithstanding Impossible LLC's attempt to minimize them as merely technical or inadvertent.

Notably, the second element of fraud on the PTO—knowledge that the representation is false—in common parlance is called "lying." *See Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) (the "'knowing presentation of what is known to be false,' as opposed to innocent mistake or mere negligence," in other words "means 'a lie'"). Impossible Foods should be able to characterize Runyon's knowing falsities in language the jury will understand: Runyon lied. There is abundant evidence supporting that characterization. *See, e.g.*, Impossible Foods' Opposition to Impossible LLC's Motion in Limine No. 2, pt. I. Impossible Foods does not seek to engage in name calling untethered to the evidence, but rather to describe Runyon's conduct accurately and precisely in proving fraud on the PTO, as required for its unclean-hands defense. Courts routinely permit counsel to argue that a party lied and even to refer to a party as a "liar." *See United States v. Ruiz*, 710 F.3d 1077, 1083 (9th Cir. 2013) ("In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying."); *United States v. Laurins*, 857 F.2d 529, 539 (9th Cir. 1988) (no error in government characterizing defendant as a "liar" based on the evidence); *Griffin v. United States*, No. CR 06-00067-C-EJL, 2013 WL 12226487, at *11 (D. Idaho May 28, 2013) (collecting cases allowing government to refer to defendant as a "liar"). Likewise, Impossible Foods must be able to characterize Runyon's actions as fraud, which is the very thing Impossible Foods must prove to prevail on its unclean-hands defense.[3]

---

[3] Impossible LLC's cited cases are readily distinguishable, because they prohibited characterizing a party's conduct as more serious than or different from the conduct at issue. *See Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH, 2015 WL 5089779, at *2 (D. Nev. Aug. 27, 2015) (precluding reference to crimes of "theft" or "stealing" in regards to copyright infringement); *Oracle Int'l Corp. v. SAP AG*, No. C 07-1658 PJH, 2012 WL 11883865, at *3 (N.D. Cal. May 29, 2012) (same); *HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) (precluding reference to "patent troll" in regards to assertion of patent rights). By contrast, Impossible Foods must be permitted to

Impossible LLC's motion to bar these "pejorative" references—which in fact are elements of Impossible Foods' case—should be denied.

DATED: February 5, 2026                    DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
           G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

---

characterize Runyon's conduct as the very thing Impossible Foods has alleged and must prove: fraud.