J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
 Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC and Joel Runyon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>　　　Plaintiff / Counter-Defendant,<br><br>　　　v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>　　　Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**ADDENDUM TO JOINT PRETRIAL STATEMENT AND ORDER**<br><br>**Judge:**　　　Hon. Beth Labson Freeman<br><br>**Conference Date:**　February 12, 2026<br>**Conference Time:**　1:30 P.M. |

# JOINT PRE-TRIAL ADDENDUM

## VI. ADDITIONAL ISSUES

### E. Impossible Foods's Untimely Exhibits

#### 1. Impossible LLC's Position

Impossible LLC submits this addendum in advance of the Final Pretrial Conference to raise the issue of Impossible Foods' untimely and improper inclusion of unproduced exhibits on its exhibit list. On January 29, 2026, at 5:16pm, as Impossible LLC worked to finalize the parties' joint filings for submission to the Court that evening, Impossible Foods shared an updated exhibit list listing eighty-eight new and vaguely described exhibits, none of which had production numbers or other unique identifying information. These exhibits are listed at Trial Exhibit Nos. 1059-1146 on the parties' Joint Exhibit List. Impossible Foods did not produce these exhibits during discovery, and only produced them on Monday, February 2, 2026. As such, Impossible LLC had no opportunity to review them or to formulate objections in time for the January 29 filing. Now that Impossible LLC has had that opportunity, it appears that these exhibits were in existence and available before the close of fact discovery, such that Impossible Foods could and should have timely produced them if it wanted to rely on them at trial. Impossible LLC has requested that Impossible Foods withdraw these exhibits, but Impossible Foods refused.

Impossible Foods should not be permitted to sandbag Impossible LLC by relying on dozens of new documents that were in existence during fact discovery, but not timely produced. Impossible LLC has had no opportunity to investigate the nature of these exhibits or to depose anyone regarding any of the particulars. Impossible LLC also had no opportunity to prepare expert testimony regarding the relevance—or lack thereof—of these exhibits vis-à-vis its trademarks.

Impossible Foods's claim that Impossible LLC is "hypocritical" overlooks a critical distinction between its untimely document production and Impossible LLC's supplemental document productions made last month. There, Impossible LLC produced materials reflecting Impossible Foods's ongoing infringement and willfulness that were *created after* the close of fact discovery—so they could not have been produced earlier. In contrast, Impossible Foods's recent

production contains many dozens of documents that do not post-date the discovery cutoff, and which therefore should have been produced earlier.

2. **Impossible Foods' Position**

Impossible Foods' new exhibits are *publicly available* documents showing *ongoing* third-party use of IMPOSSIBLE-formative marks that *continues to this day*.  This Court has already considered and rejected Impossible LLC's objection to public evidence of third-party use, notwithstanding the close of discovery.  In its summary judgment order, the Court stated: "[Impossible LLC] objects to evidence of third parties . . . on the ground that Impossible did not disclose it during discovery. **The objection is meritless, as this information is publicly available.**" Dkt. 311 at 21 n.4 (emphasis added) (citation omitted).

Moreover, Impossible LLC's objection is hypocritical, because it too produced publicly available documents on January 23 and 27, 2026—just last week.  Impossible LLC included approximately 200 new documents on its exhibit list, notwithstanding their production after the close of discovery.  Impossible LLC's objection to Impossible Foods' 88 new public exhibits showing ongoing use—when Impossible LLC produced more than double that number just days earlier—should be overruled.  In the alternative, if the Court sustains the objection, the Court should likewise exclude Impossible LLC's newly produced exhibits.

| | | |
|---|---|---|
| 1 | Dated: February 5, 2026 | Respectfully submitted, |
| 2 | | BRAUNHAGEY & BORDEN LLP |
| 3 | | |
| 4 | | By: /s/ *Adam S. Cashman* <br> Adam S. Cashman |
| 5 | | *Attorneys for Impossible LLC and Joel Runyon* |
| 6 | | |
| 7 | Dated: February 5, 2026 | DAVIS WRIGHT TREMAINE LLP |
| 8 | | |
| 9 | | By: /s/ *Roxanne Elings* <br> G. Roxanne Elings |
| 10 | | *Attorneys for Impossible Foods Inc.* |