J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC and Joel Runyon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>  Plaintiff / Counter-Defendant,<br><br>  v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>  Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**IMPOSSIBLE LLC AND JOEL RUNYON'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>**Judge:**            Hon. Beth Labson Freeman<br>**Conference Date:** February 12, 2026<br>**Conference Time:** 1:30 p.m. |

Impossible LLC and Joel Runyon (collectively "Impossible LLC") respectfully propose the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Impossible LLC is a successor in interest to Impossible X LLC.

2. Impossible LLC is wholly owned by Joel Runyon.

3. Impossible LLC is a limited liability company organized under the laws of the State of Texas.

4. Impossible Foods, Inc. ("Impossible Foods") is a corporation incorporated in the State of California.

5. Impossible Foods did business as Maraxi, Inc., from 2013 to 2016, at which point it renamed itself as Impossible Foods.

6. Impossible Foods's primary products are plant-based meat alternatives.

7. Impossible Foods does not manufacture or sell, and has never manufactured or sold, any nutritional supplements, such as energy powder or sleep powder.

8. Impossible Foods distributes its products to restaurants and retail grocery stores.

9. Impossible LLC distributes its products online.

10. Impossible Foods's plant-based meat alternative products are different from Impossible LLC's nutritional supplement products.

11. From a marketing perspective, Impossible LLC's nutritional supplement products are not the same types of products as plant-based meat products.

12. There have been no instances of actual confusion between Impossible Foods's plant-based meat alternatives and Impossible LLC's nutritional supplements.

13. Impossible LLC's use of the IMPOSSIBLE-formative marks on its nutritional supplements is not similar in overall visual impression to Impossible Foods's use of the IMPOSSIBLE-formative marks in connection with plant-based alternative meat products.

14. Impossible LLC had no knowing intent to use Impossible Foods's mark because Impossible LLC was already using the mark in connection with various goods and services when Impossible Foods adopted the mark.

15. The marketing and sales channels for Impossible Foods's plant-based meat alternative products and Impossible LLC's nutritional supplements are dissimilar and do not overlap.

16. Potential buyers of Impossible Foods's plant-based meat alternatives are careful and discerning. Purchasers of plant-based meat alternatives tend to care about the environment and about animal welfare. These purchasers are thus less likely to be confused by any similarities between Impossible Foods's plant-based meat alternatives and Impossible LLC's nutritional supplements.

17. Impossible Foods has presented no evidence that it plans to expand its business to sell nutritional supplements, such as energy powder or sleep powder.

18. Impossible LLC has no plans to expand its business into plant-based meat alternatives.

19. Impossible LLC owns all right, title, and interest in Trademark Registration Nos. 5387588, 5620625, 5590801, 5603025, and 6571603.

20. Impossible LLC's marks are valid and protectible.

21. Impossible Foods has not presented clear and convincing evidence that Impossible LLC abandoned any of its marks.

22. Impossible LLC never discontinued use of the marks with intent not to resume.

23. Registration No. 5603025 has been in continuous use in commerce since at least November 16, 2017.

24. Registration No. 6571603 has been in continuous use in commerce since April 19, 2018.

25. Registration No. 5590801 has been in continuous use in commerce since October 23, 2018.

26. Registration No. 5387588 has been in continuous use in commerce since July 26, 2016.

27. Impossible LLC has used the Impossible Nutrition mark (No. 5387588) in connection with nutrition supplements continuously since as early as July 26, 2016.

28. Impossible LLC's evidence demonstrated that the marks for Registrations No. 5590801, 5603025, and 65716032 have been in continuous use since each application was filed with the United States Patent and Trademark Office ("USPTO").

29. Impossible Foods has not shown by clear and convincing evidence that Impossible LLC had any willful intent to trade on any goodwill associated with Impossible Foods's marks.

30. Impossible Foods did not prove that it was harmed by Impossible LLC.

31. Impossible Foods has not shown that its use of the Impossible-formative marks in connection with recipes, food ingredients, and cooking information is not likely to be confused with Impossible LLC's trademark rights.

