J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC and Joel Runyon*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>　　　　Plaintiff / Counter-Defendant,<br><br>　　v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>　　　　Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**IMPOSSIBLE LLC AND JOEL RUNYON'S PROPOSED VERDICT FORM**<br><br>**Judge:**　　　　Hon. Beth Labson Freeman<br>**Conference Date:** February 12, 2026<br>**Conference Time:** 1:30 p.m. |

Impossible LLC and Joel Runyon (together referred to herein as "Impossible LLC") respectfully propose the following verdict form in the above-captioned matter. Impossible LLC reserves the right to amend, supplement, modify, withdraw, or otherwise revise this verdict form including, but not limited to, based upon or in response to the parties' stipulations, the Court's ruling on any pending or pretrial motion, evidentiary dispute, or other issue, a final determination as to the manner in which this case will be tried, proof at trial, the parties' pursuit or abandonment of their claims or defenses, or as otherwise reasonable and appropriate. Impossible LLC also reserves the right to amend, supplement, modify, withdraw, or otherwise revise this verdict form in response to any proposed verdict form or jury instruction submitted by Impossible Foods Inc., in response to any objection to this verdict form by Impossible Foods Inc., to conform the evidence presented at trial, or for any other proper reason.

Dated:  February 5, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   */s/Adam S. Cashman*
          Adam S. Cashman

*Attorneys for Impossible LLC and Joel Runyon*

# VERDICT FORM

We the jury, being first duly empaneled and sworn in the case captioned *Impossible Foods, Inc. v. Impossible LLC and Joel Runyon*, Case No. 5:21-cv-02419-BLF (SVK) do find as follows:

### 1. Trademark Infringement and Unfair Competition

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods, Inc. ("Impossible Foods") infringed any of Impossible LLC's IMPOSSIBLE trademarks for use in connection with "[c]lothing and performance apparel," including "t-shirts [and] tank tops"; for recipes and nutritional information; for "[p]roviding a website featuring information in the field of personal fitness, endurance athletics, storytelling, and adventure activities, namely, bungee jumping, skydiving, trekking, mountaineering, surfing, and kite surfing"; for providing a "website featuring information relating to exercise and fitness"; for "search engine optimization and marketing services" or "marketing consulting in the field of social media"; for "nutritional supplements"; or for "charitable fundraising services"?

*Answer:* Yes \_\_\_\_          No \_\_\_\_

***If you answered "Yes" to the preceding question, please answer the following:***

### 2. Damages

What amount of damages has Impossible LLC proved by a *preponderance* of the evidence, if any, were caused by Impossible Foods's infringement?

*Amount:* $ _____

### 3. Willfulness

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods's infringement or unfair competition was willful?

*Answer:* Yes \_\_\_\_          No \_\_\_\_

### 4. Malice, Oppression, or Fraud

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods acted with malice, oppression, or fraud in unfairly competing with Impossible LLC in the State of California?

*Answer:* Yes \_\_\_\_          No \_\_\_\_

*Regardless of your answers to the foregoing questions, please answer the remaining questions:*

### 5. Fraud

Did Impossible Foods prove by *clear and convincing* evidence that Impossible LLC procured any of the following Registrations by fraud on the U.S. Patent and Trademark Office ("USPTO")?

*Answer:*   Registration No. 5590801 for IMPOSSIBLE FITNESS:   Yes ___ No ____

*Answer:*   Registration No. 5603025 for IMPOSSIBLE FITNESS:   Yes ___ No ____

*Answer:*   Registration No. 5620625 for IMPOSSIBLE:   Yes ___ No ____

*Answer:*   Registration No. 6571603 for IMPOSSIBLE:   Yes ___ No ____

### 6. Abandonment – Registration No. 5590801

Did Impossible Foods prove by *clear and convincing* evidence that Impossible LLC abandoned any of the following marks:

*Answer:*   Registration No. 5590801 for IMPOSSIBLE FITNESS:   Yes ____ No ____

*Answer:*   Registration No. 5603025 for IMPOSSIBLE FITNESS:   Yes ____ No ____

*Answer:*   Registration No. 6571603 for IMPOSSIBLE:   Yes ____ No ____

*Please sign and return the verdict form.*

_____      _____
Presiding Juror                                           Date