J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
 Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC and Joel Runyon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br>    Plaintiff / Counter-Defendant, <br><br>    v. <br><br> IMPOSSIBLE LLC and JOEL RUNYON, <br><br>    Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> **JOINT STATEMENT OF PROPOSED AGREED-UPON AND DISPUTED VOIR DIRE QUESTIONS** <br><br> **Judge:** Hon. Beth Labson Freeman <br> **Conference Date:** February 12, 2026 <br> **Conference Time:** 1:30 p.m. |

Pursuant to Section III.D.2 of the Court's Standing Order for Civil Jury Trials, Impossible LLC and Joel Runyon (collectively "Impossible LLC") & Impossible Foods Inc. respectfully submit for the Court's consideration the following agreed upon set of voir dire questions to be posed by the Court.

## AGREED QUESTIONS

**I.  INDIVIDUAL BACKGROUND QUESTIONS**

[*Have each prospective juror, beginning with the first called, stand and answer:*]

1. What city do you live in?

2. What is the highest level of education you have obtained, including any degrees, certifications, or licenses?

3. What is your employment status, and would you please describe your current or most recent occupation and employer? If your current or most recent job does not reflect what you have done for work for most of your adult life, please tell us what position you held the longest.

    a. If you are retired or not currently working, what was your occupation in the past and who was your employer?

    b. If you are currently unemployed, are you looking for work? If yes, what type of work are you looking for?

4. Describe the occupations, level of education, and employers of any other adults living in your household, and please explain your relationship to each of them.

5. Have you served on a jury before, including on a Grand Jury? If yes:

    a. How many times?

    b. Was it in state or federal court, and was it a civil or criminal case?

    c. What types(s) of case(s) were they?

    d. Did the jury ever fail to reach a verdict in any of these cases?

    e. Were you ever the foreperson?

    f. Is there anything about your prior jury service that would affect your ability to serve as a trial juror in this case?

6. Is there anything else about your general background that could be relevant to your service as a juror in this case? If yes, please explain.

**II.     FAMILIARITY WITH CASE, PARTIES, ATTORNEYS, AND POTENTIAL WITNESSES**

[*After introductions of court staff, attorneys, and witnesses:*]

7. Do you know any of the court staff, lawyers, parties, or potential witness in this case?

    a. Have you or someone close to you ever worked for or done business with Joel Runyon or Impossible LLC?

    b. Have you or someone close to you ever worked for or done business with Impossible Foods?

8. Had you heard or read anything about a lawsuit between Impossible LLC and Impossible Foods before being called for jury duty? If yes [*follow-up outside presence of other jurors*]:

    a. What have you read or heard?

    b. Where did you see or hear it?

    c. Have you discussed the case either online or in person? If yes, please describe what you have discussed and with whom.

    d. What, if any, opinions have you formed about the case so far?

9. Have you or someone close to you ever had a strongly positive or strongly negative opinion of Mr. Joel Runyon, Impossible LLC, or Impossible Foods for any reason? If yes:

    a. Would that affect your ability to be an entirely fair and impartial juror to both sides in this case?

10. Do you have any belief or feeling towards any of the parties, attorneys, or witnesses that might be regarded as bias or prejudice against any of them.

**III.    RELEVANT OPINIONS AND EXPERIENCES**

11. Do you have any negative opinions of companies involved in the nutritional supplement industry or the health, fitness, and athletic industry? If yes, please explain.

    a. Do you have any strong opinions, positive or negative, of companies that operate in the health and fitness space, or companies that promote tackling physical and athletic challenges? If yes, please explain, including whether any of your opinions affect your ability to be an entirely fair and impartial juror to both sides in this case.

12. Do you or anyone in your household regularly eat plant-based meat products? If yes, what type(s) and brand(s) do you or they prefer?

    a. Do you have any positive or negative opinions of people who prefer to eat "real" meat rather than plant-based meat? If yes, please explain.

    b. Do you have any positive or negative views of vegetarians? If yes, please explain.

13. Have you heard of the Impossible Burger or other Impossible Foods plant-based meat products? If yes:

    a. What is your opinion, if any, of these products?

    b. Have you or someone close to you ever been employed by a company that makes, advertises, or sells plant-based meat products? If yes, please explain, including who (you or someone close), which company, position(s) in the company, and for how long you/they were employed.

14. Have you or a family member ever owned or run a business? If yes:

    a. Please describe your/their role in the company and how many employees there are/were.

15. Have you ever worked for a startup company or a company focused on innovation or new products?

16. Have you or someone close to you ever had any special training or work experience related to any of the following [If yes to any, please explain]:

    a. Plant-based meat products;

    b. Social media;

    c. Product design / Development;

    d. Intellectual property / Patent / Trademark / Copyright;

    e. Athletics / Professional Sport;

    f. Clothing / Apparel;

    g. Legal;

    h. Health / Nutrition / Fitness;

    i. Marketing / Advertising / Branding;

    j. Food company / Food manufacturing / Food marketing or branding;

    k. Retail or wholesale product distribution.

