J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
 Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC and Joel Runyon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> IMPOSSIBLE LLC and JOEL RUNYON, <br><br> Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> **IMPOSSIBLE LLC AND JOEL RUNYON'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY, EVIDENCE, AND ARGUMENT IN SUPPORT OF IMPOSSIBLE LLC'S CLAIM FOR CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT** <br><br> **Judge:** Hon. Beth Labson Freeman <br> **Conference Date:** February 12, 2026 <br> **Conference Time:** 1:30 p.m. |

1     Impossible LLC and Joel Runyon (together "Impossible LLC") oppose Impossible Foods's Motion *in Limine* No. 3 ("Mot.") to exclude testimony and evidence supporting Impossible LLC's claim for California common law trademark infringement.

    The Motion should be denied for multiple independent reasons. First, the Motion is just a re-do of the dispositive motion that Impossible Foods previously raised at summary judgment. Repackaging those arguments as a motion *in limine* therefore not only violates the Court's Standing Order allowing only one dispositive motion per side, but is also improper under longstanding precedent prohibiting the use of *in limine* motions as vehicles for claim-dispositive issues.

    Second, Impossible Foods incorrectly accuses Impossible LLC of inconsistency where none exists. Impossible LLC's prior argument that it "does not particularly target California consumers" (Dkt. 11-1) is not inconsistent with its claim that it has priority of trademark use in California. Indeed, it is Impossible Foods (not Impossible LLC) that has been on both sides of this issue. Impossible Foods previously argued that Mr. Runyon "lived in San Diego, California between 2014 and 2016 and [] worked to build and market the IX brand and trademark during his residency." (Opening Brief of Impossible Foods at 5 ("Opening Brief"), *Impossible Foods Inc. v. Impossible X LLC*, No. 21-16977 (9th Cir. 2022) (cleaned up).) That position ultimately prevailed, and Impossible Foods should be estopped from now claiming otherwise. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782, 785 (9th Cir. 2001).

## I. THE MOTION IS AN IMPERMISSIBLE DISPOSITIVE MOTION REVISITING AN ISSUE ALREADY RAISED AT SUMMARY JUDGMENT

    Impossible Foods already argued at summary judgment that Impossible LLC lacks California trademark rights and is estopped from claiming otherwise because of its jurisdictional arguments. (*See* Dkt. 259 at 18; Dkt. 285 at 13.) The instant Motion merely reiterates those same arguments and is therefore dispositive as it seeks to preclude Impossible LLC from introducing evidence necessary to support a required element of its claim. But Section VI.B of the Court's Standing Order prohibits multiple bites at the apple, as it expressly provides that "only 1 motion for summary judgment, partial summary judgment, or summary adjudication may be filed by each party." Indeed, Impossible Foods made this very argument in its effort to avoid Rule 11 sanctions

1      Case No. 5:21-cv-02419-BLF (SVK)

IMPOSSIBLE LLC AND JOEL RUNYON'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY, EVIDENCE, AND ARGUMENT IN SUPPORT OF IMPOSSIBLE LLC'S CLAIM FOR CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

(*see* Dkt. Nos. 262, 290), so it is clearly well-aware of the Rule and has successfully invoked it to avoid addressing the contradiction between its allegations of confusion and the testimony of its corporate representative. And regardless, a motion *in limine* "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense" in any event, because such issues must be raised at summary judgment. *See Int'l Metaphysical Ministry, Inc. v. Wisdom of Heart Church*, 2022 WL 19691043, at *5 (N.D. Cal. Dec. 19, 2022); *Via Waves Commc'ns, LLC v. ARC Phone Canada, Inc.*, 2004 WL 5486633, at *4 (C.D. Cal. Oct. 19, 2004) (denying motion as "a late and improper attempt to obtain summary judgment"); *Guzik Tech. Enters., Inc. v. W. Digitial Corp.*, 2013 WL 6227626, at *8 (N.D. Cal. Nov. 22, 2013) (denying motion as "little more than a thinly-veiled dispositive one.")

## II.    ESTOPPEL DOES NOT APPLY TO IMPOSSIBLE LLC, BUT SHOULD APPLY TO IMPOSSIBLE FOODS

Even if the Court were to consider the merits of Impossible Foods's motion—which it need not—estoppel would not apply to Impossible LLC because there is no inconsistency in its positions. When the Court was evaluating personal jurisdiction, Impossible LLC argued that it "does not particularly target California consumers" or "offer products or services specifically directed to California." (Dkt. 11-1). Impossible LLC never claimed not to have sales in California or that its brand was not active or known in California commerce. On the contrary, Impossible LLC was forthright that its "websites and applications are equally accessible everywhere in the country, and our ecommerce platforms ship nationwide." *Id.* Those assertions are not inconsistent with its present allegation that it has priority of use in California, something that is determined based on a "totality of the circumstances[,]" as to which "market penetration is at best a factor to consider[.]" *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1205 (9th Cir. 2012); *D & D Greek Rest., Inc. v. Great Greek Franchising, LLC*, 2022 WL 4596548, at *8 (C.D. Cal. Aug. 26, 2022).

Conversely, Impossible Foods's assertion that Impossible LLC does not have California trademark rights is irreconcilable with its prior arguments. On appeal, Impossible Foods successfully argued to the Ninth Circuit that Mr. Runyon "began building and marketing IX's meal and nutrition business in this forum while Runyon lived in California, and that these brand- and

trademark-building activities occurred here." (Opening Brief at 3 (cleaned up).) Impossible Foods also argued that "[t]he same trademarks and goodwill IX worked to develop in California formed the basis" for this litigation." *Id.* at 3-4. And it argued further that this litigation "arises out of and relates to intentional actions taken by IX in California to build IX's business and develop its trademark rights in the state." *Id.* at 36.

Indeed, over the course of 70 pages, Impossible Foods comprehensively argued that Impossible LLC was subject to personal jurisdiction in California specifically because it had successfully built its brand in California and sufficiently penetrated the California market. Those arguments were successful: Impossible Foods prevailed on the issue. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1083 (9th Cir. 2023) (holding Impossible LLC "operated out of California and built its brand and trademarks there.") In so prevailing, Impossible Foods won the advantage and benefit of continuing to litigate in its chosen forum, thereby satisfying the elements warranting judicial estoppel. *See, e.g., Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Accordingly, the Court should judicially estop Impossible Foods from disputing that Impossible LLC has established California common law trademark rights.

Dated: February 5, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Adam S. Cashman*
    Adam S. Cashman

*Attorneys for Impossible LLC and Joel Runyon*