J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC and Joel Runyon*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>   Plaintiff / Counter-Defendant,<br><br>   v.<br><br>IMPOSSIBLE LLC and JOEL RUNYON,<br><br>   Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**IMPOSSIBLE LLC AND JOEL RUNYON'S AMENDED PROPOSED VERDICT FORM**<br><br>**Judge:**   Hon. Beth Labson Freeman |

Impossible LLC and Joel Runyon (together referred to herein as "Impossible LLC") respectfully propose the following verdict form in the above-captioned matter. Impossible LLC reserves the right to amend, supplement, modify, withdraw, or otherwise revise this verdict form including, but not limited to, based upon or in response to the parties' stipulations, the Court's ruling on any pending or pretrial motion, evidentiary dispute, or other issue, a final determination as to the manner in which this case will be tried, proof at trial, the parties' pursuit or abandonment of their claims or defenses, or as otherwise reasonable and appropriate. Impossible LLC also reserves the right to amend, supplement, modify, withdraw, or otherwise revise this verdict form in response to any proposed verdict form or jury instruction submitted by Impossible Foods Inc., in response to any objection to this verdict form by Impossible Foods Inc., to conform the evidence presented at trial, or for any other proper reason.

Dated: March 3, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   */s/Adam S. Cashman*
         Adam S. Cashman

*Attorneys for Impossible LLC and Joel Runyon*

# VERDICT FORM

We the jury, being first duly empaneled and sworn in the case captioned *Impossible Foods, Inc. v. Impossible LLC and Joel Runyon*, Case No. 5:21-cv-02419-BLF (SVK) do find as follows:

### 1. Registered Trademark Infringement

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods, Inc. ("Impossible Foods") infringed any of Impossible LLC's registered IMPOSSIBLE trademarks for use in connection with "[c]lothing and performance apparel," including "t-shirts [and] tank tops"; for "[p]roviding a website featuring information in the field of personal fitness, endurance athletics, storytelling, and adventure activities, namely, bungee jumping, skydiving, trekking, mountaineering, surfing, and kite surfing"; for providing a "website featuring information relating to exercise and fitness"; for "search engine optimization and marketing services" or "marketing consulting in the field of social media"; for "nutritional supplements"; or for "charitable fundraising services"?

*Answer:* Yes \_\_\_\_    No \_\_\_\_

### 2. Federal Unfair Competition and False Association

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods unfairly competed with Impossible LLC or created a false association with Impossible LLC?

*Answer:* Yes \_\_\_\_    No \_\_\_\_

### 3. Common Law Trademark Infringement

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods infringed Impossible LLC's *unregistered* IMPOSSIBLE trademark?

*Answer:* Yes \_\_\_\_    No \_\_\_\_

*If you answered "Yes" to any of the preceding questions, please answer the following:*

### 4. Damages

What amount of damages has Impossible LLC proved by a *preponderance* of the evidence, if any, were caused by Impossible Foods's infringement or unfair competition?

*Amount:* $ _____

### 5. Willfulness

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods's infringement or unfair competition was willful?

*Answer:* Yes ____        No ____

*If you answered "Yes" to question 3, please answer the following:*

### 6. Malice, Oppression, or Fraud

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible Foods acted with malice, oppression, or fraud?

*Answer:* Yes ____        No ____

*Regardless of your answers to the foregoing questions, please answer the remaining questions:*

### 7. Registered Trademark Infringement – Claim by Impossible Foods

Did Impossible Foods prove by a *preponderance* of the evidence that Impossible LLC infringed any of Impossible Foods's registered IMPOSSIBLE or IMPOSSIBLE BURGER trademarks for use in connection with "substitutes for foods made from animals or animal products, namely, vegetable-based burger patties"; "meat substitutes"; "plant-based meat substitutes"; "plant-based meat patties"; "vegan and vegetarian meat substitutes"; "plant-based chicken substitutes"; "poultry substitutes"; "plant-based poultry substitutes"; "plant-based ground meat"; "chicken substitutes'; "pork substitutes"; "plant-based meatballs"; "plant-based sausage"; "prepared meals consisting primarily of plant-based meat"; "frozen meals consisting primarily of plant-based meat"; "providing of food and drink via a mobile truck"; "catering services"; "restaurant services"; or "café services, cafeterias, snack bar services, and the provision of food in restaurants and cafés"?

*Answer:* Yes ____        No ____

### 8. Federal Unfair Competition – Claim by Impossible Foods

Did Impossible Foods prove by a *preponderance* of the evidence that Impossible LLC unfairly competed with Impossible Foods through its sales of supplement products?

*Answer:* Yes ____        No ____

**9. Common Law Unfair Competition – Claim by Impossible Foods**

Did Impossible LLC prove by a *preponderance* of the evidence that Impossible LLC "passed off" its supplement products as those of Impossible Foods or intentionally exploited Impossible Foods's reputation in the market?

*Answer:* Yes \_\_\_\_      No \_\_\_\_

**10. Fraud**

Did Impossible Foods prove by *clear and convincing* evidence that Impossible LLC procured any of the following Registrations by fraud on the U.S. Patent and Trademark Office ("USPTO")?

*Answer:*   Registration No. 5590801 for IMPOSSIBLE FITNESS:   Yes \_\_\_ No \_\_\_\_

*Answer:*   Registration No. 5603025 for IMPOSSIBLE FITNESS:   Yes \_\_\_ No \_\_\_\_

*Answer:*   Registration No. 5620625 for IMPOSSIBLE:   Yes \_\_\_ No \_\_\_\_

**11. Abandonment**

Did Impossible Foods prove by *clear and convincing* evidence that Impossible LLC abandoned any of the following marks:

*Answer:*   Registration No. 5590801 for IMPOSSIBLE FITNESS:   Yes \_\_\_\_ No \_\_\_\_

*Answer:*   Registration No. 5603025 for IMPOSSIBLE FITNESS:   Yes \_\_\_\_ No \_\_\_\_

***Please sign and return the verdict form.***

_____          _____
Presiding Juror                                                                  Date