G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff,<br><br>vs.<br><br>IMPOSSIBLE X LLC, et al.,<br><br>Defendants. | Case No. 5:21-cv-02419-BLF<br><br>**PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOOD INC.'S BRIEF REGARDING ADMINISTRATIVE SEALING MOTIONS**<br><br>Judge:    Hon. Beth L. Freeman |

Pursuant to the Court's Notice dated February 24, 2026 (Dkt. 381) and Civil Local Rule 79-5(c)(1) and (f)(3), Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") provides the following statement in support of sealing Impossible Foods' materials identified in

Impossible LLC and Joel Runyon's ("Impossible LLC") administrative motions to consider whether another party's materials should be sealed (Dkts. 351, 371).[1]

## I.    LEGAL STANDARD

In the context of a request to seal court records, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)).

"The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court." *Calhoun v. Google LLC*, No. 20-cv-05146-YGR (SVK), 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022). Where the motion at issue is "more than tangentially related to the underlying cause of action," the party seeking to seal court records must demonstrate "compelling reasons" that support sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1102 (9th Cir. 2016). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), such as "sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598*); see Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2024 WL 3697042, at *2 (N.D. Cal. Aug. 6, 2024) (citing *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)) (noting that courts have found "confidential business information" in

---

[1] The Court's Notice directed the parties to respond to administrative motions to consider whether another party's materials should be sealed, and Impossible Foods provides such response herein. Dkt. 381.  For the avoidance of doubt, Impossible Foods maintains that the materials in Dkt Nos. 361 and 373 should remain under seal for the reasons previously articulated in those administrative motions to seal, which are incorporated by reference.  *See* Dkts. 361, 373.

the form of "business strategies" sealable under the compelling reasons standard). Parties moving to seal the documents *attached* to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

## II.    DISCUSSION

Compelling reasons exist to seal limited portions of Impossible LLC's brief in Opposition to Impossible Foods' Motion in Limine No. 1[2], and there is good cause to seal the entirety of Exhibits 3, 5, 6, and 7 to Impossible LLC's supplemental brief regarding Motion in Limine No. 1. Impossible Foods seeks to seal portions of the Opposition that discuss Impossible Foods' marketing strategy, third-party vendors, and financial expenditures.  Impossible Foods also seeks to seal Exhibits 3, 5, 6, and 7, which are excerpts of deposition testimony discussing Impossible Foods' marketing strategy and sales, a confidential third-party contract, additional similar deposition excerpts, and revenue statements, respectively.

"Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'" *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021); *see also In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive standing"); *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023)

---

[2] Impossible LLC has informed Impossible Foods that takes no position on sealing the expert reports as a whole, but asks that the Court continue sealing  Mr. Runyon and Impossible LLC's financial information in the Vanderhart Report and Plumpe Rebuttal Report, as identified in Dkt. 360. Impossible Foods is requesting that the entire reports remain sealed because financial data appears throughout them.

(Freeman, J.) ("The Court finds that Zazzle has established compelling reasons to seal information that would reveal . . . internal business and financial decision-making strategies.").

Disclosure of the information contained in the Opposition and Exhibits 3, 5, 6, and 7 would result in significant harm to Impossible Foods, including, *inter alia*, by exposing valuable insights into Impossible Foods's marketing and financial decision-making strategies. Such a disclosure would reveal critical business information to Impossible Foods' competitors, vendors, and would-be collaborators, and would cause substantial harm to Impossible Foods relative to its competitors and future business partners. Impossible Foods has narrowly tailored its request to seal these materials.

Because the information contained in these materials relates to Impossible Foods' marketing strategies and financial information, Impossible Foods requests the Court maintain them under seal as detailed in the below chart.

| ECF No. | Document | Portion(s) to Seal | Reason(s) |
|---|---|---|---|
| 351-2 | Impossible LLC and Joel Runyon's Opposition to Impossible Foods' Motion in Limine No. 1 | Highlighted portions. | The information requested to be sealed contains Impossible Foods' sensitive business and financial information. Public disclosure of such information would harm Impossible Foods by revealing its internal business and financial strategies to competitors and business partners alike. |
| 371-2 | Exhibit 3 to Supplemental Brief Re: Impossible Foods' Motion in Limine No. 1 | Entire document. | |
| 371-3 | Exhibit 5 to Supplemental Brief Re: Impossible Foods' Motion in Limine No. 1 | Entire document. | |
| 371-4 | Exhibit 6 to Supplemental Brief Re: Impossible Foods' Motion in Limine No. 1 | Entire document. | |
| 371-5 | Exhibit 7 to Supplemental Brief Re: Impossible Foods' Motion in Limine No. 1 | Entire document. | |

DATED: March 3, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
    G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

IMPOSSIBLE FOOD INC.'S BRIEF REGARDING ADMINISTRATIVE SEALING MOTIONS
Case No. 5:21-CV-02419-BLF (SVK)