G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF |
| Plaintiff, | **PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S SUPPLEMENTAL BRIEF REGARDING OBJECTION TO EVIDENCE RELATED TO NON-INFRINGING GOODS** |
| vs. | |
| IMPOSSIBLE LLC, et al., | |
| Defendants. | Judge:   Hon. Beth L. Freeman |

1

As this Court observed yesterday, ILLC's case-in-chief "completely lost the focus of the goods that are asserted to be infringed in the case." Mar. 9, 2026 Tr. at 232:1–3. Over and over, ILLC attempted to introduce evidence of purported confusion that is completely untethered from the allegedly infringing goods at issue—i.e. apparel and cookbooks—and instead relates solely or primarily to the Impossible burger, which is concededly <u>not</u> at issue in ILLC's claims. *See, e.g.*, Dkt. 391-2 at 3 (ILLC's trial brief: conceding that Impossible Foods' plant-based burger is a "non-infringing item"); *see also* Dkt. 383 at 7 (MIL Order: recognizing that products that "simply were not accused in Impossible LLC's counterclaims" are not at issue).

"[A] plaintiff must prove that the defendant (1) used in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, that (3) is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of **the goods or services in question**." *Iglesia Ni Cristo v. Cayabyab*, No. 18-CV-00561-BLF, 2020 WL 1531349, at *7 (N.D. Cal. Mar. 31, 2020) (Freeman, J.) (emphasis added) (citing 15 U.S.C. § 1125). It is black-letter law that the likelihood-of-confusion test "considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names **at issue in the case**." *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012) (emphasis added); *see also Jackpocket, Inc. v. Lottomatrix NY LLC*, 645 F. Supp. 3d 185, 260 (S.D.N.Y. 2022) ("[E]vidence of confusion must be related to the actions or behaviors at issue."), *aff'd*, No. 23-12-CV, 2024 WL 1152520, at *5 (2d Cir. Mar. 18, 2024) ("[T]he relevant confusion is that which affects the purchasing and selling of the goods or services in question."); *W.W.W. Pharm. Co. v. Gillette Co.*, 984 F.2d 567, 574 (2d Cir. 1993) (same); *Alzheimer's Disease & Related Disorders Ass'n, Inc. v. Alzheimer's Found. of Am., Inc.*, 307 F. Supp. 3d 260, 293 (S.D.N.Y. 2018) ("[E]vidence of confusion must be related to the actions or behaviors at issue.").

Indeed, the "*sine qua non* of trademark infringement is consumer confusion caused by **the infringing behavior**." *Alzheimer's Disease*, 307 F. Supp. 3d at 287 (emphasis added); *see Rehrig Pac. Co. v. Norseman Plastics Ltd., Inc.*, No. 03-CV-470, 2003 WL 25667625, at *31 (C.D. Cal. Sept. 30, 2003) (requiring "a causal link between [the consumer's] confusion and defendant's allegedly infringing behavior"); *see also Girl Scouts of the United States of Am. v. Boy Scouts of Am.*, 597 F. Supp. 3d 581, 601 (S.D.N.Y. 2022) ("Instances of confusion *not* caused by the allegedly infringing use are insufficient" to show actual confusion (emphasis added)).

This morning, the Court inquired whether the burger could be relevant to one of the *Sleekcraft* factors: the proximity of the goods. The answer is no, because the burger is *not* a good at issue in ILLC's claims. This factor focuses on the "proximity or relatedness of **the goods or services at issue**." *JL Beverage Co., LLC v. Beam, Inc.*, 318 F. Supp. 3d 1188, 1206 (D. Nev. 2018) (emphasis added), *aff'd*, 815 F. App'x 110 (9th Cir. 2020); *see also UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 610 (C.D. Cal. 2017) (considering "the proximity or relatedness of the goods or services at issue").

ILLC's claims are about allegedly infringing apparel and cookbooks. ILLC's claims are not about—and ILLC does not allege—that the Impossible burger infringes or confuses. Therefore, ILLC's proffered evidence of burger-related confusion is irrelevant to the inquiry, and would only mislead the jury and confuse the issues in this case.

In court yesterday, ILLC attempted to argue that page 10 of this Court's summary judgment opinion ruled that unrelated confusion was admissible. Not so. The Court's opinion did not rule on admissibility at all—rather, it concerned whether ILLC had raised a triable issue on corrective advertising damages. *See* Dkt. 311 at 7–11. Impossible Foods had argued that Dr. Palmatier failed to properly isolate the effect of the allegedly infringing goods, and the Court held that whether he had done so would be a question for the jury. *Id.* at 10.

Importantly, Dr. Palmatier did not purport to opine on confusion due to the burger. Rather, Dr. Palmatier's opinion was that "IMPOSSIBLE-BRANDED **'SWAG' CLOTHING AND COOKBOOKS** VIEWED BY IMPOSSIBLE LLC'S CUSTOMERS OR POTENTIAL CUSTOMERS WOULD DAMAGE" ILLC.  Ex. 73 at 28 (capitalization in original, emphasis added).  The Court ruled that the weight of Dr. Palmatier's opinion—related to clothing and cookbooks—would be decided by the jury.

But now ILLC wants to go further, by introducing evidence of purported confusion that relates only to the burger and has nothing to do with the clothing and cookbooks.  That is wholly improper, would dramatically expand the scope of this case, and would severely prejudice Impossible Foods by misleading the jury into a fundamental misconception about what goods are at issue in ILLC's claims.

Respectfully submitted,

DATED: March 10, 2026                          DAVIS WRIGHT TREMAINE LLP

                                                              By: */s/ G. Roxanne Elings*
                                                                   G. Roxanne Elings

                                                                   Attorneys for Plaintiff/Counter-Defendant
                                                                   IMPOSSIBLE FOODS INC.

IMPOSSIBLE FOODS INC.'S SUPPLEMENTAL BRIEF REGARDING OBJECTION
Case No. 5:21-CV-02419-BLF (SVK)