1    G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
2    RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
3    DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
4    New York, NY 10020
Telephone: (212) 489-8230
5    Facsimile: (212) 489-8340

6    SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
7    DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
8    San Francisco, CA 94111
Telephone: (415) 276-6500
9    Facsimile: (415) 276-6599

10    Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

11

12

13

14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

15

SAN JOSE DIVISION

16

| | |
|---|---|
| 17   IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF |
| 18                 Plaintiff, | **PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S BRIEF REGARDING "GENERALIZED CONFUSION"** |
| 19      vs. | |
| 20   IMPOSSIBLE LLC, et al., | Judge:     Hon. Beth L. Freeman |
| 21                 Defendants. | |

22

23

24

25

26

27

28

1

1    In court today, ILLC stated that it was alleging "generalized confusion" and "generalized

2 confusion evidence [i]s part of a consideration of what the jury can think about" in assessing a

3 likelihood of confusion.   Mar. 11, 2026 Tr. at 459:12, 465:14–22.   ILLC's theory reflects a

4 fundamental misunderstanding of trademark law.   As the Supreme Court and the Ninth Circuit have

5 repeatedly explained:

6    The Supreme Court has made it clear that trademark infringement law prevents only

7    unauthorized uses of a trademark in connection with a commercial transaction in

8    which the trademark is being used to confuse potential consumers. *See Prestonettes,*

9    *Inc. v. Coty*, 264 U.S. 359, 368 (1924) ("A trade-mark only gives the right to prohibit

10    the use of it so far as to protect the owner's good will against *the sale of **another's***

11    ***product** as his*." [emphasis added]) . . . .   As the Second Circuit held, "[t]he Lanham

12    Act seeks to prevent consumer confusion that enables a seller to pass off **his goods**

13    as the goods of another. . . .   [T]rademark infringement protects only against

14    mistaken *purchasing decisions* and **<u>not</u> against confusion generally**." *Lang v. Ret.*

15    *Living Publ'g Co.*, 949 F.2d 576, 582–83 (2d Cir.1991) (internal quotation marks

16    and citation omitted) (emphasis added).

17 *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676–77 (9th Cir. 2005) (italics in original, bold

18 and underline added); *see also Instant Media, Inc. v. Microsoft Corp.*, No. C 07-02639 SBA, 2007

19 WL 2318948, at *14 (N.D. Cal. Aug. 13, 2007) (same in reverse-confusion case: Offered evidence

20 "not specifically related to *[defendant's] products*, is not evidence of actual confusion; confusion

21 in the abstract is not actual confusion. . . . Relevant confusion is that which affects purchasing

22 decisions, **<u>not</u> confusion generally**." (emphases added)); *Stone Brewing Co., LLC v. MillerCoors*

23 *LLC*, No. 3:18-CV-00331-BEN-JMA, 2019 WL 1383273, at *5, *8 n.6 (S.D. Cal. Mar. 26, 2019)

24 (same in another reverse-confusion case).

25    Indeed, one of the cases that ILLC cited last night confirms this very point:

26    "'[T]rademark infringement protects only against mistaken purchasing decisions

27    and **<u>not</u> against confusion generally**.'" *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d

28    672, 677 (9th Cir.2005) (emphasis omitted) (quoting *Lang v. Ret. Living Publ'g Co.*,

2

IMPOSSIBLE FOODS INC.'S BRIEF REGARDING "GENERALIZED CONFUSION"
Case No. 5:21-CV-02419-BLF (SVK)

949 F.2d 576, 582–83 (2d Cir.1991)); *accord Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1535 & n. 5 (9th Cir.1989) (explaining that "likelihood of confusion" analysis must remain focused "upon confusion in the marketplace, **as opposed to generalized public confusion**" . . . ).

*Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1214 (9th Cir. 2012) (emphases added).

Therefore, proposed Jury Instruction 47-a must focus on the goods at issue—<u>not</u> generalized confusion.

Respectfully submitted,

DATED: March 11, 2026                        DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
     G. Roxanne Elings

     Attorneys for Plaintiff/Counter-Defendant
     IMPOSSIBLE FOODS INC.

IMPOSSIBLE FOODS INC.'S BRIEF REGARDING "GENERALIZED CONFUSION"
Case No. 5:21-CV-02419-BLF (SVK)