G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF |
| Plaintiff, | **IMPOSSIBLE FOODS' THIRD AMENDED [PROPOSED] VERDICT FORM** |
| vs. | |
| IMPOSSIBLE LLC, | Judge:    Hon. Beth L. Freeman |
| Defendant. | |

Pursuant to the Court's instructions, Plaintiff and Counterclaim-Defendant Impossible Foods Inc. ("Impossible Foods") submits the following proposed Verdict Form.

1

## VERDICT FORM

We, the jury impaneled in this case, unanimously answer the questions submitted to us as follows.

## PART I

1.      **Fraud on the U.S. Patent and Trademark Office.**  Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC committed fraud on the U.S. Patent and Trademark Office in connection with the following registrations?

Registration No. 5387588 for IMPOSSIBLE NUTRITION (stylized):      Yes ___  No ___

Registration No. 5590801 for IMPOSSIBLE FITNESS (stylized):      Yes ___  No ___

Registration No. 5603025 for IMPOSSIBLE FITNESS:      Yes ___  No ___

Registration No. 5620625 for IMPOSSIBLE:      Yes ___  No ___

Registration No. 6571603 for IMPOSSIBLE (animated):      Yes ___  No ___

*Go on to Question 2.*

2.      **Abandonment of Common-Law Trademark in Connection with Recipes.**  Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC abandoned the unregistered trademark in IMPOSSIBLE in connection with recipes?

Yes ___  No ___

*Go on to Part II.*

## PART II

**Trademark Infringement & Unfair Competition: Impossible LLC's Federal & Calif. Claims**

**A.      Registered Trademarks**

*For any trademark for which you answered "Yes" on Question 1, skip that trademark in Question 3.*

3.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid registered trademarks by Impossible Foods' use in connection with apparel?

Registration No. 4260617 for IMPOSSIBLE (stylized):      Yes ___  No ___

Registration No. 4624158 for IMPOSSIBLE FITNESS:      Yes ___  No ___

Registration No. 5179974 for IMPOSSIBLE HQ:      Yes ___  No ___

2

Registration No. 5376208 for IMPOSSIBLE (stylized):        Yes ___   No ___

Registration No. 5387588 for IMPOSSIBLE NUTRITION (stylized):        Yes ___   No ___

Registration No. 5620625 for IMPOSSIBLE:        Yes ___   No ___

*Go on to Section B.*

**B.   Common-Law Trademark in Connection with Apparel**

4.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible LLC had established an unregistered trademark in IMPOSSIBLE in connection with apparel, before Impossible Foods began its use in connection with apparel?

Yes ___   No ___

*If you checked "No," skip Question 5.*

5.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid unregistered trademark in IMPOSSIBLE in connection with apparel by Impossible Foods' use in connection with apparel?

Yes ___   No ___

*Go on to Section C.*

**C.   Common-Law Trademark in Connection with Nutrition Information**

6.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible LLC had established an unregistered trademark in IMPOSSIBLE in connection with nutrition information, before Impossible Foods began its use in connection with cookbooks?

Yes ___   No ___

*If you checked "No," skip Question 7.*

7.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid unregistered trademark in IMPOSSIBLE in connection with nutrition information by Impossible Foods' use in connection with cookbooks?

Yes ___   No ___

*Go on to Section D.*

**D.      Common-Law Trademark in Connection with Recipes**

*If you answered "Yes" on Question 2, skip Questions 8 and 9.*

8.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible LLC had established an unregistered trademark in IMPOSSIBLE in connection with recipes, before Impossible Foods began its use in connection with cookbooks?

Yes ___   No ___

*If you checked "No," skip Question 9.*

9.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid unregistered trademark in IMPOSSIBLE in connection with recipes by Impossible Foods' use in connection with cookbooks?

Yes ___   No ___

*Go on to Section E.*

**E.      Mental State**

*Answer the following question only if you found any infringement in Questions 3, 5, 7, or 9.  Otherwise, skip Question 10.*

10.      Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods willfully infringed Impossible LLC's valid registered or unregistered trademarks?

Registration No. 4260617 for IMPOSSIBLE (stylized):                Yes ___   No ___

Registration No. 4624158 for IMPOSSIBLE FITNESS:                Yes ___   No ___

Registration No. 5179974 for IMPOSSIBLE HQ:                Yes ___   No ___

Registration No. 5376208 for IMPOSSIBLE (stylized):                Yes ___   No ___

Registration No. 5387588 for IMPOSSIBLE NUTRITION (stylized):      Yes ___   No ___

Registration No. 5620625 for IMPOSSIBLE:                Yes ___   No ___

IMPOSSIBLE:                Yes ___   No ___

*Answer the following question only if you found any infringement in Questions 5, 7, or 9.  Otherwise, skip Question 11.*

11.    Did Impossible LLC prove, by clear and convincing evidence, that Impossible Foods acted with oppression, fraud, or malice in infringing Impossible LLC's unregistered trademark in IMPOSSIBLE in California?

Yes ___    No ___

*Go on to Part III.*

## PART III

*For this part, answer the following questions only if you found any infringement in Questions 3, 5, 7, or 9.  Otherwise, skip Questions 12 and 13.*

**Corrective Advertising Damages**

12.    Did Impossible LLC prove, by a preponderance of the evidence, that corrective advertising is reasonably necessary to remedy the damage to the value of its trademarks caused by Impossible Foods' infringing apparel?

Yes ___    No ___

*If you checked "No," skip Question 13.*

13.    What amount, if any—up to the amount of the damage to the value of Impossible LLC's trademarks—did Impossible LLC prove, by a preponderance of the evidence, is the reasonably necessary cost of corrective advertising to remedy such damage caused by Impossible Foods' infringing apparel?

$ _____

*Go on to Part IV.*

## PART IV

**Trademark Infringement & Unfair Competition: Impossible Foods' Federal & Calif. Claims**

**A.    Registered Trademarks**

14.    Did Impossible Foods prove, by a preponderance of the evidence, that Impossible LLC infringed Impossible Foods' valid registered trademarks by Impossible LLC's use in connection with dietary supplements?

Registration No. 5459255 for IMPOSSIBLE                Yes ___    No ___

Registration No. 7179385 for IMPOSSIBLE (stylized)      Yes ___    No ___

Registration No. 7401728 for IMPOSSIBLE                Yes ___  No ___

*Go on to Section B.*

**B.      Common-Law Trademark**

15.      Did Impossible Foods prove, by a preponderance of the evidence, that Impossible Foods had established an unregistered trademark in IMPOSSIBLE in connection with plant-based meat products, before Impossible LLC began its use in connection with dietary supplements?

Yes ___  No ___

*If you checked "No," skip Question 16.*

16.      Did Impossible Foods prove, by a preponderance of the evidence, that Impossible LLC infringed Impossible Foods' valid unregistered trademark in IMPOSSIBLE in connection with plant-based meat products by Impossible LLC's use in connection with dietary supplements?

Yes ___  No ___

*Once you have completed the verdict form, the presiding juror should then sign and date the verdict form in the spaces below, and notify the clerk that you have reached a verdict.*

Dated: _____          _____
                                     Signature of Presiding Juror