**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| IMPOSSIBLE X LLC, et al., | [Re: ECF No. 373] |
| Defendants. | |

Impossible Foods filed an administrative sealing motion and supporting declaration concurrently with its response to Impossible LLC's Supplemental Brief regarding Impossible Impossible's first motion *in limine*. ECF No. 373 ("Mot."). Impossible LLC did not file a response. For the following reasons, the motion is GRANTED.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *accord Kamakana*, 447 F.3d at 1178–80.

In this district, all parties requesting sealing must comply with Civil Local Rule 79-5, which requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing;

(ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires that the moving party provide "evidentiary support from declarations where necessary," Civ. L.R. 79-5(c)(2), and that the proposed order be "narrowly tailored to seal only the sealable material," Civ. L.R. 79-5(c)(3).

Impossible Foods seeks to seal portions of three sentences discussing sales of its cookbook, as well as two invoices Impossible Foods produced in discovery showing purchases of Impossible Foods-branded shirts, hats, pins, stickers, and other products. "Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'" *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021); *accord Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023). Impossible Foods avers that disclosure of the information would result in significant harm to Impossible Foods, including, *inter alia*, by exposing valuable insights into Impossible Foods's marketing and financial decision-making strategies.

The Court finds that Impossible Foods has established compelling reasons to seal information that would reveal internal business and financial decision-making strategies. Such a disclosure would reveal business information to competitors, vendors, and would-be collaborators and could cause harm to Impossible Foods's relative to its competitors and future business partners. Impossible Foods has narrowly tailored its request to seal these materials. The Court will accordingly grant the motion as reflected in the chart below.

| ECF No. | Document | Portion to Seal | Reason |
|---------|----------|-----------------|--------|
| 373-2 | Response to Impossible LLC's Supplemental Brief | Highlighted portions at 2:14–15, 18. | The information contains Impossible Foods's sensitive financial information, disclosure of which would harm Impossible Foods by revealing internal business and financial strategies. |
| 373-3 | Invoice produced in discovery at IF00017508 | Entire Document | |
| 373-4 | Invoice produced in discovery at IF00017509 | Entire Document | |

United States District Court
Northern District of California

For the foregoing reasons, IT IS HEREBY ORDERED that the motion is GRANTED and the material referenced therein will be maintained under seal.

Dated:  March 17, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3