J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> IMPOSSIBLE LLC, <br><br> Defendant / Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> **IMPOSSIBLE LLC'S TRIAL BRIEF NO. 2 RE: "USE IN COMMERCE"** <br><br> **Judge:** Hon. Beth Labson Freeman <br> **Trial Date:** March 9, 2026 |

IMPOSSIBLE LLC'S TRIAL BRIEF NO. 2

Impossible LLC respectfully requests that the Court instruct Impossible Foods that, during its closing argument, it must not misstate Ninth Circuit law regarding the degree of commercial activity sufficient to show "use in commerce" under 15 U.S.C. § 1127. Impossible LLC further requests that the Court issue a corrective instruction to cure any prejudice caused by Impossible Foods's misstatement of Ninth Circuit law during its opening statement.

As the Court will instruct the jury, the Lanham Act requires that an individual submitting a trademark registration application verify that the mark is "in use in commerce on or in connection with all the goods and services listed in the application as of the application filing date." Eighth Revised Joint Proposed Jury Instructions – Substantive Instructions, Instruction 54-a. "A trademark is 'used' for purposes of this instruction when it is transported or sold in commerce." *Id.*, Instruction 51-a. Under Ninth Circuit law, a product is transported or sold in commerce when it is made available at an online point-of-sale in connection with the submitted mark. As the Ninth Circuit held in *Rearden LLC v. Rearden Commerce, Inc.*, "evidence of actual sales, or lack thereof, is not dispositive in determining whether a party has established 'use in commerce' within the meaning of the Lanham Act. Instead, we have acknowledged the potential relevance of non-sales activity in demonstrating not only whether a mark has been adequately displayed in public, but also whether a service identified by the mark has been 'rendered in commerce,' 15 U.S.C. § 1127." 683 F.3d 1190, 1205 (9th Cir. 2012); *see also Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 818 (9th Cir. 2021) (holding that "[n]on-sales activities are relevant where they may indicate whether a good or service has been adequately and publicly used and displayed in commerce"); *Am. Auto. Assoc. of N. Cal., Nev. & Utah v. General Motors*, 367 F. Supp. 3d 1072, 1099 (N.D. Cal. 2019) ("The Ninth Circuit has held that 'trademark rights can vest even before any goods or services are actually sold if the totality of one's prior actions, taken together, can establish a right to use the trademark'") (cleaned up); *Marketquest Grp, Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1288 (S.D. Cal. 2018) ("[Trademark Manual of Examining Procedure § 904.03(i)(C)] indicates five means by which a

website can provide ordering information any one of which may be sufficient to constitute use in commerce . . . .").

Contrary to this controlling legal standard, Impossible Foods represented to the jury during the opening that the case was about "trademark rights [that] were claimed or maintained for [] products that were not actually being sold in commerce." Mar. 9, 2026 Trial Tr. 109:11-13. Impossible Foods further asserted to the jury that "[trademark rights] exist only where a mark is actually used in commerce on particular goods or services. *That means evidence is what was actually sold matters." Id.* 110:7-9 (emphasis added). Seconds later, Impossible Foods told the jury "what products were really being sold" is at issue. *Id.* 110:15-16. And at the parties' March 13, 2026 charge conference, counsel for Impossible Foods again took the position that Section 1117 requires a completed transaction for a good to be sufficiently "sold" for purpose of the "use in commerce" requirement. As noted, however, that is not the law of the Ninth Circuit.

Impossible LLC anticipates Impossible Foods will renew its erroneous assertion of the law during closing arguments. Impossible LLC therefore respectfully requests that the Court instruct Impossible Foods not to assert, claim, or suggest that an actual sale is required for a party to satisfy "use in commerce" for the purpose of the Lanham Act. Impossible LLC further requests that the Court issue a corrective instruction to cure any prejudice caused by Impossible Foods's misstatement of Ninth Circuit law during its opening statement.

Dated: March 17, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:  */s/ Adam S. Cashman*
      Adam S. Cashman

*Attorneys for Impossible LLC*