G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF |
| Plaintiff, | **PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S RESPONSIVE BRIEF REGARDING "USE IN COMMERCE"** |
| vs. | |
| IMPOSSIBLE LLC, et al., | |
| Defendants. | Judge:    Hon. Beth L. Freeman |

ILLC's brief amounts to an eleventh-hour attack on Jury Instructions 51-a and 54-a.  It is far too late to modify or augment these instructions—both of which were in ILLC's possession a week ago, by Wednesday, March 11.  If ILLC had concerns that the undersigned's March 9 opening statement was inconsistent with these instructions (it was not), the time to raise those concerns was on March 9 or March 11—and certainly not on the eve of charging the jury.  ILLC's request for a "corrective instruction" should be rejected on that basis alone.

On the merits, ILLC's request fails because ILLC (again) confuses principles of trademark law.  For reference, the two instructions at issue are:

> In a trademark or service mark application based on use in commerce, the mark must
> be in use in commerce on or in connection with all the goods and services listed in
> the application as of the application filing date.

Instruction 54-a.

> A trademark is "used" for purposes of this instruction when it is transported or sold
> in commerce and the trademark is attached to the product, or placed on its label or
> container, or if that is not practical, placed on documents associated with the goods
> or their sale.

Instruction No. 51-a.

These instructions are correct, and they govern the issue of whether ILLC fraudulently claimed "use" in its trademark applications to procure registrations.  Registration requires actual sales or actual transportation in commerce—a requirement that courts have termed "actual use" or "technical use."  To avoid this requirement, ILLC conflates actual use with a different type of use called "analogous use," which uses a more flexible "totality of the circumstances" test.  While analogous use can include non-sales activity, analogous use is applicable only to the separate issue of *priority*—it does <u>not</u> apply to the issue of *registration*:

> Courts and commentators recognize that "[t]here are two different standards of 'use'
> depending on whether the issue is the kind of 'use' which will . . . support the validity
> of a trademark registration," termed "actual use," or which will "establish priority
> of use over a rival which results in ownership of the disputed mark," called

1

"analogous use." 2 MCCARTHY ON TRADEMARKS § 16:14. "To be a basis for federal registration as a trademark, . . . a mark [must *actually be*] used on or in connection with the goods [or services]." *Id.* Although "the analogous use doctrine, where it applies, eases the technical requirements for trademarks and service marks [in cases where a claimant] asserts *priority* on the basis of earlier analogous use of the mark[,]" **the doctrine "has <u>not</u> been stretched so far as to obviate the requirement that [a party] show eventual <u>actual use</u>" for purposes of** *registration*.

*IOW, LLC v. Breus*, 425 F. Supp. 3d 1175, 1198 (D. Ariz. 2019) (alterations in original, emphases added and omitted) (quoting *Am. Express Co. v. Goetz*, 515 F.3d 156, 162 (2d Cir. 2008)). As the leading trademark treatise explains:

> There are two different standards of "use" depending on whether the issue is the kind of "use" which will either: (1) support the validity of a trademark registration; or (2) establish priority of use over a rival which results in ownership of the disputed mark. To be a basis for federal registration as a trademark, there must be a "technical" [or actual] use in the sense that a mark is used on or in connection with the goods. This is usually called the "affixation" requirement. For example, the classic and traditional way to "use" a designation as a "trademark" is to affix it to the goods or their packaging and to sell the goods with the mark affixed. When the issue is priority (who was first to "use" the mark and is therefore the owner), [under the totality-of-the-circumstances test for analogous use,] even a use of a mark in a non-technical, non-affixed manner can sometimes be sufficient.

2 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS § 16:14 (2026). For registration, "the mark must be **<u>actually used</u>** in conjunction with the services described in the application for the mark." *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1360 (Fed. Cir. 2009) (emphasis added). By contrast, "analogous use is '**<u>never</u>** considered an appropriate basis for an application to register.'" *Underwood v. Bank of Am. Corp.*, 2019 WL 8375952, at *4 (D. Colo. Aug. 16, 2019) (emphasis added) (quoting *Shalom Children's Wear Inc. v. in-Wear a/s*, 26 U.S.P.Q.2d 1516 (T.T.A.B. 1993)).

Given the authorities above, the undersigned was correct when she stated during openings that there will be evidence about ILLC's "trademark filings" for "products that were not actually being sold in commerce." Mar. 9, 2026 Trial Tr. at 109:8–13. Actual use is a requirement for registration, and the lack of it is an element of ILLC's fraud. Therefore, there is no need for any "corrective instruction," and no basis for ILLC to object to similar statements during closings.

ILLC's argument—that non-sales activity, rather than actual use, suffices—is wrong. That argument applies only to *priority*; it does not apply to *registrations*. "The cases cited by [ILLC] apply the Ninth Circuit's totality-of-the-circumstances test to determine common law priority of trademark rights, and include no cases applying this more flexible approach to determine whether a registered trademark owner has actually provided services sufficient to support federal statutory registration." *IOW*, 425 F. Supp. 3d at 1198.[1] Registration requires actual use, not analogous use.

At bottom, ILLC's brief amounts to yet another, last-ditch attempt to excuse or explain away its fraudulent statements regarding actual use in its trademark applications. First, ILLC claimed that it thought "namely" meant "for example" in the list of registered goods. That explanation collapsed when ILLC was ordered to produce crime-fraud emails showing that it knew "namely" actually meant "each" and "all." Then, ILLC claimed that it thought theoretical potential sales through a "print-on-demand" service sufficed to establish actual use (it does not). Now, ILLC reaches for the inapposite doctrine of "analogous use" to try to shield its fraudulent statements. Enough. It is time for the jury to judge ILLC's fraudulent statements of actual use.

---

[1] *Cf. Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1206 (9th Cir. 2012) (applying totality-of-the-circumstances test to analogous use in *priority* dispute); *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 819–20 (9th Cir. 2021) (same); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 367 F. Supp. 3d 1072, 1099 (N.D. Cal. 2019) (same). ILLC's citation to these cases addressing priority—even though its brief is directed to the issue of its "trademark registration application[s]"—is misplaced. ILLC's Br. at 2. ILLC's last case cited, *Marketquest Grp., Inc. v. BIC Corp.*, likewise did not address actual use on a registration; rather, it pertained to abandonment. 316 F. Supp. 3d 1234, 1288 (S.D. Cal. 2018).

IMPOSSIBLE FOODS INC.'S RESPONSIVE BRIEF REGARDING "USE IN COMMERCE"
Case No. 5:21-CV-02419-BLF (SVK)

Respectfully submitted,

DATED: March 18, 2026                    DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
    G. Roxanne Elings

    Attorneys for Plaintiff/Counter-Defendant
    IMPOSSIBLE FOODS INC.

4

IMPOSSIBLE FOODS INC.'S RESPONSIVE BRIEF REGARDING "USE IN COMMERCE"
Case No. 5:21-CV-02419-BLF (SVK)