United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

IMPOSSIBLE FOODS INC.,

Plaintiff,

v.

IMPOSSIBLE X LLC,

Defendant.

Case No.  5:21-cv-02419-BLF

**ORDER REGARDING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

[Re:  ECF Nos. 351, 371]

Impossible X LLC filed administrative motions to consider whether another party's materials should be sealed in connection with its pretrial filings.  ECF Nos. 351, 371.  After the Court ordered designating parties to act on certain administrative sealing motions should they wish for the Court to take any action on them, *see* ECF No. 381, Impossible Foods filed a response in support of sealing.  ECF No. 393.  For the following reasons, the material referenced in the administrative sealing motions is ORDERED to remain under seal.

"For any document a party ('Filing Party') seeks to seal because that document has been designated as confidential by another party or non-party (the 'Designating Party'), the Filing Party must, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed."  Civ. L.R. 72-5(f).  For such administrative motions, "[w]ithin 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in subsection (c)(1).  A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party."  Civ. L.R. 72-5(f)(3).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *accord Kamakana*, 447 F.3d at 1178–80.

In this district, all parties requesting sealing must comply with Civil Local Rule 79-5, which requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Civil Local Rule 79-5 also requires that the moving party provide "evidentiary support from declarations where necessary," Civ. L.R. 79-5(c)(2), and that the proposed order be "narrowly tailored to seal only the sealable material," Civ. L.R. 79-5(c)(3).

The administrative sealing motions relate to portions of Impossible LLC's brief in Opposition to Impossible Foods's Motion *in Limine* No. 1 and the entirety of Exhibits 3, 5, 6, and 7 of supplemental briefing in regard to that *in limine* motion, which are excerpts of deposition testimony relating to Impossible Foods's marketing strategy and sales, a third-party contract, additional deposition excerpts, and revenue statements.  "Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"  *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021); *accord Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023).  Impossible Foods avers that disclosure of the information would result in significant harm to Impossible Foods, including, *inter alia*, by exposing valuable insights into Impossible Foods's marketing and financial decision-making strategies.

The Court finds that Impossible Foods has established compelling reasons to seal information that would reveal internal business and financial decision-making strategies.  Such a disclosure would reveal business information to competitors, vendors, and would-be collaborators and could cause harm to Impossible Foods's relative to its competitors and future business partners.  The Court will accordingly grant the motion as reflected in the chart below.

| ECF No. | Document | Portion to Seal | Reason |
|---|---|---|---|
| 351-2 | Impossible LLC and Joel Runyon's Opposition to Impossible Foods' Motion *in Limine* No. 1 | Highlighted portions | The information contains Impossible Foods's sensitive financial information, disclosure of which would harm Impossible Foods by revealing internal business and financial strategies. |
| 371-2 | Exhibit No. 3 to Supplemental Brief Re: Impossible Foods' Motion *in Limine* No. 1 | Entire Document | |
| 371-3 | Exhibit No. 5 to Supplemental Brief Re: Impossible Foods' Motion *in Limine* No. 1 | Entire Document | |
| 371-4 | Exhibit No. 6 to Supplemental Brief Re: Impossible Foods' *Motion in Limine* No. 1 | Entire Document | |
| 371-5 | Exhibit No. 7 to Supplemental Brief Re: Impossible Foods' Motion *in Limine* No. 1 | Entire Document | |

For the foregoing reasons, IT IS HEREBY ORDERED the materials reflected here will be maintained under seal.

Dated:  March 19, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3