**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

          Plaintiff,

    v.

IMPOSSIBLE X LLC,

          Defendant.

Case No.  5:21-cv-02419-BLF

**ORDER GRANTING SEALING MOTION**

[Re: ECF No. 361]

Impossible Foods filed an administrative motion to seal certain information in connection with its first and second motions *in limine*, ECF Nos. 321, 322, which were directed to excluding the testimony of Impossible LLC's expert witnesses.  ECF No. 361 ("Mot.").  Impossible LLC did not file an opposition.  The motion is GRANTED.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *accord Kamakana*, 447 F.3d at 1178–80.

In this district, all parties requesting sealing must comply with Civil Local Rule 79-5, which requires, *inter alia*, the moving party to provide "the reasons for keeping a document under

United States District Court
Northern District of California

seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires that the moving party provide "evidentiary support from declarations where necessary," Civ. L.R. 79-5(c)(2), and that the proposed order be "narrowly tailored to seal only the sealable material," Civ. L.R. 79-5(c)(3).

Impossible Foods's sealing motion relates to the expert reports and deposition testimony of expert witnesses. Specifically, Impossible Foods seeks to seal portions of its first and second motions *in limine* and to seal exhibits attached thereto containing expert reports and deposition transcripts in their entirety. *See* Mot. at 4. Impossible Foods asserts that these documents "contain high level financial data about the company, which is private, as well information about marketing spending" whose disclosure would "expos[e] valuable insights into Impossible Foods's marketing and financial decision-making strategies." *Id.* at 3.

"Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'" *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021); *accord Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023). The Court finds that Impossible Foods has established compelling reasons to seal information that would reveal internal business and financial decision-making strategies. Such a disclosure would reveal business information to competitors, vendors, and would-be collaborators and could cause harm to Impossible Foods's relative to its competitors and future business partners.

The Court GRANTS the motion and ORDERS the following to remain under seal.

| ECF No. | Document | Portion to Seal | Reason |
|---|---|---|---|
| 321 | Impossible Foods's Motion *in Limine* No. 1 to Exclude the Report and Testimony of Dr. Jennifer Vanderhart | Highlighted portions at 1:17–19, 3:4–8, 4:1–2, 4:17–20 | The information contains Impossible Foods's sensitive financial information, disclosure of which would harm |

| 322 | Impossible Foods's Motion *in Limine* No. 2 to Exclude the Report and Testimony of Dr. Robert Palmatier | Highlighted portions at 2:4–6, 2:9–11, 3:13–15, 3:19 | Impossible Foods by revealing internal business and financial strategies. |
|---|---|---|---|
| 324-2 | Expert Report of Dr. Jennifer Vanderhart | Entire Document | |
| 324-3 | Excerpts of Deposition Transcript of Dr. Jennifer Vanderhart | Entire Document | |
| 324-4 | Declaration and Expert Report of Dr. Robert Palmatier | Entire Document | |
| 325-3 | Rebuttal Expert Report of John G. Plumpe | Entire Document | |
| 330-1 | Declaration and Expert Report of Dr. Robert Palmatier | Entire Document | |
| 330-2 | Expert Report of Dr. Jennifer Vanderhart | Entire Document | |

Dated:  March 20, 2026

_____

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3