J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>    Plaintiff / Counter-Defendant,<br><br>      v.<br><br>IMPOSSIBLE LLC,<br><br>    Defendant / Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF (SVK)<br><br>**IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION FOR JUDGMENT ON DEFENSE OF LACHES**<br><br>**Judge:**    Hon. Beth Labson Freeman<br>**Trial Date:**  March 9, 2026 |

IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION FOR JUDGMENT ON DEFENSE OF LACHES

**INTRODUCTION**

After a weeklong trial and multiple days of careful deliberation, the jury has delivered its verdict: Impossible Foods willfully infringed Impossible LLC's registered and unregistered trademarks, causing $1,500,000 in damages. Further, the jury found that Impossible Foods's conduct was so reprehensible that it amounted to oppression, fraud, or malice, and awarded $1,750,000 in punitive damages. Impossible Foods now asks the Court to cast aside the jury's findings based on the equitable doctrine of laches. But one seeking equity must come with clean hands, and so the equitable doctrine of laches is unavailable to a willful infringer as a matter of law—to say nothing of one who acted with oppression, fraud, or malice, as Impossible Foods was adjudged to have done here. And even if Impossible Foods's laches defense could be considered, it would fail on the merits because Impossible LLC did not unreasonably delay filing suit and Impossible Foods presented no evidence it was prejudiced by any alleged delay.

**ARGUMENT**

"To establish that laches bars a claim, a defendant must 'prove both an unreasonable delay by the plaintiff and prejudice to itself.'" *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1115 (9th Cir. 2018). Impossible Foods bears the burden of proving laches "by a preponderance of the evidence." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. C 11-4991 CW, 2013 WL 4528539, at *17 (N.D. Cal. Aug. 23, 2013). In considering Impossible Foods's laches defense, the Court sitting in equity "must 'follow the jury's implicit or explicit factual determinations.'" *Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016).

**I.      LACHES IS NOT AVAILABLE TO A WILLFUL OR MALICIOUS INFRINGER**

Impossible Foods's laches defense fails as a matter of law because the jury determined Impossible Foods's infringement was willful and undertaken with oppression, fraud, or malice. The Ninth Circuit repeatedly has held that a willful infringer may not invoke the defense of laches. *DC Comics v. Towle*, 802 F.3d 1012, 1026–27 (9th Cir. 2015) (the laches "doctrine does not apply . . .'in cases of willful infringement.'"); *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) ("The doctrine of laches does not apply in cases of willful infringement"); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 2021 WL 3630225, at *2

IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION FOR JUDGMENT ON DEFENSE OF LACHES

(9th Cir. Aug. 17, 2021) ("The district court correctly concluded that [defendant's] laches defense was barred by its willful infringement"). Here, the jury found that Impossible Foods willfully infringed Impossible LLC's trademarks and acted with "oppression, fraud, or malice," both of which are "factual determinations" that are binding in equity. *Teutscher*, 835 F.3d at 944. Thus, Impossible Foods may not invoke the doctrine of laches as a matter of law.

## II. IMPOSSIBLE FOODS WAS NOT PREJUDICED BY ANY ALLEGED DELAY

Impossible Foods's laches defense is also barred because Impossible Foods was not prejudiced by any alleged delay. Lack of prejudice is an absolute bar to a laches defense: even if a plaintiff delayed, the defendant "must still [prove] prejudice resulting from [an] unreasonable delay in bringing suit." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 991 (9th Cir. 2009); *In re Beaty*, 306 F.3d 914, 924 (9th Cir. 2002) ("laches is not a doctrine concerned solely with timing. Rather, it is primarily concerned with prejudice"); *Silicon Lab'ys, Inc. v. Cresta Tech. Corp.*, 2016 WL 693291, at *4 (N.D. Cal. Feb. 22, 2016) ("Material prejudice to adverse parties resulting from the plaintiff's delay is essential to the laches defense").

