G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY  10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/ Counter-Defendant
IMPOSSIBLE FOODS INC.

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> IMPOSSIBLE LLC, <br><br> Defendants/Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF <br><br> **PLAINTIFF/COUNTER-DEFENDANT IMPOSSIBLE FOODS INC.'S REPLY IN SUPPORT OF BRIEF REGARDING LACHES** <br><br> Judge:    Hon. Beth L. Freeman |

1

IMPOSSIBLE FOODS INC.'S REPLY IN SUPPORT OF LACHES BRIEF
Case No. 5:21-CV-02419-BLF (SVK)

**<u>REPLY</u>**

Plaintiff/Counter-Defendant Impossible Foods Inc. ("Impossible Foods") respectfully submits this short Reply in support of its previously-filed Brief Regarding Laches (Dkt. 440) ("Laches Brief"). This Reply addresses just one issue that was not yet ripe at the time the Laches Brief was filed: the effect of the jury's willfulness determination on the availability of Impossible Foods' laches defense.

Willfulness can, at times, be a bar to laches. *E.g.*, *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012). But the caselaw is clear that, in the trademark context, that rule applies where the junior user's "actions are 'willfully calculated to exploit the advantage of an established mark.'" *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015) (finding laches did not apply because "the undisputed facts establish that [defendant] used [plaintiff's] Batman trademarks in order to exploit the advantage of those marks") (quoting *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir.1993)). *See also Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 123 (9th Cir. 1968) (willful trademark infringement occurs where junior user is "attempting to gain the value of an established name of another"). Here, that was never Impossible LLC's theory. Instead, Impossible LLC argued that this was a case of reverse confusion, wherein a senior user alleges that "consumers dealing with the senior mark holder believe that they are doing business with the junior one." *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 932 (9th Cir. 2017).

The jury's verdict is not to the contrary. The jury instructions permitted the jury to make a willfulness finding so long as Impossible Foods acted "with knowledge that its use of the mark was likely to infringe Impossible LLC's trademark rights, or with reckless disregard for whether its conduct infringed those rights." *See* Jury Instruction No. 61. That says nothing about an intent to capitalize on Impossible LLC's marks, which Impossible LLC never alleged nor offered evidence to show Impossible Foods did. Therefore, the jury's willfulness finding is not necessarily a bar to laches and the Court should perform the typical laches analysis. *Hydramedia Corp. v. Hydra Media Group, Inc.*, 392 Fed. Appx. 522, 523 (9th Cir. 2010) (unpublished)

IMPOSSIBLE FOODS INC.'S REPLY IN SUPPORT OF LACHES BRIEF
Case No. 5:21-CV-02419-BLF (SVK)

(finding no willfulness under *Lindy Pen* because "there was no evidence that it sought to mislead consumers or usurp any goodwill associated with Plaintiff's mark").

As explained in the Laches Brief, the laches analysis strongly favors application of the doctrine here. Impossible LLC became aware of Impossible Foods' apparel "around 2015 or 2016," Tr. at 207:10-14, but waited 8-9 years to bring its claims. Because that delay is longer than the analogous four-year statute of limitations, *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006), the delay triggers a strong presumption of laches, which the equities confirm. *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018). *See also* Laches Brief at 2-5.

DATED: March 25, 2026                                    DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
    G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

IMPOSSIBLE FOODS INC.'S REPLY IN SUPPORT OF LACHES BRIEF
Case No. 5:21-CV-02419-BLF (SVK)