J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> IMPOSSIBLE LLC and JOEL RUNYON, <br><br> Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> **DECLARATION OF DAVID E. WESLOW IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF** <br><br> **Judge:**  Hon. Beth Labson Freeman <br> **Date:**  April 23, 2026 <br> **Time:**  9:00 a.m. |

Case No. 5:21-cv-02419-BLF (SVK)

DECLARATION OF DAVID E. WESLOW IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

I, David E. Weslow, declare:

1.      I am a Partner at Wiley Rein LLP and counsel of record for Impossible LLC before the U.S. Patent and Trademark Office ("USPTO"), Trademark Trial and Appeal Board ("TTAB"), and the above-captioned proceedings. I make this declaration based on personal knowledge and in support of Impossible LLC's Motion for Post-Trial Relief. If called to testify as a witness, I could and would testify competently to the facts stated here.

2.      On November 25, 2020, Impossible LLC's corporate predecessor (named Impossible X LLC) opposed at the TTAB Impossible Foods Inc.'s ("Impossible Foods") Trademark Application No. 88855875 for IMPOSSIBLE directed to "[p]roviding information about recipes, ingredients and cooking information" and "providing an online computer database to consumers featuring information about recipes, ingredients and cooking information." That Opposition involved Impossible LLC's Trademark Registration Nos. 4260617, 4624158, 5155646, 5179974, 5376208, 5387588, 5576376, 5590801, 5603025, 5620625, and 6571603 (asserted in the Notice of Opposition as App. Ser. No. 87884481, and which registered during the pendency of the action), which overlap with the IMPOSSIBLE-formative trademarks asserted in the above-captioned civil action. Attached as **Exhibit 1** is a true and correct copy of Impossible LLC's Notice of Opposition, filed on November 25, 2020.

3.      On April 2, 2021, Impossible Foods moved to suspend Impossible LLC's TTAB Opposition in light of the above-captioned civil action. On the first page of its motion, Impossible Foods argued that "the parties to the Proceeding are the same parties to the civil action, and the marks involved in the Proceeding are the same as those at issue in the civil action." Attached as **Exhibit 2** is a true and correct copy of Impossible Foods' Motion to Suspend for Civil Action, filed on April 2, 2021.

4.      Three days later, the TTAB granted Impossible Foods' Motion to Suspend, which suspended the Opposition proceeding pending the final determination of the above-captioned civil

DECLARATION OF DAVID E. WESLOW IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

action. Attached hereto as **Exhibit 3** is a true and correct copy of the TTAB's Order, dated April 5, 2021.

5.    Despite the TTAB Opposition proceeding having been suspended since April 2021 pursuant to Impossible Foods's Motion, on July 3, 2025, Impossible Foods filed a petition with the TTAB that sought to cancel Impossible LLC's trademarks in light of alleged fraud on the USPTO. The trademark registrations Impossible Foods sought to cancel through its Petition were the same registrations that were already at issue in this action, and the claims for cancellation overlapped with the claims of fraud on the USPTO that Impossible Foods asserted both as a defense and as affirmative causes of action in this action. Notwithstanding identical parties and overlapping trademarks, Impossible Foods did not identify to the TTAB the suspended Opposition proceeding as related to its Petition for Cancellation of Impossible LLC's trademarks. Attached hereto as **Exhibit 4** is a true and correct copy of Impossible Foods' Petition for Cancellation, filed on July 3, 2025.

6.    Based on my experience in similar proceedings, the TTAB filing form Impossible Foods used to file the Petition for Cancellation had a specific prompt asking the petitioner to identify any related TTAB actions. To avoid relating the two TTAB matters, Impossible Foods must have skipped that prompt to get to the "other related proceedings" prompt where they listed this civil action.

7.    Based on my experience in similar TTAB proceedings, the TTAB filing form Impossible Foods used also had a specific prompt asking the petitioner to identify any updated contact information for Impossible LLC or its counsel, and Impossible Foods apparently declined to provide information regarding Respondent's correct address or counsel's contact information eight separate times—once for each of Impossible LLC's involved trademark registrations.

8.    Furthermore, Impossible Foods' cancellation petition failed to include the contact information for Impossible LLC's counsel, and Impossible Foods' counsel did not provide notice

DECLARATION OF DAVID E. WESLOW IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

of the Petition to any counsel for Impossible LLC. As Impossible LLC's trademark counsel, my contact information is listed as the attorney of record and correspondent for each of the eight registrations that Impossible Foods sought to cancel in the Petition. Similarly, I understand that Impossible Foods did not notify Impossible LLC's counsel in the above-captioned civil action that it had petitioned the TTAB to cancel the trademarks at issue here.

9.    This failure to notify Impossible LLC of the Petition for Cancellation is particularly difficult to understand in light of the near-constant communication between myself and BraunHagey & Borden, on the one hand, and Impossible Foods' counsel, on the other hand, regarding the District Court litigation around the time that Impossible Foods petitioned to cancel the Impossible LLC trademarks, including correspondence regarding the District Court litigation and a status report for the TTAB Opposition filed on the very day that Impossible Foods filed the Petition.

10.    The same day that Impossible Foods filed the Petition for Cancellation that initiated the second TTAB action, I filed a notice updating TTAB on the status of this civil action in the Opposition proceeding at its direction. After filing the notice, my office served the notice on Impossible Foods' counsel via email that same day. Despite receiving this same-day correspondence regarding the TTAB Opposition proceeding, counsel did not inform us that it had filed a Petition for Cancellation of Impossible LLC's trademarks. Attached hereto as **Exhibit 5** is a true and correct copy of Impossible LLC's Response to Request for Status of Civil Action, filed on July 3, 2025.

11.    My law firm only became aware of the cancellation proceeding initiated by Impossible Foods when a Notice of Default was sent by the TTAB to Impossible LLC. As a result, Impossible LLC was forced to file a Motion to Dismiss and Response to the Notice of Default seeking to set it aside.

DECLARATION OF DAVID E. WESLOW IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

12.    I represented Impossible LLC during the July 24, 2024, settlement conference before Magistrate Judge van Keulen. Before the settlement conference, the parties had agreed in principle to a coexistence framework. However, Impossible Foods later deviated from that framework, and settlement discussions were ultimately unsuccessful.

13.    After the jury returned the verdict in this civil action, I sent a letter to Impossible Foods' TTAB counsel to ask that Impossible Foods "withdraw all claims for cancellation, and expressly abandon App. Ser. No. 88855875, with prejudice" because there is "nothing for [Impossible Foods] to gain from continued litigation regarding the registrability of the parties' respective marks." I requested a response by April 7, but Impossible Foods did not respond to this letter. Absent withdrawal of the cancellation claims, Impossible LLC will be forced to incur even more expense at the TTAB to have Impossible Foods' claims dismissed based on the jury's verdict. Attached hereto as **Exhibit 6** is a true and correct copy of my letter to Impossible Foods, sent on April 1, 2026.

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated:  April 9, 2026                              By:    /s/ David E. Weslow
                                                              David E. Weslow

DECLARATION OF DAVID E. WESLOW IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF