J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Adam S. Cashman, Esq. (SBN: 255063)
    cashman@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
    gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
    omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
    benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> IMPOSSIBLE LLC and JOEL RUNYON, <br><br> Defendants / Counter-Plaintiffs. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> **DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF** <br><br> **Judge:** Hon. Beth Labson Freeman <br> **Date:** April 23, 2026 <br> **Time:** 9:00 a.m. |

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

I, Marissa Benavides, declare:

1.      I am an attorney licensed to practice before this Court. I am a partner of the law firm BraunHagey & Borden LLP, counsel of record for Impossible LLC. I make this declaration based on personal knowledge and in support of Impossible LLC's Motion for Post-Trial Relief. If called as a witness, I could and would testify competently to the facts stated herein.

2.      In May 2025, Impossible Foods proposed a private mediation to resolve the parties' claims. As part of its proposal, Impossible Foods's counsel communicated that, unlike earlier, Impossible Foods knew it would need to provide substantial compensation to Impossible LLC in order to resolve the action, and that it was prepared to do so. Based on that concession, the parties agreed to engage the Hon. Jan Adler, Ret. as a private mediator, and scheduled an in-person mediation in San Francisco for June 27, 2025. When the time came to execute the agreements, however, Impossible Foods claimed it would need a further agreement to adjourn the November 2025 trial date as a condition of mediation—something that was never raised before and was contrary to Impossible LLC's stated position that the trial date must remain even as other interim deadlines could be continued. Once it became clear that Impossible LLC would not agree to move the trial date, Impossible Foods refused to sign the mediation agreement with Judge Adler and walked away from the process entirely.

3.      On January 22, 2026, the parties engaged in a full-day settlement conference before the Hon. Nathanael Cousins. That session ended without a settlement, as did a follow-up conference on February 23, 2026. After the conferences, Impossible Foods never followed up with any counteroffer or response to Impossible LLC's settlement demand.

4.      Several weeks before trial, Impossible Foods disclosed for the first time that it intended to call Emmalee Giffin—a paralegal at Impossible Foods's trial counsel's law firm—as a witness at trial. The parties agreed that Impossible Foods would introduce only a specifically-enumerated list of trial exhibits through Ms. Giffin, consisting primarily of late-disclosed third-

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

party website screenshots, and in exchange Impossible LLC would not to object to the untimely disclosure of Ms. Giffin as a witness. On the evening of March 15, 2026, the night before Ms. Giffin was to be called as the final witness of Impossible Foods's case in chief, Impossible Foods reneged on this agreement and informed Impossible LLC that it intended to admit Impossible Foods's trademark registrations through Ms. Giffin as well. Impossible Foods had no explanation as to why it did not introduce the company's registrations through a company-employed and timely-disclosed witness.

5.      Impossible Foods also untimely disclosed relevant and responsive documents on two occasions—including spreadsheets and invoices reflecting Impossible Foods's expenditures on apparel. First, Impossible Foods produced spreadsheets and invoices after the parties had finished depositions and after the close of fact discovery. Then, less than one week before the start of trial, Impossible Foods produced additional invoices with relevant expenditures. Many of these documents were created before the close of fact discovery or included data available to Impossible Foods before the close of fact discovery, yet they were not timely produced and would not have been produced at all absent Impossible LLC's demand for further and updated financial information.

6.      On Friday, April 3, 2026, Impossible LLC sent Impossible Foods a draft proposed permanent injunction so that the parties could work towards a mutually agreeable submission in accordance with the Court's comments at the March 26, 2026 hearing. In the following days, Impossible Foods objected to limited aspects of the proposal but did not propose any alternative language. When Impossible LLC asked for a proposed alternative to work from, Impossible Foods again refused and insisted that Impossible LLC must edit its own proposal for Impossible Foods to consider again. Impossible LLC narrowed its proposed permanent injunction in an effort to compromise, and shared it with Impossible Foods on Wednesday, April 8, 2026, together with a repeated request for feedback or confirmation of Impossible Foods's position on the proposed

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

injunction. On April 9, 2026, having heard nothing, Impossible LLC repeated its request. At the close of business, Impossible Foods provided a non-response and declined to take any position on Impossible LLC's proposed permanent injunction prior to Impossible LLC's deadline to submit its brief in support of the injunction. (*See infra* ¶ 14.)

