

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff / Counter-Defendant, | **[PROPOSED] PERMANENT INJUNCTION** |
| v. | |
| IMPOSSIBLE LLC and JOEL RUNYON, | |
| Defendants / Counter-Plaintiffs. | |

**ORDER**

Pending before the Court is Defendant/Counter-Plaintiff Impossible LLC's ("Impossible LLC") Post-Trial Motion ("Motion") requesting that the Court issue injunctive relief in accordance with Impossible LLC's pleading in its Counterclaim to Plaintiff/Counter-Defendant Impossible Foods's ("Impossible Foods") Third Amended Complaint (Dkt. 241 at 74-76), and the jury's verdict (Dkt. 459).

In this action, a jury found that Impossible Foods's apparel and cookbooks (together, the "Infringing Products") infringed Impossible LLC's United States Trademark Registration Nos. 4260617 and 5620625 as to apparel, and Impossible LLC's common law trademark as to the word IMPOSSIBLE as applied to apparel and recipes (together, the "IMPOSSIBLE Trademarks").

The jury found that Impossible Foods willfully infringed Impossible LLC's United States Trademark Registration Nos. 4260617 and 5620625, and that Impossible Foods acted with "malice, fraud or oppression" in its infringement of Impossible LLC's common law trademark as to the word IMPOSSIBLE. Accordingly, the jury awarded Impossible LLC both compensatory corrective advertising damages and punitive damages for Impossible Foods's infringement of the IMPOSSIBLE Trademarks.

On this basis, the Court finds that Impossible LLC will suffer irreparable harm if Impossible Foods continues to infringe the IMPOSSIBLE Trademarks, that monetary damages cannot adequately compensate Impossible LLC for the resulting irreparable harm, and that the balance of equities and public interest favor entry of a permanent injunction.

Having considered the entire record in this action, the verdict of the jury, relevant orders of the Court, the Motion, and good cause having been shown,

IT IS HEREBY ORDERED that Impossible Foods and any of its officers, directors, agents, servants, employees, subsidiaries or other related entities, and those persons acting in concert or participation with any of them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283, 15 U.S.C. § 1116, and Federal Rule of Civil Procedure 65(d), from:

1.      infringing Impossible LLC's IMPOSSIBLE Trademarks, or any words or phrases that are confusingly similar thereto, by using such words alone or in conjunction with any

[PROPOSED] PERMANENT INJUNCTION

additional words or images, on any apparel that it makes, produces, orders, sells, advertises, distributes, or gives away for any commercial or non-commercial purpose, except that, Impossible Foods shall not be enjoined from making, producing, ordering, selling, advertising, distributing, or giving away apparel products that contain the name "Impossible Foods," and provided further that the word "Foods" is immediately adjacent to the word "Impossible" and is rendered in the same font style and is of at least the same font size as the word "Impossible."

2.     infringing Impossible LLC's IMPOSSIBLE Trademarks, or any words or phrases that are confusingly similar thereto, by using such words alone or in conjunction with any additional words or images, as the name, title, or prominent marketing feature of any physical, digital, or online cookbooks or recipe collections, compilations, or indices that it makes, produces, orders, sells, advertises, distributes, gives away, or displays on any website it owns or maintains for any commercial or non-commercial purpose, except that, Impossible Foods shall not be enjoined from making, producing, ordering, selling, advertising, distributing, or giving away apparel products that contain the name "Impossible Foods," and provided further that the word "Foods" is immediately adjacent to the word "Impossible" and is rendered in the same font style and is of at least the same font size as the word "Impossible."

3.     directly or indirectly requesting, assisting, or encouraging any third party to perform any of the acts listed in the immediately preceding Paragraphs (1)-(2);

4.     posting or otherwise disseminating any advertising, packaging, images, or images of packaging of the Infringing Products;

5.     maintaining any papers, documents, physical or digital advertising materials, signs, goods, social media content, or any other materials in its possession reflecting its use of the IMPOSSIBLE Trademarks in the manner enjoined herein; and any such existing materials in Impossible Foods's custody, possession, or control must be destroyed.

The Court retains jurisdiction for the purpose of making any further orders necessary or proper for the enforcement of this Order.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
Honorable Beth Labson Freeman
United States Judge

[PROPOSED] PERMANENT INJUNCTION