G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> IMPOSSIBLE LLC, <br><br> Defendant/Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF <br><br> **IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF** <br><br> Judge: Hon. Beth L. Freeman <br> Date: April 23, 2026 <br> Time: 9:00 a.m. <br> Location: Courtroom 5, 5th Floor, San Jose |

**TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND ............................................................................................................ 2

    A.   IF Files This Action to Protect Its Rights. .......................................................... 2

    B.   IF Participates in Settlement Discussions in Good Faith. .................................... 3

    C.   IF Complies with Its Discovery Obligations. ...................................................... 3

    D.   At Trial, IF Presents Strong Evidence, and ILLC's Case Is Untethered from the Products at Issue. ........................................................................................... 4

    E.   ILLC Publicly Boasts That Its Claims Were "Fully Vindicated." ...................... 5

III.  ILLC HAS NOT SHOWN IT IS ENTITLED TO ATTORNEYS' FEES ..................... 5

    A.   The Jury's Willfulness Finding Does Not Amount To "Exceptional Circumstances." ................................................................................................... 5

    B.   IF's Claims and Defenses Were Neither Frivolous Nor Objectively Unreasonable. ....................................................................................................... 7

        1.   The Court Determined IF's Claims And Defenses Were Not Frivolous Or Unreasonable At Summary Judgment. ................................... 7

        2.   IF Presented Multiple Viable Defenses. ...................................................... 8

        3.   IF's Infringement Claim Was Not Frivolous Or Unreasonable. ............... 10

        4.   IF Did Not Engage In Unreasonable Litigation Tactics ........................... 11

    C.   Neither Deterrence Nor "Compensation" Favors An Attorneys' Fees Award ..... 13

IV.   ILLC IS NOT ENTITLED TO ENHANCED DAMAGES ........................................... 14

V.    ILLC'S REQUESTED INJUNCTION SHOULD BE DENIED ..................................... 16

    A.   ILLC is Not Entitled to a Permanent Injunction. ............................................... 16

    B.   ILLC's Proposed Injunction Is Not Narrowly Tailored. .................................... 19

VI.   THE COURT SHOULD DENY ILLC'S FOURTH CLAIM FOR RELIEF .................. 19

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*ACT 898 Prods. Inc. v. Kashi Beauty Supply Inc.*,
2026 WL 712566 (C.D. Cal. Feb. 18, 2026), *appeal filed* (No. 26-1789, 9th Cir. Mar. 25, 2026) .......................................................................................................................... 7

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979), *abrogated by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) ........................................................................................ 10

*Anhing Corp. v. Thuan Phong Co.*,
2016 WL 6661178 (C.D. Cal. Jan. 25, 2016) .............................................................. 15

*Apple, Inc. v. Samsung Elecs. Co.*,
2014 WL 4145499 (N.D. Cal. Aug. 20, 2014)......................................................... 6, 10

*Applied Info. Scis. Corp. v. eBAY, Inc.*,
511 F.3d 966 (9th Cir. 2007) ....................................................................................... 11

*Avery Dennison Corp. v. Sumpton*,
189 F.3d 868 (9th Cir. 1999) ....................................................................................... 18

*Ayuyu v. Tagabuel*,
284 F.3d 1023 (9th Cir. 2002) ..................................................................................... 15

*Baden Sports, Inc. v. Kabushiki Kaisha Molten*,
2007 WL 2790777 (W.D. Wash. Sept. 25, 2007)........................................................... 6

*BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*,
97 F.4th 668 (9th Cir. 2024), *aff'd in part and rev'd in part*, 2024 WL 1364300 (9th Cir. Apr. 1, 2024)....................................................................................................... 20

*Bell v. Oakland Cmty. Pools Project, Inc.*,
2020 WL 13695114 (N.D. Cal. Oct. 14, 2020)............................................................... 8

*BillFloat Inc. v. Collins Cash Inc.*,
2023 WL 2333879 (N.D. Cal. Mar. 1, 2023), *aff'd*, 105 F.4th 1269 (9th Cir. 2024) ............. 13

*Brighton Collectibles, Inc. v. Mark Chantal USA, Inc.*,
2009 WL 2513984 (S.D. Cal. Aug. 17, 2009) ................................................................. 6

*Brighton Collectibles, LLC v. Believe Prod., Inc.*,
2018 WL 1381894 (C.D. Cal. Mar. 15, 2018)................................................................. 8

*Cairns v. Franklin Mint Co.*,
115 F. Supp. 2d 1185 (C.D. Cal. 2000) ......................................................................... 8

ii

*Card Tech Int'l v. Provenzano*,
   2012 WL 2135357 (C.D. Cal. June 7, 2012), *amended by*, 2013 WL 12638554 (C.D.
   Cal. Jan. 2, 2013) ................................................................................................. 12

*Coach, Inc. v. Citi Trends, Inc.*,
   2020 WL 13064695 (C.D. Cal. July 20, 2020) ......................................................... 11

*Comm. For Idaho's High Desert, Inc. v. Yost*,
   92 F.3d 814 (9th Cir. 1996) ................................................................................... 12

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ............................................................................................... 16

*Echo Drain v. Newsted*,
   307 F. Supp. 2d 1116 (C.D. Cal. 2003) ................................................................... 18

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
   2021 WL 3630225 (9th Cir. Aug. 17, 2021) .............................................................. 6

*Epikhin v. Game Insight N. Am.*,
   2016 WL 1258690 (N.D. Cal. Mar. 31, 2016) ........................................................... 7

*Falcon Stainless, Inc. v. Rino Cos.*,
   2011 WL 13130487 (C.D. Cal. Aug. 2, 2011) .......................................................... 14

*Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal.*,
   739 F.2d 466 (9th Cir. 1984) ................................................................................. 18

*Gonzalez v. Tagged, Inc.*,
   2016 WL 4376343 (N.D. Cal. Aug. 17, 2016) ........................................................... 7

*Guardant Health, Inc. v. Natera, Inc.*,
   2025 WL 2106522 (N.D. Cal. July 28, 2025) ..................................................... 7, 16

*Horphag Rsch., Ltd. v. Garcia*,
   475 F.3d 1029 (9th Cir. 2007) ............................................................................... 12

*In re Bose Corp.*
   580 F.3d 1240 (Fed. Cir. 2009) ............................................................................... 9

*In re Circuit Breaker Litig.*,
   860 F. Supp. 1453 (C.D. Cal. 1994) ....................................................................... 17

*Invision Media Servs., Inc. v. Glen J. Lerner*,
   175 F. App'x 904 (9th Cir. 2006) ............................................................................ 6

*Jackson v. Gaspar*,
   2022 WL 2155975 (C.D. Cal. Feb. 24, 2022) ......................................................... 12

iii

*James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.*,
    2013 WL 655314 (C.D. Cal. Feb. 21, 2013) ............................................................. 18

