G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY  10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff/Counter-Defendant, | **DECLARATION OF R. CHARLES HENN JR. IN OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF** |
| vs. | |
| IMPOSSIBLE LLC, | |
| Defendant/Counter-Plaintiff. | Judge: Hon. Beth L. Freeman<br>Hearing Date: April 23, 2026<br>Time: 9:00 a.m.<br>Location: Courtroom 1, 5th Floor |

**<u>DECLARATION OF R. CHARLES HENN JR.</u>**

I, R. Charles Henn Jr., declare as follows:

1.      I am a partner in the law firm of Kilpatrick Townsend & Stockton LLP, and I am one of the attorneys who represented Impossible Foods Inc. ("Impossible Foods") in this matter. The facts stated below are based on my own personal knowledge and documents maintained by our firm in the ordinary course of business.

2.      I submit this Declaration in opposition to Impossible LLC's Motion for Post-Trial Relief, and specifically to correct certain statements made in that Motion and in the Declaration of Marissa Benavides (Dkt. 476-9, the "Benavides Decl.") regarding a potential mediation that the parties discussed in May 2025.

3.      At the outset, I never spoke with Ms. Benavides in May 2025, and I do not believe I ever had any email exchanges with Ms. Benavides relating to settlement or mediation. Ms. Benavides first appeared in the case on June 6, 2025 (Dkt. 225), and her first communication with our firm was on July 13, 2025. It is thus surprising to me that she purports to offer characterizations of my telephone conversations with Impossible LLC's other counsel, Noah Hagey, and other communications in May 2025 in which she did not participate, "based on personal knowledge."  Benavides Decl. ¶ 1.

4.      On May 23, 2025, I had a phone call with Mr. Hagey. According to my billing records for that day, the call lasted approximately 20 minutes. Given the passage of time, I do not remember exactly what either of us said during that call, but I do recall the gist of the conversation.  The purpose of the call was to discuss the possibility of conducting a private mediation in an effort to resolve this matter. During the call, I told Mr. Hagey that if the parties agreed to mediation, we would need to move the case schedule back to accommodate it, because a primary reason for Impossible Foods' interest in mediation was avoiding upcoming expenses associated with expert depositions and dispositive motions. I further explained that because the case schedule was already compressed, moving the expert and dispositive motion deadlines would also require pushing back the trial date by a few weeks, to allow sufficient time for the Court to decide the motions.

HENN DECLARATION IN OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)

5.     At my direction, my partner, Forrest Flemming, wrote to another Impossible LLC attorney, Adam Cashmanon, via email on May 28, 2025. Mr. Flemming's email confirms the substance of my call with Mr. Hagey. Specifically, Mr. Flemming wrote: "Charlie tells me that he and Noah agreed to seek an extension of deadlines in light of the mediation, and that they want you and me to handle seeking the extension. They also talked about how, given how compressed the schedule is, the trial date would also need to move." Ex. 1 at 4. Attached as **Exhibit 1** is a true and correct copy of the email thread between Forrest Flemming and Adam Cashman, dated between May 28, 2025, and May 29, 2025.

6.     Over the next few days, Mr. Hagey and I exchanged text messages on the scheduling issue. For example, on May 29, 2025, I again explained that "we think trial will need to move" to "leave [the] judge enough time to decide SJ motions."  Ex. 2 at 3. Attached as **Exhibit 2** is a true and correct copy of the text exchange between me and Noah Hagey, dated between May 23, 2025, and May 30, 2025.

7.     Impossible LLC would not agree to adjourn the trial date, despite the fact that its proposed schedule would leave the Court very little time to resolve dispositive motions before the final pretrial conference. As a result of the parties' inability to agree on an extended case schedule, the proposed mediation did not go forward.

8.     Impossible LLC's description of these events contains several inaccuracies and mischaracterizes what actually occurred.

9.     *First*, Ms. Benavides states in her Declaration that the need to adjourn the trial date "was never raised before" and was only raised by Impossible Foods "[w]hen the time came to execute the [mediation] agreements."  Benavides Decl. ¶ 2.

10.    As recounted above, that is not true. I raised the need to move the trial date during my May 23 phone call, which was confirmed (and repeated) by Mr. Flemming again in his May 28 email. Impossible Foods received the proposed mediation agreement after those communications, on May 29, 2025. Attached hereto as **Exhibit 3** is a true and correct copy of the May 29, 2025, email from Judicate West sending me the mediation Services Agreement for execution.

11.    *Second*, Ms. Benavides states that Impossible Foods's counsel (apparently referring to me) made a "concession" that "Impossible Foods knew it would need to provide substantial compensation to Impossible LLC in order to resolve the action, and that it was prepared to do so."  Benavides Decl. ¶ 2.

12.    That also is not accurate. As I recall, while Impossible Foods understood that some payment would be necessary to settle the case, I told Mr. Hagey that I doubted Impossible Foods would pay an amount in the range that Impossible LLC was demanding. I certainly never "conceded" that Impossible Foods would provide "substantial" compensation to Impossible LLC. I have reviewed my emails and texts from around that time, and I have not found any written record that would suggest that I told Mr. Hagey Impossible Foods would make a substantial payment to Impossible LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on the 16th day of April 2026, in Atlanta, Georgia.

_____
R. Charles Henn Jr.

HENN DECLARATION IN OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR POST-TRIAL RELIEF
Case No. 5:21-CV-02419-BLF (SVK)