**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff / Counter-Defendant, | **IMPOSSIBLE FOODS' [PROPOSED] PERMANENT INJUNCTION** |
| v. | |
| IMPOSSIBLE LLC and JOEL RUNYON, | |
| Defendants / Counter-Plaintiffs. | |

**ORDER**

Pending before the Court is Defendant/Counter-Plaintiff Impossible LLC's ("Impossible LLC") Post-Trial Motion ("Motion") requesting that the Court issue injunctive relief in accordance with Impossible LLC's pleading in its Counterclaim to Plaintiff/Counter-Defendant Impossible Foods's ("Impossible Foods") Third Amended Complaint (Dkt. 241 at 74-76), and the jury's verdict (Dkt. 459).

In this action, a jury found that one or more pieces of apparel produced by Impossible Foods infringed Impossible LLC's United States Trademark Registration Nos. 4260617 and 5620625, as well as its unregistered trademark in IMPOSSIBLE in connection with apparel (the "Apparel Trademarks").  It further found that a cookbook titled *Impossible: The Cookbook: How to Save Our Planet, One Delicious Meal at a Time* (the "Cookbook") infringed Impossible LLC's common law trademark rights in the word IMPOSSIBLE in connection with recipes (the "Recipe Trademark," and together with the Apparel Trademarks, Impossible LLC's "IMPOSSIBLE Trademarks").

A permanent injunction requires proof that (1) the plaintiff has suffered irreparable injury; (2) remedies at law are inadequate; (3) the balance of hardships favors equitable relief; and (4) an injunction serves the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). This framework requires courts to evaluate both the harm to the parties and broader policy considerations.

The Court finds that: (i) irreparable harm is limited to the specific uses found infringing by the jury; (ii) monetary relief is insufficient only as to those uses; (iii) the balance of hardships favors limited relief but weighs against broader restrictions; and (iv) the public interest is served by preventing confusion while permitting lawful, non-infringing use. A broader injunction would extend beyond the jury's findings, restrict lawful conduct, and impose undue burdens on Impossible Foods.

**IT IS HEREBY ORDERED:**

Pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65(d), Impossible Foods, and its officers, agents, servants, employees, and those in active concert or participation with them

who receive actual notice of this Order, are ENJOINED as follows:

1. Impossible Foods is enjoined from using the standalone word "Impossible" on apparel in a manner likely to cause confusion as to source, including uses substantially similar to those found infringing by the jury. This prohibition does not extend to: apparel bearing the name "Impossible Foods"; or apparel that includes additional words, logos, or design elements such that the overall presentation clearly identifies Impossible Foods as the source and is not confusingly similar to the infringing uses found by the jury.

2. Impossible Foods is enjoined from using "Impossible" as the title or dominant source-identifying term of a cookbook in a manner substantially similar to the Cookbook found to infringe. This prohibition does not extend to: cookbooks that include "Impossible Foods" as the source; or uses in which "Impossible" appears in a non-source identifying manner or in combination with additional terms or context that clearly identifies Impossible Foods as the source and avoids confusion.

3. This injunction is limited to the specific categories of goods and uses adjudicated at trial and does not apply to: products not at issue in the jury's verdict; non-commercial or descriptive uses of the word "impossible"; or any use not likely to cause confusion.

This Order is intended to comply with Federal Rule of Civil Procedure 65(d) and is limited to the specific conduct found to infringe. The Court retains jurisdiction to interpret, modify, and enforce this Order.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
Honorable Beth Labson Freeman
United States Judge