**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No.  5:21-cv-02419-BLF |
| Plaintiff, | |
| v. | **JUDGMENT** |
| IMPOSSIBLE X LLC, | |
| Defendant. | |

In accordance with the jury's verdict, attached hereto,

It is hereby ordered and adjudged that Judgment in the amount of $3,250,000 is entered for Defendant/Counter-Plaintiff Impossible X LLC and against Plaintiff/Counter-Defendant Impossible Foods Inc., with attorneys' fees to be awarded at a later time, and that

Pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65(d), Impossible Foods, and its officers, directors, agents, servants, employees, related entities, and those in active concert or participation with them who receive actual notice of this Order, are ENJOINED from:

    (1) Using "Impossible" as a standalone word, without other visible words or symbols, on apparel.  This prohibition does not extend to: apparel bearing the name "Impossible Foods"; or apparel that includes additional words, logos, or design elements such that the overall presentation clearly identifies Impossible Foods as the source of the goods;

    (2) Using "Impossible" as a standalone word or title, without other visible words or symbols clearly identifying Impossible Foods as the source or author, on cookbooks or recipes.  This prohibition does not extend to cookbooks or recipes bearing the name "Impossible Foods" as the title or author; or cookbooks or recipes

that include additional words, logos, or design elements such that the overall presentation clearly identifies Impossible Foods as the source of the goods;

(3) Publicly depicting any good prohibited by Paragraph 2 above in any marketing, promotional, or advertising materials in connection with the sale of those goods. Any such materials that presently exist, whether in physical or digital form, SHALL be removed from public access and/or consumption within 14 days following entry of this Order.

Dated:        May 8, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

IMPOSSIBLE FOODS INC.,

      Plaintiff / Counter-Defendant,

    v.

IMPOSSIBLE LLC,

      Defendant / Counter-Plaintiff.

Case No.   21-cv-02419-BLF

**VERDICT FORM**

1

**VERDICT FORM**

We, the jury impaneled in this case, unanimously answer the questions submitted to us as follows.

**PART I**

1. **Fraud on the U.S. Patent and Trademark Office.** Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC committed fraud on the U.S. Patent and Trademark Office in connection with the following registrations?

Registration No. 5387588 for IMPOSSIBLE NUTRITION (stylized):     Yes ___ No ✓

Registration No. 5590801 for IMPOSSIBLE FITNESS (stylized):     Yes ___ No ✓

Registration No. 5603025 for IMPOSSIBLE FITNESS:     Yes ___ No ✓

Registration No. 5620625 for IMPOSSIBLE:     Yes ___ No ✓

*Go on to Part II.*

**PART II**

**Impossible LLC's Claims Against Impossible Foods:**

**Trademark Infringement and Unfair Competition Under Federal and California Law**

**A.     Registered Trademarks**

*If you answered "Yes" for Registration No. 5620625 in Question 1, skip that registration in Question 2. If you answered "No" for Registration No. 5620625 in Question 1, do not skip that registration in Question 2.*

2. Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid registered trademarks by Impossible Foods' use in connection with apparel?

Registration No. 4260617 for IMPOSSIBLE (stylized):     Yes ✓ No ___

Registration No. 5620625 for IMPOSSIBLE:     Yes ✓ No ___

*Go on to Section B.*

2

**B.    Unregistered Trademark in Connection with Apparel**

3.    Did Impossible LLC prove, by a preponderance of the evidence, that Impossible LLC had acquired an unregistered trademark in IMPOSSIBLE in connection with apparel, before Impossible Foods began its use in connection with apparel?

Yes ✓  No ___

*If you answered "No" to Question 3, skip Question 4.  If you answered "Yes" to Question 3, answer Question 4.*

4.    Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid unregistered trademark in IMPOSSIBLE in connection with apparel by Impossible Foods' use in connection with apparel?

Yes ✓  No ___

*Go on to Section C.*

**C.    Unregistered Trademark in Connection with Nutrition Information**

5.    Did Impossible LLC prove, by a preponderance of the evidence, that Impossible LLC had acquired an unregistered trademark in IMPOSSIBLE in connection with nutrition information, before Impossible Foods began its use in connection with cookbooks?

Yes ✓  No ___

*If you answered "No" to Question 5, skip Questions 6 and 7.  If you answered "Yes" to Question 5, answer Question 6.*

6.    Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC abandoned the unregistered trademark in IMPOSSIBLE in connection with nutrition information?

Yes ___  No ✓

*If you answered "Yes" to Question 6, skip Question 7.  If you answered "No" to Question 6, answer Question 7.*

3

7.    Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid unregistered trademark in IMPOSSIBLE in connection with nutrition information by Impossible Foods' use in connection with cookbooks?

