G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY  10020-1104
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> IMPOSSIBLE LLC, <br><br> Defendant/Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF <br><br> **IMPOSSIBLE FOODS INC.'S OBJECTIONS TO IMPOSSIBLE LLC'S BILL OF COSTS** |

Pursuant to Civil Local Rule 54-2, Plaintiff and Counter-Defendant Impossible Foods Inc. ("Impossible Foods") hereby objects to the Bill of Costs filed by Defendant and Counter-Plaintiff Impossible X LLC  ("Impossible LLC"), on May 22, 2026 (Dkt. 494). Impossible Foods objects to $141,838.63 sought in Impossible LLC's Bill of Costs. Attached hereto as **Exhibit 1** is a spreadsheet listing each item claimed by Impossible LLC, with the objectionable items highlighted in yellow.

Impossible Foods met and conferred with Impossible LLC on June 4, 2026 in an effort to resolve the parties' disagreements concerning the costs claimed in Impossible LLC's Bill of Costs. Although the parties reached agreement on certain items, the parties were unable to reach complete agreement.

## LEGAL STANDARD

"[T]axable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). A party's recoverable costs are limited by 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Civil Local Rule 54. The types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920, and the court lacks discretion to award costs not authorized by statute or contract. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987) ("[Congress has not] extended any roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the courts might deem them warranted."). Impossible LLC bears the "burden to provide '[a]ppropriate documentation' to support" its claimed costs. *Apple Inc. v. Samsung Elecs. Co.*, 2014 WL 4745933, at *9 (N.D. Cal. Sept. 19, 2014) (quoting *In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011)). If Impossible LLC fails to provide "appropriate documentation," its inadequately documented claims may be rejected "in [their] entirety." *Id.*; *see Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576, at *3, *17 (N.D. Cal. Oct. 23, 2012) (rejecting costs where defendant failed to "itemiz[e] its costs with enough detail to establish that each expense is taxable").

## OBJECTIONS TO IMPOSSIBLE LLC'S BILL OF COSTS

### I.    OBJECTIONS TO FEES FOR SERVICE OF PROCESS

Impossible LLC seeks $3,852.85 for fees for service of process. *See* Dkt. 494 at 1; Dkt. 494-2. But some of these claimed costs are not recoverable.

*Costs associated with "Nationwide Legal."* Impossible LLC cannot recover its claimed costs because it is for service of a trial subpoena on David Placek, a witness who did not testify at trial. "Fees for service of process … are allowable to the extent reasonably required and actually incurred." Civ. L.R. 54-3(a)(2). Under Nationwide Legal Invoice No. 00000098797, Impossible LLC seeks $607.95 for service of a trial subpoena on David Placek, which was not reasonably required because Placek did not testify at trial. *See* Dkt. 494-2 at 8; *see also* Dkts. 445-455 (trial transcripts, reflecting that Placek did not testify). As such, Impossible LLC cannot recover this cost, and it should be reduced by $607.95.

Thus, Impossible LLC's costs for fees for service of process should be reduced in sum by $607.95.

### II.    OBJECTIONS TO REPORTERS' TRANSCRIPTS COSTS

Impossible LLC seeks $17,404.00 for reporters' transcripts costs. *See* Dkt. 494 at 1. Impossible LLC cannot recover these costs, as transcript costs are not generally allowed. *See* Civ. L.R. 54-3(b)(3). Transcript costs are only recoverable when "necessarily obtained for an appeal"; when the transcript contains "a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel"; or when, "before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." Civ. L.R. 54-3(b). Impossible LLC seeks recovery of costs specifically for Summer A. Fisher's Invoice Nos. 20260048, 20260074, 20260198, 20260034, and 20260057, as well as Echo Reporting Invoice No. 36473—none of which were obtained for appeal, reduced to a formal order, approved by the Judge, nor stipulated to be recoverable. *See Serv. Emps. Int'l Union v. Rosselli*, 2010 WL 4502176, at *1 (N.D. Cal. Nov. 1, 2010) (declining to tax reporters' transcript costs "incurred by the prevailing party because they had no need for transcripts of a trial in which they prevailed"); *see also TransPerfect Glob., Inc. v. MotionPoint Corp.*, 2014 WL 1364792, at *4 (N.D. Cal. Apr. 4, 2014) (declining to tax costs

2

where the party seeking costs "provide[d] no authority for an award of costs for transcripts of the other hearings where it did not obtain prior approval of a judge or the stipulation of [defendant]"). Impossible LLC therefore cannot recover these costs, and its request for reporters' transcripts costs should be reduced by $17,404.00.

### III.    OBJECTIONS TO DEPOSITION COSTS

Impossible LLC seeks $53,378.40 for deposition transcript and video-recording related costs. *See* Dkt. 494 at 1. But many of these claimed costs are not recoverable, and accordingly these costs should be reduced by $40,426.90.

*Extras for the convenience of counsel.* Impossible LLC seeks $22,056.10 in deposition costs which constitute unnecessary "extras" for the convenience of counsel, which the court must decline to tax. *See* Dkt. 494-4. In the meet-and-confer, Impossible LLC conceded that at least some of these costs are not recoverable, disclaiming $8,831.60. In fact, all of these extras should be disallowed. "The Clerk disallow[s] fees for realtime hookups[,] ASCII/Mini/E-tript[,] E-Transmission or E-Transcript," and other "extras" for the "convenience to counsel" that are beyond "the one original and one copy of the transcript allowed" under Civ. L.R. 54-3(c)(1). *Ishida Co. v. Taylor*, 2004 WL 2713067, at *1 (N.D. Cal. Nov. 29, 2004).  These extra costs include $6,524.85 associated with Realtime transcripts, which Impossible LLC cannot recover. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 WL 5494906, at *4 (N.D. Cal. Oct. 30, 2014) (declining to award fees charged for Realtime), *adopted*, 2014 WL 6482602 (N.D. Cal. Nov. 18, 2014); *PNY Techs., Inc. v. Miller, Kaplan, Arase & Co.*, 2017 WL 3712107, at *2 (N.D. Cal. Aug. 29, 2017) (same). Similarly, these extra costs include $4,490.75 associated with rough transcripts, which Impossible LLC cannot recover. *See Linex*, 2014 WL 5494906, at *4 (declining to award fees charged for "rough drafts" of deposition transcripts); *PNY*, 2017 WL 3712107, at *2 (same). The costs should accordingly be reduced by $22,056.10.

*Additional video copies.* Impossible LLC seeks costs for an original and copy of stenographic transcripts of depositions. *See, e.g.*, Dkt. 494-4 at 3, 5, 6, 8 ("TRANSCRIPT - O&1"). However, in addition to the original and one stenographic copy, Impossible LLC also seeks costs for additional video copies. *See* Dkt. 494-4 at 17-29, 31-33. These additional video

IMPOSSIBLE FOODS INC.'S OBJECTIONS TO IMPOSSIBLE LLC'S BILL OF COSTS
Case No. 5:21-CV-02419-BLF (SVK)

copies are not allowable, because the Clerk declines to tax costs for both a written transcript and a video of the same deposition where the party has already sought costs for the stenographic transcript. *See Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) ("[T]he Clerk properly disallowed the additional costs incurred in videotaping depositions for which stenographic written transcripts were also obtained. If the deposition had *only* been videotaped, Affymetrix would have been entitled to recover the cost of both an original tape and a copy, *i.e.*, two tapes total. But, having ordered written transcripts of its depositions, Affymetrix may not recover costs incurred for videotaping those *same depositions*."); *see also ATS Prods. Inc. v. Ghiorso*, 2012 WL 1194151, at *1 & n.3 (N.D. Cal. Apr. 10, 2012) (declining to tax costs for both videotaping and stenographic transcription of deposition). The costs should accordingly be reduced by $16,345.50.

