# EXHIBIT 1



42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**G. Roxanne Elings**
212-603-6416 tel
212-379-5226 fax

Roxanneelings@dwt.com

June 29, 2026

**VIA E-MAIL**
Adam S. Cashman, Esq.
Braun Hagey & Borden LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Email: cashman@braunhagey.com

Re:   *Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF (N.D. Cal.)

Dear Mr. Cashman:

I write in response to your June 22, 2026 letter regarding alleged violations of the Court's permanent injunction.  Impossible Foods ("IF") is in compliance with the injunction and rejects Impossible LLC's ("ILLC") allegations to the contrary.

As the Court explained, its injunction "needs to be very narrowly tailored."  4/23/26 Tr. at 61:19–20. Consistent with that directive, the Court rejected ILLC's "overbroad" proposed injunctions and instead adopted IF's proposed language.  Dkt. 492 at 19.  Your letter seeks to impose obligations that the Court expressly declined to impose.  *See* Dkt. 490-1, ¶ 2 (ILLC's rejected proposal, banning use of "Impossible" as "dominant" term on recipes); *id.* ¶ 3 (ILLC's rejected proposal, requiring removal of online depictions of infringing apparel); Dkt. 476-55, ¶ 5 (same).

IF is complying with the injunction the Court issued.  Your letter raises two specious arguments.  *First*, you take issue with IF's recipes webpage.  The injunction prohibits:

> Using "Impossible" as a standalone word or title, without other visible words or symbols clearly identifying Impossible Foods as the source or author, on cookbooks or recipes. This prohibition does not extend to cookbooks or recipes bearing the name "Impossible Foods" as the title or author; or cookbooks or recipes that include additional words, logos, or design elements such that the overall presentation clearly identifies Impossible Foods as the source of the goods;

Dkt. 493, ¶ 2.  As your own letter acknowledges, the recipes page bears a URL beginning with "impossiblefoods.com."  That is just one example of "additional words, logos, or design elements such that the ***overall presentation*** clearly identifies Impossible Foods as the source of the goods," in compliance with the injunction.  Additional examples include, but are not limited to: (i) the webpage

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Adam S. Cashman, Esq.
June 29, 2026
Page 2

shows "Impossible Foods Inc." as the copyright holder and author of the webpage; (ii) the webpage invites the user to sign up for updates from "Impossible Foods"; (iii) all the recipes are focused on IF's flagship "Impossible Burger" and other plant-based meats; (iv) above the recipes are illustrations and designs depicting a plant, a flower, a burger, cutlery, and the words "animal free"; and (v) the title of the webpage is "Recipes with Plant-Based Meat (this is kind of our thing)." *See* Exhibit A (attached). The overall presentation of the webpage "clearly identifies Impossible Foods as the source or author," in compliance with the injunction.

*Second*, you contend that IF must remove Instagram posts from 2024 depicting Joey Chestnut wearing an "Impossible" t-shirt. Nothing in the injunction imposes such a requirement; you conflate the injunction's requirements for cookbooks and recipes with the requirements for apparel. Specifically, the injunction prohibits:

> Publicly depicting any good prohibited by Paragraph 2 above [regarding cookbooks or recipes] in any marketing, promotional, or advertising materials in connection with the sale of those goods. Any such materials that presently exist, whether in physical or digital form, SHALL be removed from public access and/or consumption within 14 days following entry of this Order.

Dkt. 493, ¶ 3.

Moreover, the 2024 Instagram posts do not violate Paragraph 1 of the injunction. That paragraph enjoins the standalone use of "Impossible" on apparel on a prospective basis only. That paragraph does not require the destruction or removal of any infringing apparel that was already in existence before the injunction issued. Where the Court intended to impose a removal obligation, it did so expressly in Paragraph 3—and only with respect to cookbooks and recipes.

In short, IF is complying with the injunction and will continue to comply with the injunction's plain terms. We consider this matter resolved.

Sincerely,

G. Roxanne Elings
Davis Wright Tremaine LLP

Attachment

# EXHIBIT A

Title: Recipes with Plant-Based Meat (this is kind of our thing)
Link: https://impossiblefoods.com/recipes
Date: 06-29-2026, 11:04
Page 1



Title: Recipes with Plant-Based Meat (this is kind of our thing)
Link: https://impossiblefoods.com/recipes
Date: 06-29-2026, 11:04
Page 2

 

**HEART-HEALTHY**

## Impossible® Pineapple BBQ Burger

**VIEW RECIPE**



**HEART-HEALTHY**

## Impossible® Chimichurri Avocado Burger

**VIEW RECIPE**

**SAVORY**

## Impossible Double Indulgent Burger

**VIEW RECIPE**



**COMFORT FOOD**



**GRILLING**



**AN EASY MEAL**



Impossible® Meatloaf

**VIEW RECIPE**

Impossible® Cajun Burger

**VIEW RECIPE**

Impossible® Juicy Lucy Burger

**VIEW RECIPE**

‹ **1** 2 3 ... 24 25 ›

HEART-HEALTHY

IMPOSSIBLE®
CHIMICHURRI AVOCADO
BURGER

3 Servings   18 Ingredients   Super Easy

**VIEW RECIPE**

Title: Recipes with Plant-Based Meat (this is kind of our thing)
Link: https://impossiblefoods.com/recipes
Date: 06-29-2026, 11:04
Page 4



Title: Recipes with Plant-Based Meat (this is kind of our thing)
Link: https://impossiblefoods.com/recipes
Date: 06-29-2026, 11:04
Page 5

© Copyright 2026 Impossible Foods Inc. IMPOSSIBLE® is a
registered trademark of Impossible Foods Inc. in the United States
and other countries.

YOUR PRIVACY CHOICES

🌐 United States

YOUR PRIVACY CHOICES

🌐 United States

ENGLISH

GET ON OUR MAP ›

SUPPLIER RESPONSIBILITY ›

CAREERS ›

IMPACT REPORT 2020 ›

IMPACT REPORT 2022 ›

HELP CENTER ›

IMPACT REPORT 2022 ›

HELP CENTER ›

CONTACT US ›

MEDIA ›

TERMS OF USE ›

LOCATOR MAP DATA ›

PRIVACY POLICY ›

CA TRANSPARENCY IN SUPPLY CHAINS ACT ›

NOTICES ›

CPRA PRIVACY POLICY ›

IMPOSSIBLE™

© 2026 Impossible Foods Inc.