Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
  omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
  benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff / Counter-Defendant, | **IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO STRIKE NEW ARGUMENT IN IMPOSSIBLE FOODS'S REPLY BRIEF (DKT. 501) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY** |
| v. | |
| IMPOSSIBLE LLC, | |
| Defendant / Counter-Plaintiff. | **Judge:** Hon. Beth Labson Freeman<br>**Date:** July 23, 2026<br>**Time:** 9:00 a.m. |

Case No. 5:21-cv-02419-BLF (SVK)

IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO STRIKE NEW ARGUMENT IN IMPOSSIBLE FOODS'S
REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY

The Court should strike the improper and previously waived "constitutional" objection to punitive damages that Impossible Foods raised for the first time on reply. (Dkt. 501 at 11–12.) In the alternative, the Court should grant Impossible LLC leave to file the appended sur-reply detailing why this new constitutional challenge was waived before, during, and after trial while also failing on the merits.

For the first time in this case, Impossible Foods's Reply presents a new "constitutional" objection to the jury's punitive damages award based on closing argument statements. (Dkt. 501 at 11–12.) Impossible Foods asserts that comments made during Impossible LLC's closing argument, which Impossible Foods never objected to, led the jury to fully base the punitive damages award on Impossible Foods's heavy-handed litigation conduct rather than its willful and expansive infringement of a much smaller company's trademark rights. (Dkt. 501 at 11–12.)

This new argument is a proverbial Hail Mary and is untimely, meritless, and waived.[1] The Court need not wade into any of this, and instead should strike Impossible Foods's improper late argument. The Ninth Circuit has stated plainly that "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Indeed, the longstanding rule in this District is that litigants may not smuggle new argument into reply because "[i]t is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers." *Phan v. Transamerica Premier Life Ins. Co.*, 2023 WL 3468313, at *2 (N.D. Cal. Apr. 17, 2023) (Freeman, J.). Such a rule applies with particular force here because Impossible Foods seeks to upend the jury's verdict with objections never raised before trial, during trial, or in its initial post-trial moving papers. In these situations, it is simply "far too late" to raise such an argument "for the first time in [a] Rule 59 reply brief." *Kelly v. City of Oakland*, 198 F.3d 779, 785 (9th Cir. 1999), *as amended* (Jan. 12, 2000) (affirming denial of motion for new trial based on new arguments the party failed to

---

[1] This argument also is just the latest example of Impossible Foods's pattern and practice of relitigating issues that were waived or were already decided against it. (*See* Dkt. 499 at 8, 12–14.)

IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO STRIKE NEW ARGUMENT IN IMPOSSIBLE FOODS'S REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY

present or preserve during trial). Nothing about the present circumstances should forgive Impossible Foods's inaction in seeking this drastic relief.

If the Court considers the new argument, Impossible LLC requests leave to file the appended sur-reply. Permitting a sur-reply here would allow Impossible LLC the opportunity to fully apprise the Court of the law, facts, and precedent supporting denial of the late objection, of which it was deprived with Impossible Foods's lack of notice until the Reply. To wit, there was nothing improper or unusual about Impossible LLC's closing argument, and Impossible Foods has been deprived of no "constitutional" objection. Rather, this new objection appears as another attempt to condition the Court against awarding attorneys' fees or other relief.[2]

Pursuant to Local Rule 7-11, Impossible LLC attempted to confer with Impossible Foods to obtain a stipulation to this relief, but Impossible Foods refused to consent.

Dated:  July 6, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:  _/s/ Adam S. Cashman_
　　　 Adam S. Cashman

*Attorneys for Impossible LLC*

---

[2] As it is, the Court already narrowed and limited the manner and type of evidence concerning Impossible LLC's full injuries. And the jury itself awarded less than half of Impossible LLC's claimed compensatory damages and less than twenty percent of the claimed punitive damages.

IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO STRIKE NEW ARGUMENT IN IMPOSSIBLE FOODS'S REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY