# EXHIBIT 1

Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff / Counter-Defendant, | **IMPOSSIBLE LLC'S SUR-REPLY IN FURTHER OPPOSITION TO IMPOSSIBLE FOODS INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL, AND TO ALTER OR AMEND JUDGMENT** |
| v. | |
| IMPOSSIBLE LLC, | |
| Defendant / Counter-Plaintiff. | **Judge:** Hon. Beth Labson Freeman |
| | **Date:** July 23, 2026 |
| | **Time:** 9:00 a.m. |

IMPOSSIBLE LLC'S SUR-REPLY IN FURTHER OPPOSITION TO IMPOSSIBLE FOODS INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL, AND TO ALTER OR AMEND JUDGMENT

In its Reply (Dkt. 501 at 11-12), Impossible Foods advances a supposed "constitutional" objection to the jury's punitive damages award it never raised before trial, during trial, or in its underlying Motion. In so doing, Impossible Foods contends that a few scattered closing argument references to the weakness of its claims and the underlying strategy behind them mean the jury based the punitive damages award on Impossible Foods's litigation misconduct rather than years of willful infringement of a smaller company's trademark rights. (*Id.*). But "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (affirming the district court's denial of a Rule 59(e) motion and rejecting a litigation privilege argument raised for the first time in reply).[1]

The Court should reject the new argument on at least three grounds: (1) it was waived during and after trial; (2) closing argument is rarely grounds to vacate a jury verdict; and (3) nothing about Impossible LLC's closing argument was improper.

**Impossible Foods Waived Its Supposed Argument.** During trial, Impossible Foods's counsel neither objected to nor preserved any issue regarding the statements it now challenges. As a matter of law, the objections are waived, and Impossible Foods cannot resurrect the issue in a reply. *See Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986) (holding that the "contemporaneous objection rule" barred motion for new trial where defendant failed to object to closing argument); *Phan v. Transamerica Premier Life Ins. Co.*, 2023 WL 3468313, at *2 (N.D. Cal. Apr. 17, 2023) (Freeman, J.) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers." (internal citation omitted)).

**Closing Arguments are Rarely Grounds for New Trial.** Waiver aside, motions for a new trial based on objections to closing arguments are highly disfavored. Only "misconduct" so severe

---

[1] During meet and confer, Impossible Foods suggests that its reply was simply a response to Impossible LLC's Opposition. (Benavides Decl. ¶ 2.) However, the Reply goes far beyond that and impermissibly raises a new argument that "ILLC's repeated characterization of IF's litigation conduct as 'pressure tactics' render the punitive verdict unconstitutional." (Dkt. 501 at 11-12.)

IMPOSSIBLE LLC'S SUR-REPLY IN FURTHER OPPOSITION TO IMPOSSIBLE FOODS INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL, AND TO ALTER OR AMEND JUDGMENT

that it "sufficiently permeates an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict" will justify a new trial on this ground. *Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 516–17 (9th Cir. 2004). And further, "[t]here is an ***even higher threshold*** for granting a new trial where, as here, defendants ***failed to object*** to the alleged misconduct during trial." *Id*. (emphasis added). In all but the most "egregious" cases, not objecting at trial bars a defendant from seeking a new trial based on the contents of a closing argument. *Kaiser*, 785 F.2d at 658 (affirming denial of motion for new trial when a party did not contemporaneously object to allegedly "improper" closing argument).

**Impossible LLC's Closing Was Entirely Proper.** Nothing in Impossible LLC's closing argument was outside "the bounds of fair advocacy," let alone veering into "misconduct" justifying a new trial. *Settlegoode*, 371 F.3d at 520. Despite nominally challenging the punitive damages award, Impossible Foods's Reply primarily relies on closing argument from the *liability phase* of trial, complaining that a few references during Impossible LLC's sixty pages of argument unfavorably characterized Impossible Foods's claims against Impossible LLC. (*Compare* Tr. 1113:1-1152:17, 1195:20-1210:1 *with* Reply at 11-12.) But the jury was *deciding those very claims* during the liability phase. Impossible LLC's counsel was entitled—indeed, ethically obligated—to defend and properly characterize Impossible Foods's claims as baseless. And Impossible LLC's punitive damages summation focused on Impossible Foods's willful infringement, its conscious disregard for Impossible LLC's rights, the harm to Impossible LLC, and the need to deter similar misconduct (*see* Tr. 1292:11-1297:22, 1300:18-1301:22), undermining Impossible Foods's assertion (Reply at 12) that a few belatedly-challenged references "permeate[d]" the "entire proceeding," as is required to order a new trial. *Settlegoode*, 371 F.3d at 516–17.

**Impossible Foods's Own Cases Are Inapposite.** In *Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009), the Ninth Circuit *affirmed* an award of punitive damages over a defendant's objection that the award was based on litigation conduct. *De Anza Santa Cruz Mobile Ests. Homeowners Assn. v. De Anza Santa Cruz Mobile Ests.* fares no better because there, the Court of Appeal found that references to litigation conduct had "inflamed the jurors" only because of the extraordinary 166-to-1 "ratio between the actual damages and the punitive" awarded. 94 Cal. App.

4th 890, 922 (2001). Impossible LLC's punitive damages award here is roughly equal to its damages award, and the jury's damages award itself granted less than half of the monetary relief recommended by Impossible LLC's damages expert.

In similar cases, district courts have distinguished *De Anza* and upheld punitive damages awards, including in the trademark context. For example, in *QS Wholesale, Inc. v. World Mktg., Inc.*, 2014 WL 12586120, at *5 (C.D. Cal. Jan. 7, 2014), the district court held that "a few un-challenged isolated mentions of litigation activity" were no basis for a new punitive damages trial because "[defendant] is not correct that any passing mention of behavior that took place after the start of litigation automatically nullifies a punitive damages award," "references to litigation activity during trial were few and far between," and "almost all of [plaintiff's] trial argument on issues related to punitive damages was based on proper evidence." That is the case here, and Impossible Foods's insistence that the verdict should be thrown out based on an objection it did not timely raise is therefore both waived and meritless.

This Court took great care in managing the trial and, at times, in limiting the manner and content of Impossible LLC's liability and damages presentations—granting many, if not most, of Impossible Foods's timely objections.[2] The jury granted less than half of Impossible LLC's claimed injuries and far less than it could have awarded in punitive damages. Thus, Impossible Foods's new argument is nowhere close to establishing grounds for new trial or remittitur.

Dated:  July 6, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:    /s/ Adam S. Cashman
         Adam S. Cashman
*Attorneys for Impossible LLC*

---

[2] (*See, e.g.,* Dkts. 148 at 8, 311 at 13-18 (pre-trial and mid-trial rulings hemming in Impossible LLC's claims and defenses); Dkt. 383 at 8 (restricting Impossible LLC expert testimony on cookbook damages); Tr. 227:5-16, 262:24-264:17, 264:20-265:9, 274:6-18 (limiting Impossible LLC's confusion and damages evidence); Tr. 1144:22-1145:7 (constraining damages arguments); Tr. 1294:18-21 (limiting reference to Impossible Foods's use of large law firms to bring suit).)

IMPOSSIBLE LLC'S SUR-REPLY IN FURTHER OPPOSITION TO IMPOSSIBLE FOODS INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL, AND TO ALTER OR AMEND JUDGMENT