G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

TEAL LUTHY MILLER (*pro hac vice*)
tealmiller@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

## IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF |
| Plaintiff/Counter-Defendant, | **IMPOSSIBLE FOODS INC.'S OPPOSITION TO IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO STRIKE ALLEGEDLY NEW ARGUMENT IN IMPOSSIBLE FOODS' REPLY BRIEF OR ALTERNATIVELY FOR LEAVE TO FILE A SUR-REPLY** |
| vs. | |
| IMPOSSIBLE LLC, | |
| Defendant/Counter-Plaintiff. | |
| | Judge:    Hon. Beth L. Freeman |

Impossible Foods Inc. ("IF") respectfully submits this opposition to Impossible LLC's ("ILLC") Administrative Motion to strike an allegedly "new" argument in IF's reply brief or alternatively for leave to file a sur-reply (Dkt. 504).

ILLC's Administrative Motion rests on a false premise. IF's Reply did not advance a new constitutional theory. It simply pointed out that ILLC's own Opposition defended the punitive verdict by relying on constitutionally protected litigation conduct, thereby reinforcing—not changing—the due process argument presented in IF's opening Post-Trial Motions.

## I.    BACKGROUND

On June 5, 2026, IF moved for judgment as a matter of law or a new trial on the grounds that, among other things, the $1.75 million punitive award failed for lack of evidence and was constitutionally excessive. Dkt. 498 at 16–19. As IF explained, "due process does not permit punishment based on lawful conduct," such as IF's non-infringing food business that ILLC's case repeatedly emphasized. *Id.* at 18. IF requested that the Court vacate the punitive award, remit it to the maximum amount consistent with due process, or order a new trial. *Id.* at 18–19.

In its Opposition, ILLC stated that the punitive verdict was "support[ed]" by evidence that, among other things, IF "filed a preemptive declaratory judgment action" and "brought baseless infringement, fraud, and abandonment claims against Impossible LLC and Mr. Runyon." Dkt. 499 at 19. ILLC reiterated that "[t]he jury correctly perceived" this conduct as "an attempt to crush a smaller competitor through years of ongoing (and expanding) . . . aggressive litigation." *Id.* at 20.

As IF pointed out in its Reply, ILLC's Opposition defended the punitive verdict by relying in part on IF's litigation conduct that was not only lawful, but "a protected right [that] cannot be the basis for tort liability" without offending due process. Dkt. 501 at 11 (quoting *De Anza Santa Cruz Mobile Ests. Homeowners Ass'n v. De Anza Santa Cruz Mobile Ests.*, 94 Cal. App. 4th 890, 918 (2001)). ILLC's own characterization of that evidence as supporting the verdict was born out by the dozen times that ILLC emphasized IF's litigation conduct to the jury. *Id.* at 12 (collecting citations). All this confirmed IF's original argument that the verdict is unconstitutional.

1

IMPOSSIBLE FOODS' OPPOSITION TO IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION
Case No. 5:21-CV-02419-BLF (SVK)

## II.   ARGUMENT

### A.   IF's Reply Was Proper

Whether to strike a reply brief or permit a sur-reply lies within the Court's discretion. *JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008). Sur-replies are reserved for circumstances where a reply introduces genuinely new arguments, rather than responding to points raised in the opposition. *Sekera v. Allstate Ins. Co.*, 763 F. App'x 629, 632 (9th Cir. 2019).

Here, there is no basis to strike any portion of IF's Reply or accept ILLC's proposed sur-reply. As explained *supra* Part I, IF's Reply did not present a "new" argument. Rather, IF supported its original argument that the punitive verdict is unconstitutional, using ILLC's own statements made in its Opposition, to which ILLC plainly opened the door. "[IF's] reply does not raise new arguments, but rather responds to matters raised in [ILLC's] opposition. Accordingly, leave to file a sur-reply is not warranted." *Juniper Networks, Inc. v. Andrade*, 2020 U.S. Dist. LEXIS 111627, at *4–5 (N.D. Cal. June 25, 2020) (Freeman, J.). The question is not whether IF's Reply cited additional support in the case law or trial record to respond to ILLC's Opposition. The question is whether IF's Reply advanced a different legal theory. It did not. The due process theory appeared in IF's opening Motions; the Reply merely demonstrated why ILLC's Opposition itself confirmed that theory.

This is <u>not</u> a situation where a moving party "shift[ed] gears" or "significantly altered [its] theory" on reply. *Phan v. Transamerica Premier Life Ins. Co.*, 2023 WL 3468313, at *2 (N.D. Cal. Apr. 17, 2023) (Freeman, J.) (movant sought certification of new class); *cf. Kelly v. City of Oakland*, 198 F.3d 779, 785 (9th Cir. 1999) (movant raised new defense); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007) (movant raised new bar to claims). On the contrary, IF supported its original theory with ILLC's own statements made in its Opposition. IF's Reply properly addressed ILLC's statements in its Opposition, and ILLC can hardly claim prejudice from the consequences of its own statements.

