Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> IMPOSSIBLE LLC, <br><br> Defendant / Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF (SVK) <br><br> **IMPOSSIBLE LLC'S RESPONSE TO IMPOSSIBLE FOODS'S NOTICE REGARDING OBJECTION AT TRIAL TO IMPOSSIBLE LLC'S ARGUMENT ON LITIGATION CONDUCT** <br><br> **Judge:**　　Hon. Beth Labson Freeman |

Case No. 5:21-cv-02419-BLF (SVK)

IMPOSSIBLE LLC'S RESPONSE TO IMPOSSIBLE FOODS'S NOTICE REGARDING OBJECTION AT TRIAL
TO IMPOSSIBLE LLC'S ARGUMENT ON LITIGATION CONDUCT

Impossible LLC submits this response to Impossible Foods's July 27, 2026 "Notice" regarding its objection (Dkt. 510) in an abundance of caution and to maintain a clear record. Impossible Foods's account of its objection and the Court's ruling is incorrect. Impossible Foods's lone objection to Impossible LLC's punitive damages closing was made as to the reference to "four different law firms that Impossible Foods used"—an objection the Court sustained. (Tr. 1294:18–21.) The jury is presumed to have followed the Court's instruction and disregarded that statement, *see Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000) (affirming verdict where "there is a strong presumption that the curative instructions given by the district court were followed by the jury"), so that cannot form the basis for any request for a new trial. Impossible Foods did not object to any of the other statements it now challenges, and so the contemporaneous-objection rule bars these belated complaints, *see Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 516–17 (9th Cir. 2004) (misconduct must be severe enough to permeate entire proceeding to justify new trial), *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986) (contemporaneous-objection rule bars new trial where no contemporaneous objection to conduct at issue), none of which justify a new trial for the reasons explained in Impossible LLC's Sur-Reply (Dkt. 504-2 at 1–2).

Dated:  July 27, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   */s/ Adam S. Cashman*
        Adam S. Cashman

*Attorneys for Impossible LLC*

IMPOSSIBLE LLC'S RESPONSE TO IMPOSSIBLE FOODS'S NOTICE REGARDING OBJECTION AT TRIAL TO IMPOSSIBLE LLC'S ARGUMENT ON LITIGATION CONDUCT