Adam S. Cashman, Esq. (SBN: 255063)
    cashman@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
    gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
    omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
 Telephone: (415) 599-0210

Marissa R. Benavides, Esq. (*pro hac vice* admission)
    benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

*Attorneys for Impossible LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | Case No. 5:21-cv-02419-BLF (SVK) |
| Plaintiff / Counter-Defendant, | **IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| v. | **Judge:**  Hon. Beth Labson Freeman |
| IMPOSSIBLE LLC, | |
| Defendant / Counter-Plaintiff. | |

IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Pursuant to Local Rules 7-11 and 79-5, Impossible LLC respectfully submits this administrative motion and the accompanying declaration of Adam Cashman in support of sealing Exhibit 2 to the Cashman Declaration and Exhibit 1 to the Weslow Declaration ("Sealable Materials") because the exhibits reflect attorney advice and internal discussions as reflected in the billing time entries created by attorneys and legal professionals working on behalf of Impossible LLC in this matter.

Courts may seal materials where the party establishes a "compelling reason" to keep such information as confidential. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). It is well-settled that courts may properly seal "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (discussing the "compelling reasons" standard) (quotations omitted); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) (citation omitted) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing[.]"). Indeed, courts routinely seal "sources of business information that might harm a litigant's competitive standing" from the public from the public record. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568 at 569 ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." (citations omitted)); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of ". . . business strategies" sealable under the compelling reasons standard) (citations omitted); *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, No. 23-CV-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (Freeman, J.) (granting a motion to seal "confidential business and financial terms" in connection with summary judgment briefing); *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023) (Freeman, J.) ("The Court finds that Zazzle has established compelling reasons to seal information that would reveal its network security information and

IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

internal business and financial decision-making strategies.”). Courts also recognize that the protection of materials covered by the attorney-client privilege is a “compelling reason[]” to justify sealing. *See, e.g., In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017).

Here, the disclosure of the information contained in the Sealable Materials would result in significant harm to Impossible LLC by exposing sensitive legal strategies discussed with counsel. Such a disclosure could reveal sensitive business information to Impossible LLC's competitors, vendors, and would-be collaborators, and would cause substantial harm to Impossible LLC's business standing compared to its competitors and future business partners.

These risks to Impossible LLC's business interests more than satisfy the “compelling reasons” standard for sealing motions. *See Finjan, Inc. v. Symantec Corp.*, No. 14CV02998HSGJSC, 2018 WL 620169, at *8 (N.D. Cal. Jan. 30, 2018) (“Given the confidential business information in these documents and the competitive harm that could result from the disclosure of this confidential information the Court concludes that sealing is warranted”); *In re Elec. Arts*, 298 F. App'x at 569 (finding compelling reasons for sealing “business information that might harm a litigant's competitive standing”). Impossible LLC therefore respectfully requests that the Court seal this material as described below. *See Ctr. For Auto Safety*, 809 F.3d at 1097 (finding that courts may seal business information that may be harmful in the hands of competitors); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 1:10-cv-02372-LJO, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (finding good cause to seal proprietary business documents).

Impossible LLC has narrowly tailored its request to the docket entries that contain privileged and sensitive business information. Because the information contained in these Exhibits relates to confidential attorney advice, Impossible LLC requests that the Court maintain the documents below under seal:

| ECF No. | Document and Dkt. No. | Portion(s) to Seal | Reason(s) |
| --- | --- | --- | --- |
| ECF No. 522-2 | Exhibit 1: BraunHagey & Borden LLP | Entire document | Privileged attorney-client |

IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| | | | |
|---|---|---|---|
| | billing entries chart<br><br>Exhibit 2 to Declaration of Adam S. Cashman<br>Dkt. No. 521-3 | 3 | Communication and attorney work product. |
| ECF No. 522-3 | Exhibit 2: Wiley Rein's invoices to Impossible LLC<br><br>Exhibit 1 to Declaration of David Weslow<br>Dkt. No. 521-9 | Entire document | Privileged attorney-client<br>Communication and attorney work product. |

For the foregoing reasons, Impossible LLC respectfully requests that the Court keep the entirety of **Exhibits 1** and **2** under seal.

Dated:  August 12, 2026                                BRAUNHAGEY & BORDEN LLP


                                                       By:  */s/ Adam S. Cashman*
                                                            Adam S. Cashman

                                                       *Attorneys for Impossible LLC*

IMPOSSIBLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL