G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

TEAL LUTHY MILLER (*pro hac vice*)
tealmiller@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>IMPOSSIBLE LLC,<br><br>Defendant/Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF<br><br>**IMPOSSIBLE FOODS' MOTION IN LIMINE REGARDING PUNITIVE DAMAGES AND ALTERNATIVE REQUEST FOR ORDER TO SHOW CAUSE**<br><br>Judge: Hon. Beth L. Freeman<br>Pretrial Conference: September 4, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 1, 5th Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 4, 2026, at 10:00 a.m., in Courtroom 1 of the U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, California, Impossible Foods Inc. ("IF") will and hereby does move for an order *in limine* in connection with the new trial on punitive damages, to preclude Impossible LLC ("ILLC") from offering evidence or argument that cannot establish oppression, fraud, or malice, including evidence concerning IF's legitimate litigation conduct, unadjudicated alleged violations of the Court's injunction (Dkt. 493 at 1–2), and unadjudicated alleged "continuing infringement" beyond the conduct found infringing in the first trial. Alternatively, IF respectfully requests that the Court order ILLC to show cause why summary judgment should not be entered on punitive damages pursuant to Fed. R. Civ. P. 56(f)(3).

The Court determined that none of the eight grounds ILLC previously identified, alone or in combination, supports punitive damages. Dkt. 512 ("Order") at 33–35. The only issue for retrial is punitive damages, and the retrial should not become a vehicle for ILLC to rehash arguments the Court rejected, relitigate liability, or invite another jury to punish IF for legitimate conduct.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. BACKGROUND**

In March 2026, a jury returned a verdict finding IF infringed ILLC's trademarks by IF's use of the IMPOSSIBLE mark in connection with cookbooks and apparel. Dkt. 459 at 3–4. The jury also found IF acted with oppression, fraud, or malice. *Id.* at 5. Based on that finding, the trial proceeded to a punitive phase where the jury awarded $1.75 million in punitive damages. Dkt. 460.

On July 29, 2026, the Court granted IF a new trial on punitive damages under Rule 59, holding that "[t]he evidence adduced at trial quite simply did not even approximate oppression, fraud, or malice" "at any point." Order at 33. ILLC had raised eight categories of evidence purportedly going to punitive damages, but the Court held that "none of these eight grounds alone or in combination with one another supports punitive damages." *Id.* at 34.

On August 4, 2026, the Court ordered that the new jury would be read a statement regarding the "prior findings of liability, willfulness, and compensatory damages." Dkts. 516, 520, ¶ 3.

On August 19, the parties filed their pretrial statement. ILLC's witness list proffers the same

testimony the Court rejected. Dkt. 525-1 at 3–4. ILLC reproduced its entire exhibit list and added 49 exhibits, all concerning unadjudicated conduct. Dkt. 525-2 at 2–12; Elings Decl. Exs. 1–49.

## II. LEGAL STANDARDS

Punitive damages require clear and convincing proof of "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). As relevant here, "malice" means either conduct intended to cause injury or "despicable conduct" carried on with willful and conscious disregard of another's rights. *Id.* § 3294(c)(1).[1] "Despicable conduct" must be "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." Order at 34 (quoting *McNeal v. Whittaker, Clark & Daniels, Inc.*, 80 Cal. App. 5th 853, 872 (2022)).

As the Court noted, ILLC's "theory of the case" was "knowing disregard of the probable dangerous consequences of its conduct." *Id.* at 33. But that theory "never turn[ed] up evidence establishing more than mere negligence or (at most) recklessness," and the Court found "no evidence in the record at all that [IF] at any time singled out Mr. Runyon for mistreatment or abuse" or "th[ought] about him . . . at all." *Id.* As the Court stated, "'malice' requires more than a 'willful and conscious' disregard of the plaintiffs' interests"; it requires "despicable conduct," which was entirely absent here. *Id.* at 34 (quoting *Coll. Hosp. Inc. v. Superior Ct.*, 8 Cal. 4th 704, 725 (1994)).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable" and "(b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, it may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. ARGUMENT

