# Elings Decl. Exhibit 53

Davis Wright Tremaine LLP

42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**G. Roxanne Elings**
212-603-6416 tel
212-379-5226 fax

Roxanneelings@dwt.com

July 30, 2026

**VIA E-MAIL**
Marissa R. Benavides Esq.
Braun Hagey & Borden LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Email: benavides@braunhagey.com

Re: *Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF (N.D. Cal.)

Dear Ms. Benavides:

I write in response to your July 23, 2026 letter, and further to our June 29, 2026 letter. As we have explained to you, Impossible Foods ("IF") is in compliance with the injunction. Impossible LLC's ("ILLC") arguments to the contrary lack merit.

*First*, your letter rests on a misreading of the jury verdict. You contend that IF's "recipes webpage [was] found to be willfully infringing" by the jury. That is incorrect. The jury found that IF infringed ILLC's trademark by IF's "use in connection with *cookbooks*." Dkt. 459 at 4 (emphasis added). The jury was not asked, and the jury did not find, whether IF's use in connection with its *recipes webpage* infringed. IF's recipes webpage is not a cookbook, nor does your letter suggest it is. Accordingly, there has been no finding that the recipes webpage infringes. As a consequence, your letter's comparison of the current recipes webpage to a prior version misses the mark, because the jury never opined, and was never asked to opine, on either version.

The recipes webpage in fact complies with the injunction. As you know, the injunction prohibits:

> Using "Impossible" as a standalone word or title, without other visible words or symbols clearly identifying Impossible Foods as the source or author, on cookbooks or recipes. This prohibition does not extend to cookbooks or recipes bearing the name "Impossible Foods" as the title or author; or cookbooks or recipes that include additional words, logos, or design elements such that the overall presentation clearly identifies Impossible Foods as the source of the goods;

Dkt. 493, ¶ 2. As we have explained, the recipes webpage includes numerous "additional words, logos, or design elements such that the overall presentation clearly identifies Impossible Foods as the source of the goods," in compliance with the injunction. These include, but are not limited to: (i) the

recipes page bears a URL beginning with "impossiblefoods.com," (ii) the webpage shows "Impossible Foods Inc." as the copyright holder and author of the webpage; (iii) the webpage invites the user to sign up for updates from "Impossible Foods"; (iv) all the recipes are focused on IF's flagship "Impossible Burger" and other plant-based meats; (v) above the recipes are illustrations and designs depicting a plant, a flower, a burger, cutlery, and the words "animal free"; and (vi) the title of the webpage is "Recipes with Plant-Based Meat (this is kind of our thing)."

You contend that these additional elements don't count, because they are not "additional words or symbols within th[e] *header*" of the webpage (emphasis added). But the injunction does not require the additional elements to be adjacent to the word "Impossible" or in any particular location at all. In fact, all the injunction requires is that the additional words or symbols be "visible" and that the "*overall* presentation" clearly identify IF as the source. Dkt. 493, ¶ 2 (emphasis added). The Court emphasized that it would "not dictate the size or the location [of the additional word or symbol] except that it be visible." 4/23/2026 Tr. at 56:22–57:10 (emphasis added). And you expressly agreed. *See id.* ("[W]e would be completely fine with that, Your Honor. . . . Right. Exactly. . . . Yeah. I believe that we can submit a revised proposal to that degree."). The overall presentation of IF's recipes webpage plainly meets the injunction's requirements.

*Second*, your letter continues to insist that IF remove a two-year-old Instagram post depicting apparel, even though the Court rejected your request for such a removal requirement. *See* Dkt. 490-1, ¶ 3 (ILLC's rejected proposal, requiring removal of online depictions of infringing apparel); Dkt. 476-55, ¶ 5 (same). The Court expressly limited the removal requirement to cookbooks and recipes only. Once again, the injunction prohibits:

> Publicly depicting any good prohibited by *Paragraph 2 above [regarding cookbooks or recipes]* in any marketing, promotional, or advertising materials in connection with the sale of those goods. Any such materials that presently exist, whether in physical or digital form, SHALL be removed from public access and/or consumption within 14 days following entry of this Order.

Dkt. 493, ¶ 3 (emphasis added). Had the Court intended to require IF to remove digital depictions of apparel, as it did for cookbooks and recipes, the Court would have said so. It did not. Tellingly, your July 23 letter abandons any argument that the Instagram post violates Paragraph 3 of the injunction, because that point raised in your June 22 letter was plainly specious.

Your July 23 letter now focuses on Paragraph 1, but your argument there fares no better. You now contend that "[m]aintaining live promotional posts that display the enjoined apparel . . . is an ongoing, present use . . . which violates the Injunction." That is incorrect, for two reasons. First, the injunction prohibits "[u]sing 'Impossible' as a standalone word, without other visible words or symbols, on apparel." Dkt. 493, ¶ 1. The injunction did not prohibit publicly depicting the apparel—again, the prohibition on "[p]ublicly depicting" applies to cookbooks and recipes only. Dkt. 493, ¶ 3. Had the Court intended to prohibit public depiction of apparel, it would have said so. It did not. Therefore, public depiction is not within the meaning of "[u]sing" under Paragraph 1. Second, it is black-letter law that a prohibitory injunction like Paragraph 1 "merely orders the defendant to refrain from doing" "affirmative acts." *Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017) (quoting 42 AM. JUR. 2D

*Injunctions* § 5). Passively leaving a two-year-old Instagram post online is not an affirmative act on the part of IF, let alone an infringing use that could violate the injunction. You have not identified any act committed by IF to "maintain" or "promote" the post, let alone any act to use the apparel. Because leaving an Instagram post online is not an affirmative act, IF has not violated the injunction.

We trust that the foregoing resolves this matter. However, if you wish to meet and confer further on this issue, we can be available tomorrow, July 31, 2026.

Sincerely,

G. Roxanne Elings
Davis Wright Tremaine LLP