G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

TEAL LUTHY MILLER (*pro hac vice*)
tealmiller@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>IMPOSSIBLE LLC,<br><br>Defendant/Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF<br><br>**IMPOSSIBLE FOODS' ADMINISTRATIVE MOTION TO SEAL EXHIBIT FOR MOTION IN LIMINE**<br><br>Judge: Hon. Beth L. Freeman |

Pursuant to Civil Local Rule 7-11 and 79-5(c), Impossible Foods Inc. ("IF") respectfully submits the following in support of sealing one exhibit attached to the Declaration of G. Roxanne Elings in Support of IF's Motion in Limine. The exhibit to be sealed is Elings Declaration Exhibit 34 (Trial Exhibit 796), which is a confidential contract between IF and a third party containing sensitive financial and pricing information and a confidentiality clause.

## I. LEGAL STANDARD

In the context of a request to seal filings, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (Freeman, J.) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)).

"The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court." *Calhoun v. Google LLC*, 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022). Where the motion at issue is "more than tangentially related to the underlying cause of action," the party seeking to seal court records must demonstrate "compelling reasons" that support sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1102 (9th Cir. 2016). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), such as "sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598); *see Tevra Brands LLC v. Bayer Healthcare LLC*, 2024 WL 3697042, at *2 (N.D. Cal. Aug. 6, 2024) (Freeman, J.) (citing *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard). Parties moving to seal the documents attached to non-dispositive motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will

result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

## II. DISCUSSION

Compelling reasons exist to seal Elings Declaration Exhibit 34 (Trial Exhibit 796), because it is a confidential contract with a third party containing sensitive financial and pricing information and a confidentiality clause. "Courts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) (Freeman, J.) (quoting *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015)). "Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials . . . .'" *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) (quoting *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)); *see also In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive standing"); *Laatz v. Zazzle, Inc.*, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023) (Freeman, J.) ("The Court finds that Zazzle has established compelling reasons to seal information that would reveal . . . internal business and financial decision-making strategies.").

Disclosure of the information contained in the Elings Declaration Exhibit 34 (Trial Exhibit 796) would result in significant harm to IF, including, *inter alia*, by exposing valuable insights into IF's marketing and financial decision-making strategies. Such a disclosure would reveal critical business information to IF's competitors, vendors, and would-be collaborators and would cause substantial harm to IF relative to its competitors and future business partners. IF has narrowly tailored its request to seal only material that implicates these interests.

Because the information contained in this material relates to IF's marketing and financial information and strategies, IF requests that the Court maintain it under seal as detailed in the below chart.

**Exhibit to be Sealed**

| Document | Description |
|---|---|
| Elings Declaration Exhibit 34 (Trial Exhibit 796) | Confidential contract between IF and third party |

DATED: August 21, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.