# EXHIBIT 1

| | |
|---|---|
| **From:** | Elings, G. Roxanne |
| **To:** | Adam Cashman; Burns, Sarah; Gregory Washington; Oliver McNicholas; Holoszyc-Pimentel, Raphael; Marissa Benavides |
| **Cc:** | Toby Rowe |
| **Subject:** | RE: Impossible Foods v. Impossible LLC |
| **Date:** | Wednesday, August 19, 2026 3:49:21 PM |

***** EXTERNAL MESSAGE *****

Adam,

I don't think we can agree to that stipulation as proposed. Although the amount of compensatory damages is not being retried, the nature and extent of the harm remain relevant to the punitive damages determination, including because any punitive award must bear a reasonable relationship to the harm caused by the conduct at issue. Evidence concerning revenues, sales, profits, or expenditures may therefore be relevant to that inquiry and to the parties' respective positions concerning the appropriate amount of any punitive award.

We would be willing to agree that neither side will use such evidence to relitigate the amount of compensatory damages or argue that the compensatory award itself should be increased or reduced.

Best,
Roxanne

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
DWT.COM

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Wednesday, August 19, 2026 2:44 PM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Thanks Roxanne. I did not see that commitment anywhere from IF prior to your message, so appreciate that confirmation. We will revise the stipulation and send back shortly. Along those lines, can you please let me know if IF would also agree to stipulate that neither side will introduce evidence, argument, or make reference to Impossible LLC's revenues or profits or expenditures with respect to the products at issue, as those are irrelevant to the punitive phase? We asked about this on Monday but have not seen a response. We appreciate your engagement here. Thank you.

**Adam S. Cashman** | Partner
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Date:** Wednesday, August 19, 2026 at 9:34 AM
**To:** Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Adam,

Yes. As Sarah stated earlier in this string, IF will agree not to characterize the compensatory damages award itself as a "windfall" or "over-compensation." As noted below, that does not preclude IF from arguing that ILLC has already been compensated for the harm found by the first jury or from making appropriate arguments concerning the necessity and amount of any punitive damages award.

Best,
Roxanne

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
DWT.COM

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Wednesday, August 19, 2026 10:52 AM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Thanks Roxanne. Would IF stipulate not to refer to the earlier verdict as a "windfall" or "over-compensation," or are those terms you intends to use?

**Adam S. Cashman** | **Partner**
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Date:** Wednesday, August 19, 2026 at 4:32 AM
**To:** Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Adam,

We agree that we should try to narrow any actual disagreement.

Impossible Foods does not intend to argue that the compensatory damages award was legally erroneous or invalid, nor will it ask the jury to reconsider or reduce that award. We are prepared to stipulate to that.

The issue with your proposed language is that it goes further. We cannot agree to language that could be construed to preclude Impossible Foods from arguing the significance of the compensatory award to the punitive damages determination. The jury will be deciding whether punitive damages are warranted and, if so, in what amount. In making that determination, IF

must be permitted to argue that ILLC has already been compensated for the harm found by the first jury, that punitive damages are not compensatory, and that any punitive award must be based on the purposes properly served by punitive damages rather than providing additional compensation for the same harm.

For that reason, we do not think a prohibition on terms such as “more than adequate” or “the like” resolves the issue. Depending on context, that language could sweep in proper argument concerning whether any additional punitive award is necessary or appropriate. We are not looking to relitigate the compensatory award; we simply cannot stipulate away arguments that bear directly on the question this jury is being asked to decide.

That is why we proposed the narrower stipulation Sarah sent last night. If your concern is that IF will attack the validity of the compensatory verdict or ask the jury to revisit it, our language addresses that concern. If you have revisions that preserve IF’s ability to make the punitive damages arguments described above, please send them and we will consider them.

We will also get back to you soon regarding the witness availability and financial information issues. As you can imagine, it is a process given that many of them are not employed by IF.

Best,
Roxanne

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Tuesday, August 18, 2026 10:44 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Thank you Sarah. We will review and revert tomorrow. In the meantime, however, I’d like to address the proposed stipulation since it is not clear there is a real disagreement here, and last

time the Court expressed disappointment that the parties did not do more to resolve these issues.

