# EXHIBIT 2

**From:** Adam Cashman
**Sent:** Friday, August 21, 2026 2:36 PM
**To:** Holoszyc-Pimentel, Raphael; Marissa Benavides; Oliver McNicholas; Burns, Sarah; Gregory Washington; Elings, G. Roxanne
**Cc:** Toby Rowe
**Subject:** Re: Impossible Foods v. Impossible LLC

Thanks Rafi. We need a stipulation or a Court Order confirming that Impossible Foods will not improperly claim that the compensatory award was a “windfall” or “over-compensation.” Unfortunately, an email exchange is not sufficient. We think the Court expects us to try to narrow issues where possible, such that this would be proper for a stipulation. However, we understand that you are refusing to do so absent Impossible LLC's agreement that Impossible Foods can make other arguments that we view as improper. We’ll raise with the Court.

Regards,

**Adam S. Cashman** | **Partner**
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Date:** Friday, August 21, 2026 at 2:29 PM
**To:** Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <benavides@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Adam:

Again, as Roxanne and I have said many times now, any stip needs to be clear so it cannot be construed to preclude our right to make proper arguments. That is why we need clarifying language confirming and preserving our rights.

In any event, I’m not sure why you intend to burden the court with an MIL on something we have told you repeatedly we’re not arguing, but that’s up to you.

Best,

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104

DWT.COM

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Friday, August 21, 2026 5:17 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <benavides@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Thank you for confirming that Impossible Foods agrees not to characterize the compensatory damages award as a "windfall" or "over-compensation." Why can't we then just resolve that issue by stipulation as a way of lessening the burden of what the Court will be asked to decide? You can reserve your right to make all other proper arguments. Our disagreement over what constitutes a proper argument can just be deferred for another time; it shouldn't impede our ability to resolve an issue that we are otherwise in agreement on. Please advise.

**Adam S. Cashman** | Partner
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Date:** Friday, August 21, 2026 at 2:12 PM
**To:** Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <benavides@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Adam: We have been clear and have been over this many times now. Once again, IF would agree not to characterize the compensatory damages award itself as a "windfall" or "over-compensation." But again, any stip needs to preserve our right to make proper arguments.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Friday, August 21, 2026 4:58 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <benavides@braunhagey.com>; Oliver McNicholas

<omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

So just to be clear, are you standing by Roxanne's agreement not to reference "over-compensated" or are you reneging on that?

**Adam S. Cashman** | Partner
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Date:** Friday, August 21, 2026 at 1:56 PM
**To:** Marissa Benavides <benavides@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Marissa,

The reason for deleting "excessive" is because, as you note, that's not the word Roxanne referenced; she referenced "overcompensated."

The last addition is not "completely new" as you say. It is the same point Roxanne repeatedly made on Wednesday. It also happens to be entirely proper.

We have told you many times that we agree to not make improper arguments but need to preserve our right to make proper arguments. That seems uncontroversial to us, but if you cannot agree then we cannot join your stip and you can make whatever motion in limine you feel is necessary.

Best,

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Friday, August 21, 2026 3:55 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah

<SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Raffi - what is Impossible Foods's reason for deleting the word "excessive" from the stipulation given Roxanne's agreement earlier this week that Impossible Foods would not refer to the compensatory award as having "over-compensated" Impossible LLC? We don't want to play semantic games here, so if this is just a word choice and you're more comfortable reverting to "over-compensated" instead of "excessive," then that's fine. But if you think there's some material difference there, please let us know what you have in mind. We are OK with "over-compensated" or "excessive" and just want to put this to bed.

The last addition to the stipulation—that the parties not be precluded from arguing that "punitive damages are unnecessary in light of the amount of the compensatory award or the nature and extent of the harm, or any other proper argument"—is completely new and not acceptable. You already have the reservation of rights as to any and all proper purposes—and we do not agree that the specific purposes you have listed are proper, so those will need to be worked out with the Court.

Please advise so we can file this promptly.

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
Direct: (646) 876-5766

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 21, 2026 2:50 PM
**To:** Marissa Benavides <benavides@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Marissa, please see our attached edits

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP
**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Friday, August 21, 2026 1:57 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Raffi,

Please advise as soon as possible. As we both have motions in limine due today, I'm sure you can appreciate the need for clarity on this.

