G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

TEAL LUTHY MILLER (*pro hac vice*)
tealmiller@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>IMPOSSIBLE LLC,<br><br>Defendant/Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF<br><br>**IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION FOR ORDER EXTENDING DEADLINE TO OPPOSE IMPOSSIBLE LLC'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |

Pursuant to Civil Local Rule 6-3, Plaintiff and Counter-Defendant Impossible Foods Inc. ("IF") submits this Administrative Motion seeking an order extending the deadline for IF to file an opposition to Defendant and Counter-Plaintiff Impossible LLC's ("ILLC") Motion for Attorneys' Fees and Litigation Expenses ("Fees Motion") to 30 days after the retrial on ILLC's claim for punitive damages.

The Court entered an order finding ILLC entitled to attorneys' fees on May 8, 2026. Dkt. 492. On July 29, 2026, the Court ordered ILLC to file a motion establishing the amount of recoverable fees by August 12, 2026. Dkt. 512. On August 4, 2026, the Court set a new trial on ILLC's punitive damages claim to begin on September 28, 2026. Dkt. 516. On August 11, 2026, the Court set a final pretrial conference for September 4, 2026, and ordered the parties to submit a final pretrial statement by August 19, 2025. Dkt. 520.

ILLC filed a "Submission in Support of Award of Attorneys' Fees and Costs Pursuant to Dkt. 512" on August 12, 2026. Dkt. 512. That filing consisted of a notice of motion and declarations but no memorandum of points and authorities. On August 17, 2026, IF filed an administrative motion seeking extension of the deadline to file an opposition to the submission until after resolution of the retrial ("First Administrative Motion"). Dkt. 523. On August 18, 2026, the Court entered an order directing ILLC to file a noticed motion in support of its fees request and denied the First Administrative Motion as moot. Dkt. 524. ILLC filed the Fees Motion on August 21, 2026. Dkt. 529. Pursuant to Civil Local Rule 7-3, IF's current deadline to file an opposition to the Fees Motion is September 4, 2026.

IF respectfully requests an order extending the deadline for it to file an opposition to the Fees Motion until a month after the close of retrial on ILLC's claim for punitive damages so that the Fees Motion can receive appropriate attention once the punitive phase is complete. ILLC's Fees Motion seeks $8.3 million in fees plus $900,000 in costs, for a total of $9.2 million. That number is roughly three times ILLC's total recovery from the jury. In addition to the substantive briefing, ILLC's motion includes roughly 300 pages of billing records, mostly block-billed, spanning two law firms and roughly six years. *See* Dkt. 521-3 (Sealed Exhibit 2 to the Declaration of Adam S. Cashman in Support of Impossible LLC's Request for Award of

Attorneys' Fees Pursuant to Dkt. No. 512); Dkt. 521-9 (Sealed Exhibit 1 to the Declaration of David E. Weslow in Support of Impossible LLC's Request for Award of Attorneys' Fees Pursuant to Dkt. No. 512). To support its opposition, IF will be required to analyze both the reasonableness of those fees and their allocation. At the same time, IF is preparing for the September 28, 2026 retrial, including the September 4, 2026 final pretrial conference and associated pretrial submissions.

ILLC's Fees Motion seeks an award many times greater than the amount it was awarded by the jury. Given the gravity of that request, requiring IF to submit its opposition by the current September 4, 2026 deadline, in the midst of trial preparation, will result in significant prejudice to IF. *See* concurrently-filed Declaration of Sarah E. Burns ¶ 3. Indeed, ILLC's own timekeeping records show that ILLC began compiling its enormous submission more than three months ago, shortly after the Court's May 8, 2026 order. *See* Dkt. 521-3 at 97. On the other hand, the short extension IF requests will not prejudice ILLC or delay the retrial. Indeed, even with the extension, IF will have less time to prepare its opposition than ILLC did to prepare the Motion.

ILLC previously objected to the extension because, it argued, the Fees Motion should be resolved before the retrial, to better position the parties for settlement and potentially avoid retrial. That point is now moot, however, because the Fees Motion is set to be heard in January 2027, long after the retrial. Furthermore, as IF explained in the pretrial statement, Dkt. 525, IF does not believe settlement will be possible until after resolution of the retrial in any event. The Court previously found that "none of" the grounds ILLC identified at the first trial "alone or in combination with one another supports punitive damages," Dkt. 512 at 34, and, as discussed in the pretrial statement, ILLC has not identified any new, admissible evidence. IF therefore believes it has a strong likelihood of prevailing at the retrial and will not be in a position to meaningfully evaluate settlement until after the retrial is complete.

Impossible Foods therefore respectfully requests that the Court extend its deadline to file an opposition until 30 days after the conclusion of the retrial on ILLC's request for punitive damages. As required by Local Civil Rule 7-11(a), IF asked ILLC if it would stipulate to this request. ILLC declined. Burns Decl. ¶ 2.

DATED: August 27, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.