Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Other counsel of record indicated on docket.]

*Attorneys for Impossible LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter-Defendant,

v.

IMPOSSIBLE LLC,

Defendant / Counter-Plaintiff.

Case No. 5:21-cv-02419-BLF (SVK)

**IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS'S MOTION IN LIMINE REGARDING PUNITIVE DAMAGES AND ALTERNATIVE REQUEST FOR ORDER TO SHOW CAUSE**

**Judge:** Hon. Beth Labson Freeman
**Conference Date:** September 4, 2026
**Conference Time:** 10:00 a.m.

## INTRODUCTION

Impossible Foods's motion is not a proper *in limine* request to shape or limit evidence, but rather a procedurally improper request for entry of judgment based on its mischaracterization of the record Impossible LLC will present at retrial. Procedural infirmities aside, the Court should deny the motion because it rests on two faulty assumptions: (1) that the Court's new trial Order bars Impossible LLC from introducing any evidence not previously introduced, and (2) that there is no additional evidence sufficient to support an award of punitive damages. Both assumptions are wrong: the Court's new trial Order does not preclude Impossible LLC from making its record on retrial, and the governing law clearly sets forth that punitive damages may be established by a range of evidence sufficient to support a finding or inference of malice, fraud, or oppression.

For example, in addition to the uncontested evidence of willfulness, Impossible LLC will introduce evidence showing Impossible Foods's deliberate harmful conduct targeted at Impossible LLC. Impossible Foods knew of Impossible LLC's senior rights and continued to infringe even after it was explicitly put on notice and asked to stop. Further, even after the jury rejected its affirmative fraud claims, Impossible Foods has continued to press identical claims before the TTAB in an effort to cancel Impossible LLC's trademarks, without explanation or justification, thereby demonstrating malice. Impossible Foods has also continued to encroach on Impossible LLC's known senior rights in and to the IMPOSSIBLE mark in athletic events, and it deliberately intervened in a transaction between Impossible LLC and the owner of impossible-formative domain names and social media handles, swooping in to acquire the domains and handles and using them in connection with its infringing products to create further confusion and harm. Together with the willful infringement record, Impossible LLC will adduce more than sufficient evidence for the jury to find or infer oppression, fraud, or malice.

## ARGUMENT

### I. IMPOSSIBLE FOODS'S ORDER TO SHOW CAUSE REQUEST IS PROCEDURALLY IMPROPER

Impossible Foods's request for an order to show cause is an improper second motion for summary judgment shoehorned into a five-page motion *in limine*. The Court's Standing Order does

not allow multiple dispositive motions, let alone one presented within the constraints of a single-issue motion *in limine*. *See* Standing Order Re Civil Cases § VI. The authorities Impossible Foods cites do not support that relief either. *See Norse v. City of Santa Cruz,* 629 F.3d 966, 971–74 (9th Cir. 2010) (reversing sua sponte summary judgment granted on two days' notice because a court "has no power to enter summary judgment" without "adequate time to develop the facts"); *Johnson v. Bay Area Rapid Transit District,* 2014 WL 2536460, at *1–3 (N.D. Cal. June 5, 2014) (summary judgment on issues "tangential" to those set for trial); *Intamin, Ltd. v. Magnetar Techs. Corp.,* 623 F. Supp. 2d 1055, 1059, 1068 (C.D. Cal. 2009) (summary judgment after an interlocutory appeal vacated part of the patent claim construction); *Byrd v. Arpaio,* 2011 WL 5434240, at *2, *5–6 (D. Ariz. Oct. 24, 2011) (summary judgment after appeal). It should be denied on this basis alone.

## II. THE RETRIAL ORDER DOES NOT LIMIT IMPOSSIBLE LLC'S ABILITY TO INTRODUCE NEW EVIDENCE AT TRIAL

Impossible Foods wrongly asks the Court to constrain Impossible LLC's evidence on retrial to evidence of liability. (Dkt. 526 at 1.) That misreads the law. The proper scope of evidence on retrial includes "[a]ny evidence that directly or indirectly shows or permits an inference that defendant acted with conscious disregard of the safety or rights of others, that defendant was aware of the probable dangerous consequence of defendant's conduct and/or that defendant wilfully and deliberately failed to avoid these consequences," and "[s]uch evidence includes subsequent conduct unless such subsequent conduct is excluded on policy consideration." *Hilliard v. A. H. Robins Co.,* 148 Cal. App. 3d 374, 401 (1983). As relevant here, malice and oppression "may be inferred from the [] defendant's conduct." *Colucci v. T-Mobile USA, Inc.,* 48 Cal. App. 5th 442, 455 (2020).

Here, the jury may consider evidence of Impossible Foods's "entire course of conduct"—including new evidence of its contemporaneous and subsequent conduct—because placing "the defendant's conduct on one occasion into the context of a business practice or policy" shows that the conduct toward the plaintiff "was more blameworthy." *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1203, 1206 n.6 (2005). Impossible Foods argues that Impossible LLC is limited to the liability record and cannot present "unadjudicated violations" or "new allegations of wrongdoing" to further show malice. (Dkt. 526 at 4.) But that is unsupported and contrary to the law of this

Circuit. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 812 (9th Cir. 2001) ("Given the fact of different standards for the imposition of liability and the award of punitive damages, it is not unreasonable to conclude that evidence that may be irrelevant to proving the former is nevertheless relevant to demonstrating the appropriateness of the latter (and vice versa)."). And in *Robi v. Five Platters, Inc.,* 918 F.2d 1439 (9th Cir. 1990), a case cited by Impossible Foods, the panel affirmed a punitive award based on findings that defendants "threatened to put [plaintiff] out of business," "painted [plaintiff] as a trademark infringer and threatened parties hiring or promoting [plaintiff] with litigation," and knowingly violated the district court's preliminary injunction. *Id.* at 1443.

