Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

*Attorneys for Impossible LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>IMPOSSIBLE LLC,<br><br>Defendant/Counter-Plaintiff. | Case No: 5:21-cv-02419-BLF (SVK)<br><br>**IMPOSSIBLE LLC'S OPPOSITION TO IMPOSSIBLE FOODS INC.'S ADMINISTRATIVE MOTION FOR ORDER EXTENDING DEADLINE TO OPPOSE IMPOSSIBLE LLC'S ATTORNEYS' FEES PETITION**<br><br>**Judge:** Hon. Beth Labson Freeman |

Impossible Foods's renewed effort to postpone resolution of Impossible LLC's petition for an award of attorneys' fees and costs (the "Fee Petition") by extending its Opposition deadline for months is unsupported by any good cause and would needlessly delay resolution of an important issue that is ripe for adjudication. Such delay also has a real cost: both sides have acknowledged that the uncertainty as to the fee award has impeded any meaningful settlement discussion; clarity on this issue could clear the path for the parties to resolve the dispute entirely. Indeed, as Impossible LLC explained in the Joint Pretrial Statement (Dkt. 525 at 8), the outcome of the Fee Award may well obviate the need for the punitive retrial entirely, and so concerns of efficiency actually favor resolving the fee petition first, rather than delaying it as Impossible Foods suggests.

## I. THE FEE PETITION IS RIPE FOR RESOLUTION AND SHOULD NOT BE DELAYED FURTHER

The Court has already determined that Impossible LLC is entitled to fees (Dkt. 492), and Impossible LLC has substantiated the request and quantified the amounts to be awarded. (Dkts. 521, 529). All that remains is the quantum—a question the Supreme Court has long recognized is "uniquely separable from the cause of action to be proved at trial" and need not be decided with, or before, the merits. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 451–52 (1982). The Ninth Circuit has applied that principle to permit a fee proceeding to continue even while the merits judgment is on appeal, because doing so would "prevent postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). The same reasoning applies here, since the punitive damages retrial does not bear on whether Impossible LLC's rates or hours were reasonable, and the two proceedings share no overlapping question, and so there is no reason to defer resolution of the Fee Petition in light of the punitive damages retrial.

## II. IMPOSSIBLE FOODS SHOWS NO SUBSTANTIAL HARM OR PREJUDICE UNDER CIVIL L.R. 6-3(A)(3)

A motion to change time must "identif[y] the substantial harm or prejudice that would occur if the Court did not change the time." Civil L.R. 6-3(a)(3). On this score, Impossible Foods claims only that preparing its Opposition will require analyzing extensive records (Dkt. 531 at 1-2)—but

that is a burden inherent in opposing any substantial motion, and one the parties have shouldered without incident before in this action without departing from the ordinary briefing schedule. (*See, e.g.*, Cross-Motions for Summary Judgment (Dkts. 259, 262.)

The Court's Order regarding the timing of the fee application and its contents and burdens has long been known to the parties. Impossible Foods knew it was going to request more time to oppose. But rather than seek equitable briefing on the issue, it allowed Impossible LLC to work hard to follow the rules before seeking a lengthy delay. Further, any additional burden that could support additional time has already been accommodated, because Impossible Foods's preparation time was extended from 14 to 23 days (*see* Dkts. 512, 521, 524, 529), so there is even less reason to continue the deadline any further.

Nor is the comparison Impossible Foods draws to its own preparation time apt. Impossible LLC's task was to construct and sort a fee application from nearly six years of contemporaneous billing records across two firms in accordance with the Court's Standing Order; Impossible Foods's task is to review a finished submission against a record it is highly familiar with. Those tasks are not comparable, and Impossible Foods's suggestion that an additional delay is appropriate because the parties have known of the Order awarding fees since May is mistaken. (Dkt. 523 at 1–2 (citing Dkt. 521-3 at 97).) As Impossible LLC's fee submissions show, from the time of the Court's May 8, 2026 Order granting attorneys' fees until the Court rejected Impossible Foods's Rule 59(e) Motion, Impossible LLC's core legal team spent only around 50 hours preparing the Fee Petition, a relatively modest expenditure that Impossible Foods is easily able to match through its experienced counsel and additional preparation time. (Dkts. 521-2, 521-3.) And even that overstates the case, because the great majority of that time was spent conducting legal research into the governing fee-shifting, lodestar, and fee-application standards (*see* Dkt 521-3 at 98-106)—all of which were equally known to Impossible Foods and available for it to research during that same time period. Impossible Foods does not claim otherwise, and accordingly, the timing of the Order awarding fees does not provide any valid reason to further delay adjudication of the Fee Petition.

## III. EFFICENCY FAVORS PROMPT RESOLUTION OF THE FEE PETITION

The parties have repeatedly acknowledged that resolving the Fee Petition is a practical precondition to facilitating settlement discussions between them. Indeed, there have been no meaningful settlement discussions for months, principally because the amount of the fee award remains unknown. (Dkt. 525 at 7; Dkt. 521-1 ¶ 43.) And settlement aside, deferring resolution of the Fee Petition until after the retrial does not promote the efficient allocation of resources, because the outcome of the Fee Petition may well obviate the need for a retrial entirely. Specifically, Impossible LLC has confirmed in the Joint Pretrial Statement that "should the Court's ensuing fee award affirm all or most of Impossible LLC's documented fees and costs, Impossible LLC would likely waive a retrial on punitive damages." (*See* Dkt. 525 at 8).

Given these considerations, Impossible LLC respectfully suggests that concerns of efficiency actually support continuing the punitive retrial until after the Fee Petition is resolved, in order to allow the parties an opportunity to resolve the case with the benefit of the Court's decision. Impossible LLC is hopeful that, with this additional information, the parties will be able to make progress toward a settlement that could avoid the need for any further proceedings, thereby conserving resources and avoiding further burdening the Court, which has already presided over this case for more than five years.

Dated: August 31, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: *<u>/s Adam S. Cashman</u>*
Adam S. Cashman

*Attorneys for Impossible LLC*