G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

TEAL LUTHY MILLER (*pro hac vice*)
tealmiller@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>IMPOSSIBLE LLC,<br><br>Defendant/Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF<br><br>**IMPOSSIBLE FOODS' PROPOSED VERDICT FORM**<br><br>Judge: Hon. Beth L. Freeman |

Impossible Foods, Inc. ("IF") respectfully proposes the following verdict form for the retrial of Impossible LLC's ("ILLC") claim for punitive damages.

The parties' proposed forms vary in one respect: IF's form makes clear that any finding of oppression, fraud or malice must be based on IF's use of the IMPOSSIBLE mark "in connection with apparel or cookbooks." As IF explained in its proposed jury instructions, Dkt. 530 at 6, "[p]unitive damages are not simply recoverable in the abstract. They must be tied to oppression, fraud or malice **in the conduct which gave rise to liability in the case**." *Medo v. Superior Ct.*, 205 Cal. App. 3d 64, 68 (1988). That is black letter law that has been reaffirmed again and again, including as recently as this year. *See, e.g.*, *Labbe v. Dometic Corp.*, 2026 WL 878636, at *11 (E.D. Cal. Mar. 31, 2026); *Livingston v. ABB, Inc.*, 100 F. Supp. 3d 894, 904 (C.D. Cal. 2015); *Willis v. Buffalo Pumps Inc.*, 2014 WL 1028437, at *5 (S.D. Cal. Mar. 17, 2014).

ILLC objects to including that language in the verdict form. During meet and confer, it argued that, because the previous punitive damages verdict form, ECF 459 at 5, did not include it, this verdict form need not either. But that ignores that the previous verdict form elsewhere repeatedly emphasized that the infringement must be "in connection with" the at-issue goods. *E.g.*, Dkt. 459 at 2 ¶ 2; 3 ¶¶ 3-6; 4 ¶¶ 7-10. At the punitive retrial, the jury will receive this form alone. It is therefore necessary that the form make clear that, for punitive damages to be proper, malice, oppression or fraud must be found in connection with infringing conduct, as the law requires. *Medo*, 205 Cal. App. 3d at 68. The Court therefore should adopt IF's version of the form.

IF reserves the right to amend, supplement, modify, withdraw, or otherwise revise this verdict form for any proper purpose.

DATED: September 2, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ G. Roxanne Elings*
G. Roxanne Elings

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

**VERDICT FORM**

We, the jury impaneled in this case, unanimously answer the questions submitted to us as follows.

1. Did Impossible LLC prove, by clear and convincing evidence, that Impossible Foods acted with oppression, fraud, or malice in infringing Impossible LLC's unregistered trademark in IMPOSSIBLE by Impossible Foods' use in connection with apparel and cookbooks?

Yes ___ No ___

*Answer Question 2 only if you answered "Yes" to Question 1.*

2. What amount of punitive damages, if any, do you award Impossible LLC?

$__________________________________

*Once you have completed the verdict form, the presiding juror should then sign and date the verdict/arm in the spaces below and notify the clerk that you have reached a verdict.*

Dated: __________________ ____________________________________
Signature of Presiding Juror