G. ROXANNE ELINGS (*pro hac vice*)
roxanneelings@dwt.com
RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice*)
rhp@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

TEAL LUTHY MILLER (*pro hac vice*)
tealmiller@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

SARAH E. BURNS (CA State Bar No. 324466)
sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff/Counter-Defendant
IMPOSSIBLE FOODS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>IMPOSSIBLE LLC,<br><br>Defendant/Counter-Plaintiff. | Case No. 5:21-cv-02419-BLF<br><br>**DECLARATION OF G. ROXANNE ELINGS IN OPPOSITION TO IMPOSSIBLE LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge: Hon. Beth L. Freeman<br>Pretrial Conference: January 7, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 1, 5th Floor |

# DECLARATION OF G. ROXANNE ELINGS

I, G. Roxanne Elings, declare as follows:

1. I am a partner at Davis Wright Tremaine LLP, which represents Impossible Foods Inc. ("IF") in this action. I am over the age of twenty-one and competent to make this declaration based on my personal knowledge. I submit this declaration in opposition to Impossible LLC's ("ILLC") motion for an award of attorneys' fees for ILLC's counsel—BraunHagey & Borden LLP ("BHB") and Wiley Rein LLP ("Wiley")—and litigation expenses.

2. Attached as **Exhibit 1** is a revised version of BHB's fee chart (Dkt. 521-2) pursuant to the Court's Standing Order re Civil Cases § VII. IF's revisions are indicated in red. To exclude pre-summary-judgment work, IF excluded tasks as categorized by ILLC that are identifiable as predating summary judgment (*e.g.*, discovery, pleadings, related motion practice, and investigation). IF identified 4,645.4 such hours.[1] IF also excluded tasks that did not pertain to IF's infringement or abandonment claims (*e.g.*, motions in limine and laches), as well as unsuccessful or administrative tasks, and settlement discussions. Specifically, IF excluded the following categories:

- Discovery;
- Settlement Efforts;
- Complaint, Answer & Pre-Complaint Investigation;
- Discovery Motions – Joint Letter Briefs & Related Disputes;
- ILLC's Motion to Amend Case Schedule and Counterclaims;
- Opposition to IF's Motion for Leave to Amend Complaint (Third Amended Complaint);
- Opposition to IF's Motion to Strike Affirmative Defenses;

[1] This is likely an undercount as it did not encompass broader categories like "Client Communication" even though some communications necessarily predated summary judgment. Indeed, according to BHB's time entries in Exhibit 3, BHB incurred 4,808 hours before the November 3, 2025 summary-judgment decision (Dkt. 311).

- Opposition to IF's Motion for Relief from Magistrate Discovery Order;
- Opposition to IF's Motion to Modify Scheduling Order;
- IF's Motion to Reopen Fact Discovery (Resolved by Stipulation);
- ILLC's Motion for Rule 11 Sanctions (Stricken) and Related Motion-to-Strike Practice;
- ILLC's Motion for Partial Summary Judgment;
- Opposition to IF's Motion for Partial Summary Judgment;
- ILLC's Motions in Limine;
- Opposition to IF's Motions in Limine;
- ILLC's Rule 50(a) Motion for Judgment as a Matter of Law (Denied as Untimely);
- Opposition to IF's Brief Regarding Laches;
- Half the hours for ILLC's Motion for Permanent Injunction and Other Post-Trial Relief;
- Miscellaneous (Case File Review);
- Miscellaneous (Strategic Factual & Legal Research);
- Miscellaneous (Case File Management); and
- Miscellaneous (Witness and Third-Party Investigation).

IF also excluded the time of Jonas N. Hagey, Tushita Saraf, Cameron Baker, Riya Tapadiya, Wooju Chong, Tristyn Thomas, Selin Surdum. IF then adjusted the hourly rates to $618 for partners and $488 for associates. Last, IF applied across-the-board discounts of 35% for time on IF's fraud defense and ILLC's claims; 1% for time on USPTO proceedings, contempt threats, and retrospective segregation; and 29% for block-billed and vague time entries.

3. Attached as **Exhibit 2** is a revised version of Wiley's fee chart (Dkt. 553) pursuant to the Court's Standing Order re Civil Cases § VII. IF's revisions are indicated in red.

4. Attached as **Exhibit 3** is a list of BHB's time entries (Dkt. 522-2), with annotations indicating entries that are block-billed, vague, administrative, or related to certain topics. These annotations are marked with an "x" under the relevant column.

5. Attached as **Exhibit 4** is a list of Wiley's time entries (Dkt. 522-3), with annotations indicating entries that are block-billed, vague, administrative, or related to certain topics.

6. Attached as **Exhibit 5** is a copy of the American Intellectual Property Law Association ("AIPLA") 2025 Report of the Economic Survey.

7. Attached as **Exhibit 6** is a copy of the New York State Unified Court System Attorney Directory entry for Tushita Saraf.

8. As shown in the analysis of BHB's time entries in Exhibit 3, out of BHB's total fee request of $7,624,556.27 for 10,258.4 hours, BHB incurred approximately:

a. 3% of its fees on its punitive-damages claim (271.4 hours worth $261,845).

b. 1% of its fees on USPTO proceedings, contempt threats, and retrospective segregation (11.6 hours worth $12,140 on USPTO or TTAB proceedings; 36.4 hours worth $35,216 on threats of contempt of the injunction; and 32.2 hours worth $32,770 on retrospective segregation of time entries—*i.e.*, $80,126 altogether).

c. 97% of its fees on block-billed or vague entries (9,710.9 hours worth $7,359,370.50), to which a 30% discount is applied yielding an effective cut of 29%.[2]

9. BHB seeks to recover attorneys' fees in the amount of $7,624,556.27 for 10,258.4 hours (Dkt. 521-2) billed from January 21, 2025 to August 10, 2026 (Dkt. 522-2). During that same timeframe, IF incurred approximately $2,829,056.50 in its own attorneys' fees for 5,932.2 hours of work. Specifically:

[2] As shown in the analysis of Wiley's entries in Exhibit 4, approximately 79% of its billings are block-billed or vague.

a. IF's prior counsel, Kilpatrick Townsend & Stockton LLP, billed $1,594,773 for 3,269.5 hours from January 2025 to December 2025.

b. IF's current counsel, Davis Wright Tremaine LLP (which took over in late 2025, Dkt. 318) billed $1,234,283.50 for 2,662.7 hours from October 2025 to July 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2026, in New York, New York.

By: *<u>/s/ G. Roxanne Elings</u>*
G. Roxanne Elings