Adam S. Cashman, Esq. (SBN: 255063)
cashman@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
Oliver McNicholas, Esq. (SBN: 363554)
omcnicholas@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Marissa R. Benavides (*pro hac vice* admission)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

*Attorneys for Impossible LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IMPOSSIBLE FOODS INC.,

Plaintiff / Counter-Defendant,

v.

IMPOSSIBLE LLC,

Defendant / Counter-Plaintiff.

Case No. 5:21-cv-02419-BLF (SVK)

**SUPPLEMENTAL DECLARATION OF ADAM S. CASHMAN IN SUPPORT OF IMPOSSIBLE LLC'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

| | |
|---|---|
| **Date:** | January 7, 2027 |
| **Time:** | 9:00 a.m. |
| **Judge:** | Hon. Beth Labson Freeman |
| **Ctrm.:** | 1, 5th Floor |

I, Adam S. Cashman, declare:

1. I am an attorney licensed to practice before this Court and a partner of BraunHagey & Borden LLP ("BHB"), counsel of record for Impossible LLC. I served as lead trial counsel for Impossible LLC. I submit this supplemental declaration in support of Impossible LLC's Reply in Support of Its Motion for Attorneys' Fees and Litigation Expenses. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. As I explained in my prior declaration, Impossible LLC removed time from its fee request that was solely attributable to punitive damages. Impossible LLC has since re-reviewed the more than 2500 time entries to which Impossible Foods objects and identified 14 additional entries or portions of entries that appear to be solely attributable to punitive damages. Those entries are:

a. 07/29/2026 (Gregory Washington) – 2.2 hours, $1925
b. 07/30/2026 (Damanza Uzor) – 3 hours, $1005
c. 07/30/2026 (Gregory Washington) – 2.2 hours, $1925
d. 07/31/2026 (Damanza Uzor) – 2 hours, $670
e. 07/31/2026 (Gregory Washington) – 1.2 of 2.4 hours, $1050 of $2100
f. 08/03/2026 (Adam Cashman) - .8 of 1.5 hours, $1280 of $2400
g. 08/03/2026 (John T. Rowe) - .4 of 1.7 hours, $420 of $1785
h. 08/04/2026 (Adam Cashman) – 2.1 of 3.5 hours, $3360 of $5600
i. 08/05/2026 (Gregory Washington) – 6 hours, $5250
j. 08/05/2026 (Selin Surdum) – 1.5 hours, $360
k. 08/05/2026 (Tristyn Thomas) – 3.5 hours, $840
l. 08/06/2026 (Gregory Washington) – 12.5 hours, $10937.50
m. 08/06/2026 (Adam Cashman) – 1.3 of 2.7 hours, $2080 of $4320
n. 08/07/2026 (Gregory Washington) – 2.3 hours, $2012.50

Accordingly, Impossible LLC is further reducing its request by 41.0 hours, corresponding to a value of $33,115. This reduction is meant to resolve Impossible Foods's objection to Impossible LLC's fees incurred solely as to its claim for punitive damages.

3. As I also explained in my prior declaration, Impossible LLC initially moved for an award of $8,334,621.56 in attorneys' fees and $897,043.46 in costs incurred through August 12, 2026, totaling $9,231,665.02. Impossible LLC has since incurred an additional $171,867 in attorneys' fees as part of its preparation of a motion and memorandum of law in support of its request for attorneys' fees, as well as its preparation and submission of its Reply brief and supporting materials. A supplemental fee chart reflecting these additional fees is attached as **Exhibit 1**. Taking the initial amount of the requested fees and costs ($9,231,665.02), plus the additional fees requested for compensable work performed after August 12 ($171,867), less the reduction explained in paragraph 2, *supra*, yields a total of $9,370,417.02. The underlying, supporting billing entries for all time entries billed to the client on this matter are attached as **Exhibit 2**.

4. Certain time entries submitted with my original declaration appear without narrative descriptions because the narratives were redacted to protect Impossible LLC's attorney-client and work product privileges. In response to Impossible Foods's objection, Impossible LLC has reviewed each such time entry and applied selective redactions that are narrowly tailored to expressly privileged content. Those time entries with revised redactions (indicated by the label "A/C Priv.") are attached as **Exhibit 3**, and are intended to address Impossible Foods's objection to the original redacted time entries.

5. Attached as **Exhibit 4** is a true and correct copy of excerpts of the Wolters Kluwer Real Rate Report (2025), as publicly filed in *Kesselman v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:21-cv-06010-TJH-JC (C.D. Cal.), Dkt. 170-6.

6. Tushita Saraf is an attorney who earned her J.D. from New York University Law School in 2024. Before graduating, Ms. Saraf worked at BHB as a paralegal and later as a summer associate, where BHB's partners observed the quality of her work firsthand. Ms. Saraf rejoined BHB as an associate after law school and worked on this case while awaiting admission to the bar.

She performed substantive work on this case under the supervision of admitted attorneys, including assisting with discovery, reviewing documents, identifying important evidence, creating a proof chart and case chronology, meeting with expert witnesses, and conducting legal research, among other tasks reflected in her detailed time entries.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 19, 2026

By: /s/ Adam S. Cashman
Adam S. Cashman