32. Impossible Foods has not shown that its use of the Impossible-formative marks in connection with recipes, food ingredients, and cooking information does not infringe Impossible LLC's trademark rights.

33. Impossible LLC and Mr. Runyon did not make false representations to the USPTO.

34. Impossible LLC and Mr. Runyon did not make knowingly false representations to the USPTO.

35. Impossible LLC and Mr. Runyon did not have intent to induce the USPTO's reliance upon any knowingly false representation.

36. The USPTO did not rely on any false representation of material fact made by Impossible LLC or Mr. Runyon.

37. Impossible LLC has not been proximately harmed by any reliance by the USPTO on any statements made to the USPTO by Impossible LLC or Mr. Runyon.

## CONCLUSIONS OF LAW

1. Impossible Foods did not carry its burden to show fraud by clear and convincing evidence. *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990) ("the burden of proving that a party fraudulently procured a trademark registration is heavy"); *Spin Master, Ltd. v. Zobmondo Ent., LLC*, 778 F. Supp. 2d 1052, 1061 (C.D. Cal. 2011) ("the charge of fraud requires that it be proven to the hilt with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party") (cleaned up); *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1041 (C.D. Cal. 2011), *aff'd*, 738 F.3d 1085 (9th Cir. 2013) ("The burden to prove fraud is heavy and must be shown by clear and convincing evidence") (internal quotation marks omitted).

2. Impossible Foods did not carry its burden to show abandonment by clear and convincing evidence. *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013) (abandonment "must be strictly proved"); *Grocery Outlet Inc. v. Albertsons, Inc.*, 2008 WL 5245962, at *6 (N.D. Cal. Dec. 17, 2008) (abandonment requires "stringent, heavy, or strict burden of proof", for which most courts require "clear and convincing" evidence.) (internal quotation marks omitted); *see also* § 17:12, 2 McCarthy on Trademarks and Unfair Competition (5th ed.) ("Clear and convincing proof of abandonment is required.")

3. There is no infringement of Impossible Foods's plant-based meat alternatives by Impossible LLC's nutritional supplements products because the products are dissimilar and there is no likelihood of consumer confusion. *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935 & n.1 (9th Cir. 2015); *Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858, 861 (9th Cir. 1996), *as amended* (Aug. 6, 1996); *Reeves v. Gen. Nutrition Centers, Inc.*, 2012 WL 13018362, at *4 (C.D. Cal. Apr. 2, 2012).

4. Impossible Foods did not demonstrate that it has standing to pursue a cancellation claim against Impossible LLC's Fitness Apparel, Animated, and Word Marks. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014) (quoting *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011), *aff'd on other grounds*, 568 U.S. 85 (2013)); *see San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1037 (9th Cir.), *cert. denied*, 144 S. Ct. 190 (2023) ("§ 1119 provides cancellation only as relief to a party who has proved infringement").[1]

5. Impossible Foods has failed to show that Impossible LLC had any bad faith intent to fraudulently pass off its products as Impossible Foods's products. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (internal citation omitted) (affirming dismissal where plaintiff had "not alleged that the Corporation Defendants have passed off their goods as those of another nor that they exploit[ed] trade names or trademarks"); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997) (affirming summary judgment where "Plaintiffs' allegations do not amount to 'passing off'"); *Quintessential, LLC v. Quintessential Brands S.A.*, No. 20-CV-01722, 2022 WL 357502, at *3 (N.D. Cal. Feb. 7, 2022) (dismissing California common law unfair competition claim for lack of allegations of defendant's attempt to "pass[] off" product).[2]

---

[1] Impossible LLC recognizes that this issue was addressed in its Motion for Summary Judgment. The issue is listed here to prevent waiver.

[2] This issue was similarly raised at Summary Judgment but is listed here to prevent waiver.

| | | |
|---|---|---|
| 1 | Dated: February 5, 2026 | Respectfully submitted, |
| 2 | | BRAUNHAGEY & BORDEN LLP |
| 3 | | |
| 4 | | By: */s/ Adam S. Cashman* |
| | | Adam S. Cashman |
| 5 | | *Attorneys for Impossible LLC and Joel Runyon* |