17. Do you regularly follow business news, branding trends, or marketing campaigns? If so, what sources do you use?

18. Have you, someone close to you, or an employer ever been involved in a dispute over the ownership of something valuable? If yes, please explain.

19. Have you ever worked for a company that owned a trademark?

20. Have you, someone close to you, or an employer ever been involved in a dispute over a patent, trademark, or copyright, or any other intellectual property? If yes, please explain.

21. Have you, someone close to you, or an employer ever been in a situation where you or your employer was accused of competing unfairly or practicing unfair business practices? If yes, please explain.

22. Have you ever been accused of fraud or lying to a government agency?

23. Can you set aside any opinions or impressions you may have formed about the parties or this case and base your decision solely on the evidence that is presented to you during this trial?

## IV.   LAW AND THE COURTS

24. Have you or anyone close to you ever been involved in a lawsuit or legal claim of any kind? If so:

    a. What kind of case was it? What were the circumstances?

    b. When did this occur?

    c. Were you or he/she deposed?

    d. Was there a trial?

    e. What was the outcome of the case? Were you satisfied?

    f. How did this experience affect your opinion of the legal system?

25. Have you or someone close to you ever had a negative experience with the justice system or court system?

    a. If yes, do you believe that any negative feelings you have about the justice system would affect your ability to be completely fair and impartial if selected to be a juror in this case?

26. Do you disagree with federal trademark laws or believe private companies should not be allowed to claim ownership of intellectual property, including trademarks? If yes, please explain.

27. Based on what you have heard so far, do you believe for any reason that the court system is not the proper way to deal with a lawsuit like this one?

28. Do you believe that the courts should not be used by private companies to sue others for alleged trademark infringement?

29. Do you believe that, specifically because of any current events, now is not the right time for the court system to have a jury trial in a lawsuit like this one?

30. Some witnesses may testify as experts and offer opinions. Do you believe expert witnesses are generally not credible—or generally more credible—than other witnesses?

## V.   FINAL QUESTIONS

31. Do you have any trouble understanding English that you feel could create a difficulty for you as a juror?

32. This case will involve reading documents. Do you have difficulty reviewing written materials?

33. Did you know or recognize any of the other potential jurors from before you came here today?

   a. If so, and if you are both selected to be on the jury, is there a possibility that your relationship might affect the way that you would decide the case, or how you would approach deliberations?

34. Will you follow the law and instructions that the Court gives to you, regardless of whether you agree with them? Would anyone have any hesitation in doing so?

35. Can you commit not to research the parties, witnesses, or issues involved in this case outside the courtroom?

36. Is there anything else the Court or the attorneys should know or that makes you doubt that you would be completely impartial and unbiased in this particular case? If there is any reason why you would be unwilling or unable to serve as a juror, it is your duty to tell me at this time.

## DISPUTED QUESTIONS

*Impossible LLC's Disputed Questions to Which Impossible Foods Objects*

1. Do you believe there should be "caps" or limits on the amount of money juries can award in lawsuits? If yes, please explain.

2. Do you have a maximum amount of damages in your mind for a case like this one such that you would be unwilling to award damages above that amount? Have you, someone close to you, or an employer ever been accused of copying or profiting from something unfairly? If yes, please explain.

3. Have you, someone close to you, or an employer ever accused someone of copying or profiting from something unfairly? If yes, please explain. This is a civil lawsuit, and in a civil lawsuit like this one, the Plaintiff only has to prove that its claims are more probably true than not true – in other words, only slightly more than 50% probable. This is lower than the standard of proof used in criminal trials where the prosecution has the burden of proving its case "beyond a reasonable doubt." Do you believe that the standard in this case is too low—in other words that the Plaintiff should be held to a higher standard of proof than just slightly over 50%?

*Impossible Foods's Disputed Questions to Which Impossible LLC Objects*

1. Do you believe that when a corporation is sued, the individual is likely in the right?

2. Do you believe that large companies are more likely to act improperly than individuals?

3. Do you believe that individuals bringing claims against corporations are more likely to be truthful than corporations defending themselves?

4. Do you believe that corporations should be held to a higher standard of conduct simply because they are corporations?

5. Do you believe that if a case goes to trial, one side must have done something wrong?

6. Do you regularly post opinions about companies, brands, or public disputes on social media? Can you refrain from doing so during the trial?

Dated: February 5, 2026                                Respectfully submitted,

                                                       BRAUNHAGEY & BORDEN LLP

                                                       By: /s/ Adam S. Cashman
                                                              Adam S. Cashman

                                                       *Attorneys for Impossible LLC and Joel Runyon*

Dated: February 5, 2026                                DAVIS WRIGHT TREMAINE LLP

                                                       By: /s/ Roxanne Elings
                                                              G. Roxanne Elings

                                                       *Attorneys for Impossible Foods Inc.*

6   Case No. 5:21-cv-02419-BLF (SVK)
JOINT STATEMENT OF PROPOSED VOIR DIRE QUESTIONS