Impossible Foods failed to prove *any* legally cognizable prejudice, let alone *material* prejudice. Impossible Foods claims only that it was prejudiced because it continued to produce and distribute the infringing goods during the period of alleged delay. (Mot. at 5.) But as the Ninth Circuit explained in *Internet Specialties*, mere expenditures on infringing goods cannot establish prejudice as a matter of law; otherwise, "'[i]f . . . prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay.'" 559 F.3d at 991. Rather, "[l]aches is meant to protect an infringer whose efforts have been aimed at 'building a valuable business *around its trademark*' and 'an important reliance *on the publicity of its mark*.'" *Id*. at 991-2 (emphasis in original). Thus, a party must show that it "invest[ed] in the mark [at issue] as the identity of the business in the minds of the public." *Id*.

Impossible Foods presented no evidence that it "built up a valuable business" around its apparel trademarks. Instead, it repeatedly emphasized that it *does not* have any apparel business and *has not* attempted to establish itself as an apparel brand. Caitlin Hatman testified that Impossible Foods does not "market apparel" and does not "consider apparel a product." (Tr.

IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION FOR JUDGMENT ON DEFENSE OF LACHES

616:10-21.) Nicholas Halla testified that Impossible Foods did not "ever sell its apparel" and instead "just gave it away." (Tr. 428:13-18.) And Keaton Schwartz testified that Impossible Foods does not "see the clothing that it produces as a product line." (Tr. 519:2-4.) Impossible Foods's counsel pressed this point to the jury, calling the apparel "far removed from [Impossible Foods's] core business." (Tr. 126:24-127:1.) Impossible Foods made the same admissions at summary judgment, where it told the Court its apparel products "are ancillary at best to Impossible Foods's actual business," that its use of the IMPOSSIBLE mark on apparel "is merely ornamental and non-trademark use," and that "essentially none of the company's advertising efforts" involve apparel. (Dkt. 259 at 3-4, 16.)

Given these admissions, Impossible Foods fails to demonstrate any reliance on its purported trademark rights in apparel. *See Internet Specialties*, 559 F.3d at 992 (no prejudice from 6-year delay where defendant "did not spend the time in the interim developing brand recognition of its [challenged] mark); *adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1073-74 (D. Or. 2008) (no prejudice where defendant "acknowledge[d] that it has not built its business identity around the use of [the infringing mark] on shoes"). It is not credible for Impossible Foods to repeatedly deny that it deals in apparel and then claim the opposite now.

## III.    IMPOSSIBLE LLC DID NOT UNREASONABLY DELAY IN FILING SUIT

Impossible Foods also failed to prove that Impossible LLC delayed four years before filing suit, so "there is a strong presumption against laches." *Eat Right Foods*, 880 F.3d at 1115.

### A.    The Laches "Clock" Stopped on November 10, 2020

First, Impossible Foods errs in its presumption that laches is measured from March 2024 when Impossible LLC filed its counterclaims. (Mot. at 1.) The laches "clock" stops "when '*the lawsuit* in which the defendant seeks to invoke the laches defense' is initiated." *Eat Right Foods*, 880 F.3d at 1116 (emphasis added). Thus, the laches clock stopped running *at the latest* on April 2, 2021, when Impossible Foods initiated this lawsuit seeking a declaratory judgment that its cookbook and apparel sales did not infringe Impossible LLC trademark rights. (*See* Dkt. 1 (Compl.); Dkt. 35, Opp. to MTD at 11-12 (noting that "infringement" claims at issue in Complaint included "recipes, cookbooks, ***and apparel***").) Moreover, "reasonable time consumed in objecting

to the use and awaiting the defendant's response will not contribute to a finding of laches." *Eat Right Foods*, 880 F.3d at 1118 (quoting Restatement (Third) of Unfair Competition § 31). Thus, the laches clock effectively stopped on November 10, 2020, when Impossible LLC sent its cease-and-desist letter attempting to resolve this dispute before the Complaint was filed. (Trial Ex. 2183.)

### B.    Impossible Foods Failed to Establish Notice Prior to November 10, 2016

Impossible Foods did not establish that Impossible LLC had notice of its infringement claims earlier than either November 10, 2016—four years before Impossible LLC's cease-and-desist letter—or April 2, 2017—four years prior to this suit. "To prove that a plaintiff knew or should have known of the defendant's allegedly wrongful activity, the defendant must 'make a showing that it would have been inconceivable that [the plaintiff] would have been unaware' of those activities." *adidas*, 546 F. Supp. 2d at 1069. Here, Impossible Foods did not begin distributing apparel "publicly" until July 2016. (Tr. 386:3-6; Tr. 422:8-10.) Thus, July 2016 is the earliest date at which the laches clock could have begun running. *See Eat Right Foods*, 559 F.3d at 1116 (laches clock could not start before defendant "began using the [] mark in stores").