1.      Attached as **Exhibit 1** is a true and correct copy of excerpts from the trial transcript dated from March 9, 2026 to March 24, 2026 in this action.

2.      Attached as **Exhibit 2** is a true and correct copy of excerpts from the deposition transcript of Caitlyn Hatman, taken on April 1, 2025.

3.      Attached as **Exhibit 3** is a true and correct copy of excerpts from the transcript of the March 26, 2026 hearing on laches.

4.      Attached as **Exhibit 4** is a true and correct copy of an email exchange from Counsel for Impossible Foods to Counsel for Impossible LLC regarding exhibit identification, dated March 15, 2026.

5.      Attached as **Exhibit 5** is a true and correct copy of Impossible Foods's Third Amended Initial Disclosures, served on March 6, 2026.

6.      Attached as **Exhibit 6** is a true and correct copy of an email exchange between Impossible Foods's previous counsel and Counsel for Impossible LLC regarding mediation, dated May 27, 2025.

7.      Attached as **Exhibit 7** is a true and correct copy of an email exchange between Impossible Foods's previous counsel and Counsel for Impossible LLC regarding mediation, dated June 3, 2025.

8.      Attached as **Exhibit 8** is a true and correct copy of an email exchange between Counsel for Impossible LLC and Counsel for Impossible Foods regarding Impossible LLC's proposed permanent injunction, dated April 9, 2026.

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

9.    Attached as **Trial Exhibit 2158** is a true and correct copy of a screenshot of a blog post entitled "The Impossible List" on https://impossiblehq.com that was captured on February 3, 2025.  This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

10.    Attached as **Trial Exhibit 2049** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 5,155,646. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

11.    Attached as **Trial Exhibit 2050** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 5,376,208. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

12.    Attached as **Trial Exhibit 2051** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 5,387,588. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

13.    Attached as **Trial Exhibit 2053** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 5,590,801. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

14.    Attached as **Trial Exhibit 2054** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 5,603,025. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

15.    Attached as **Trial Exhibit 2055** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 5,620,625. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

16.    Attached as **Trial Exhibit 2068** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 4,624,158. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

17.    Attached as **Trial Exhibit 2069** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 4,260,617. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

18.    Attached as **Trial Exhibit 2070** is a true and correct copy of Impossible LLC's federal trademark registration for registration number 5,179,974. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

19.    Attached as **Trial Exhibit 2181** is a true and correct copy of an email exchange from Lisa Greenwald-Swire to Myra Pasek, dated October 9, 2013, and an attached trademark research report. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IFI00005100. This exhibit was admitted on March 10, 2026, and the sponsoring witness is Myra Pasek.

20.    Attached as **Trial Exhibit 33** is a true and correct copy of an email exchange from Matthew Sade to Nicholas Halla, dated March 10, 2013. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035046. This exhibit was admitted on March 10, 2026, and the sponsoring witness is Nicholas Halla.

21.    Attached as **Trial Exhibit 34** is a true and correct copy of a screenshot of a blog post entitled "25 Quotes To Inspire You To Do The Impossible" on https://impossiblehq.com that was published on August 12, 2010. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

22.    Attached as **Trial Exhibit 750** is a true and correct copy of an Impossible Foods logo that depicts a green cow. This document was produced by Impossible LLC to Impossible Foods, bearing the beginning bates number IMP00107740. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

23.    Attached as **Trial Exhibit 759** is a true and correct copy of a picture of Peter McGuiness wearing an Impossible Foods hat. This document was produced by Impossible LLC to

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

Impossible Foods, bearing the beginning bates number IMP00107741. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

24.     Attached as **Trial Exhibit 760** is a true and correct copy of a picture of Peter McGuiness wearing an Impossible Foods hoodie. This document was produced by Impossible LLC to Impossible Foods, bearing the beginning bates number IMP00107742. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

25.     Attached as **Trial Exhibit 421** is a true and correct copy of an Impossible Foods's Instagram post featuring a picture of Pat Brown wearing an Impossible t-shirt. This document was produced by Impossible LLC to Impossible Foods, bearing the beginning bates number IMP00107495. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

26.     Attached as **Trial Exhibit 2183** is a true and correct copy of a letter from David E. Weslow of Wiley Law to Grace Han Stanton, dated November 10, 2020. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00008506. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

27.     Attached as **Trial Exhibit 1391** is a true and correct copy of the file wrapper for US Trademark Registration Number 5459255. This exhibit was admitted on March 16, 2026, and the sponsoring witness is Emmalee Giffin.