*Jason Scott Collection, Inc. v. Trendily Furniture, LLC*,
    68 F.4th 1203 (9th Cir. 2023) ................................................................................... 6

*Lahoti v. Vericheck, Inc.*,
    636 F.3d 501 (9th Cir. 2011) ................................................................................... 12

*Lindy Pen Co. v. Bic Pen Corp.*,
    982 F.2d 1400 (9th Cir. 1993) ................................................................................... 5

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
    518 F. Supp. 2d 1197 (C.D. Cal. 2007) ............................................................. 17, 18

*Monster Energy Co. v. Vital Pharms., Inc.*,
    2023 WL 8168854 (C.D. Cal. Oct. 6, 2023) ............................................................ 15

*Munhwa Broad. Corp. v. Create New Tech. Co.*,
    2015 WL 12752536 (C.D. Cal. Sept. 2, 2015) ........................................................ 14

*Neitzke v. Williams*,
    490 U.S. 324 (1989) ................................................................................................... 7

*Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*,
    775 F. App'x 350 (9th Cir. 2019) ............................................................................ 12

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
    638 F.3d 1137 (9th Cir. 2011) ................................................................................. 10

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ................................................................................................... 5

*P & P Imports LLC v. Johnson Enters., LLC*,
    2024 WL 3078227 (C.D. Cal. Mar. 22, 2024) ........................................................... 7

*Paige LLC v. Shop Paige LLC*,
    2024 WL 3594450 (C.D. Cal. July 10, 2024) ....................................................... 8, 12

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    2005 WL 2007932 (N.D. Cal. Aug. 12, 2005) ........................................................... 7

*Price v. City of Stockton*,
    390 F.3d 1105 (9th Cir. 2004) ................................................................................. 19

*Rearden LLC v. Rearden Commerce, Inc.*.
    683 F.3d 1190 (9th Cir. 2012) ........................................................................... 10, 17

*Reno Air Racing Ass'n v. McCord*,
    452 F.3d 1126 (9th Cir. 2006) ................................................................................. 19

iv

*Sample v. Johnson*,
    771 F.2d 1335 (9th Cir. 1985) ................................................................................................ 17

*Skydive Ariz., Inc. v. Quattrocchi*,
    673 F.3d 1105 (9th Cir. 2012) ...................................................................................... 9, 14, 19

*Star Mkts., Ltd. v. Texaco, Inc.*,
    950 F. Supp. 1030 (D. Haw. 1996) ......................................................................................... 10

*Stephen W. Boney, Inc. v. Boney Servs., Inc.*,
    127 F.3d 821 (9th Cir. 1997) .................................................................................................... 5

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
    839 F.3d 1179 (9th Cir. 2016) ............................................................................................. 1, 5

*Teetex LLC v. Zeetex, LLC*,
    2022 WL 2439176 (N.D. Cal. July 5, 2022)............................................................................ 8

*Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co.*,
    2019 WL 13061855 (C.D. Cal. Sept. 16, 2019) .................................................................... 14

*Watec Co. v. Liu*,
    403 F.3d 645 (9th Cir. 2005) ......................................................................................... 1, 5, 6

*Y.Y.G.M. SA v. Redbubble, Inc.*,
    75 F.4th 995 (9th Cir. 2023) ............................................................................................ 17, 18

*Yuga Labs, Inc. v. Ripps*,
    2023 WL 7089922 (C.D. Cal. Oct. 25, 2023)......................................................................... 6

*Zepeda v. INS*,
    753 F.2d 719 (9th Cir. 1983) .................................................................................................. 19

**Statutes**

15 U.S.C.
    § 1116(a) ................................................................................................................................ 17
    § 1117(a) ................................................................................................................................ 14
    § 1119...................................................................................................................................... 20

**Rules**

Fed. R. Civ. Proc. § 51(b)(2) ........................................................................................................ 15

Fed. R. Civ. Proc. § 65(d) ............................................................................................................ 19

**Regulations**

4 McCarthy on Trademarks and Unfair Competition § 30:100 (5th ed.) ..................................... 13

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

## I.    INTRODUCTION

Defendant/Counter-Plaintiff Impossible LLC ("ILLC") sued Plaintiff/Counter-Defendant Impossible Foods Inc. ("IF") for infringement based on apparel which IF has never sold and a Cookbook that lost money. Though the jury returned a verdict finding infringement, the problem for ILLC is that it has never shown any actual harm. The evidence at trial showed ILLC has less than $100,000 in apparel sales over 15 years. ILLC offered no evidence whatsoever to show sales of its purported cookbook products. ILLC did not seek lost profits (because none were lost) or disgorgement of IF's profits (because IF made none). ILLC did seek corrective advertising damages, and the jury awarded it $1,500,000, as well as $1,750,000 in punitive damages. That is not the windfall ILLC hoped, so it now seeks attorneys' fees and enhancement of its damages under Section 1117(a) of the Lanham Act. ILLC claims this is necessary because otherwise ILLC and Mr. Runyon will be out $3 million on attorneys' fees. In reality, this case was likely brought on contingency, and it is ILLC's lawyers' bet that has not paid off.

Either way, ILLC has not shown it is entitled to either award. According to ILLC, the jury finding in this case that IF's conduct was "willful" automatically renders this case "exceptional" under the Lanham Act justifying the extraordinary relief it seeks here. That is not the law. The Ninth Circuit has spoken definitively on this point, holding in *Watec Co. v. Liu*, 403 F.3d 645, 656-57 (9th Cir. 2005), that exceptionality is "a question of law for the district court, not the jury" and thus a district court is not permitted to rely on a jury finding of intent, but rather ***must*** undertake an independent analysis of exceptionality. What is required, and what ILLC has not demonstrated, is a finding of "exceptional circumstances" based on examination of  the "totality of the circumstances" weighing "nonexclusive factors" including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (citation omitted).

Aside from its willfulness argument, ILLC's claim of exceptionality rests on mischaracterizations of the record. It blatantly misrepresents the procedural history of this case and effectively argues that exceptional circumstances exist anytime a party litigates through trial

and loses. This case is a far cry from the kind of showing made in those few cases in this Circuit in which "exceptional circumstances" have been found and courts then have exercised their discretion to award attorneys' fees, as outlined below.

ILLC also has not shown it is entitled to enhanced damages. The law in the Ninth Circuit is crystal clear that enhanced damages are intended to compensate a plaintiff for actual loss, not to penalize the defendant. As discussed above, ILLC has never shown any loss at all. In circumstances like these, where the jury's damages award has sufficiently compensated the plaintiff, courts routinely find that enhanced damages are inappropriate. This Court should too.

The Court also should deny ILLC's request for a permanent injunction. With respect to the Cookbook, the request is moot, because IF has stopped selling the Cookbook and does not intend to going forward. And with respect to apparel, ILLC has shown neither irreparable injury, an inadequate remedy at law, or that the equities favor it. Its proposed injunction also is wildly overbroad. The Court should deny ILLC's Motion in full.

## II.    BACKGROUND

### A.    IF Files This Action to Protect Its Rights.

IF makes plant-based meat products, including its flagship product, the Impossible Burger. On November 10, 2020, ILLC sent IF a cease-and-desist letter accusing IF's promotional apparel and a cookbook—but not IF's plant-based meat—of infringement. Trial Ex. 2183.[1]  On November 25, 2020, ILLC filed an opposition to IF's trademark application for a registration in connection with, among other things, recipes. Trial Ex. 1033.

To protect its rights, on April 2, 2021, IF filed this action seeking a declaration of non-infringement. Dkt. 1. The case initially went up to the Ninth Circuit on jurisdictional issues, where IF prevailed. Dkt. 55. As discovery progressed, on July 3, 2024, IF sought ILLC's consent to amend its complaint to add claims accusing ILLC's dietary supplements of infringement, and ILLC refused. Van Curen Decl. ¶ 8. Weeks later, IF "sought leave to amend based on new

---

[1] Citations to "Tr." and "Trial Ex." refer to the trial transcript and trial exhibits (filed at Dkt. 467). Additional cited exhibits are attached to the Van Curen and Henn Declarations filed herewith.

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

information obtained during discovery," and the Court granted leave. Dkt. 101 at 9 (rejecting ILLC's argument that the amendment "disrupt[ed]" a July 24 settlement conference, because "it is <u>not</u> in bad faith for a party to believe that all potentially valid claims should be addressed during settlement negotiations" (emphasis added)).

Later, the Court again permitted IF to amend to add claims for fraud on the Patent and Trade Office ("PTO"), noting that "all evidence points to IF discovering certain conduct by ILLC in July and December 2024 and then diligently pursuing discovery and amendment related to that conduct." Dkt. 149 at 9. Those claims resulted in piercing ILLC's attorney-client privilege under the crime-fraud exception, when the Court found that "IF has established a *prima facie* case that Defendants were engaged in fraud on the PTO." Dkt. 240 at 4.

**B.      IF Participates in Settlement Discussions in Good Faith.**

At all times, IF participated in settlement discussions in good faith. Van Curen Decl. ¶ 13. ILLC's accusations that IF reneged on a "coexistence framework" or a "substantial" payment are simply false. Van Curen Decl. ¶ 5; Henn Decl. ¶ 12. In May 2025, IF proposed a private mediation and specifically raised at the outset that it would necessitate adjourning the trial date, but ILLC did not agree to the adjournment. Henn. Decl. ¶¶ 4-7.

**C.      IF Complies with Its Discovery Obligations.**

At all times, IF complied with its discovery obligations. ILLC never moved for—let alone prevailed on—motions for spoliation sanctions or to quash supposedly "abusive" subpoenas. Van Curen Decl. ¶¶ 15, 35. Two former IF employees' documents were deleted in the ordinary course over a year *before* any preservation obligation arose. *Id.* ¶ 17. In fact, ILLC served abusive subpoenas, requiring IF to *successfully* move to quash. Dkt. 203 at 1:21–23; Dkt. 229 at 6:4–6 (Van Keulen, M.J.: "[ILLC's] requests as posed are overbroad and substantially overbroad as to render them, frankly, beyond relevance.").

At least ten months before the trial—and *before* Dr. Vanderhart's expert reports—IF produced all apparel expenditure data that she relied on at the trial. Van Curen Decl. ¶ 23. The notion that this data was unavailable until the eve of trial is simply false. Rather, ILLC failed to

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

use that long-available data in Dr. Vanderhart's reports, and belatedly incorporated it into her damages model at the trial.

**D.     At Trial, IF Presents Strong Evidence, and ILLC's Case Is Untethered from the Products at Issue.**

IF presented substantial evidence at trial. On IF's infringement claim against ILLC's dietary supplements, IF pointed to ILLC's own survey finding "highly probative" evidence of "significant consumer confusion" (Tr. at 995:23–25, 997:3–8)—a survey that ILLC failed to "turn[] over in the normal course of expert discovery" as "required," which the Court noted was "almost comical." Tr. at 779:24–780:5. ILLC's own expert also conceded that the supplements and meats were "proximate in the marketplace." Tr. at 1019:1–3. IF also presented evidence of the products' similar packaging, overlapping marketing channels, and likelihood of expansion of the product lines. Trial Ex. 1402 at 7, Dkt. 467-122; Trial Ex. 1161, Dkt. 467-86; Tr. at 294:19–24, 420:2–17, 618:19–24, 929:25–930:7.

On IF's claim for fraud on the PTO, Runyon admitted that he understood the requirement of the goods "actually being used" in association with the mark in order to obtain a registration. Tr. at 321:5–8. The lack of actual sales of the goods—when ILLC could only show they were merely "available" for purchase (Mot. at 5)—evinced knowing falsity in the trademark filing.[2]

ILLC's case was untethered from basic principles of trademark law and its own pleaded claims. As the Court observed, ILLC "completely lost the focus of the goods that are asserted to be infringed in the case."  Tr. at 232:1–3. Over and over, ILLC distracted the jury with evidence and purported confusion related to the Impossible Burger, which is concededly <u>not</u> at issue in ILLC's claims. ILLC's misdirection forced IF to file *three* mid-trial briefs on this very issue (and one brief on actual use required for registration) to rein in ILLC's digressions and correct ILLC's misstatements of trademark law. Dkts. 405, 406, 411, 429.

---

[2] IF dropped one registration from its fraud claim, as both parties dropped claims to narrow the issues for the jury. Dkts. 414, 421, 424, 430.

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

On damages, ILLC did not provide sufficient evidence of causation, having failed to connect any alleged confusion or harm to the products at issue. In fact, ILLC's sales of apparel *increased* during the period when IF was supposedly harming ILLC. Tr. at 885:6–10. ILLC also failed to plausibly show any decrease in the value of ILLC's trademarks, with Runyon belatedly and baselessly testifying that the "company" was once worth millions, after the Court correctly noted that the jurors were given "zero quantifications" and "don't even have a range" in ILLC's case-in-chief. Tr. at 872:11–13, 1027:15–20.

**E.     ILLC Publicly Boasts That Its Claims Were "Fully Vindicated."**

Within days of the jury's $3.25 million verdict, ILLC's counsel issued a press release stating that it "secured a complete victory" and ILLC's "claims were fully vindicated," and characterizing the verdict as "particularly significant" and a "just result."  Van Curen Decl. Ex. 3. Despite this "full vindication," ILLC now disingenuously claims that $3.25 million is not enough.

**III.     ILLC HAS NOT SHOWN IT IS ENTITLED TO ATTORNEYS' FEES**

The Lanham Act provides that the court "may" award fees to a prevailing party; it does not "require" them. *Watec*, 403 F.3d at 656-57. Courts "examine the 'totality of the circumstances' to determine if the case was exceptional … exercising equitable discretion in light of the nonexclusive factors," including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *SunEarth*, 839 F.3d at 1181 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014). Whether or not to find "exceptional circumstances" rests solely within the discretion of the Court. *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409-10 (9th Cir. 1993); *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997).

**A.     The Jury's Willfulness Finding Does Not Amount To "Exceptional Circumstances."**

The Ninth Circuit has expressly rejected ILLC's contention that a jury's willfulness finding automatically makes a case exceptional and warrants an award of attorneys' fees. *Cf.* Mot. at 8 (erroneously claiming that "[w]illful infringement is therefore always sufficient to support an award of fees"). In *Watec,* the Ninth Circuit held that a district court must make its

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

own determination of exceptionality under the Lanham Act, rather than simply relying on a jury's finding of intent. 403 F.3d at 656-57 (noting that exceptionality is "a question of law for the district court, not the jury" and remanding for the lower court to make its own determination on the issue). *See also Invision Media Servs., Inc. v. Glen J. Lerne*r, 175 F. App'x 904, 906 (9th Cir. 2006) ("While a jury finding of willful infringement is relevant to the question of whether a case is exceptional, it is insufficient on its own to support an award of fees in the absence of some aggravating circumstance or heightened level of culpability"); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 2021 WL 3630225, at *2 (9th Cir. Aug. 17, 2021) (affirming denial of attorneys' fees despite willfulness finding); *Yuga Labs, Inc. v. Ripps*, 2023 WL 7089922, at *17 (C.D. Cal. Oct. 25, 2023) ("The determination of whether a Lanham Act case is 'exceptional' is a question of law for the district court, not the jury").

Following *Watec*, district courts in this Circuit have declined to award attorneys' fees despite jury findings of intent where the court independently determined that the case was not "exceptional." *E.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 4145499, at *7, *11 (N.D. Cal. Aug. 20, 2014) (declining to rely on jury's willfulness finding and concluding that, based on the totality of the circumstances, case was not exceptional under *Octane Fitness* or the Ninth Circuit's definition); *Brighton Collectibles, Inc. v. Mark Chantal USA, Inc.*, 2009 WL 2513984, **2-3 (S.D. Cal. Aug. 17, 2009) (declining to award fees despite jury finding of willfulness); *Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 2790777, *7 (W.D. Wash. Sept. 25, 2007) (no award of attorneys' fees despite jury finding of intentional false advertising).

None of the cases ILLC cites holds that willfulness alone warrants fees. *Love v. Associated Newspapers, Ltd.* applied a pre-*Octane Fitness* standard and did not involve a willfulness finding. *Gracie v. Gracie* does not eliminate the Court's obligation to independently determine exceptionality under *Watec*.

ILLC misrepresents *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1223 (9th Cir. 2023). Mot. at 8. It claims the case holds that willfulness alone justifies fees, but the Ninth Circuit expressly relied on egregious facts there—intentional copying, disregard of cease-and-desist letters, noncompliance with an injunction, and that the defendant "told other

6

retailers that it had copied and intended to continue copying the [infringing products]" *Id.* at 1223. The court did not establish any rule that willfulness by itself is sufficient.

Post-*Jason Scott* decisions confirm that willfulness alone is insufficient. *See ACT 898 Prods. Inc. v. Kashi Beauty Supply Inc.*, 2026 WL 712566, at *3 (C.D. Cal. Feb. 18, 2026), *appeal filed* (No. 26-1789, 9th Cir. Mar. 25, 2026) (holding that a jury's willfulness finding alone is insufficient to render a case exceptional and denying fees); *Guardant Health, Inc. v. Natera, Inc.*, 2025 WL 2106522, at *27 (N.D. Cal. July 28, 2025); (rejecting fee request based on willfulness alone and emphasizing that willfulness is only one factor under *Octane Fitness*); *P & P Imports LLC v. Johnson Enters., LLC*, 2024 WL 3078227, at *2 (C.D. Cal. Mar. 22, 2024) (holding that intentional infringement alone does not make a case exceptional and denying attorneys' fees).

**B.    IF's Claims and Defenses Were Neither Frivolous Nor Objectively Unreasonable.**

**1.    The Court Determined IF's Claims And Defenses Were Not Frivolous Or Unreasonable At Summary Judgment.**

"A claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success in th[e] case were slim to none.'" *Epikhin v. Game Insight N. Am.*, 2016 WL 1258690, at *5 (N.D. Cal. Mar. 31, 2016). Similarly, a "frivolous claim is one in which the factual contention is 'clearly baseless,' such as factual claims that are 'fantastic or delusional scenarios.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (quoting *Neitzke v. Williams*, 490 U.S. 324, 325–28 (1989)).

Here the Court ***denied*** ILLC's motion ***in full***, and allowed IF's claims and defenses— including its Lanham Act, common law, fraud, and abandonment theories—to proceed to trial, finding triable issues of fact. Dkt. 311 at 33-34. That strongly weighs against exceptionality. *See Gonzalez v. Tagged, Inc.*, 2016 WL 4376343, at *3 (N.D. Cal. Aug. 17, 2016) (finding that despite a complete defense verdict, no exceptional case where a magistrate judge's recommendation of denial of summary judgment suggested that plaintiff's underlying lawsuit was not objectively unreasonable). It also distinguishes all but one of the cases ILLC cites in its Motion where a party's weak litigation position weighed in favor of awarding attorneys' fees. *See Bell v. Oakland Cmty. Pools Project, Inc.*, 2020 WL 13695114, at *6 (N.D. Cal. Oct. 14, 2020);

*Paige LLC v. Shop Paige LLC*, 2024 WL 3594450, at \*2 (C.D. Cal. July 10, 2024); *Teetex LLC v. Zeetex, LLC*, 2022 WL 2439176, at \*2 (N.D. Cal. July 5, 2022); *Cairns v. Franklin Mint Co.*, 115 F. Supp. 2d 1185, 1187 (C.D. Cal. 2000).[3] In any event, IF's claims and defenses were not weak.

### 2. IF Presented Multiple Viable Defenses.

*IF's Strong Fraud Claims*: IF's fraud claims were repeatedly found viable: by Judge Van Keulen in finding Mr. Runyon had engaged in fraud on the USPTO and ordering the production of the email chain between Mr. Runyon and his trademark counsel (the "Fraud Emails") Dkt. 240 at 7; by this Court in granting leave to amend to add the fraud claims (Dkt. 149 at 6, 10); and by this Court in denying summary judgment on these grounds (Dkt. 311 at 33-34).

ILLC's assertion that IF lacked evidence (Mot. at 12) ignores Mr. Runyon's admissions that he understood the statement of use required actual use of the marks (Tr. 321:5-25), as well as his inconsistent testimony regarding whether ILLC offered various apparel categories (*compare* Tr. 324:24-325:6 *with* Dkt. 176-3 at 131:2-3, 133:11-134:4, 166:17-169:3, 201:4-202:8), and ILLC's own admission that it was "not yet using" the marks across listed categories (Dkt. 168 ¶¶ 59, 66). ILLC argued that no fraud occurred because Mr. Runyon testified at trial that the listed apparel categories were available through print-on-demand services (Tr. 324:24-325:6; 337:22-338:6), but it cites no authority that such availability satisfies the requirement of actual use and offered no documentary evidence that any such items were actually offered for sale through those services. More importantly, that testimony contradicted his deposition admissions that ILLC had never offered multiple listed items—including sweatshirts, pants, shorts, yoga pants, tights, and underwear (Dkt. 176-3 at 131:2-3, 133:11-134:4, 166:17-169:3, 201:4-202:8)—as well as ILLC's own admission that it was "not yet using" the marks across all categories in its statements of use (Dkt. 168 ¶¶ 59, 66). That Mr. Runyon lied at trial does not mean that IF's fraud claims were

---

[3] The one case that got to trial, *Brighton Collectibles, LLC v. Believe Prod., Inc.*, 2018 WL 1381894 (C.D. Cal. Mar. 15, 2018), is easily distinguishable on the facts. There, the defendant "used pictures of [plaintiff's] jewelry in its catalogues and on its website to market and sell lower-quality and less expensive imitation products." *Id.* at \*2.

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

frivolous or unreasonable. *See In re Bose Corp.* 580 F.3d 1240, 1245 (Fed. Cir. 2009) (intent may be inferred from circumstantial evidence).[4]

*ILLC's failure to prove damages:* ILLC claims that this was an "open-and-shut case of infringement" (Mot. at 10) but ignores that to recover damages, ILLC was required to show harm to the value of its mark. *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012). The Court agreed at summary judgment that ILLC faced "an uphill battle at trial" to do so, Dkt. 311 at 10, and even allowed ILLC to reopen its case after it failed to meet its burden. Tr. at 867:11-22. Its only response was speculative testimony from Mr. Runyon valuing the "company" at $15–$25 million (Tr. 1027:18–20), an estimate that was untethered to its trademarks or apparel or cookbook business and internally inconsistent: he claimed the brand peaked in 2019 or 2020, years after the alleged infringement began, and declined to offer any current valuation, making it impossible to calculate any diminution in value. *Id.* That testimony was further bolstered by improper lay opinion, as Mr. Runyon—after hearing expert valuation testimony—testified about his consulting work and compensation to suggest brand value based on specialized experience rather than personal knowledge. This only underscores the absence of competent damages evidence. IF's decision to proceed to trial was reasonable on that basis alone. Moreover, ILLC failed to show any damage *caused* by the allegedly infringing goods at issue: apparel and cookbooks.

*IF's noninfringement defense*: IF also had a valid non-infringement defense. ILLC failed to show actual confusion tied to the accused goods—apparel and cookbooks—and instead relied on generalized association with IF's plant-based food business. As the Court observed, ILLC's case "lost the focus of the goods that are asserted to be infringed." Tr. at 232:1–3. That is not actionable confusion: trademark law requires confusion affecting purchasing decisions, not mere brand association or recognition. *See Rearden LLC v. Rearden Commerce, Inc..* 683 F.3d 1190, 1209 (9th Cir. 2012).

---

[4] ILLC also claims that IF had no damages from the fraud. But as the Court previously found, IF could show injury by ILLC's "wielding of the Challenged Marks." Dkt. 311 at 29.

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

Nor did ILLC satisfy the *Sleekcraft* factors. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003). The strongest factors—proximity, actual confusion, and marketing channels—weighed against it. The accused apparel was not sold as a competing product but functioned as promotional "swag," and ILLC presented no evidence of overlapping markets, cookbook sales, or consumer decision-making. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1150 (9th Cir. 2011) (proximity factor turns on whether consumers encounter the parties' goods in a shared commercial context and would view them as related). While the absence of actual confusion can be given limited weight, here the record goes further: ILLC presented substantial evidence of consumer *association* with IF's plant-based food business—i.e., the type of mental linkage characteristic of dilution, not confusion as to source. That evidence does not merely fail to show confusion; it affirmatively demonstrates a different phenomenon altogether, underscoring the absence of actionable confusion under the Lanham Act. *See Star Mkts., Ltd. v. Texaco, Inc.*, 950 F. Supp. 1030, 1037 (D. Haw. 1996) ("[i]n no one person's mind can both perceptions occur at the same time … [t]hey are inconsistent states of customer perception").

In these circumstances, IF's non-infringement defense was viable. *E.g.*, *Apple Inc.*, 2014 WL 4145499, at *11 (fees not warranted where defendant "presented several reasonable defenses").

**3.    IF's Infringement Claim Was Not Frivolous Or Unreasonable.**

IF's affirmative infringement claim was not frivolous. ILLC's own survey found a statistically significant likelihood of confusion between IF's plant-based meat and ILLC's nutritional supplements. Trial Exs. 1401-1406; Tr. at 991:1-992:2; 995:15-25; 996:7-16. The evidence also showed overlapping marketing channels, including Amazon and social media, (Tr. at 294:19-24; 618:19-24), and a plausible likelihood of expansion, as companies in the plant-based space have entered supplements and IF itself had considered doing so. Tr. Ex. 1161; Tr. at 929:25-930:7; Tr. at 420:2-17.

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

At a minimum, these facts made the claim debatable, not frivolous. *See Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007) (case not frivolous where issues are "debatable").

### 4.   IF Did Not Engage In Unreasonable Litigation Tactics

ILLC's argument that IF's litigation tactics justify attorneys' fees wildly misrepresents the record, and its supporting declarations contain material falsehoods. *See* Henn Decl. ¶¶ 3-12, Van Curen Decl. ¶¶ 5, 8, 12, 20, 42, 44, 52.

*Allegations about Mediations*. IF did not "abruptly refuse[]" to participate in mediation. Mot. at 6, 13. As explained in the Henn Declaration, IF consistently informed ILLC—before receiving any mediation agreement—that the trial date would need to move to engage in mediation. Henn Decl. ¶¶ 4-6. The parties never agreed to a coexistence framework, and IF advised ILLC weeks in advance that it intended to amend its complaint. Van Curen Decl. ¶¶ 8-9. ILLC's complaint that IF "offered no off-ramp short of trial" (Mot. at 14) is also misguided. Declining to settle (particularly where ILLC demanded damages many times beyond what the jury awarded) is not unreasonable litigation behavior. *See Coach, Inc. v. Citi Trends, Inc.*, 2020 WL 13064695, at *8 (C.D. Cal. July 20, 2020) (parties cannot be forced to settle and a refusal to do so is not an exceptional event).

*Allegations About Deletion of Evidence*. ILLC faults IF for deleting emails, yet never sought spoliation sanctions. The emails were deleted in the ordinary course of business more than a year before any preservation obligation arose. Van Curen Decl. ¶¶ 16-17. IF complied with its preservation obligations.

*Allegations of Duplicative Legal Proceedings*. ILLC also challenges IF's TTAB proceeding. IF initiated that proceeding to cancel additional marks and to inform the TTAB of Judge Van Keulen's fraud finding. Van Curen Decl. ¶ 39; Dkt. 476-6 at 29. IF properly identified this action as related and viewed ILLC's separate TTAB proceeding concerning different marks as unrelated. Van Curen Decl. ¶ 40.

*Allegations about IF's Subpoenas*. ILLC complains about IF's subpoenas but never moved to quash them. Van Curen Decl. ¶ 35. By contrast, IF successfully moved to quash ILLC's

IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

subpoena to Viking Global Ventures as overbroad and irrelevant. Dkt. 203 at 1:21–23; Dkt. 229 at 6:4–6.

*Miscellaneous Allegations*. ILLC also faults IF for decisions that IF made to *narrow* the claims at issue. Among those, IF's decisions to dismiss Mr. Runyon as a defendant and drop its disgorgement claim (both of which IF did at the urging of the Court) and its decision to drop its claim based on the animated IMPOSSIBLE mark (Mot. at 5). These decisions tend to show the absence of ill intent or frivolousness, not the inverse.

In sum, none of ILLC's complaints about IF's litigation choices have merit. They also pale in comparison to the cases ILLC cites and others where fees have been awarded based on a defendant's bad faith conduct that involved behavior far more extreme than anything alleged, let alone proven.[5]

---

[5] *See Paige LLC*, 2024 WL 3594450, at *6-*7 (awarding fees where defendant (1) continued using the infringing mark despite the court granting summary judgment for the plaintiff; (2) provided little to no legal authority in support of its arguments; and (3) missed multiple deadlines, including by disclosing its expert three months late, thereby preventing plaintiff from deposing him); *Jackson v. Gaspar*, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022) (finding an exceptional case based on discovery conduct the court had previously formally found was "improperly motivated and sought to drag out or obfuscate proceedings"); *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*, 775 F. App'x 350, 352 (9th Cir. 2019) (fees appropriate where plaintiff "did not have any evidence to support any of its claims, and offered no evidence of commercial use, likelihood of confusion in the marketplace, or damages"). *See also e.g., Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510-11 (9th Cir. 2011) (abusive litigation practices including submission of inaccurate answers to interrogatories); *Horphag Rsch., Ltd. v. Garcia*, 475 F.3d 1029, 1033, 1039 (9th Cir. 2007) (altering quotations from research publications to misattribute to defendant's product test results actually relating to product sold by plaintiff); *Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (violation of Lanham Act in an attempt to disrupt environmental agenda of non-profit organization); *Card Tech Int'l v. Provenzano*, 2012

12

## C.      Neither Deterrence Nor "Compensation" Favors An Attorneys' Fees Award

ILLC also asks the Court to award fees because otherwise "Impossible LLC would still face a net loss of some $3 million." Mot. at 14. Critically, however, neither ILLC nor Mr. Runyon ever actually say that Mr. Runyon or ILLC will be required to pay the attorneys' fees; they carefully skirt the issue, with Mr. Runyon declaring he "incurred" the fees, with no mention of actual payment. Runyon Decl. ¶ 7. Most likely, ILLC's counsel is operating on a contingency fee agreement. In any event, a court "cannot award attorney's fees to a prevailing plaintiff as a compromise in place of unascertainable damages or profits." 4 McCarthy on Trademarks and Unfair Competition § 30:100 (5th ed.). ILLC, hoping for a windfall against a larger company, opted to pursue a claim where it could show neither lost profits, harm to its brand value, nor any profits by IF, based on a product that sold less than $100,000 over a 15-year period, and that gamble was a decision ILLC was entitled to make. But the fact that bet did not pay off does not weigh in favor of finding the case exceptional.

Nor is there anything to deter. There is no evidence in the record whatsoever suggesting IF intended to capitalize on ILLC's goodwill, and ILLC has never claimed as much. The record also does not show any intent to "bully" ILLC. It was ***ILLC*** that initiated adversarial proceedings, first by sending a cease-and-desist letter demanding that IF "limit the use of its IMPOSSIBLE mark to only use in association with plant-based food substitutes." Trial Ex. 2183 at 2. And then, 15 days later, by submitting an opposition to IF's pending trademark application. Trial Ex. 1033.

In sum, ILLC has not shown it is entitled to attorneys' fees under 1117(a). *See BillFloat Inc. v. Collins Cash Inc.*, 2023 WL 2333879, at *7 (N.D. Cal. Mar. 1, 2023), *aff'd*, 105 F.4th 1269 (9th Cir. 2024) (finding case not exceptional where party's trademark claim survived summary judgment, "there were some *Sleekcraft* factors which weighed in [party's] favor" at trial and party's "litigation conduct was not especially unreasonable").

---

WL 2135357, *36 (C.D. Cal. June 7, 2012), *amended by*, 2013 WL 12638554 (C.D. Cal. Jan. 2, 2013) (refusal to comply with preliminary injunction).

## IV.    ILLC IS NOT ENTITLED TO ENHANCED DAMAGES

The Lanham Act gives the court discretion to increase damages "for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a). Such an increase is allowed only to the extent the award constitutes compensation and not a penalty. *Skydive Arizona, Inc.*, 673 F.3d at 1114. Here, the Court determined that ILLC was not entitled to reputational damages. Dkt. 311 at 11-12. ILLC also neither sought nor proved lost profits, and disgorgement is unavailable because the apparel was never sold and the Cookbook lost money. That leaves only corrective advertising, which requires proof that (1) ILLC had established goodwill, (2) that goodwill was harmed by the alleged infringement, and (3) corrective advertising is necessary to remedy that harm. *Skydive Ariz., Inc.*, 673 F.3d at 1113.

ILLC presented no credible evidence of damages. The only concrete figure—$450,000 in advertising spend—was never tied to the accused goods. *See* Tr. at 866:7-8; *see also* Ex. 713, Ex. 1260. The jury's award of $3,250,000 far exceeds that number. ILLC also presented no evidence of cookbook sales, and its own expert conceded that lifetime apparel sales were less than $100,000—and in fact increased during the alleged period of infringement. Tr. 882:20-22.[6] On this record, the award more than compensates any conceivable harm; any additional amount would be impermissibly punitive. ILLC publicly admitted that its "claims were fully vindicated" by the jury's "just" and "significant" verdict. Van Curen Decl. Ex. 3.

Where a jury's award fully compensates the plaintiff, courts routinely deny enhanced damages—even with a willfulness finding. *E.g.*, *Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co.*, 2019 WL 13061855, at *6 (C.D. Cal. Sept. 16, 2019) (no enhancement where award "adequately compensates" and further increase would be punitive); *Munhwa Broad. Corp. v. Create New Tech. Co.*, 2015 WL 12752536, at *6 (C.D. Cal. Sept. 2, 2015) (declining increase as excessive); *Falcon Stainless, Inc. v. Rino Cos.*, 2011 WL 13130487, at *5 (C.D. Cal. Aug. 2,

---

[6] As discussed previously, Mr. Runyon's rebuttal testimony was wholly speculative, inconsistent with the facts (Tr. at 1027:18-20), and he declined to offer an estimate of the brand's current value, thwarting calculation of any diminution of that value.

14

2011) (willfulness does not justify enhancement of damages where damages are fully compensatory); *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 8168854, at *15 (C.D. Cal. Oct. 6, 2023) (declining enhancement where unnecessary to ensure compensation); *Anhing Corp. v. Thuan Phong Co.*, 2016 WL 6661178, at *4 (C.D. Cal. Jan. 25, 2016) (declining enhancement where award was adequate).

**Apparel***:* ILLC claims that Dr. Vanderhart's "base" compensation for apparel "was understated" but misstates the record. Mot. at 15. Ms. Hatman did not testify at deposition that IF spent $80,000 annually on apparel; she testified she "could not speculate" on total swag spending and only estimated that the marketing budget allocation was "in the $80,000 range" per year. Dkt. 476-11 at 129:9-13. She explained at trial that IF distributed apparel not just for marketing but also to "employees, vendors, and others," and that multiple departments could order branded apparel. Tr. at 566:12-14; 641:11-642:17. ILLC did not explore this at trial.

Its claim that IF produced higher figures "after the close of discovery" is also incorrect; the cited materials were produced within days of the close of fact discovery and before expert reports. Van Curen Decl. ¶¶ 22-23.[7]  ILLC's analysis also ignores that its own expert testified the base figure should be increased by 60%, and that the jury rejected Dr. Palmatier's 3-5 multiplier, awarding roughly twice the base amount. *Id.* There is no basis to increase the apparel award.

**Cookbook**: ILLC waived any claim for cookbook damages by failing to object to the verdict form, which did not seek a jury determination on Cookbook damages. Dkt. 459. *See also* Fed. R. Civ. Proc. 51(b)(2) (objections must be made "before the instructions and arguments are delivered"); *Ayuyu v. Tagabuel*, 284 F.3d 1023, 1026 (9th Cir. 2002) (holding that objections to the verdict form must be timely or are waived). In any event, the Court correctly held that production costs are not a valid measure of corrective advertising damages because the Cookbook

---

[7] ILLC also argues that "[a]fter trial, [IF] finally acknowledged Dr. Vanderhart's testimony that it had actually spent at least $1 million on the infringing apparel." Mot. at 16 (citing Mar. 26, 2026 Hearing Tr. at 23:20-24). This is a non-sequitur. That IF's counsel *referenced* Dr. Vanderhart's testimony does not mean IF endorses that testimony, much less that the testimony is accurate.

was not "intended to be a form of advertising." Dkt. 383 at 8. ILLC's closing argument did exactly what the Court excluded—using production costs as a proxy for damages. *Id.*

Trial evidence does not change that conclusion. Although Ms. Hatman testified that some cookbooks were given away and used to "generate publicity" (Tr. at 593:7-14), she also testified that IF gave away its plant-based meat for the same purpose (Tr. at 612:17-613:10; 633:7-9) and that the Cookbook was sold on Amazon. Tr. at 592:21-23; Tr. Ex. 1293. Nor does the absence of a marketing budget—or the Cookbook's inclusion in a spreadsheet under the heading "nonproduct revenue"—transform it into a promotional item, particularly where that category included other non-food revenue such as licensing. Ex. 1124. ILLC cites no evidence or authority showing the absence of an advertising budget makes a product promotional. And as Ms. Hatman explained, the relevant category included any "revenue that we have that aren't specific to food products," Tr. at 594:20-21, and also included licensing fees IF received (Tr. at 656:9-19). No enhancement is warranted based on the Cookbook.

**"Unjust Enrichment"**: ILLC last feebly argues that the Court should enhance damages because "the jury's damages award did not account for the benefit that [IF] obtained from its marketing of the infringing apparel and cookbooks." Mot. at 17. This is implicitly a request for disgorgement. *See Guardant Health, Inc. v. Natera, Inc.*, 2025 WL 2106522, at *22 (N.D. Cal. July 28, 2025) (explaining that there are "three categorically distinct rationales" for the Lanham Act's disgorgement remedy: "(1) to avoid unjust enrichment; (2) as a proxy for plaintiff's actual damages; and (3) to deter infringement") (citation omitted). ILLC agreed not to seek disgorgement and therefore waived the request. Dkt. 421 ¶ 4.

## V.    ILLC'S REQUESTED INJUNCTION SHOULD BE DENIED

### A.    ILLC is Not Entitled to a Permanent Injunction.

ILLC is not entitled to the extraordinary remedy of a permanent injunction. To obtain such relief, it must show irreparable injury, inadequacy of legal remedies, that the balance of hardships favors relief, and that an injunction serves the public interest. It has not done so. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

16

In trademark cases, a prevailing plaintiff may be entitled to a rebuttable presumption of irreparable harm. 15 U.S.C. § 1116(a). But that presumption is not dispositive and must give way where the record shows no likelihood of future harm. *See Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1006-07 (9th Cir. 2023) (emphasizing that permanent injunctions are forward-looking and must be based on likely future injury).

*First*, with respect to the Cookbook, the request is moot, because IF has stopped selling the Cookbook and stated it will not sell in the future (*see* Van Curen Decl. ¶ 56), and ILLC has offered no evidence to show a likelihood of recurrence. *Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir. 1985) (where allegedly infringing conduct has ceased party seeking the injunction bears the burden of "showing a likelihood of recurrence"). The request is therefore moot. *In re Circuit Breaker Litig.,* 860 F. Supp. 1453, 1456 (C.D. Cal. 1994) (denying request for permanent injunction where infringing behavior "ceased before judgment and [defendant] assured the court that it has no intention of infringing in the future). The same result follows here for the Cookbook. On this record, there is no ongoing or threatened conduct to enjoin, and no basis for prospective relief. The request should therefore be denied.

*Second*, with respect to apparel, ILLC has not shown irreparable injury or that it lacks an adequate remedy at law because it has not shown injury at all. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007) ("adequate remedy at law analysis parallels that performed for irreparable harm."). Although ILLC invokes a rebuttable presumption of irreparable harm under 15 U.S.C. § 1116(a), that presumption is easily overcome here. ILLC's motion identifies no evidence of harm, and at trial it presented none. It did not show that any consumer purchased—or declined to purchase—apparel based on confusion. It offered no evidence of customer complaints, reputational harm, or any marketplace effects tied to the accused goods. Mot. at 17-18. Instead it relies on testimony that consumers, upon seeing the word "Impossible," associated the name with IF's plant-based products. But that is not the kind of confusion the Lanham Act protects against. It protects against confusion that causes consumers to purchase one party's goods believing them to be those of another—not against general association or recognition. *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir.

2012); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 873 (9th Cir. 1999).[8] The jury was entitled to find infringement on the basis of *likelihood* of confusion. But it is well-established that "[s]peculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984). And here, ILLC showed none.

That conclusion is reinforced by ILLC's own conduct. ILLC was aware of Impossible Foods' use of the challenged mark on apparel as early as "2015 or 2016," yet did not bring its claims until 2023. Tr. at 208:10-209:23. It then waited approximately three more years before seeking injunctive relief. Dkt. 476. This extended delay is fundamentally inconsistent with any claim of urgent or ongoing irreparable harm. While the significance of delay depends on context, *see Y.Y.G.M. SA v. Redbubble,* 75 F.4th at 1006-07, the context here confirms the absence of irreparable injury: ILLC presented no evidence of ongoing marketplace harm, reputational injury, or consumer confusion affecting purchasing decisions. If the alleged infringement truly threatened ILLC's goodwill in a meaningful way, one would expect prompt action—not years of inaction followed by a post-trial request for equitable relief.

Because ILLC has shown no actual harm, there is no cognizable injury for an injunction to prevent and no confusion for the public to be protected from. An injunction would only restrict lawful conduct without proven injury. The balance of equities and the public interest therefore weigh against injunctive relief.

ILLC also cannot show that remedies at law are inadequate. The jury awarded $3.25 million in damages—far exceeding any concrete evidence of harm presented at trial. Where a plaintiff has been fully compensated, equitable relief is unwarranted. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007).

---

[8] *See also James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.*, 2013 WL 655314, at *9 (C.D. Cal. Feb. 21, 2013) (citing *Echo Drain v. Newsted*, 307 F. Supp. 2d 1116, 1126 (C.D. Cal. 2003)).

18

**B.      ILLC's Proposed Injunction Is Not Narrowly Tailored.**

As the Court cautioned at the laches hearing, any injunction must be "as narrowly tailored as necessary to correct the harm done by the conduct found by the jury." 3/26/26 Tr. at 33:21–23. *See also Skydive Arizona, Inc.*, 673 F.3d at 1116 (injunctions must be "narrowly tailored to the scope of the issues tried in the case"). Federal Rule of Civil Procedure 65(d) likewise requires that any injunction be "specific in terms" and describe in reasonable detail the acts restrained. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006) (quoting Fed. R. Civ. Proc. 65(d)). Consistent with these principles, the terms of any injunction must be limited to remedying only the specific harms shown, and may not extend to "enjoin all possible breaches of the law." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (*quoting Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983)). Though the jury's verdict did not weigh in on any cookbook except the at-issue Cookbook, the proposed injunction enjoins "any physical digital, or online cookbooks." Dkt. 476-55 at 2:8-10. It further enjoins "recipe collections, compilations, or indices," Dkt. 476-55 at 2:10. With respect to apparel, it enjoins any apparel using the word Impossible unless "the word 'Foods' is immediately adjacent to the word 'Impossible' and is rendered in the same font style and is of at least the same font size as the word 'Impossible.'" *Id.* at 2:5-6. As to both apparel and the Cookbook, the injunction also purports to bar use of "any words or phrases that are confusingly similar" to Impossible. *Id.* at 1:27-28; at 2:7-8. And in paragraph four of the proposed injunction, ILLC seeks to enjoin IF from "posting or otherwise disseminating any advertising, packaging, images, or images of packaging of the Infringing Products." Because "infringing Products" is defined broadly as "IF's apparel and cookbook," 1:7-8, this would prohibit IF from advertising products that the injunction does not bar sale of (*i.e.*, apparel that says "Impossible Foods"). ILLC's request should independently be denied for overbreadth. 3/26/26 Tr. at 33:24-25 ("if it's overly expansive, one of my options is to simply deny it").

**VI.      THE COURT SHOULD DENY ILLC'S FOURTH CLAIM FOR RELIEF**

Section 1119(a) of the Lanham Act provides that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to

19

the registrations of any party to the action." 15 U.S.C. § 1119. "Critically, by specifying that a court '*may* determine the right to registration,' § 1119 grants courts discretion to address the trademark applications and registrations of a party to a suit already involving a registration. It does not require district courts to address claims where these interests in efficiency or other considerations counsel against adjudicating a right to registration." *BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, 97 F.4th 668, 671 (9th Cir. 2024), *aff'd in part and rev'd in part*, 2024 WL 1364300 (9th Cir. Apr. 1, 2024). The Court should decline to exercise that discretion because Application No. 88855875 seeks a trademark for products ILLC has never proven it has trademark rights for, let alone products the jury found a likelihood of confusion for.

IF's Application No. 88855875 seeks registration for the mark IMPOSSIBLE in connection with "[p]roviding information about recipes, ingredients and cooking information" and "providing an online computer database to consumers featuring information about recipes, ingredients and cooking information." Tr. Ex. 2182. ILLC seeks cancellation of the application in whole, Mot. at 20, arguing that "the jury has definitively answered the likelihood of confusion question." Mot. at 20. The jury also did not find that *any* use of IMPOSSIBLE in connection with *any* cooking-related product would be infringing. It found that the particular Cookbook at issue in this case was infringing. Even if that finding could be extrapolated to cookbooks more generally, nothing in the jury verdict finds a likelihood of confusion based on "providing information about...ingredients and cooking information." In fact, the jury expressly found the Cookbook is distinct from other kinds of cooking- and food-related information, by finding that the Cookbook did *not* infringe ILLC's unregistered trademark in "nutrition information." *See* Dkt. 459 at 4 ¶ 7.

DATED: April 16, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
G. Roxanne Elings
Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

20