Yes ___ No ✓

*Go on to Section D.*

**D.    Unregistered Trademark in Connection with Recipes**

8.    Did Impossible LLC prove, by a preponderance of the evidence, that Impossible LLC had acquired an unregistered trademark in IMPOSSIBLE in connection with recipes, before Impossible Foods began its use in connection with cookbooks?

Yes ✓ No ___

*If you answered "No" to Question 8, skip Questions 9 and 10. If you answered "Yes" to Question 8, answer Question 9.*

9.    Did Impossible Foods prove, by clear and convincing evidence, that Impossible LLC abandoned the unregistered trademark in IMPOSSIBLE in connection with recipes?

Yes ___ No ✓

*If you answered "Yes" to Question 9, skip Question 10. If you answered "No" to Question 9, answer Question 10.*

10.    Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods infringed Impossible LLC's valid unregistered trademark in IMPOSSIBLE in connection with recipes by Impossible Foods' use in connection with cookbooks?

Yes ✓ No ___

*Go on to Part III.*

4

## PART III

*Answer Question 11 only if you answered "Yes" to any of Questions 2, 4, 7, or 10. If you answered "No" to all of Questions 2, 4, 7, and 10, skip Question 11.*

11.    **Willful Infringement.** Did Impossible LLC prove, by a preponderance of the evidence, that Impossible Foods willfully infringed Impossible LLC's registered or unregistered trademarks?

Yes ✓  No ___

*Answer Question 12 only if you answered "Yes" to any of Questions 4, 7, or 10. If you answered "No" to all of Questions 4, 7, and 10, skip Question 12.*

12.    **Punitive Damages.** Did Impossible LLC prove, by clear and convincing evidence, that Impossible Foods acted with oppression, fraud, or malice in infringing Impossible LLC's unregistered trademark in IMPOSSIBLE under California law?

Yes ✓  No ___

*Go on to Part IV.*

## PART IV

*Answer Question 13 only if you answered "Yes" to any of Questions 2, 4, 7, or 10. If you answered "No" to all of Questions 2, 4, 7, and 10, skip Question 13.*

13.    **Corrective Advertising Damages.** What amount, if any—up to the amount of the damage to the value of Impossible LLC's trademarks—did Impossible LLC prove, by a preponderance of the evidence, is the reasonably required cost of corrective advertising to repair such damage caused by Impossible Foods' infringing apparel?

$ 1,500,000

*Go on to Part V.*

5

## PART V

### Impossible Foods' Claims Against Impossible LLC:

### Trademark Infringement and Unfair Competition Under Federal and California Law

**A.    Registered Trademarks**

14.    Did Impossible Foods prove, by a preponderance of the evidence, that Impossible LLC infringed Impossible Foods' valid registered trademarks by Impossible LLC's use in connection with dietary supplements?

| | | |
|---|---|---|
| Registration No. 5459255 for IMPOSSIBLE | Yes ___ | No ✓ |
| Registration No. 7179385 for IMPOSSIBLE (stylized) | Yes ___ | No ✓ |
| Registration No. 7401728 for IMPOSSIBLE | Yes ___ | No ✓ |

*Go on to Section B.*

**B.    Unregistered Trademark**

15.    Did Impossible Foods prove, by a preponderance of the evidence, that Impossible Foods had acquired an unregistered trademark in IMPOSSIBLE in connection with plant-based meat products, before Impossible LLC began its use in connection with dietary supplements?

Yes ✓  No ___

*If you answered "No" to Question 15, skip Question 16. If you answered "Yes" to Question 15, answer Question 16.*

16.    Did Impossible Foods prove, by a preponderance of the evidence, that Impossible LLC infringed Impossible Foods' valid unregistered trademark in IMPOSSIBLE in connection with plant-based meat products by Impossible LLC's use in connection with dietary supplements?

Yes ___  No ✓

*Once you have completed the verdict form, the presiding juror should then sign and date the verdict form in the spaces below, and notify the clerk that you have reached a verdict.*

Dated: March 23, 2026

_____
Signature of Presiding Juror

6

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

|  |  |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No.   21-cv-02419-BLF |
| Plaintiff / Counter-Defendant, | |
| v. | **VERDICT FORM–PUNITIVE PHASE** |
| IMPOSSIBLE LLC, | |
| Defendant / Counter-Plaintiff. | |

1

**VERDICT FORM**

We, the jury impaneled in this case, unanimously answer the question submitted to us as follows.

**PUNITIVE DAMAGES**

1.    What amount of punitive damages, if any, do you award Impossible LLC?

$ __1,750,000__

*Once you have completed the verdict form, the presiding juror should then sign and date the verdict form in the spaces below and notify the clerk that you have reached a verdict.*

Dated: __March 24, 2026__    _____

Signature of Presiding Juror

2