*Costs insufficiently itemized.* Impossible LLC seeks $2,025.30 in costs that are insufficiently itemized and lack appropriate documentation. *See* Dkt. 494-4 at 16. Specifically, Impossible LLC seeks this amount for counsel's cost report for "PLANET DEPOS / Joel Runyon transcript," providing no further explanation. *See id.* Impossible LLC cannot recover this cost as presented in its Bill of Costs because "[a]ppropriate documentation to support each item claimed must be attached to the bill of costs." Civ. L.R. 54-1(a). Counsel does not include an itemized invoice in its "cost report," and therefore Impossible LLC cannot recover the cost without further support. The costs should accordingly be reduced by $2,025.30.

Therefore, Impossible LLC's request for deposition-related costs should be reduced in total by $40,426.90.

## IV.    OBJECTIONS TO REPRODUCTION AND EXEMPLIFICATION COSTS

### A.    The E-Discovery Costs Claimed by Impossible LLC Should Be Reduced

Impossible LLC seeks $19,497.06 for costs related to disclosure and formal discovery documents, which upon review involve expenses for e-discovery. *See* Dkt. 494-7 at 2-5, 7, 9, 11-18, 20, 23, 26 (hosting data on "[w]orkspace"); *id.* at 6, 8, 10 (data "[c]ollection"); *id.* at 19, 21-22, 24-25 (data "[p]rocessing"). In the meet-and-confer, Impossible LLC agreed that these costs are not recoverable. The costs claimed here are not recoverable, as each item involves data

4

hosting, collection, and/or processing. "The law in this district is clear that 'the court does not tax hosting fees'" under Civ. L.R. 54-3(d)(2), nor costs for "assembling, collecting, or processing" e-discovery documents. *Emblaze Ltd. v. Apple Inc.*, 2015 WL 1304779, at *8 & n.60 (N.D. Cal. Mar. 20, 2015). Thus, Impossible LLC's costs for disclosure and formal discovery documents should be reduced by $19,497.06.

**B.      The Trial Exhibit Costs Claimed by Impossible LLC Should Be Reduced**

Impossible LLC seeks $9,917.81 for trial exhibit costs. *See* Dkt. 494 at 1; Dkt. 494-8 at 2. This cost should be significantly reduced, as it reflects an unreasonable cost per page. Civ. L.R. 54-3(d)(4) allows a "reasonable per-page copying charge," and "an average cost per page of $0.13, which encompasses both black-and-white and color copies, is reasonable." *Apple Inc. v. Samsung Elecs. Co.*, 2015 WL 4967769, at *11 (N.D. Cal. Aug. 20, 2015). The vendor charged $0.14 for black-and-white copies and $0.85 for color copies of 11,537 pages total. Dkt. 494-8 at 2. The amount should be reduced to the reasonable rate of $0.13 per page, applied to 11,537 pages ($1,499.81), for a total reduction of $8,418.00.

**C.      The Visual Aids Costs Claimed by Impossible LLC Should Be Reduced**

Impossible LLC seeks to recover $47,570.82 in visual aids costs. *See* Dkt. 494 at 2. But these costs are not recoverable.

*Costs associated with "Court-Prep."* Impossible LLC cannot recover its claimed cost for visual aids through Court-Prep LLC for $12,775.00 because it necessarily involved intellectual effort in creating the content. *See* Dkt. 494-9 at 2. Under Civ. L.R. 54-3(d)(5), "[o]nly the cost of physical preparation of demonstratives are recoverable," whereas "costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Atari Interactive, Inc. v. Redbubble, Inc.*, 2022 WL 20242802, at *1 (N.D. Cal. Apr. 8, 2022) (citation omitted). The trial consultant spent 51.1 hours on "demonstrative development," which reflects intellectual effort on creating content, *not* physical preparation. Dkt. 494-9 at 2. Hours spent on physical preparation, if any, were not broken out or itemized. As such, Impossible LLC cannot recover this cost, and it should be reduced by $12,775.00.

IMPOSSIBLE FOODS INC.'S OBJECTIONS TO IMPOSSIBLE LLC'S BILL OF COSTS
Case No. 5:21-CV-02419-BLF (SVK)

*Costs associated with "Secretariat."* Impossible LLC cannot recover its claimed costs for visual aids through Secretariat Advisors LLC for $26,337.50 because they necessarily involved intellectual effort in creating the content. *See* Dkt. 494-9 at 4. To reiterate, Civ. L.R. 54-3(d)(5) allows recovery "[o]nly [of] the cost of physical preparation of demonstratives," but not of costs involving "intellectual effort." *Atari*, 2022 WL 20242802, at \*1. Here, the expert witness and her staff spent 34 hours on "demonstratives," which reflects intellectual effort on creating content, not physical preparation, which was not broken out separately. Dkt. 494-9 at 4. Further, these costs are not recoverable as they constitute expert witness fees. Under Civ. L.R. 54-3(e), "[n]o other witness expenses, including fees for expert witnesses, are allowable." The Secretariat costs involve time billed by expert witness Jennifer Vanderhart and her staff. Dkt. 494-9 at 4-5. For these reasons, the Secretariat costs should be reduced by $26,337.50.

*Costs associated with "SAMS."* Impossible LLC cannot recover its claimed costs for visual aids through SAMS for $8,458.32 because they necessarily involved intellectual effort in creating the content. *See* Dkt. 494-9 at 8-9. Again, Civ. L.R. 54-3(d)(5) allows recovery "[o]nly [of] the cost of physical preparation of demonstratives," but not of costs involving "intellectual effort." *Atari*, 2022 WL 20242802, at \*1. In this case, expert witness Robert Palmatier spent 11.7 hours to "[p]rep," "work on," and "revise[]" demonstratives, which reflects intellectual effort on creating content, not physical preparation, which again was not broken out. Dkt. 494-9 at 9. As well, these costs are not recoverable as they constitute expert witness fees. "No other witness expenses, including fees for expert witnesses, are allowable." Civ. L.R. 54-3(e). The SAMS costs involve time billed by expert witness Robert Palmatier, Dkt. 494-9 at 8, and should be reduced by $8,458.32.

On these bases, the visual aid costs should be reduced in sum by $47,570.82.

In sum, the total costs for reproductions and exemplifications should be reduced by $75,485.88.

### V.    OBJECTIONS TO WITNESS FEES AND EXPENSES

Impossible LLC seeks $14,071.92 in costs for witness fees and expenses. *See* Dkt. 494 at 2. But some of these costs are not recoverable, and should be reduced by $667.96.

6

*Costs associated with Joel Runyon.* Impossible LLC seeks $349.34 for Joel Runyon's travel costs. *See* Dkt. 494 at 2. This includes Runyon's flight cost of $302.40 and Lyft ride for $26.98. Dkt. 494-10 at 18, 20. However, Impossible LLC incorrectly calculated the sum of Runyon's travel expenses, which actually amount to $329.38, not $349.34 as listed in the bill of costs. Thus, Joel Runyon's travel costs should be reduced by $19.96. In the meet-and-confer, Impossible LLC agreed with this correction.

*Costs associated with Jennifer Vanderhart.* Impossible LLC seeks to recover $2,034 for eight days of subsistence costs and $320.00 for eight days of attendance costs for expert witness Jennifer Vanderhart. *See* Dkt. 494 at 2. However, Vanderhart testified on only two days. *See* Dkts. 450-451. "Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Civ. L.R. 54-3(e). It was not reasonably necessary for Vanderhart to attend trial for eight days, because she testified on only two days. To the extent she needed to review testimony or exhibits, copies of the transcript and exhibits could have been sent to her. The costs associated with Vanderhart should be reduced proportionally to reflect attendance on two, rather than eight, days. Accordingly, the costs should be reduced by $648.00.

On these bases, the costs for witness fees and expenses should be reduced in sum by $667.96.

## VI.    OBJECTIONS TO MISCELLANEOUS COSTS

*Costs on appeal.* Impossible LLC seeks $5,851.05 for costs on appeal, which it cannot recover. *See* Dkt. 494 at 2; Dkt. 494-11 at 4. Specifically, Impossible LLC seeks $5,851.05 for its certiorari petition, which is not recoverable. The Supreme Court denied Impossible LLC's petition, and it is not allowed as a cost on appeal. *Impossible X LLC v. Impossible Foods Inc.*, 144 S. Ct. 2561 (2024). "Other costs not provided for in these Rules but authorized under Fed. R. App. P. 39 are allowable." Civ. L.R. 54-3(g). Fed. R. App. P. 39 does not authorize costs for a petition for writ of certiorari to the Supreme Court, let alone for an unsuccessful petition. Nor does Sup. Ct. R. 43 authorize costs for an unsuccessful petition. Thus, the costs on appeal should be reduced by $5,851.05.

IMPOSSIBLE FOODS INC.'S OBJECTIONS TO IMPOSSIBLE LLC'S BILL OF COSTS
Case No. 5:21-CV-02419-BLF (SVK)

*Additional miscellaneous costs.* Impossible LLC also seeks to recover $1,394.89 in "Miscellaneous Costs" for Fees and Disbursements for Printing, which it cannot recover because costs associated with routine case papers are not allowable. *See* Dkt. 494 at 2; Dkt. 494-12; *see also* Civ. L.R. 54-3(d)(3) ("The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.") The unspecified "printing of materials" and delivery of related courtesy copies to the Court are routine and not recoverable. Dkt. 494-1 at 26; Dkt. 494-12. As such, the additional miscellaneous costs should be reduced by $1,394.89.

Accordingly, all miscellaneous costs should be reduced in sum by $7,245.94.

## CONCLUSION

Impossible LLC's requests for costs should be reduced by the following amounts:

- Fees for Service of Process: reduced by $607.95.

- Reporters' Transcripts Costs: reduced by $17,404.00.

- Deposition Costs: reduced by $40,426.90.

- Reproduction and Exemplification costs: reduced by $75,485.88, including:

  o Disclosure/formal discovery documents: reduced by $19,497.06,

  o Trial exhibits: reduced by $8,418.00,

  o Visual aids: reduced by $47,570.82.

- Witness Fees and Expenses: reduced by $667.96.

- Miscellaneous Costs: reduced by $7,245.94, including:

  o Costs on appeal: reduced by $5,851.05,

  o Additional miscellaneous costs: reduced by $1,394.89.

- Total: reduced by $141,838.63.

DATED: June 5, 2026                      DAVIS WRIGHT TREMAINE LLP


By: */s/ G. Roxanne Elings*
                                         G. Roxanne Elings

                                         Attorneys for Plaintiff/Counter-Defendant
                                         IMPOSSIBLE FOODS INC.

8

IMPOSSIBLE FOODS INC.'S OBJECTIONS TO IMPOSSIBLE LLC'S BILL OF COSTS
Case No. 5:21-CV-02419-BLF (SVK)

# Exhibit 1

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| | | | | | |
| **Service of Process - Appendix 1** | | | | | |
| One Hour Delivery invoice # 401879 | Process service on REDACTED | $ 110.00 | $ 110.00 | | |
| One Hour Delivery invoice # 401879 | Copies for REDACTED | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on REDACTED | $ 200.00 | $ 200.00 | | |
| One Hour Delivery invoice # 401879 | Copies for REDACTED | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Google Ventures | $ 110.00 | $ 110.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Google Ventures | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Ubs | $ 55.00 | $ 55.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Ubs | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Next Play Capital | $ 110.00 | $ 110.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Next Play Capital | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Coatue Management | $ 200.00 | $ 200.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Coatue Management | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Khosla Ventures | $ 110.00 | $ 110.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Khosla Ventures | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Serena Ventures | $ 55.00 | $ 55.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Serena Ventures | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Temasek Holdings | $ 200.00 | $ 200.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Temasek Holdings | $ 2.00 | $ 2.00 | | |
| One Hour Delivery invoice # 401879 | Process service on Viking Global Investors Lp | $ 55.00 | $ 55.00 | | |
| One Hour Delivery invoice # 401879 | Copies for Viking Global Investors Lp | $ 2.00 | $ 2.00 | | |
| Nationwide Legal invoice #00000099760 | Service on Myra Pasek | $ 374.30 | $ 374.30 | | |
| Nationwide Legal invoice #00000085030 | Service on Jordan Schenk | $ 280.20 | $ 280.20 | | |
| Nationwide Legal invoice #00000085030 | Service on Myra Pasek | $ 216.40 | $ 216.40 | | |
| Nationwide Legal invoice #00000085030 | Service on Giselle Guerrero | $ 253.10 | $ 253.10 | | |
| Nationwide Legal invoice #00000085030 | Service on David Placek | $ 298.40 | $ 298.40 | | |
| Nationwide Legal invoice #00000098797 | Service of trial subpoena on David Placek | $ 607.95 | $ 0.00 | $ 607.95 | Witness did not testify. "Fees for service of process . . . are allowable to the extent reasonably required and actually incurred." Civ. L.R. 54-3(a)(2). Service of the trial subpoena was not reasonably required, because David Placek did not testify at trial. Dkt. 494-2 at 8; Dkts. 445-455. |
| Nationwide Legal invoice #00000098797 | Service of trial subpoena on Nicholas Halla | $ 597.50 | $ 597.50 | | |
| **SERVICE OF PROCESS** | **TOTAL** | **$ 3,852.85** | **$ 3,244.90** | **$ 607.95** | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| | | | | | |
| **Reporters' Transcripts - Appendix 2** | | | | | |
| Summer A. Fisher invoice # 20260048 | Daily & realtime trial transcripts for 3/6 to 3/24/26 | $  15,930.10 | $ 0.00 | $  15,930.10 | Court transcripts are not normally allowable. "The cost of transcripts necessarily obtained for an appeal is allowable. . . . The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or |
| Summer." A. Fisher invoice # 20260074 | 7-day transcript for hearing on 4/23/26 | $     415.35 | $ 0.00 | $     415.35 | stipulated to be recoverable by counsel." Civ. L.R. |
| Summer A. Fisher invoice # 20260198 | 30-day transcript for hearing on 10/23/25 | $     453.20 | $ 0.00 | $     453.20 | 54-3(b)(1)-(3). The transcript was not obtained for |
| Summer A. Fisher invoice # 20260034 | 14-day transcript for hearing on 2/12/26 | $     101.20 | $ 0.00 | $     101.20 | appeal, not approved by the Judge, nor stipulated |
| Summer A. Fisher invoice # 20260057 | 7-day transcript for hearing on 3/26/26 | $     198.90 | $ 0.00 | $     198.90 | to be recoverable. Dkt. 494-3. |
| Echo Reporting invoice # 36473 | Daily transcript for hearing on 5/1/25 | $     305.25 | $ 0.00 | $     305.25 | |
| **REPORTERS' TRANSCRIPTS** | **TOTAL** | **$  17,404.00** | **$ 0.00** | **$  17,404.00** | |
| | | | | | |
| **Deposition Transcript/Video Recording - Appendix 3** | | | | | |
| Digital Evidence Group invoice # 20119104 | Med/Tech/Video/Int - Joel Runyon 4/10/2025 | $     123.90 | $   123.90 | | |
| Digital Evidence Group invoice # 20119104 | Realtime - Joel Runyon 4/10/2025 | $   1,032.50 | $ 0.00 | $   1,032.50 | Extras. "The Clerk disallow[s] fees for realtime hookups[,] ASCII/Mini/E-tript[,] E-Transmission or E-Transcript," and other "extras" for the "convenience to counsel" that are beyond "the one original and one copy of the transcript allowed" under Civ. L.R. 54-3(c)(1). *Ishida Co. v.* |
| Digital Evidence Group invoice # 20119104 | Realtime Connection - Joel Runyon 4/10/2025 | $     125.00 | $ 0.00 | $     125.00 | *Taylor* , 2004 WL 2713067, at *1 (N.D. Cal. Nov. |
| ESQUIRE invoice # INV3091090 | ELITIGATE 1ST 2 HOURS - Megan Krogius | $     275.00 | $ 0.00 | $     275.00 | 29, 2004). *See*  Dkt. 494-4 at 2-3. |
| ESQUIRE invoice # INV3091090 | ELITIGATE ADDITIONAL HOURS - Megan Krogius | $ 0.00 | $ 0.00 | $ 0.00 | |
| ESQUIRE invoice # INV3091090 | APP FEE SESSION - Megan Krogius | $     340.00 | $ 0.00 | $     340.00 | |
| ESQUIRE invoice # INV3091090 | TRANSCRIPT - O&1 - EXP-VID-VC-WI - Megan Krogius | $   1,021.25 | $   1,021.25 | | |
| ESQUIRE invoice # INV3091090 | LITIGATION SUPPORT PACKAGE - Megan Krogius | $ 0.00 | $ 0.00 | $ 0.00 | |
| ESQUIRE invoice # INV3091090 | CONDENSED TRANSCRIPT - Megan Krogius | $ 0.00 | $ 0.00 | $ 0.00 | |
| ESQUIRE invoice # INV3091090 | ROUGH ASCII - Megan Krogius | $     288.75 | $ 0.00 | $     288.75 | Extras. *See*  above & Dkt. 494-4 at 3. |
| ESQUIRE invoice # INV3091090 | REALTIME FEED - Megan Krogius | $     288.75 | $ 0.00 | $     288.75 | |
| ESQUIRE invoice # INV3091090 | REMOTE REALTIME SET-UP - Megan Krogius | $      95.00 | $ 0.00 | $      95.00 | |
| ESQUIRE invoice # INV3091090 | PROCESSING & COMPLIANCE - Megan Krogius | $ 0.00 | $ 0.00 | $ 0.00 | |
| ESQUIRE invoice # INV3091090 | COPY TRANSCRIPT SOLD DISCOUNT - Megan Krogius | $     (98.75) | $   (98.75) | | |
| Digital Evidence Group invoice # 20124411 | Med/Tech/Video/Int - Joel Runyon 5/15/2025 | $     129.75 | $   129.75 | | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| ESQUIRE invoice # INV3142901 | DEPO APP FEE HOURLY - Keaton Schwarz | $ 660.00 | $ 0.00 | $ 660.00 | Extras. *See* above & Dkt. 494-4 at 5. |
| ESQUIRE invoice # INV3142901 | APP FEE: ADD'L OVERTIME HOUR - Keaton Schwarz | $ 165.00 | $ 0.00 | $ 165.00 | |
| ESQUIRE invoice # INV3142901 | TRANSCRIPT - O&1 - VID-VC-WI - Keaton Schwarz | $ 1,250.00 | $ 1,250.00 | | |
| ESQUIRE invoice # INV3142901 | SURCHARGE EARLY/LATE PGS - Keaton Schwarz | $ 78.00 | $ 0.00 | $ 78.00 | Extras. *See* above & Dkt. 494-4 at 5-6. |
| ESQUIRE invoice # INV3142901 | ROUGH ASCII - Keaton Schwarz | $ 405.15 | $ 0.00 | $ 405.15 | |
| ESQUIRE invoice # INV3142901 | REALTIME FEED - Keaton Schwarz | $ 427.05 | $ 0.00 | $ 427.05 | |
| ESQUIRE invoice # INV3142901 | REMOTE REALTIME SET-UP - Keaton Schwarz | $ 95.00 | $ 0.00 | $ 95.00 | |
| ESQUIRE invoice # INV3142902 | APP FEE SESSION - Caitlyn Hatman | $ 510.00 | $ 0.00 | $ 510.00 | |
| ESQUIRE invoice # INV3142902 | APP FEE: ADD'L HOURS OVERTIME - Caitlyn Hatman | $ 382.50 | $ 0.00 | $ 382.50 | |
| ESQUIRE invoice # INV3142902 | SURCHARGE EARLY/LATE PGS - Caitlyn Hatman | $ 116.00 | $ 0.00 | $ 116.00 | |
| ESQUIRE invoice # INV3142902 | TRANSCRIPT - O&1 - VID-VC-WI - Caitlyn Hatman | $ 1,985.50 | $ 1,985.50 | | |
| ESQUIRE invoice # INV3142902 | ROUGH ASCII - Caitlyn Hatman | $ 572.55 | $ 0.00 | $ 572.55 | Extras. *See* above & Dkt. 494-4 at 6-8. |
| ESQUIRE invoice # INV3142902 | REALTIME FEED - Caitlyn Hatman | $ 572.55 | $ 0.00 | $ 572.55 | |
| ESQUIRE invoice # INV3142902 | REMOTE REALTIME SET-UP - Caitlyn Hatman | $ 95.00 | $ 0.00 | $ 95.00 | |
| ESQUIRE invoice # INV3437465 | ON-SITE RESOURCE FEE - Emmalee Giffin | $ 250.00 | $ 0.00 | $ 250.00 | |
| ESQUIRE invoice # INV3437465 | APP FEE: HALF DAY WKND/HOL - Emmalee Giffin | $ 750.00 | $ 0.00 | $ 750.00 | |
| ESQUIRE invoice # INV3437465 | TRANSCRIPT - O&1 - VID-CAPT-WI - Emmalee Giffin | $ 656.25 | $ 656.25 | | |
| ESQUIRE invoice # INV3437465 | ROUGH ASCII - Emmalee Giffin | $ 162.80 | $ 0.00 | $ 162.80 | Extras. *See* above & Dkt. 494-4 at 8. |
| ESQUIRE invoice # INV3437465 | REALTIME FEED - Emmalee Giffin | $ 162.80 | $ 0.00 | $ 162.80 | |
| ESQUIRE invoice # INV3437465 | REALTIME FEED - Emmalee Giffin | $ 162.80 | $ 0.00 | $ 162.80 | |
| ESQUIRE invoice # INV3437465 | REALTIME SET-UP - Emmalee Giffin | $ 190.00 | $ 0.00 | $ 190.00 | |
| ESQUIRE invoice # INV3437465 | HARD COPY EXHIBIT SHIPPING - Emmalee Giffin | $ 20.00 | $ 0.00 | $ 20.00 | |
| VERITEXT invoice # 8236975 | Transcript Services - Myra Pasek | $ 890.40 | $ 890.40 | | |
| VERITEXT invoice # 8236975 | Rough Draft - Myra Pasek | $ 318.00 | $ 0.00 | $ 318.00 | Extras. *See* above & Dkt. 494-4 at 10. |
| VERITEXT invoice # 8236975 | Realtime Services - Myra Pasek | $ 381.60 | $ 0.00 | $ 381.60 | |
| VERITEXT invoice # 8236975 | Professional Attendance - Myra Pasek | $ 185.00 | $ 0.00 | $ 185.00 | |
| VERITEXT invoice # 8236975 | Logistics, Processing & Electronic Files - Myra Pasek | $ 90.00 | $ 0.00 | $ 90.00 | |
| VERITEXT invoice # 8236975 | Virtual Services - Myra Pasek | $ 549.00 | $ 0.00 | $ 549.00 | |
| VERITEXT invoice # 8236975 | Smart Summary - Myra Pasek | $ 99.00 | $ 0.00 | $ 99.00 | |
| VERITEXT invoice # 8246988 | Transcript Services - William Van Curen | $ 604.80 | $ 604.80 | | |
| VERITEXT invoice # 8246988 | Rough Draft - William Van Curen | $ 216.00 | $ 0.00 | $ 216.00 | Extras. *See* above & Dkt. 494-4 at 11. |
| VERITEXT invoice # 8246988 | Realtime Services - William Van Curen | $ 259.20 | $ 0.00 | $ 259.20 | |
| VERITEXT invoice # 8246988 | Professional Attendance - William Van Curen | $ 185.00 | $ 0.00 | $ 185.00 | |
| VERITEXT invoice # 8246988 | Logistics, Processing & Elec. Files - William Van Curen | $ 90.00 | $ 0.00 | $ 90.00 | |
| VERITEXT invoice # 8246988 | Virtual Services - William Van Curen | $ 600.00 | $ 0.00 | $ 600.00 | |
| VERITEXT invoice # 8246988 | Smart Summary - William Van Curen | $ 49.00 | $ 0.00 | $ 49.00 | |
| VERITEXT invoice # 8253058 | Transcript Services - Giselle Guerrero | $ 689.30 | $ 689.30 | | |
| VERITEXT invoice # 8253058 | Rough Draft - Giselle Guerrero | $ 226.00 | $ 0.00 | $ 226.00 | Extras. *See* above & Dkt. 494-4 at 12. |
| VERITEXT invoice # 8253058 | Realtime Services - Giselle Guerrero | $ 371.20 | $ 0.00 | $ 371.20 | |
| VERITEXT invoice # 8253058 | Professional Attendance - Giselle Guerrero | $ 185.00 | $ 0.00 | $ 185.00 | |
| VERITEXT invoice # 8253058 | Logistics, Processing & Elec. Files - Giselle Guerrero | $ 90.00 | $ 0.00 | $ 90.00 | |
| VERITEXT invoice # 8253058 | Virtual Services - Giselle Guerrero | $ 600.00 | $ 0.00 | $ 600.00 | |
| VERITEXT invoice # 8253058 | Smart Summary - Giselle Guerrero | $ 49.00 | $ 0.00 | $ 49.00 | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| VERITEXT invoice # 8253060 | Transcript Services - Jordan Schenck | $ 616.00 | $ 616.00 | | |
| VERITEXT invoice # 8253060 | Rough Draft - Jordan Schenck | $ 220.00 | $ 0.00 | $ 220.00 | |
| VERITEXT invoice # 8253060 | Realtime Services - Jordan Schenck | $ 364.00 | $ 0.00 | $ 364.00 | |
| VERITEXT invoice # 8253060 | Professional Attendance - Jordan Schenck | $ 185.00 | $ 0.00 | $ 185.00 | |
| VERITEXT invoice # 8253060 | Logistics, Processing & Elec. Files - Jordan Schenck | $ 90.00 | $ 0.00 | $ 90.00 | Extras. *See* above & Dkt. 494-4 at 13. |
| VERITEXT invoice # 8253060 | Virtual Services - Jordan Schenck | $ 645.00 | $ 0.00 | $ 645.00 | |
| VERITEXT invoice # 8253060 | Smart Summary - Jordan Schenck | $ 49.00 | $ 0.00 | $ 49.00 | |
| VERITEXT invoice # 8285201 | Transcript Services - David Placek | $ 834.40 | $ 834.40 | | |
| VERITEXT invoice # 8285201 | Realtime Services - David Placek | $ 457.60 | $ 0.00 | $ 457.60 | |
| VERITEXT invoice # 8285201 | Professional Attendance - David Placek | $ 370.00 | $ 0.00 | $ 370.00 | |
| VERITEXT invoice # 8285201 | Logistics, Processing & Elec. Files - David Placek | $ 90.00 | $ 0.00 | $ 90.00 | Extras. *See* above & Dkt. 494-4 at 14. |
| VERITEXT invoice # 8285201 | Virtual Services - David Placek | $ 600.00 | $ 0.00 | $ 600.00 | |
| VERITEXT invoice # 8285201 | Smart Summary - David Placek | $ 99.00 | $ 0.00 | $ 99.00 | |
| VERITEXT invoice # 8299555 | Transcript Services - Nicholas Halla | $ 1,372.00 | $ 1,372.00 | | |
| VERITEXT invoice # 8299555 | Rough Draft - Nicholas Halla | $ 490.00 | $ 0.00 | $ 490.00 | |
| VERITEXT invoice # 8299555 | Realtime Services - Nicholas Halla | $ 588.00 | $ 0.00 | $ 588.00 | |
| VERITEXT invoice # 8299555 | Professional Attendance - Nicholas Halla | $ 445.00 | $ 0.00 | $ 445.00 | |
| VERITEXT invoice # 8299555 | Logistics, Processing & Elec. Files - Nicholas Halla | $ 90.00 | $ 0.00 | $ 90.00 | Extras. *See* above & Dkt. 494-4 at 15. |
| VERITEXT invoice # 8299555 | Virtual Services - Nicholas Halla | $ 600.00 | $ 0.00 | $ 600.00 | |
| VERITEXT invoice # 8299555 | Smart Summary - Nicholas Halla | $ 99.00 | $ 0.00 | $ 99.00 | |
| Cost Report for David Weslow | PLANET DEPOS - Joel Runyon 9/30/2021 | $ 2,025.30 | $ 0.00 | $ 2,025.30 | Not itemized. "Appropriate documentation to support each item claimed must be attached to the bill of costs." Civ. L.R. 54-1(a). The law firm's "cost report" does not include an itemized invoice. Dkt. 494-4 at 16. |
| ESQUIRE invoice # INV3082620 | Remote Video - Keaton Schwarz | $ 1,175.00 | $ 0.00 | $ 1,175.00 | |
| ESQUIRE invoice # INV3082654 | Remote Video - Caitlyn Hatman | $ 1,275.00 | $ 0.00 | $ 1,275.00 | |
| ESQUIRE invoice # INV3092489 | Remote Video - Megan Krogius | $ 705.00 | $ 0.00 | $ 705.00 | |
| ESQUIRE invoice # INV3420430 | Digital Media Remote - Keaton Schwarz | $ 695.00 | $ 0.00 | $ 695.00 | Additional video. Under Civ. L.R. 54-3(c)(1), "the Clerk properly disallow[s] the additional costs incurred in videotaping depositions for which stenographic written transcripts were also obtained." *Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005). *See* Dkt. 494-4 at 17-29. |
| ESQUIRE invoice # INV3442916 | Video - Emmalee Giffin | $ 1,355.00 | $ 0.00 | $ 1,355.00 | |
| VERITEXT invoice # 8279270 | Video Services - Myra Pasek | $ 1,573.00 | $ 0.00 | $ 1,573.00 | |
| VERITEXT invoice # 9062921 | Video Services - Myra Pasek | $ 85.00 | $ 0.00 | $ 85.00 | |
| VERITEXT invoice # 8281221 | Video Services - William Van Curen | $ 1,378.00 | $ 0.00 | $ 1,378.00 | |
| VERITEXT invoice # 8287826 | Video Services - Jordan Schenck | $ 1,243.00 | $ 0.00 | $ 1,243.00 | |
| VERITEXT invoice # 8301494 | Video Services - David Placek | $ 1,378.00 | $ 0.00 | $ 1,378.00 | |
| VERITEXT invoice # 9062922 | Video Services - David Placek | $ 85.00 | $ 0.00 | $ 85.00 | |
| VERITEXT invoice # 8335624 | Video Services - Nicholas Halla | $ 1,805.50 | $ 0.00 | $ 1,805.50 | |
| VERITEXT invoice # 9040027 | Video Services - Nicholas Halla | $ 85.00 | $ 0.00 | $ 85.00 | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| VERITEXT invoice # 8433013 | Transcript Services - John Plumpe | $ 2,177.70 | $ 2,177.70 | | |
| VERITEXT invoice # 8433013 | Rough Draft - John Plumpe | $ 714.00 | $ 0.00 | $ 714.00 | |
| VERITEXT invoice # 8433013 | Realtime Services - John Plumpe | $ 856.80 | $ 0.00 | $ 856.80 | |
| VERITEXT invoice # 8433013 | Professional Attendance - John Plumpe | $ 370.00 | $ 0.00 | $ 370.00 | Extras. *See* above & Dkt. 494-4 at 30. |
| VERITEXT invoice # 8433013 | Logistics, Processing & Elec. Files - John Plumpe | $ 90.00 | $ 0.00 | $ 90.00 | |
| VERITEXT invoice # 8433013 | Virtual Services - John Plumpe | $ 600.00 | $ 0.00 | $ 600.00 | |
| VERITEXT invoice # 8462942 | Video Services - John Plumpe | $ 2,758.00 | $ 0.00 | $ 2,758.00 | Additional video. *See* above & Dkt. 494-4 at 31-33. |
| Digital Evidence Group invoice # 20142703 | Video Sync - Joel Runyon 8/5/2025 | $ 150.00 | $ 0.00 | $ 150.00 | |
| Digital Evidence Group invoice # 20142704 | Video Sync - Joel Runyon 5/15/2025 | $ 600.00 | $ 0.00 | $ 600.00 | |
| Digital Evidence Group invoice # 20129340 | Rough ASCII - Robert Palmatier | $ 558.00 | $ 0.00 | $ 558.00 | |
| Digital Evidence Group invoice # 20129792 | Rough ASCII - Jennifer Vanderhart | $ 319.50 | $ 0.00 | $ 319.50 | Extras. *See* above & Dkt. 494-4 at 34-35. |
| Digital Evidence Group invoice # 20129792 | Med/Tech/Video/Int - Jennifer Vanderhart | $ 71.00 | $ 0.00 | $ 71.00 | |
| Digital Evidence Group invoice # 20129792 | Remote Platform - Jennifer Vanderhart | $ 100.00 | $ 0.00 | $ 100.00 | |
| Digital Evidence Group invoice # 20130196 | Video Sync - Jennifer Vanderhart | $ 450.00 | $ 450.00 | | |
| Digital Evidence Group invoice # 20132124 | Copy - Joel Runyon 8/5/2025 | $ 249.00 | $ 249.00 | | |
| Digital Evidence Group invoice # 20132124 | Med/Tech/Video/Int - Joel Runyon 8/5/2025 | $ 30.00 | $ 0.00 | $ 30.00 | Extras. *See* above & Dkt. 494-4 at 37. |
| Digital Evidence Group invoice # 20132124 | Remote Platform - Joel Runyon 8/5/2025 | $ 100.00 | $ 0.00 | $ 100.00 | |
| **DEPOSITION TRANSCRIPT/VIDEO RECORDING** | **TOTAL** | **$ 53,378.40** | **$ 12,951.50** | **$ 40,426.90** | |
| | | | | | |
| **Deposition Exhibits - Appendix 4** | | | | | |
| Digital Evidence Group invoice # 20119104 | Exhibits - Electronic - Joel Runyon 4/10/2025 | $ 615.00 | $ 615.00 | | |
| ESQUIRE invoice # INV3091090 | E-EXHIBITS B&W ORIG - Megan Krogius | $ 0.90 | $ 0.90 | | |
| ESQUIRE invoice # INV3091090 | E- EXHIBITS COLOR ORIG - Megan Krogius | $ 1.70 | $ 1.70 | | |
| Digital Evidence Group invoice # 20124411 | Exhibits - Electronic - Joel Runyon 5/15/2025 | $ 74.10 | $ 74.10 | | |
| ESQUIRE invoice # INV3142901 | E-EXHIBITS B&W ORIG - Keaton Schwarz | $ 4.70 | $ 4.70 | | |
| ESQUIRE invoice # INV3142901 | E- EXHIBITS COLOR ORIG - Keaton Schwarz | $ 6.30 | $ 6.30 | | |
| ESQUIRE invoice # INV3142902 | E-EXHIBITS B&W ORIG - Caitlyn Hatman | $ 44.30 | $ 44.30 | | |
| ESQUIRE invoice # INV3142902 | E- EXHIBITS COLOR ORIG - Caitlyn Hatman | $ 45.30 | $ 45.30 | | |
| ESQUIRE invoice # INV3437465 | E-EXHIBITS B&W ORIG - Emmalee Giffin | $ 9.50 | $ 9.50 | | |
| ESQUIRE invoice # INV3437465 | E- EXHIBITS COLOR ORIG - Emmalee Giffin | $ 4.80 | $ 4.80 | | |
| VERITEXT invoice # 8236975 | Exhibits - Myra Pasek | $ 105.70 | $ 105.70 | | |
| VERITEXT invoice # 8246988 | Exhibits - William Van Curen | $ 1.75 | $ 1.75 | | |
| VERITEXT invoice # 8253058 | Exhibits - Giselle Guerrero | $ 38.85 | $ 38.85 | | |
| VERITEXT invoice # 8253060 | Exhibits - Jordan Schenck | $ 18.90 | $ 18.90 | | |
| VERITEXT invoice # 8285201 | Exhibits - David Placek | $ 18.90 | $ 18.90 | | |
| VERITEXT invoice # 8299555 | Exhibits - Nicholas Halla | $ 37.10 | $ 37.10 | | |
| Digital Evidence Group invoice # 20129340 | Exhibits - Electronic - Robert Palmatier | $ 120.25 | $ 120.25 | | |
| Digital Evidence Group invoice # 20129340 | Exhibits - Electronic - Jennifer Vanderhart | $ 118.30 | $ 118.30 | | |
| Digital Evidence Group invoice # 20132124 | Exhibits - Electronic - Joel Runyon 8/5/2025 | $ 270.40 | $ 270.40 | | |
| **DEPOSITION EXHIBITS** | **TOTAL** | **$ 1,536.75** | **$ 1,536.75** | | |
| | | | | | |
| **Government Records - Appendix 5** | | | | | |
| USPTO invoice # 8670981 | Certified trademark registrations/file wrappers | $ 715.00 | $ 715.00 | | |
| **GOVERNMENT RECORDS** | **TOTAL** | **$ 715.00** | **$ 715.00** | | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| | | | | | |
| **Disclosure/Formal Discovery Documents - Appendix 6** | | | | | |
| Wiley Rein LLP invoice # EDT10086 | Relativity Workspace | $ 61.68 | $ 0.00 | $ 61.68 | |
| Wiley Rein LLP invoice # EDT10200 | Relativity Workspace | $ 88.72 | $ 0.00 | $ 88.72 | |
| Wiley Rein LLP invoice # EDT10291 | Relativity Workspace | $ 120.48 | $ 0.00 | $ 120.48 | |
| Wiley Rein LLP invoice # EDT10378 | Relativity Workspace | $ 346.00 | $ 0.00 | $ 346.00 | |
| United Litigation Discovery invoice # 43858 | Collection project | $ 2,373.09 | $ 0.00 | $ 2,373.09 | |
| Wiley Rein LLP invoice # EDT10461 | Relativity Workspace | $ 873.36 | $ 0.00 | $ 873.36 | |
| United Litigation Discovery invoice # 44164 | Collection project | $ 2,140.19 | $ 0.00 | $ 2,140.19 | |
| Wiley Rein LLP invoice # EDT10541 | Relativity Workspace | $ 920.08 | $ 0.00 | $ 920.08 | E-discovery hosting, collection, and processing. "The law in this district is clear that 'the court does not tax hosting fees'" under Civ. L.R. 54-3(d)(2), nor costs for "assembling, collecting, or processing" e-discovery documents. *Emblaze Ltd. v. Apple Inc.*, 2015 WL 1304779, at *8 & n.60 (N.D. Cal. Mar. 20, 2015). The e-discovery costs are not allowable. Dkt. 494-7 at 2-5, 7, 9, 11-18, 20, 23, 26 (hosting data on "[w]orkspace"); *id.* at 6, 8, 10 (data "[c]ollection"); *id.* at 19, 21-22, 24-25 (data "[p]rocessing"). |
| United Litigation Discovery invoice # 44453 | Collection project | $ 1,567.50 | $ 0.00 | $ 1,567.50 | |
| Wiley Rein LLP invoice # EDT10617 | Relativity Workspace | $ 949.92 | $ 0.00 | $ 949.92 | |
| Wiley Rein LLP invoice # EDT10769 | Relativity Workspace | $ 950.16 | $ 0.00 | $ 950.16 | |
| Wiley Rein LLP invoice # EDT10849 | Relativity Workspace | $ 950.16 | $ 0.00 | $ 950.16 | |
| Wiley Rein LLP invoice # EDT10971 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| Wiley Rein LLP invoice # EDT11099 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| Wiley Rein LLP invoice # EDT11181 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| Wiley Rein LLP invoice # EDT11211 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| Wiley Rein LLP invoice # EDT11484 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| United Litigation Discovery invoice # 46868 | Processing and Production (IMP020) | $ 271.24 | $ 0.00 | $ 271.24 | |
| Wiley Rein LLP invoice # EDT11564 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| United Litigation Discovery invoice # 47098 | Processing and Production (IMP020) | $ 70.00 | $ 0.00 | $ 70.00 | |
| United Litigation Discovery invoice # 47139 | Processing and Loading (IF021) | $ 70.00 | $ 0.00 | $ 70.00 | |
| Wiley Rein LLP invoice # EDT11643 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| United Litigation Discovery invoice # 47315 | Addl Processing and Re-production (IMP022) | $ 70.00 | $ 0.00 | $ 70.00 | |
| United Litigation Discovery invoice # 47317 | Addl Processing and Re-production (IMP022) | $ 70.00 | $ 0.00 | $ 70.00 | |
| Wiley Rein LLP invoice # EDT11776 | Relativity Workspace | $ 950.56 | $ 0.00 | $ 950.56 | |
| **DISCLOSURE/FORMAL DISCOVERY DOCUMENTS** | **TOTAL** | **$ 19,497.06** | **$ 0.00** | **$ 19,497.06** | |
| | | | | | |
| **Trial Exhibits - Appendix 7** | | | | | |
| United Litigation Discovery invoice # 47319 | Trial Exhibits | $ 9,917.81 | $ 1,499.81 | $ 8,418.00 | Unreasonable cost per page. Civ. L.R. 54-3(d)(4) allows a "reasonable per-page copying charge," and "an average cost per page of $0.13, which encompasses both black-and-white and color copies, is reasonable." *Apple Inc. v. Samsung Elecs. Co.*, 2015 WL 4967769, at *11 (N.D. Cal. Aug. 20, 2015). The vendor charged $0.14 for black-and-white copies and $0.85 for color copies of 11,537 pages total. Dkt. 494-8 at 2. This should be reduced to the reasonable cost of $0.13 per page, multiplied by 11,537 pages. |
| **TRIAL EXHIBITS** | **TOTAL** | **$ 9,917.81** | **$ 1,499.81** | **$ 8,418.00** | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| | | | | | |
| **Visual Aids - Appendix 8** | | | | | |
| Court-Prep invoice # 260327A | Demonstrative Development | $ 12,775.00 | $ 0.00 | $ 12,775.00 | Intellectual effort on creating content. "Only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Atari Interactive, Inc. v. Redbubble, Inc.*, 2022 WL 20242802, at *1 (N.D. Cal. Apr. 8, 2022). The trial consultant spent 51.1 hours on "demonstrative development," which reflects intellectual effort on creating content, not physical preparation. Dkt. 494-9 at 2. |
| Secretariat invoice # 25303 | Kyle Kost | $ 320.00 | $ 0.00 | $ 320.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 725.00 | $ 0.00 | $ 725.00 | |
| Secretariat invoice # 25303 | Kyle Kost | $ 320.00 | $ 0.00 | $ 320.00 | Intellectual effort on creating content. "Only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Atari Interactive, Inc. v. Redbubble, Inc.*, 2022 WL 20242802, at *1 (N.D. Cal. Apr. 8, 2022). The expert witness and her staff spent 34 hours on "demonstratives," which reflects intellectual effort on creating content, not physical preparation. Dkt. 494-9 at 4.<br><br>Expert witness fee. "No other witness expenses, including fees for expert witnesses, are allowable." Civ. L.R. 54-3(e). The time was billed by expert witness Jennifer Vanderhart and her staff. Dkt. 494-9 at 4-5. |
| Secretariat invoice # 25303 | Daniel Morrison | $ 1,450.00 | $ 0.00 | $ 1,450.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 1,812.50 | $ 0.00 | $ 1,812.50 | |
| Secretariat invoice # 25303 | Kyle Kost | $ 640.00 | $ 0.00 | $ 640.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 1,450.00 | $ 0.00 | $ 1,450.00 | |
| Secretariat invoice # 25303 | Jennifer Vanderhart | $ 190.00 | $ 0.00 | $ 190.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 2,972.50 | $ 0.00 | $ 2,972.50 | |
| Secretariat invoice # 25303 | Kyle Kost | $ 800.00 | $ 0.00 | $ 800.00 | |
| Secretariat invoice # 25303 | Jennifer Vanderhart | $ 570.00 | $ 0.00 | $ 570.00 | |
| Secretariat invoice # 25303 | Kyle Kost | $ 1,120.00 | $ 0.00 | $ 1,120.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 2,320.00 | $ 0.00 | $ 2,320.00 | |
| Secretariat invoice # 25303 | Jennifer Vanderhart | $ 1,045.00 | $ 0.00 | $ 1,045.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 725.00 | $ 0.00 | $ 725.00 | |
| Secretariat invoice # 25303 | Kyle Kost | $ 400.00 | $ 0.00 | $ 400.00 | |
| Secretariat invoice # 25303 | Jennifer Vanderhart | $ 1,520.00 | $ 0.00 | $ 1,520.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 2,537.50 | $ 0.00 | $ 2,537.50 | |
| Secretariat invoice # 25303 | Jennifer Vanderhart | $ 2,375.00 | $ 0.00 | $ 2,375.00 | |
| Secretariat invoice # 25303 | Daniel Morrison | $ 3,045.00 | $ 0.00 | $ 3,045.00 | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| SAMS invoice # 202603020I | Robert Palmatier - Prep Demonstratives | $ 4,422.50 | $ 0.00 | $ 4,422.50 | Intellectual effort on creating content. "Only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Atari Interactive, Inc. v. Redbubble, Inc.*, 2022 WL 20242802, at *1 (N.D. Cal. Apr. 8, 2022). The expert witness spent 11.7 hours to "[p]rep," "work on," and "revise[]" demonstratives, which reflects intellectual effort on creating content, not physical preparation. Dkt. 494-9 at 9.<br><br>Expert witness fee. "No other witness expenses, including fees for expert witnesses, are allowable." Civ. L.R. 54-3(e). The time was billed by expert witness Robert Palmatier. Dkt. 494-9 at 8. |
| SAMS invoice # 202603020I | Robert Palmatier - Work on demonstratives | $ 1,256.66 | $ 0.00 | $ 1,256.66 | |
| SAMS invoice # 202603020I | Robert Palmatier - Revised demonstratives | $ 2,779.16 | $ 0.00 | $ 2,779.16 | |
| **VISUAL AIDS** | **TOTAL** | **$ 47,570.82** | **$ 0.00** | **$ 47,570.82** | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
| | | | | | |
| **Witness Fees/Expenses - Appendix 9** | | | | | |
| Robert Palmatier - Attendance | 6 days attendance | $ 240.00 | $ 240.00 | | |
| Robert Palmatier - Subsistence | 6 days lodging and meals | $ 1,466.00 | $ 1,466.00 | | |
| Robert Palmatier - Travel - invoice # 202603020I | Flight | $ 716.80 | $ 716.80 | | |
| Robert Palmatier - Travel - invoice # 202603020I | Uber to airport | $ 71.99 | $ 71.99 | | |
| Robert Palmatier - Travel - invoice # 202603020I | Uber to hotel | $ 22.94 | $ 22.94 | | |
| Robert Palmatier - Travel - invoice # 202603020I | Uber to airport | $ 27.97 | $ 27.97 | | |
| Robert Palmatier - Travel - invoice # 202603020I | Uber home | $ 68.91 | $ 68.91 | | |
| John Durant - Attendance | 2 days attendance | $ 80.00 | $ 80.00 | | |
| John Durant - Subsistence | 2 days lodging and meals | $ 330.00 | $ 330.00 | | |
| John Durant - Travel - AA # AAIQEJ | Outbound flight | $ 265.53 | $ 265.53 | | |
| John Durant - Travel - Southwest # AL2G74 | Return flight | $ 516.40 | $ 516.40 | | |
| John Durant - Travel - Uber | Home to AUS | $ 22.98 | $ 22.98 | | |
| John Durant - Travel - Uber | SJC to hotel | $ 20.94 | $ 20.94 | | |
| John Durant - Travel - Uber | Hotel to SJC | $ 19.95 | $ 19.95 | | |
| John Durant - Travel - Uber | Airport to home | $ 22.95 | $ 22.95 | | |
| Joel Runyon - Attendance | 20 days attendance | $ 800.00 | $ 800.00 | | |
| Joel Runyon - Substinence | 20 days lodging and meals | $ 5,442.00 | $ 5,442.00 | | |
| Joel Runyon - Travel - Southwest # CI39EI | Flight | $ 302.40 | $ 302.40 | | |
| Joel Runyon - Travel - Lyft 3/1/2026 | Lyft to airport | $ 26.98 | $ 26.98 | | |
| Joel Runyon - Travel | Unidentified travel cost | $ 19.96 | $ 0.00 | $ 19.96 | Runyon's total travel is $302.40 flight + $26.98 Lyft = $329.38 (not $349.34). Dkt. 494-10 at 18-21. |
| Jennifer Vanderhart - Attendance | 8 days attendance | $ 320.00 | $ 240.00 | $ 80.00 | Witness testified on only 2 days. "Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Civ. L.R. 54-3(e). It was not reasonably necessary for Jennifer Vanderhart to attend trial for 8 days, because she testified on only 2 days. Dkts. 450-451. To the extent she needed to review testimony or exhibits, copies of the transcript and exhibits could have been sent to her. |
| Jennifer Vanderhart - Subsistence | 8 days lodging and meals | $ 2,034.00 | $ 1,466.00 | $ 568.00 | |
| Jennifer Vanderhart - Travel - United # JEMWFR | Flights | $ 1,026.28 | $ 1,026.28 | | |
| Jennifer Vanderhart - Travel - Uber 3/9/2026 | Uber to hotel | $ 98.98 | $ 98.98 | | |
| Jennifer Vanderhart - Travel - Uber 3/16/2026 | Uber to court | $ 23.97 | $ 23.97 | | |
| Jennifer Vanderhart - Travel - Uber 3/9/2026 | Uber to airport | $ 83.99 | $ 83.99 | | |
| **WITNESS FEES/EXPENSES** | **TOTAL** | **$ 14,071.92** | **$ 13,403.96** | **$ 667.96** | |

| Invoice | Description | Amt. Claimed | Amt. Allowed | Disallowed | Objection |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| **Costs on Appeal - Appendix 10** |  |  |  |  |  |
| Counsel Press Inc. invoice # 0009158548 | Petition for writ of certiorari | $ 5,851.05 | $ 0.00 | $ 5,851.05 | Certiorari petition is not authorized. "Other costs not provided for in these Rules but authorized under Fed. R. App. P. 39 are allowable." Civ. L.R. 54-3(g). Fed. R. App. P. 39 does not authorize costs for a petition for writ of certiorari to the U.S. Supreme Court, let alone an unsuccessful one. Dkt. 494-11 at 4. The Supreme Court denied the petition. *Impossible X LLC v. Impossible Foods Inc.* , 144 S. Ct. 2561 (2024). |
| **COSTS ON APPEAL** | **TOTAL** | **$ 5,851.05** | **$ 0.00** | **$ 5,851.05** |  |
|  |  |  |  |  |  |
| **Additional Miscellaneous Costs - Appendix 11** |  |  |  |  |  |
| One Hour Delivery invoice # 416177 | Court Super Rush for U.S. District Court | $ 125.00 | $ 0.00 | $ 125.00 |  |
| One Hour Delivery invoice # 416177 | Court Super Rush for U.S. District Court | $ 125.00 | $ 0.00 | $ 125.00 |  |
| One Hour Delivery invoice # 416177 | Copies for U.S. District Court | $ 51.45 | $ 0.00 | $ 51.45 |  |
| One Hour Delivery invoice # 416177 | Court Super Rush for U.S. District Court | $ 125.00 | $ 0.00 | $ 125.00 |  |
| One Hour Delivery invoice # 416177 | Copies for U.S. District Court | $ 40.95 | $ 0.00 | $ 40.95 | Routine case papers. "The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable." Civ. L.R. 54-3(d)(3). The unspecified "printing of materials" and delivery thereof are not allowable. Dkt. 494-1 ¶ 26. The costs are unallowable reproduction and delivery of routine case papers. They are not transcription costs. Dkt. 494-12. |
| United Litigation Discovery invoice # 43657 | Custom binder for BraunHagey & Borden LLP | $ 194.44 | $ 0.00 | $ 194.44 |  |
| One Hour Delivery invoice # 415909 | Court Super Rush for U.S. District Court | $ 100.00 | $ 0.00 | $ 100.00 |  |
| One Hour Delivery invoice # 415909 | Copies for U.S. District Court | $ 61.25 | $ 0.00 | $ 61.25 |  |
| One Hour Delivery invoice # 415620 | Court Regular for U.S. District Court | $ 125.00 | $ 0.00 | $ 125.00 |  |
| One Hour Delivery invoice # 415620 | Copies for U.S. District Court | $ 25.90 | $ 0.00 | $ 25.90 |  |
| One Hour Delivery invoice # 415326 | Court Super Rush for U.S. District Court | $ 100.00 | $ 0.00 | $ 100.00 |  |
| One Hour Delivery invoice # 415326 | Copies for U.S. District Court | $ 25.20 | $ 0.00 | $ 25.20 |  |
| One Hour Delivery invoice # 415326 | Court Super Rush for U.S. District Court | $ 100.00 | $ 0.00 | $ 100.00 |  |
| One Hour Delivery invoice # 415061 | Court Super Rush for U.S. District Court | $ 125.00 | $ 0.00 | $ 125.00 |  |
| One Hour Delivery invoice # 415061 | Copies for U.S. District Court | $ 70.70 | $ 0.00 | $ 70.70 |  |
| **ADDITIONAL MISCELLANEOUS COSTS** | **TOTAL** | **$ 1,394.89** | **$ 0.00** | **$ 1,394.89** |  |
|  |  |  |  |  |  |
|  | **GRAND TOTAL AMOUNT** | **$ 175,190.55** | **$ 33,351.92** | **$ 141,838.63** |  |