### B.   ILLC's Proposed Sur-Reply Is Meritless

Even if this Court considers the substantive arguments in ILLC's proposed sur-reply, they are meritless:

IMPOSSIBLE FOODS' OPPOSITION TO IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION
Case No. 5:21-CV-02419-BLF (SVK)

**"Waiver."** Aside from the erroneous contention that IF's constitutional argument was waived in its Reply, ILLC also contends that IF failed to object to ILLC's attacks on IF's litigation conduct at trial. That is incorrect. In ILLC's punitive closing, IF objected to ILLC's line of argument that IF's law firms "flex[ed] their muscle" and "used the courts as a tool to punch down," and the Court *sustained* IF's objection. Tr. at 1294:6–21.[1]

**The Content and Extent of ILLC's Improper Arguments.** Tellingly, ILLC does not even identify—let alone defend—the actual language that ILLC's counsel used during closing arguments. Instead, ILLC contends it merely characterized IF's claims as "baseless." Dkt. 504-2 at 2. But IF did not challenge the word "baseless." Rather, IF challenges ILLC's repeated statements that IF engaged in "pressure tactics" and "lawyer tricks," "put the lawyers" on Mr. Runyon, "flex[ed] their muscle," and the like. Dkt. 501 at 12 (collecting a dozen instances of improper argument in ILLC's closings); *see also* Tr. at 91:21–23, 95:12–24, 102:18–103:11 (additional instances of same argument in ILLC's opening, when counsel "want[ed] to say it again" repeatedly because "it's important").

ILLC "relied heavily" on its argument that IF had engaged in "strong-arm" litigation tactics. *De Anza*, 94 Cal. App. 4th at 922. This was not merely a "few" "passing" references as ILLC now claims. Dkt. 504-2 at 2–3. Nor was that argument "primarily" limited to the liability phase. *Id.* at 2. ILLC made it in the punitive phase too, reinforcing the point so the jury could not forget it.

**Vacatur, Remittitur, or New Trial.** As set forth in IF's Post-Trial Motions, IF requests that the Court vacate the punitive award, remit it to the maximum amount consistent with due process, or order a new trial. Dkt. 498 at 18–19. A remitted punitive award must reflect only what the jury could constitutionally punish—excluding IF's protected litigation conduct and other lawful acts that ILLC repeatedly emphasized. The Ninth Circuit has recognized that where

---

[1] ILLC's *ad hominem* attack on IF's purported "pattern and practice" of relitigating or waiving issues is baseless. Dkt. 504 at 1 n.1. As explained herein and in its Reply (Dkt. 501 at 2–3, 12–13), IF did not waive or relitigate the issues at hand. *See also* Dkt. 501 at 2 n.1 (explaining that ILLC's repeated accusations against IF's filings are "off base" (quoting Dkt. 492 at 14 n.3)).

3

"improper and prejudicial remarks during opening and closing statements . . . could have inflamed the jury and prejudicially affected the damages amount," remittitur is appropriate. *Myles v. Cnty. of San Diego ex rel. San Diego Sheriff's Dep't*, 2025 WL 1367186, at *3–4 (9th Cir. May 12, 2025) (reversing denial of remittitur or new trial).

"When a punitive damage award exceeds the constitutional maximum," the Court may "simply . . . order a remittitur" "with no option for a new trial," particularly where litigation has been "protracted," as here. *S. Union Co. v. Irvin*, 563 F.3d 788, 792–93 n.4 (9th Cir. 2009) (quoting *In re Exxon Valdez*, 472 F.3d 600, 625 (9th Cir. 2006), *rev'd on other grounds*, 554 U.S. 471 (2008)); *see Noyes v. Kelly Servs., Inc.*, 2008 WL 2915113, at *14 (E.D. Cal. July 25, 2008) ("[U]pon determination of the constitutional limit on a particular award, the district court may enter a judgment for that amount as a matter of law." (alteration in original) (collecting cases)), *aff'd*, 349 F. App'x 185 (9th Cir. 2009). Alternatively, the Court may "order a new trial unless [ILLC] accept[s] a remittitur." *S. Union*, 563 F.3d at 792–93 n.4 (quoting *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 965 (9th Cir. 2005)).

ILLC's myopic focus on whether its counsel's comments, standing alone, permeated the proceeding and warrant a new trial misperceives IF's constitutional argument. Dkt. 504-2 at 1–2. The issue is not only that ILLC prejudiced the jury with improper comments, but also that the $1.75 million punitive award based on lawful conduct exceeds the bounds of due process. That is what IF argued all along, and what ILLC confirmed when it admitted that IF's protected litigation conduct was a basis for the award.

### III.   CONCLUSION

Because IF's Reply responded directly to arguments raised in ILLC's Opposition, neither striking the Reply nor permitting a sur-reply is warranted.

DATED: July 10, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

4