### A. The Retrial Should Be Limited to Evidence Supporting Punitive Damages

ILLC previously identified eight grounds it contended supported punitive damages, namely that IF allegedly: (1) knew of ILLC and its marks before IF began using the IMPOSSIBLE mark

---

[1] The Court recognized that "there was no evidence of fraud and there was no evidence of oppression," leaving "malice" as the only potential basis under § 3294. 4/23/2026 Tr. at 6:13–15.

on the accused products; (2) drew inspiration from ILLC's marketing; (3) launched products in overlapping categories; (4) failed to mitigate confusion; (5) filed a preemptive declaratory action; (6) brought infringement, fraud, and abandonment claims; (7) continued infringing conduct during the litigation; and (8) expanded infringing conduct into new categories. Order at 34.

The Court held that "none of these eight grounds alone or in combination with one another supports punitive damages." *Id.* As the Court explained, "[a]lthough the first, second, third, and fourth points . . . support willfulness, they fall far short of malice." *Id.* at 34–35. The distinction is one of kind, not merely degree. The trademark cases finding malice involve materially more aggravated conduct, such as deliberate deception. *See, e.g.*, *QS Wholesale, Inc. v. World Mktg., Inc.*, 2014 WL 12586120, at *4, *8 (C.D. Cal. Jan. 7, 2014); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1106–12 (S.D. Cal. 2012). The Court distinguished these cases, finding that they involved conduct "much more egregious than anything presented to the jury here." Order at 36–37.

That distinction is particularly important at the retrial. The new jury will know that willfulness has already been determined. Dkt. 520, ¶ 3. The issue for the new jury is oppression, fraud, or malice—not willfulness. Evidence offered merely to establish willfulness would be irrelevant, waste time on an already-decided issue, and risk inviting the jury to again confuse willfulness with the materially different standard of malice. *See* Fed. R. Evid. 401, 403. But ILLC's proffered testimony just rehashes willfulness. Dkt. 525-1 at 3–4 (Runyon, Hatman, Halla, Pasek).

As to the remaining grounds, the Court found that "[t]he fifth, sixth, seventh, and eighth points confirm that [ILLC's] theory of punitive damages was based at least in part on inviting the jury to punish [IF] for its legitimate litigation conduct." Order at 35; *see Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009) ("[A] defendant's trial tactics and litigation conduct may not be used to impose punitive damages in a tort action."); *Rsrv. Media, Inc. v. Efficient Frontiers, Inc.*, 2017 WL 123420, at *10 (C.D. Cal. Jan. 11, 2017) ("[T]he failure to stop using a mark after receiving a cease and desist letter does not show willful infringement . . . ." (collecting cases)). ILLC thus should be precluded from offering evidence or argument based on IF's filing or prosecution of this action, IF's use of the marks while IF challenged ILLC's claims in court, or other legitimate litigation conduct. Indeed, the Court found that the "prejudicial effect" of ILLC's "repetitive invocations" of IF's

litigation conduct in this action and other matters likely "inflamed" the jury. Order at 36. Yet ILLC offers that same improper evidence again. Dkt. 525-1 at 3–4 (Runyon, Hatman, Pasek).

Finally, ILLC should not be permitted to use the punitive retrial to litigate new allegations of wrongdoing. In June and July 2026, ILLC accused IF of violating the injunction by maintaining its recipes webpage and pre-injunction social media posts featuring Joey Chestnut and others (Elings Decl. Exs. 50, 52)—the same materials ILLC has now designated as punitive damages "evidence" (*e.g.*, *id.* Exs. 5, 7–17). IF disputed these accusations (*id.* Exs. 51, 53), and ILLC has never moved for, let alone obtained, a finding of contempt. Cases finding malice based on violations of court orders involve knowing violations adjudicated by the court—not a party's disputed accusation of a violation. *See, e.g.*, *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1441–43 (9th Cir. 1990). Whether IF violated the injunction is for the Court—not a jury empaneled solely to determine punitive damages. Inviting the jury to infer malice from unadjudicated violations would go beyond the jury's role and create substantial confusion and unfair prejudice. *See* Fed. R. Evid. 401, 403.

Further, ILLC should not be permitted to relitigate claims it did not pursue at the first trial. The jury found infringement based only on IF's apparel and cookbooks. Dkt. 459 at 3–4; Dkt. 457 at 35. Although ILLC's counterclaims referenced IF's recipes webpage (Dkt. 241 at 65, ¶ 50), ILLC elected to challenge only IF's cookbooks at trial. *But see* Elings Decl. Ex. 5. The same is true of IF's promotional athletic and philanthropic events and social media usernames (Dkt. 241 at 67–68, ¶¶ 54–55), which ILLC did not challenge as infringement (or even assert rights in) at trial. *But see* Elings Decl. Exs. 12, 14, 17, 24, 31, 34, 49. Likewise, ILLC never accused IF of secondary liability for third parties' infringement. *But see id.* Exs. 1–4. ILLC cannot now ask the jury to punish IF for conduct never adjudicated as infringing under the guise that it shows "continuing infringement."

**B. The Court Should Issue an Order to Show Cause Under Rule 56(f)(3)**

Alternatively, the Court should order ILLC to show cause why summary judgment should not be entered on punitive damages. Rule 56(f)(3) authorizes the Court, "[a]fter giving notice and a reasonable time to respond," to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Courts may exercise that authority "even on the eve of trial." *Norse v. City of Santa Cruz*, 629 F.3d 966, 971

(9th Cir. 2010). For example, in *Johnson v. Bay Area Rapid Transit Dist.*, after receiving the joint pretrial statement, the court invoked Rule 56(f)(3) to require plaintiffs to identify the "legal authorities and *specific* factual evidence" supporting their claims, which by then should have been "marshaled and ready to present." 2014 WL 2536460, at *1–3 (N.D. Cal. June 5, 2014); *see also Byrd v. Arpaio*, 2011 WL 5434240, at *5–6 (D. Ariz. Oct. 24, 2011) (before damages retrial, requiring plaintiff to proffer evidence supporting punitive damages under Rule 56(f)(3)).

The circumstances here warrant the same procedure. In granting a new trial, the Court concluded that the evidence "quite simply did not even approximate oppression, fraud, or malice," the evidence did not "at any point" suggest a state of mind "even approaching" that standard, and none of the eight grounds ILLC identified, "alone or in combination," supported punitive damages. Order at 33–34. ILLC has now designated 49 additional exhibits, but they do not cure the deficiency the Court identified. All those exhibits concern the same general categories of conduct the Court found insufficient or unadjudicated post-injunction allegations that likewise cannot establish malice. ILLC thus should be required to identify materially different evidence that could permit a reasonable jury to find oppression, fraud, or malice by clear and convincing evidence.

The Court's previous denial of summary judgment does not preclude relief. That ruling addressed the anticipated evidence. Dkt. 311 at 13. The Court has now concluded that the evidence actually presented did not support punitive damages. Order at 33–35; *see Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1068 (C.D. Cal. 2009) ("With a more complete record in front of it . . . the Court now arrives at a different conclusion than [the denial of summary judgment] years ago."), *aff'd*, 404 F. App'x 496 (Fed. Cir. 2010). Similarly, the Court's prior denial of JMOL does not bar relief. The Court declined to reach the sufficiency of the evidence of oppression, fraud, or malice because it concluded IF had not preserved that challenge under Rule 50(a) and ILLC did not have an opportunity to cure it. Order at 28–29. By contrast, Rule 56(f)(3) authorizes the Court to consider summary judgment *sua sponte* after giving ILLC "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). After that, summary judgment will be appropriate.

## IV. CONCLUSION

The Court should grant IF's motion *in limine* or, alternatively, issue an order to show cause.

DATED: August 21, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.