The core issue we are raising is that we do not believe it is proper for IF to refer to the compensatory award as a "windfall," or "over-compensation," or "more than adequate" or the like. We agree that reference will need to be made to the prior verdict, and the fact that it compensated Impossible LLC for its harm, likely within the context of the joint neutral statement. However we do not believe it is appropriate or proper for IF to assert or suggest to the jury that Impossible LLC has received a windfall or been over compensated, which are things IF has said in its papers so we need to address it in a MIL if you intend to do that. Please let us know whether that is IF's intent, and if not, whether we can agree to a revised stipulation addressing our core concern.

Separately from the above, we have been waiting for answers on the other witness availability and updated financial information issues we first asked about on August 6. We've followed up several times on those but have not received a response. Please let us know IF's position on those matters asap so we can incorporate into the joint statement.

Thank you.

**Adam S. Cashman** | **Partner**
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Date:** Tuesday, August 18, 2026 at 6:54 PM
**To:** Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Counsel,

IF will not agree to this stipulation, which is extremely overbroad. Below is text to which IF could agree. If ILLC would like to enter into a stipulation to this effect, feel free to send for our review:

> During the punitive damages retrial, Impossible Foods will not argue or suggest that the compensatory damages award from the original trial was legally erroneous or invalid, or otherwise ask the jury to reconsider or reduce that award. Nothing in this stipulation precludes Impossible Foods from referring to the existence or amount of the compensatory damages award, or from making arguments concerning the proper purpose, necessity, or amount of punitive damages, including that punitive damages may not be used to compensate Impossible LLC again for harm for which compensatory damages have already been awarded.

I have also attached a version of the pretrial statement with IF's proposed edits in track. Please send back any further edits by 11 a.m. tomorrow.

Best
Sarah

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Tuesday, August 18, 2026 4:23 PM
**To:** Oliver McNicholas <omcnicholas@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Counsel

Attached is a draft stipulation regarding Impossible LLC's proposed MIL. Please provide any comments or confirm Impossible Foods's agreement by tomorrow at 10:00 a.m.

Please also provide responses to the questions in Adam's Monday email by tomorrow at 10:00 a.m.

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Oliver McNicholas <omcnicholas@braunhagey.com>
**Sent:** Tuesday, August 18, 2026 11:15 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Counsel,

Impossible LLC's exhibit list is attached. To maintain consistent exhibit numbers and avoid confusion in the record, we have added exhibits to the last iteration of the exhibit list from trial, which are numbered 762-795.

Please provide any addition exhibits Impossible Foods intends to offer by close of business today. We propose that the parties exchange objections to new exhibits by 10 a.m. PT tomorrow to allow for orderly filing.

Oliver McNicholas
BRAUNHAGEY & BORDEN LLP
Direct: (415) 570-4372

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 17, 2026 2:06 PM
**To:** Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Counsel,

In addition to the issues outlined below, drafts of the joint pretrial statement and Impossible LLC's witness list are attached. Please note that we've added Jordan Schenck as a witness for the punitive damages phase. Let us know if Impossible Foods will accept her trial subpoena.

The exhibit list will be sent along later today.

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Monday, August 17, 2026 12:23 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

Hi Sarah. Thanks for the explanation, however we do not agree to postpone the schedule on the fee application. The issue is ripe, and we think it should be decided now. Among other things, the lack of clarity on the fee award is clearly impeding settlement discussions, so obtaining clarity on that sooner rather than later would be beneficial to our efforts to resolve the case, which have largely remained stalled in light of the uncertainty.

Thanks also for your position on our proposed MIL. We will send a stipulation for your review. We would also propose stipulating that neither side will introduce evidence, argument, or make reference to Impossible LLC's revenues or profits or expenditures with respect to the products at issue, as those are irrelevant to the punitive phase. Please let us know whether Impossible Foods will agree to that, and we can include it in the stipulation. Alternatively, please let us know why Impossible Foods will oppose such relief.

As for Impossible Foods's proposed MIL, can you please specify what evidence you are intending to move to exclude? It sounds like you intend to move to exclude any evidence that was proffered in support of punitive damages at the original trial, however the adequacy or

inadequacy of that evidence is a question for the jury and Court to assess, not an evidentiary issue warranting exclusion under the FRE or otherwise. If you have some authority supporting your motion, please share it with us. We would likely agree not to assert that Impossible Foods has "violated the injunction," as that implicates compliance with a Court order, however do believe that Impossible Foods's continued infringement is relevant to oppression, fraud, or malice, and so would not agree to avoid proffering that evidence in the retrial. Please clarify your position here.

During our August 6 meet and confer, we raised several other issues you said you would look into, however we have not yet heard from you on those. Specifically, they are:

1. Whether Impossible Foods represents Mr. Halla, Ms. Pasek, and Mr. Schwarz, and whether it will accept trial subpoenas for them;
2. Whether Ms. Hatman and Mr. Olson will appear at the re-trial; and
3. When Impossible Foods will provide updated profit and loss numbers to account for the passage of time between its last update in late February/early March and now

Please let us know your responses to these issues by tomorrow. We will have a draft statement for your review shortly.

Regards,
Adam

**Adam S. Cashman** | **Partner**
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Date:** Monday, August 17, 2026 at 9:16 AM
**To:** Adam Cashman <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Following up on this.

**Sarah Burns**

**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

---

**From:** Burns, Sarah
**Sent:** Friday, August 14, 2026 11:29 AM
**To:** 'Adam Cashman' <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Thanks, Adam.

The basis for an extension is the timing of the opposition relative to the punitive damages retrial. The fee application is substantial and will require review of approximately 300 pages of billing entries, including analysis of the reasonableness and allocation of the fees sought. At the same time, we are preparing for the September 28–30 retrial, including the August 27 final pretrial conference and associated pretrial submissions. We think it makes sense to address the fee application after the retrial rather than divert resources from trial preparation, particularly where a short extension will not prejudice ILLC or delay the retrial. We are proposing two weeks after the close of trial so that the fee application can receive appropriate attention once the punitive phase is complete. ILLC's own submission shows how time-consuming analysis of the fees material was; ILLC began compiling and reviewing the fees entries in May and at least five attorneys worked on the submission.

As to ILLC's MIL, IF will agree not to characterize the compensatory damages award itself as a "windfall" or otherwise improper. We do not agree, however, to the broader proposed limitations on references to "full compensation" or "the like," because those limitations are contrary to law and ill-defined.

IF intends to move in limine to preclude evidence or argument that cannot establish oppression, fraud, or malice, including the evidence the Court already ruled does not support punitive damages and unadjudicated allegations that IF has violated the injunction. Please let us know if ILLC will stipulate to such an order.

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Thursday, August 13, 2026 5:06 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Hi Sarah. What would be the basis to postpone IF's response to the fee petition by more than six weeks? Obviously both sides have handled much larger filings (e.g., opposing cross motions for summary judgment) on the normal schedule.

We are working on the joint statement and expect to have a draft for you by Monday. In the meantime, please let us know whether IF will agree to the proposed MIL we shared on August 6 so that we can prepare a stipulation. And let us know if IF has a proposed MIL it would like us to consider.

Thanks.

**Adam S. Cashman** | **Partner**
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Date:** Thursday, August 13, 2026 at 4:50 PM
**To:** Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi all,

I am writing regarding two issues.

First, given the breadth of ILLC's fee motion, which includes roughly 300 pages of fee entries,

as well as the upcoming trial, IF plans to ask the Court to extend IF's deadline to file an opposition until two weeks after the close of trial. Will ILLC stipulate to that request?

Second, we discussed ILLC sharing an initial draft of the joint pretrial statement. Given that the filing deadline is now less than a week away, is ILLC able to circulate a draft tomorrow?

Thanks,
Sarah

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 10, 2026 2:48 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

This edit is fine with us. We can make that change and file.

Greg Washington
**BRAUNHAGEY & BORDEN LLP**
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Monday, August 10, 2026 2:24 PM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Thanks Greg. We have one small clarifying edit, attached

**Raphael Holoszyc-Pimentel** Pronunciation
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
DWT.COM

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 10, 2026 4:26 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Thanks, Raphael. We've made some minor edits to the draft that you sent. Please let us know if we are authorized to add Roxanne's digital signature.

Best,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Monday, August 10, 2026 10:27 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>

**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Greg: Here are our changes

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 10, 2026 11:48 AM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Roxanne,

Following up here. Can you please provide the status report redline this morning?

Regards,

Greg Washington
**BRAUNHAGEY & BORDEN LLP**
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Friday, August 7, 2026 2:28 PM

**To:** Adam Cashman <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Adam,

That is fine. We are not asking you to characterize IF's availability or make scheduling decisions for us. Each side can state its own availability.

For clarity, we have taken the same approach you describe. There are other dates on which it would be difficult for us to appear, but we have not listed those as unavailable. The dates we have identified reflect preexisting, significant conflicts—preplanned and paid-for travel for my husband's birthday and an appellate argument in Virginia—not simply dates that would be inconvenient.

Our point is simply that the Court's availability is also part of the scheduling picture and should be included so the status report accurately reflects the dates that are available to the Court and the parties. We will propose a sentence reflecting the Court's stated unavailability and otherwise provide IF's availability ourselves.

We will send along a redline shortly.

Thanks,
Roxanne

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Friday, August 7, 2026 5:03 PM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>

**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

You are free to propose an additional sentence noting the parties' understanding that the court is unavailable on the dates noted in her Order so have not included those, and we will review. But we are not going to agree to change the fundamental structure where we provide our availability and you provide yours. I don't know your schedule and I don't know who else could cover if you are unavailable, so I think it is best that each side just provides their own availability. There are days, for example, when it would be very difficult for us to appear, yet we have made the decision not to remove those because we think broader availability is better and would be appreciated. But I can't make those decisions for you, so need to leave your availability to your part of the statement. Thanks

Adam Cashman
BraunHagey & Borden LLP
SF | NY
C: 415.632.8059

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Friday, 07 August 2026 13:56:04
**To:** Adam Cashman <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Adam,

Thanks for clarifying. I stand corrected as to your availability next week.

That does not change the point of my email. The relevant question is not how many days ILLC is available in the abstract, but which dates are actually available given the Court's schedule and both parties' conflicts.

Your draft identifies ILLC's broad availability and IF's limited availability without identifying the

Court's periods of unavailability, which creates a misleading picture of the scheduling issue.

If August 31 remains available for ILLC, we will include that in the redline. So it is August 31 and September 22–25 that appear to be the dates that work for the Court and both parties.

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Friday, August 7, 2026 4:18 PM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

I'm available next week Roxanne. We have very limited unavailability which we are willing to be candid with the court about. And we can do Aug 31 too.

Adam Cashman
BraunHagey & Borden LLP
SF | NY
C: 415.632.8059

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Friday, 07 August 2026 13:14:32
**To:** Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Greg,

This should be a simple scheduling exercise. Instead, your proposed status report presents the facts in a manner that creates a misleading impression of the actual scheduling situation—which is consistent with a pattern we have seen throughout this litigation. Your team repeatedly takes straightforward facts and presents them in a way that does not reflect the reality of the circumstances.

The reality here is simple: considering the Court's availability and both parties' conflicts, September 22–25 are the only dates that work for everyone. Your draft instead emphasizes ILLC's general availability and IF's limited availability, while omitting the Court's unavailability altogether. It also fails to include ILLC's unavailability of August 10-14 which I believe is Adam's vacation.

There should be no need to characterize a basic scheduling issue in this manner. We will provide a redline that accurately and neutrally reflects the relevant facts.

Roxanne

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
DWT.COM

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Friday, August 7, 2026 3:43 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

The draft status report is attached.

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the

original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 11:11 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Thanks. Please send us your draft before filing.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Friday, August 7, 2026 2:10 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Hi Raphael,

We will provide a status update to the Court on attorney availability.

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected

information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 11:07 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Greg, it doesn't follow that just because a prior pretrial conference happened to be two weeks out from the trial, that a two-week gap is necessarily required. In fact, the Court's order yesterday specified September 15 and 16 as available days—both of which are *less* than two weeks out. So less than two weeks is fine, per the Court's order.

I double-checked and it seems that September 22-25 are the only dates that work for everyone. See below:

August 13-25 – IF unavailable
August 26-28 – ILLC unavailable
September 1-11 – Court unavailable
September 14-16 – IF unavailable
September 17-21 – Court unavailable

The only other conceivable option is August 31, but you omitted August 31 from your email below, so I'm not sure if that date still works for you.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Friday, August 7, 2026 1:34 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>;

Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Each of the dates the Court previously set for a pretrial conference were at least two weeks before the trial start date. (*See* Dkts. 70, 238, 516.) Based on prior scheduling orders, the dates that you've proposed would not accommodate the same time between the pretrial conference and the trial start date.

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 10:10 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Can you clarify what you mean by "accommodate"? All the dates we proposed are prior to the September 28 trial date, so I'm not sure I understand what you mean.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>

**Sent:** Friday, August 7, 2026 1:08 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Raphael,

The dates that you have proposed do not accommodate the September 28, 2026, trial start date ordered by the Court. (*See* Dkt. 516.) Is Impossible Foods intending to request that the Court move the trial date?

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 9:40 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Greg, we will respond to the balance of your email later, but for now here is our availability for the rescheduled pretrial conference. Roxanne is unavailable on the dates you proposed due to a preplanned vacation, oral argument, and associated travel. We can be available on September 22, September 23, September 24 in the afternoon, and September 25.

Best,

**Raphael Holoszyc-Pimentel** Pronunciation
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Thursday, August 6, 2026 11:34 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Counsel,

We wanted to follow up on a few points from our call this afternoon.

First, our proposed motion in limine would seek to preclude any evidence, argument, or reference characterizing Impossible LLC's compensatory damages award as full compensation, a windfall, or the like because any such characterization is irrelevant and prejudicial. Please let us know if Impossible Foods will stipulate to this or if Impossible LLC will need to file a motion.

Second, at this point, Impossible LLC may call Nick Halla, Myra Pasek, and Caitlyn Hatman. Please let us know if you are authorized to accept subpoenas for these witnesses. Now that Mr. Schwarz has left the company, we also intend to call Neal Olson to testify regarding financial matters and admit documents. Please confirm he will appear. Finally, we will also include a custodian of records to lay foundation for the admission of certain Impossible Foods records, unless you stipulate that they are admissible through other witnesses. Please advise as to the foregoing witnesses next week so that we may make alternative arrangements. Please also note that this is not a final list of trial witnesses, and we may identify additional witnesses in the future.

Third, we renew our request that Impossible Foods provide updated profit and loss statements. Trial Ex. 2232. As you'll recall, Judge van Keulen ruled that Impossible Foods "has a duty to supplement its 2024 profit and loss statement produced in response to Request for

Production no. 138, which requested profit and loss statements from 2011 to the present." Dkt. 393 at 1 (cleaned up). Please confirm that Impossible Foods will provide this information no less than 21 days before trial.

With respect to the pretrial conference, it appears the parties and the Court are all available on August 25 or September 14-16. Please confirm which of these dates work for Impossible Foods, and we will prepare a notice.

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Gregory Washington
**Sent:** Wednesday, August 5, 2026 10:14 AM
**To:** 'Holoszyc-Pimentel, Raphael' <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

We are available tomorrow at 1 p.m. PT and will send a calendar invite.

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Wednesday, August 5, 2026 9:47 AM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <benavides@braunhagey.com>

**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Marissa, we can do a call tomorrow anytime except 2-4pm ET.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Tuesday, August 4, 2026 8:01 PM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

Marissa
Someone will get back to you on availability once we confer internally.

> On Aug 4, 2026, at 7:59 PM, Marissa Benavides <benavides@braunhagey.com> wrote:
>
> **[EXTERNAL]**
>
> ---
>
> Roxanne,
>
> Per the Court's order today, we have a number of matters to confer on in preparation for trial. Please let us know your availability tomorrow and Thursday. We'll circulate an agenda in advance of the call.
>
> Thanks,
> Marissa

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
Direct: (646) 876-5766

**New York**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Tel. (646) 829-9403
Fax. (646) 403-4089

**San Francisco**
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.