Thanks,
Marissa

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
Direct: (646) 876-5766

**From:** Marissa Benavides <Benavides@braunhagey.com>
**Sent:** Thursday, August 20, 2026 8:55 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Raffi,

We incorporated the red language below into the attached with one modification to extend it to both parties. Let us know if we have your sign-off to file.

Thanks,
Marissa

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
Direct: (646) 876-5766

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Thursday, August 20, 2026 8:40 PM
**To:** Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

As I mentioned, the language is in Sarah's email from Tuesday which is below, and is reproduced again here:

> During the punitive damages retrial, Impossible Foods will not argue or suggest that the compensatory damages award from the original trial was legally erroneous or invalid, or otherwise ask the jury to reconsider or reduce that award. Nothing in this stipulation precludes Impossible Foods from referring to the existence or amount of the compensatory damages award, or from making arguments concerning the proper purpose, necessity, or amount of punitive damages, including that punitive damages may not be used to compensate Impossible LLC again for harm for which compensatory damages have already been awarded.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Oliver McNicholas <omcnicholas@braunhagey.com>
**Sent:** Thursday, August 20, 2026 8:34 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Thanks. Can you please include in redline the sentence that you would like to see included and we will review.

Oliver McNicholas
BRAUNHAGEY & BORDEN LLP
Direct: (415) 570-4372

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Thursday, 20 August 2026 17:29:04
**To:** Oliver McNicholas <omcnicholas@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Oliver,

Please excuse the delay in getting back to you. We were all up late last night dealing with the new exhibits and edits you produced and added to the joint pretrial statement after business hours.

The stip you sent last night does not have the language confirming it does not preclude our ability to make proper arguments, which Sarah requested on Tuesday and which Roxanne reiterated three times on Wednesday. So we cannot agree to the stip as drafted. We'd be happy to consider a revised version that includes the language we proposed or language to similar effect.

Best,

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Oliver McNicholas <omcnicholas@braunhagey.com>
**Sent:** Thursday, August 20, 2026 3:38 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Sarah,

We have not heard back from you on the stipulation. Please let us know if we have your sign off.

Oliver McNicholas
BRAUNHAGEY & BORDEN LLP
Direct: (415) 570-4372

---

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Sent:** Wednesday, August 19, 2026 9:12 PM
**To:** Oliver McNicholas <omcnicholas@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Oliver,

A revised version of the pretrial statement is attached here. If you make further edits, we would like to review before it is filed.

Roxanne will respond with respect to the stipulation tomorrow morning.

Best,

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

**From:** Oliver McNicholas <omcnicholas@braunhagey.com>
**Sent:** Wednesday, August 19, 2026 9:07 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Sarah, we are now finalizing the joint statement, witness list, and exhibit list, which we plan to file around 9:30.

Please also let us know if we have sign off to file the attached stipulation.

Oliver McNicholas
BRAUNHAGEY & BORDEN LLP
Direct: (415) 570-4372

**From:** Oliver McNicholas <omcnicholas@braunhagey.com>
**Sent:** Wednesday, August 19, 2026 8:16 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Sarah, here is our revised statement. We have also included a side by side and a redline showing changes.

Oliver McNicholas
BRAUNHAGEY & BORDEN LLP
Direct: (415) 570-4372

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Sent:** Wednesday, August 19, 2026 5:35 PM
**To:** Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Adam

Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Greg,

Attached is a revised version of the pretrial statement. If ILLC plans to make further edits, we would like to see it before it is filed.

Thanks,
Sarah

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Wednesday, August 19, 2026 3:32 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Sarah,

Please find attached witness lists for both parties. Please note that for Impossible LLC's witness list, we have added Keaton Schwarz. Accordingly, please provide time estimates for his cross examination. Please send us any revisions by 4:30 p.m.

We reserve all rights to make further revisions, additions, or other changes as appropriate.

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Sent:** Wednesday, August 19, 2026 1:33 PM
**To:** Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Counsel,

Attached please find our witness list, and our additions to yours.

Please confirm you will return the pretrial conference statement by 2:00 p.m.

Best,

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

**From:** Burns, Sarah
**Sent:** Tuesday, August 18, 2026 6:54 PM
**To:** 'Gregory Washington' <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Counsel,

IF will not agree to this stipulation, which is extremely overbroad. Below is text to which IF could agree. If ILLC would like to enter into a stipulation to this effect, feel free to send for our review:

> During the punitive damages retrial, Impossible Foods will not argue or suggest that the compensatory damages award from the original trial was legally erroneous or invalid, or otherwise ask the jury to reconsider or reduce that award. Nothing in this stipulation precludes Impossible Foods from referring to the existence or amount of the compensatory damages award, or from making arguments concerning the proper purpose, necessity, or amount of punitive damages, including that punitive damages may not be used to compensate Impossible LLC again for harm for which compensatory damages have already been awarded.

I have also attached a version of the pretrial statement with IF's proposed edits in track. Please send back any further edits by 11 a.m. tomorrow.

Best
Sarah

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Tuesday, August 18, 2026 4:23 PM
**To:** Oliver McNicholas <omcnicholas@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Counsel

Attached is a draft stipulation regarding Impossible LLC's proposed MIL. Please provide any comments or confirm Impossible Foods's agreement by tomorrow at 10:00 a.m.

Please also provide responses to the questions in Adam's Monday email by tomorrow at 10:00 a.m.

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Oliver McNicholas <omcnicholas@braunhagey.com>
**Sent:** Tuesday, August 18, 2026 11:15 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Counsel,

Impossible LLC's exhibit list is attached. To maintain consistent exhibit numbers and avoid confusion in the record, we have added exhibits to the last iteration of the exhibit list from trial, which are numbered 762-795.

Please provide any addition exhibits Impossible Foods intends to offer by close of business today. We propose that the parties exchange objections to new exhibits by 10 a.m. PT tomorrow to allow for orderly filing.

Oliver McNicholas
BRAUNHAGEY & BORDEN LLP
Direct: (415) 570-4372

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 17, 2026 2:06 PM
**To:** Adam Cashman <cashman@braunhagey.com>; Burns, Sarah <SarahBurns@dwt.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Counsel,

In addition to the issues outlined below, drafts of the joint pretrial statement and Impossible LLC's witness list are attached. Please note that we've added Jordan Schenck as a witness for the punitive damages phase. Let us know if Impossible Foods will accept her trial subpoena.

The exhibit list will be sent along later today.

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Monday, August 17, 2026 12:23 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

Hi Sarah. Thanks for the explanation, however we do not agree to postpone the schedule on the fee application. The issue is ripe, and we think it should be decided now. Among other things, the lack of clarity on the fee award is clearly impeding settlement discussions, so obtaining clarity on that sooner

rather than later would be beneficial to our efforts to resolve the case, which have largely remained stalled in light of the uncertainty.

Thanks also for your position on our proposed MIL. We will send a stipulation for your review. We would also propose stipulating that neither side will introduce evidence, argument, or make reference to Impossible LLC's revenues or profits or expenditures with respect to the products at issue, as those are irrelevant to the punitive phase. Please let us know whether Impossible Foods will agree to that, and we can include it in the stipulation. Alternatively, please let us know why Impossible Foods will oppose such relief.

As for Impossible Foods's proposed MIL, can you please specify what evidence you are intending to move to exclude? It sounds like you intend to move to exclude any evidence that was proffered in support of punitive damages at the original trial, however the adequacy or inadequacy of that evidence is a question for the jury and Court to assess, not an evidentiary issue warranting exclusion under the FRE or otherwise.  If you have some authority supporting your motion, please share it with us.  We would likely agree not to assert that Impossible Foods has "violated the injunction," as that implicates compliance with a Court order, however do believe that Impossible Foods's continued infringement is relevant to oppression, fraud, or malice, and so would not agree to avoid proffering that evidence in the retrial. Please clarify your position here.

During our August 6 meet and confer, we raised several other issues you said you would look into, however we have not yet heard from you on those. Specifically, they are:

1. Whether Impossible Foods represents Mr. Halla, Ms. Pasek, and Mr. Schwarz, and whether it will accept trial subpoenas for them;
2. Whether Ms. Hatman and Mr. Olson will appear at the re-trial; and
3. When Impossible Foods will provide updated profit and loss numbers to account for the passage of time between its last update in late February/early March and now

Please let us know your responses to these issues by tomorrow. We will have a draft statement for your review shortly.

Regards,
Adam

**Adam S. Cashman** | Partner
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Date:** Monday, August 17, 2026 at 9:16 AM
**To:** Adam Cashman <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Following up on this.

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

---

**From:** Burns, Sarah
**Sent:** Friday, August 14, 2026 11:29 AM
**To:** 'Adam Cashman' <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

Thanks, Adam.

The basis for an extension is the timing of the opposition relative to the punitive damages retrial. The fee application is substantial and will require review of approximately 300 pages of billing entries, including analysis of the reasonableness and allocation of the fees sought. At the same time, we are preparing for the September 28–30 retrial, including the August 27 final pretrial conference and associated pretrial submissions. We think it makes sense to address the fee application after the retrial rather than divert resources from trial preparation, particularly where a short extension will not prejudice ILLC or delay the retrial. We are proposing two weeks after the close of trial so that the fee application can receive appropriate attention once the punitive phase is complete. ILLC's own submission shows how time-consuming analysis of the fees material was; ILLC began compiling and reviewing the fees entries in May and at least five attorneys worked on the submission.

As to ILLC's MIL, IF will agree not to characterize the compensatory damages award itself as a "windfall" or otherwise improper. We do not agree, however, to the broader proposed limitations on references to "full compensation" or "the like," because those limitations are contrary to law and ill-defined.

IF intends to move in limine to preclude evidence or argument that cannot establish oppression, fraud, or malice, including the evidence the Court already ruled does not support punitive damages and unadjudicated allegations that IF has violated the injunction. Please let us know if ILLC will stipulate to such an order.

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**

---

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Thursday, August 13, 2026 5:06 PM
**To:** Burns, Sarah <SarahBurns@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel,

Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Hi Sarah. What would be the basis to postpone IF's response to the fee petition by more than six weeks? Obviously both sides have handled much larger filings (e.g., opposing cross motions for summary judgment) on the normal schedule.

We are working on the joint statement and expect to have a draft for you by Monday. In the meantime, please let us know whether IF will agree to the proposed MIL we shared on August 6 so that we can prepare a stipulation. And let us know if IF has a proposed MIL it would like us to consider.

Thanks.

**Adam S. Cashman** | Partner
BRAUNHAGEY & BORDEN LLP
Direct: (415) 869-5979

---

**From:** Burns, Sarah <SarahBurns@dwt.com>
**Date:** Thursday, August 13, 2026 at 4:50 PM
**To:** Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi all,

I am writing regarding two issues.

First, given the breadth of ILLC's fee motion, which includes roughly 300 pages of fee entries, as well as the upcoming trial, IF plans to ask the Court to extend IF's deadline to file an opposition until two weeks after the close of trial.  Will ILLC stipulate to that request?

Second, we discussed ILLC sharing an initial draft of the joint pretrial statement.  Given that the filing deadline is now less than a week away, is ILLC able to circulate a draft tomorrow?

Thanks,
Sarah

**Sarah Burns**
**Associate,** Davis Wright Tremaine LLP

**P** 415.276.4892 **E** sarahburns@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111

DWT.COM

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 10, 2026 2:48 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

This edit is fine with us. We can make that change and file.

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Monday, August 10, 2026 2:24 PM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Thanks Greg. We have one small clarifying edit, attached

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 10, 2026 4:26 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas

<omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Thanks, Raphael. We've made some minor edits to the draft that you sent. Please let us know if we are authorized to add Roxanne's digital signature.

Best,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Monday, August 10, 2026 10:27 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Greg: Here are our changes

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Monday, August 10, 2026 11:48 AM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Roxanne,

Following up here. Can you please provide the status report redline this morning?

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Friday, August 7, 2026 2:28 PM
**To:** Adam Cashman <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Adam,

That is fine. We are not asking you to characterize IF's availability or make scheduling decisions for us. Each side can state its own availability.

For clarity, we have taken the same approach you describe. There are other dates on which it would be difficult for us to appear, but we have not listed those as unavailable. The dates we have identified reflect preexisting, significant conflicts—preplanned and paid-for travel for my husband's birthday and an appellate argument in Virginia—not simply dates that would be inconvenient.

Our point is simply that the Court's availability is also part of the scheduling picture and should be included so the status report accurately reflects the dates that are available to the Court and the parties. We will propose a sentence reflecting the Court's stated unavailability and otherwise provide IF's availability ourselves.

We will send along a redline shortly.

Thanks,
Roxanne

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Friday, August 7, 2026 5:03 PM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

You are free to propose an additional sentence noting the parties' understanding that the court is unavailable on the dates noted in her Order so have not included those, and we will review. But we are not going to agree to change the fundamental structure where we provide our availability and you provide yours. I don't know your schedule and I don't know who else could cover if you are unavailable, so I think it is best that each side just provides their own availability. There are days, for example, when it would be very difficult for us to appear, yet we have made the decision not to remove those because we think broader availability is better and would be appreciated. But I can't make those decisions for you, so need to leave your availability to your part of the statement. Thanks

Adam Cashman
BraunHagey & Borden LLP
SF | NY
C: 415.632.8059

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Friday, 07 August 2026 13:56:04
**To:** Adam Cashman <cashman@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Adam,

Thanks for clarifying. I stand corrected as to your availability next week.

That does not change the point of my email. The relevant question is not how many days ILLC is available in the abstract, but which dates are actually available given the Court's schedule and both parties' conflicts.

Your draft identifies ILLC's broad availability and IF's limited availability without identifying the Court's periods of unavailability, which creates a misleading picture of the scheduling issue.

If August 31 remains available for ILLC, we will include that in the redline. So it is August 31 and September 22–25 that appear to be the dates that work for the Court and both parties.

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Adam Cashman <cashman@braunhagey.com>
**Sent:** Friday, August 7, 2026 4:18 PM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

I’m available next week Roxanne. We have very limited unavailability which we are willing to be candid with the court about. And we can do Aug 31 too.

Adam Cashman
BraunHagey & Borden LLP
SF | NY
C: 415.632.8059

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Friday, 07 August 2026 13:14:32
**To:** Gregory Washington <gwashington@braunhagey.com>; Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Greg,

This should be a simple scheduling exercise. Instead, your proposed status report presents the facts in a manner that creates a misleading impression of the actual scheduling situation—which is consistent with a pattern we have seen throughout this litigation. Your team repeatedly takes straightforward facts and presents them in a way that does not reflect the reality of the circumstances.

The reality here is simple: considering the Court’s availability and both parties’ conflicts, September 22–25 are the only dates that work for everyone. Your draft instead emphasizes ILLC’s general availability and IF’s limited availability, while omitting the Court’s unavailability altogether. It also fails to include ILLC’s unavailability of August 10-14 which I believe is Adam’s vacation.

There should be no need to characterize a basic scheduling issue in this manner. We will provide a redline that accurately and neutrally reflects the relevant facts.

Roxanne

**G. Roxanne Elings**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6416 **C** 917.691.1202 **E** roxanneelings@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Friday, August 7, 2026 3:43 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

The draft status report is attached.

Greg Washington
**BRAUNHAGEY & BORDEN LLP**
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 11:11 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Thanks. Please send us your draft before filing.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Friday, August 7, 2026 2:10 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Hi Raphael,

We will provide a status update to the Court on attorney availability.

Regards,

Greg Washington
**BRAUNHAGEY & BORDEN LLP**
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 11:07 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Greg, it doesn't follow that just because a prior pretrial conference happened to be two weeks out from the trial, that a two-week gap is necessarily required. In fact, the Court's order yesterday specified September 15 and 16 as available days—both of which are *less* than two weeks out. So less than two weeks is fine, per the Court's order.

I double-checked and it seems that September 22-25 are the only dates that work for everyone. See below:

August 13-25 – IF unavailable
August 26-28 – ILLC unavailable
September 1-11 – Court unavailable
September 14-16 – IF unavailable
September 17-21 – Court unavailable

The only other conceivable option is August 31, but you omitted August 31 from your email below, so I'm not sure if that date still works for you.

**Raphael Holoszyc-Pimentel** Pronunciation
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
DWT.COM

NOTICE: This message may contain confidential communications protected by the attorney-client privilege. If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Friday, August 7, 2026 1:34 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Each of the dates the Court previously set for a pretrial conference were at least two weeks before the trial start date. (*See* Dkts. 70, 238, 516.) Based on prior scheduling orders, the dates that you've proposed would not accommodate the same time between the pretrial conference and the trial start date.

Greg Washington
BRAUNHAGEY & BORDEN LLP
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 10:10 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Can you clarify what you mean by "accommodate"? All the dates we proposed are prior to the September 28 trial date, so I'm not sure I understand what you mean.

**Raphael Holoszyc-Pimentel** Pronunciation
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Friday, August 7, 2026 1:08 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

---

Raphael,

The dates that you have proposed do not accommodate the September 28, 2026, trial start date ordered by the Court. (*See* Dkt. 516.) Is Impossible Foods intending to request that the Court move the trial date?

Regards,

Greg Washington
**BRAUNHAGEY & BORDEN LLP**
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Friday, August 7, 2026 9:40 AM
**To:** Gregory Washington <gwashington@braunhagey.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Greg, we will respond to the balance of your email later, but for now here is our availability for the rescheduled pretrial conference. Roxanne is unavailable on the dates you proposed due to a preplanned vacation, oral argument, and associated travel. We can be available on September 22, September 23, September 24 in the afternoon, and September 25.

Best,

**Raphael Holoszyc-Pimentel** Pronunciation
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

**From:** Gregory Washington <gwashington@braunhagey.com>
**Sent:** Thursday, August 6, 2026 11:34 PM
**To:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

**[EXTERNAL]**

Counsel,

We wanted to follow up on a few points from our call this afternoon.

First, our proposed motion in limine would seek to preclude any evidence, argument, or reference characterizing Impossible LLC's compensatory damages award as full compensation, a windfall, or the like because any such characterization is irrelevant and prejudicial. Please let us know if Impossible Foods will stipulate to this or if Impossible LLC will need to file a motion.

Second, at this point, Impossible LLC may call Nick Halla, Myra Pasek, and Caitlyn Hatman. Please let us know if you are authorized to accept subpoenas for these witnesses. Now that Mr. Schwarz has left the company, we also intend to call Neal Olson to testify regarding financial matters and admit documents. Please confirm he will appear. Finally, we will also include a custodian of records to lay foundation for the admission of certain Impossible Foods records, unless you stipulate that they are admissible through other witnesses. Please advise as to the foregoing witnesses next week so that we may make alternative arrangements. Please also note that this is not a final list of trial witnesses, and we may identify additional witnesses in the future.

Third, we renew our request that Impossible Foods provide updated profit and loss statements. Trial Ex. 2232. As you'll recall, Judge van Keulen ruled that Impossible Foods "has a duty to supplement its 2024 profit and loss statement produced in response to Request for Production no. 138, which requested profit and loss statements from 2011 to the present." Dkt. 393 at 1 (cleaned up). Please confirm that Impossible Foods will provide this information no less than 21 days before trial.

With respect to the pretrial conference, it appears the parties and the Court are all available on August 25 or September 14-16. Please confirm which of these dates work for Impossible Foods, and we will prepare a notice.

Regards,

Greg Washington
BRAUNHAGEY & BORDEN LLP

Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Gregory Washington
**Sent:** Wednesday, August 5, 2026 10:14 AM
**To:** 'Holoszyc-Pimentel, Raphael' <rhp@dwt.com>; Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <Benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

We are available tomorrow at 1 p.m. PT and will send a calendar invite.

Greg Washington
**BRAUNHAGEY & BORDEN LLP**
Direct: (415) 328-4826

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>
**Sent:** Wednesday, August 5, 2026 9:47 AM
**To:** Elings, G. Roxanne <RoxanneElings@dwt.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** RE: Impossible Foods v. Impossible LLC

***** EXTERNAL MESSAGE *****

Hi Marissa, we can do a call tomorrow anytime except 2-4pm ET.

**Raphael Holoszyc-Pimentel** *Pronunciation*
**Associate,** Davis Wright Tremaine LLP

**P** 212.402.4097 **C** 332.323.7753 **E** rhp@dwt.com
**A** 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104
**DWT.COM**

NOTICE: This message may contain confidential communications protected by the attorney-client privilege.
If you received this message in error, please delete it and notify the sender.

---

**From:** Elings, G. Roxanne <RoxanneElings@dwt.com>
**Sent:** Tuesday, August 4, 2026 8:01 PM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Holoszyc-Pimentel, Raphael <rhp@dwt.com>; Burns, Sarah <SarahBurns@dwt.com>; Adam Cashman

<cashman@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Gregory Washington <gwashington@braunhagey.com>; Oliver McNicholas <omcnicholas@braunhagey.com>
**Subject:** Re: Impossible Foods v. Impossible LLC

Marissa
Someone will get back to you on availability once we confer internally.

On Aug 4, 2026, at 7:59 PM, Marissa Benavides <benavides@braunhagey.com> wrote:

**[EXTERNAL]**

---

Roxanne,

Per the Court's order today, we have a number of matters to confer on in preparation for trial. Please let us know your availability tomorrow and Thursday. We'll circulate an agenda in advance of the call.

Thanks,
Marissa

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
Direct: (646) 876-5766

**New York**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Tel. (646) 829-9403
Fax. (646) 403-4089

**San Francisco**
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.