## III. IMPOSSIBLE LLC'S EVIDENCE AMPLY SUPPORTS PUNITIVE DAMAGES

Impossible LLC will proffer evidence to support a jury finding that Impossible Foods acted with oppression, fraud, or malice in infringing its trademarks. To prove oppression, fraud, or malice, "a plaintiff may meet the state of mind requirement for an award of punitive damages by showing that the [defendant]'s bad faith was 'part of a conscious course of conduct, firmly grounded in established company policy.'" *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1165 (9th Cir. 2002) (citing *Neal v. Farmers Ins. Exch.,* 21 Cal. 3d 910, 923 (1978)). The scope of evidence relevant to that finding is broad. In *Onyx Pharmaceuticals, Inc. v. Bayer Corporation*, 863 F. Supp. 2d 894, 898-99 (N.D. Cal. 2011), for example, the court denied a motion *in limine* to exclude evidence of defendant's "other [] wrongdoing" where that wrongdoing did not directly cause the claimed damages. There, plaintiff had evidence that defendant tried to block plaintiff's development of a product even as the two parties had a collaboration agreement. Plaintiff did not seek damages from that bad conduct, only from other violations of their agreement. Yet the court refused to preclude this evidence, as "evidence that does not go directly to compensatory damages is nonetheless relevant and admissible" if it aids the jury's punitive damages determination. *Id.* (citing *BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 580 (1996)). As that court explained, there is "no case that suggests that each specific example of wrongdoing must be attached to a compensable damages claim in order to be relevant to [plaintiff's] claim that [defendant] breached its fiduciary duties and should pay punitive damages for its conduct." *Id.* at 899–900.

Here, Impossible LLC will substantiate a record of Impossible Foods's wrongdoing that

will allow the jury to infer oppression, fraud, or malice. First, Impossible LLC will present key categories of evidence of Impossible Foods's willful and knowing infringement. (*See* Dkt. 499 at 19-20; Cashman Decl., Exs. 1, 2, 6, 7, 42 at 107, 129, 131, 133, 157; Compiled Trial Tr. 385:14–389:5.) The record will also show that Impossible Foods continued its infringing conduct after notice while expanding into new areas in which Impossible LLC has priority. (Cashman Decl., Exs. 3, 4, 5; Tr. 224:11–16, 267:12–268:1, 598:15–599:1, 599:8–600:12.) As to this evidence of "striking similarities" and knowing infringement, "the jury could conclude that Defendant's conduct supported the punitive damages award." *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.,* 2009 WL 10674076, at *11 (S.D. Cal. Aug. 12, 2009); *see also Monster Energy Co. v. Integrated Supply Network, LLC,* 533 F. Supp. 3d 928, 933 (C.D. Cal. 2021) (crediting evidence of "Defendant's bad motive for its infringement," including continued sale of infringing products after receiving cease-and-desist letters and during the ensuing trademark infringement suit).

Impossible Foods's litigation-conduct authorities do not support blanket exclusion of that evidence. Rather, they show that evidence of a "planned, malicious, [and] purposeful attempt" to harm a plaintiff, "repeated over time," supports punitive damages. *See Bosack v. Soward,* 586 F.3d 1096, 1105–06 (9th Cir. 2009) (upholding punitive award). And *Reserve Media, Inc. v. Efficient Frontiers, Inc.,* 2017 WL 123420, at *10 (C.D. Cal. Jan. 11, 2017) addressed willfulness on a record limited to use after a single cease-and-desist letter. But that does not address the relevance or admissibility of such evidence here, where Impossible Foods's conduct is offered as proof of oppression, fraud, or malice, because "the jury is the barometer of despicability." *George F. Hillenbrand, Inc. v. Ins. Co. of N. Am.,* 104 Cal. App. 4th 784, 819 (2002).

Impossible LLC will also adduce evidence that Impossible Foods has continued to infringe and encroach on Impossible LLC's business since its inception. Impossible Foods has continued to sell its infringing cookbooks, has maintained an online recipe page bearing a standalone Impossible logo even after the verdict, and continues to promote infringing apparel on its Instagram account. (Cashman Decl., Exs. 8–36.) Impossible Foods also deliberately intervened in a transaction between Impossible LLC and the owner of impossible-formative domain names and social media handles, thereby creating further confusion and continuing to harm Impossible LLC. (Cashman

Decl., Exs. 13, 37–41.) Mr. Runyon's testimony will further show that Impossible Foods still seeks to cancel Impossible LLC's trademarks at the TTAB based on the same claims the first jury rejected, and which are accordingly *res judicata* now. That is sufficient for a jury to infer an ongoing pattern of willful and conscious disregard for Impossible LLC's rights. *See Sierra Club Found. v. Graham,* 72 Cal. App. 4th 1135, 1157 (1999) (recognizing that malice is present "when proceedings are instituted primarily for an improper purpose"); *City of Carlsbad v. Shah,* 850 F. Supp. 2d 1087, 1117 (S.D. Cal. 2012) (finding fraud and malice under § 3294 when defendant "continued to operate at least two domain names which incorporate or closely resemble the Marks").

The Court should therefore deny the motion and assess the admissibility of Impossible LLC's evidence as it comes in at trial.

Dated: August 28, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: <u>*/s/ Adam S. Cashman*</u>
Adam S. Cashman

*Attorneys for Impossible LLC and Joel Runyon*