Impossible Foods presented no evidence that Mr. Runyon became aware of Impossible Foods's apparel between July 2016 and November 10, 2016; it did not even examine Mr. Runyon on this subject. Instead, it relies on snippets of Mr. Runyon's general testimony that he learned of Impossible Foods in "2015, 2016, right around then" and learned of its apparel products "soon thereafter." (Tr. 208:10-25.) These vague statements fail to fix Mr. Runyon's first knowledge between July 2016 and November 2016—or even prior to April 2017. And Impossible Foods falls far short of proving it was "inconceivable" that Mr. Runyon lacked notice during that period. *adidas*, 546 F. Supp. 2d at 1069. Because Impossible Foods failed to prove that Impossible LLC was aware of its infringement claims four years before this suit, "there is a strong presumption against laches." *Eat Right Foods*, 880 F.3d at 1115.

## IV.    THE *E-SYSTEMS* FACTORS WEIGH AGAINST A FINDING OF LACHES

Because willfulness, lack of prejudice, and lack of delay bar Impossible Foods's laches defense, it is not necessary to reach all *E-Systems* factors. But these, too, weigh against laches.

***Strength and Value of the Trademark Rights Asserted***. The evidence at trial showed that

IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION FOR JUDGMENT ON DEFENSE OF LACHES

the IMPOSSIBLE mark is Impossible LLC's most valuable asset (*see, e.g.*, Tr. 189:3-10, 276:8-22), and that Impossible LLC's IMPOSSIBLE apparel is both a product and a marketing tool that embodies the value of the mark and carries it to new consumers. (*See, e.g.*, Tr. 169:21-170:8, 173:20-174:3, 1023:1-14.) Impossible Foods's narrow focus on the quantum of apparel sales (Mot. at 3) ignores the great value of the apparel marks to Impossible LLC's overall business. And its claim of a "crowded field" is without evidence, as no trial witness knew if *any* alleged third-party marks were actually used in commerce. (*See* Tr. 963:16-24.)

*Plaintiff's Diligence in Enforcing Mark*. Impossible LLC has been diligent in enforcing its trademark rights, including in this dispute. (Trial Ex. 2183.) Impossible Foods's argument on this factor simply repeats its allegations of delay, but Impossible LLC did not delay as explained *supra*.

*Harm to Senior User if Relief Denied*. The jury found that the harm to Impossible LLC from Impossible Foods's infringement was substantial—$1.5 million in compensatory damages. Irreparable harm also is presumed as a result of the jury's liability finding. 15 U.S.C. § 1116(a). Impossible Foods's insistence that there was no harm to Impossible LLC thus crumbles in the face of the jury's findings, which are binding in equity. *Teutscher*, 835 F.3d at 944.

*Good Faith Ignorance by Junior User*. This factor is fully disposed by the jury's verdict that Impossible Foods acted with "oppression, fraud, or malice" and willfully infringed Impossible LLC's marks. Impossible Foods's argument that it saw Impossible LLC's apparel registrations and still believed it could use IMPOSSIBLE on apparel is not credible and was rejected by the jury.

*Competition Between the Junior and Senior Users*. Impossible Foods asserts that because it does not sell apparel for a profit, it does not "compete" with Impossible LLC in the apparel category. The jury rejected this argument when it found the products sufficiently related to cause confusion in the market. And Impossible Foods acknowledges that it spent at least $1 million on the infringing apparel and released it into the market as a marketing device. (Mot. at 5.) That is more than sufficient to show competition in the apparel space.

*Extent of Harm to Junior User.* Impossible Foods failed to show any cognizable prejudice, as explained in Section II, *supra*. In sum, all of the *E-Systems* factors weigh against laches here and provide no basis for disturbing the jury's verdict.

Dated: March 25, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:  */s/ Adam S. Cashman*
         Adam S. Cashman

*Attorneys for Impossible LLC*

Case No. 5:21-cv-02419-BLF (SVK)

IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION FOR JUDGMENT ON DEFENSE OF LACHES