28.     Attached as **Trial Exhibit 1396** is a true and correct copy of the file wrapper for US Trademark Registration Number 7179385. This exhibit was admitted on March 16, 2026, and the sponsoring witness is Emmalee Giffin.

29.     Attached as **Trial Exhibit 1398** is a true and correct copy of the file wrapper for US Trademark Registration Number 7401728. This exhibit was admitted on March 16, 2026, and the sponsoring witness is Emmalee Giffin.

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

30. Attached as **Trial Exhibit 1257** is a true and correct copy of an email exchange between Joel Runyon and David Weslow, dated August 14, 2018. This document was produced by Impossible LLC to Impossible Foods, bearing the beginning bates number IMP00107318. This exhibit was admitted on March 10, 2026, and the sponsoring witness is Joel Runyon.

31. Attached as **Trial Exhibit 712** is a true and correct copy of the Impossible LLC logo on a black background. This exhibit was produced by Impossible LLC to Impossible Foods, bearing the beginning bates number IMP00107713. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

32. Attached as **Trial Exhibit 691** is a true and correct copy of Westminster expenditures from 2021 through March 2025. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035094. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

33. Attached as **Trial Exhibit 692** is a true and correct copy of a Westminster invoice, dated September 2022. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00003219. This exhibit was admitted on March 13, 2026, and the sponsoring witness is Caitlyn Hatman.

34. Attached as **Trial Exhibit 693** is a true and correct copy of a Westminster invoice, dated May 2024. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00017505. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

35. Attached as **Trial Exhibit 694** is a true and correct copy of a Westminster invoice, dated December 2023. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00017508. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

36.     Attached as **Trial Exhibit 695** is a true and correct copy of a Westminster invoice, dated June 2021. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00017509. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

37.     Attached as **Trial Exhibit 699** is a true and correct copy of BrandVia expenditures from 2021 through April 2025. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035092. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

38.     Attached as **Trial Exhibit 700** is a true and correct copy of Roaming Hunger expenditures from 2021 through March 2025. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035093. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

39.     Attached as **Trial Exhibit 701** is a true and correct copy of a BrandVia invoice, dated December 17, 2024. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035070. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

40.     Attached as **Trial Exhibit 702** is a true and correct copy of a BrandVia invoice, dated December 10, 2024. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035072. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

41.     Attached as **Trial Exhibit 76** is a true and correct copy of the Impossible Foods's Cookbook Agreement, dated September 24, 2019. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035073. This exhibit was admitted on March 13, 2026, and the sponsoring witness is Caitlyn Hatman.

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF

42.    Attached as **Trial Exhibit 298** is a true and correct copy of a screen capture of an Impossible Foods's Instagram post featuring red apparel. This document was produced by Impossible LLC to Impossible foods, bearing the beginning bates number IMP00107617. This exhibit was admitted on March 10, 2026, and the sponsoring witness is Joel Runyon.

43.    Attached as **Trial Exhibit 312** is a true and correct copy of a screen capture of an Impossible Foods's Instagram post featuring Diplo's Run Club. This document was produced by Impossible LLC to Impossible foods, bearing the beginning bates number IMP00107584.  This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

44.    Attached as **Trial Exhibit 2229** is a true and correct copy of a sales snapshot of Impossible Foods's cookbook. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00035860. This exhibit was admitted on March 11, 2026, and the sponsoring witness is Keaton Schwarz.

45.    Attached as **Trial Exhibit 2182** is a true and correct copy of a PTO US Serial Number 88855875. This document was produced by Impossible Foods to Impossible LLC, bearing the beginning bates number IF00003788. This exhibit was admitted on March 9, 2026, and the sponsoring witness is Joel Runyon.

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  April 9, 2026                                    By:   _/s/ Marissa Benavides_____
                                                                          *Marissa Benavides*

DECLARATION OF MARISSA BENAVIDES IN SUPPORT OF IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF